UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES, | : CIVIL ACTION NO. 1:01-1015 |
| Plaintiff | : (KANE, J.) |
| v. | : (MANNION, M.J.) |
| YORK COUNTY POLICE DEPARTMENT, et al., | : |
| Defendants | : |

FILED
WILKES BARRE
JUN 2 5 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

REPORT AND RECOMMENDATION

On June 8, 2001, the plaintiff, an inmate at the York County Prison, filed this civil rights action pursuant to 42 U.S.C. § 1983, in which he alleges various violations of his constitutional rights in relation to his arrest on unspecified charges. (Doc. No. 1). On the same day, the plaintiff filed the appropriate application to proceed in forma pauperis and authorization forms, and an administrative order was issued by the court. (Doc. Nos. 2, 3 & 5).

Named as defendants to this action are the following: York County Police Department; James H. Morgan, Agent/Investigator; Richard Peddicord, Detective; Raymond E. Craul, Detective; Gene Fells, Sergeant; Kessler, York County Drug Task Force; Baylark, Correctional Officer, York County Prison.

As previously noted, the plaintiff brings this action alleging several violations of his constitutional rights which occurred during and in relation to his arrest on January 10, 2001, on unspecified charges. In his complaint, the plaintiff indicates that those charges are still pending in the state court. (Doc. No.

1

1).

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court held that § 1983 does not provide a cause of action to recover monetary compensation for an allegedly unconstitutional conviction or imprisonment where recovery would necessarily imply the invalidity of an outstanding criminal conviction of a state court. The Third Circuit has held that, under the teachings of <u>Heck</u>, a claim is also not cognizable under § 1983 where its success would necessarily imply the invalidity of a future conviction that might be entered on a pending criminal charge in state court. <u>Smith v. Holtz</u>, 87 F.3d 108 (3d Cir. 1996). In so holding, the Third Circuit noted that a claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. <u>Id.</u> at 113. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. <u>Id.</u> On this basis, the Third Circuit found that there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter. <u>Id.</u> The court noted that it would necessarily follow that so long as success on such a claim would necessarily imply the invalidity of a conviction in the pending criminal prosecution, such a claim does not accrue so long as the

2

potential for a judgment in the pending criminal prosecution continues to exist.  <u>Id.</u>

Here, because the plaintiff has a pending criminal prosecution in the state courts, his civil rights action based upon those same facts and circumstances, is barred by <u>Heck</u> and <u>Smith</u>.

On the basis of the foregoing,

**IT IS RESPECTFULLY RECOMMENDED THAT:**

the plaintiff's complaint, **(Doc. No. 1)**, be **DISMISSED.**

MALACHY E. MANNION
United States Magistrate Judge

Date: June 25, 2001

3

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

June 25, 2001

Re:   1:01-cv-01015   James v. York County Police

True and correct copies of the attached were mailed by the clerk to the following:

Tyrone P. James
CTY-YORK
York County Prison
62154
3400 Concord Road
York, PA   17402

cc:
Judge                            ( )              ( ) Pro Se Law Clerk
Magistrate Judge                 ( )              ( ) INS
U.S. Marshal                     ( )              ( ) Jury Clerk
Probation                        ( )
U.S. Attorney                    ( )
Atty. for Deft.                  ( )
Defendant                        ( )
Warden                           ( )
Bureau of Prisons                ( )
Ct Reporter                      ( )
Ctroom Deputy                    ( )
Orig-Security                    ( )
Federal Public Defender          ( )
Summons Issued                   ( ) with N/C attached to complt. and served by:
                                     U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5              ( )
Order to Show Cause              ( ) with Petition attached & mailed certified mail
                                     to:  US Atty Gen   ( )   PA Atty Gen   ( )
                                          DA of County  ( )   Respondents   ( )
Bankruptcy Court                 ( )
Other_____     ( )

MARY E. D'ANDREA, Clerk

DATE:  6-25-01                                          BY: _____
                                                            Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES                    :
                                   :   CIVIL ACTION NO. 1:01-1015
        Plaintiff                  :
                                   :   (KANE, J.)
    v.                             :   (MANNION, M.J.)
                                   :
YORK COUNTY POLICE DEPARTMENT,     :
    Et al.,                        :
                                   :
        Defendants                 :
                                   :

**FILED**
**WILKES BARRE**
JUN 2 5 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

N O T I C E

TO:   Tyrone P. James
      YORK COUNTY PRISON
      3400 CONCORD ROAD
      YORK, PA  17402

    NOTICE IS HEREBY GIVEN that the undersigned has entered
the following:   Report and Recommendation of Magistrate
            Judge Mannion dated 06/25/01.

Any party may obtain a review of the magistrate judge's above
proposed determination pursuant to Rule 72.3, M.D.PA, which
provides: 72.3 REVIEW      OF      REPORTS AND
            RECOMMENDATIONS OF MAGISTRATE JUDGES
            ADDRESSING CASE DISPOSITIVE MOTIONS

     Any party may object to a magistrate judge's proposed
findings, recommendations or report addressing a motion or matter
described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation
for the disposition of a prisoner case or a habeas corpus petition
within ten (10) days after being served with a copy thereof.  Such
party shall file with the clerk of court, and serve on the
magistrate judge and all parties, written objections which shall
specifically identify the portions of the proposed findings,
recommendations or report to which objection is made and the basis
for such objections.  The briefing requirements set forth in Local
Rule 72.2 shall apply.     A judge shall made a *de novo*

determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.    The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                                MALACHY E. MANNION
                                                                United States Magistrate Judge

Dated: June 25, 2001