UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| TYRONE P. JAMES, | : | CIVIL ACTION NO. 1:01-1015 |
| Plaintiff | : | (KANE, J.) |
| V. | : | (MANNION, M.J.) |
|  | : |  |
| YORK COUNTY POLICE | : | **FILED** |
| DEPARTMENT, et al., | : | **SCRANTON** |
| Defendants | : | JUL 1 2 2001 |
|  | : |  |

PER _____ _____
DEPUTY CLERK

Plaintiff have reviewed the report and recommendation of the Magistrate Judges addressing case dispositive motions and Hereby object to Magistrate Judge's proposed finding and recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b) (1) (B).

The briefing requirement set forth in local rule 72.2 M.D. PA.

<u>BRIEFING AND MEMORANDUM</u>

O June 8, 2001, plaintiff filed a civil rights action pursuant to 42 U.S.C. 1983, in which I alleges violation of my constitutional rights of my FOURTH, FIFTH, SIXTH, FOURTHTEEN, AND EIGHTEEN AMENTMENT VIOLATION.

Named of defendants in this action are the following : York County Police Department; James H. Morgan, Agent/Investigator; Richard Peddicord, Detective; Raymond E. Craul, Detective; Gene Fells, Sergeant; Kessler, York County Drug Task Force; Baylock, Correction al Officer, York County Prison.

Plaintiff constitutional rights were violated, when the use of excessive force was enforced upon plaintiff on January 10, 2001 When plaintiff was trample upon by defendants and hit by defendants van and thrown to the ground. Then Hand cuffed.

Plaintiff stating claim against defendants for violation of his sixth amendment right, when plaintiff was denied his RIGHT TO COUNSEL.

Plaintiff Eight Amendment right were violated, when plaintiff was denied reasonable access to post bail. Cruel and Unusual punishment under the eight admendment.; Excessive bail may not be require, Article 1 section 13 PA Constitution.

Plaintiff seek Injunctive reliefs in plaintiff complaint.

Scope of section 1983 under the civil rights Action of 1871, as amanded a prisoner may seek redress when a person acting under color of state law deprives the prisoner of rights guaranteed by t the Constitution or Federal laws.

Section 1983 is not a substitute for a writ of habeas corpus. Preiser v. Rodriques 411 US 475, 36 LE2d 439, 93 S Ct 1827 (1 973), the Supreme Court explained that a prisoner seeking damages for deprivation of constitutional or Federally created rights may properly bring suit only under section 1983.

Where as a prisoner challenging the fact or length of his cus- tody must pursue a claim through a writ of habeas corpus.

I am challenging the Federal law violation and constitutional ity of the arrest of plaintiff by defendants, not a conviction or sentence; Therefore, I am entitle to injunctive reliefs.

The Supreme Court held that Preizer does not bar a S 1983 claim where an inmate seek an injunction requiring a hearing to determine whether there was probable cause for pretrial detention.

Gerstein v Pugh 420 US 103 107-08 (1975), In Gerstein, the Co- urt statedd that a successful claim by the inmate would not lead to vacation of his conviction.

When a person acting under color of Federal authority deprives a prisomer of his or her constitutional right, the prisoner may seek redress directly under the constitution. Carlson v Green, 446 US 14 18-19 (1980);

Bivens V. SIX UNKNOWN NAMED AGENTS OF FED BUREAU OF NARCOTIC, 403 US 388, 396-97 (1971), Individual entitle to sue Federal agents for monetary damage when agent searched house without probable cause or warrant, in violation of 4th Amendment.

C    Carterv Burch 34 F3d 257,266 (4th Cir 1994), plaintiff entitled to sueonly nominal damages for Police officer failure to disclose exculpatory evidence even though plaintiff had shown undisputed evidence of over $2 million in damages for lost income and expense due to conviction.

Sameric Corp v. City of Philadelphia 142 F. 3d 582, 590 (3d Cir 1998) § 1983 does not create substantive rights, but provides remedy for violation of constitutional right.

Suarez Corp. Indus V. Mc Graw 202 F.3d ¢76, 685 ( 4th Cir 2000) every reaction or retaliation to a  person exercise of a Federal r right does not necessarily create a cognizable § 1983 claim , because a adverse impact must be shown.

US V Garcia 23F3d 1331 (8th Cir 1994) Court is not Impowered to suspend constitutional Guarantees so that Government can fight war on Drug.

Blakledge v. Perry, 417 US 21, 40 Led 628, 94 S. CT 2098 (1974) Due Process protect criminal defendant against Prosecutorial or Judicial action intend as penalty for defendants exercise of  - Constitutional rights.

The fourteenth amendment to the  United State Constitution pro vides that  the States cannot deprive any person of Life, Liberty, or property without due process of law.  Hewitt v. helms 459 US 460 (1983).

Monroe v. Pape 365 US 167, 183 (1961); Leather V. Ten Eyck, 1 180 F3d 420, 425 (2d Cir 1999 ) Sect 1983 claim not barred by res judicata if prior state court proceeding was such that plaintiff could not have sought damages for alleged sconstitutional injuries.

Plaintiff is challenging the proper Police procedure of the Commonwealth of PA. , City of York Police Department, and its method in arresting a suspect.  The arrest of plaintiff is or should be call into question.

Green holtz v. Inmate of the Nebraska Penal & Correctional Co mplex 442 US 1 (1979), The Supreme court did not require the ex- haustion of state habeas remedies and addressed the merit of a sect 1983 claim challenging the constitutionality of a state's parole- release determination procedures. Id. at 4.

Berg v. County of Allegheny, 219 F 3d 261, 268 ( 3d Cir 2000) arrest sect. 1983 claim for false imprisonment base on mistaken arrest and detention was proper because police lacked probable cause to arrest.

Smith art v. Towery, 79 F3d 951, 952 (9th Cir 1996 ) (per Curiam) prisoner could bring sect. 1983 claim alleging use of excessive force because success would not necessarily imply invalidity of conviction; Claim for arrest without cause and unfounded charge, however, imply validity of conviction and are therefore barred.

Heck bar on bringing a sect. 1983 action before a conviction is overturned may not toll the statue of limitation during consideration of the validity of the underlying criminal charge.

Gonzalez v. Entress, 133 F3d 551, 554 (7th Cir 1998) sect. 1983 claim for relief for arrest without probable cause time barred because ststue of limitation began to run when events in question occurred, not when arrestee cleared of charge due to absence of compensable damages.

Under section 1983, the court may only impose monetary liability on persons resonsible for the deprivation of rights secured by the Constitution and Federal Law.  In Will v. Michigan Department of state Police, the Supreme Court held that a state is not amenable to suits for damages, because a state is not a person within the meaning of  section 1983 The Court also concluded that a suit against a State official in her official eapacity is "No different from a suit against the state, and thus the court barred such suit for monetary, but not Injunctive relief.

Despite these Limitation on state liability for monetary damages, the court has held that a municipality may be liable for damages under section 1983 for violations of Federal Law that law occur pursuant to an official government policy or custom.

Andrus ex rel Andrus v. Arkansas 197 F 3d 953, 954 (8th Cir 2000) Individual capacity claims against police officer not barred as claims against the state when injunctive relief is sought.  Plaintiff in this complaint sought injunctive relief.

Dewalt v. Carter, 224 F3d 607, 617 (7th Cir 2000) sect, 1983 claim proper when habeas corpus is unavailable because the challenge would lead to release from any form of custody.  ( Where habeas corpus relief is not available the requirements of the habeas corpus statue do not supercede the explicit right to proceed under sect. 1983.)
Bailey v. Andrew 811 F2d 366 375-76 (7th Cir 1987) jury award of $80,000 exessive in 1983 claim against police,

for illegal arrest when plaintiff suffered only scratched boots, torn pants, and bent glasses and submitted no bills for medical or psych-ological treatment.

Plaintiff had knowledge of the violation at time of arrest and informed the defendants of the violation and injury that accrue.    -
See Cabrera v. City of Huntington Park 159 F. 3d 374, 381 (9th Cir 1998) Prisoner sect. 1983 claims for damages that do not imply invalidity of conviction accrue when prisoner know of , had reason to know of i injury.

Hardin v. Straub, 490 U S 536 543-44 (1989) plaintiff entitle d to benefit of Michigan tolling provision during period of legal disability because statue consistent with sect. 1983,

Rose v. Bartle 871 F.2d 331 348 (3d Cir 1989 Plaintiff entitl ed to benefit of state tolling provision because favorable termina tion of underlying proceeding necessary element in 1983 claim.

Elliottv. Union City 25 F3d 800, 803 (9th Cir 1994) Plaintiff entitled to benefit of California tolling provision during uninter upted periods of incarceration, despite fact that period included both pre-conviction and post conviction incarceration.

Haring v. Prosise 462 U.S. 306, 316 (1983) prisoner sect. 1983 claim of unlawful search not barred by collateral estappel even though prisoner plead quilty in criminal trial.

Ingram v. City of Columbus 185 F 3d 579 586 (6th cir 1999) termination of criminal proceeding by way of bond forfeiture did not preclude plaintiff, on ground of res judicata  or Collateral estoppel, from raising claim of arrest without probable cause in s sect. 1983 action because cause of action not the same and issue of whether officers had probable cause never litigate in state pro secution

Roading v. Peters, 92 F 3d 578, 580 (7th cir 1996) action to recover damages for unconstitutional incarceration did not accrue until prisoner prevailed in mandamus not re judicata.

The doctrine of judical estoppel also applies. Lawery v. sto.. vall 92 F. 3d 219, 224 (4th cir 1996) plaintiff present position r regarding shooting of police officer during traffic stop by another officer  controdictory to positition plainiff took  when pleading quilty in related criminal case; therefore plaintiff judicially estopped from claiming violation of 4th Amendment right to be free from unreasonable seizures. The res judicata effect of the state

The element of a prima facie case under section 1983 are (1) illegal conduct (2) committed by a state prison official who is as using or abusing his power which he possesses "by virtue of state law and made possible only because the official is clothed possible with the authority of state law; Monroe v. Pape, 365 U.S. 167, 184, 81 S CT. 473 (1961) and Evans v. United State 504 US 255, 119 L Ed 2d 57, 112 S Ct 1881 (1992)

Excessive force claims by arrestees are governed by the Fourth Amendment, which prohibits unreasonable seizures, and not by the Due process clause. An arrest is a seizure of the person that must be conducted in a reasonable manner. 4th Amendment violation were enacted by defendants as to illegal search and seizure, fabrication of evidence, which make evidence tainted, all evidence obtained from search become illegal. "Fruit of the poisonous tree" Berg v. County of Allegheny, 219 F. 3d 261, 268 (3d cir 2000) arrestee sect. 1983 claim far false imprisonment base on mistaken arrest and detention was proper, because police lacked probable cause to arrest.

Plaintiff is attacked the way in which defendants violated his constitutional rights; and the legality of the search conducted; The verbal abuse by defendants; Coercive and psychological tactics inflicted upon plaintiff by defendants, which is a whole defferent matter than the criminal case.

The due process right to the Fourteenth Amendment was violated when plaintiff Six Amendment right to counsel was denied; Plaintiff Fifth and Fourteenth Amendments and state constitutional due process quarantees.

Defendants acted in an intentional and willful manner; Therefore Plaintiff is entitle to recovery of damage upon showing of cause and effect. Therefore plaintiff is entitle to injunctive reliefs and any other cause the Court deem fit. See Clarkson v. IRS, 678 F.2d 1368 1375n (11th cir 1982); Peiser v. Rodriques 411 US 475, 36 LE2d 439, 93 S Ct 1827 (1973).

The arrest incident was a mere incident to search and gather information for probable cause, no probable cause existed, there was no search warrant; This was an intrusion on one's privacy by the government.

