IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,
      Plaintiff

v.

YORK COUNTY POLICE DEPT.,
ET AL.,
      Defendants

CIVIL ACTION NO. 1:CV-01-1015
Judge Kane

FILED
HARRISBURG, PA
SEP 1 8 2001
MARY E. D'ANDREA, CLERK
per _____

## MEMORANDUM AND ORDER

Before the Court are Magistrate Judge Mannion's Report and Recommendation[1], Plaintiff's objections thereto, and Plaintiff's motion for a stay (captioned "Motion for Suspense and Obeyance" [sic]). Upon independent de novo review of the entire record and the applicable law, the Court hereby adopts in part and rejects in part the findings and recommendation of the Magistrate Judge and directs the Clerk of Court to serve Plaintiff's complaint on Defendants.

### Introduction

On June 8, 2001, Plaintiff filed this 42 U.S.C. § 1983 suit against the York County Police alleging that they deprived him of certain constitutional rights during his arrest, detention, interrogation and prosecution for unspecified state criminal charges. Plaintiff's complaint, construed liberally[2], alleges the following: 1) excessive force used by the police during his arrest; 2) unlawful search and seizure of his person and property during the arrest and investigation; 3) failure to advise Plaintiff of his rights under Miranda v. Arizona and coercion and entrapment of him during questioning; 4) denial of Plaintiff's request to speak to an attorney before and during

---

[1] The Magistrate Judge, although he does not identify it as such, produced his Report and Recommendation pursuant to the screening requirements of 28 U.S.C. § 1915A.

[2] The Court construes the complaint liberally because Plaintiff is pro se. Haines v. Kerner, 404 U.S. 519, 521 (1972); Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985).

questioning; 5) unlawful detention; 6) excessive bond set for Plaintiff's release; and 7) police harassment of Plaintiff's wife and her sister.

As remedy, Plaintiff asks this Court to: 1) issue a injunction preventing the Defendants from having any contact with Plaintiff; 2) order the State of Pennsylvania to dismiss the pending charges against him; 3) order returned Plaintiff's seized property and bank accounts; 4) order an investigation into the conduct of York County Police action in this case; and 5) award him $5,000,000 in damages.

**Discussion**

   1.   **Plaintiff's Claims**

In pursuing some of his § 1983 claims Plaintiff will necessarily engage in collateral attack of an ongoing state criminal prosecution. For reasons of federalism, comity and judicial economy, such an action may not be maintained. Plaintiff's claims challenging his confinement and prosecution must be dismissed under Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Such claims are not cognizable under § 1983 and must be brought in a habeas proceeding following exhaustion in the state forum. Id. (holding that habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of confinement); Heck v. Humphrey, 512 U.S. 477, 481 (1994); Rose v. Lundy, 455 U.S. 509 (1982) (holding that state prisoners must seek redress in state forum before filing federal habeas corpus suit). Therefore, the portions of Plaintiff's complaint asking this Court to end or alter his state prosecution and confinement are dismissed.

To the extent Plaintiff seeks monetary damages, however, dismissal is not appropriate under Preiser. Where he seeks damages for the alleged violations of constitutional rights, Plaintiff need not exhaust state remedies before bringing a § 1983 suit. Patsy v. Board of

2

Regents of Fla., 457 U.S. 496, 501 (1982). However, Plaintiff's claims for monetary damages may not proceed if recovery would necessarily imply the invalidity of Plaintiff's outstanding criminal conviction in state court. Heck, 512 U.S. at 485. Section 1983 does not provide a cause of action for such claims. Id.; Smith v. Holtz, 87 F.3d 108, 109 (3d Cir. 1996). While those claims would so conflict with Plaintiff's outstanding conviction, they do not accrue. Id., 87 F.3d at 113 (noting that, for statute of limitations purposes, "such [] claim[s] do[] not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist"). To the extent Plaintiff's claims for monetary relief do not necessarily imply the invalidity of his outstanding criminal conviction, however, they may have accrued and should be allowed to proceed. Id.; Heck 512 U.S. at 487.

The question before this Court, then, is whether any of Plaintiff's claims would, if successful, necessarily imply the invalidity of a potential future conviction. Certainly, Plaintiff's Fourth Amendment claim for unlawful seizure of his person during his arrest would imply the invalidity of a conviction for resisting arrest. Heck, 512 U.S. at 487 n.6. That conflict is clear because for Plaintiff to be convicted of resisting arrest, the State must prove that he intentionally prevented the officers from effecting a lawful arrest, the lawfulness of which Plaintiff would have to negate as an essential element of his Fourth Amendment claim. Id. If Plaintiff has been charged with resisting that arrest, his Fourth Amendment claim for seizure of his person has not accrued. Smith 87 F.3d at 113. If he has not been so charged, however, his claim has accrued and the claim should be allowed to proceed. Unfortunately, this Court does not know if Plaintiff has been charged with resisting arrest. At this stage, the Court lacks the required information on which to rule that Plaintiff has not stated a claim upon which relief may be granted, and declines to dismiss Plaintiff's Fourth Amendment claim for unreasonable seizure of his person.

