UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| | : | 1:CV-01-1015 |
| | : | Judge Kane |
| v. | : | |
| YORK COUNTY POLICE DEPT., | : | |
| ET AL., | : | |
| Defendants | : | |

FILED
SCRANTON
NOV 1 9 2001
PER _____
DEPUTY CLERK

## MEMORANDUM AND ANSWER TO DEFENDANT ARGUMENT

COME NOW, Plaintiff, in the above caption matter, hereby answer, Defendant, Correction Officer Gary v. Baylock, through his attorney, Donald L. Reihart, Esquire, Assistant Solicitor for York County, Pennsylvania, the answers to, ANSWER AND AFFIRMATIVE DEFENSES OF CORRECTION OFFICER BAYLOCK AND THE YORK COUNTY PRISON, submitted to this Court. The answers are as follow:

1.

Plaintiff had not previously file any form of suit against Defendant, or the York County Prison.

2.

Defendants claim that Plaintiff did not filed with the York County Prison, the proper grievance in requesting the administrative relief available to him, through the full and complete administrative remedy for all complaints of prisoners dealing with their condition of incarceration. This issue that Plaintiff is claiming is not an administrative issue which challenges the condition of his confine, but a constitutional right guaranteed by the United States Constitution, which Plaintiff was denied upon entering York County Prison, on January 10, 2001, by Correctional Officer, Baylock, who refused to give Plaintiff a phone call, to contact his attorney, to inquire about his immediate detention, upon repeated request, after Plaintiff was arrested by York County Drug Task Force. The wrong is irreparable as to the "remedy at law", because it occurred instantaneously upon entering the prison. Plaintiff was unaware of any administrative procedure, due to the fact, that this was not an administrative issue, but a constitutional right violation, also Plaintiff was not given an York County Inmates Handbook, on how to file these forms of grievances, upon entering the prison.

3.

On January 10, 2001, Defendant Baylock, deliberately, intentionally and knowingly, upon the request of Defendant Morgan, "Don't give inmate James any phone call to his attorney pending investigation," refused to give Plaintiff any phone call to contact his attorney, even though it's stated in the York County Prison, at admission, "That each inmate, upon entering the prison, are allowed one (1), twenty (20) minute phone call." Because of this denial Plaintiff was left without any form of contact to his outside attorney, and was subjected to coercion and psychological interrogation the following morning, by Defendant Morgan, who still denied me the right to call my attorney, upon repeated requests by Plaintiff.

4.

Defendant, Baylock, on January 10, 2001, did came in contact with Plaintiff, when Correctional Officer was working at Admission at the York County Prison; when Plaintiff was brought into the Prison by Defendant Morgan, Attorney General's Office, to be processed and booked, and Defendant Baylock did deny Plaintiff his constitutional right, when he knowingly, intelligently, intentionally and deliberately refused Plaintiff privileges to use the phone to contact his attorney.

Therefore, Plaintiff is opposed to Defendant Baylocks, and York County Prison, request for AFFIRMATIVE DEFENSES.

Defendant claimed that Plaintiff failed to exhaust the administrative remedies available concerning all the prison conditions, this issue is not a administrative issue, but a violation of Plaintiff constitutional rights, and need not be exhausted through the administrative remedy available at the York County Prison. See *Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973);* Where Plaintiff seeks damages for the alleged violations of constitutional rights, Plaintiff need not exhaust state remedies before bringing a 42 U.S.C. 1983 suit. This "exhaustion" requirement applies to a petition for a writ of habeas corpus in the federal court. But it does not apply to a suit based on Sec. 1983. In *Houghton v. Shafer, 392 U.S. 639 (1968),* the U.S. Supreme Court ruled that a prisoner does not need to exhaust his prison's administrative remedies before he can file a Section 1983 suit. In *Wilwording v. Swenson, 404 U.S. 249 (1971,* the Supreme Court ruled that a prisoner does not need to exhaust his state's judicial remedies before he can file a section 1983 suit.

Since section 1983 is "supplementary" to state remedies, no section 1983 suit can properly be thrown out for failure to exhaust state judicial or administrative remedies. *Monroe v. pape, 365 U.S. 167, 180-183 (1961),*

*McNeese v. Board of Education, 373 U.S. 668 (1963), Damico v. California 389 U.S. 416 (1967).*

Scope of section 1983 under the civil rights action of 1871 as amended a prisoner may seek redress when a person acting under the color of state law deprives the prisoner of rights guaranteed by the Constitution or Federal laws. Section 1983 is not a substitute for a writ of habeas corpus, but for challenging constitutional right denied. *Preiser v. Rodrigues 411 U.S. 475, 36 LE2d 439, 93 S. Ct. 1827 (1973);* However, prisoner's are not required to exhaust administrative remedies if they seek monetary damages for which the administrative process allowed no reward. See *Wright v. Hollingsworth, 201 F.3d 663, 665 (5th Cir. 2000).*

