IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES,<br>          Plaintiff<br><br>v.<br><br>YORK COUNTY POLICE DEPARTMENT, AGENT JAMES H. MORGAN, DET. RICHARD PEDDICORD, DET. RAYMOND E. CRAUL, SGT. GENE FELLS, DET. KESSLER, C/O BAYLARK, DET. ANTHONY GLOWCZEWSKI, AGENT RANDY SIPES, AGENT BRIAN WESTMORELAND<br>          Defendants | :<br>:<br>:  No. 1:CV-01-1015<br>:<br>:  Judge Kane<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## BRIEF IN SUPPORT OF
## MOTION FOR PROTECTIVE ORDER

### STATEMENT OF THE CASE

This is a pro se inmate's civil action brought pursuant to 42 U.S.C. §1983 by Tyrone P. James ("Plaintiff") alleging a variety of constitutional violations concerning his arrest on January 10, 2001 and search and seizure of himself and his property. The motioning Defendants are James Morgan, Brian Westmoreland, Richard Peddicord, Raymond Craul, Gene Fells, Robert Kessler and Anthony Glowczewski (Pa. State Defendants).

## PROCEDURAL HISTORY

Plaintiff's action was served upon Pa. State Defendants on or about October 11, 2001. By Court ordered dated December 18, 2001, Pa. State Defendants' answer or motion to dismiss was due by December 31, 2001. Pa. State Defendants filed a motion to dismiss on December 28, 2001. The brief in support of the motion to dismiss is due on or before January 14, 2002.

Plaintiff has served discovery, including interrogatories containing twenty-five (25) questions directed to each of the Pa. State Defendants and a request for documents upon defense counsel. Given the fact that defendants have not had the opportunity to answer the complaint and have filed a motion to dismiss, Pa. State Defendants have moved for a protective order pursuant to Fed.R.Civ.P. 26(c) until such time as this Court determines whether dismissal is appropriate and an answer is filed. This brief is submitted in support of the motion for a protective order.

## QUESTION PRESENTED

Should the Court grant a protective order deferring Defendants' response to Plaintiff's discovery request?

## ARGUMENT
## THE COURT SHOULD DEFER DEFENDANTS' RESPONSE TO PLAINTIFF'S DISCOVERY REQUEST UNTIL IT IS CLEAR THAT PLAINTIFF'S ACTION PRESENTS A VIABLE CLAIM AGAINST DEFENDANTS.

With respect to discovery matters, the Federal Rules of Civil Procedure provide that "[u]pon motion by a party...and for good cause shown, the court...may make an order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed.R.Civ.P. 26(c). It has long been recognized that when it is unsettled that a viable claim has been stated against a party to whom a discovery request has been propounded, such as when the action may be dismissed, it would be unreasonable to require a defendant to undergo the burden of answering interrogatories until the status of the defendant is determined. In such a case the issuance of a protective order is highly appropriate. See Hilton v. W.T. Grant Company, 212 F.Supp. 126, 130 (W.D.Pa. 1962). As the Court in Hilton explained, "the burdens incident to the status of a defendant ought not to be augmented until it is certain that the party involved really is properly a defendant." Id. This point is even more compelling in the context of a suit against government officials. As observed by the Court in Chagnon v. Bell, 642 F.2d 1248, 1266 (D.C.Cir. 1980), cert. denied, 453 U.S. 911 (1981), "uncontrolled discovery in

3

the course of insubstantial lawsuits can be a form of harassment that imposes an undue burden on the time and resources of public officials and their agencies."

Granting a protective order where a dispositive motion such as a motion to dismiss is pending, is in harmony with other principles embodied in the Federal Rules, not the least of which is the notion that discovery should not be used to conduct a fishing expedition. Discovery is not a device to enable a plaintiff to make a case where he otherwise has failed to do so. See Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir. 1981).

In this case, it is by no means clear at this juncture that the Plaintiff is entitled to pursue his claims against the Pa. State Defendants. Defendants have not filed an answer and a motion to dismiss is now pending before the Court. To be compelled to answer seven (7) sets of interrogatories and address document requests at this early stage of the proceedings would constitute an expensive, time consuming and substantial burden, especially if the Court should later determine that Plaintiff does not have a viable claim. Defendants therefore submit that any discovery-related obligation should be deferred until such time as the Court rules on a motion to dismiss and Defendants answer the complaint.

This delay does not in any way harm or prejudice the Plaintiff. If the Court grants the motion for a protective order, Plaintiff will not lose any right of discovery

4

to which he would be entitled as he will be permitted to go forth with discovery at the appropriate time and the case will move forward. To the contrary, if the Court denies the motion for a protective order, the Defendants will be required to respond to the a large number of interrogatories and document requests which at this stage of the proceedings are unduly burdensome and possibly unnecessary.

## CONCLUSION

For the foregoing reasons, the Court should issue a protective order deferring any obligation by the Pa. State Defendants to respond to Plaintiff's discovery requests pending the Court's disposition of a motion to dismiss.

                                                      **Respectfully submitted,**
                                                     **D. MICHAEL FISHER**
                                                   **Attorney General**

By: _/s/ Linda S. Lloyd_
            **LINDA S. LLOYD**
            **Deputy Attorney General**
            **I.D. #66720**

**Office of Attorney General**      **SUSAN J. FORNEY**
**15th Floor, Strawberry Square**      **Chief Deputy Attorney General**
**Litigation Section**      **Chief, Litigation Section**
**Harrisburg, PA 17120**
**(717) 705-7327**      **COUNSEL FOR PA STATE**
                                     **DEFENDANTS**

**Dated: January 2, 2002**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES,<br>   Plaintiff<br><br>v.<br><br>YORK COUNTY POLICE DEPARTMENT, AGENT JAMES H. MORGAN, DET. RICHARD PEDDICORD, DET. RAYMOND E. CRAUL, SGT. GENE FELLS, DET. KESSLER, C/O BAYLARK,<br>   Defendants | No. 1:CV-01-1015<br><br>Judge Kane |

## CERTIFICATE OF SERVICE

I, Linda S. Lloyd, Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on January 2, 2002, I served a true and correct copy of the foregoing Motion for a Protective Order and Brief in Support, by causing it to be deposited in the United States Mail, first-class postage prepaid to the following:

Tyrone P. James
York County Prison
3400 Concord Road
York, PA 17402

Donald L. Reihart, Esq.
Law Office of Donald L. Reihart
2600 Eastern Blvd., Suite 204
York, PA 17402

*Linda S. Lloyd*
LINDA S. LLOYD
**Deputy Attorney General**