# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES<br>    Plaintiff | : Civil Action No.1:CV-01-1015 |
| | :   Judge Kane |
| v. | : |
| YORK COUNTY POLICE DEPT.,<br>ET AL., | : |
|     Defendants | : |



FILED
JAN 0 8 2002
PER _____
HARRISBURG, PA DEPUTY CLERK

### PLAINTIFFS' RESPONSE OPPOSING THE PA STATE DEFENDANTS REQUEST TO A PROTECIVE ORDER AND FOR THE COURT TO COMPEL DEFENDANTS DISCLOSURE OF DISCOVERY INTERROGATORIES:

**NOW COMES,** The Plaintiff, TYRONE P. JAMES, who hereby oppose the Defendants' request for a protective order and move this Honorable Court to compel discovery, based on the following reasons:

(1)

Plaintiff's Interrogatories would not bring annoyance, embarrassment, oppression, or undue burden or expense upon Defendants in the pending action

(2)

Discovery interrogatory's request is relevant in establishing a prima facie case of the Defendant present or contact with Plaintiff in pending action.

ARGUMENT

Each of the alleged issues of material fact upon which plaintiffs' relied in opposing motion to dismiss is in essence a claim that the Defendant knew, or should have know, that the challenged conduct violated Plaintiff's Constitutional rights, which was infringed upon Plaintiff. As in <u>Wood v Strickland</u>, 420 U. S at 321, 95 SCT. At 1000. Id at 214, "Defendants has act with such an impermissible motivation or with such disregard of the Plaintiffs' clearly established Constitutional rights that his action cannot reasonable be characterized as being in good faith." Defendant motive for not responding to Plaintiffs' interrogatory's request is frivolous.

Plaintiffs have a legal right to anything's that is in any way "relevant to the Subject matter involved in the pending action" including anything pertinent to any defense offered by the official so long as Plaintiff requests do not impose "undue burden or expense."

This interrogatory's request is not unreasonable to require defendant to undergo the burden of answering interrogatories. Plaintiffs contend that it's applicable to the subject matter involved in the pending action.

Defendants named in the pending action come in contact with Plaintiff and have established contact with Plaintiff's, and in such case a Constitutional violation occurred in which Defendants were aware and knew of the violation; therefore, Defendant claims that Plaintiff Discovery, is use in this case to conduct a fishing expedition, or To make a case against the defendants, or to compel the Defendant to answer sets of interrogatory's request would constitute an expense, time consuming and substantial burden are false. As in Schaap v Executive Industries Inc. (1990, ND Ill) 130 FRD 384, Later proceeding (ND Ill) 760 F Supp 725 (N.D. Ill 1991). (Mere fact that party will be required to expend considerable amount of time, effort, or expense in answering interrogatories is not sufficient reason to preclude discovery-one cannot avoid upon such too general assertions of undue hardship).

Defendants by counsel filed a motion to dismiss complaint, but is yet, to file a brief in the Hon. Court. No timely response was filed on Defendant Peddicord behalf, as he surpassed the 60 days time limit in responding to Plaintiff's complaint

Plaintiff can demand information that the rules of evidence would not allow you to introduce at a trial, so long as that information "appears reasonably calculated to lead to the discovery of admissible evidence." You have a right to know " the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity of persons having knowledge of any discoverable material." Federal Rule Of Civil Procedure, Rule 26 (b) (1).

Defendants are entitled to give over all information that is available to them, including facts know to their attorney, even though never communicated to the defendants. See, Hickman v. Taylor,329 U.S. 495 (1947). Top official, discovery includes what his subordinates know and the information in record available to him. See, Wycoff v. Nichol, 32 F.R.D. 370 (W.D.Mo. 1963); Alexander v Rizzo, 50 F.R.D. 374 (ED. Pa 1970) and 52 F.R.D. 235 91972).

In the Alexander case the court ordered a police department to compile information requested through discovery in a suit under section 1983 even though the police claimed it would require" hundreds of employees to spend many years of man hours." The burden and expense involved was not "undue" because the information was essential to the suit and could not be obtained any other way.

Official should not be able to avoid discovery of relevant information merely by claiming it is "confidential." Party which asserts a legal privilege against disclosing information, such as the privilege of "confidentiality" has the burden of proving that the particular information is in fact privileged. See Roger v. Tri-State Materials Corp., 51 F.R.D. 234, 247 (N.D.W. Va 1970).

Information which is confidential under state law may still have to be disclosed if, after examining it privately ("in camera") the Judge decides it is very important for your suit. See Carr v. Monroe mfg. Co. 431 F. 2d 384 (5thCir.1970).

The cases Defendants counsel cited in their brief have no relevancy to the matter at hand, and therefore the court should take into consideration what Plaintiff is trying to establish, a request for Discovery "set of interrogatories" which can be served upon Defendants at anytime during this proceedings. As the interrogatories will not prejudice the outcome of defendants motion to dismiss complaint.

## CONCLUSION

This interrogatory Plaintiff is requesting, is relevant to the pending matter and is not intend to do harm, harassment, or cause undue burden or expense and embarrassment to the Defendants. These are substantial facts that are pertinent to the imminent action. Therefore, Plaintiff, hereby move this

Honorable Court for an order pursuant to Rule 37(a) of the Federal Rules Of Civil Procedure compelling Defendants, James Morgan, Brian Westmoreland, Richard Peddicord, Raymond Craul, Gene Fells, Robert Kessler and Anthony Glowczewski to answer fully interrogatories "First set of Interrogatories," which Plaintiff submitted pursuant to Rule 33 of the Federal Rules Of Civil Procedure.

For the foregoing reasons, Pliantiff request this Hon. Court to opposes Defendants motion for protective order and order Defendant to answer Discovery, as the Court deem just.

                                                                                  Respectfully Submitted,

                                                                                   TYRONE P. JAMES
                                                                                   Pro-se

January 06, 2002

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES
        Plaintiff    :    CIVIL ACTION NO.
                                1:CV-01-1015
                        :    Judge Kane

v.

YORK COUNTY POLICE DEPT.,    :
        ET AL.,
        Defendants    :

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that the foregoing **PLAINTIFFS' RESPONSE OPPOSING THE PA STATE DEFENDANTS REQUEST TO A PROTECTIVE ORDER AND FOR THE COURT TO COMPEL DEFENDANTS DISCLOSURE OF DISCOVERY INTERROGATORIES,** is true and correct pursuant to 28 U.S.C. 1746, and was caused to be served on the date shown below by depositing same in the United States mail, first-class, postage prepaid thereon, addressed as follows:

1.
   Office Of The Clerk
   United States District Court
   Middle District Of Pennsylvania
   228 Walnut Street
   P.O. Box 983
   Harrisburg, PA 17108

2. Donald L Reihart, Esq.
   Sup. Ct. I.D. #07421
   2600 Eastern Boulevard
   Suite 204
   York, PA 17402-2904

3. LINDA S. LLOYD
   Deputy Attorney General
   I.D. #66720
   Office Of Attorney General
   15th Fl., Strawberry Square
   Harrisburg, PA 17120.

                                              Respectfully submitted,

                                              *Tyrone James*

                                              Tyrone P. James
                                              #62154
                                              York County Prison
                                              3400 Concord Road
                                              York, PA 17402.

Dated: January 7th, 2002.