

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,  :
          Plaintiff  :
                        :    No. 1:CV-01-1015

v.                         :
                        :    Judge Kane

YORK COUNTY POLICE  :
DEPARTMENT, AGENT JAMES H.  :
MORGAN, DET. RICHARD  :
PEDDICORD, DET. RAYMOND E.  :
CRAUL, SGT. GENE FELLS, DET.  :
KESSLER, C/O BAYLARK, DET.  :
ANTHONY GLOWCZESKI, AGENT  :
RANDY SIPES, AGENT BRIAN  :
WESTMORELAND  :
          Defendants :

## BRIEF IN SUPPORT OF
## MOTION TO DISMISS

### STATEMENT OF THE CASE

This is a pro se inmate's civil action brought pursuant to 42 U.S.C. §1983 by Tyrone P. James ("Plaintiff") against Defendants James Morgan, Brian Westmoreland, Richard Peddicord, Raymond Craul, Gene Fells, Robert Kessler and Anthony Glowczeski (State Defendants), alleging a variety of constitutional violations concerning his arrest on January 10, 2001 and search and seizure of himself and his property.[1] Plaintiff's action was served on or about October 11, 2001.

---

[1]Undersigned counsel does not represent the York County Police Department, C/O Baylark or Agent Randy Sipes because these parties are not

By Court ordered dated December 18, 2001, State Defendants' response was due by December 31, 2001. State Defendants filed a motion to dismiss on December 28, 2001. This brief is filed in support of that motion to dismiss.

## RELEVANT FACTS

Plaintiff's complaint sets forth a variety of alleged violations of his constitutional rights. By order dated September 18, 2001, the Court dismissed several of Plaintiff's claims leaving the claims of excessive use of force by police during the arrest, warrantless unlawful search and seizure of Plaintiff's person and property, as well as claims concerning a failure to Mirandize and denial of telephone calls to an attorney or family.[2]

For purposes of this motion only, State Defendants recite and accept as true the facts relevant to the surviving claims as set forth by the Plaintiff in his complaint and amended complaint.[3] Plaintiff alleges that on January 10, 2001, while he was

---

considered State employees eligible for representation by undersigned counsel.

[2]The Court's order dismissed Plaintiff's claims challenging his confinement and prosecution and his claims on behalf of third parties, *i.e.* his wife and sister.

[3]State Defendants are treating Plaintiff's motion to amend and the amendments as accepted by the Court since Fed.R.Civ.P. 15(a) permits one amendment as a matter of course any time before a responsive pleading is filed. It appears from the docket entries that Plaintiff's amended complaint was filed before any of the parties had responded to the complaint.

2

retrieving mail from a mail box rental at Mail Boxes Etc. located at 2536 Eastern Boulevard in York Pennsylvania, he was approached by several individuals and Defendant Westmoreland who looked like thugs and did not identify themselves as police officers. (Complaint at ¶¶1 and 2, Amended Complaint at ¶5). Plaintiff had retrieved a make shift box from the clerk inside the office and upon exiting the individuals approached Plaintiff and he dropped the box and started moving away from them. (Complaint at ¶3, Amended Complaint at ¶5). At that time Plaintiff alleges that he was hit by a van driven by Defendant Glowczeski and thrown to the ground. (Complaint at ¶4 and Amended Complaint at ¶¶5 and 6). While on the ground Plaintiff alleges that Defendant Westmoreland and other individuals stepped upon and trampled him, handcuffed him, took his personal belongings and placed him in the van. (Complaint at ¶4, Amended Complaint at ¶5).

