Law Clerk's Copy

Copy
53

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES
　　　　　　　　Plaintiff

     v.

YORK COUNTY POLICE DEPT.,

ET AL.,:

　　　　　　　　Defendants

:

: Civil Action No.1:CV-01-1015

:　　Judge Kane

:

:

FILED
HARRISBURG

JAN 2 8 2002

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## BRIEF IN OPPOSITION OF DEFENDANT'S
## MOTION TO DISMISS

**NOW COMES,** The Plaintiff, TYRONE P. JAMES, who hereby oppose

the Defendants' Motion to Dismiss and move this Honorable Court to

proceed this matter to trial, based on the following reasons:

On June 8, 2001, plaintiff filed a civil rights action pursuant to 42 U.S.C.

1983, in which Plaintiff asserts violation of his constitutional rights of his

Fourth, Fifth, Sixth, Fourteenth and Eight Amendment violation.

Named of Defendants in this action are as follow: James Morgan, Brian

westmoreland, Richard Peddicord, Raymond Craul, Gene Fells, Robert

Kessler, Anthony Glowczeski, Randy Sipes and Correctional Officer, Gary V. Baylock, all state, local and correctional officers

Plaintiff complaint was served upon defendants on October 11, 2001 by Court order, On September 18, 2001. Defendants were supposed to make a timely response by December 11, 2001, in which, Defendant Richard Peddicord failed to make a timely response within the 60 days required. An Affidavit of Default, was filed on Defendant Peddicord. The other Defendants requested for enlargement of time, which this Court granted defendant motion on December 18, 2001.

Defendants filed a Motion To Dismiss on December 28, 2001, also filed a supporting brief on January 14, 2002

### STATEMENT OF ISSUES
**Whether the Court should grant Defendants' motion
to dismiss several of Plaintiff's claims since the Complaint
fails to state a claim upon which relief can be granted for
those claims? The Answer is NO.**

Plaintiffs now respond to defendant brief. Defendant's counsel has cited cases and misrepresented the facts of the whole entire case in which all Defendants have been asserted to have participated in the constitutional violation on Plaintiff's rights. Defendants denied all allegations which Plaintiff is claiming. They are denying any form of involvement with plaintiff and the asserts illegal misconduct that occurred on January 10, 2001 through

January 12, 2001. Of the use of excessive force, unlawful arrest, illegal search and seizure of plaintiff person and property, failure to give Miranda warning, and denial of counsel, by failing to give plaintiff a phone calls to contact Attorney when plaintiff repeatedly requested for an Attorney to assist Plaintiff's.

The element of a prime facie case under section 1983 are (1) illegal conduct (2) committed by a state prison official or state or local official who is using or abusing his power which he possesses " by virtue of state law and made possible only because the official is clothed With the authority of state law" Monroe v. Pape 365 U.S. 167, 184, 81 S. Ct. 473 (1961) and Evans V. United States 504 U.S. 255, 119 L. Ed 2d 57, 112 S Ct. 1881 (1992).

Under 42U.S.C Section 1983, a person may bring an action against a government employee who, acting under the color of law, "subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities Secured by the Constitution and laws...." Defendants having allegedly committed these acts while on duty while arresting plaintiff and while plaintiff in the custody of the defendants was deprived of his rights, privilege , or immunity secured by the Constitution. And law of the United States. Plaintiff asserted that several of his constitutional rights were violated by

Defendants during the arrest on January 10, 2001 and continue throughout his criminal trial. See <u>Albright v. Oliver</u> 510 US. 266, 277, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994). The trip to the police station is a "continuing seizure" during which the police are obliged to treat their suspects in a reasonable manner. In traditional excessive force cases, one should consider the severity of the crime at issue, the threat that the suspect poses to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting flight. Plaintiff action did not constitute to any of these actions by the police. "[W]here there is no need for force, any force used is constitutionally unreasonable." <u>Headwater Forest Defense v. County of Humboldt</u>, 240 F.3d at 1199, (9th Cir. 2000) Plaintiff was picking up mail from his mail box, in which the unlawful seizure of is person and his property occurred, the warrantless search and seizure took place by Defendants without a warrant In <u>Rochin v. California</u>, The Supreme Court held that some conduct by governmental officials "offends those canons of decency and fairness that express the notions of justice of English-specking people." 342 U.S. 165, 169, 72 S. Ct. 205, 96 L. Ed. 183 (1952). Since then, behavior by officials that "<u>shocks the conscience</u>" has been held to deprive liberty in violation of the due process clause of the fourteenth Amendment In <u>Reed v. Hoy</u>, 909 F.2d 324, 329 (9th Cir.1990) ("[C]laims arising before or during

