IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES,<br>  Plaintiff | : <br> : <br> : | CIVIL ACTION NO. 1:CV-01-1015<br>Judge Kane |
| v. | : <br> : | |
| YORK COUNTY POLICE DEPT.,<br>ET AL.,<br>  Defendants | : <br> : <br> : | |

FILED
HARRISBURG
FEB 2 0 2002
MARY E. D'ANDREA, CLERK
Per_____
      DEPUTY CLERK

## MEMORANDUM AND ORDER

Now before the Court is Plaintiff's Motion for Appointment of Counsel (Docs. Nos. 18 & 21), Motion to Amend the Complaint (Docs. Nos. 17 & 22) and Motion to Compel (Doc. No. 48). Also pending is Defendants' Motion for Protective Order (Doc. No. 46). For the reasons discussed below, the Motion for Appointment of Counsel will be denied, the Motion to Amend the Complaint will be granted, and the Motion to Compel will be denied. Defendants' motion for Protective Order (Doc. No. 46) will be granted.

**I.    Plaintiff's Motion for Appointment of Counsel**

The Supreme Court has not recognized nor has the U.S. Court of Appeals for the Third Circuit found a constitutional right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997). Additionally, civil litigants do not have a statutory right to appointed counsel. Parham, 126 F.3d at 456-57; Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Despite the lack of a constitutional or statutory right to counsel, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." Such appointment is discretionary. In Parham, the Third Circuit outlined the following applicable standards for appointing attorneys under 28 U.S.C. § 1915:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
> > (1) the plaintiff's ability to present his or her own case;
> > (2) the complexity of the legal issues;
> > (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> > (4) the amount a case is likely to turn on credibility determinations;
> > (5) whether the case will require the testimony of expert witnesses;
> > (6) whether the plaintiff can attain and afford counsel on his own behalf.
>
> This list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases.

Parham, 126 F.3d at 457-58 (citing Tabron, 6 F.3d at 155-56, 157 n. 5).

As a preliminary step, then, the Court must review the merits of the complaint. As explained in this Court's September 18, 2001 Order, and further detailed below, it is not possible to find Plaintiff's claims meritless at this early stage. After review of Plaintiff's filings to date, this Court finds that this Plaintiff is able to present his own case without the aid of a lawyer. While it will doubtless be a challenge for him to pursue his claims, the legal issues involved do not exceed his ability to present them. Excessive factual investigation and the use of expert witnesses appear to be unnecessary. However, the case is likely to turn on credibility determinations and Plaintiff is unable to afford an attorney. After weighing all the above factors this Court finds that appointment of counsel is unnecessary in this case.

## II.     Plaintiff's Motion to Amend the Complaint

Plaintiff moved to amend his complaint on September 27, 2001, before any Defendants filed an answer or motion to dismiss. A party may amend a pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. Pro. 15(a). Because no

2

Defendant had filed an answer or motion to dismiss, and Plaintiff had not previously amended, Plaintiff must be allowed to file his amended complaint.

This Court must review, before docketing if feasible, or as soon as practicable, a complaint in a civil action in which a prisoner seeks redress from a government entity or officer. 28 U.S.C. § 1915A(a). Any claims presented therein which are frivolous, malicious, or which fail to state a claim must be dismissed. 28 U.S.C. § 1915A (b). The Court will now perform its 28 U.S.C. § 1915A review of the amendments to Plaintiff's complaint.

Plaintiff's amendment seeks to add the following new Defendants not named in his original complaint: (1) Agent Randy Snipes, for searching a package in violation of Plaintiff's First, Fourth, and Fourteenth Amendments, as well as Plaintiff's right to privacy; (2) Agent Brian K. Westmoreland, for excessive force; and (3) Detective Glowczeski, also for excessive force. For reasons more fully explained in this Court's Order of September 18, 2001, these claims survive this initial screening. Plaintiff's claim against Snipes for unreasonable search of his property may lie even if the challenged evidence is introduced in a state criminal trial resulting in a conviction. Heck v. Humphrey, 512 U.S. 477, 487 n.7 (1994).[1] The claims against Westmoreland and Glowczeski for excessive force may succeed without necessarily implying the invalidity of any charges that Plaintiff resisted arrest. Nelson v. Jashurek, 109 F.3d 142 (3d Cir. 1997).

### III. Plaintiff's Motion to Compel and Defendants' Motion for Protective Order

Plaintiff served discovery upon Defendants on or around November 15, 2001 and

---

[1] The parties should note, however, that Plaintiff must prove both that the search was unlawful and that it caused him actual, compensable injury. Being convicted and imprisoned as a result of the alleged unlawful searches does not constitute such injury (unless the conviction is overturned.) Heck, 512 U.S. at 487 n.7.

3

December 13, 2001. The motion to dismiss of the original Defendants is newly ripe and may have merit. Therefore, this Court finds it appropriate at this juncture to deny Plaintiff's motion to compel without prejudice to refile the motion within thirty (30) days after this Court rules on the motion to dismiss. Defendant's motion for protective order will also be granted without prejudice to refile the motion within thirty (30) days after this Court rules on the motion to dismiss.

IV.   Order

**IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Motion for Appointment of Counsel (Docs. Nos. 18 & 21) is **DENIED**.

2. Plaintiff's Motion to Amend the Complaint (Docs. Nos. 17 & 22) is **GRANTED**. The Clerk of Court is directed to file the Amended Complaint and serve the three new defendants.

3. Plaintiff's Motion to Compel (Doc. No. 48) is **DENIED**.

4. Defendants' motion for Protective Order (Doc. No. 46) is **GRANTED**.

_____
Yvette Kane
United States District Judge

Date:   February 20, 2002

4