# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES,<br>        Plaintiff<br>v.<br><br>YORK COUNTY POLICE DEPARTMENT,<br>AGENT JAMES H. MORGAN, DETECTIVE<br>RICHARD PEDDICORD, DETECTIVE<br>RAYMOND E. CRAUL, SERGEANT GENE<br>FELLS, DETECTIVE KESSLER,<br>CORRECTION OFFICER BAYLARK, and<br>YORK COUNTY PRISON,<br>        Defendants | : <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: | 1:CV-01-1015<br><br>(KANE, J.)<br><br>MJ. MANNION<br><br>FILED<br>HARRISBURG, PA<br>FEB 27 2002<br>MARY E. D'ANDREA, CLERK<br>Per _____<br>    Deputy Clerk |

**BRIEF IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
OF CORRECTION OFFICER BAYLARK
AND YORK COUNTY PRISON**

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On June 8, 2001, inmate Tyrone P. James, a prisoner confined in the York County Prison, filed a complaint alleging a violation of his constitutional rights under 42 U.S.C. §1983.

On September 18, 2001, the Court filed a Memorandum and Order dismissing those portions of Plaintiff's Complaint that sought injunctive relief and claims on behalf of third parties.

On November 9, 2001, the Defendants Correction Officer Baylark and York County Prison filed an Answer with Affirmative Defenses to Plaintiff's Complaint. Plaintiff's Complaint is directed toward many law enforcement officers, but is very restricted in his claim against the York County Prison and Correction Officer Baylark. The entire Complaint against the York County Prison and Officer Baylark is contained in the following two paragraphs set forth in Plaintiff's Complaint:

> "10. At admission, I requested a phone call to call my family to obtain an attorney, I was denied by James H. Morgan, who instructed correctional officers, Baylark and Asbury not to give me any phone calls pending investigation. I was later denied phone call by C/O Baylark that same night. In total, I was denied telephone access from January 10, 2001 until January 12, 2001.
>
> 11. I was continually subjected to steady and persistent questioning by defendants from January 10, 2001, until January 12, 2001, even when I informed defendants about they denied me a phone call, I was disabled and I would not speak to them without an attorney."

Following the passage of the Federal Prison Litigation Act 42 USC §1997(e), the York County Prison Board adopted a detailed procedure to consider the complaints of inmates concerning prison conditions. See Exhibit 1, Affidavit of Roger Thomas, Deputy Warden.

This procedure provides full administrative relief to an inmate who proves a meritorious claim. The relief may include:

    A.    Monetary damages in a fixed amount
    B.    Alternative dispute resolution
    C.    Changes in procedure
    D.    Disciplinary action
    E.    Any equitable or legal relief deemed appropriate

The grievance system provides for several levels of appeal of an inmate's complaint. One level of appeal is to the Assistant County Solicitor, who may refer the matter to the Complaint Review Board, which then makes recommendations to the York County Prison Board.

The inmate, if not satisfied with the Solicitor's review or the recommendation of the Complaint Review Board, is permitted to make a direct final appeal to the York County Prison Board.

The administrative procedures specifically state:

> "The grievance system 'shall not be exhausted' within the meaning of the state and federal law unless all reviews and appeals are timely taken and denied."
> (See Exhibit 1, Affidavit of Donald L. Reihart, Esq.)

In the instant case, the Plaintiff has failed to comply with the Federal law. Affidavits filed by staff members of the York County Prison establish that there is and was a prisoner grievance system in place at the York County Prison, and that Tyrone P. James did not file a prisoner grievance or complaint in the administrative system and therefore, did not exhaust administrative remedies available to him. See affidavits of Deputy Warden Roger Thomas and Donald L. Reihart, Esq.)

Plaintiff admits in paragraph II B of his complaint that he did not file a grievance concerning the facts relating to his complaint. Defendants Correction Officer Baylark and York County Prison have filed a Summary Judgment Motion. This Brief is filed in support thereof.

II.     **QUESTIONS PRESENTED**

    A.     **SHOULD SUMMARY JUDGMENT BE ENTERED IN FAVOR OF THE DEFENDANTS, AS THERE ARE IS GENIUNE ISSUE AS TO ANY**

**MATERIAL FACT, AND THE DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW?**

III. **ARGUMENT**

Federal Rule of Civil Procedure 56(c) requires that the Court render summary judgment "...forthwith, if the pleadings, depositions, answers, interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts, and that the moving party is entitled to judgment as a matter of law..."

In order to survive a summary judgment motion, the party opposing the motion, "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Company v. Zenith Radio 475 U.S. 574, 586 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. Young v. Quinlan, 960 Fed. 2d. 351, 357 (3rd Cir. 1992).

