JUDGE'S COPY

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES

            Plaintiff      :  CIVIL NO. 1:CV-01-1015

                            :    Judge Kane

        v.              :

YORK COUNTY POLICE DEPT.,  :

ET AL.,                  :

           Defendants



FILED

MAR 1 1 2002

PER _____
HARRISBURG, PA  DEPUTY CLERK

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS

Plaintiff's submit the following Statement of Material Facts as follows:

### (1)

Plaintiff, was not made aware of York County Prison rules and regulation and was never given an inmate Handbook for York County Prison.

Plaintiff, can only file a grievance through the Prison grievance system, if the prison official had provided him with the prison handbook. No such handbook was made available to him at any time either before admissions or after admissions.

Furthermore an inmate can only be subject to administrative remedies when he has been admitted into the prison population. An inmate who is still at admission cannot be properly included or considered admitted.

Assuming for the arguendo, that he is admitted, if inmate was not provided with the inmate handbook, he should not be held liable for rules and regulation that was not available to him.

(2)

The issue of monetary damages will be for this Court to decide, considering that the plaintiff's substantive and procedural due process guaranteed by the constitution are violated. Biven v. Six Unknown Agents, 403 US 388 29 LEd 2d 619, 91 S. Ct. 1999 (1970). (Held that when govt. agent acts in an unconstitutional manner he becomes liable for money damages.)

(3)

It is futile to address Defendants assertion that plaintiff should go through the procedures set forth on the prison/inmate handbook, when exhaustion of remedies is not relevant in the instant case. Plaintiff was never given an inmate hand book, and was not aware of what reliefs if any and what channels or administrative options are available to him, therefore exhaustion

of administrative remedies is not required where it would be futile <u>McCarthy</u> <u>v. Madigan</u>, 503 US 140, 117 Led 2d 291, 112 S. Ct. 1082 (1992).

(4)

This Court has to address and decide on whether plaintiff who at admission, should be considered as an inmate who is admitted or properly included in the prison population;  It is also for this Court to examine Plaintiff's complaint based upon the denial of his substantive and procedural due process rights guaranteed under, Fifth, Sixth Eight and Fourteenth amendment of the Constitution.

Plaintiff was never presented with any regulatory documents as to what regulatory procedures, he was entitled to at time of his admission.

He was repeatedly denied access to counsel and a phone call.  He was placed in the "BAU unit" meant for  inmates who are in violations of prison rules and regulations.(Where you are  not allowed phone call, See exhibit B)

In the instant case there was no disciplinary action pending against the Plaintiff.  Additionally an accused has a fundamental right to be represented by counsel of his own choice.  <u>Powell v. Alabama</u>,  287 U.S. 45 77 Led 158, 53 S. Ct. 55 (1932).

(5)

Plaintiff contended that he never received the inmate handbook that the defendants' states in his respond.  See Gonzalez v. Reno, 212 F3d 1338 (11th Cir 2000) the Court held that executive agencies must comply with the procedural requirement imposed by statute.  The Defendant never comply with the rules and regulation of the Board of prison.

(6)

In order for the plaintiff to file a grievance regarding his denial of phone privileges and persistent questioning, he must have the inmate hand book, there are no records to proved that the plaintiff was given the handbook, and he was placed in BAU without any inmate handbook.

(7)

The Supreme Court has recognized "Broad sets of circumstance in which the interest of  an individual weight heavily against requiring administrative exhaustion. See McCarthy v. Madigan, 503 US 140, 117 Led 2d 291, 112 S Ct. 1081 (1992).

Respectfully Submitted,

Date _March 8th_, 2002.

TYRONE P. JAMES Pro Se
#62154

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES                          :

          Plaintiff              :               CIVIL ACTION NO.

                                                   1:CV-01-1015

                          :               Judge Kane

        v.

YORK COUNTY POLICE DEPT.,      :

              ET AL.,

         Defendants          :

### CERTIFICATE OF SERVICE

I certify under penalty of perjury that the foregoing **PLAINTIFF'S STATEMENT OF MATERIAL FACTS,** is true and correct pursuant to 28 U.S.C. 1746, and was caused to be served on the date shown below by depositing same in the United States mail, first-class, postage prepaid thereon, addressed as follows:

1.
    Office Of The Clerk
    United States District Court
    Middle District Of Pennsylvania
    228 Walnut Street
    P.O. Box 98
    Harrisburg, PA 17108

2.  Donald L Reihart, Esq.
    Sup. Ct. I.D. #07421
    2600 Eastern Boulevard
    Suite 204
    York, PA  17402-2904

3.  LINDA S. LLOYD
    Deputy Attorney General
    I.D. #66720
    Office Of Attorney General
    15th Fl., Strawberry Square
    Harrisburg, PA 17120.

Respectfully submitted,

Tyrone P. James
#62154
York County Prison
3400 Concord Road
York, PA   17402.

Dated: March 8th, 2002 .