**ORIGINAL**



# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES, | : | 1:CV-01-1015 |
|     Plaintiff | : | |
| v. | : | |
| | : | |
| YORK COUNTY POLICE DEPARTMENT, | : | (KANE, J.) |
| AGENT JAMES H. MORGAN, DETECTIVE | : | |
| RICHARD PEDDICORD, DETECTIVE | : | |
| RAYMOND E. CRAUL, SERGEANT GENE | : | |
| FELLS, DETECTIVE KESSLER, | : | |
| CORRECTION OFFICER BAYLARK, and | : | |
| YORK COUNTY PRISON, | : | |
|     Defendants | : | |

FILED
HARRISBURG

MAR 2 0 2002

MARY E. D'ANDREA, CLERK
Per_____
    DEPUTY CLERK

## REPLY BRIEF OF CORRECTION OFFICER BAYLARK
## AND THE YORK COUNTY PRISON

**I.   FACTS AND PROCEDURAL HISTORY**

The Defendants' statement of facts and procedural history have been outlined in the Brief filed in support of the Defendants' Motion for Summary Judgment. The Plaintiff, Tyrone P. James, has filed a "Plaintiff's Statement of Material Facts" and an "Opposition to the Defendants' Motion for Summary Judgment." In these documents, inmate James argues that he was "not aware" of York County Prison Rules and Regulations and was never given an Inmate Handbook for the York County Prison. Inmate James also claims that he was placed in the BAU unit where detainees are held for disciplinary action. He

claims he was not in violation of any prison rules or regulation and that placement in the BAU unit was a violation of his 5th, 6th, and 14th Amendment Rights, guaranteed by the United States Constitution.

These are new facts not originally set forth in Plaintiff's complaint.

In any event, Defendants file, with this Reply Brief, an affidavit, which indicates that James' statement that he did not know about the Grievance System which provides a full administrative remedy, is simply not correct.

He was given an introductory orientation, which all prisoners receive. In this orientation, he was given a complete explanation of the Grievance System, how to file it, and how it works. He was also given a handbook on February 11, 2001, long before the lawsuit, which he filed on June 8, 2001. (See Affidavit of Andrew Kreps).

In addition, he used the grievance system on two occasions (March 29, 2001 and April 19, 2001). See Affidavit Deputy Warden Thomas.

II. **QUESTIONS PRESENTED FOR REVIEW**

    A. **SHOULD SUMMARY JUDGMENT BE ENTERED IN FAVOR OF DEFENDANTS? THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT AND THE DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW.**

III. **ARGUMENT**

    A. **THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT AND THE DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW.**

In addition to the matters set forth in the Defendants' first Brief filed In Support of their Motion for Summary Judgment, Defendants also submit that inmate James has failed to raise an issue for jury consideration. While James claims that there is factual

dispute, it is noted that an Affidavit prepared and filed by Deputy Warden Roger Thomas indicates that James filed two 801s utilizing the in-place administrative system before he filed his complaint in Federal Court. The first complaint was filed on March 29, 2001, making some complaint about the law library.

The second complaint, dealing with mail, was filed on April 19, 2001.

This suggests that James' statement that he did not know about the administrative system is simply unbelievable. In addition, Counselor Kreps has submitted an affidavit that proves inmate James received an Inmate Handbook on January 11, 2001.

It is noted that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported Motion for Summary Judgment. The requirement is that there be no genuine issue of material fact. Anderson v. Liberty Loby, Inc., 477 U.S. 242, 247-248 (1986). A dispute is genuine only if there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson v. Liberty Loby, Inc. 477 U.S. 242, 247-248 (1986)

In summary, if the Court determines that the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Gabby v. Jacoby, 800 F. sup. 1149 at 1154 (SD New York 1992).

All the matters about which inmate James complains, deal with prison conditions. Because York County Prison does have an administrative system established and in place, which provides for an award of money damages, James' Federal civil rights complaint should be dismissed. Booth v. Churner, 121 Supreme Ct. 1819 (2001).

## IV. CONCLUSION

The material statement of facts and affidavits submitted with the Defendants' Motion for Summary Judgment and this Reply Brief prove that inmate Tyrone James did not exhaust the administrative remedies available to him. The inmate has failed to exhaust his administrative remedies. Summary Judgment should be granted in favor of the Defendants, as they are entitled to judgment as matter of law.

Respectfully submitted,

By: _____
Donald L. Reihart, Esq.
Sup. Ct. I.D. #07421
2600 Eastern Boulevard
Suite 204
York, PA 17402-2904
Telephone (717) 755-2799
Assistant County Solicitor

Dated: 3/18/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNYSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES, | : | 1:CV-01-0115 |
|     Plaintiff | : | |
| v. | : | |
| | : | |
| YORK COUNTY POLICE DEPARTMENT, | : | (KANE, J.) |
| AGENT JAMES H. MORGAN, DETECTIVE | : | |
| RICHARD PEDDICORD, DETECTIVE | : | |
| RAYMOND E. CRAUL, SERGEANT GENE | : | |
| FELLS, DETECTIVE KESSLER, | : | |
| CORRECTION OFFICER BAYLARK, and | : | |
| YORK COUNTY PRISON, | : | |
|     Defendants | : | |

### CERTIFICATE OF SERVICE

I, Donald L. Reihart, Esquire, Assistant Solicitor for York County, hereby certify that a true and correct copy of the foregoing Reply Brief of Correction Officer Baylark and the York County Prison, was caused to be served on the date shown below by depositing same in the United States mail, first-class, postage prepaid thereon, addressed as follows:

        Tyrone P. James
        Inmate No. 62154
        York County Prison
        3400 Concord Road
        York, PA  17402

Assistant U.S. Attorney
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108

        Respectfully submitted,

By: _/s/ Donald L. Reihart_
Donald L. Reihart, Esquire
Sup. Ct. I.D. #07421
2600 Eastern Boulevard
Suite 204
York, PA 17402-2904
Telephone (717) 755-2799

Date: 3-19-02

Assistant Solicitor for York County