ORIGINAL

UNITED STATE DiSTRiCT CouRT
For The Middle DiSTRicT oF PENNSLYVANIA

TYRONE P. JAMES
   Plaintiff

VS

York County Police Dept.,
  ET AL.,

Civil No. 1:CV-01-1015

FILED
HARRISBURG, PA
APR 29 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

Answer To Defendant C/O Baylock
Reply Brief For Motion For Summary
Judgment.

Now Comes, the Plaintiff, TYRONE P. JAMES, hereby answers and reply to Defendant C/O Baylock Reply Brief, received by Plaintiff on April 23, 2002 and avers the following:

1) I, Tyrone P. James, was never given and Inmate Handbook of the York Prison Rule Regulation and procedures, upon entering the Prison on January 10, 2001 or January 11, 2001.

2) Any Grievance system or procedure, that was filed by Plaintiff during is stay at the York

County Prison, was learned, upon Plaintiff own Initiative to seek adequate amount of time in the Law Library, when York County Prison was given Plaintiff limited amount of Law Library to research his case. And Plaintiff's concerned, because of the handle of his "mail". The Greivance procedure system was Learned by Plaintiff, during is stay at York County Prison, and not by the issuing of a handbook. The result of these Greivance that Plaintiff's filed was unfavorable and Futile.

3) Plaintiff was seen briefly by a counsel at York County Prison on January 11, 2001, while he was still in "BAU" unit. The only discussion with that counselor was if "Plaintiff have any enemies in the System". Plaintiff was never given an Handbook prior to his arrest and admission into York County Prison. Plaintiff ~~was never~~ didn't signed any documentation, stating that he did received an Handbook upon speaking to a counselor or any prison staff.

4) There is no signature of Plaintiff signing any document stating that he received any Handbook or that the Counselor Andrew Krepps, who claimed that he gave Plaintiff an Information package, explaining the prison greivance system to Plaintiff. This is what Plaintiff explained that exhaustion of the Administra

ive remedies would have been futile.

As stated in Plaintiff previous motion filed with this Court and statement of material Facts, and opposing Motion for summary Judgement filed with this Court; Exhaustion of administrative remedies is not required where, it would be futile. See McCarthy v. Madigan 503 U.S. 140, 117 LEd 2d 291, 112 S. Ct. 1081 (1992). C/O Baylock was acting as an instrument upon Co-defendant Morgan request; Therefore Plaintiff need not exhaust Administrative Remedies, because he was acting as an agent out of the His official capacities of an correctional officer. The irreparable harm was already done by Agent Morgan and C/O Baylark denying Plaintiff right to Counsel. See Article 1 section 9 Pennsylvania Constitution. Thompson v. Wainwright 601 F.2d 768 (5th Cir 1979), once a criminal defendant requests Counsel police officer can not argue that Counsel may not be in defendant's best interest or that counsel when present would tell defendant to act in a particular manner. See U.S. v. Klat 156 F.3d 1258 (D.C. Cir 1998) Hold that Defendant has right to Counsel at every critical stage of criminal prosecution," once the petition -er become the "accused" and was given Miranda Rights then the officer must indeed oblige to the request of Counsel. In this case Plaintiff was denied both.

Plaintiff's would have been engage in empty formal

-ity the prison administrative process for a form of relief YCP would not have provided. See White v. Fauver 19 F. Supp. 2d 305, 317 (D.N.J. 1998) A speedy and effective response (See Procedure manual For York County Prison, Instructional Level (B); and Record Keeping and Procedural Guideline Flow chart (4) see McCathy v. Madigan 112, S. Ct. 1081. The Interrogation process was already accomplish by Agent Morgan, even when Plaintiff requested counsel. Plaintiff was interview again on January 11, 2001, even after he was denied access to the phone to speak to his Attorney.

As noted Plaintiff was in the Intake area of the prison, when defendant C/O Baylock deliberately and intentionally was Instructed by co-defendant Morgan "Not to give plaintiff any phone calling pending Investigation. Plaintiff's suit also included several State and County Defendants of whom C/O Baylock was acting in concert with, when he was instructed not to give Plaintiff's any Phone call to contact his Attorney. Therefore this is not a Prison condition in which several Inmate are affected, but only one Isolated incident that occurred on the 10th of January 2001, where C/O Baylock acted outside his Official duties as a correctional Officer, and only affected Plaintiff, Tyrone P. James, not the whole prison population and upon the Instruction of Defendant Morgan. Plaintiff was not in the prison population at time of arrest and entering

at York County Prison. All other Inmate are allowed to make phone call upon arriving at York County Prison and at intake at Admission; As mentioned, Plaintiff complaint does not deal with prison conditions under Booth v. Churner 121 Supreme Ct. 1819 (2001), but a single incide[nt] that occurred at the Prison by an Agent Morgan and a Correctional officer Baylock, acting in concert with each other in denying Plaintiff access to the phone, to contact his Attorney.

When State Agent are involved and request or give Instruction to another to do something in denying constitutional Right guarantee by this Constitution, then it become[s] not a prison condition, but a constitutional one and Plaintiff's need not exhaust Administrative Remedies. See. <u>Patsey v. Board of Regents</u> 457 US 496, 73 LEd 2d, 102 S. Ct. 2557 (1982) <u>Preizer v. Rodriguesz</u> 411 US. 475 488-90 (1973); <u>Houghton v. Shafer</u> 392 US 639 (1968); <u>Monroe v Pape</u>, 365 U.S., 180-183 (1961) <u>Biven V. Six Unknown Agents</u> 403 US 388.

Exhaustion of Administrative Remedies would have been futile, because the irreparable harm conduct by C/O Baylock was already done, and could not have been repair when Plaintiff's was denied Counsel on January 10th 2001.

<u>Conclusion.</u>

The genuine issues of material fact have been presented to the Honorable Court. See City Management Corp. v. U.S. Chemical Co Inc. 43 F.3d 244 (6th Cir 1994)

Complaint should not be dismissed unless it appear beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See US Ex Rel Thompson v Columbia/HCA Health care corp., 125 F.3d 899 (5th Cir. 1997); Haines v. Kerner 404 US 519, 30 LEd 2d 652, 92 S. Ct. 594 (1972).

Summar Judgment is not proper if material factual issues exist for Trial. Nodine v. Shiley Inc. 240 F.3d 1149 (9th Cir 2001).

There are genuine issue of material fact presented in Plaintiff Complaint.

Wherefore, Plaintiff respectfully pray and move this Court to deny Defendant motion for Summary Judgment and proceed with this matter to trial.

Respectfully Submitted

Dated April 24, 2002.

*Tyrone James*
TYRONE JAMES
EX9451





Office of the Clerk
United States District Court
Middle District of Pennsylvania
228 Walnut Street
P.O. Box 98
Harrisburg, PA. 17108

FILED
HARRISBURG, PA
APR 29 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

Tyrone James
Ex 9451
P.O. Box 200
Camp Hill, PA 17001-0200

Legal mail.