**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYRONE P. JAMES,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:01-1015** |
| v. | : | **(KANE, D.J.)** |
| | : | **(MANNION, M.J.)** |
| **YORK COUNTY POLICE DEPARTMENT, JAMES H. MORGAN, RICHARD PEDDICORD, RAYMOND E. CRAUL, GENE FELLS, DET. KESSLER, CO BAYLARK, RANDY SNIPES, BRIAN WESTMORELAND, and DETECTIVE GLOWCZESKI,** | : | |
| **Defendants** | : | |

**N O T I C E**

**TO:  Tyrone P. James**
       **SCI-Rockview**
       **P.O. Box A**
       **Bellefonte, PA   16823**

       **Donald L. Reihart, Esquire**
       **LAW OFFICES OF DONALD L. REIHART**
       **3015 Eastern Blvd.**
       **York, PA   17402**

       **Linda S. Lloyd, Esquire**
       **15th Floor-Strawberry Square**
       **Harrisburg, PA   17120**

NOTICE IS HEREBY GIVEN that the undersigned has entered the following:

**Report and Recommendation of Magistrate Judge Mannion dated 03/11/03.**

Any party may obtain a review of the magistrate judge's above proposed

determination pursuant to Rule **72.3**, M.D.PA, which provides:

**72.3 REVIEW OF REPORTS AND RECOMMENDATIONS OF MAGISTRATE JUDGES ADDRESSING CASE DISPOSITIVE MOTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall made a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                  s/ Malachy E. Mannion

                                                  MALACHY E. MANNION
                                                  United States Magistrate Judge

Dated:    March 11, 2003

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYRONE P. JAMES,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:01-1015** |
| v. | : | (KANE, D.J.) |
| | : | (MANNION, M.J.) |
| **YORK COUNTY POLICE DEPARTMENT, JAMES H. MORGAN, RICHARD PEDDICORD, RAYMOND E. CRAUL, GENE FELLS, DET. KESSLER, CO BAYLARK, RANDY SNIPES, BRIAN WESTMORELAND, and DETECTIVE GLOWCZESKI,** | : : : : | |
| **Defendants** | : | |

**REPORT AND RECOMMENDATION**

Presently pending before the court is a motion for summary judgment filed on behalf of defendants Baylark and the York County Prison[1]. (Doc. No.

---

[1] There is apparently some confusion as to the named parties in this action. The York County Prison has not been designated as a defendant in this action, as it appears that the plaintiff simply listed the York County Prison as defendant Baylark's place of employment.

However, to the extent that the plaintiff's complaint could be construed as listing the York County Prison as a defendant, a jail or prison is not a proper defendant pursuant to § 1983 and, as such, the plaintiff's complaint should be dismissed with respect to the York County Prison. Powell v. Cook County Jail, 814 F.Supp. 757 (N.D.Ill. 1993)(jail is not a "person" for purposes of civil rights statute); Mitchell v. Chester County Farms Prison, 426 F.Supp. 271 (E.D.Pa. 1976)(prison not a "person" subject to civil rights suit).

(continued...)

3

57).

On June 8, 2001, the plaintiff, an inmate at the York County Prison, filed this civil rights action pursuant to 42 U.S.C. § 1983, in which he alleges various violations of his constitutional rights in relation to his arrest on unspecified charges. (Doc. No. 1).

By report dated June 25, 2001, this court gave the plaintiff's complaint preliminary consideration pursuant to 28 U.S.C. § 1915A and recommended that the complaint be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) and Smith v. Holtz, 87 F.3d 108 (3d Cir. 1996), finding that the plaintiff had a pending criminal prosecution in the state courts and that there would be the potential for inconsistent determinations in the civil and criminal cases. (Doc. No. 7).

