## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES, | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:01-1015 |
| v. | : | (KANE, D.J.) |
| | | (MANNION, M.J.) |
| YORK COUNTY POLICE | : | |
| DEPARTMENT, JAMES H. | | |
| MORGAN, RICHARD | : | |
| PEDDICORD, RAYMOND E. | | |
| CRAUL, GENE FELLS, DET. | : | |
| KESSLER, CO BAYLARK, | | |
| RANDY SNIPES, BRIAN | : | |
| WESTMORELAND, and | | |
| DETECTIVE GLOWCZESKI, | : | |
| Defendants | : | |

## N O T I C E

TO:  Tyrone P. James
     SCI-Rockview
     P.O. Box A
     Bellefonte, PA   16823

     Donald L. Reihart, Esquire
     LAW OFFICES OF DONALD L. REIHART
     3015 Eastern Blvd.
     York, PA   17402

     Linda S. Lloyd, Esquire
     15th Floor-Strawberry Square
     Harrisburg, PA   17120

     NOTICE IS HEREBY GIVEN that the undersigned has entered the following:

     Report and Recommendation of Magistrate Judge Mannion dated 03/13/03.

1

Any party may obtain a review of the magistrate judge's above proposed determination pursuant to Rule 72.3, M.D.PA, which provides:

**72.3 REVIEW OF REPORTS AND RECOMMENDATIONS OF MAGISTRATE JUDGES ADDRESSING CASE DISPOSITIVE MOTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.   Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.   The briefing requirements set forth in Local Rule 72.2 shall apply.    A judge shall made a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.   The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.    The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

<u>s/ Malachy E. Mannion</u>

**MALACHY E. MANNION
United States Magistrate Judge**

**Dated:    March 13, 2003**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TYRONE P. JAMES, | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:01-1015** |
| **v.** | : | **(KANE, D.J.)** |
| | | **(MANNION, M.J.)** |
| YORK COUNTY POLICE | : | |
| DEPARTMENT, JAMES H. | | |
| MORGAN, RICHARD | : | |
| PEDDICORD, RAYMOND E. | | |
| CRAUL, GENE FELLS, DET. | : | |
| KESSLER, CO BAYLARK, | | |
| RANDY SNIPES, BRIAN | : | |
| WESTMORELAND, and | | |
| DETECTIVE GLOWCZESKI, | : | |
| **Defendants** | : | |

## <u>REPORT AND RECOMMENDATION</u>

Presently pending before the court is a motion to dismiss the plaintiff's complaint filed on behalf of defendants Morgan, Peddicord, Craul, Fells, Kessler, Glowczeski and Westmoreland. (Doc. No. 45).

On June 8, 2001, the plaintiff, a former inmate at the York County Prison[1], filed this civil rights action pursuant to 42 U.S.C. § 1983, in which he alleges various violations of his constitutional rights in relation to his arrest on unspecified charges. (Doc. No. 1).

By report dated June 25, 2001, this court gave the plaintiff's complaint

---

[1]The plaintiff is currently confined at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania. (Doc. Nos. 73 & 74).

3

preliminary consideration pursuant to 28 U.S.C. § 1915A and recommended that the complaint be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) and Smith v. Holtz, 87 F.3d 108 (3d Cir. 1996), finding that the plaintiff had a pending criminal prosecution in the state courts and that there would be the potential for inconsistent determinations in the civil and criminal cases. (Doc. No. 7).

By memorandum and order dated September 18, 2001, the district court adopted in part and rejected in part the findings and recommendation of this court.  Specifically, the court dismissed those portions of the complaint which sought injunctive or other relief to end or alter the plaintiff's state prosecution and confinement; dismissed those portions of the complaint which asserted claims on behalf of third parties; and directed that the complaint be served for consideration of the remaining matters, (i.e., the plaintiff's Fourth Amendment claims for unlawful seizure of his person and unreasonable search of his property, the plaintiff's Eighth Amendment claim for excessive force, and the plaintiff's Fifth and Six Amendment claims for warrantless search and seizure, failure to Mirandize and denial of attorney).  (Doc. No. 16).

On February 25, 2002, the district court permitted the plaintiff to file an amended complaint, which simply sought to add new defendants not named in his original complaint, (i.e., Snipes, Westmoreland and Glowczeski), and did not set forth any new factual allegations.  (Doc. No. 55, Order; Doc. Nos. 22 & 56, Amended Complaint).

