ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES, | : | |
| Plaintiff | : | |
| | : | No. 1:CV-01-1015 |
| v. | : | |
| | : | (Judge Kane) |
| YORK COUNTY POLICE | : | (Magistrate Judge Mannion) |
| DEPARTMENT, AGENT JAMES H. | : | |
| MORGAN, DET. RICHARD | : | |
| PEDDICORD, DET. RAYMOND E. | : | |
| CRAUL, SGT. GENE FELLS, DET. | : | |
| KESSLER, C/O BAYLARK, DET. | : | |
| ANTHONY GLOWCZEWSKI, AGENT | : | |
| RANDY SIPES, AGENT BRIAN | : | |
| WESTMORELAND | : | |
| Defendants | : | |

FILED
HARRISBURG, PA
MAR 19 2003
MARY E. D'ANDREA, C

**DEFENDANTS' BRIEF IN SUPPORT OF THE OBJECTIONS
TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
DATED MARCH 13, 2003**

STATEMENT OF THE CASE

This is a pro se inmate's civil action brought pursuant to 42 U.S.C. §1983 by Tyrone P. James ("Plaintiff") against Defendants James Morgan, Brian Westmoreland, Richard Peddicord, Raymond Craul, Gene Fells, Robert Kessler and Anthony Glowczeski (State Defendants), alleging a variety of constitutional violations concerning his arrest on January 10, 2001 and search and seizure of himself and his property. State Defendants filed a Motion to Dismiss on December 28, 2001 and a brief in support of that motion on January 14, 2003. On March 13, 2003,

Magistrate Judge Mannion issued a Report and Recommendation ("R&R") recommending that State Defendants' motion be granted in part and denied in part. State Defendant have filed objections to portions of the R&R and this brief is filed in support of those objections.[1]

### QUESTIONS PRESENTED

I. WHETHER THE MAGISTRATE JUDGE ERRED RECOMMENDING THAT PLAINTIFF'S FOURTH AMENDMENT CLAIM OF EXCESS USE OF FORCE SHOULD SURVIVE AS TO ALL STATE DEFENDANTS?

II. WHETHER THE MAGISTRATE JUDGE ERRED IN CONCLUDING THAT PLAINTIFF'S EIGHTH AMENDMENT CLAIM OF EXCESSIVE BOND SHOULD SURVIVE AGAINST STATE DEFENDANTS?

### ARGUMENT

I. The Magistrate Judge erred in recommending that Plaintiff's Fourth Amendment claim of excessive use of force should survive against all State Defendants.

State Defendants argued in the Motion to Dismiss that Defendants Peddicord, Craul, Fells, and Kessler should be dismissed from any claim of excessive use of force because Plaintiff failed to identify them as individuals that engaged in any use

---

[1] State Defendants agree that they did not raise the Fourth Amendment search and seizure issue or the Fifth Amendment claim of coercion during interrogation in the Motion to Dismiss. Defendants did not believe that it was an appropriate time to challenge these claims, but that they would be better addressed later in a motion for summary judgment.

2

of force during the arrest. (Defendants Brief in Support of the Motion to Dismiss at pgs. 6-9). However, the Magistrate Judge now recommends that the Fourth Amendment excessive use of force claim should survive as to all State Defendants. (R&R at pgs. 9-10). State Defendants disagree.

A defendant in a civil rights action must have personal involvement in the alleged wrongs to be held accountable for those alleged wrongs. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Each named Defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Furthermore, supervisory defendants cannot be held liable under §1983 unless there has been some showing that they were either directly involved in, or had knowledge of and acquiesced in, the constitutional violations. Hodgin v. Roth, 536 F.Supp. 454, 460 (E.D.Pa. 1982). Plaintiff's Complaint fails to specifically state that Defendants Morgan, Peddicord, Craul, Fells or Kessler were involved in the alleged excessive use of force.

Plaintiff's allegations of excessive use of force during his arrest at paragraph four (4) of the Complaint and paragraph five (5) of the Amended

Complaint name only Defendants Glowczeski and Westmoreland as having personal involvement in any alleged excessive use of force. Plaintiff refers vaguely to "Defendants", "thugs" and "individuals" when referring to those allegedly at the scene, but does not name who those individuals might be with any specificity.

Plaintiff does name with specificity several of the State Defendants throughout the complaint, but none of those allegations allege facts that could be construed as an excess use of force at any time in violation of a constitutional right. Plaintiff names Defendant Morgan and alleges that he questioned and/or interrogated Plaintiff and denied Plaintiff telephone calls. (Complaint at ¶¶5, 6, 7 and 10). While the allegations do place Defendant Morgan at the scene of the arrest, they do not set forth action which could be construed as the use of excess force.[2]

Plaintiff names Defendant Peddicord with specificity and alleges that he took personal papers, business card, credit cards, lawyer referral cards and airline frequent cards from his wallet. (Complaint at ¶7). This allegation does not set forth action that could be construed as an excessive use of force at any time.

