2 too

# ORIGINAL

UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF PENNSYLVANIA

Tyrone P. James            :
        Plaintiff          :
                           :
     v.                    :        1:01-CV-1015
                           :        J. Kane/
                           :        mag J mannion
York County Ploice Department, :
James H. Morgan, Richard   :
Peddicord, Raymond E. Craul, :
Fene Falls, Detective Kessler, :        FILED
C.O. Baylark, Randy Snipes, :        HARRISBURG, PA
Brian Westmoreland, and    :
Detective Glowczeski       :        APR 0 2 2003
        Defendants         :
                           :        MARY E. D'ANDREA, CLERK
                           :        Per _____
                                        Deputy Clerk

PLAINTIFF MOTION IN RESPONSE TO THE MAGISTRATE JUDGE

REPORT AND RECOMMENDATION, AND DEFENDANT"S RESPONSE

Plaintiff had reviewed the report and recommendation of the
the Magistrate Judge's proposed findings and recommendations
and report, dated March 13, 3003 and hereby addresses a motion
as described in 28 U.S.C. § 636 (b)(1)(B).  The briefing requir-
ments are set forth in local rule 72.2.

STATEMANT OF CASE

On June 8, 2001, the Plaintiff, a former inmate of the York
County Prison, now confined at the State Correctional Institution
at Rockview, in Bellefont, PA. filed a Civil Rights action
pursuant to 42 U.S.C. § 1983, wherein Plaintiff alleges various
Constitutional violations, under the Fourth, Fifth, Sixth, Eigth,

(1)

and Fourteenth Amendment.

The Defendants named in the above captioned matter, sued in their individual capacities, were ordered to be served a copy of this complaint by the Honorable District Judge Kane, on September 18, 2001.

The procedural history of this civil matter has been set forth in the Magistrate Judge Proposed findings, Recommendation and Report, addressin case dispositive motions, dated March 13, 2003.

## PLAINTIFF ADDRESSES THE FOLLOWING ISSUES

Questions Presented

1.   Whether Plaintiff's Sixth Amendment claim, related to denial of counsel, prior to initiation of formal Judicial Proceding, be permitted to proceed?

2.   Whether the Magistrate Judge erred in recommending that Fourth Amendment claim of excess use of force should survive as to all state defendants?

3.   Whether Magistrate Judge erred in concluding that Plaintiff's Eigth Amendment excessive bond claim should survive against state defendants?

I

Whether Plaintiff's Sixth Amendment claim related to denial of counsel prior to initation of formal Judicial Proceedings be permitted to proceed.

For a complaint to survive a "Motion to Dismiss" chalange, the

complaint must state a prima facie case that avers suffcent facts, that if reviewed, would entitle the prisoner to relief.

The court is required to review the alleged facts "In the light most favorable" to the claimant )Plaintiff) and only dismiss the action if it appears inconceivable that the Plaintiff could produce reliable evidence justifying relief under any legal theory. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99 & L.Ed.2d. 80 (1957) See Also Gainey v.Brotherhood of r. and SS. Clerks, Etc., 177 F.SUPP. 421, Affirmed 275 F.2d. 342 (3rd Cir. 19  ).

The Sixth Amendment right to counsel attached at the initiation of "adversarial Judicial Proceedings" whether by way of formal charge, preliminary hearing, indictment, information, or arraignment. See Kirby v. Illinios, 406 U.S. 682, 689(1972); Moore v. Illinois, 434 U.S. 220, 229-31(1977); Brewer v. William, 430 U.S. 387, 401(1977); U.S. v. Leon-Delfis, 203 F.3d. 103, 110 (1st Cir. 2000): Matteo v. Superintendent, 171 F.3d. 877, 892-93(3rd Cir. 1999); Self v. Collins, 973 F.3d. 1198, 1206 (5th Cir. 1992); U.S. v. Harrison, 213 F.3d. 1206, 2114 (9th Cir. 2000) (Right to counsel attached at indictment). This occured when Plaintiff was taken  to the Magistrate's Office, where charges were filed and bail set, or on February 22, 2001 at a Preliminary Hearing before District Justice Heliman. Plaintiff was officially arrested on January 10, 2001, at 10:35 AM, at the Mail Boxes, etc, located  at 2536 Eastern Blvd., York, PA, from Whence Plaintiff w was taken to the York County Police Department and "formally" charged with "Criminal attempt to posess" a make-shift box",

