IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES, | : | 1:CV-01-1015 |
|     Plaintiff, | : | |
| v. | : | |
| | : | |
| YORK COUNTY POLICE DEPARTMENT, | : | (KANE, D.J.) |
| AGENT JAMES H. MORGAN, DETECTIVE | : | (MANNION, M.J.) |
| RICHARD PEDDICORD, DETECTIVE | : | |
| RAYMOND E. CRAUL, SERGEANT GENE | : | |
| FELLS, DETECTIVE KESSLER, | : | |
| CORRECTION OFFICER BAYLARK, RANDY | : | |
| SNIPES, BRIAN WESTMORELAND, | : | |
| and DETECTIVE GLOWCZESKI, | : | |
|     Defendants. | : | |

**DEFENDANT CORRECTION OFFICER BAYLARK AND YORK
COUNTY PRISON'S BRIEF IN SUPPORT OF THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE DATED MARCH 11, 2003**

I.  STATEMENT OF FACTS AND PROCEDURAL HISTORY

On June 8, 2001, inmate Tyrone P. James, a prisoner confined in the York County Prison, filed a Complaint alleging a violation of his constitutional rights under 42 U.S.C. §1983.

On September 18, 2001, the Court filed a Memorandum and Order dismissing those portions of Plaintiff's Complaint that sought injunctive relief and claims on behalf of third parties.

On November 9, 2001, the Defendants Correction Officer Baylark and York County Prison filed an Answer with Affirmative Defenses to Plaintiff's Complaint.  Plaintiff's Complaint is directed toward many law enforcement officers, but is very restricted in his claim against the York County Prison and Correction Officer Baylark.  The entire Complaint against the York County Prison and Officer Baylark is contained in the following two paragraphs set forth in Plaintiff's Complaint:

> "10.   At admission, I requested a phone call to call my family to obtain an attorney,  I was denied by James H. Morgan, who instructed correctional officers, Baylark and Asbury not to give me any phone calls pending investigation.  I was later denied phone call by C/O Baylark that same night. In total, I was denied telephone access from January 10, 2001 until January 12, 2001.
>
> 11.   I was continually subjected to steady and persistent questioning by defendants from January 10, 2001, until January 12, 2001, even when I informed defendants about they denied me a phone call, I was disabled and I would not speak to them without an attorney."

Following the passage of the Federal Prison Litigation Act 42 USC §1997(e), the York County Prison Board adopted a detailed procedure to consider the complaints of inmates concerning prison conditions.  (See Affidavits of Roger Thomas and Deputy Warden.)

This procedure provides full administrative relief to an inmate who proves a meritorious claim.  The relief may include:

      A.    Monetary damages in a fixed amount
      B.    Alternative dispute resolution

      C.     Changes in procedure
      D.     Disciplinary action
      E.     Any equitable or legal relief deemed appropriate

The grievance system provides for several levels of appeal of an inmate's complaint. One level of appeal is to the Assistant County Solicitor, who may refer the matter to the Complaint Review Board, which then makes recommendations to the York County Prison Board.

The inmate, if not satisfied with the Solicitor's review or the recommendation of the Complaint Review Board, is permitted to make a direct final appeal to the York County Prison Board.

The administrative procedures specifically state:

> "The grievance system 'shall not be exhausted' within the meaning of the state and federal law unless all reviews and appeals are timely taken and denied." (See Affidavit of Donald L. Reihart, Esq.)

In the instant case, the Plaintiff has failed to comply with the Federal law. Affidavits filed by staff members of the York County Prison establish that there is and was a prisoner grievance system in place at the York County Prison, and that Tyrone P. James did not file a prisoner grievance or complaint in the administrative system and therefore, did not exhaust administrative remedies available to him. See Affidavits of Deputy Warden Roger Thomas and Donald L. Reihart, Esq.)

Plaintiff admits in paragraph II B of his Complaint that he did not file a grievance concerning the facts relating to his complaint. Defendants Correction Officer Baylark and York County Prison have filed a Summary Judgment Motion.

In responding to the Plaintiff's Statement of Material Facts James argued that he was not aware of the York County Prison rules and regulations and was never given an inmate handbook for the York County Prison. These facts were not originally set forth in Plaintiff's Complaint.

Defendants' filed a Reply Brief and Affidavits which indicate that James' statement that he did not know about the grievance system is simply not correct.

James was given an introductory orientation, which all prisoners receive. In this orientation he was given a complete explanation of the grievance system, how to file grievances and how the system works. He was also given a handbook on February 11, 2001, long before the lawsuit, which he filed on June 8, 2001. (See Affidavit of Andrew Kreps.) In addition, he used the grievance system on two occasions, March 29, 2001 and April 19, 2001. (See Affidavit of Deputy Warden Thomas.)

On March 11, 2003, Magistrate Judge Malachye Mannion filed a Report and Recommendation. In this Report and Recommendation the Magistrate Judge recommended that any claim against York County Prison be dismissed because the "York County Prison" was not the proper designation of a Defendant in a civil rights action, citing: Powell v. Cook County Jail, 814 F.Supp. 757 (N.D. ILL. 1993) (jail is not a "person" for purposes of civil rights statute); Mitchell v. Chester County Farms Prison, 426 F.Supp. 271 (E.D. Pa. 1976) (prison not a "person" subject to civil rights suit).

