UNITED STATES DISTRICT COURT   *2 to U*

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES | : | |
| Plaintiff | : | CIVIL ACTION NO.1:01-1015 |
| v. | : | (KANE, D.J.) |
| | | (MANNION, M.J.) |
| YORK COUNTY POLICE | : | |
| DEPARTMENT, JAMES H. | | |
| MORGAN, RICHARD | : | |
| PEDDICORD, RAYMOND E. | | |
| CRAUL, GENE FELLS, DET. | : | |
| KESSLER, CO BAYLARK, | | |
| RANDY SNIPES, BRIAN | : | |
| WESTMORELAND,and | | |
| DETECTIVE GLOWCZESKI | : | |
| Defendants | : | |

**FILED**
**HARRISBURG, PA**

APR 1 6 2003

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

PLAINTIFF'S MOTION IN OPPOSITION OF DEFENDANT BAYLARK MOTION IN SUPPORT

OF THE MAGISTRATE JUDGE REPORT AND RECOMMENDATION DATED MARCH 11, 2003

STATEMENT OF THE CASE AND PROCEDURAL HISTORY

On June 8, 2001, this inmate, Tyrone P. James, presently incarcerated at
SCI-Rockview, filed a complaint alleging a violation of his constitutional rights
under 42 U.S.C.§1983. On June 25, 2001, this Court gave Plaintiff's complaint
preliminary consideration pursuant to 28 U.S.C. § 1915 and recommended that
the complaint be dismissed.  By memorandum and order dated September 18, 2001,
the District Court adopted in part and rejected in part the findings and
recommendation of the Magistrate Judge.  Specially, the Court dismissed those
portions of the complaint which sought injunctive and claims on behalf of third
parties; and directed that the complaint be served.

On February 27, 2002, Defendant Baylark submitted Motion for Summary
Judgment.  Along with a brief and exhibits in support thereof; and statements
of material facts.  The Plaintiff filed a brief in opposition to the defendants
motion for summary judgment on March 11, 2002. A reply brief and exhibits were
filed on March 20, 2002, without first obtaining leave of Court as required
by the Middle District Local Rules of Court, Rule 7.7 on April 29, 2002, by
defendant Baylark; Plaintiffs' filed a reply brief.

On July 10, 2002, the district court directed that the case be transferred back to the undersigned Magistrate Judge, for preparation of a report and recommendation.

On March 11, 2003, Magistrate Judge Malachy, Mannion filed a report and recommemdation plaintiffs' received this report on March 13, 2003,and made timely response on March 23,2003, by placing a "Motion in opposition of the Magistrate finding for report and recommendation,"In the institutional mail, at SCI-Rockview, in complying with Local Rule 72.2; 28 U.S.C. § 636(b)(1)(B), and Local Rule 72.3.

## QUESTION PRESENTED:

Whether the Report and Recommendation of Magistrate Judge Malachy E. Mannion dated March 11, 2003 should be adopted by the Court?

## ARGUMENT

Plaintiff has set forth in his Motion in opposition to the Magistrate report and Recommendation presented to the Court on March 23, 2003. Plaintiff allege that his constitiutional rights was violated by defendands acting under the color of state law, deprived plaintiff's, an arrestee at the time, rights guaranteed by the constitutions and federal law. See 42 U.S.C.§1983;Monroe v. Pape 365 U.S. at 184.quoting United States v Classic 313 U.S. 325, 326 (1941); iWest v. Atkin, 487 U.S. at 50; Abbott v. Latshaw,164 F.3d.141-48 (3d Cir. 1998). Defendant Baylark and Co-defendant Morgan actions were deliberate and intentional orchestrated, in denying Plaintiffs' of counsel, when they denied him the reasonable opportunity to use the phone on January 10, 2001. Plaintiff was placed in administrative segregation, where he was denied access for an additional two days; he was interrogated by defendant Morgan and later charge with additional charges. A clearly and unambiguously illegal act instituted by these defendants. the Court should note, that Plaintiff's was a active member, with the Legal Service Plans and Family Service Plans, a network that provides legal representation to clients and member. This membership card was confiscated and destroyed by co-defendant Morgan. Pre-trial detainee have a right to

2

reasonable access to the telephone. See Tucker v. Randall, 948 F.2d 388, 390-91 (7th Cir. 1991); Feeley v. Sampson,570 F2d 364, 374 (1st Cir. 1978);Johnson v. Galli,596 F. Supp. 135, 135, 138 (D. Nev.1984); Stewart v. Gate,450 F. Supp. 583, 586 (C.D. Cal 1978),Remand, 618 F.2d 117 (9th Cir 1980). Moore v. Janing,427 F. Supp. 567, 576 (N. Neb, 1976); Brenneman v. Madigan, 343 F. Supp 128, 141 (N.D. Cal 1972).

Arrestees have a right to telehone an attorney. See Moore v. Marketplace Restaurant, Inc.,754 F.2d 1336, 1349 (7th Cir. 1985); Also see Johnson v. Carroll, 694 F. Supp. 500, 505 (N.D.III. 1988)(an arestee had no Sixth Amendment right to make a telephone call intil after adversary judicial proceedings have started, even through he was interrogated for 30 hours).

