# ORIGINAL

UNITED STATES DISTRICT COURT     $2-f_0 \ cv$

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES | : | |
| Plaintiff | : | CIVIL ACTION NO.1:01-1015 |
| v. | : | (KANE, D.J.) |
| | | (MANNION, M.J.) |
| YORK COUNTY POLICE DEPARTMENT, JAMES H. MORGAN, RICHARD PEDDICORD, RAYMOND E. CRAUL, GENE FELLS, DET. KESSLER, CO BAYLARK, RANDY SNIPES, BRIAN WESTMORELAND,and DETECTIVE GLOWCZESKI | : : : : : | |
| Defendants | : | |

FILED
HARRISBURG, PA

APR 30 2003

MARY E. D'ANDREA, CLERK
Per _____

## MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION

## FOR THE APPOINTMENT OF COUNSEL

### STATEMENT OF THE CASE

This is a civil rights case filed Pro-se, by Plaintiff, Tyrone P. James, under 42 U.S.C. § 1983 and asserting claims for the unconstitutional use of excessive force, unlawful search and seizure of his person and property, during his arrest; failure to advise plaintiff of his rights under Miranda and the use of coercion and psychological tactics during interrogation and entrapment by defendants; denial of plaintiff's request to speak to an attorney during interrogation and after preliminary arraignment; excessive bond set in plaintiff's case, was unreasonable, because of sworned and oral testimony, giving at the District Justice Office, by said defendants, some of whom actively took part in the trampling of plaintiff, while he was on the ground in handcuffs, with their feet and shoes and by using a state vehicle to hit plaintiff, and other of whom watched and failed to intervene. Supervisory officials were aware of the violent propensities, and of some of the officers and the constitutional violations, and are liable for failing to take action to control them. Supervisory officials took active role in the violations.

ppp     2.  The plaintiff is incarcerated and has no ability to investigate the facts.  He is unable to identify, locate and interview credible witnesses.  See Tucker v. Randall. 948 F.2d 388, 391-92 (7th Cir. 1991); Gatson v. Coughlin,679 F. Supp. 270, 273 (W.D.N.Y. 1988); Armstrong v. Snyder, 103 F.R.D. 96, 105 (E.D.Wis. 1984).  In addition, this case will require considerable discovery concerning the identity of witnesses, the officers report and statements about the incidents, the history of the officers with prior records of misuse of force, other constitutional violations that occurred prior to this incidents, and the plaintiff's medical history.  See Tucker v. Dickey, 613 F. Supp. 1124, 1133-34 (W.D.Wis. 1985)(need for discovery supported appointment of counsel).

3.  The plaintiff's account of the use of excessive force by the defendants is squarely conflicting with the defendants challenging the identities of various defendants, and their statements and testimonies.  This aspect of the case will be a credibility contest between the defendants and the plaintiff.  That would take an experience attorney to shrive through the testimony of these defendants if this matter proceed to trial.  The existence of these credibility issues supports the appointment of counsel.  Gatson v. Coughlin, 670 F. Supp. 270 273(W.D.N.Y. 1988).

4

4.  The plaintiff is an indigent prisoner with no legal training, or court room and trial experience, a factor that supports the appointment of counsel.  Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).  In addition, he has very limited access to legal materials.  Rayes v. Johnson, 969 F.2d 700, 703-04 (8th Cir. 1992)(citing lack of ready access to law library as a factor supporting appointment of counsel).  Compared to the legal representation and counsel provided by the state, to the defendants.

5.  This case consisted of a large number of defendants, some of whom are supervisory officials, presents complex legal issues of determining which defendants were sufficiently personally involved in the constitutional violations to be held liable.  In addition, the plaintiff has asked for a

The plaintiff was subsequently denied due process of his procedural and substantive due process rights as to his arrest and detention. The plaintiff seeks damages as to all claims.

