# ORIGINAL

2 to CN

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES :

     Plaintiff : CIVIL ACTION NO.1:01-1015

     v. :     (KANE, D.J.)
              (MANNION, M.J.)

YORK COUNTY POLICE :
DEPARTMENT, JAMES H.
MORGAN, RICHARD :
PEDDICORD, RAYMOND E.
CRAUL, GENE FELLS, DET. :
KESSLER, CO BAYLARK,
RANDY SNIPES, BRIAN :
WESTMORELAND, and
DETECTIVE GLOWCZESKI :

     Defendants :

**FILED**
HARRISBURG, PA

APR 30 2003

MARY E. D'ANDREA, CLERK

## AFFIDAVIT IN SUPPORT OF THE PLAINTIFF'S MOTION FOR THE

## APPOINTMENT OF COUNSEL

Tyrone P. James, being duly sworn, deposes and says:

1. I am the plaintiff in the above entitle case. I make this affidavit in support of my motion for the appointment of counsel.

2. The complaint in this case alleges that the plaintiff was subjected to (1) excessive force used by the police during his arrest; (2) unlawful search and seizure of his person and property during the arrest and investigation; (3) failure to advise plaintiff of his rights under Miranda and the use of coercion and pyschological tactic during interrogation and entrapment by defendants; (4) denial of plaintiff's request to speak to an attorney during interrogation and after preliminary arraignment; (5) excessive bond set in plaintiff's case, was unreasonable, because of sworned and oral testimony, giving at the District Justice office, by said, defendants, some of whom actively took part in the trampling of plaintiff, while on the ground in handcuffs, with their feet and shoes, and the use of a state van to hit plaintiff, and others of whom watched and failed to intervene. Supervisory officials were aware of the violent propensities, and of some of the officers

and the Constitutional violations, and are liable for failing to take action to control them.   The Plaintiff was subsequently denied due process of his procedural and substantive due process rights as to his arrest and detention.

3.   This is a complex case because it contains several different legal claims with each claims involving a different set of defendants.

4.   This case may require expert testimony.

5.   The plaintiff has demanded a jury trial.

6.   The case will require discovery of documents and depositions of a number of witnesses.

7.   The testimony will be in sharp conflict, since the plaintiff alleges the use of excessive force was used in arresting him, denial of his rights to counsel, failure to give Miranda warning before questioning, and unlawful search and seizure of his person and property, that only would be litigate at trial through an experience trial, or civil attorney.

8.   The plaintiff has only a general education and has no legal education and how to conduct a jury trial, as to objections, cross-examining witnesses, and raising relevant issues as to this case.

9.   The plaintiff is serving a sentence in state prison, SCI-Rockview. For this reason he has very limited access to legal materials and has no ability to investigate the facts of the case, by locating, interviewing the Mail Boxes Etc., Clerks, and other witnesses who were eyewitnesses to his trampling and the use of excessive force by defendants, other inmates, as to the denial of counsel by defendants.

10.   As set forth in the Memorandum Of Law, submitted with this motion, these facts, with the legal merit of the plaintiff's claims, support the appointment of counsel to represent the plaintiff.

WHEREFORE, the plaintiff's motion for the appointment of counsel should be granted.

Dated: April 25, 2003.                              Respectfully Submitted,

*Tyrone James*

Tyrone P. James Ex-9451