Plaintiff challenge the violation of his constitutional rights under the U.S. Constitution, which plaintiff is protected by , not the outcome of the pending criminal prosecution or conviction, bec- ause it's a whole seperate issue . Plaintiff is entitle to

court, which plaintiff seek reliefs. See Ingram v. City of Columbus 185 F 3d 579 586 (6th cir 1999) termination of criminal proceeding by way of bond forfeiture did not preclude plaintiff, on ground of res judicata or collateral estoppel, from raising claim of arrest without probable cause in sect. 1983 action, because cause of action not the same and issue of whether officers had probable cause never litigate in state prosecution.

These matter are two seperate matter in seperate proceeding in seperate court.  Therefore should be base on defferent grounds.

On these basis of the foregoing, plaintiff objects to the Magistrate Judge motion REPORT AND RECOMMENDATION, and ask this c Court to proceed further with Plaintiff complaint.

I certify under penalty or perjury that the foregoing is true and correct 28 U.S.C. 1746.

Respectfully submitted,

I am _____
TYRONE P. JAMES
YORK COUNTY PRISON
3400 CONCORD ROAD
YORK, PA. 17402.

Dated this _5th_ day of _July_ , 2001

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| TERONE P. JAMES, | : | CIVIL ACTION NO. 1:01-1015 |
| Plaintiff | : | (KANE, J.) |
| V. | : | (MANNION, M.J.) |
|  | : |  |
| YORK COUNTY POLICE | : |  |
| DEPARTMENT, et al., | : |  |
| Defendants | : |  |
|  | : |  |

Plaintiff have reviewed the report and recommendation of the Magistrate Judges addressing case dispositive motions and Hereby object to Magistrate Judge's proposed finding and recommendations or report addressing a motion or matter described in 28 U.S.C. S 636 (b) (1) (B).

The briefing requirement set forth in local rule 72.2 M.D. PA.

## BRIEFING AND MEMORANDUM

O June 8, 2001, plaintiff filed  a civil rights action pursuant to 42 U.S.C. 1983, in which I alleges violation of my constitutional rights  of my FOURTH, FIFTH, SIXTH, FOURTHTEEN, AND  EIGHTEEN AMENTMENT  VIOLATION.

Named of defendants in this action are the following : York County Police Department; James H. Morgan,Agent/Investigator; Richard Peddicord, Detective; Raymond E. Craul, Detective; Gene Fells, Sergeant; Kessler, York County Drug Task Force; Baylock, Correction al Officer, York County Prison.

Plaintiff constitutional  rights were violated, when the use of excessive force was enforced upon plaintiff on January 10, 2001 When plaintiff was trample upon by defendants and hit by defendants van and thrown to the ground. Then  Hand cuffed.

Plaintiff stating claim against defendants for violation of his sixth amendment right, when plaintiff was denied his RIGHT TO COUNSEL.

Plaintiff Eight Amendment right were violated, when plaintiff was denied reasonable access to post bail. Cruel and Unusual punishment under the eight admendment.; Excessive bail may not be require, Article 1 section 13 PA Constitution.

Plaintiff seek Injunctive reliefs in plaintiff complaint.

Scope of section 1983 under the civil rights Action of 1871, as amanded a prisoner may seek redress when a person acting under color of state law deprives the prisoner of rights guaranteed by t the Constitution or Federal laws.

Section 1983 is not a substitute for a writ of habeas corpus.

Preiser v. Rodriques 411 US 475, 36 LE2d 439, 93 S Ct 1827 (1 973), the Supreme Court explained that a prisoner seeking damages for deprivation of constitutional or Federally created rights may properly bring suit only under section 1983.

Where as a prisoner challenging the fact or length of his custody must pursue a claim through a writ of habeas corpus.

I am challenging the Federal law violation and constitutional ity of the arrest of plaintiff by defendants, not a conviction or sentence; Therefore, I am entitle to injunctive reliefs.

The Supreme Court held that Preizer does not bar a S 1983 claim where an inmate seek an injunction requiring a hearing to determine whether there was probable cause for pretrial detention.

Gerstein v Pugh 420 US 103 107-08 (1975), In Gerstein, the Court statedd that a successful claim by the inmate would not lead to vacation of his conviction.

When a person acting under color of Federal authority deprives a prisomer of his or her constitutional right, the prisoner may seek redress directly under the constitution. Carlson v Green, 446 US 14 18-19 (1980);

Bivens V. SIX UNKNOWN NAMED AGENTS OF FED BUREAU OF NARCOTIC, 403 US 388, 396-97 (1971), Individual entitle to sue Federal agents for monetary damage when agent searched house without probable cause or warrant, in violation of 4th Amendment.

C    Carterv Burch 34 F3d 257,266 (4th Cir 1994), plaintiff entitled to sueonly nominal damages for Police officer failure to disclose exculpatory evidence even though plaintiff had shown undisputed evidence of over $2 million in damages for lost income and expense due to conviction.

Sameric Corp v. City of Philadelphia 142 F. 3d 582, 590 (3d Cir 1998) S 1983 does not create substantive rights, but provides remedy for violation of constitutional right.

Suarez Corp. Indus V. Mc Graw 202 F.3d ¢76, 685 ( 4th Cir 2000) every reaction or retaliation to a person exercise of a Federal r right does not necessarily create a cognizable S 1983 claim , because a adverse impact must be shown.

US V Garcia 23F3d 1331 (8th Cir 1994) Court is not Impowered to suspend constitutional Guarantees so that Government can fight war on Drug.

Blakledge v. Perry, 417 US 21, 40 Led 628, 94 S. CT 2098 (1974) Due Process protect criminal defendant against Prosecutorial or Judicial action intend as penalty for defendants exercise of Constitutional rights.

The fourteenth amendment to the United State Constitution pro vides that the States cannot deprive any person of Life, Liberty, or property without due process of law. Hewitt v. helms 459 US 460 (1983).

Monroe v. Pape 365 US 167, 183 (1961); Leather V. Ten Eyck, l 180 F3d 420, 425 (2d Cir 1999 ) Sect 1983 claim not barred by res judicata if prior state court proceeding was such that plaintiff could not have sought damages for alleged sconstitutional injuries.

Plaintiff is challenging the proper Police procedure of the Commonwealth of PA. , City of York Police Department, and its method in arresting a suspect. The arrest of plaintiff is or should be call into question.

Green holtz v. Inmate of the Nebraska Penal & Correctional Co mplex 442 US 1 (1979), The Supreme court did not require the ex- haustion of state habeas remedies and addressed the merit of a sect 1983 claim challenging the constitutionality of a state's parole- release determination procedures. Id. at 4.

Berg v. County of Allegheny, 219 F 3d 261, 268 ( 3d Cir 2000)
arrest sect. 1983 claim for false imprisonment base on mistaken arre-
st and detention was proper because police lacked probable cause to
arrest.

Smith art v. Towery, 79 F3d 951, 952 (9th Cir 1996 ) (per Curiam)
prisoner could bring sect. 1983 claim alleging use of excessive force
because success would not necessarily imply invalidity of conviction;
Claim for arrest without cause and unfounded charge, however, imply
validity of conviction and are therefore barred.

Heck bar on bringing a sect. 1983 action before a conviction is
overturned may not toll the statue of limitation during consideration
of the validity of the underlying criminal charge.

Gonzalez v. Entress, 133 F3d 551, 554 (7th Cir 1998) sect. 1983
claim for relief for arrest without probable cause time barred because
ststue of limitation began to run when events in question occurred,
not when arrestee cleared of charge due to absence of compensable
damages.

Under section 1983, the court may only impose monetary liability
on persons resonsible for the deprivation of rights secured by the
Constitution and Federal Law.  In Will v. Michigan Department of state
Police, the Supreme Court held that a state is not amenable to suits
for damages, because a state is not a person within the meaning
of  section 1983 The Court also concluded that a suit against a State
official in her official capacity is "No different from a suit against
the state, and thus the court barred such suit for monetary, but not
Injunctive relief.

Despite these Limitation on state liability for monetary damages,
the court has held that a municipality may be liable for damages under
section 1983 for violations of Federal Law that law occur pursuant to
an official government policy or custom.

Andrus ex rel Andrus v. Arkansas 197 F 3d 953, 954 (8th Cir 2000)
Individual capacity claims against police officer not barred as claims
against the state when injunctive relief is sought.  Plaintiff in this
complaint sought injunctive relief.

Dewalt v. Carter, 224 F3d 607, 617 (7th Cir 2000) sect, 1983
claim proper when habeas corpus is unavailable because the challenge
would lead to release from any form of custody.  ( Where habeas corpus
relief is not available the requirements of the habeas corpus statute
do not supercede the explicit right to proceed under sect. 1983.)
Bailey v. Andrew 811 F2d 366 375-76 (7th Cir 1987) jury award of
$80,000 excessive in 1983 claim against police;

for illegal arrest when plaintiff suffered only scratched boots, torn pants, and bent glasses and submitted no bills for medical or psychological treatment.

Plaintiff had knowledge of the violation at time of arrest and informedd the defendants of the violation and injury that accrue.  ─ *See* Cabrera v. City of Huntington Park 159 F. 3d 374, 381 (9th Cir 1998)0 Prisoner sect. 1983 claims for damages that do not imply invalidity of conviction accrue when prisoner know of , had reason to know of i injury.

Hardin v. Straub, 490 U S 536 543-44 (1989) plaintiff entitle d to benefit of Michigan tolling provision during period of legal disability because statue consistent with sect. 1983·

Rose v. Bartle 871 F.2d 331 348 (3d Cir 1989 Plaintiff entitl ed to benefit of state tolling provision because favorable termina tion of underlying proceeding necessary element in 1983 claim.

Elliottv. Union City 25 F3d 800, 803 (9th Cir 1994) Plaintiff entitled to benefit of California tolling provision during uninter upted periods of incarceration, despite fact that period included both pre-conviction and post conviction incarceration.

Haring v. Prosise 462 U.S. 306, 316 (1983) prisoner sect. 1983 claim of unlawful search not barred by collateral estappel even th though prisoner plead quilty in criminal trial.

Ingram v. City of Columbus 185 F 3d 579 586 (6th cir 1999) termination of criminal proceeding by way of bond forfeiture did not preclude plaintiff, on ground of res judicata or Collateral estoppel, from raising claim of arrest without probable cause in s sect. 1983 action because cause of action not the same and issue of whether officers had probable cause never litigate in state pro secution

Roading v. Peters, 92 F 3d 578, 580 (7th cir 1996) action to recover damages for unconstitutional incarceration did not accrue until prisoner prevailed in mandamus not re judicata.

The doctrine of judical estoppel also applies. Lawery v. sto v vall 92 F. 3d 219, 224 (4th cir 1996) plaintiff present position r regarding shooting of police officer during traffic stop by another officer  controdictory to positition plainiff took  when pleading quilty in related criminal case; therefore plaintiff judicially estopped from claiming violation of 4th Amendment right to be free from unreasonable seizures. The res judicata effect of the state

The element of a prima facie case under section 1983 are (1)
illegal conduct (2) committed by a state prison official who is us
using or abusing his power which he possesses "by virtue of state
law and made possible only because the official is clothed possible
with the authority of state law, *See* Monroe v. Pape, 365 U.S. 167, 184,
81 S CT. 473 (1961) and Evans v. United State 504 US 255, 119 L Ed
2d 57, 112 S Ct 1881 (1992)

Excessive force claims by arrestees are governed by the Fourth
Amendment, which prohibits unreasonable seizures, and not by the d
Due process clause.  An arrest is a seizure of the person that must
be conducted in a reasonable manner.  4th Amendment violation were
enacted by defendants as to illegal search and seizure, fabrication
of evidence, which make evidence tainted, all  evidence obtained f
from search become illegal."Fruit of the poisonous tree" Berg v.
County of Allegheny, 219 F. 3d 261, 268 (3d cir 2000) arrestee sect.
1983 claim far false imprisonment base on mistaken arrest and
detention was proper, because police lacked probable cause to arrest.