3

Even if Plaintiff is charged with resisting arrest, his claim of excessive force does not necessarily conflict with a conviction for resisting arrest. That is because "it is possible for a finding that [Plaintiff] was resisting arrest to coexist with a finding that the police used excessive force to subdue him." Nelson v. Jashurek, 109 F.3d 142 (3d Cir. 1997) (quoting Simpson v. City of Pickens, 887 F.Supp 126 (S.D. Miss. 1995)). Therefore, whether charged with resisting or not, Plaintiff's claim of excessive force has accrued and should not be dismissed under Heck.

Plaintiff's claims for unreasonable search of his property "may lie even if the challenged evidence [is] introduced in a state criminal trial resulting in [his] still-outstanding conviction." Heck 512 U.S. at 487 n.7. That claim would not necessarily imply the invalidity of a conviction following the admission of such evidence "because of doctrines like the independent source rule and inevitable discovery, . . . and especially harmless error." Id. Plaintiff's claims for unreasonable search of his property, then, are not barred by Heck, have accrued and should not be dismissed at this stage.[3]

It is unclear whether Plaintiff can sustain his claims that officers violated his Fifth and Six amendment rights. At this early stage, the Court does not have enough information on which to base such a decision on Heck or other governing law. Because it is not clear that Plaintiff is not entitled to relief, the claims for warrantless search and seizure, failure to Mirandize, and denial of attorney will not be dismissed at this stage. 28 U.S.C. § 1915A.d

The Court notes that abstention pursuant to the Younger or Colorado River doctrines may be appropriate for this action. However, because this Court does not have enough information

---

[3] The parties should note, however, that Plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury. Being convicted and imprisoned as a result of the alleged unlawful searches does not constitute such injury (unless the conviction is overturned.) Heck, 512 U.S. at 487 N.7.

4

about the stage of the state criminal proceedings or whether this action would interfere with the state proceedings, it declines to invoke either doctrine now.

### 2. Claims on Behalf of Third Parties

Plaintiff claims that he should be awarded damages for police harassment allegedly endured by his wife and her sister. However, "Federal courts must hesitate before resolving a controversy, even one within their constitutional power to resolve, on the basis of the rights of third persons not parties to the litigation." Singleton v. Wulff, 428 U.S. 106, 112 (1976). The third parties, here Plaintiff's wife and her sister, may not wish to assert such an action, or may wish to pursue other methods of satisfying their claims against the defendants. Id. at 114. Where, as here, the third parties' rights are not inextricably bound up with Plaintiff's claims, and there is no indication that Plaintiff will be a fully effective vindicator of the rights of his wife and her sister, Plaintiff does not have the right to bring claims on their behalf. Id. Therefore, Plaintiff's claims on behalf of his wife and her sister will be dismissed.

## ORDER

**AND NOW, IT IS ORDERED THAT:**

1. The portions of Plaintiff's complaint seeking injunctive or other relief to end or alter his state prosecution and confinement are **DISMISSED**.

2. The portions of Plaintiff's complaint asserting claims on behalf of third parties are **DISMISSED**.

3. The Clerk of Court shall serve the complaint upon the Defendants in this matter.

4. Plaintiff's motion for stay (Doc. No. 12) is **DENIED**.

                                                                                                    _____
                                                                                                    Yvette Kane
                                                                                                    United States District Judge

Dated: September 18, 2001

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

September 19, 2001

Re:  1:01-cv-01015   James v. York County Police

True and correct copies of the attached were mailed by the clerk to the following:

Tyrone P. James
CTY-YORK
York County Prison
62154
3400 Concord Road
York, PA  17402

cc:
Judge                           (✓)           ( ) Pro Se Law Clerk
Magistrate Judge                (✓)           ( ) INS
U.S. Marshal                    ( )           ( ) Jury Clerk
Probation                       ( )
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          ( )
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   ( )
Federal Public Defender         ( )
Summons Issued                  (✓) with N/C attached to complt. and served by:
                                    U.S. Marshal (✓)    Pltf's Attorney ( )

Standard Order 93-5             ( )
Order to Show Cause             ( ) with Petition attached & mailed certified mail
                                    to:  US Atty Gen   ( )   PA Atty Gen ( )
                                         DA of County  ( )   Respondents ( )

Bankruptcy Court                ( )
Other _____     ( )

                                                    MARY E. D'ANDREA, Clerk

DATE:  9-19-01                              BY:  _____
                                                    Deputy Clerk