42 USCS section 1997(e) did not preclude claims for injunctive relief in action where prisoner sought relief for mental and emotional injury resulting from requirements that he wear face mask and from denial of outdoor exercise. *Perkins v. Kansas Dept't of Corrections (1999, CA 10 Kan) 165 F3d 803.* Prisoner's suit complaining about humiliating strip search is not subject to dismissal under 42 USCS section 1997(e), even though he has not pursued in-house grievance procedure, where his complaint alleges single incident and seeks money damages, because section 1997 (e) exhaustion requirement is inapplicable since grievance procedure does not allow

recovery of monetary damages. <u>Hollimon v. DeTella (1998, ND Ill) 6 F Supp 2d 968.</u> The Supreme Court has enunciated a two-part test for determining whether a private individual has acted under color of state law. See <u>Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).</u> First, the claimed deprivation must be caused by another's exercise of a right or privileges created or imposed by the state, or undertaken by a person for whom the state is responsible. See id. Second, under the facts of the instant case, the private party must be fairly characterized as a state actor. See <u>Am. Mfrs. Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999);</u> ( affirming the fact that both prongs are to be evaluated). See <u>Parratt v. Taylor, 451 U.S. 527, 535 (1981).</u> ... (prison official considered state actor under section 1983 because he fail to follow institutional mail procedures, thereby losing inmate's mail-order materials).

Defendant Baylock, claimed Plaintiff fail to make a claim in his complaint. Plaintiff stated all claims alleged in his complaint filed with this Court.

Defendants stated, they are immune from suit under the laws of the Commonwealth of Pennsylvania. Prison official's are not immune from suit if they are considered privately run entity. See <u>McElligott v. Foley, 182 F.3d 1248, 1252 (11th Cir. 1999).</u> ( Prison officials not entitled to qualified

immunity where deliberately indifferent to serious medical needs of prisoners). In <u>Richardson v. McKnight,</u> the Supreme Court held that prison guard's employed by a private prison management firm were not entitled to qualified immunity because there is no firmly rooted tradition of immunity for private employees exercising government functions and because the immunity doctrine's purpose were not served by providing immunity to such individuals. <u>521 U.S. 399, 411-12 (1997).</u>

Defendants claim absolutely immune to Plaintiff's Complaint. The U.S. Supreme Court has ruled that prison officials do not have this kind of "absolute immunity." <u>Procunier v. Navarette, 434 U.S. 555 (1978.</u> A prison official can be made to pay money damages to compensate you for harm or injury you suffer as a result of what the official did or failed to do. <u>Browning v. Vernon, 44 F.3d 818, 821-22 (9th Cir. 1995).</u> ( prison officials exercising discretionary functions not entitled to qualified immunity in section 1983 action alleging due process violation in administration of probation because inmates rights were clearly established).

Action of Defendants were not justified, privilege and reasonable, when Defendant was told by Defendant Morgan " not to give Plaintiff any phone calls to call his Attorney pending investigation", even when inmates were allowed to make a twenty minute phone call upon entering and

processing at York County Prison, and plaintiff repeatedly requested to use the phone to call his attorney.

Defendants stated that Plaintiff claims are unreasonable, vexatious and not well grounded in fact or warranted by existing law or any extension or modification thereof, there Plaintiff claim should be dismiss. The U.S. Supreme Court has stated this test very strongly in two cases involving prisoners suits under section *1983. Cruz v. Beto, 405 U.S. 319 (1972);* *Haines v. Kerner 404 U.S. 519 (1972).* In *Cruz*, the court said that *a* complaint " should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 405 U. S. at 332, quoting from *Conley v. Gibson, 335 U.S. 41, 45-46 (1957)*. In *Haines*, the court added that in considering a motion to dismiss, a "pro se complaint" ( one submitted by the plaintiff for himself without a lawyer) should be held to "less stringent standards than the formal pleadings drafted by lawyers." *404 U.S. at 520.*

Plaintiff constitutional rights were violated under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution, and Federal law.

Plaintiff claim should not be dismissed as frivolous and malicious, because Plaintiff suffered damages from cause of action done by Correctional Officer Baylock. The action to pursue such suit by Plaintiff is with merit on

the fore-said grounds, and should be considered heavily by this Court, and not waived erroneously. A Constitutional Violation has occurred, on January 10, 2001; and the Plaintiff is due compensation from the acts that took place. Defendant, claims that mental and emotional injury, which are not compensable under the Prison Litigation Reform Act, 42 U.S.C. section 1997 (e), note: If you have been physically hurt, a court can still award "nominal damages" for your mental anguish and for the very fact that you were deprived of your rights. *Marshall v. Sawyer, 301 F. 2d 639, 646 (9th Cir. 1962); Basista v. Weir, 340 F. 2d 74 (3d Cir. 1965); 60 F3d, 1441.* 'intentional infliction of mental stress" is a basis for a damage action in California. See 42 U.S.C. section 1997e(e) (Supp. Il1996). Section 1997e(e) cannot be applied retroactively. *See Craig v. Eberly, 164 F.3d 490, 494 (10th Cir. 1998).*

WHEREFORE, the Plaintiff moves this court to grant a hearing in order to decipher the facts of this suit, and award judgment on behalf of the Plaintiff. It is also requested that any and all costs be remitted to the defendant as part of the compensatory damages rendered to Plaintiff.

Respectfully Submitted,

November 12, 2001

Tyrone P. James, Pro Se