After being placed in the van, Plaintiff alleges that Defendant Morgan asked him if he knew what was in the package without explaining what the purpose of the stop was or what he was arrested for. Plaintiff alleges that he was not read his Miranda rights by any Defendant. (Complaint at ¶¶5 and 6). After arriving at the York County Police Department, Plaintiff alleges that Defendant Morgan interrogated him and denied Plaintiff's requests to telephone his family and an attorney. (Complaint at ¶6 and 10). In addition, Plaintiff alleges that Defendant Peddicord took

3

his personal papers, business card, credit cards, Lawyer network cards, and airline frequent flyer cards from his wallet. (Complaint at ¶7). Later, Plaintiff was charged and processed by Defendant Craul. (Complaint at ¶8). Plaintiff alleges that he was subjected to steady and persistent questioning by Defendants from January 10 - 12, 2001. (Complaint at ¶11). The remaining facts as alleged by Plaintiff do not have any bearing on the surviving claims and will not be set forth here.

## QUESTION PRESENTED

Whether the Court should grant State Defendants' motion to dismiss several of Plaintiff's claims since the Complaint fails to state a claim upon which relief can be granted for those claims?

## ARGUMENT

**THE COURT SHOULD GRANT STATE DEFENDANTS' MOTION TO DISMISS SEVERAL OF PLAINTIFF'S CLAIMS BECAUSE PLAINTIFF FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOR THOSE CLAIMS.**

Plaintiff has filed a complaint under 42 U.S.C. §1983 alleging a variety of violations of his constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. In order to state a claim under §1983, Plaintiff must meet two threshold requirements: 1) the alleged misconduct must have been committed by a person acting under color of state law;

4

and 2) Defendants' conduct deprived Plaintiff of rights secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981); Hicks v. Feeney, 770 F.2d 375, 377 (3d Cir. 1985). Complaints under §1983 are held to a more stringent standard of factual specificity than are the usual notice pleadings in federal court. Darr v. Wolfe, 767 F.2d 79, 80 (3d Cir. 1985). The more stringent standard is designed to weed out frivolous and insubstantial cases at an early state in the litigation and still keep the doors of the federal courts open to legitimate claims. Rotolo v. Borough of Charleroi, 532 F.2d 920, 922 (3d Cir. 1976). An equally important reason for requiring more factual specificity in civil rights complaints is to provide the defendants with sufficient notice of the claims. Frazier v. Southeastern Pennsylvania Transportation Authority, 785 F.2d 65, 67 (3d Cir. 1986).[4] With these standards in mind State Defendants address Plaintiff's allegations of constitutional violations.

**Excessive Use of Force**

Plaintiff alleges that State Defendants violated his Eighth Amendment right to

---

[4]State Defendants are aware that *pro se* complaints are judged by standards less stringent than those established for pleadings drafted by experienced attorneys. Haines v. Kerner, 404 U.S. 519 (1972). However, this standard does not relieve a plaintiff from the obligation to plead violations of his civil rights with specificity. Ressler v. Sheipe, 505 F.Supp. 155, 156 (E.D. Pa. 1981).

be free of cruel and unusual punishment by the use of excess force during the arrest of Plaintiff on January 10, 2001. (Complaint at ¶4 and Legal Claims at ¶5, and Amended Complaint at ¶5). However, the constitutional ban against cruel and unusual punishment only applies to those who have been convicted of criminal offenses. Bell v. Wolfish, 441 U.S. 520 (1979); Romeo v. Youngberg, 644 F.2d 147, 156 n. 8 (3d Cir. 1980)(en banc), vacated on other grounds, 457 U.S. 307 (1982). Because Plaintiff had not been convicted of any of the criminal offense for which he was apprehended and arrested at the time he alleges the excess use of force, the claim of a violation of his Eighth Amendment right to be free from cruel and unusual punishment must be dismissed.

Furthermore, an excessive use of force claim under any other constitutional amendment should be dismissed for all but Defendants Glowczeski and Westmoreland because Plaintiff has not pled with specificity which, if any, of the remaining State Defendants were at the scene of the arrest and allegedly used excess force during the encounter.

A defendant in a civil rights action must have personal involvement in the alleged wrongs. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge must be made with appropriate particularity. Rode v. Dellarciprete,

6

845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff has failed to make specific allegations of participation in excessive use of force during his arrest for Defendants Morgan, Craul, Fells, Peddicord and Kessler.