Arrest are to be analyzed exclusively under the fourth amendment's reasonableness standard rather than the substantive due process standards....")  The "Fourth Amendment's prohibition against unreasonable seizures of the person, or the Eighth Amendment's ban on cruel and unusual punishments...are the two primary sources of constitutional protection against physically abusive governmental conduct."  Graham, 490 U.S. at 394, 109 S. Ct. 1865.  "If a constitutional claim is covered by a specific constitutional provision... the claim must be analyzed under the standards appropriate to that specific provision, not under the rubric of substantive due process."  In Headwater Forest Def. v. County of Humboldt, 240 F.3d 1185, 1199 (9th Cir. 2001) ("Although the absence of deadly force or physical blows can mean that a[n] intrusion on an arrestee is 'less significant than most claims of force,' that fact alone is not dispositive in excessive force cases."  Under Fourth Amendment jurisprudence, the law is well settled that a plaintiff may recover "'nominal damages without proof of actual injury'" for unreasonable intrusions on one's bodily integrity.  Nothing in the police report said that plaintiff's "resisted arrest" or construes any form of flight or danger to the police, therefore the use of force was in play.

A section 1983 complaint must state that the defendants are prison official of local/ county government, that authority is derived from  state law, and that

5

they were personally involved in causing the violation of legal and constitutional rights. <u>Taylor v. Sgt Cox (SCIG) et al</u>., 912 F. Supp. 140 (ED. Pa 1995); <u>Parrat v. Taylor</u>, 451 U. S 527, 101 S. Ct. 1908 1913 n.3 (1981). Defendants have personal knowledge and acquiescence, took active part in the arrest on January 10, 2001.

Section 1983 claim does not have to show a malicious or intentional act nor bad faith on the part of the officials, as in <u>Monroe v. Pape</u>, Supra; <u>Johnson v. Cullen</u>, 925 F. Supp 244 (D. Del. 1996), <u>Gomez v. Toledo</u>, 446 U.S. 635, 100 S Ct. 1920 (1980). The actionable violation of your rights might also be the official's failure to act, as in <u>Smith v Ross</u> 482 F. 2d 33 (6th Cir 1978).

These local and state employees, through their Attorney are arguing the fact in plaintiff's complaint. Stating that plaintiff failure to make a proper claim in his complaint, has no constitutional claim deriving from their encounter with plaintiff's on January 10, 2001; They stated that their actions do not deny process or equal protection and are not cruel and unusual punishment. All mentioned Defendants Margon, Westmoreland, Kessler, Craul, Peddicord,Glowczeski and Fells were a active participant in this complaint, they were present at the scene, and was giving order the take Plaintiff down, they were not in uniform and were wearing thugs looking clothing, they didn't

identified themselves as Police officer, and the use of force was enforce upon plaintiff's, while his constitutional rights were continuously and repeatedly violated by these defendants.

In considering this motion the judge must assume that every fact plaintiff stated in his complaint is true.

The Honorable Judge must then ask whether accepting all those facts, there is any possibility that you can be entitle to any form of relief.

"In an incident where a person was surprised, in a threatening or menacing way, by the approach of thugs like looking individuals (which names I have stated in this complaint) pounced upon assaulted and pursued, he in, or any other person in that situation, could not have know of the names of those persons who were chasing him, but can I.D. those that did certain specific things to him, and later learn the name off the record, but can identify who and what officer did the conducts that violated my constitutional rights (e.g. Defendant Kessler, head of The York County Drug Task Force, Who stated, "That he picked up plaintiff glasses from off the ground and put them on his face?" Defendant Margon along with Westmorland tackle me to the to the ground, trample me and stepped upon me with

their shoes, also Defendant Peddicord and Craul ) They were all part of excessive force.

The U.S. Supreme Court has stated this test very strongly in two cases involving prisoner suit under Section 1983. <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u> 404 U.S. 519 (1972). In <u>Cruz</u>, the Court said that a complaint, "Should not be dismissed for failure to state a claim unless it appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 405 U.S. at 332, quoting from <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). [<u>Gainey v. Brotherhood of R and SS Clerk etc</u>. 177 F. Supp. 421 affirmed 275 F.2d 342 (3rd Cir19). In Haines, the Court added that in considering a motion to dismiss, a "per se complaint (one submitted by the plaintiff for himself, without a lawyer) should be held to "less stringent standards then the formal pleading drafted by lawyers." 404 U.S. at 520.