Once the moving party has carried the initial burden of showing that no genuine issue of material fact exists, the non-moving party must make a showing sufficient to establish the existence of every element essential to his case, based on the affidavits or by the depositions and admissions on file." Astori v. Bell Telephone Co. of PA., 24 Fed. 3rd 508 (3rd Cir. 1994). It is understood that all inferences, however, "should be drawn in the light most favorable to the non-moving party and where the non-moving party's evidence contradicts the movant, then the non-movant must be taken as true." Id., slip Opinion at 7; See also, Dietz Laboratories, Inc. v. Heinz, 647 Fed. 2d. 402 (3rd Cir. 1981).

It is noted that the mere existence of some alleged factual dispute between

the parties will not defeat an otherwise properly-supported Motion for Summary Judgment; the requirement is that there be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). As to materiality, it is the substantive law's identification of which facts are critical and which facts are irrelevant that govern. Gabi v. Jacoby, 800 Fed. Supp. 1149, 1153 (S.D.N.Y. 1992). A dispute is genuine, only if there is sufficient evidence favoring the non-moving party, for a jury to return a verdict for that party. Anderson, Supra @242. In summary, if the Court determines that the record taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Gabi, 800 Fed. Sup. at 1154.

In the case at hand, Plaintiff, inmate Tyrone P. James, has failed to comply with the Federal law. While the inmate's complaint alleges that there is no grievance procedure available at the institution, this simply is not correct. It is noted that the inmate in his complaint in paragraph (2) indicated that he did not file a grievance concerning the facts relating to the complaint. This admission is fatal to his claim against Correction Officer Baylark and the York County Prison.

York County Prison has in effect a comprehensive administrative procedure to address inmate complaints. It was available to specifically address the complaints set forth by the Plaintiff concerning Correction Officer Baylark and the York County Prison.

The grievances of inmates are taken seriously and in appropriate cases, monetary damages have been awarded.

Several Judges in the Middle district have recognized that the York County Prison has in effect, a comprehensive administrative system that under the Prisoner Litigation Reform Act, must be exhausted before an inmate is allowed to proceed under 42 U.S.C.

§1983. For example, in <u>Sherman v. Kluber,</u> et al, 3:CV-01-1134, Chief Judge Vanaski dismissed the inmate's complaint for failure to exhaust his remedies and accurately described the grievance system as follows:

> "This case concerns prison conditions at the York County Prison and the alleged loss of plaintiff's property by prison staff while plaintiff was previously detained there. In their Motion to Dismiss, the defendants assert that York County Prison has in effect, a broad-based administrative system that is designed to address all of the allegations set forth in <u>Sherman's</u> Complaint (Document 10, pg 4)
>
> A submitted copy of the prisoner's grievance procedure provides that inmate claims are to be in writing, submitted on a standardized form and directed to the complaint supervisor. (See document 10, Exhibit A)
>
> The complaint supervisor will thereafter issue a report and recommendation. An inmate who is dissatisfied with the recommendation of the complaint supervisor may file an objection with the Deputy Warden for treatment. If no objection is timely filed, the report and recommendation will be implemented.
>
> Upon receipt of an objection, a Deputy Warden shall issue a decision. If a prisoner disagrees with said decision, an appeal may be filed with the county solicitor who is designated by the county prison board. The solicitor may then recommend a review of the grievance by the complaint review board. It is noted that the complaint review board has the discretion to award monetary damages in a fixed amount.
>
> If an inmate is not satisfied with the solicitor's review of his case or the decision of the complaint review board, he has the final right to review by the York County Prison Board. The inmate must file the appeal within thirty (30) days of the receipt of notice of the decision appealed. The grievance procedures further provide that the grievance system "shall not be exhausted" within the meaning of the state and federal law, unless

all reviews and appeals are timely taken and denied.
Sherman, Supra. Pg. 3 and 4."

The inmate's complaint concerns prison conditions, i.e. the failure to provide telephone service and persistent questioning. It should be noted that 42 U.S.C. §1997e(a) makes no distinction between an action for damages, injunctive relief, or both. Fortes v. Harding, 19 F. Supp. 2d 323 (M.D. Pa. 1998). Exhaustion of administrative remedies is required even where the relief sought is not available as long as the reviewing entity has authority to take some responsive action. Booth v. Churner, -___U.S.___, 2001 WL 567712, at *3-5 (U.S. May 29, 2001.) Thus, prisoners are required to exhaust available administrative remedies prior to seeking relief pursuant to 42 U.S.C. § 1983 or any other federal law. See id., at *5 ("...we hold only that Congress has provided in §1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues.")' Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) ("...we hold that the PLRA [Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996] amended § 1997 e(a) in such a way as to make exhaustion of all administrative remedies mandatory – whether or not they provide the inmate plaintiff with the relief he says he desires in his federal action."); Rankins v. Murphy, Civ. A. No. 98-1669, 1998 WL 767441, at *1 (E.D. Pa. November 3, 1998). Furthermore, § 1997e(a)'s exhaustion requirement applies to claims not only involving actual prison conditions, but also to allegations of excessive force as well as "all prisoner lawsuits." Booth v. Churner, 206 F.3d 289, 298 (3d Cir. 2000), aff'd., ___U.S.___, 2001 WL567712 (U.S. May 29, 2001.)