By memorandum and order dated September 18, 2001, the district court adopted in part and rejected in part the findings and recommendation of this court. Specifically, the court dismissed those portions of the complaint which sought injunctive or other relief to end or alter the plaintiff's state prosecution

---

[1](...continued)
The same would hold true for the York County Police Department, which the plaintiff has actually named as a defendant. Ngiraingas v. Sanchez, 858 F.2d 1368 (9th Cir. 1988) aff'd 495 U.S. 182 (police department not a "person" chargeable with civil rights violations); Peterson v. Easton Police Department Criminal Investigations Division, 1999 WL 718551 (E.D.Pa.)(police department not a "person" for purposes of civil rights action). As such, the plaintiff's complaint should also be dismissed with respect to this defendant.

and confinement; dismissed those portions of the complaint which asserted claims on behalf of third parties; and directed that the complaint be served for consideration of the remaining matters, (i.e., the plaintiff's Fourth Amendment claims for unlawful seizure of his person and unreasonable search of his property, the plaintiff's Eighth Amendment claim for excessive force, and the plaintiff's Fifth and Six Amendment claims for warrantless search and seizure, failure to Mirandize and denial of attorney). (Doc. No. 16).

On February 25, 2002, the district court permitted the plaintiff to file an amended complaint, which simply sought to add new defendants not named in his original complaint, (i.e., Snipes, Westmoreland and Glowczeski), and did not set forth any new factual allegations. (Doc. No. 55, Order; Doc. Nos. 22 & 56, Amended Complaint).

On February 27, 2002, the instant motion for summary judgment was filed, (Doc. No. 57), along with a brief and exhibits in support thereof, (Doc. Nos. 58 & 59), and a statement of material facts, (Doc. No. 60). The plaintiff filed his own statement of material facts and a brief in opposition to the defendants' motion for summary judgment on March 11, 2002. (Doc. Nos. 63 & 64). A reply brief and exhibits were filed on March 20, 2002. (Doc. Nos. 66 & 67). Without first obtaining leave of court as required by the Middle District Local Rules of Court, Rule 7.7, on April 29, 2002, the plaintiff filed a sur-reply brief. (Doc. No. 71). On July 10, 2002, the district court directed that the case be transferred back to the undersigned for preparation of a Report and

Recommendation. (Doc. No. 77). The undersigned received the file from the District Court on January 24, 2003.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The Supreme Court has stated that:

> ". . . [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."

Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. Id. The moving party can discharge that burden by "showing . . . that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Issues of fact are genuine "only if a reasonably jury, considering the

6

evidence presented, could find for the nonmoving party." <u>Childers v. Joseph</u>, 842 F.2d 689, 693-94 (3d Cir. 1988)(citations omitted). Material facts are those which will effect the outcome of the trial under governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The court may not weigh the evidence or make credibility determinations. <u>Boyle v. County of Allegheny</u>, 139 F.3d 386, 393 (3d Cir. 1998). In determining whether an issue of material fact exists, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the nonmoving party. <u>Id.</u> at 393.

If the moving party meets his initial burden, the opposing party must do more than raise some metaphysical doubt as to material facts, but must show sufficient evidence to support a jury verdict in its favor. <u>Id.</u>

The only allegations in the plaintiff's complaint relating to defendant Baylark are as follows:

> 10. At admission, I requested a phone call to call my family to obtain an attorney, I was denied by James H. Morgan, who instructed correctional officers, Baylark and Asbury not to give me any phone calls pending investigation. I was later denied phone call by C/O Baylark that same night. In total, I was denied telephone access from January 10, 2001 until January 12, 2001.
>
> 11. I was continually subjected to steady and persistent questioning by defendants from January 10, 2001, until January 12, 2001; Even when I inform defendants about they denied me a phone call, I was disabled and I would not speak to them without an attorney.

(Doc. Nos. 1, 56).

7

The defendants' statement of material facts, supported by sworn affidavits, establish that the York County Prison has a comprehensive grievance system that provides inmates with an administrative remedy for complaints about prison conditions. The system provides for monetary damages in a fixed amount, alternative dispute resolution, changes in procedure, disciplinary action, and any equitable or legal relief deemed appropriate. (Doc. No. 60, ¶ 1, Doc. No. 59, Affidavit of Deputy Warden Roger Thomas).