4

On December 28, 2001, the instant motion to dismiss was filed on behalf of the above-named defendants. (Doc. No. 45). A brief in support of the defendants' motion to dismiss was filed on January 14, 2002. (Doc. No. 50). The plaintiff filed a brief in opposition to the defendants' motion to dismiss on January 28, 2002. (Doc. No. 53). On July 10, 2002, the district court directed that the case be transferred back to the undersigned for preparation of a Report and Recommendation. (Doc. No. 77). The undersigned received the file from the District Court on January 24, 2003.

Defendants' motion to dismiss is brought pursuant to provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the parties fail to state a claim upon which relief can granted. Dismissal should only occur where it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Accordingly, dismissal is appropriate "only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Trump Hotel and Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998)(citing ALA, Inc. v. CCair, Inc., 29 F.3d 855, 859 (3d Cir. 1994)). When considering a motion to dismiss under Rule 12(b)(6), the important inquiry is not whether the plaintiff will ultimately prevail on the merits of his claim, but only whether he is entitled to offer evidence in support of them.

Scheuer v. Rhodes, 416 U.S. 233, 236 (1974).

In his complaint, the plaintiff alleges that on January 10, 2001, while he was retrieving mail from a rented mail box at Mail Boxes Etc. located at 2536 Eastern Boulevard in York, Pennsylvania, he was approached by several individuals, including defendant Westmoreland, who looked like "thugs" and did not identify themselves as police officers. (Doc. No. 1, ¶ ¶ 1-2; Doc. No. 22, ¶ 5). The plaintiff alleges that he had retrieved a "make shift box" from the clerk inside the office and when the individuals approached him he dropped the box and started moving away from them. (Doc. No. 1, ¶ 3; Doc. No. 22, ¶ 5). According to the plaintiff, as he was moving away, he was hit by a van driven by Defendant Glowczeski and thrown to the ground. (Doc. No. 1, ¶ 4; Doc. No. 22, ¶¶ 5-6). While on the ground, the plaintiff alleges that defendant Westmoreland and the other defendants trampled him, handcuffed him, took his personal belongings and placed him in the van. (Doc. No. 1, ¶ 4; Doc. No. 22, ¶ 5).

While in the van, the plaintiff alleges that defendant Morgan asked him if he knew what was in the package without explaining what the purpose of the stop was or what he was arrested for. The plaintiff alleges that he was never read his Miranda rights by any of the defendants. (Doc. No. 1, ¶¶ 5-6).

According to the complaint, the plaintiff was taken to the York County Police Department, where he was interrogated by defendant Morgan and denied the use of the telephone to call his family and an attorney. (Doc. No.

1, ¶¶ 6, 10). Furthermore, the plaintiff alleges that defendant Peddicord took his personal papers, business card, credit cards, lawyer network cards, and airline frequent flyer cards from his wallet. (Doc. No. 1, ¶ 7). He alleges that he was later charged and processed by defendant Craul. (Doc. No. 1, ¶ 8).

The plaintiff alleges that he was subjected to steady and persistent questioning by the defendants from January 10, 2001, to January 12, 2002, despite his requests for counsel. (Doc. No. 1, ¶ 11).

Construing the plaintiff's complaint liberally, the district court found that the plaintiff had alleged the following claims: (1) excessive force used by the police during his arrest; (2) unlawful search and seizure of his person and property during the arrest and investigation; (3) failure to advise plaintiff of his rights under Miranda and coercion and entrapment of him during questioning; (4) denial of plaintiff's request to speak to an attorney before and during questioning; and (5) excessive bond set for plaintiff's release. (See Doc. No. 16)[2].

In their brief in support of the motion to dismiss, the defendants only argue for dismissal of the plaintiff's Eighth Amendment excessive force claim during his arrest and his Fifth and Sixth Amendment rights to Miranda warnings and counsel. They argue that the plaintiff's complaint should be dismissed

---

[2]It is noted that the court further found that the plaintiff alleged claims of unlawful detention and police harassment of the plaintiff's wife and sister. However, those claims were dismissed by the court. (Doc. No. 16).

with respect to his Eighth Amendment claim of excessive force because the Eighth Amendment ban against cruel and unusual punishment applies only to those who have been convicted of criminal offenses, and the plaintiff had not been convicted of any of the criminal offenses for which he was arrested at the time he alleges the excessive use of force.  (Doc. No. 50, pp. 5-6).