Plaintiff names Defendant Craul and alleges that he charged and processed

---

[2]State Defendants refer only to those allegations made by Plaintiff in his Complaint which pertain to claims that the Court has not already dismissed. State Defendants are aware that Plaintiff does name several of the Defendants with specificity in other allegations, but those allegations are related to claims already dismissed by the Court.

4

Plaintiff. (Complaint at ¶8). Again, this allegation does not set forth any action that could be construed as an excessive use of force.

Finally, Plaintiff fails to name with specificity Defendant Fells anywhere in the Complaint. Nor does he specifically name Defendant Kessler in any allegations addressing the claims that have not already been dismissed by the Court.

Because Plaintiff fails to plead with any specificity, as required by law, that State Defendants Peddicord, Craul, Fells, and Kessler were at the scene of the arrest on January 10, 2001 or that they engaged in any action that could be construed as an excessive use of force, Plaintiff's claim of excessive use of force should be dismissed as to these State Defendants.

While the compliant does place Defendant Morgan at the scene of the arrest, because Plaintiff fails to plead with any specificity, as required by law, that Morgan engaged in any action that could be construed as an excessive us of force, Plaintiff's claim of excessive use of force should be dismissed as to Defendant Morgan.

Plaintiff identifies only Defendant Westmoreland and Glowczeski as using excessive force during his arrest. In light of this, the Magistrate Judge's R&R is erroneous and Morgan, Peddicord, Craul, Fells and Kessler should be dismissed from the excessive use of force claim.

> II. The Magistrate Judge erred in concluding that Plaintiff's Eighth Amendment excessive bond claim should survive against State Defendants.

Plaintiff alleged in the Complaint at paragraph 9 that the magistrate judge to whom he was taken before to address the criminal charges set an excessive bond. The Magistrate Judge concluded that this Eight Amendment claim of excessive bond should survive as to the State Defendants. (R&R at pg. 13). This conclusion is erroneous for several reasons.

First, State Defendants did not set Plaintiff's bond, the magistrate judge set the bond. (Complaint at ¶9). Because the State Defendants did not have any personal involvement in the setting of the bond they can not be held responsible.

Secondly, this claim was dismissed in the order of September 18, 2001, when Judge Kane dismissed the portion of Plaintiff's complaint seeking injunctive relief to end or alter his state prosecution and confinement. (September 18, 2001 order at pg. 6).

In light of these two facts, the Magistrate Judge's recommendation that the excessive bond issue is still viable against State Defendants is erroneous. This claim should be dismissed as to all State Defendants.

WHEREFORE, for the foregoing reasons, these portions of the Magistrate Judge's R&R should be disregarded and these claims should be dismissed as to the

named State Defendants.

                                          Respectfully submitted,
                                          D. MICHAEL FISHER
                                          Attorney General

                           By:   _____
                                          LINDA S. LLOYD
                                          Deputy Attorney General
                                          I.D. #66720

**Office of Attorney General**　　　　　　　**SUSAN J. FORNEY**
**15th Floor, Strawberry Square**　　　　　**Chief Deputy Attorney General**
**Litigation Section**　　　　　　　　　　　**Chief, Litigation Section**
**Harrisburg, PA 17120**
**(717) 705-7327**　　　　　　　　　　　　 **COUNSEL FOR DEFENDANTS**

**Dated:** March 19, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,  :
           Plaintiff  :
              :  No. 1:CV-01-1015
v.  :
              :  (Judge Kane)
YORK COUNTY POLICE  :  (Magistrate Judge Mannion)
DEPARTMENT, AGENT JAMES H.  :
MORGAN, DET. RICHARD  :
PEDDICORD, DET. RAYMOND E.  :
CRAUL, SGT. GENE FELLS, DET.  :
KESSLER, C/O BAYLARK,  :
           Defendants :

## CERTIFICATE OF SERVICE

I, Linda S. Lloyd, Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on March 19, 2003, I served a true and correct copy of the foregoing Defendants' Objections to the Report and Recommendation of the Magistrate Judge dated March 13, 2003 and Brief in Support of the Objections, by causing it to be deposited in the United States Mail, first-class postage prepaid to the following:

Tyrone P. James EX9451
SCI-Rockview
P.O. Box A
Bellefonte, PA 16823-0820

Donald L. Reihart, Esq.
Law Office of Donald L. Reihart
2600 Eastern Blvd., Suite 204
York, PA 17402

Malachy E. Mannion
United States Magistrate Judge
U.S. District Court
235 North Washington Ave.
P.O Box 1148
Scranton, PA 18501

*Linda S. Lloyd*
LINDA S. LLOYD
Deputy Attorney General