(3)

which had been placed in his mail box by said Defendant's.
Plaintiff requested, numerous times, during interrogaton, before,
and after booking, while he was at the York County Police Depart-
ment, in the custody of Defendants James H. Morgan and Detective
Raymond E. Craul,  he was repeatedly, intentionally, and delib-
erately denied use of the telephone, and thus to counsel by
the Defendants.  Nine and one half hours later, Plaintiff was
taken to be arraigned at the District Justice's Office.  He
was arraignedd before Justice Kessler of Springettsbury Township.
At this time bail was set.  See Exhibit "D".  Following arraign-
ment, while in the admission/intake section of the York County
Prison, Plaintiff once again requested counsel, and his right
to use the telephone, inorder to phone his attorney, his immed-
iate family , to inform them of his immediate situaation, and to
arrange for bond.  It was at this time that Defendant Morgan
instructed Defendant Baylark, "Not to give James any phone calls
pending investigation." (See Exhibit "A", Plaintiff Objection
Brief to Magistrate Judge Report and Recommendation, to Defendant
Baylark.)  Plaintiff was repeatedly, deliberately, and inten-
tionally denied access to the use of a telephone, a substantial
procedural Due Process right afforded by the Fourteenth Amend-
ment to The United States Constitution, commencing with the
initiation of adversarial judicial Proceedings.  In this case
this occured when Plaintiff was arrested, charged, formally,
with a criminal offense, a police criminal pomplaint was issued,
or bail was set. (See Exhibit "D").  The next morning, January 11,
2001, the Plaintiff was subjected to almost continuous inter-

(4)

rogated by Defendant Morgan, and still was not allowed to contact
an attorney. This, even though it is a well known fact that
arrestees have a right to telephone an attorney. See Moore v.
Market Place Restaurent, Inc., 764 F.2d. 1336, 1349 (7th Cir. 1985)

In this case the Plaintiff had completed the booking pro-
ceedure at the York County Police Department and at the York
County Prison, had been arraigned, and bail set. Strandberg v.
City of Helena, 791 F.2d. 744, 747 (9th Cir. 1986); State Bank of
St. Charles v. Wamic, 712 F.2d. 1140, 1144 (7th Cir.      ).

Pennsylvania Rules of Criminal Procedure, Rule 540 (E)
(G) states: "After the preliminary arraignment, if the defen-
dant is detained, the defendant shall be given an immediate
and reasonable opportunity to post bail, secure counsel, and
notify others of the arrest."

Reasonable opportunity to mean: access to a telephone.

Pretrial detainees have a right to reasonable access to the
telephone. See Tucker v. Randall, 948 F.2d. 388, 390-91 (7th Cir.
1991); Feeley v. Sampson, 570 F.2d. 364, 374 (1st Cir. 1978);
Johnson v. Galli, 596 F.Supp. 135,138 (i) Nev. 1984); Stewart v.
Gates, 450 F.Supp. 583, 586(C.D. Cal. 1978);remanded, 616 F.2d.
117 (9th Cir. 1980); Moore v. Janing, 427 F. Supp. 567, 576
(d. Neb. 1976); Brenneman v. Madigan, 343 F.Supp. 128, 141 (N.D.
Cal. 1972); Bell v. Wolfish, 441 U.S. at 548/

Plaintiff was denied thlephone access for the first seventy-
two cricical hours of his arrest, including when he was being
interrogated and preliminarly arraigned, by Defendants Morgan
Crual, at both the Police Station and the District Justice' office

and later by Defendants Morgan and Baylark at the York County
Prison.    This implys a blatant and total disregard for Plaintiff's
Six Amendment right to counsel and due process rights guarenteed
by the Eleventh Amendment to the United States Constitution and
the Pennsylvania Constitution Article One, Section 9 , and the
Pennsylvania rules of Criminal Procedure, Rule 540 (f)(g), by
Defendants Morgan and Batlark, and Craul.   In U.S. v. Klat,
156 F.3d. 1258(D.C. Cir. 1998, Defendant has right to counsel
at every critical stage of criminal prosecution; U.S. v. Wade,
388 U.S. 218, 224 (1967); Powell v. Alabama. 287 U.S. 45, 57,
69 (1932).   THEREFORE Plaintiff believes that Defendant's Motion
To Dismiss, should be denied with respect to this claim.

II

Whwther the Magistrate Judge erred in recomending
that Fourth Amendment claim of excessive use of force should
survive as to all state Defendants.

The Magistrate Judge, did not err by recommending that, "The
use of excessive force should proceed.   In his report and re-
commendation to the court.