In addition, the Magistrate Judge recommended the dismissal of Plaintiff's Claim against Correction Officer Baylark because the inmate failed to "exhaust administrative remedies" as required by the Prison Litigation Reform Act of 1995 42 U.S.C. § 1997(e)(a).

4

Magistrate Judge Mannion's report was filed on March 11, 2003.  The Plaintiff, however, did not file objections to the Magistrate Judge's Report and Recommendation until the 26th day of March, 2003. This Brief is in support of the Report and Recommendation.

It is noted that the appeal was filed beyond the ten (10) day period set forth in Local Rule 72.3.  The appeal should be dismissed as not being timely filed.

**II.   QUESTION PRESENTED**

    A.   SHOULD THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE MANNION DATED MARCH 11, 2003 BE APPROVED?

**III.  ARGUMENT**

    A.   THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE MANNION DATED MARCH 11, 2003 SHOULD BE ADOPTED BY THE COURT.

On page 16 of the Plaintiff's Objection to the findings of the Magistrate Judge's Report and Recommendation Plaintiff states:

> "Although York County Prison was not named as a Defendant in Plaintiff's Complaint as each of the Defendants was sued in their individual capacities, York County should be held liable for failure to train its employees.  See <u>City of Canton v. Harris</u>, 489 U.S. 378, 387, 390 (1989).  The municipality may be held liable under § 1983 for failure to train police officers only when failure to train amounts to deliberate indifference to rights of persons with whom police interact and when policy actually caused injury."

By this admission the Plaintiff clearly acknowledges that York County Prison was not named as a Defendant and likewise York County was not named as a Defendant in his Complaint.  The Magistrate Judge's conclusion that even if Plaintiff's Complaint could be construed as listing York County Prison as a party, such designation was not a

5

"person" for the purposes of the civil rights statute and the Magistrate Judge was correct in recommending the dismissal of this named entity as a Defendant.

Defendant's other appeal issue concerns whether or not his alleged failure to receive a handbook and receive an explanation of the grievance procedure would relieve him from the obligation of exhausting the administrative remedies that were available to him.

It is submitted that the Magistrate Judge carefully reviewed the Affidavits that were filed by the staff members of the York County Prison, which established that James not only received the necessary information to understand and use the administrative system in place at the York County Prison, but on two occasions the Plaintiff actually used the administrative system when he filed two separate grievances.

It is also noted that James filed no Affidavit concerning his lack of knowledge but rather elected to stand upon an unsworn argument set forth in his Brief concerning his alleged failure to be given a prisoner's handbook.

Finally, James argues that because his allegations are that a single event occurred at the York County Prison his complaint did not concern "prison conditions".  He makes this argument because he characterizes the refusal to provide him with a telephone call as "deliberate and intentional".  His Complaint is clearly a "prison condition" within the meaning of the Prison Litigation Reform Act and his arguments do not form a valid basis for reversing the Recommendation of the Magistrate Judge.

IV.   **CONCLUSION**

Material Statement of Facts and Affidavits submitted with the Defendants' Motion for Summary Judgment and Defendants' Reply Brief prove that inmate Tyrone James did not exhaust the administrative remedies available to him. James failed to exhaust his administrative remedies and Summary Judgement should be granted as recommended by the Magistrate Judge in his report of March 11, 2003.

Respectfully submitted,

By:   /s/ Donald L. Reihart, Esquire
Donald L. Reihart, Esq.
Sup. Ct. I.D. #07421
3015 Eastern Boulevard
York, PA 17402-2904
Telephone (717) 755-2799

Date: April 9, 2003          Assistant Solicitor for York County

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES, | : | 1:CV-01-1015 |
|       Plaintiff, | : | |
| v. | : | |
| | : | |
| YORK COUNTY POLICE DEPARTMENT, | : | (KANE, D.J.) |
| AGENT JAMES H. MORGAN, DETECTIVE | : | (MANNION, M.J.) |
| RICHARD PEDDICORD, DETECTIVE | : | |
| RAYMOND E. CRAUL, SERGEANT GENE | : | |
| FELLS, DETECTIVE KESSLER, | : | |
| CORRECTION OFFICER BAYLARK, RANDY | : | |
| SNIPES, BRIAN WESTMORELAND, | : | |
| and DETECTIVE GLOWCZESKI, | : | |
|       Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Donald L. Reihart, Esquire, certify that a true and correct copy of the foregoing Defendant Correction Officer Baylark and York County Prison's Brief in Support of the Report and Recommendation Of The Magistrate Judge Dated March 11, 2003 was caused to be served on the date shown below by depositing same in the United States mail, first-class, postage prepaid thereon, addressed as follows:

Tyrone P. James  
SCI-Rockview  
P.O. Box A  
Bellefonte, PA  16823

Linda S. Lloyd, Esquire  
15th Fl. – Strawberry Square  
Harrisburg, PA  17120

Respectfully submitted,

By:   /s/ Donald L. Reihart, Esquire  
Donald L. Reihart, Esq.  
Sup. Ct. I.D. #07421  
3015 Eastern Boulevard  
York, PA 17402-2904  
Telephone (717) 755-2799

Date: <u>April 9, 2003</u>                    Assistant Solicitor for York County