Here, Plaintiff was officially charge and preliminary arraignment was held, bail was set. See PA Rule Of Criminal Procedure, Rule 540 (G); also see County Of Riverside v. McLaughlin, 111 S.Ct.1661 (1991); Gerstein v. Pugh, 420 U.S.103, 95 S.Ct.854, 43 L.Ed.2d 54. The unnecessary delay of plaintiff preliminary arraingnment, with the denial of counsel, was a mere violation of his constitutional rights, by defendant and co-defendant Morgan; issues that the York County Prison, is not competent to resolve; see Mc Carthy v. Madigan, 112 S.Ct. at 1088; Johnpoll v. Thornburgh, 898, F.2d 849, 851 (2d Cir.)(constiutional challenges to regulation need not be administratively exhausted). cert. denied, 111 S. Ct. 63 (1990); Green v. Nelson, 442 F.Supp. at 1052; Brown v. Carlson,431 F.Supp 755,763 (W.D. Wis 1977)( if the issue is purely legal and not factual exhaustion is not required).

Defendant, claimed in his brief in opposition dated April 9,2003, that the plaintiff failed to exhausts administrative remedy and submitted sworned affidavits of statements, from Duty Warden,Roger Thomas, and Counselor, Andrew Krepps; These affidavits are questionable, because the defendant failed to provided any written sworned affidavit, showing that plaintiff's, ever signed for,or received a HandBook. The Affidavit does not a written signature showing plaintiff signed for one, or that this Grievance Policy was ever explained to him, or was available to him at that particular time. See Brown v. Croak,312

F.3d 109 (3d Cir. 2002); <u>Ray</u> v. <u>Kerte,</u> 285 F 3d 287, 295 (3d Cir. 2002); <u>Camp</u> v. <u>Brennan,</u> 219 F.3d 279, 281 (3d Cir. 2000).

Although sworned affidavit established that a material issue of fact exist, none shown a signature of plaintiff, receiving a HandBook exsisted, or a orientation was ever given. See <u>Bracey</u> v. <u>Herring</u>, 466 F2d. 702 (7th Cir 1972). Defendant noted that plaintiff failed to filed sworned statements concerning his allegation of him not receiving a Prison HandBook, or having knowledge of this Grievance system. Plaintiff's had filed a verified statements with all opposing briefs to the Court.

Plaintiff's alleged that this was a single event that occurred at the York County Prison, when Defendant Baylark, acted out of his official capacity as a correctional officer and deliberately and intentionally acted in concert with co-defendant Morgan, in depriving plaintiff of his Constitutional rights and Federal Law; on January 10, 2001; under the 5th, 6th and 14th Amendment; Due process right; therefore plaintiff need not excuse administrative remedy. See <u>Patsey v. Board of Regents,</u> 457 U.S. 496, 73 Led.2d. 102 S.Ct.2557 (1982); <u>Monroe</u> v. <u>Pape</u>, 365 U.S. 180-183 (1961); see also, <u>Mitchell</u> v. <u>Horn,</u> 318 F.3d. 523 (3d Cir. 2003)(Prison's failure to exhaust administrative remedies in connection with his Eight Amendment condition of confinement claim, was not a permissable basis for District Court's Sua Sponte dismissal under Prison Litigation Reform Act (PLRA), Civil right of Institutionalized Person Act. 7 (a & c), 42 U.S.C.A. § 1997 e (a & c).

Defendant, claimed that Plaintiff use the Grievance system twice, both time, resulted in an unfavorable decisions,although both issues were oreintated on Constitutional violations at the York County Prison. Plaintiff seeked to exhausts administrative remedy on this issue throught the Duty Warden RogerThomas and the County Solicitor, which was also denied,"stating, since the <u>801 complaint Form,</u> was filed two years after the incident, the complaint should be null and void; Nowhere in the Grievance Procedure HandBook, does it states that an inmates have a specific time frame, or limits to filed a 801 complaint form with the Complaint Supervisor, to remedy any specific situation. This only shows that

4

oexhaustion would have been futile. See McCarthy v. Madigan, 503 U.S. 140, 117 L.Ed.2d 291 112 S. Ct. 1081 (1992).