<u>ARGUMENT</u>

THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF

In deciding whether to appoint counsel for an indigent litigant, the court should consider "The factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues. "<u>Abdullah</u> v. <u>Gunter</u>,949 F.2d 1032 (8th Cir. 1991)(citation omitted),cert. denied, 112 S. Ct. 1995 (1992). In addition, courts have suggested that the most important factor is whether the case appears to have merit. <u>Cooper</u> v. <u>A. Sargenti Co., Inc.,</u>877 F.2d 170, 173 (2d Cir. 1989). <u>Tabron</u> v. <u>Grace,</u> 6 F.3d 147, 155 (3d Cir. 1993)(rejecting exceptional circumstances requirement), cert. denied,_U.S._(1994). Also, (counsel appointed where constitutional "issue of substance" was presented). Each of those factors weights in favor of appointing counsel in this case.

1. The plaintiff alleges that local and state officials used excessive force against him, while effectuating their arrest, this as cause mental and psychological and medical effects and other issues requiring expert testimony. In support medical witnesses, such as psychologist, psychiatrist, might be called by plaintiff, or both, therefore would support the appointment of counsel. See <u>Moore</u> v. <u>Mabus</u>, 976 F.2d 268, 272 (5th Cir. 1992); <u>Jackson</u> v. <u>County</u> of <u>Mclean</u>, 953 F.2d 1070, 1073 (7th Cir. 1992); <u>Tucker</u> v. <u>Randall</u>, 948 F.2d 388, 392 (7th Cir. 1991). Plaintiff's challenge the constitutional search and seizure of his person and property; denial of counsel; failure to give Miranda warning; and excessive bond, all Federal Constitutional issues raise by plaintiff. See <u>Tabron</u> v.<u>Grace</u>, <u>Supra</u>; <u>Javeri</u> v. <u>McMickens</u>, 660 F.Supp. 325, 326 (S.D.N.Y. 1987)(counsel appointed where constitutional "issues" of Substance was present).

jury trial, which require much greater legal skill than the plaintiff has or can develop. See <u>Abdullah</u> v. <u>Gunter</u>, 949 F.2d 1032, 1036 (8th Cir. 1991)(citing jury demand as a factor supporting appointment of counsel), cert. denied, 112 S. Ct. 1995 (1992).

6. The plaintiff's allegations, if proved, clearly would establish a constitutional violation. The use of excessive force, by the intentional and deliberate act by defendants alleged in the complaint clearly states an Eigth Amendment violation. See <u>Hudson</u> v. <u>McMillian</u>, ___U.S.___,112 S. Ct. 995, 1000 (1992). The failure to give Miranda warning, constitute a violation under the 5th and 6th Amendment. See <u>Dickerson</u> v. <u>United</u> <u>States</u>, 530 U.S. 428 (2000). His Sixth Amendment claim right to counsel attashes at the time plaintiff was formally charged, information were filed and arraignment conducted. See <u>Brewer</u> v. <u>Williams</u>, 430 U.S. 387, 388 (1977). His Fourth Amendment claim for unlawful search and seizure of his person, and property during his arrest and detention. See <u>County</u> <u>of</u> <u>Sacramento</u> v. <u>Lewis</u>, 523 U.S. 833, 843 (1998); <u>Graham</u> v. <u>Connor</u>, 490 U.S. at 395-99 (1989). Denying plaintiff's, phone access to contact counsel during interrogatories and after preliminary arraignment. See Pennsylvania Rule Of Criminal Procedure, Rule 540 (G); and his Eigth Amendment rights in relation to excessive bond, denial of phone access to used the phone to contact counsel before detention. See <u>United</u> <u>States</u> v. <u>Salerno</u>, 481 U.S. 739, 95 L.Ed.2d, 697, 107 S. Ct. 2095; <u>Bell</u> v. <u>Wolfish</u>, 441, U.S. 520, 535 and n. 16; 60 L.Ed 2d 447, 995. Plaintiff process right under the Fourteenth Amendment of United States Constitution, as to Procedural and Substantive Due Process and Equal Protection of the Law. See <u>Bernal</u> v. <u>Fainter,</u> 467 U.S. 216, 219, 104 S. Ct. 2312 (1984). On its face, then, this is a meritorious case.