Plaintiff is attacked the way in which defendants violated his
constitutional rights; and the legality of the search conducted; t
The verbal abuse by defendants; Coercive and psychological tactics
inflicted upon plaintiff by defendants, which is a whole defferent
matter than the criminal case.

The due process right  to the Fourteenth Amendment was violated
when plaintiff Six Amendment right to counsel was denied; Plaintiff
Fifth and Fourteenth Amendments and state constitutional due process
quarantees.

Defendants acted in an intentional and willful manner; Therefore
Plaintiff is entitle to recovery of damage upon showing of cause a
and effect.  Therefore plaintiff is entitle to injunctive reliefs
and any other cause the Court deem fit.  See Clarkson v. IRS, 678
F.2d 1368 1375n (11th cir 1982); Peiser v. Rodriques 411 US 475, 36
LE2d 439, 93 S Ct 1827 (1973).

The arrest incident was a mere incident to search and gather
information for probable cause, no probable cause existed, there w
was no search warrant; This was an intrusion on one's privacy by
the government.

Plaintiff challenge the violation of his constitutional rights
under the U.S. Constitution, which plaintiff is protected by , not
the outcome of the pending criminal prosecution or conviction, bec-
ause it's a whole seperate issue .  Plaintiff is entitle to
Injunctive reliefs, compensatory damages, monetary damages in Federal

court, which plaintiff seek reliefs. See Ingram v. City of Columbus
185 F 3d 579 586 (6th cir 1999) termination of criminal proceeding
by way of bond forfeiture did not preclude plaintiff, on ground of
res judicata or collateral estoppel, from raising claim of arrest
without probable cause in sect. 1983 action, because cause of action
not the same and issue of whether officers had probable cause never
litigate in state prosecution.

These matter are two seperate matter in seperate proceeding
in seperate court.  Therefore should be base on defferent grounds.

On these basis of the foregoing, plaintiff objects to the
Magistrate Judge motion REPORT AND RECOMMENDATION, and ask this
Court to proceed further with Plaintiff complaint.

I certify under penalty or perjury that the foregoing is true
and correct 28 U.S.C. 1746.


                              Respectfully submitted,


I am _Tyrone P. James_
     TYRONE P. JAMES
     YORK COUNTY PRISON
     3400 CONCORD ROAD
     YORK, PA. 17402.



Dated this _5th_ day of _July_ , 2001

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|--|--|--|
| TERONE P. JAMES, | : | CIVIL ACTION NO. 1:01-1015 |
| Plaintiff | : | (KANE, J.) |
| V. | : | (MANNION, M.J.) |
| | : | |
| YORK COUNTY POLICE | : | |
| DEPARTMENT, et al., | : | |
| Defendants | : | |

Plaintiff have reviewed the report and recommendation of the
Magistrate Judges addressing case dispositive motions and Hereby
object to Magistrate Judge's proposed finding and recommendations
or report addressing a motion or matter described in 28 U.S.C. S
636 (b) (1) (B).

The briefing requirement set forth in local rule 72.2 M.D.
PA.

### BRIEFING AND MEMORANDUM

O June 8, 2001, plaintiff filed  a civil rights action
pursuant to 42 U.S.C. 1983, in which I alleges violation of my
constitutional rights  of my FOURTH, FIFTH, SIXTH, FOURTHTEEN,
AND  EIGHTEEN AMENTMENT  VIOLATION.

Named of defendants in this action are the following : York
County Police Department; James H. Morgan, Agent/Investigator; Rich-
ard Peddicord, Detective; Raymond E. Craul, Detective; Gene Fells,
Sergeant; Kessler, York County Drug Task Force; Baylock, Correction
al Officer, York County Prison.

Plaintiff constitutional  rights were violated, when the use
of excessive force was enforced upon plaintiff on January 10, 2001
When plaintiff was trample upon by defendants and hit by defendants
van and thrown to the ground. Then  Hand cuffed.

Plaintiff stating claim against defendants for violation of his sixth amendment right, when plaintiff was denied his RIGHT TO COUNSEL.

Plaintiff Eight Amendment right were violated, when plaintiff was denied reasonable access to post bail. Cruel and Unusual punishment under the eight admendment.; Excessive bail may not be require, Article 1 section 13 PA Constitution.

Plaintiff seek Injunctive reliefs in plaintiff complaint.

Scope of section 1983 under the civil rights Action of 1871, as amanded a prisoner may seek redress when a person acting under color of state law deprives the prisoner of rights guaranteed by t the Constitution or Federal laws.

Section 1983 is not a substitute for a writ of habeas corpus.

Preiser v. Rodriques 411 US 475, 36 LE2d 439, 93 S Ct 1827 (1 973), the Supreme Court explained that a prisoner seeking damages for deprivation of constitutional or Federally created rights may properly bring suit only under section 1983.

Where as a prisoner challenging the fact or length of his custody must pursue a claim through a writ of habeas corpus.

I am challenging the Federal law violation and constitutional ity of the arrest of plaintiff by defendants, not a conviction or sentence; Therefore, I am entitle to injunctive reliefs.

The Supreme Court held that Preizer does not bar a S 1983 claim where an inmate seek an injunctive requiring a hearing to determine whether there was probable cause for pretrial detention.

Gerstein v Pugh 420 US 103 107-08 (1975), In Gerstein, the Court statedd that a successful claim by the inmate would not lead to vacation of his conviction.

When a person acting under color of Federal authority deprives a prisomer of his or her constitutional right, the prisoner may seek redress directly under the constitution. Carlson v Green, 446 US 14 18-19 (1980);

Bivens V. SIX UNKNOWN NAMED AGENTS OF FED BUREAU OF NARCOTIC, 403 US 388, 396-97 (1971), Individual entitle to sue Federal agents for monetary damage when agent searched house without probable cause or warrant, in violation of 4th Amendment.

C    Carterv Burch 34 F3d 257,266 (4th Cir 1994), plaintiff entitled
to sueonly nominal damages for Police officer failure to disclose
exculpatory evidence even though plaintiff had shown undisputed
evidence of over $2 million in damages for lost income and expense
due to conviction.

Sameric Corp v. City of Philadelphia 142 F. 3d 582, 590 (3d Cir
1998) S 1983 does not create substantive rights, but provides remedy
for violation of constitutional right.

Suarez Corp. Indus V. Mc Graw 202 F.3d ¢76, 685 ( 4th Cir 2000)
every reaction or retaliation to a  person exercise of a Federal r
right does not necessarily create a cognizable S 1983 claim , beca-
use a adverse impact must be shown.

US V Garcia 23F3d 1331 (8th Cir 1994) Court is not Impowered
to suspend constitutional Guarantees so that Government can fight
war on Drug.

Blakledge v. Perry, 417 US 21, 40 Led 628, 94 S. CT 2098 (1974)
Due Process protect criminal defendant against Prosecutorial or
Judicial action intend as penalty for defendants exercise of
Constitutional rights.

The fourteenth amendment to the  United State Constitution pro
vides that  the States cannot deprive any person of Life, Liberty,
or property without due process of law.  Hewitt v. helms 459 US 460
(1983).

Monroe v. Pape 365 US 167, 183 (1961); Leather V. Ten Eyck, 1
180 F3d 420, 425 (2d Cir 1999 ) Sect 1983 claim not barred by res
judicata if prior state court proceeding was such that plaintiff
could not have sought damages for alleged sconstitutional injuries.

Plaintiff is challenging the proper Police procedure of the
Commonwealth of PA. , City of York Police Department, and its method
in arresting a suspect.  The arrest of plaintiff is or should be
call into question.

Green holtz v. Inmate of the Nebraska Penal & Correctional Co
mplex 442 US 1 (1979), The Supreme court did not require the ex-
haustion of state habeas remedies and addressed the merit of a
sect 1983 claim challenging the constitutionality of a state's
parole- release determination procedures. Id. at 4.

Berg v. County of Allegheny, 219 F 3d 261, 268 ( 3d Cir 2000) arrest sect. 1983 claim for false imprisonment base on mistaken arrest and detention was proper because police lacked probable cause to arrest.

Smith art v. Towery, 79 F3d 951, 952 (9th Cir 1996 ) (per Curiam) prisoner could bring sect. 1983 claim alleging use of excessive force because success would not necessarily imply invalidity of conviction; Claim for arrest without cause and unfounded charge, however, imply validity of conviction and are therefore barred.

Heck bar on bringing a sect. 1983 action before a conviction is overturned may not toll the statue of limitation during consideration of the validity of the underlying criminal charge.

Gonzalez v. Entress, 133 F3d 551, 554 (7th Cir 1998) sect. 1983 claim for relief for arrest without probable cause time barred because ststue of limitation began to run when events in question occurred, not when arrestee cleared of charge due to absence of compensable damages.

Under section 1983, the court may only impose monetary liability on persons resonsible for the deprivation of rights secured by the Constitution and Federal Law.  In Will v. Michigan Department of state Police, the Supreme Court held that a state is not amenable to suits for damages, because a state is not a person within the meaning of  section 1983 The Court also concluded that a suit against a State official in her official eapacity is "No different from a suit against the state, and thus the court barred such suit for monetary, but not Injunctive relief.

Despite these Limitation on state liability for monetary damages, the court has held that a municipality may be liable for damages under section 1983 for violations of Federal Law that law occur pursuant to an official government policy or custom.

Andrus ex rel Andrus v. Arkansas 197 F 3d 953, 954 (8th Cir 2000) Individual capacity claims against police officer not barred as claims against the state when injunctive relief is sought.  Plaintiff in this complaint sought injunctive relief.

Dewalt v. Carter, 224 F3d 607, 617 (7th Cir 2000) sect, 1983 claim proper when habeas corpus is unavailable because the challenge would lead to release from any form of custody.  ( Where habeas corpus relief is not available the requirements of the habeas corpus statute do not supercede the explicit right to proceed under sect. 1983.)

Bailey v. Andrew 811 F2d 366 375-76 (7th Cir 1987) jury award of $80,000 excessive in 1983 claim against police;

for illegal arrest when plaintiff suffered only scratched boots, torn
pants, and bent glasses and submitted no bills for medical or psych-
ological treatment.

Plaintiff had knowledge of the violation at time of arrest and
informed the defendants of the violation and injury that accrue.  —
See Cabrera v. City of Huntington Park 159 F. 3d 374, 381 (9th Cir 1998)0
Prisoner sect. 1983 claims for damages that do not imply invalidity
of conviction accrue when prisoner know of , had reason to know of i
injury.

Hardin v. Straub, 490 U S 536 543-44 (1989) plaintiff entitle
d to benefit of Michigan tolling provision during period of legal
disability because statue consistent with sect. 1983.

Rose v. Bartle 871 F.2d 331 348 (3d Cir 1989 Plaintiff entitl
ed to benefit of state tolling provision because favorable termina
tion of underlying proceeding necessary element in 1983 claim.

Elliottv. Union City 25 F3d 800, 803 (9th Cir 1994) Plaintiff
entitled to benefit of California tolling provision during uninter
upted periods of incarceration, despite fact that period included
both pre-conviction and post conviction incarceration.

Haring v. Prosise 462 U.S. 306, 316 (1983) prisoner sect. 1983
claim of unlawful search not barred by collateral estappel even th
though prisoner plead quilty in criminal trial.

Ingram v. City of Columbus 185 F 3d 579 586 (6th cir 1999)
termination of criminal proceeding by way of bond forfeiture did
not preclude plaintiff, on ground of res judicata or Collateral
estoppel, from raising claim of arrest without probable cause in s
sect. 1983 action because cause of action not the same and issue
of whether officers had probable cause never litigate in state pro
secution

Roading v. Peters, 92 F 3d 578, 580 (7th cir 1996) action to
recover damages for unconstitutional incarceration did not accrue
until prisoner prevailed in mandamus not re judicata.