Plaintiff's allegations of excessive use of force during his arrest at paragraph four (4) of the Complaint and paragraph five (5) of the Amended Complaint name only Defendants Glowczeski and Westmoreland as having personal involvement in any alleged excessive use of force. Plaintiff refers vaguely to "Defendants", "thugs" and "individuals" when referring to those allegedly at the scene, but does not name who those individuals might be with any specificity.

Plaintiff does name with specificity several of the State Defendants throughout the complaint, but none of those allegations allege facts that could be construed as an excess use of force at any time in violation of a constitutional right. Plaintiff names Defendant Morgan and alleges that he questioned and/or interrogated Plaintiff and denied Plaintiff telephone calls. (Complaint at ¶¶5, 6, 7 and 10). While the allegations do place Defendant Morgan at the scene of the arrest, they do not set forth action which could be construed as the use of excess force.[5]

---

[5] State Defendants refer only to those allegations made by Plaintiff in his Complaint which pertain to claims that the Court has not already dismissed. State Defendants are aware that Plaintiff does name several of the Defendants with specificity in other allegations, but those allegations are related to claims already

7

Plaintiff names Defendant Peddicord with specificity and alleges that he took personal papers, business card, credit cards, lawyer referral cards and airline frequent cards from his wallet. (Complaint at ¶7). This allegation does not set forth action that could be construed as an excessive use of force at any time.

Plaintiff names Defendant Craul and alleges that he charged and processed Plaintiff. (Complaint at ¶8). Again, this allegation does not set forth any action that could be construed as an excessive use of force.

Finally, Plaintiff fails to name with specificity Defendant Fells anywhere in the Complaint. Nor does he specifically name Defendant Kessler in any allegations addressing the claims that have not already been dismissed by the Court.

Because Plaintiff fails to plead with any specificity, as required by law, that State Defendants Peddicord, Craul, Fells, and Kessler were at the scene of the arrest on January 10, 2001 or that they engaged in any action that could be construed as an excessive use of force, Plaintiff's claim of excessive use of force should be dismissed as to these State Defendants.

While the compliant does place Defendant Morgan at the scene of the arrest, because Plaintiff fails to plead with any specificity, as required by law, that Morgan

---

dismissed by the Court.

engaged in any action that could be construed as an excessive us of force, Plaintiff's claim of excessive use of force should be dismissed as to Defendant Morgan.

### Failure to Give Plaintiff a Miranda Warning

Plaintiff alleges that in violation of his Fifth Amendment rights, Defendants failed to read him his *Miranda* rights. (Complaint at ¶5 and Legal Claim at ¶2). However, it is well-established that there is no cause of action under §1983 against police officers for failure to follow *Miranda* procedures. The Third Circuit Court in Guiffre v. Bissell, 31 F.3d 1241 (3d Cir. 1994) explained that violations of the prophylactic *Miranda* procedures do not amount to violations of the Constitution itself. The right protected under the Fifth Amendment is the right not to be compelled to be a witness against oneself in a criminal prosecution, whereas the right to counsel during custodial interrogation recognized by *Miranda* is merely a procedural safeguard, and not a substantive right. Id. at 1256. Because the purpose of the *Miranda* warnings is to prevent compelled self-incrimination, the remedy for a *Miranda* violation is the exclusion from evidence of any such compelled self-incrimination, not a §1983 action. Olender v. Township of Bensalem, 21 F.Supp.2d 775 (E.D. Pa. 1999).

Even assuming that Plaintiff's allegation that State Defendants' failed to provide a *Miranda* warning to him is true, he has failed to state a claim upon which

9

relief can be granted. Well-established law states that such an omission is not a violation of a Constitutional right. Therefore, this claim should be dismissed as to all State Defendants.