On September 18, 2001, Honorable Judge order Plaintiff complaint to proceed for monetary damage and dismissal was not appropriate under, <u>Preiser v. Rodriguez</u> 411 488 -90 (1973). Where plaintiffs seek damages for the alleged violation of his constitutional rights and need not exhaust state remedies before bringing Section 1983 suit <u>Patsy v. Board of Regents of Fla</u> 457 U.S. 496, 501 (1982). However Plaintiff's claims for monetary damage may not proceed if recovery would necessarily imply the invalidity of Plaintiff of Plaintiff outstanding criminal conviction in state court <u>Heck v. Humphrey</u>,

512 U.S. 477 481 (1994); <u>Heck</u>  512 U.S. at 485 Section 1983 does not provide a cause of action for such claims. Id. <u>Smith v. Haltz</u> 87 F.3d 108, 109 (3d Cir. 1996) while those claims would so conflict with Plaintiff's outstanding conviction; they do not accrue I.d. 87 F. 3d at 113 (noting that, for statue of limitations purposes, "such [] claim[s] do [] not accrue so long as the potential for a judgment in the pending criminal prosecution continues To exist")  To the extent Plaintiff claim for monetary relief do not necessarily imply the invalidity of his outstanding criminal conviction, however they may have accrued and should be allowed to proceed. Id., <u>Heck</u> 512 U.S. at 487.

The question was whether plaintiff was charge with resisting arrest by Defendants Morgan, Westmoreland, Peddicord, Craul, Fells, Kessler and Kessler.  As Plaintiff asserts claims of  his Fourth Amendment right unlawful seizure of his person during his arrest would imply the invalidity of a conviction for resisting arrest in which Plaintiff was not charge. <u>Heck</u>, 512 U.S. at 487 n6.  That conflict is clear because for Plaintiff to be convicted of resisting arrest, the State must prove that Plaintiff intentionally prevented the officers from effecting a <u>Lawful</u> arrest.  Plaintiff was not resisting arrest or charge with such offense; Therefore Plaintiff Fourth Amendment claim for seizure of his person and property should stand.  <u>Smith</u> 87 F. 3d at 113. Plaintiff was neither resisting arrest, there was no coexist with finding that the

police used excessive force to subdue him.  Nelson v Jashurek 109 F.3d 142 (3rd Cir. 1997) (Quoting Simpson v. City of Picken, 887 f. Supp 126 (S.D. Miss 1995) ).

Plaintiff claims for unreasonable search of his property" may lie even if the challenged evidence [is] introduced in a state criminal trial resulting in [his] still out standing conviction. Heck 512 U.S. at 487 n7.  This claim would not necessarily imply the invalidity of a conviction following the admission of such evidence "because of doctrine like the independent source rule and inevitable discovery ...and  especially harmless error." Id. Plaintiff's claims for  unreasonable search of his property are not barred by Heck have accrued, and should not be dismiss.  Defendants did violate Plaintiff Fourth Amendment violation.

Plaintiff  alleges that Defendants did violate his Fifth and Sixth Amendment right. When they fail to give Miranda warning and denied him counsels during his interrogation and detention. Also from the time he was booked, taken before the District Magistrate and formerly charge, to the time when Defendant Morgan give strict order at the York County Prison on January 10,2001 to Defendant Baylock and the Staffs "Not to give Plaintiff any phone calls pending investigation." On January 11,2001, when the interrogations continue, by Defendant Morgan and fellow officers and

Plaintiff repeatedly requested to speak to his Attorney. This follow through on the 12th, of January, until February 22,2001, when Plaintiff, informed District Justice Heliman about the situation, and told the Honorable Judge that I was denied my right to speak to my attorney by Defendant Morgan and the Other Defendants, and that Defendant Morgan had confiscated my Lawyer Network Card, of my Attorney, upon initial contact with Defendants and was questioned without giving a Miranda warning by Defendant Morgan, Peddiccord and Craul. Although defendant claim the there are no constitutional right to make a phone call, there are constitutional right under the Fifth Amendment, during interrogation when you requests an attorney, all interrogation must stop; and by requesting that attorney is through the use of the telephone; therefore by denying me that Phone call, is denying me legal access to my attorney.

The Supreme Court has enunciated a two-part test for determining whether a private individual has acted under color of state law. See Lugar v. Edmondson oil Co., 457 U.S. 922, 937 (1982). First, the claimed deprivation must be caused by another exercise of a right or privilege created or imposed by the state or undertaken by a person for whom the state is responsible . Second under the facts of the instant case, the private party must be fairly characterized as a state actor. See also Am. Mfrs. Mut. Ins. Co. v. Sullivan,

526 U.S. 40 50 (1999) (affirming that both prong are to be evaluated. The Court has provided at least three example of conduct that satisfy the "Under color of State Law" requirement of Section 1983.)