The system, which is in place at the York County Prison, provides all inmates, including inmate James, with the right to fully address any complaint about prison

conditions. The system provides for monitary damages and constitutes a real and effective administrative remedy. The failure to exhaust available remedies is fatal to the inmate's 1983 claims. James' complaint should be dismissed in its entirety. See: Carswell v. Ellis, Civ. No. 3:CV-00-1665 (M.D. Pa. October 30, 2000) (Nealon, J.); Huffman v. Gillis, Civ. No. 3:CV-00-1185 (M.D. Pa. July 31, 2000) (Munley, J.); Camejo v. Caprio, Civ. No. 3:CV-00-0562 (M.D. Pa. March 31, 2000) (Munley, J.); Amey v. Cerullo, et al., Civ. A. No. 3:CV-99-1034 (M.D. Pa. June 22, 1999) (Nealon, J.); Haywood v. Chambers, Civ.A.No. 3:CV-99-0441 (M.D. Pa. April 9, 1999) (Nealon, J.); Rankins, 1998 WL 767441, at *1; Turner v. Boutista, Civ. A. No. C-97-0449, 1997 WL 337567 (N.D. Cal. June 9, 1997), aff'd, 134 F.3d 379 (9th Cir. 1998) (Table); Brooks v. Superintendent Lunk of Div. 10, et al., No. 96C3221, 1996 WL 308268 (N.D. Ill June 5, 1996).

It is noted that United States Supreme Court, in Booth v. Churner, 121 Sup.Ct. 1819 (2001), has held that the Prisoner Litigation Reform Act, "Requires administrative exhaustion even where {the} grievance process does not permit award of money damages and the prisoner seeks only money damages, as long as {the} grievance tribunal has authority to take some responsive action. See also, Irwin v. Hawk, 440 Fed. 3rd, 347, 348 (11th Cir. 1994).

For even stronger reasons, because the York County Prison does have an administrative system established and in place, which provides for an award of money damages, summary judgment should be entered in favor of the Defendants.

## IV.    CONCLUSION

The material statement of facts and affidavits submitted with Defendants' Motion

For Summary Judgment prove that inmate Tyrone P. James failed to exhaust the administrative remedies available to him. The singular grievances that he asserts against the York County Prison dealt with the use of a telephone. This clearly involves prison conditions and is a matter that would have been handled by the administrative system in place had inmate James chose to use that procedure. The inmate has failed to exhaust his administrative remedies.

Summary judgment should be granted in favor of the Defendants, as they are entitled to judgment as a matter of law.

Respectfully submitted,

By: *Donald J. Reihart*
Donald L. Reihart, Esq.
Sup. Ct. I.D. #07421
2600 Eastern Boulevard
Suite 204
York, PA 17402-2904
Telephone (717) 755-2799

Date: 2/20/02

Assistant Solicitor for York County

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES,<br>　　　　Plaintiff<br>　　v.<br><br>YORK COUNTY POLICE DEPARTMENT,<br>AGENT JAMES H. MORGAN, DETECTIVE<br>RICHARD PEDDICORD, DETECTIVE<br>RAYMOND E. CRAUL, SERGEANT GENE<br>FELLS, DETECTIVE KESSLER,<br>CORRECTION OFFICER BAYLARK, and<br>YORK COUNTY PRISON,<br>　　　　Defendants | 1:CV-01-0115<br><br><br>(KANE, J.) |

### CERTIFICATE OF SERVICE

I, Donald L. Reihart, Esquire, Assistant Solicitor for York County, hereby certify that a true and correct copy of the foregoing BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF CORRECTION OFFICER BAYLARK AND YORK COUNTY PRISON, was caused to be served on the date shown below by depositing same in the United States mail, first-class, postage prepaid thereon, addressed as follows:

　　　　　　　　Tyrone P. James
　　　　　　　　Inmate No. 62154
　　　　　　　　York County Prison
　　　　　　　　3400 Concord Road
　　　　　　　　York, PA  17402

Assistant U.S. Attorney
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA  17108

Respectfully submitted,

By: _____
Donald L. Reihart, Esq.
Sup. Ct. I.D. #07421
2600 Eastern Boulevard
Suite 204
York, PA 17402-2904
Telephone (717) 755-2799

Date: 2/20/02

Assistant Solicitor for York County