The administrative review system was in effect during the entire time the plaintiff was incarcerated at the York County Prison. (Doc. No. 60, ¶ 3, Doc. No. 59, Affidavit of Donald L. Reihart, Esq.).

The administrative system provides for a series of staff reviews, a review outside the prison by the solicitor (Form 806), who can recommend or deny a hearing by the Complaint Review Board, and a final appeal to the York County Prison Board. (Doc. No. 60, ¶ 4, Doc. No. 59, Affidavit of Deputy Warden Roger Thomas).

The Inmate Handbook, which is available to all inmates and which was available to the plaintiff, provides the proper procedures for filing an administrative claim. (Doc. No. 60, ¶ 5, Doc. No. 59, Affidavit of Deputy Warden Roger Thomas).

Upon being received at the York County Prison, the plaintiff was given an introductory orientation, which all prisoners receive, at which he was given a

complete explanation of the administrative grievance system, how to file it, and how it works. In addition, the plaintiff was given a handbook on February 11, 2001. (Doc. No. 67, Affidavit of Andrew Krepps, Counselor, York County Prison).

The plaintiff used the grievance system on March 29, 2001, to complain about the law library, and on April 19, 2001, to grieve an issue relating to mail. (Doc. No. 67, Affidavit of Deputy Warden Roger Thomas). The plaintiff did not, however, exhaust the remedies available to him concerning the allegations set forth in his complaint. (Doc. No. 60; Doc. No. 67, Affidavit of Deputy Warden Roger Thomas).

In an attempt to refute the defendants' materials and demonstrate that a material issue of fact exists, the plaintiff simply alleges that he was unaware of the administrative remedy procedure because he did not receive the York County Prison handbook, which set forth the procedure to be followed in filing a grievance and, even if he did, any attempts to exhaust his administrative remedies would be futile. As discussed above, the plaintiff's bare allegations alone are insufficient to refute the defendants' sworn affidavits and establish that a material issue of fact exists. Thus, the only question is whether the defendants are entitled to judgment as a matter of law.

The Prison Litigation Reform Act of 1995, ("Act"), requires that prisoners must exhaust all applicable administrative remedies prior to bringing an action in federal court. 42 U.S.C. § 1997(e)(a). Although the plaintiff is seeking more

9

than injunctive relief in this case, he must still exhaust his administrative remedies, as the Act makes no distinction between claims for damages, injunctive relief, or both. See Booth v. Churner, 121 S.Ct. 1819 (2001)(Prison Litigation Reform Act (PLRA) requires administrative exhaustion even where grievance process does not permit award of money damages and prisoner seeks only monetary damages, as long as grievance tribunal has authority to take some responsive action); Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000)(§ 1997e(a) requires an inmate to exhaust administrative remedies prior to bringing a Bivens action regardless of the relief requested).

In this case, the plaintiff admits that he has not exhausted his administrative remedies with respect to the claims he now attempts to raise. He argues, however, that he did not exhaust his administrative remedies because he was not aware of the procedures to do so. As discussed above, the defendants' materials establish otherwise.

In the alternative, the plaintiff argues that, even if he knew of the relevant procedures, it would have been futile for him to attempt to exhaust his administrative remedies. With respect to this claim, the Supreme Court has dictated that no futility exception will be read into § 1997e. Booth v. Churner, 121 S.Ct. at 1825.

On the basis of the foregoing,

**IT IS RECOMMENDED THAT:**

**(1)** the defendants' motion for summary judgment, (Doc. No. 57),

be **GRANTED**; and

**(2)** the plaintiff's complaint and amended complaint, (Doc. Nos. 1, 56), be **DISMISSED** with respect to the defendants Baylark, the York County Prison, and the York County Police Department[2].

**s/ Malachy E. Mannion**

**MALACHY E. MANNION**
**United States Magistrate Judge**

**Dated:**   March 11, 2003

---

[2]See n.1.