The court agrees with the defendants that the Eighth Amendment provides protection against excessive force only to those persons incarcerated after a conviction.  Graham v. Connor, 490 U.S. 386, 395 n.10 (1989).  Since the plaintiff has alleged that the defendants used excessive force against him in the course of his arrest, not after he was convicted of any crime, his complaint fails to state a § 1983 claim under the Eighth Amendment.  It is noted, however, that in his brief in opposition to the defendants' motion to dismiss, the plaintiff makes reference to the Fourth and Fourteenth Amendments in relation to his excessive force claim.  (Doc. No. 53, pp. 4-7).

Claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other seizure of a free citizen are analyzed under the Fourth Amendment and its 'reasonableness' standard. County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998); Graham v. Connor, 490 U.S. at 395-99; Nelson v. Mattern, 844 F.Supp. 216, 222 (E.D.Pa. 1994). This analysis must balance "the nature and quality of the intrusion of the individual's Fourth Amendment interests against the countervailing governmental interests at stake."  Bieros v. Nicola, 860 F.Supp. 226, 230

(E.D.Pa. 1994)(citing <u>Graham</u>, 490 U.S. at 394; <u>Nelson</u>, 844 F.Supp. at 222). The test for objective reasonableness "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or other, and whether [the suspect] . . . is attempting to evade arrest by flight." <u>Id.</u> (citing <u>Graham</u>, 490 U.S. at 396; <u>Nelson</u>, 844 F.Supp. at 222). Whether a particular use of force was objectively reasonable must be judged from the perspective of a reasonable officer at the scene and not by hindsight. <u>Id.</u> (citing <u>Graham</u>, 490 U.S. at 396).

The defendants further argue that, under any constitutional amendment, the plaintiff's excessive force claim should be dismissed with respect to all defendants, except defendants Glowczeski and Westmoreland, for his failure to allege sufficient personal involvement.  (Doc. No. 50, p. 6-7).

In his brief in opposition to the defendants' motion, the plaintiff indicates that all of the moving defendants were present at and involved in his arrest, including the use of excessive force against him.  Again, giving the plaintiff deference as a <u>pro</u> <u>se</u> litigant, at this stage of the proceedings, his claim of excessive force should be permitted to proceed with respect to all moving defendants.

To the extent that the plaintiff refers to the Fourteenth Amendment in relation to his claim of excessive force, where "a particular amendment provides an explicit textual source of constitutional protection against a

9

particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." County of Sacramento v. Lewis, 523 U.S. at 842.  As discussed above, the Fourth Amendment provides the proper analysis for claims of excessive use of force during an arrest.  As such, that Amendment, rather than the more generalized Fourteenth Amendment should be used to analyze the plaintiff's claim.

Moreover, the Due Process Clause of the Fourteenth Amendment is used to protect pretrial detainees from excessive force.  Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990).  A pretrial detainee has been defined as a person charged but not yet convicted of a crime.  Bell v. Wolfish, 441 U.S. 520, 523 (1979).  In this case, the plaintiff alleges that excessive force was used against him during his arrest, not after he was charged.  As such, the Fourteenth Amendment is inapplicable to his claim.

Giving the plaintiff the deference he is due as a pro se litigant, and assuming his allegations to be true, as the court must do in considering a motion to dismiss, the court cannot say that the plaintiff has failed to state a claim for excessive force under the Fourth Amendment.  As such, the plaintiff's complaint should be allowed to proceed, at this stage, on his claim of excessive force under the Fourth Amendment only.

Next, the defendants argue that the plaintiff's complaint should be dismissed to the extent that he argues that the defendants violated his Fifth

10

Amendment rights by failing to read him his Miranda rights at the time of his arrest.  (Doc. No. 50, pp. 9-10).