Each  Defendant knowingly and intentionally  deprived Plain-
tiff of his right ot liberty by, "seizure of his person" and
property.   The Defendants undoubtably intended that the Plaintiff
be constrained and confined, incomunicado, and that his property
be searched.   The allegation of excessive force was applied
maliciously and sadistically, for the very purpose of causing
harm to the Plaintiff, during his arrest on January 10, 2001, at

10:35 AM, at 2535 Eastern Blvd, in York, Pennsylvania. See
Broweiz v. County of Inyo, 489 U.S. 593, 109 S.Ct. 1378, 1381,
103 L.Ed. 2d. 628 (1989);Rev'q 817 F.2d. 540 (9th Cir.1087); Cohen
v. Norris, 300 F.2d. 24 (9th Cir. 1962); Gillard v. Schmidt, 579
F.2d. 825 (3rd Cir. 1978).

The Defendants, in their "Motion to Dismiss", allege that
Plaintiff failed to identify Defendants in his Complaint. See
Rizzo v. Gooble, 423 U.S. 362 (1976). However Plaintiff asserts
that all defendants were involved in his seizure and took an
active role therein, Plaintiff's "Opposing Motion to Defendant's
Motion to Dismiss." Defendants Kessler, Morgan, Craul, Peddicord,
Glowczewski, and Westmoreland had knowledge of and aquessed in
effectuating the seizure of Plaintiff on January 10, 2001. See
Parrarr v. Taylor, 451 U.S. 527, 537 n. 3, 101 S.Ct. 1908, 1913
n. 3, 68 L.Ed.2d. 420 (1981); Hampton v. Holmsburg Prison Officials
546 F.2d. 1077, 1082 (3rd Cir. 1976); United States ex rel Smith
v. Robinson, 495 F. Supp. 696, 698 (Ed. PA. 1980); Monroe v. Pape,
365 U.S. 167, 81 S.Ct. 473, 5 L.Ed. 2d. 492 (1961); Curtis v.
Everette, 489 F.2d. 516, 518 (3rd Cir, 1973) Cert Denied; 416
U.S. 995 (1974); Cox v. Tradway, 75 F.3d. 230 (6th Cir. 1996;
Grandreault v. Municipality of Salem Mass. 923 F.2d. 203, 207
N. 3(1st Cir.1990); Commonwealth of Pennsylvania v. Proter,
659 F.2d. 306, 321-22 (3rd Cir. 1981) Cert. denied; M58 U.S.
421 (1982).

A complaint should not be dismissed on the "face of its
complaint"; rather the court should allow discovery materials
which could prove the alligations which the plaintiff made in

(7)

his complaint.  See Martinez v. Mancusi,443, F.2d.921 (2nd Cir. 1970) Cert. denied; 401 U.S. 983, 991 S.Ct. 1202, 28 L.Ed. 335 (1971.  Discovery material included: transcripts, sworn testimony, police complaint, and affidavit filed on January 10, 2001 by said Defendants.  U.S. ex rel Thompson v. Columbia/HCA Health Care Corporation, 125 F.3d. 899 (5th Cir. 1999), Bains v. Kerner 404 U.S. 519, 30 L.Ed. 2d. 652, (2 S.Ct. 594 (1972). Complaint should not be dismissed unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Plaintiff in this matter has shown that a seizure occurred on January 10, 2001 and that during said seizure excessive force was used, in that the named defendants intentionally, knowingly, and deliberately struck Plaintiff with a truck, knocking him to the ground, following which they proceded to trample him. Also, said Defendants were all personally involved in seting up the survalance of Plaintifr's box at Mail Boxes, Etc.  Although Defendants Kessler and Morgan masterminded this operation, all named defendants were personally involved and equally culpable in the wrongdoing, when they obeyed the order to "take plaintiff down by any means necessary" (Trial transcript, November 15, 2001), on January 10, 2001.  See Parratt v. Taylor, 451 U.S. 527. 537 n. 3, 101 S.Ct. 1908, 1913 N.3, 68 L.Ed. 2d. 820 (1981).

At the time of his arrest, Plaintiff was in fear for his life and of grave bodily injury, while the above named Defendants apprehended him.