Correctional officer Baylark, failed to followed institutional policy and customs adopted by the York County Prison, the Commonwealth and Federal Constitution and Laws, that allowed newly arrived arrestees, Federal Detainee, Pre-trial detainees and inmates,a reasonably opportunity to make a 10 to 15 minutes collect phone call, at admission, to contact attorney, BailBondman and immediate family members, to seeked representation, post bond, or to informed family member of your immediate situation and make arraignment for posting bond. Other inmates were allowed the used of the phone on January 10, 2001, to seeked support, or to contact attorneys,BailBondman, or family. Plaintiff was preliminary arraigned, and completed the booking process; but was repeatedly denied a reasonable opportunity to contact counsel, by Defendant and co-defendant Morgan. This coercion manifest a deliberate indifferences, has to deliberate and intentional act to deprived plaintiff of his Constitutional rights. Althought there are limitations on State liability for monetary damages, the Court has held that a Municipality may be liable for damages under Section 1983, for violation of Federal Law that occur pursuant to a ifficial policy, or custom. See Monell v. Dep't of Soc. Serv., 436 658, 690-91 (1978); see also, City of Canton v. Harris, 487 U.S. 378, 387, 390 (1989)(municipality may be held liable under § 1983, for failure to train police officers only when failure to train amounts to deliberate indifference to rights of persons with whom police interact and when policy actually caused injury); see also Carter v. Philadelphia, 181 F.3d 339, 350 (3d Cir. 1999)(District Attorney's office is part of county and therfore is not immune as arm of state).

Defendant Baylark was acting pursuant to a official policy and custom of the York County Prison; therefore York County Prison, should be held liable for failure to train its employees. Defendant failed to contact his supervisor before complying with Co-defendant Morgan request to denied plaintiff's his rigth to contact counsel, and acted out of his official capacity as a York County Correctional officer; therefore acted with deliberate indifference against

5

ooplaintiff. The legal element of an Eight Amendment deliberate Indifference claim include proof of a defendant's sufficiently culpable state of mind which may include proof of motive. See Farmer v. Brennan, 511 U.S.825,834,114S.Ct.1970,128 LEd.2d.811 (1994)(if a defendant's motive is rooted in unconstitutional conduct, such as punishing, or threatening a prisoner for exercising his Constitutional Rights).

## CONCLUSION

WHEREFORE, Plaintiff's pray that this Honorable Court,to Grant him Summary Judgment and that the Magistrate Judge, Report and Recommendation, dated March 11,2003, and Defendant Baylark Motion in response, dated April 9, 2003, be Denied.


Dated: April 13, 2003

Respectfully Submitted,

Tyrone James

Tyrone P. James, EX- 9451


T

6

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES | : | |
| Plaintiff | : | CIVIL ACTION NO.1:01-1015 |
| v. | : | (KANE, D.J.) |
| | | (MANNION, M.J.) |
| YORK COUNTY POLICE | : | |
| DEPARTMENT, JAMES H. | | |
| MORGAN, RICHARD | : | |
| PEDDICORD, RAYMOND E. | | |
| CRAUL, GENE FELLS, DET. | : | |
| KESSLER, CO BAYLARK, | | |
| RANDY SNIPES, BRIAN | : | |
| WESTMORELAND,and | | |
| DETECTIVE GLOWCZESKI | : | |
| Defendants | : | |

## VERIFICATION

I, Tyrone P. James, verify, under penalty of perjury, that the foregoing petition is true and correct to the best of my knowledge and belief, pursuant to 28 U.S.C.1746.

Respectfully Submitted,

*Tyrone James*

Tyrone P. James EX-9451

Dated: April 13,2003

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES                          :

    Plaintiff                          :       CIVIL ACTION NO.1:01-1015

    v.                                 :           (KANE, D.J.)
                                                     (MANNION, M.J.)
YORK COUNTY POLICE                       :
DEPARTMENT, JAMES H.
MORGAN, RICHARD                          :
PEDDICORD, RAYMOND E.
CRAUL, GENE FELLS, DET.                  :
KESSLER, CO BAYLARK,
RANDY SNIPES, BRIAN                      :
WESTMORELAND,and
DETECTIVE GLOWCZESKI                     :

    Defendants                         :


## CERTIFICATE OF SERVICE

I, Tyrone P. James, certify under penalty of perjury, that the foregoing

Plaintiff Motion In Opposition Of Defendant Baylark Motion In Support Of The

Magistrate Judge Report and Recommendation Dated March 11,2003, was caused

to be served on the date and persons named below by depositing same in the

United States mail, first-class, postage prepaid thereon, address as follows:

Office Of The Clerk                  Donald L. Reihart, Esq.
United States district Court         law Offices Of Donald L. reihart
Middle District Of Pennsylvania      3015 Eastern Avenue
228 Walnut Street,P.O. Box 983       York, PA 17402
Harrisburg, PA 17120

Linda S. Lloyd, Esquire
15 ᵗʰ.Floor- Strawberry Squre
Harrisburg, PA 17120

                                     Respectfully Submitted,

                                     Tyrone James.

                                     Tyrone  P. James
                                     EX-9451

Dated: April 13, 2003.



INMATE MAIL
PA DEPT OF
CORRECTIONS

Tyrone James
EX-9451
P.O. Box A
Bellefonte, PA 16823-0820

**FIRST CLASS MAIL**

Legal Mail

FILED
HARRISBURG, PA

APR 1 6 2003

MARY E. D'ANDREA, CLERK
Per_____ Deputy Clerk

To: Office of The Clerk
United States District Court
Middle District of Pennsylvania
228 Walnut Street, P.O. Box 983
Harrisburg, PA. 17120

C