CONCLUSION

For the foregoing reasons, the Honorable Court should grant the Plaintiff's motion and appoint counsel in this case.

Respectfully Submitted,

Dated: April 25, 2003

*Tyrone James*

Tyrone P. James EX-9451

# ORIGINAL 2 to W

## UNITED STATES DISTRICT COURT

### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES | : | |
| Plaintiff | : | CIVIL ACTION NO.1:01-1015 |
| v. | : | (KANE, D.J.) |
| | | (MANNION, M.J.) |
| YORK COUNTY POLICE | : | |
| DEPARTMENT, JAMES H. | | |
| MORGAN, RICHARD | : | |
| PEDDICORD, RAYMOND E. | | |
| CRAUL, GENE FELLS, DET. | : | |
| KESSLER, CO BAYLARK, | | |
| RANDY SNIPES, BRIAN | : | |
| WESTMORELAND, and | | |
| DETECTIVE GLOWCZESKI | : | |
| Defendants | : | |

**FILED**
HARRISBURG, PA
APR 3 0 2003
MARY E. ~~D'ANDREA, CLERK~~
Per _____ GTS

### VERIFICATION

I, Tyrone P. James, verify, under penalty of perjury, that the foregoing petition is true and correct to the best of my knowledge and belief, pursuant to 28 U.S.C.1746.

Respectfully Submitted,

*Tyrone James*

Tyrone P. James EX-9451

Dated: **April 25,** 2003

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES                          :

     Plaintiff                         :        CIVIL ACTION NO.1:01-1015

     v.                                :               (KANE, D.J.)
                                                         (MANNION, M.J.)
YORK COUNTY POLICE                       :
DEPARTMENT, JAMES H.
MORGAN, RICHARD                          :
PEDDICORD, RAYMOND E.
CRAUL, GENE FELLS, DET.                  :
KESSLER, CO BAYLARK,
RANDY SNIPES, BRIAN                      :
WESTMORELAND,and
DETECTIVE GLOWCZESKI                     :

     Defendants                        :

## CERTIFICATE OF SERVICE

I, Tyrone P. James, certify under penalty of perjury, that the foregoing Affidavit In Support And Memoranda Of Law In Support Of Plaintiff's Motion For The Appointment Of Counsel was caused to be served on the date and persons named below by depositing same in the United States mail, first-class, postage prepaid thereon, address as follows:

Office of the Clerk
United States District Court
Middle District Of pennsylvania
228 Walnut Street, P.O. Box 983
HARRISburg PA 17108
Linda S. Lioyd, Esquire
15 th floor- Strawberry Sqaure
 Harrisburg, PA 17120

Donald L. Reihart,Esq.
Law Offices Of Donald L. Reihart
3015 Eastern Avenue
York, PA 17402

Respectfully Submitted,

*Tyrone James.*

Tyrone P.James
EX-9451

Dated: April 25, 2003

Tyrone James
EX 9451
P.O. Box 47
Bellefonte, PA
16823-0820

INMATE MA
PA DEPT O
CORRECTIO

FILED
HARRISBURG, PA

APR 30 2003

MARY E. D'ANDREA, CLERK
Per _____

To The Office of The Clerk
United States District
Middle District of
228 Walnut Street
Harrisburg PA 171

FIRST CLASS

INMATE MAIL
PA DEPT OF
CORRECTIONS

$1.29

U.S. POSTAGE

FILED
HARRISBURG, PA

APR 30 2003

MARY E. D'ANDREA, CLERK
Per _____

To: OFFICE OF THE CLERK
United States DISTRICT COURT
Middle DISTRICT OF PENNSYLVANIA
228 Walnut Street  P.O. Box 983
Harrisburg, PA  17108

**FIRST CLASS MAIL**

C