The doctrine of judical estoppel also applies. Lawery v. sto
vall 92 F. 3d 219, 224 (4th cir 1996) plaintiff present position r
regarding shooting of police officer during traffic stop by another
officer  controdictory to positition plainiff took  when pleading
quilty in related criminal case; therefore plaintiff judicially
estopped from claiming violation of 4th Amendment right to be free
from unreasonable seizures. The res judicata effect of the state

The element of a prima facie case under section 1983 are (1)
illegal conduct (2) committed by a state prison official who is us
using or abusing his power which he possesses "by virtue of state
law and made possible only because the official is clothed possible
with the authority of state law, *See* Monroe v. Pape, 365 U.S. 167, 184,
81 S CT. 473 (1961) and Evans v. United State 504 US 255, 119 L Ed
2d 57, 112 S Ct 1881 (1992)

Excessive force claims by arrestees are governed by the Fourth
Amendment, which prohibits unreasonable seizures, and not by the d
Due process clause.  An arrest is a seizure of the person that must
be conducted in a reasonable manner.  4th Amendment violation were
enacted by defendants as to illegal search and seizure, fabrication
of evidence, which make evidence tainted, all  evidence obtained f
from search become illegal."Fruit of the poisonous tree" Berg v.
County of Allegheny, 219 F. 3d 261, 268 (3d cir 2000) arrestee sect.
1983 claim far false imprisonment base on mistaken arrest and
detention was proper, because police lacked probable cause to arrest.

Plaintiff is attacked the way in which defendants violated his
constitutional rights; and the legality of the search conducted; t
The verbal abuse by defendants; Coercive and psychological tactics
inflicted upon plaintiff by defendants, which is a whole defferent
matter than the criminal case.

The due process right  to the Fourteenth Amendment was violated
when plaintiff Six Amendment right to counsel was denied; Plaintiff
Fifth and Fourteenth Amendments and state constitutional due process
quarantees.

Defendants acted in an intentional and willful manner; Therefore
Plaintiff is entitle to recovery of damage upon showing of cause ?
and effect.  Therefore plaintiff is entitle to injunctive reliefs
and any other cause the Court deem fit.  See Clarkson v. IRS, 678
F.2d 1368 1375n (11th cir 1982); Peiser v. Rodriques 411 US 475, 36
LE2d 439, 93 S Ct 1827 (1973).

The arrest incident was a mere incident to search and gather
information for probable cause, no probable cause existed, there w
was no search warrant; This was an intrusion on one's privacy by
the government.

Plaintiff challenge the violation of his constitutional rights
under the U.S. Constitution, which plaintiff is protected by , not
the outcome of the pending criminal prosecution or conviction, bec-
ause it's a whole seperate issuse .  Plaintiff is entitle to
Injunctive reliefs, compensatory damages, monetary damages in Federal

court, which plaintiff seek reliefs. See Ingram v. City of Columbus 185 F 3d 579 586 (6th cir 1999) termination of criminal proceeding by way of bond forfeiture did not preclude plaintiff, on ground of res judicata or collateral estoppel, from raising claim of arrest without probable cause in sect. 1983 action, because cause of action not the same and issue of whether officers had probable cause never litigate in state prosecution.

These matter are two seperate matter in seperate proceeding in seperate court.  Therefore should be base on defferent grounds.

On these basis of the foregoing, plaintiff objects to the Magistrate Judge motion REPORT AND RECOMMENDATION, and ask this c Court to proceed further with Plaintiff complaint.

I certify under penalty or perjury that the foregoing is true and correct 28 U.S.C. 1746.


                              Respectfully submitted,


                              I am _Tyrone P. James_

                                 TYRONE P. JAMES
                                 YORK COUNTY PRISON
                                 3400 CONCORD ROAD
                                 YORK, PA. 17402.



Dated this _5th_ day of _July_ , 2001

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|                              |   |                            |
|------------------------------|---|----------------------------|
|                              | : |                            |
|                              | : |                            |
| TERONE P. JAMES,             | : | CIVIL ACTION NO. 1:01-1015 |
|     Plaintiff                | : | (KANE, J.)                 |
| V.                           | : | (MANNION, M.J.)            |
|                              | : |                            |
| YORK COUNTY POLICE           | : |                            |
| DEPARTMENT, et al.,          | : |                            |
|     Defendants               | : |                            |
|                              | : |                            |

Plaintiff have reviewed the report and recommendation of the Magistrate Judges addressing case dispositive motions and Hereby object to Magistrate Judge's proposed finding and recommendations or report addressing a motion or matter described in 28 U.S.C. S 636 (b) (1) (B).

The briefing requirement set forth in local rule 72.2 M.D. PA.

## BRIEFING AND MEMORANDUM

O June 8, 2001, plaintiff filed a civil rights action pursuant to 42 U.S.C. 1983, in which I alleges violation of my constitutional rights of my FOURTH, FIFTH, SIXTH, FOURTHTEEN, AND EIGHTEEN AMENTMENT VIOLATION.

Named of defendants in this action are the following : York County Police Department; James H. Morgan,Agent/Investigator; Richard Peddicord, Detective; Raymond E. Craul, Detective; Gene Fells, Sergeant; Kessler, York County Drug Task Force; Baylock, Correctional Officer, York County Prison.

Plaintiff constitutional rights were violated, when the use of excessive force was enforced upon plaintiff on January 10, 2001 When plaintiff was trample upon by defendants and hit by defendants van and thrown to the ground. Then Hand cuffed.

Plaintiff stating claim against defendants for violation of his sixth amendment right, when plaintiff was denied his RIGHT TO COUNSEL.

Plaintiff Eight Amendment right were violated, when plaintiff was denied reasonable access to post bail. Cruel and Unusual punishment under the eight admendment.; Excessive bail may not be require, Article 1 section 13 PA Constitution.

Plaintiff seek Injunctive reliefs in plaintiff complaint.

Scope of section 1983 under the civil rights Action of 1871, as amanded a prisoner may seek redress when a person acting under color of state law deprives the prisoner of rights guaranteed by t the Constitution or Federal laws.

Section 1983 is not a substitute for a writ of habeas corpus.

Preiser v. Rodriques 411 US 475, 36 LE2d 439, 93 S Ct 1827 (1 973), the Supreme Court explained that a prisoner seeking damages for deprivation of constitutional or Federally created rights may properly bring suit only under section 1983.

Where as a prisoner challenging the fact or length of his cus-tody must pursue a claim through a writ of habeas corpus.

I am challenging the Federal law violation and constitutional ity of the arrest of plaintiff by defendants, not a conviction or sentence; Therefore, I am entitle to injunctive reliefs.

The Supreme Court held that Preizer does not bar a S 1983 claim where an inmate seek an injunction requiring a hearing to determine whether there was probable cause for pretrial detention.

Gerstein v Pugh 420 US 103 107-08 (1975), In Gerstein, the Co-urt statedd that a successful claim by the inmate would not lead to vacation of his conviction.

When a person acting under color of Federal authority deprives a prisomer of his or her constitutional right, the prisoner may seek redress directly under the constitution. Carlson v Green, 446 US 14 18-19 (1980);

Bivens V. SIX UNKNOWN NAMED AGENTS OF FED BUREAU OF NARCOTIC, 403 US 388, 396-97 (1971), Individual entitle to sue Federal agents for monetary damage when agent searched house without probable cause or warrant, in violation of 4th Amendment.

C   Carterv Burch 34 F3d 257,266 (4th Cir 1994), plaintiff entitled to sueonly nominal damages for Police officer failure to disclose exculpatory evidence even though plaintiff had shown undisputed evidence of over $2 million in damages for lost income and expense due to conviction.

Sameric Corp v. City of Philadelphia 142 F. 3d 582, 590 (3d Cir 1998) S 1983 does not create substantive rights, but provides remedy for violation of constitutional right.

Suarez Corp. Indus V. Mc Graw 202 F.3d ¢76, 685 ( 4th Cir 2000) every reaction or retaliation to a  person exercise of a Federal r right does not necessarily create a cognizable S 1983 claim , because a adverse impact must be shown.

US V Garcia 23F3d 1331 (8th Cir 1994) Court is not Impowered to suspend constitutional Guarantees so that Government can fight war on Drug.

Blakledge v. Perry, 417 US 21, 40 Led 628, 94 S. CT 2098 (1974) Due Procwss protect criminal defendant against Prosecutorial or Judicial action intend as penalty for defendants exercise of Constitutional rights.

The fourteenth amendment to the  United State Constitution pro vides that  the States cannot deprive any person of Life, Liberty, or property without due process of law.  Hewitt v. helms 459 US 460 (1983).

Monroe v. Pape 365 US 167, 183 (1961); Leather V. Ten Eyck, 1 180 F3d 420, 425 (2d Cir 1999 ) Sect 1983 claim not barred by res judicata if prior state court proceeding was such that plaintiff could not have sought damages for alleged sconstitutional injuries.

Plaintiff is challenging the proper Police procedure of the Commonwealth of PA. , City of York Police Department, and its method in arresting a suspect.  The arrest of plaintiff is or should be call into question.

Green holtz v. Inmate of the Nebraska Penal & Correctional Co mplex 442 US 1 (1979), The Supreme court did not require the ex- haustion of state habeas remedies and addressed the merit of a sect 1983 claim challenging the constitutionality of a state's parole- release determination procedures. Id. at 4.

Berg v. County of Allegheny, 219 F 3d 261, 268 ( 3d Cir 2000) arrest sect. 1983 claim for false imprisonment base on mistaken arre- st and detention was proper because police lacked probable cause to arrest.

Smith art v. Towery, 79 F3d 951, 952 (9th Cir 1996 ) (per Curiam) prisoner could bring sect. 1983 claim alleging use of excessive force because success would not necessarily imply invalidity of conviction; Claim for arrest without cause and unfounded charge, however, imply validity of conviction and are therefore barred.

Heck bar on bringing a sect. 1983 action before a conviction is overturned may not toll the statue of limitation during consideration of the validity of the underlying criminal charge.

Gonzalez v. Entress, 133 F3d 551, 554 (7th Cir 1998) sect. 1983 claim for relief for arrest without probable cause time barred because ststue of limitation began to run when events in question occurred, not when arrestee cleared of charge due to absence of compensable damages.

Under section 1983, the court may only impose monetary liability on persons resonsible for the deprivation of rights secured by the  - Constitution and Federal Law.  In Will v. Michigan Department of state Police, the Supreme Court held that a state is not amenable to suits for damages, because a state is not a person within the meaning of  section 1983 The Court also concluded that a suit against a State official in her official capacity is "No different from a suit against the state, and thus the court barred such suit for monetary, but not Injunctive relief.

Despite these Limitation on state liability for monetary damages, the court has held that a municipality may be liable for damages under section 1983 for violations of Federal Law that law occur pursuant to an official government policy or custom.

Andrus ex rel Andrus v. Arkansas 197 F 3d 953, 954 (8th Cir 2000) Individual capacity claims against police officer not barred as claims against the state when injunctive relief is sought.  Plaintiff in this complaint sought injunctive relief.

Dewalt v. Carter, 224 F3d 607, 617 (7th Cir 2000) sect, 1983 claim proper when habeas corpus is unavailable because the challenge would lead to release from any form of custody.  ( Where habeas corpus relief is not available the requirements of the habeas corpus statute do not supercede the explicit right to proceed under sect. 1983.)

Bailey v. Andrew 811 F2d 366 375-76 (7th Cir 1987) jury award of $80,000 excessive in 1983 claim against police;

for illegal arrest when plaintiff suffered only scratched boots, torn
pants, and bent glasses and submitted no bills for medical or psych-
ological treatment.