**Denial of Telephone Call to an Attorney or Family**

Plaintiff alleges that his requests to telephone an attorney and his family between January 10 and 12, 2001, during the time he was being held and questioned, were denied in violation of his Sixth Amendment rights. (Complaint at ¶¶6 and 10, Legal Claim at ¶3). Plaintiff does not allege that he was denied counsel on January 12, 2001 when he was taken to the Magistrate's office, charged and bail was set (Complaint at ¶13). Nor does he allege that he was denied counsel at the February 22, 2001 preliminary hearing in front of District Justice Heliman. (Complaint at ¶14).

There is no property right or liberty interest found in Federal law to make a telephone call upon arrest or completion of booking. See Harrill v. Blount County, 55 F.3d 1123, 1125 (6th Cir. 1995) and State Bank of St. Charles v. Camic, 712 F.2d 1140, 1145 n.2 (7th Cir.), cert. denied, 464 U.S. 995 (1985). Therefore, even assuming Plaintiff's allegation is true, because there is no constitutional right to make a telephone call, State Defendants did not violate Plaintiff's right by not allowing him a telephone call during interrogation.

Furthermore, the Sixth Amendment right to counsel attaches at the time

10

adversarial judicial proceedings have been initiate against a person by way of formal charge, preliminary hearing, indictment, information or arraignment. Brewer v. Williams, 430 U.S. 387, 398 (1977). In Pennsylvania, a criminal defendant who cannot afford an attorney must be assigned an attorney prior to the preliminary hearing. Pa.R.Crim.P. 316(b). The comments to Rule 316 state that ideally, counsel should be assigned to an indigent defendant immediately after preliminary arraignment in all court cases. Plaintiff's complaint does not allege that he was denied counsel at the time he was arraigned or at the time of the preliminary hearing. He alleges only that he was denied a telephone call to an attorney during interrogation. Again, even assuming Plaintiff's allegation is true, because Plaintiff's right to counsel does not attach until the time of an adversarial judicial proceeding, State Defendants did not violate any constitutional right of Plaintiff.

Therefore, this claim should be dismissed as to all State Defendants.

## **CONCLUSION**

For the foregoing reasons, the Court should grant State Defendants' motion to dismiss Plaintiff's claim of excessive use of force against State Defendants Morgan, Craul, Fells, Peddicord and Kessler, and dismiss Plaintiff's claims of failure to give *Miranda* warnings and telephone calls to an attorney or family as to all State Defendants.

11

|  | Respectfully submitted,<br>D. MICHAEL FISHER<br>Attorney General |
|---|---|
| By: | *Linda S. Lloyd*<br>LINDA S. LLOYD<br>Deputy Attorney General<br>I.D. #66720 |

Office of Attorney General
15th Floor, Strawberry Square
Litigation Section
Harrisburg, PA 17120
(717) 705-7327

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

**COUNSEL FOR PA STATE DEFENDANTS**

Dated: January 14, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,
        Plaintiff

v.

YORK COUNTY POLICE DEPARTMENT, AGENT JAMES H. MORGAN, DET. RICHARD PEDDICORD, DET. RAYMOND E. CRAUL, SGT. GENE FELLS, DET. KESSLER, C/O BAYLARK, DET. ANTHONY GLOWCZESKI, AGENT RANDY SIPES, AGENT BRIAN WESTMORELAND
        Defendants

No. 1:CV-01-1015

Judge Kane

## CERTIFICATE OF SERVICE

I, Linda S. Lloyd, Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on January 14, 2002, I served a true and correct copy of the foregoing Brief in Support of Motion to Dismiss, by causing it to be deposited in the United States Mail, first-class postage prepaid to the following:

Tyrone P. James
York County Prison
3400 Concord Road
York, PA 17402

Donald L. Reihart, Esq.
Law Office of Donald L. Reihart
2600 Eastern Blvd., Suite 204
York, PA 17402

_Linda S. Lloyd_
LINDA S. LLOYD
**Deputy Attorney General**