First, the Court has held that [m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken "under color of" state law. <u>U.S. v. Clasic</u> 313 U.S. 299 326 (1941); <u>Monroe v. Pape</u>, 365 U.S. 167, 184-87 (1961) (police officer considered state actor under Section 1983, because he allegedly performed illegal search and seizure<u>. Zambrana- Marrero v. Suarez Cruz,</u> 172 F3d 122, 128 (1st Cir. 1999) (Jury question whether police officers acted under color of state law when beating and handcuffing a civilian during private altercation.) <u>U. S v. Walsh</u> 194 F.3d 37, 51 (2nd Cir 1999) (county jail officer acted under color of state law when assault an inmate without cause).

Second, the Court has held that to act under color of state law, a defendant need not be an officer of the State; it is sufficient that he or she is a willful participant in joint activity with the state or its agents. <u>Abbott v. Latshaw,</u> 164 F3d 141 147-48 (3rd Cir. 1998) (Private party who conspires with state actor to deprive another of his or her constitutional right acts under color of state law.)

Third the Court had held that private persons who are authorized to exercise state authority are deemed to be acting "under color of state law" West v. Atkins 487 U.S. 42 54-55 (1988). In Atkins, the Court held that a private physician under contract with North Carolina to provide medical service for prisoner was acting "under color of state Law."

Plaintiff state his claim that all "individuals" referring to Defendants, James Morgan, Brian Westmoreland, Richard Peddicord, Raymond Craul, Gene Fells, Robert Kessler, Anthony Glowczeski, C/O Baylock and Randy Sipes, all had personal involvement with Plaintiff's Constitutional claim and acted under the color of state Law, with the investigation that started on January 8, 2001, in California, where began the "fruit of the poisonous tree" where the illegal search and seizure took place, to the unlawful arrest on January 10 2001, and during plaintiff continuing detention.

The Claim stemmed from an illegal search on January 8 2001, when a Mail Box Etc., employees illegally open a package addressed to Plaintiff. This employee violated Federal law when she illegally open and search the content of the package addressed to plaintiff. There was nowhere in the contract at Mail box Etc., that an employee can open and search packages that come into their store, for shipping, it only state in the contract that they can refuse packages, if they believe it contained dangerous material. As stated

in alleges report, this employee contact her manager who in turn call Defendant Sipes, who had left his business card and a "memoranda" with the employee, stating, "That if they see any suspicious package, to call him" The report did not infer if Defendant Sipes, was at the scene, when this package was open, but there was no warrant obtained in opening the package. The Mail Box Etc. Employees intentionally open the box, because she implies that the woman that dropped the package off, appeared nervous, which does not give probable cause to open one's package. This employee violated Federal Law under title 18 U.S.C. 1702, 1703 and 1708, since Mail Box Etc. Is an authorized depository for mail matter and for the United State Post Service. This investigation continue between Defendant Morgan and Sipes, and followed, where defendant Morgan and Kessler, when to the UPS center in York, make up a "make shift box" and place the "make shift box" on January 10, 2001, at Plaintiff's mail box, which he rented for business Purposes, at the Mail Box Etc. at 2536 Eastern Blvd, York, Pennsylvania. As Plaintiff went to retrieve his mail on January 10, 2001, and exist the building , he was approached by the following named Defendants Morgan, Westmoreland, Pediccord, Kessler, Craul, and Glowczeski ( the driver of the van that hit plaintiff). These individuals, (as referred in plaintiff's complaint) where all in civilian clothes, did not identify themselves and looked like thugs. Plaintiff

not knowing the circumstance surrounding this approach, by these thugs looking Defendants, if it was an attack, or robbery, dropped the "Make shift Box" that was placed at the mail box, by Defendant Morgan, Kessler, Peddicord and Craul, and moved away, at that time I was hit by the van driven by Defendant Glowczeski and thrown to the ground  stepped and trample upon, by defendants with their shoes, handcuffed, while Defendant Pediccord removed my wallets from my back pocket, and search them without a warrant, I was Place in the van where I was questioned by Defendant Morgan without any Miranda warning, I was taken into custody and denied counsel.  All Defendants were present and took active part in the conspiracy to arrest and attack plaintiff by "taking him down" as stated, by Defendant Westmoreland in the Trial transcripts,   which was Defendant Morgan, Supervisor, at the time; he alleged that he  was unaware of any of Defendant Morgan Plan, when taking Plaintiff into custody, that lead to the violation of his constitutional right.  The use of excessive force was in play at all stage of this proceeding.   Defendant Kessler Head of the "Drug Task Force" in York County and Westmoreland, Supervisor for the Attorney General Office was all present and did participate in the arrest