Citing to Guiffre v. Bissell, 31 F.3d 1241 (3d Cir. 1994), the defendants argue that the failure to read Miranda warnings does not give rise to a § 1983 claim, as Miranda warnings are prophylactic only, and not constitutional rights in themselves.  (Doc. No. 50, p. 9).  While this had long been the law on this issue, the Supreme Court's recent decision in Dickerson v. United States, 530 U.S. 428 (2000)[3], casts doubt on the present application of this principle.  In Dickerson, the Supreme Court held that Miranda announced a constitutional rule of law which Congress could not supersede legislatively, and that Miranda and its progeny govern the admissibility of statements made during custodial interrogation in both the state and federal courts.  Since the Supreme Court has held that Miranda announced a "constitutional rule"[4] of law, any violation of the plaintiff's Miranda rights by the defendants, would now appear to be

_____

[3]In Dickerson, the petitioner, under indictment for bank robbery and related federal crimes, moved to suppress a statement he had made to the Federal Bureau of Investigation, on the ground that he had not received Miranda warnings before being interrogated.  The District Court granted the petitioner's motion, and the government took an interlocutory appeal.  In reversing, the Fourth Circuit acknowledged that the petitioner had not received Miranda warnings, but held that the requirements of 18 U.S.C. § 3501 were met because the petitioner's statement was voluntary.  The Fourth Circuit concluded that Miranda was not a constitutional holding, and therefore, Congress could by statute have the final say on the admissibility question. The Supreme Court reversed.

[4]530 U.S. at 440.

11

actionable pursuant to § 1983, although we have been unable to find any cases that have specifically decided this issue, it appears to be a result now mandated by the Supreme Court's decision. As such, the defendants' motion to dismiss the plaintiff's complaint with respect to this Fifth Amendment Miranda claim should be denied.

Finally, the defendants argue that the plaintiff's complaint should be dismissed to the extent that he argues that his requests to telephone an attorney and his family between January 10, 2001, and January 12, 2001, were denied in violation of his Sixth Amendment rights. (Doc. No. 50, pp. 10-11).

With respect to this claim, the Sixth Amendment right to counsel attaches at the time adversarial judicial proceedings have been initiated against a person by way of formal charge, preliminary hearing, indictment, information or arraignment. Brewer v. Williams, 430 U.S. 387, 388 (1977).

In this case, the plaintiff does not allege that he was denied counsel on January 12, 2001, when he was taken to the magistrate's office, charged and bail was set. (Doc. No. 1, ¶ 13). Nor does he allege that he was denied counsel at his February 22, 2001, preliminary hearing before District Justice Heliman. (Doc. No. 1, ¶ 14). The plaintiff only alleges that he was denied counsel prior to the initiation of judicial proceedings (i.e. during his interrogation). Assuming the plaintiff's allegations to be true, the fact that he was not allowed to call an attorney during interrogation does not rise to the level of a Sixth Amendment claim, as it was prior to the judicial proceedings

12

where right to counsel attaches. The defendants' motion to dismiss should be granted with respect to this claim.

As a final matter, the defendants do not address the plaintiff's claim that his Fifth Amendment rights were violated in relation to his continued interrogation despite his repeated requests for counsel; his Fourth Amendment rights were violated in relation to the alleged unlawful search and seizure of his person and property during the arrest and investigation; and his Eighth Amendment rights were violated in relation to the excessive bond. As such, the plaintiff should be permitted to proceed, at this time, with respect to these claims.

On the basis of the foregoing,

**IT IS RECOMMENDED THAT:**

the defendants' motion to dismiss, **(Doc. No. 45)**, be **granted in part** and **denied in part**.

It should be granted with respect to:

1.    Plaintiff's Eighth Amendment excessive force claim concerning his arrest;

2.    Plaintiff's Fourteenth Amendment excessive force claim concerning his arrest;

3.    Plaintiff's Sixth Amendment claim related to denial of counsel prior to initiation of formal judicial proceedings.

However, it should be denied with respect to:

13

4.    His Fourth Amendment claim of excessive force in the effectuation of his arrest;

5.    His Fifth Amendment claim related to denial of his Miranda rights and his continual interrogation;

6.    His Fourth Amendment claim for unlawful search and seizure of his person during arrest; and,

7.    His Eighth Amendment claim of excessive bond.


**s/ Malachy E. Mannion**

**MALACHY E. MANNION**
**United States Magistrate Judge**


**Dated:    March 13, 2003**
O:\shared\REPORTS\01-1015.1

14