To state a claim for excessive force as an unressonable

(8)

seizure, under the Fourth Amendment, a plaintiff must show that
seizure occured and that it was unreasonable. See United States
Constitution, Amendment 4. Also see Graham v. Connor, 490 U.S.
386, 395, 109 S.Ct. 1865 (1989); Abraham 183 F.3d. at 288; Estate
of Smith v. Marasco, 318 F.3d. 497 (3rd Cir. 2003); U.S. v.
Mendendall, 446 U.S. 544, 554 (1980); Michigan v. Chesternut,
486 U.S. 567, 578 (1988)

Personal involvement can be shown through allegations of
personal directions or of participation, knowledge of, and acqui-
escence to an act or acts of wrong doing. Ie. Defendants Morgan,
Westmoreland, and others tackling Plaintiff and trampling him
following his being struck to the ground by a van driven by
Defendant Glowezwski.

Defendants violated plaintiff's right to substantive due
process under the Fourteenth Amendment to the United States
Constitution and under the state created "Danger Doctrine" to
be free from the use of excessive force and unreasonable search
and seizures.   See Estate of Smith v. Marasco, Supra; Graham
v. Connor, Supra.

The Plaintiff further alleged a derpavation of his civil
rights in that:  The above named defendants, which are being
sued in their individual capacities, did not at any time before
their initial assault on the Plaintiff with the van, nor  during
the subsequent trampling, identify themselves as police officers.
At the time of the incident instantly at hand, the defendants
were not in uniform, and appeared to be common street thugs. See
Donahue v. Gavin, 280 F.3d. 371, 378 (3rd Cir. 2002); Cgouting

County of Sacramento v. Lewis, 523 U.S. 833, 841 N. 5, 118 S.Ct. 1708, 1714 N. 5, 140 L.Ed. 2d. 1043 (1998).

In light of the facts, Plaintiff's claim on this issue, should not be dismissed.

Defendant's denied any involvement in  the seting of bail at any stage of the Plaintiff's arrest, and that on January 10, 2001 bond was set soly by the District Justice; however, Defendants Craul and Morgan pointedly asked the District Justice to set a "High bond" even though the information on the Affidavit of Probable Cause was tainted and insuffecent justification to arrest the Plaintiff.  Further on January 12, 2001, Defendant's Peddicord and Morgan SPECIFICALLY asked a second District Justice to set a cash only bail" Theses Defendants Played a key role in , and were influentual in the choice of the amount and type of bail set.by the District Justice.and should be held accountable, due to their sworn testimoy to the DistrictJustice regarding the tainted information on the affidavit of probable cause, which resulted in the Plaintiff's bail being set in excess of 2.5 million dollars, cash only.  This violaed Plaintiff's right to a reasonable bail", and was also deliberately indifferent, and a violation of the Eigth Ammendment  to the Unitde States Consitution.

Government action depriving an individual of life, liberty, or property, must be implimented in a fair manner and not be ARBITRARY. See United States v. Salerno 481 U.S. 739, 95 L.Ed. 2d. 697, 107 S.Ct. 2095.

Plaintiff's right to a fair and reasonable bond was violated due to the Defendants presenting tainted information and using undue influence at the time bond was set.in the excessive amoutn of 2.5 million dollars cash only.  This would lead one to the conjecture  Plaintiff was being impermissably punished even before his trial.  See Bell v. Wolfish, 441, U.S. 520, 535 and N. 16; 60 L.Bd. 2d. 447, 995.

Further Defendant's claimed that on September 18, 2001, the Honorable Judge Kane dismissed that portion of the Plaintiff's complaint seeking injunctive relief, because she felt it was an attempt "To end, or alter his state prosecution and confinement" See September 18, 2001 order at page 6.

This Plaintiff never asked this Honorable Court for injunctive relief, as to excessive bond issues, See September 18, 2001 memorandum and order, at page 2. and Plaintiff's complaint filed June 8, 2001 at page 3 and 5, this was an Eigth Amendment claim filed by Plaintiff.

In light of these facts Plaintiff's claim on this issue should be allowed to proceed.

### CONCLUSION

The Defendants have challanged Plaintiff's initial complaint filed on June 8, 2001.  The courts have held that: Pro Se litigan pleadings are to be construed liberally and held to less stringent standards than formal pleadings drafted by lawyers; if court can reasonably read pleadings to state a valid claim on  which

litigant could prevail, it should do so dispite failure to cite
proper legal authority, confusion of legal theories, poor syntax,
and sentence structor, or litigant's unfamiliarty with pleading
requirements.  See Boact v. MacDonald, 454 U.S. 364, 70 L.Ed. 2d.
561, 102 S.Ct. 700 (1982); U.S. v. Seesiner 234 F.2d 456 (9th
Cir. 2000); McBride v. Deer, 240 F.3d. 1287 (10th Cir. 2001);
Hanes v. Kerner, 404 U.S. 529, 30 L.Ed.2d. 652, 92 S.Ct. 594 (1972)

Plaintiff has made a consious effort to identify all Defen-
dants that engaged in the use of excessive force during his
arrest, name those Defendants that took an active part in conspir-
ing to deny Plaintiff his Constitutional rights while effect-
ating his arrest, and during booking, processing, hearings, and
confinement at the York County Prison.