Plaintiff had knowledge of the violation at time of arrest and
informed the defendants of the violation and injury that accrue.       -
See Cabrera v. City of Huntington Park 159 F. 3d 374, 381 (9th Cir 1998)0
Prisoner sect. 1983 claims for damages that do not imply invalidity
of conviction accrue when prisoner know of , had reason to know of i
injury.

Hardin v. Straub, 490 U S 536 543-44 (1989) plaintiff entitle
d to benefit of Michigan tolling provision during period of legal
disability because statue consistent with sect. 1983,

Rose v. Bartle 871 F.2d 331 348 (3d Cir 1989 Plaintiff entitl
ed to benefit of state tolling provision because favorable termina
tion of underlying proceeding necessary element in 1983 claim.

Elliottv. Union City 25 F3d 800, 803 (9th Cir 1994) Plaintiff
entitled to benefit of California tolling provision during uninter
upted periods of incarceration, despite fact that period included
both pre-conviction and post conviction incarceration.

Haring v. Prosise 462 U.S. 306, 316 (1983) prisoner sect. 1983
claim of unlawful search not barred by collateral estappel even th
though prisoner plead guilty in criminal trial.

Ingram v. City of Columbus 185 F 3d 579 586 (6th cir 1999)
termination of criminal proceeding by way of bond forfeiture did
not preclude plaintiff, on ground of res judicata or Collateral
estoppel, from raising claim of arrest without probable cause in s
sect. 1983 action because cause of action not the same and issue
of whether officers had probable cause never litigate in state pro
secution

Roading v. Peters, 92 F 3d 578, 580 (7th cir 1996) action to
recover damages for unconstitutional incarceration did not accrue
until prisoner prevailed in mandamus not re judicata.

The doctrine of judical estoppel also applies. Lawery v. stov
vall 92 F. 3d 219, 224 (4th cir 1996) plaintiff present position r
regarding shooting of police officer during traffic stop by another
officer  controdictory to posittion plainiff took  when pleading .
quilty in related criminal case; therefore plaintiff judicially
estopped from claiming violation of 4th Amendment right to be free
from unreasonable seizures. The res judicata effect of the state

The element of a prima facie case under section 1983 are (1)
illegal conduct (2) committed by a state prison official who is us
using or abusing his power which he possesses "by virtue of state
law and made possible only because the official is clothed possible
with the authority of state law; See Monroe v. Pape, 365 U.S. 167, 184,
81 S CT. 473 (1961) and Evans v. United State 504 US 255, 119 L Ed
2d 57, 112 S Ct 1881 (1992)

Excessive force claims by arrestees are governed by the Fourth
Amendment, which prohibits unreasonable seizures, and not by the d
Due process clause.  An arrest is a seizure of the person that must
be conducted in a reasonable manner.   4th Amendment violation were
enacted by defendants as to illegal search and seizure, fabrication
of evidence, which make evidence tainted, all  evidence obtained f
from search become illegal."Fruit of the poisonous tree" Berg v.
County of Allegheny, 219 F. 3d 261, 268 (3d cir 2000) arrestee sect.
1983 claim far false imprisonment base on mistaken arrest and
detention was proper, because police lacked probable cause to arrest.

Plaintiff is attacked the way in which defendants violated his
constitutional rights; and the legality of the search conducted; t
The verbal abuse by defendants; Coercive and psychological tactics
inflicted upon plaintiff by defendants, which is a whole defferent
matter than the criminal case.

The due process right  to the Fourteenth Amendment was violated
when plaintiff Six Amendment right to counsel was denied; Plaintiff
Fifth and Fourteenth Amendments and state constitutional due process
guarantees.

Defendants acted in an intentional and willful manner; Therefore
Plaintiff is entitle to recovery of damage upon showing of cause a
and effect.   Therefore plaintiff is entitle to injunctive reliefs
and any other cause the Court deem fit.  See Clarkson v. IRS, 678
F.2d 1368 1375n (11th cir 1982); Peiser v. Rodriques 411 US 475, 36
LE2d 439, 93 S Ct 1827 (1973).

The arrest incident was a mere incident to search and gather
information for probable cause, no probable cause existed, there w
was no search warrant; This was an intrusion on one's privacy by
the government.

Plaintiff challenge the violation of his constitutional rights
under the U.S. Constitution, which plaintiff is protected by , not
the outcome of the pending criminal prosecution or conviction, bec-
ause it's a whole seperate issue .  Plaintiff is entitle to
Injunctive reliefs, compensatory damages, monetary damages in Federal

court, which plaintiff seek reliefs. See Ingram v. City of Columbus 185 F 3d 579 586 (6th cir 1999) termination of criminal proceeding by way of bond forfeiture did not preclude plaintiff, on ground of res judicata or collateral estoppel, from raising claim of arrest without probable cause in sect. 1983 action, because cause of action not the same and issue of whether officers had probable cause never litigate in state prosecution.

These matter are two seperate matter in seperate proceeding in seperate court.   Therefore should be base on defferent grounds.

On these basis of the foregoing, plaintiff objects to the Magistrate Judge motion REPORT AND RECOMMENDATION, and ask this c Court to proceed further with Plaintiff complaint.

I certify under penalty or perjury that the foregoing is true and correct 28 U.S.C. 1746.


                              Respectfully submitted,



                    I am _Tyrone P. James_
                         TYRONE P. JAMES
                         YORK COUNTY PRISON
                         3400 CONCORD ROAD
                         YORK, PA. 17402.



Dated this _5th_ day of _July_ , 2001

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|                                    |   |                              |
|------------------------------------|---|------------------------------|
|                                    | : |                              |
|                                    | : |                              |
| TERONE P. JAMES,                   | : | CIVIL ACTION NO. 1:01-1015   |
|    Plaintiff        | : | (KANE, J.)                   |
| V.                                 | : | (MANNION, M.J.)              |
|                                    | : |                              |
| YORK COUNTY POLICE                 | : |                              |
| DEPARTMENT, et al.,                | : |                              |
|    Defendants       | : |                              |
|                                    | : |                              |

Plaintiff have reviewed the report and recommendation of the Magistrate Judges addressing case dispositive motions and Hereby object to Magistrate Judge's proposed finding and recommendations or report addressing a motion or matter described in 28 U.S.C. S 636 (b) (1) (B).

The briefing requirement set forth in local rule 72.2 M.D. PA.

## BRIEFING AND MEMORANDUM

O June 8, 2001, plaintiff filed  a civil rights action pursuant to 42 U.S.C. 1983, in which I alleges violation of my constitutional rights  of my FOURTH, FIFTH, SIXTH, FOURTHTEEN, AND  EIGHTEEN AMENTMENT  VIOLATION.

Named of defendants in this action are the following : York County Police Department; James H. Morgan,Agent/Investigator; Richard Peddicord, Detective; Raymond E. Craul, Detective; Gene Fells, Sergeant; Kessler, York County Drug Task Force; Baylock, Correctional Officer, York County Prison.

Plaintiff constitutional  rights were violated, when the use of excessive force was enforced upon plaintiff on January 10, 2001 When plaintiff was trample upon by defendants and hit by defendants van and thrown to the ground. Then  Hand cuffed.

Plaintiff stating claim against defendants for violation of his sixth amendment right, when plaintiff was denied his RIGHT TO COUNSEL.

Plaintiff Eight Amendment right were violated, when plaintiff was denied reasonable access to post bail. Cruel and Unusual punishment under the eight admendment.; Excessive bail may not be require,  Article 1 section 13 PA Constitution.

Plaintiff seek Injunctive reliefs in plaintiff complaint.

Scope of section 1983 under the civil rights Action of 1871, as amanded a prisoner may seek redress when a person acting under color of state law deprives the prisoner of rights guaranteed by t the Constitution or Federal laws.

Section 1983 is not a substitute for a writ of habeas corpus.

Preiser v. Rodriques 411 US 475, 36 LE2d 439, 93 S Ct 1827 (1 973), the Supreme Court explained that a prisoner seeking damages for  deprivation of constitutional or Federally created rights may properly bring suit only under section 1983.

Where as a prisoner challenging the fact or length of his cus-tody must pursue a claim through a writ of habeas  corpus.

I am challenging the Federal law violation and constitutional ity of the arrest of plaintiff by defendants, not a conviction or sentence; Therefore, I am entitle to injunctive reliefs.

The Supreme Court held that Preizer does not bar a S 1983 claim where an inmate seek an injunction requiring a hearing to determine whether there was probable cause for pretrial detention.

Gerstein v Pugh 420 US 103 107-08 (1975), In Gerstein, the Co-urt statedd that a successful claim by the inmate would not lead to vacation of his conviction.

When a person acting under color of Federal authority deprives a prisomer of his or her constitutional right, the prisoner may seek redress directly under the constitution.  Carlson v Green, 446 US 14 18-19 (1980);

Bivens V. SIX UNKNOWN NAMED AGENTS OF FED BUREAU OF NARCOTIC, 403 US 388, 396-97 (1971), Individual entitle to sue Federal agents for monetary damage when agent searched house without probable cause or warrant, in violation of 4th Amendment.

C    Carterv Burch 34 F3d 257,266 (4th Cir 1994), plaintiff entitled
to sueonly nominal damages for Police officer failure to disclose
exculpatory evidence even though plaintiff had shown undisputed
evidence of over $2 million in damages for lost income and expense
due to conviction.

Sameric Corp v. City of Philadelphia 142 F. 3d 582, 590 (3d Cir
1998) S 1983 does not create substantive rights, but provides remedy
for violation of constitutional right.

Suarez Corp. Indus V. Mc Graw 202 F.3d ¢76, 685 ( 4th Cir 2000)
every reaction or retaliation to a  person exercise of a Federal r
right does not necessarily create a cognizable S 1983 claim , beca-
use a adverse impact must be shown.

US V Garcia 23F3d 1331 (8th Cir 1994) Court is not Impowered
to suspend constitutional Guarantees so that Government can fight
war on Drug.

Blakledge v. Perry, 417 US 21, 40 Led 628, 94 S. CT 2098 (1974)
Due Procwss protect criminal defendant against Prosecutorial or
Judicial action intend as penalty for defendants exercise of
Constitutional rights.

The fourteenth amendment to the  United State Constitution pro
vides that  the States cannot deprive any person of Life, Liberty,
or property without due process of law.  Hewitt v. helms 459 US 460
(1983).

Monroe v. Pape 365 US 167, 183 (1961); Leather V. Ten Eyck, 1
180 F3d 420, 425 (2d Cir 1999 ) Sect 1983 claim not barred by res
judicata if prior state court proceeding was such that plaintiff
could not have sought damages for alleged sconstitutional injuries.

Plaintiff is challenging the proper Police procedure of the
Commonwealth of PA. , City of York Police Department, and its method
in arresting a suspect.  The arrest of plaintiff is or should be
call into question.

Green holtz v. Inmate of the Nebraska Penal & Correctional Co
mplex 442 US 1 (1979), The Supreme court did not require the ex-
haustion of state habeas remedies and addressed the merit of a
sect 1983 claim challenging the constitutionality of a state's
parole- release determination procedures. Id. at 4.

Berg v. County of Allegheny, 219 F 3d 261, 268 ( 3d Cir 2000)
arrest sect. 1983 claim for false imprisonment base on mistaken arre-
st and detention was proper because police lacked probable cause to
arrest.

Smith art v. Towery, 79 F3d 951, 952 (9th Cir 1996 ) (per Curiam)
prisoner could bring sect. 1983 claim alleging use of excessive force
because success would not necessarily imply invalidity of conviction;
Claim for arrest without cause and unfounded charge, however, imply
validity of conviction and are therefore barred.