All Defendants had personal involvement in the assert wrongdoing. They have actual knowledge and acquiescence, or personal direction to take down

plaintiff, by any mean necessary, on January 10, 2001. This Honorable Court should not overlook that fact. See <u>US v Garcia</u> 23 F.3d 1331 (8th Cir.1994) Court is not impowered to suspend constitutional Guarantees so that Government can fight war on Drug ). The Fourteenth amendment to the United State Constitution provides that the States can not deprive any person of life, liberty, or property without due process of the law. See <u>Hewitt v. Helms</u> 549 U. S 460 (1983); <u>Blakledge v. Perry</u>, 417 U.S. 21, 40 L. Ed 628, 94 S. Ct. 2098 (1974), ( Due Process protects criminal defendant against Prosecutorial or Judicial actions intend as penalties for defendants exercise of his constitutional rights.).

Defendant Morgan spearheaded the whole operation from January 8, and 10,11, 12, 2001, until present; although defendant Westmoreland was is acting Superior, he went above his order and cause the use of excessive force, illegal arrest, illegal search and seizure of plaintiff's person and property, unlawful detention, Failure to give Miranda warning, and denial of counsel upon plaintiff's requests. Defendant Morgan was the main aggressor.

Plaintiffs challenge the proper police procedure of the Commonwealth, County of York, Pennsylvania, City of York Police Department, and its method in arresting a suspect. The arrest of plaintiff is or should be call into question.

16

Excessive force claims by arrestees are governed by the Fourth Amendment, which prohibits unreasonable seizures and not by the due process clause.  An arrest is a seizure of the person that must be conducted in a reasonable manner.   Fourth Amendment violations were enacted by defendants as to illegal search and seizure, fabrication of evidence, which make evidence tainted, all evidence obtained from the search become illegal, "Fruit Of the Poisonous tree"  Berg v. County Of Allegheny, 219 F. 3d 261, 268 (3rd Cir. 2000) (Arrestee sect. 1983 claim for false imprisonment base on mistaken arrest and detention was proper, because police lacked probable cause to arrest.)

In Byrd v. Brishke, et al 466 F. 2d 6 (7th Cir. 12972) at page 11, the Court noted, "We believe it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his officer and fail to stop other officer who summarily punish a third person in his presence or otherwise within his Knowledge."

Defendant Kessler, Westmoreland and Morgan, all knew of the violation of plaintiff constitutional right, was in the position to stop, or correct them and fail to do so.  They must be found personal involved and responsible for the injuries Plaintiff suffered.

This situation is where supervisory officers were present at the time of excessive intervene. See <u>Cox v. Treadway</u>, 75 F.3rd 230 (6th Cir. 1996) <u>Bruner v. Dunaway</u>, 684 F2d 422 (6th Cir. 1976);<u>Harris v. Chanclor</u> 537 F2d, 203 306 (5th Cir. 1976);<u>Curtis v Everrette</u>, 489 F.2d 516, 518 (3rd Cir. 1973), cert denied 416 U.S. 995 (1974)

Note in <u>722 F2d 1130 (3rd Cir. 1982),</u> Magistrate properly instructed jury that prison guard's use of "grossly excessive force and  force that violates the standards of decency more or less universally accepted" would constitute violation of eight Amendment.; <u>Zynn v. O'Donnell</u> 688 F. 2d 940 (3rd Cir 1981),(the Court of Appeals, Gibbons Circuit Judge, held that dismissal of per se civil right complaint for failure to state claim upon which relief may be granted was erroneous.  See <u>Curtis v. Everette</u> 489 F. 2d 516 (3rd Cir. 1982).

Plaintiff had stated all claim necessary for this complaint and all Defendants  took an active roll in the arrest and violative conducts of plaintiff constitutional rights. All Defendant came across Plaintiff on January 10th 2001, while the use off excessive force was in play upon plaintiff by Defendant Morgan, Westmoreland, Craul, Pediccord, Kessler, Fells, and Glowczeski.   Plaintiff  submitted  interrogatories  to  Defendants,  to `deferentiate  between  defendants, but Defendants   refused to respond to

plaintiff "Motion for Interrogatories." A  "Motion to Compel Discovery." Was filed , by Pliantiff.

The Court is required to review the assert fact" In the light most favorable" to the claimant (plaintiff) and only dismiss the action if it appears inconceivable that the plaintiff could produce evidence.; Justifying relief under any legal theory, <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S. Ct. 99, 2 LEd 2d 80 (1957).  Also <u>Gainey v. Brotherhood of R. and SS Clerks. Etc</u>., 177 F Supp. 421 affirmed 275 F. 2d 342 (3rd Cir 19).