WHEREFORE, Plaintiff respectfully prays that this Honoroable
Court deny Defendant's Motion to Dismiss and in light of the above
presented issues, grant an ORDER permitting Plaintiff's complaint
to proceed to trial.

Respectfully submitted,

*Tyrone James*

DATED:  March 27, 2003

Tyrone P. James
EX-9451
Box "A"
Bellefonte, PA  16823-0820

(12)

UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF PENNSYLVANIA

Tyrone P. James                    :

       Plaintiff                :
                           :      Civil Action No. 1:01-1015

       v.                         :      (Kane, District Justice)
                                  (Mannion, Magistrate Judge)
                           :

York County Police Department     :

James B. Morgan, Richard          :
**Peddicord**, Raymond E. **Craul**,
Gene Fells, Detective Kessler, C.O.   B
**C.O. Baylark**, Randy Snipes,
Brian Westmoreland, and           :
**Detective Glowczeski**

       Defendants                 :

                            :

### VERIFICATION

    I, Tyrone P. James, verify, under penalty of perjury, that the foregoing petition is true and correct to the best of my knowledge and belief, pursuant to 28 U.S.C. 1746.

                           Respectfully submitted,

                           *Tyrone James*

DATED   March 27, 2003          Tyrone P. James
                            EX-9451

# UNITED STATES DISTRICT COURT FOR THE

# MIDDLE DISTRICT OF PENNSYLVANIA

Tyrone P. James       :

     Plaintiff      :

                 :    Civil Action No. 1:01-1015

     V.         :    **(Kane, District Justice)**

                 :    (Mannion, Magistrate Judge)

                 :

York County Police Department, :

James H. Morgan, Richard :

Peddicord, Raymond E. Craul, :

Gene Fells, Detective Kessler, :

C.O. Baylark, Randy Snipes, :

Brian Westmoreland, and :

Detective Glowczeski :

     Defendants     :

                 :

## CERTICICATE OF SERVICE

I, Tyrone P. James, certify under penalty of perjury, that the foregoing Plaintiff Motion in Response to the Magistrate Judge Report and Recommendation, and Defendant's Response, is true and correct to the best of my knowledge and belief, pussuant to 28 U.S.C. 1746, and was caused to be served upon the persons named below  By United States Mail First Class, postage prepaid, on this  ' 27th   day of March, 2003.

**Office of the Clerk**          **Donald L. Reihart, Esq.**

**United States District Court**    Law Offices of  Donald L Reihart

**Middle District of Pennsylvania**   3015 Eastern Avenue

228 Walnut Street, P.O. Box 983   York, PA 17402

Harrisburg, PA  17108

Linda S. Loyd, Esq.

15th Floor

Strawberry Square             Respectfully submitted,

Harrisburg, PA  17120

                            *Tyrone James*

                            **Tyrone P. James**

Tyrone P. James    *1015*
Civil Case No. 1:CV-01-0115

ORIGINAL

FILED
HARRISBURG, PA

APR 0 2 2003

MARY E. D'ANDREA, CLERK
Per _____
            Deputy Clerk

# EXHIBIT
# "D"

Case 1:01-cv-01015-YK   Document 83   Filed 04/02/2003   Page 16 of 18

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF: YORK

**POLICE**

**CRIMINAL COMPLAINT**

Magisterial District Number:
### 19-02-01

District Justice Name: Hon.
harold D. Kessler

Address:   110 Pleasant Acres Road
York, PA 17402

Telephone: (717)840-7233

CR-25-01-400

Docket No.:  CR-0000035-01-201

Date Filed: January 10, 2001

OTN:   L 080216-3

**COMMONWEALTH OF PENNSYLVANIA**
**VS.**

DEFENDANT:

NAME and ADDRESS

Tyrone Phillip James

565 W. Market Street
3rd Flr.
York, PA 17404

| Defendant's Race/Ethnicity | Defendant's Sex | Defendant's D.O.B. | Defendant's Social Security Number | Defendant's SID (State Identification Number) |
|---|---|---|---|---|
| ☒ White  ☐ Black<br>☐ Asian  ☐ Native American<br>☐ Hispanic ☐ Unknown | ☐ Female<br>☒ Male | 05/18/1962 | 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 | |

| Defendant's A.K.A. (also known as) | Defendant's Vehicle Information<br>Plate Number        State | Registration Sticker (MM/YY) | Defendant's Driver's License Number<br>State | |
|---|---|---|---|---|
| | | | CA | C2083017 |

| Complaint/Incident Number | Complaint/Incident Number if other Participants | UCR/NIBRS Code |
|---|---|---|
| | | |

District Attorney's Office  ☐ Approved  ☐ Disapproved because: _____

(The district attorney may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing.  Pa.R.Cr.P. 107.)

I,  Raymond E. Craul                              16
(Name of Attorney for Commonwealth-Please Print or Type)        (Signature of Attorney for Commonwealth)                         (Date)
   (Name of Affiant-Please Print or Type)        (Officer Badge Number/I.D.)

of  Springettsbury Twp. P.D.                      PA0670400
   (Identify Department or Agency Represented and Political Subdivision)   (Police Agency or ORI Number)     (Originating Agency Case Number (OCA))

do hereby state: (check appropriate box)

1.   ☒  I accuse the above named defendant who lives at the address set forth above
     ☐  I accuse the defendant whose name is unknown to me but who is described as_____

     ☐  I accuse the defendant whose name and popular designation or nickname is unknown to me and whom I
        have therefore designated as John Doe

with violating the penal laws of the Commonwealth of Pennsylvania at   Mail Boxes Etc.  2536 Eastern
                                                                      (Place-Political Subdivision)

Boulevard in Springettsbury Township

in   York                          County on or about   01/10/01 at approx. 1035 hrs.

Participants were: (if there were participants, place their names here, repeating the name of the above defendant)

Tryone Phillip James

AOPC 412A- 11/24/99

| Defendant's Name: Tyrone Phillip James |
|---|
| Docket Number:      CR-25-01-400 |
| LTN  L 080216-3  CR-0000035-01-201 |



# POLICE
# CRIMINAL COMPLAINT

2.    The acts committed by the accused were:

(Set forth a summary of the facts sufficient to advise the defendant of the nature of the offense charged.  A citation to the statute allegedly violated, without more, is not sufficient.  In a summary case, you must cite the specific section and subsection of the statute or ordinance allegedly violated.)

Criminal Attempt to Possession w/ the Intent to Deliver: Defendant did attempt to possess with the intent to deliver Marihuana, a Schedule I substance, and did take a substantial step toward the commission of said crime, knowing that he was not a practitioner registered or licensed to possess said substance.

all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly, or in violation of

| 1. | 901 | (a) | of the | PACC | 1 |
|---|---|---|---|---|---|
|  | (Section) | (Subsection) |  | (PA Statute) | (counts) |
| 2. | 780-113 | (a)(30) | of the | Act 64 | 1 |
|  | (Section) | (Subsection) |  | (PA Statute) | (counts) |
| 3. |  |  | of the |  |  |
|  | (Section) | (Subsection) |  | (PA Statute) | (counts) |
| 4. |  |  | of the |  |  |
|  | (Section) | (Subsection) |  | (PA Statute) | (counts) |

3.    I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made.  (In order for a warrant of arrest to issue, the attached affidavit of probable cause must be completed and sworn to before the issuing authority.)

4.    I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief.  This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 PA.C.S.§4904) relating to unsworn falsification to authorities.

_1-10-01_
(Date)

_Ronald E. Cook_
(Signature of Affiant)

AND NOW, on this date, _1/10/2001_ I certify that the complaint has been properly completed and verified.  An affidavit of probable cause must be completed in order for a warrant to issue.

_19-2-01_
(Magisterial District)

(Issuing Authority)
DUTI 19-3-06

**SEAL**

AOPC 412B- 11/24/99

2-2

Tyrone James

EX9A-51

P.O. Box A

Bellefonte, PA

16823-0820

244

INMATE M/
PA DEPT OF
CORRECTIO..



FILED
HARRISBURG, PA

APR 02 2003

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

RECEIVED

APR 02 2003

_____
DEPUTY CLERK

OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

228 WALNUT STREET, P.O. Box 983

HARRISBURG, PA. 17108

Legal Mail

FIRST CLASS MAIL



C