Heck bar on bringing a sect. 1983 action before a conviction is
overturned may not toll the statue of limitation during consideration
of the validity of the underlying criminal charge.

Gonzalez v. Entress, 133 F3d 551, 554 (7th Cir 1998) sect. 1983
claim for relief for arrest without probable cause time barred because
ststue of limitation began to run when events in question occurred,
not when arrestee cleared of charge due to absence of compensable
damages.

Under section 1983, the court may only impose monetary liability
on persons resonsible for the deprivation of rights secured by the      -
Constitution and Federal Law.  In Will v. Michigan Department of state
Police, the Supreme Court held that a state is not amenable to suits
for damages, because a state is not a person within the meaning
of  section 1983 The Court also concluded that a suit against a State
official in her official eapacity is "No different from a suit against
the state, and thus the court barred such suit for monetary, but not
Injunctive relief.

Despite these Limitation on state liability for monetary damages,
the court has held that a municipality may be liable for damages under
section 1983 for violations of Federal Law that law occur pursuant to
an official government policy or custom.

Andrus ex rel Andrus v. Arkansas 197 F 3d 953, 954 (8th Cir 2000)
Individual capacity claims against police officer not barred as claims
against the state when injunctive relief is sought.  Plaintiff in this
complaint sought injunctive relief.

Dewalt v. Carter, 224 F3d 607, 617 (7th Cir 2000) sect, 1983
claim proper when habeas corpus is unavailable because the challenge
would lead to release from any form of custody.  ( Where habeas corpus
relief is not available the requirements of the habeas corpus statute
do not supercede the explicit right to proceed under sect. 1983.)
Bailey v. Andrew 811 F2d 366 375-76 (7th Cir 1987) jury award of
$80,000 excessive in 1983 claim against police;

for illegal arrest when plaintiff suffered only scratched boots, torn
pants, and bent glasses and submitted no bills for medical or psych-
ological treatment.

Plaintiff had knowledge of the violation at time of arrest and
informeddthe defendants of the violation and injury that accrue.     –
See Cabrera v. City of Huntington Park 159 F. 3d 374, 381 (9th Cir 1998)0
Prisoner sect. 1983 claims for damages that do not imply invalidity
of conviction accrue when prisoner know of , had reason to know of i
injury.

Hardin v. Straub, 490 U S 536 543-44 (1989) plaintiff entitle
d to benefit of Michigan tolling provision during period of legal
disability because statue consistent with sect. 1983;

Rose v. Bartle 871 F.2d 331 348 (3d Cir 1989 Plaintiff entitl
ed to benefit of state tolling provision because favorable termina
tion of underlying proceeding necessary element in 1983 claim.

Elliottv. Union City 25 F3d 800, 803 (9th Cir 1994) Plaintiff
entitled to benefit of California tolling provision during uninter
upted periods of incarceration, despite fact that period included
both pre-conviction and post conviction incarceration.

Haring v. Prosise 462 U.S. 306, 316 (1983) prisoner sect. 1983
claim of unlawful search not barred by collateral estappel even th
though prisoner plead quilty in criminal trial.

Ingram v. City of Columbus 185 F 3d 579 586 (6th cir 1999)
termination of criminal proceeding by way of bond forfeiture did
not preclude plaintiff, on ground of res judicata  or Collateral
estoppel, from raising claim of arrest without probable cause in a
sect. 1983 action because cause of action not the same and issue
of whether officers had probable cause never litigate in state pro
secution

Roading v. Peters, 92 F 3d 578, 580 (7th cir 1996) action to
recover damages for unconstitutional incarceration did not accrue
until prisoner prevailed in mandamus not re judicata.

The doctrine of judical estoppel also applies. Lawery v. stov
vall 92 F. 3d 219, 224 (4th cir 1996) plaintiff present position r
regarding shooting of police officer during traffic stop by another
officer  controdictory to positttion plainiff took  when pleading
quilty in related criminal case; therefore plaintiff judicially
estopped from claiming violation of 4th Amendment right to be free
from unreasonable seizures. The res judicata effect of the state

The element of a prima facie case under section 1983 are (1)
illegal conduct (2) committed by a state prison official who is us
using or abusing his power which he possesses "by virtue of state
law and made possible only because the official is clothed possible
with the authority of state law, Monroe v. Pape, 365 U.S. 167, 184,
81 S CT. 473 (1961) and Evans v. United State 504 US 255, 119 L Ed
2d 57, 112 S Ct 1881 (1992)

Excessive force claims by arrestees are governed by the Fourth
Amendment, which prohibits unreasonable seizures, and not by the d
Due process clause.  An arrest is a seizure of the person that must
be conducted in a reasonable manner.  4th Amendment violation were
enacted by defendants as to illegal search and seizure, fabrication
of evidence, which make evidence tainted, all  evidence obtained f
from search become illegal."Fruit of the poisonous tree" Berg v.
County of Allegheny, 219 F. 3d 261, 268 (3d cir 2000) arrestee sect.
1983 claim far false imprisonment base on mistaken arrest and
detention was proper, because police lacked probable cause to arrest.

Plaintiff is attacked the way in which defendants violated his
constitutional rights; and the legality of the search conducted; t
The verbal abuse by defendants; Coercive and psychological tactics
inflicted upon plaintiff by defendants, which is a whole defferent
matter than the criminal case.

The due process right  to the Fourteenth Amendment was violated
when plaintiff Six Amendment right to counsel was denied; Plaintiff
Fifth and Fourteenth Amendments and state constitutional due process
quarantees.

Defendants acted in an intentional and willful manner; Therefore
Plaintiff is entitle to recovery of damage upon showing of cause ?
and effect.  Therefore plaintiff is entitle to injunctive reliefs
and any other cause the Court deem fit.  See Clarkson v. IRS, 678
F.2d 1368 1375n (11th cir 1982); Peiser v. Rodriques 411 US 475, 36
LE2d 439, 93 S Ct 1827 (1973).

The arrest incident was a mere incident to search and gather
information for probable cause, no probable cause existed, there w
was no search warrant; This was an intrusion on one's privacy by
the government.

Plaintiff challenge the violation of his constitutional rights
under the U.S. Constitution, which plaintiff is protected by , not
the outcome of the pending criminal prosecution or conviction, bec-
ause it's a whole seperate issuse .  Plaintiff is entitle to
Injunctive reliefs, compensatory damages, monetary damages in Federal

court, which plaintiff seek reliefs. See Ingram v. City of Columbus 185 F 3d 579 586 (6th cir 1999) termination of criminal proceeding by way of bond forfeiture did not preclude plaintiff, on ground of res judicata or collateral estoppel, from raising claim of arrest without probable cause in sect. 1983 action, because cause of action not the same and issue of whether officers had probable cause never litigate in state prosecution.

These matter are two seperate matter in seperate proceeding in seperate court.  Therefore should be base on defferent grounds.

On these basis of the foregoing, plaintiff objects to the Magistrate Judge motion REPORT AND RECOMMENDATION, and ask this c: Court to proceed further with Plaintiff complaint.

I certify under penalty or perjury that the foregoing is true and correct 28 U.S.C. 1746.

Respectfully submitted,

I am _Tyrone P. James_

TYRONE P. JAMES

YORK COUNTY PRISON

3400 CONCORD ROAD

YORK, PA. 17402.

Dated this _5th_ day of _July_ , 2001

(7)

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

|                              |   |                              |
|------------------------------|---|------------------------------|
| TKRONE P. JAMES,             | : | CIVIL ACTION NO. 1:01-1015   |
|     Plaintiff                | : | (KANE, J.)                   |
| V.                           | : | (MANNION, M.J.)              |
|                              | : |                              |
| YORK COUNTY POLICE           | : |                              |
| DEPARTMENT, et al.,          | : |                              |
|     Defendants               | : |                              |
|                              | : |                              |

Plaintiff have reviewed the report and recommendation of the
Magistrate Judges addressing case dispositive motions and Hereby
object to Magistrate Judge's proposed finding and recommendations
or report addressing a motion or matter described in 28 U.S.C. S
636 (b) (1) (B).

The briefing requirement set forth in local rule 72.2 M.D.
PA.

### BRIEFING AND MEMORANDUM

O June 8, 2001, plaintiff filed  a civil rights action
pursuant to 42 U.S.C. 1983, in which I alleges violation of my
constitutional rights  of my FOURTH, FIFTH, SIXTH, FOURTHTEEN,
AND  EIGHTEEN AMENTMENT  VIOLATION.

Named of defendants in this action are the following : York
County Police Department; James H. Morgan,Agent/Investigator; Rich-
ard Peddicord, Detective; Raymond E. Craul, Detective; Gene Fells,
Sergeant; Kessler, York County Drug Task Force; Baylock, Correction
al Officer, York County Prison.

Plaintiff constitutional  rights were violated, when the use
of excessive force was enforced upon plaintiff on January 10, 2001
When plaintiff was trample upon by defendants and hit by defendants
van and thrown to the ground. Then  Hand cuffed.

Plaintiff stating claim against defendants for violation of his sixth amendment right, when plaintiff was denied his RIGHT TO COUNSEL.

Plaintiff Eight Amendment right were violated, when plaintiff was denied reasonable access to post bail. Cruel and Unusual punishment under the eight admendment.; Excessive bail may not be require, Article 1 section 13 PA Constitution.

Plaintiff seek Injunctive reliefs in plaintiff complaint.

Scope of section 1983 under the civil rights Action of 1871, as amanded a prisoner may seek redress when a person acting under color of state law deprives the prisoner of rights guaranteed by t the Constitution or Federal laws.

Section 1983 is not a substitute for a writ of habeas corpus.

Preiser v. Rodriques 411 US 475, 36 LE2d 439, 93 S Ct 1827 (1 973), the Supreme Court explained that a prisoner seeking damages for deprivation of constitutional or Federally created rights may properly bring suit only under section 1983.

Where as a prisoner challenging the fact or lenghh of his cus-tody must pursue a claim through a writ of habeas corpus.

I am challenging the Federal law violation and constitutional ity of the arrest of plaintiff by defendants, not a conviction or sentence; Therefore, I am entitle to injunctive reliefs.

The Supreme Court held that Preizer does not bar a S 1983 claim where an inmate seek an injunction requiring a hearing to determine whether there was probable cause for pretrial detention.

Gerstein v Pugh 420 US 103 107-08 (1975), In Gerstein, the Co-urt statedd that a successful claim by the inmate would not lead to vacation of his conviction.

When a person acting under color of Federal authority deprives a prisomer of his or her constitutional right, the prisoner may seek redress directly under the constitution. Carlson v Green, 446 US 14 18-19 (1980);

Bivens V. SIX UNKNOWN NAMED AGENTS OF FED BUREAU OF NARCOTIC, 403 US 388, 396-97 (1971), Individual entitle to sue Federal agents for monetary damage when agent searched house without probable cause or warrant, in violation of 4th Amendment.

C    Carterv Burch 34 F3d 257,266 (4th Cir 1994), plaintiff entitled
to sueonly nominal damages for Police officer failure to disclose
exculpatory evidence even though plaintiff had shown undisputed
evidence of over $2 million in damages for lost income and expense
due to conviction.

Sameric Corp v. City of Philadelphia 142 F. 3d 582, 590 (3d Cir
1998) § 1983 does not create substantive rights, but provides remedy
for violation of constitutional right.

Suarez Corp. Indus V. Mc Graw 202 F.3d ¢76, 685 ( 4th Cir 2000)
every reaction or retaliation to a  person exercise of a Federal r
right does not necessarily create a cognizable § 1983 claim , beca-
use a adverse impact must be shown.

US V Garcia 23F3d 1331 (8th Cir 1994) Court is not Impowered
to suspend constitutional Guarantees so that Government can fight
war on Drug.