Defendants did unlawfully arrested plaintiff and detained him without an arrest or search warrant  <u>Gerstein v. Pugh</u> 420 U. S 103 114, 95 S Ct. 854 863, 43 L. Ed. 2d 54 ("the Fourth Amendment requires a Judicial determination of probable cause as a prerequisite to extended restraint of Liberty following arrest")

On January 10, 2001, Defendant Morgan, Pediccord, Westmoreland, Craul and Kessler did seized Plaintiff person and property without a warrant and unlawfully detained Plaintiff. As mention warrantless search and seizures are unreasonable under the Fourth Amendment.  <u>Lee v. City Of Los Angeles,</u> 250 F.3d 668 (9th Cir 2001) (Arrest without probable cause violates of Fourth Amendment and gives rise to a claim for damages under Section 1983.

Madewale v. Savaiko, 117 F. 3d 1321 (11th Cir. 1997) (Arrest without probable cause to believe crime has been committed violated Fourth Amendment. The Fourth Amendment also protects against unreasonable government seizure of persons and property [seizure of a person occurs when, "In view of all the circumstances surrounding the incident." A person reasonably believes he or she is not "free to leave" an encounter with a governmental official. See. Michigan v. Chesternut, 486 U.S. 567, 573 (1988). This rule requires a case by case factual review based on an objective standard of police conduct and surrounding circumstances. Specifically, the Supreme Court in U.S. v Mendenhall 446 U.S. 544, 64 LEd 2d 497, 100 S. Ct. 1870 (1980). Stated that the test to determine when a suspect has been seized is whether the techniques used by police overcame a detainee free will.

Defendants method for arresting Plaintiff was a form of entrapment, by setting a "Make Shift Box" at Plaintiff mail box where he conduct his legal business, coercing the Sale Clerk to cooperate with them and arresting Plaintiff unlawfully without probable cause, the seizure of his property and person was Illegal. See. Vathekan v. Price George's County 154 F.3d 173 (4th Cir. 1998). A seizure occurs, under the Fourth Amendment, even when an unintended person or thing is the object of the detention or taking. The

taking of Plaintiff wallets was unreasonable and when beyond the scope of the Terry stop. See Minnesota v. Dickerson, 508 U.S. 366, 124 LEd. 2d 334, 113 S. Ct. 2130 (1993).  Seizure of a cocaine lump detected in person's pocket during pat down search held violative of fourth Amendment where determination that lump was contraband was made after further search Whalen v Roe, 429 U. S 589, 51 LEd 2d 64, 97 S. Ct. 869 (1977).  The Constitution protects individuals against invasion of their privacy by the government.

Funaway v. New York 445 U.S. 573, 63 LEd. 2d 639, 100 S. Ct. 1371 (1980).  For an arrest to be valid under the Fourth Amendment probable cause must first exist.

There were no exigent circumstances for the Defendant the conduct a warrantless search, Defendant had ample time, two (2) days to obtained a search warrant from the investigation that started in California, on January 8, 2001, by Defendant Morgan and Sipes.  See Peyton v. New York 445 U.S. 573, 63 LEd. 2d 639,100 S. Ct. 1371 (1980).  (Absent exigent circumstances, police officers may not undertake warrantless search.)

Therefore plaintiff claim for warrantless arrest, unlawful arrest and detention, illegal search and seizure of is person and property should not be dismiss.

21

# FIFTH AMENDMENT

Plaintiff's Fifth Amendment right was violated when statements made in coercion with Defendant Morgan psychological and abusive tactic use to coerced plaintiff into admitting to what was in the package, when he confronted plaintiff and asked "If I know what was in the box" without giving Plaintiff any Mirarnda warning  was Violative, and any statements made should have been suppressed.  All business card taken from plaintiff person, wallets and property was use against him in the criminal proceeding that violate  his Fifth amendment right to Self- Incrimination.

The Fifth Amendment privilege against Self - Incrimination provides that [n]o person shall be compelled in any criminal case to be a witness against himself.

Police interrogation of a suspect in custody threatens the exercise of this Fifth Amendment privilege, because of the danger that officers might actively compel confessions through overtly coercive interrogation, or passively compel them by exposing suspect to the inherently coercive environment created by custodial interrogation.  See <u>New York v. Quarles</u>, 467 U.S. 649, 654 (1984)

The Supreme Court established a prophylactic, procedural mechanism those safe guards a defendant's Fifth Amendment privilege against the

inherently coercive nature of custodial interrogation.    See. Miranda v. Arizona 384 U.S. 436 444 (1966).  The Court held that unless the defendant was informed of his Fifth Amendment rights before questioning, any pretrial statements elicited from the defendant during custodial interrogation were inadmissible at trial.