Blakledge v. Perry, 417 US 21, 40 Led 628, 94 S. CT 2098 (1974)
Due Process protect criminal defendant against Prosecutorial or
Judicial action intend as penalty for defendants exercise of
Constitutional rights.

The fourteenth amendment to the  United State Constitution pro
vides that  the States cannot deprive any person of Life, Liberty,
or property without due process of law.  Hewitt v. helms 459 US 460
(1983).

Monroe v. Pape 365 US 167, 183 (1961); Leather V. Ten Eyck, 1
180 F3d 420, 425 (2d Cir 1999 ) Sect 1983 claim not barred by res
judicata if prior state court proceeding was such that plaintiff
could not have sought damages for alleged sconstitutional injuries.

Plaintiff is challenging the proper Police procedure of the
Commonwealth of PA. , City of York Police Department, and its method
in arresting a suspect.  The arrest of plaintiff is or should be
call into question.

Green holtz v. Inmate of the Nebraska Penal & Correctional Co
mplex 442 US 1 (1979), The Supreme court did not require the ex-
haustion of state habeas remedies and addressed the merit of a
sect 1983 claim challenging the constitutionality of a state's
parole- release determination procedures. Id. at 4.

Berg v. County of Allegheny, 219 F 3d 261, 268 ( 3d Cir 2000) arrest sect. 1983 claim for false imprisonment base on mistaken arrest and detention was proper because police lacked probable cause to arrest.

Smith art v. Towery, 79 F3d 951, 952 (9th Cir 1996 ) (per Curiam) prisoner could bring sect. 1983 claim alleging use of excessive force because success would not necessarily imply invalidity of conviction; Claim for arrest without cause and unfounded charge, however, imply validity of conviction and are therefore barred.

Heck bar on bringing a sect. 1983 action before a conviction is overturned may not toll the statue of limitation during consideration of the validity of the underlying criminal charge.

Gonzalez v. Entress, 133 F3d 551, 554 (7th Cir 1998) sect. 1983 claim for relief for arrest without probable cause time barred because ststue of limitation began to run when events in question occurred, not when arrestee cleared of charge due to absence of compensable damages.

Under section 1983, the court may only impose monetary liability on persons resonsible for the deprivation of rights secured by the Constitution and Federal Law.   In Will v. Michigan Department of state Police, the Supreme Court held that a state is not amenable to suits for damages, because a state is not a person within the meaning of  section 1983 The Court also concluded that a suit against a State official in her official capacity is "No different from a suit against the state, and thus the court barred such suit for monetary, but not Injunctive relief.

Despite these Limitation on state liability for monetary damages, the court has held that a municipality may be liable for damages under section 1983 for violations of Federal Law that law occur pursuant to an official government policy or custom.

Andrus ex rel Andrus v. Arkansas 197 F 3d 953, 954 (8th Cir 2000) Individual capacity claims against police officer not barred as claims against the state when injunctive relief is sought.  Plaintiff in this complaint sought injunctive relief.

Dewalt v. Carter, 224 F3d 607, 617 (7th Cir 2000) sect, 1983 claim proper when habeas corpus is unavailable because the challenge would lead to release from any form of custody.  ( Where habeas corpus relief is not available the requirements of the habeas corpus statute do not supercede the explicit right to proceed under sect. 1983.)
Bailey v. Andrew 811 F2d 366 375-76 (7th Cir 1987) jury award of $80,000 excessive in 1983 claim against police,

for illegal arrest when plaintiff suffered only scratched boots, torn pants, and bent glasses and submitted no bills for medical or psych- ological treatment.

Plaintiff had knowledge of the violation at time of arrest and informedd the defendants of the violation and injury that accrue. See Cabrera v. City of Huntington Park 159 F. 3d 374, 381 (9th Cir 1998)0 Prisoner sect. 1983 claims for damages that do not imply invalidity of conviction accrue when prisoner know of , had reason to know of i injury.

Hardin v. Straub, 490 U S 536 543-44 (1989) plaintiff entitle d to benefit of Michigan tolling provision during period of legal disability because statue consistent with sect. 1983a

Rose v. Bartle 871 F.2d 331 348 (3d Cir 1989 Plaintiff entitl ed to benefit of state tolling provision because favorable termina tion of underlying proceeding necessary element in 1983 claim.

Elliottv. Union City 25 F3d 800, 803 (9th Cir 1994) Plaintiff entitled to benefit of California tolling provision during uninter upted periods of incarceration, despite fact that period included both pre-conviction and post conviction incarceration.

Haring v. Prosise 462 U.S. 306, 316 (1983) prisoner sect. 1983 claim of unlawful search not barred by collateral estappel even th though prisoner plead guilty in criminal trial.

Ingram v. City of Columbus 185 F 3d 579 586 (6th cir 1999) termination of criminal proceeding by way of bond forfeiture did not preclude plaintiff, on ground of res judicata or Collateral estoppel, from raising claim of arrest without probable cause in s sect. 1983 action because cause of action not the same and issue of whether officers had probable cause never litigate in state pro secution

Roading v. Peters, 92 F 3d 578, 580 (7th cir 1996) action to recover damages for unconstitutional incarceration did not accrue until prisoner prevailed in mandamus not re judicata.

The doctrine of judical estoppel also applies. Lawery v. stov vall 92 F. 3d 219, 224 (4th cir 1996) plaintiff present position r regarding shooting of police officer during traffic stop by another officer  controdictory to positition pliniff took  when pleading quilty in related criminal case; therefore plaintiff judicially estopped from claiming violation of 4th Amendment right to be free from unreasonable seizures. The res judicata effect of the state

The element of a prima facie case under section 1983 are (1)
illegal conduct (2) committed by a state prison official who is
using or abusing his power which he possesses "by virtue of state
law and made possible only because the official is clothed possible
with the authority of state law; Monroe v. Pape, 365 U.S. 167, 184,
81 S CT. 473 (1961) and Evans v. United State 504 US 255, 119 L Ed
2d 57, 112 S Ct 1881 (1992)

Excessive force claims by arrestees are governed by the Fourth
Amendment, which prohibits unreasonable seizures, and not by the
Due process clause.  An arrest is a seizure of the person that must
be conducted in a reasonable manner.  4th Amendment violation were
enacted by defendants as to illegal search and seizure, fabrication
of evidence, which make evidence tainted, all  evidence obtained
from search become illegal."Fruit of the poisonous tree" Berg v.
County of Allegheny, 219 F. 3d 261, 268 (3d cir 2000) arrestee sect.
1983 claim far false imprisonment base on mistaken arrest and
detention was proper, because police lacked probable cause to arrest.

Plaintiff is attacked the way in which defendants violated his
constitutional rights; and the legality of the search conducted;
The verbal abuse by defendants; Coercive and psychological tactics
inflicted upon plaintiff by defendants, which is a whole defferent
matter than the criminal case.

The due process right  to the Fourteenth Amendment was violated
when plaintiff Six Amendment right to counsel was denied; Plaintiff
Fifth and Fourteenth Amendments and state constitutional due process
guarantees.

Defendants acted in an intentional and willful manner; Therefore
Plaintiff is entitle to recovery of damage upon showing of cause
and effect.  Therefore plaintiff is entitle to injunctive reliefs
and any other cause the Court deem fit.  See Clarkson v. IRS, 678
F.2d 1368 1375n (11th cir 1982); Peiser v. Rodriques 411 US 475, 36
LE2d 439, 93 S Ct 1827 (1973).

The arrest incident was a mere incident to search and gather
information for probable cause, no probable cause existed, there
was no search warrant; This was an intrusion on one's privacy by
the government.

Plaintiff challenge the violation of his constitutional rights
under the U.S. Constitution, which plaintiff is protected by , not
the outcome of the pending criminal prosecution or conviction, bec-
ause it's a whole seperate issuse .  Plaintiff is entitle to
Injunctive reliefs, compensatory damages, monetary damages in Federal

court, which plaintiff seek reliefs. See Ingram v. City of Columbus 185 F 3d 579 586 (6th cir 1999) termination of criminal proceeding by way of bond forfeiture did not preclude plaintiff, on ground of res judicata or collateral estoppel, from raising claim of arrest without probable cause in sect. 1983 action, because cause of action not the same and issue of whether officers had probable cause never litigate in state prosecution.

These matter are two seperate matter in seperate proceeding in seperate court.  Therefore should be base on defferent grounds.

On these basis of the foregoing, plaintiff objects to the Magistrate Judge motion REPORT AND RECOMMENDATION, and ask this c Court to proceed further with Plaintiff complaint.

I certify under penalty or perjury that the foregoing is true and correct 28 U.S.C. 1746.

Respectfully submitted,

I am _Tyrone P. James_

TYRONE P. JAMES
YORK COUNTY PRISON
3400 CONCORD ROAD
YORK, PA. 17402.

Dated this _5th_ day of _July_ , 2001

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

:

:

TYRONE P. JAMES,                     :        CIVIL ACTION NO. 1:01-1015

    Plaintiff                        :        (KANE, J.)

V.                                   :        (MANNION, M.J.)

:

YORK COUNTY POLICE                   :

DEPARTMENT, et al.,                  :

    Defendants                       :

:


    Plaintiff have reviewed the report and recommendation of the
Magistrate Judges addressing case dispositive motions and Hereby
object to Magistrate Judge's proposed finding and recommendations
or report addressing a motion or matter described in 28 U.S.C. §
636 (b) (1) (B).

    The briefing requirement set forth in local rule 72.2 M.D.
PA.


### BRIEFING AND MEMORANDUM


    O June 8, 2001, plaintiff filed  a civil rights action
pursuant to 42 U.S.C. 1983, in which I alleges violation of my
constitutional rights  of my FOURTH, FIFTH, SIXTH, FOURTHTEEN,
AND  EIGHTEEN AMENTMENT  VIOLATION.


    Named of defendants in this action are the following : York
County Police Department; James H. Morgan, Agent/Investigator; Rich-
ard Peddicord, Detective; Raymond E. Craul, Detective; Gene Fells,
Sergeant; Kessler, York County Drug Task Force; Baylock, Correction
al Officer, York County Prison.


    Plaintiff constitutional  rights were violated, when the use
of excessive force was enforced upon plaintiff on January 10, 2001
When plaintiff was trample upon by defendants and hit by defendants
van and thrown to the ground. Then  Hand cuffed.

Plaintiff stating claim against defendants for violation of his sixth amendment right, when plaintiff was denied his RIGHT TO COUNSEL.

Plaintiff Eight Amendment right were violated, when plaintiff was denied reasonable access to post bail. Cruel and Unusual punishment under the eight admendment.; Excessive bail may not be require,  Article 1 section 13 PA Constitution.

Plaintiff seek Injunctive reliefs in plaintiff complaint.

Scope of section 1983 under the civil rights Action of 1871, as amanded a prisoner may seek redress when a person acting under color of state law deprives the prisoner of rights guaranteed by t the Constitution or Federal laws.

Section 1983 is not a substitute for a writ of habeas corpus.

Preiser v. Rodriques 411 US 475, 36 LE2d 439, 93 S Ct 1827 (1 973), the Supreme Court explained that a prisoner seeking damages for deprivation of constitutional or Federally created rights may properly bring suit only under section 1983.

Where as a prisoner challenging the fact or length of his custody must pursue a claim through a writ of habeas  corpus.

I am challenging the Federal law violation and constitutional ity of the arrest of plaintiff by defendants, not a conviction or sentence; Therefore, I am entitle to injunctive reliefs.

The Supreme Court held that Preizer does not bar a S 1983 claim where an inmate seek an injunction requiring a hearing to determine whether there was probable cause for pretrial detention.

Gerstein v Pugh 420 US 103 107-08 (1975), In Gerstein, the Court statedd that a successful claim by the inmate would not lead to vacation of his conviction.