The Fifth Amendment requires Miranda Warning or other procedures that are "at least as effective in apprising accused persons of their right of silence and in assuring a continuous opportunity to exercise it.  Miranda 384 U.S. at 467 Despite the Court's statement in Michigan v. Tucker, 417 U.S. 433, 444 (1974), that Miranda Warning are prophylactic and are "not themselves rights protected by the Constitution, but [are] instead measures to ensure that the right against compulsory self- incrimination (is) protected."  The Court in Dickerson v. U. S 530 U.S. 428 (2000), ruled that "Miranda announced a constitutional rule," that could not be overruled by Congress.

Defendant's attorney misrepresented the fact and cited cases that was irrelevant to the subject matter.  Defendant Morgan, never read, or inform my of my Miranda right, there was no proof on paper in the criminal matter that he read plaintiff's his Miranda, but instead tried to coerce Plaintiff into finding out what the content of the package was, both at his initial contact with Plaintiff's And at the Police station when he continuously asked

questions "If I knew what was in the package" without Mirandarizing Plaintiff, or stated what was Plaintiff was arrest for; Due to these violation statements which Defendant Morgan asserted Plaintiff made was used in separated criminal proceeding. Defendant James Morgan failure to give Plaintiff any Miranda warnings violate Plaintiff due process right Fourteenth and Fifth Amendment right to Constitution, and the rights to self- incriminate one's self. See U. S. V. Butler, 249 F.3d 1094 (9th Cir. 2001). Because of the inherently coercive nature of custodial interrogation, a person must be advised of his Miranda rights before questioning..

Therefore Plaintiff 's claim under the Fifth should not be dismiss and should proceed.

## SIXTH AMENDMENT

Plaintiff claim under denial of telephone to an attorney or family should not be dismiss, because Defendant Morgan and Craul did intentionally and deliberately denied Plaintiff access to counsel when he had been booked and official charge and Plaintiff repeatedly requested counsel. Defendant Morgan, state in several occasions in the criminal proceeding, "That giving Plaintiff's a phone call to contact his attorney, would have interfered with his investigation." Therefore Defendant Morgan, denied Plaintiff his rights to due process under the 14th Amendment and the Six Amendment of the

United States Constitution, the right to counsel.  Rule of Criminal Procedure 42 Pa C.S.--2501 (b); Guaranteed by Article 1, section 9 of the Pennsylvania Constitution.  In practice, the Edmunds analysis is employed.  A four pronged test that provides a standard in determining the right to counsel.  This test concludes "that the plain language of the provision militates in favor of ruling that, as with the Sixth Amendment,  right to counsel attaches  upon the initiation of adversarial proceeding."  Once the petitioner becomes the "accused" and was given Miranda Right's then the officer must indeed oblige to the request of Counsel.  See Thompson v. Wainwright 601 F2d 768 (5th Cir. 1979)(Once a criminal defendant's requests' counsel, police officer can not argue that counsel may not be in defendant's best interest, or that counsel when present, would tell defendant to act in a particular manner.

In Murphy v. Walker, 51 F.3d 714, 718 (7thCir 1995) (per curiam) (detainee state 6th Amendment claim if revocation of phone privilege interferes with access to counsel.)

 Restrictions on a detainee's telephone privileges that prevented him from contacting his attorney violate the Sixth Amendment right to counsel Tuck v. Randall, 948 F 2d 388, 390-91 (7th Cir. 1991).

Deny a pre-trial detainee access to a telephone for four days would violate the constitution in certain circumstance...  The Sixth Amendment right to

counsel would be implicated if plaintiff was not allowed to talk to his lawyer for the entire four-day period.  Rodgers v. Lincoln Towing Service, Inc. 771 F.3d 194 199 (7th Cir 1985); Strandberg v City Of Helena 791 F2d 744, 747 (9th Cir. 1986)..

In Escobedo v. Illinios, 378 U.S. 478, 84 S. Ct. 1758 12 L.Ed.2d 977 (1964); the Supreme Court held that the right of an accused person to consult and attorney of his choosing attaches "when the process shift from investigator to accusatory.  When its focus is on the accused and its purpose is to elicit a confession."

In Kirby v. Illinois, 406 U.S. 682, 92 S. Ct. 1877, 32 L.Ed.2d 411 (1972). The Court held that the initiation of adversary judicial criminal proceeding by way of formal charge preliminary hearing , indictment, information or arraignment -is the point at which the Sixth Amendment right to counsel attaches.  Id at 689-90, 92 S. Ct. at 1882-83.  Further, any argument that this routine line of questioning could be characterized as accusatory rather than investigator, and therefore within the purview of the constitutional right to counsel.(Quoting Johnson v. New Jersey, 384 U.S. 719, 729, 86 S. Ct. 1772 1778, 16 L. Ed.2d 882 (1966))

Police department regulations required that person in custody be allowed phone call before incarceration and within hour after arrival of police station,

detainee had no Sixth Amendment right to phone call absent any effort to interrogate him or any action by police department subject to characterization as initiation of adversary judicial proceeding.    U.S.C.A. Constitution Amendment 6th.    See. <u>State Bank Of St. Charle v. Camic</u>, 712 F.2d 1140 (1983).