When a person acting under color of Federal authority deprives a prisomer of his or her constitutional right, the prisoner may seek redress directly under the constitution.  Carlson v Green, 446 US 14 18-19 (1980);

Bivens V. SIX UNKNOWN NAMED AGENTS OF FED BUREAU OF NARCOTIC, 403 US 388, 396-97 (1971), Individual entitle to sue Federal agents for monetary damage when agent searched house without probable cause or warrant, in violation of 4th Amendment.

C    Carterv Burch 34 F3d 257,266 (4th Cir 1994), plaintiff entitled
to sueonly nominal damages for Police officer failure to disclose
exculpatory evidence even though plaintiff had shown undisputed
evidence of over $2 million in damages for lost income and expense
due to conviction.

Sameric Corp v. City of Philadelphia 142 F. 3d 582, 590 (3d Cir
1998) S 1983 does not create substantive rights, but provides remedy
for violation of constitutional right.

Suarez Corp. Indus V. Mc Graw 202 F.3d ¢76, 685 ( 4th Cir 2000)
every reaction or retaliation to a  person exercise of a Federal r
right does not necessarily create a cognizable S 1983 claim , beca-
use a adverse impact must be shown.

US V Garcia 23F3d 1331 (8th Cir 1994) Court is not Impowered
to suspend constitutional Guarantees so that Government can fight
war on Drug.

Blakledge v. Perry, 417 US 21, 40 Led 628, 94 S. CT 2098 (1974)
Due Process protect criminal defendant against Prosecutorial or
Judicial action intend as penalty for defendants exercise of
Constitutional rights.

The fourteenth amendment to the  United State Constitution pro
vides that  the States cannot deprive any person of Life, Liberty,
or property without due process of law. Hewitt v. helms 459 US 460
(1983).

Monroe v. Pape 365 US 167, 183 (1961); Leather V. Ten Eyck, 1
180 F3d 420, 425 (2d Cir 1999 ) Sect 1983 claim not barred by res
judicata if prior state court proceeding was such that plaintiff
could not have sought damages for alleged sconstitutional injuries.

Plaintiff is challenging the proper Police procedure of the
Commonwealth of PA. , City of York Police Department, and its method
in arresting a suspect.  The arrest of plaintiff is or should be
call into question.

Green holtz v. Inmate of the Nebraska Penal & Correctional Co
mplex 442 US 1 (1979), The Supreme court did not require the ex-
haustion of state habeas remedies and addressed the merit of a
sect 1983 claim challenging the constitutionality of a state's
parole- release determination procedures. Id. at 4.

Berg v. County of Allegheny, 219 F 3d 261, 268 ( 3d Cir 2000) arrest sect. 1983 claim for false imprisonment base on mistaken arrest and detention was proper because police lacked probable cause to arrest.

Smith art v. Towery, 79 F3d 951, 952 (9th Cir 1996 ) (per Curiam) prisoner could bring sect. 1983 claim alleging use of excessive force because success would not necessarily imply invalidity of conviction; Claim for arrest without cause and unfounded charge, however, imply validity of conviction and are therefore barred.

Heck bar on bringing a sect. 1983 action before a conviction is overturned may not toll the statue of limitation during consideration of the validity of the underlying criminal charge.

Gonzalez v. Entress, 133 F3d 551, 554 (7th Cir 1998) sect. 1983 claim for relief for arrest without probable cause time barred because ststue of limitation began to run when events in question occurred, not when arrestee cleared of charge due to absence of compensable damages.

Under section 1983, the court may only impose monetary liability on persons resonsible for the deprivation of rights secured by the Constitution and Federal Law.  In Will v. Michigan Department of state Police, the Supreme Court held that a state is not amenable to suits for damages, because a state is not a person within the meaning of  section 1983 The Court also concluded that a suit against a State official in her official capacity is "No different from a suit against the state, and thus the court barred such suit for monetary, but not Injunctive relief.

Despite these Limitation on state liability for monetary damages, the court has held that a municipality may be liable for damages under section 1983 for violations of Federal Law that law occur pursuant to an official government policy or custom.

Andrus ex rel Andrus v. Arkansas 197 F 3d 953, 954 (8th Cir 2000) Individual capacity claims against police officer not barred as claims against the state when injunctive relief is sought.  Plaintiff in this complaint sought injunctive relief.

Dewalt v. Carter, 224 F3d 607, 617 (7th Cir 2000) sect. 1983 claim proper when habeas corpus is unavailable because the challenge would lead to release from any form of custody.  ( Where habeas corpus relief is not available the requirements of the habeas corpus statute do not supercede the explicit right to proceed under sect. 1983.)

Bailey v. Andrew 811 F2d 366 375-76 (7th Cir 1987) jury award of $80,000 excessive in 1983 claim against police;

for illegal arrest when plaintiff suffered only scratched boots, torn pants, and bent glasses and submitted no bills for medical or psychological treatment.

Plaintiff had knowledge of the violation at time of arrest and informed the defendants of the violation and injury that accrue.    *See* Cabrera v. City of Huntington Park 159 F. 3d 374, 381 (9th Cir 1998) 00 Prisoner sect. 1983 claims for damages that do not imply invalidity of conviction accrue when prisoner know of , had reason to know of i injury.

Hardin v. Straub, 490 U S 536 543-44 (1989) plaintiff entitle d to benefit of Michigan tolling provision during period of legal disability because statue consistent with sect. 1983.

Rose v. Bartle 871 F.2d 331 348 (3d Cir 1989 Plaintiff entitl ed to benefit of state tolling provision because favorable termina tion of underlying proceeding necessary element in 1983 claim.

Elliott v. Union City 25 F3d 800, 803 (9th Cir 1994) Plaintiff entitled to benefit of California tolling provision during uninter upted periods of incarceration, despite fact that period included both pre-conviction and post conviction incarceration.

Haring v. Prosise 462 U.S. 306, 316 (1983) prisoner sect. 1983 claim of unlawful search not barred by collateral estappel even th though prisoner plead guilty in criminal trial.

Ingram v. City of Columbus 185 F 3d 579 586 (6th cir 1999) termination of criminal proceeding by way of bond forfeiture did not preclude plaintiff, on ground of res judicata or Collateral estoppel, from raising claim of arrest without probable cause in s sect. 1983 action because cause of action not the same and issue of whether officers had probable cause never litigate in state pro secution

Roading v. Peters, 92 F 3d 578, 580 (7th cir 1996) action to recover damages for unconstitutional incarceration did not accrue until prisoner prevailed in mandamus not re judicata.

The doctrine of judical estoppel also applies. Lawery v. stov vall 92 F. 3d 219, 224 (4th cir 1996) plaintiff present position r regarding shooting of police officer during traffic stop by another officer controdictory to positition plainiff took when pleading quilty in related criminal case; therefore plaintiff judicially estoped from claiming violation of 4th Amendment right to be free from unreasonable seizures. The res judicata effect of the state

The element of a prima facie case under section 1983 are (1) illegal conduct (2) committed by a state prison official who is as using or abusing his power which he possesses "by virtue of state law and made possible only because the official is clothed possible with the authority of state law,Monroe v. Pape, 365 U.S. 167, 184, 81 S CT. 473 (1961) and Evans v. United State 504 US 255, 119 L Ed 2d 57, 112 S Ct 1881 (1992)

Excessive force claims by arrestees are governed by the Fourth Amendment, which prohibits unreasonable seizures, and not by the d Due process clause. An arrest is a seizure of the person that must be conducted in a reasonable manner. 4th Amendment violation were enacted by defendants as to illegal search and seizure, fabrication of evidence, which make evidence tainted, all evidence obtained f from search become illegal."Fruit of the poisonous tree" Berg v. County of Allegheny, 219 F. 3d 261, 268 (3d cir 2000) arrestee sect. 1983 claim far false imprisonment base on mistaken arrest and detention was proper, because police lacked probable cause to arrest.

Plaintiff is attacked the way in which defendants violated his constitutional rights; and the legality of the search conducted; t The verbal abuse by defendants; Coercive and psychological tactics inflicted upon plaintiff by defendants, which is a whole defferent matter than the criminal case.

The due process right to the Fourteenth Amendment was violated when plaintiff Six Amendment right to counsel was denied; Plaintiff Fifth and Fourteenth Amendments and state constitutional due process quarantees.

Defendants acted in an intentional and willful manner; Therefore Plaintiff is entitle to recovery of damage upon showing of cause a and effect. Therefore plaintiff is entitle to injunctive reliefs and any other cause the Court deem fit. See Clarkson v. IRS, 678 F.2d 1368 1375n (11th cir 1982); Peiser v. Rodriques 411 US 475, 36 LE2d 439, 93 S Ct 1827 (1973).

The arrest incident was a mere incident to search and gather information for probable cause, no probable cause existed, there was no search warrant; This was an intrusion on one's privacy by the government.

Plaintiff challenge the violation of his constitutional rights under the U.S. Constitution, which plaintiff is protected by , not the outcome of the pending criminal prosecution or conviction, because it's a whole seperate issuse . Plaintiff is entitle to Injunctive reliefs. compensatory damages

court, which plaintiff seek reliefs. See Ingram v. City of Columbus 185 F 3d 579 586 (6th cir 1999) termination of criminal proceeding by way of bond forfeiture did not preclude plaintiff, on ground of res judicata or collateral estoppel, from raising claim of arrest without probable cause in sect. 1983 action, because cause of action not the same and issue of whether officers had probable cause never litigate in state prosecution.

These matter are two seperate matter in seperate proceeding in seperate court.  Therefore should be base on defferent grounds.

On these basis of the foregoing, plaintiff objects to the Magistrate Judge motion REPORT AND RECOMMENDATION, and ask this Court to proceed further with Plaintiff complaint.

I certify under penalty or perjury that the foregoing is true and correct 28 U.S.C. 1746.


Respectfully submitted,


I am _Tyrone P. James_

TYRONE P. JAMES
YORK COUNTY PRISON
3400 CONCORD ROAD
YORK, PA. 17402.


Dated this _5th_ day of _July_ , 2001

PROOF OF SERVICE

I, the undersigned certify under penalty of perjury that the foregoing is true and correct:  On July 5, 2001, I caused to be served on the following:

    (1) OFFICE OF THE CLERK
        UNITED STATES DISTRICT COURT
        MIDDLE DISTRICT OF PENNSYLVANIA
        U. S. COURTHOUSE
        235 NORTH WASHINGTON AVENUE, RM. 423
        P. O. BOX 1148
        SCRANTON, PA 18501-1148

    A  copy of the objection motion BRIEFING AND MEMORANDUM, in a property addressed stamped envelope and depositing the same in the U. S. mail for delivery.

    I certify under penalty or perjury that the foregoing is true and correct 28 U.S.C. 1746.

                                Tyrone P. James
                                #62154 ND-16
                                YORK COUNTY PRISON
                                3400 CONCORD ROAD
                                YORK, PA 17402


Dated this ___5th___ day of ___July___, 2001.

## PROOF OF SERVICE

I, the undersigned certify under penalty of perjury that the foregoing is true and correct:  On July 5, 2001, I caused to be se served on the following:

(1) OFFICE OF THE CLERK
    UNITED STATES DISTRICT COURT
    MIDDLE DISTRICT OF PENNSYLVANIA
    U. S. COURTHOUSE
    235 NORTH WASHINGTON AVENUE, RM. 423
    P. O. BOX 1148
    SCRANTON, PA 18501-1148

A  copy of the objection motion BRIEFING AND MEMORANDUM, in a property addressed stamped envelope and depositing the same in the U. S. mail for delivery.

I certify under penalty or perjury that the foregoing is true and correct 28 U.S.C. 1746.

Tyrone P. James
#62154 ND-16
YORK COUNTY PRISON
3400 CONCORD ROAD
YORK, PA 17402

Dated this __5th__ day of __July__ ,2001.