Plaintiff was denied the privilege of  contacting his attorney during deliberately and intentional and constant's interrogation by Defendant Morgan and Peddicord, on January 10, 11 and 12, 2001.  Even when Plaintiff asked and showed Defendant Morgan his "Lawyer Network Card" to speak to an attorney at the time of interrogation and coercion.  Defendant Morgan later confiscated the "lawyer Network Card" and destroy it.  I was later denied the use of a phone call to contact My attorney and family by Defendant Morgan, who give specific order to Defendant Baylock "Not to give plaintiff any phone at the York County Prison pending investigation" My family was unaware of my where about, for three days, That was when I learn that Defendant Morgan enter my home without a search warrant and interrogated my spouse.   There are a constitutional right to an attorney and the right fall within the 6th Amendment.  There your only access in contacting your lawyer is by a telephone, that is the only form of outside communication between my attorney and family upon arrest.  Every initial stage of an arrest most be

considering by this Honorable Court.  The Plaintiff's due process right and equal protection under the United States Constitution were violated by named defendants in this caption matter.  See <u>Edmonson v. Leesville</u> Concrete Co. Inc. 860 F.2d 1308 (5th Cir. 1988).  Principle of equal protection applies to governmental action in civil and criminal matters.

In <u>U.S.v. Melgar</u> 139 F.3d 1005 (4th Cir. 1998), If suspects requests counsel in an interrogation context, Fifth Amendment affords him protection regardless of subject of interrogation.  See <u>U.S. v. Klat</u>, 156 F.3d 1258 (D.C. Cir. 1998), Defendant has right to counsel at every critical stage of criminal prosecution.

In <u>Rochin v. California,</u> 342 U.S. 165 only random, negligent actions by state official deprive an individual of procedural due process rights, the availability of adequate state tort remedies to redress the wrong meets constitutional requirement of due process.

## EIGHTH AMENDMENT

Plaintiff  Bail was set in excess of 2.5 million dollars "Cash only", which violate plaintiff right to a reasonable bond, and mount to "Deliberate Indifference."  The Eighth Amendment state that excessive bail shall not be required....  This constitutional provision is interpreted to prohibit excessive bail without creating a right to bail.  Bail become excessive when a court sets

the amount of bail higher than that reasonably necessary to ensure a defendant appearance at trial    Government action depriving an individual of life liberty or property be implemented in a fair manner and not be <u>arbitrary.</u> See. <u>United States v Salerno</u> 481 U.S. 739, 95 L Ed. 2d 697, 107 S. Ct. 2095.

Plaintiff right to a fair and reasonable bond was violated when it was set in the excess amount of 2.5 millions, it was lead to believe that plaintiff was impermissible punish before trial.  See Bell V Wolfish, 441 U.S. 520, 535, and 16n, 60 L.ED. 2d 447 99 S.    Plaintiff claim under the Eighth Amendment, and use of excessive force should not be dismiss.

## CONCLUSION

The unlawful arrest, the warrantless search and seizure of plaintiff person and property, the use of excessive force, excessive bond, failure to give Miranda warning, and the denial of counsel by the use of the telephone , should not be dismiss on  Defendants James Morgan, Brian Westmoreland, Richard Peddicord, Raymond Craul, Gene Fells, Robert Kessler, Anthony Glowczeski, C/O Gary Baylock, and Randy Sipes, because they all play and active roll  of the denial and violative actions of Plaintiff Constitutional right. They  were part of the arrest and have Knowledge and  acquiescence of the facts and should have taken step to prevent this  constitutional violation.

WEHREFORE, plaintiff Tyrone P. James, respectfully requests that the Honorable Court enter an Order denying defendants motion to dismiss and that it grant plaintiff's previously filed motion for summary judgment, and that the Court retain Jurisdiction for purpose of later determining whether plaintiff Tyrone P. James is entitle to damages and the Amount of any damage to which it is entitled, to provide any other relief deemed equitable, and award costs and reasonable attorney fees under Section 1988 and other applicable statutes and Court rules.

Respectfully submitted,

January 21, 2002

Tyrone P. James Pro Se
# 62154
York County Prison
3400 Concord Road
York, Pennsylvania 17402

30