IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES,<br>    Plaintiff | :<br>: |
| v. | :  CIVIL ACTION NO. 1:01-CV-1015<br>:<br>:  (Judge Kane) |
| YORK COUNTY POLICE<br>DEPARTMENT, JAMES H. MORGAN,<br>RICHARD PEDDICORD, RAYMOND<br>E. CRAUL, GENE FELLS, DET.<br>KESSLER, CO. BAYLARK, RANDY<br>SNIPES, BRIAN WESTMORELAND,<br>and DETECTIVE GLOWCZESKI,<br>    Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM AND ORDER

Before the Court are Defendants' motion to dismiss, a Report and Recommendation filed by Magistrate Judge Mannion recommending that the motion be granted in part and denied in part, and Defendants' objections to the Report and Recommendation. For the reasons discussed below, this Court will adopt the report and recommendation and overrule the objections.

**I.   Background**

The factual background to this case is detailed in the Report and Recommendation. Briefly, this case arises out of the circumstances surrounding Plaintiff's arrest, detention, interrogation and prosecution for state criminal charges. Plaintiff brings his complaint against the York County Police Department and several police and correctional officers. Defendants Morgan, Peddicord, Craul, Fells, Kessler, Glowczeski, and Westmoreland filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that in many respects, Plaintiff has failed to state a claim for which relief may be granted.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997).

## III. Discussion

Defendants bring two objections to the Report and Recommendation. First, they argue that the Magistrate Court erred in recommending the motion to dismiss be denied with respect to Plaintiff's Fourth Amendment excessive force claim. Second, they argue that the Magistrate Court erred in recommending that the excessive bond issue should survive the motion to dismiss. Additionally, although Plaintiff did not formally file objections to the Report and Recommendation, in his brief in opposition to Defendants' objections, he argues that the Magistrate Court erred in recommending the dismissal of his Sixth Amendment claim related to

2

denial of counsel. The Court will address each of these objections.

A.  **Fourth Amendment Claim of Excessive Force**

Defendants argue that Plaintiff's complaint does not sufficiently allege personal involvement of each of the Defendants such that they can be held liable for excessive use of force in violation of the Fourth Amendment. While they concede that Plaintiff identified Westmoreland and Glowczeski at the scene of the arrest, they argue that the other Defendants should be dismissed from this claim. Defendants made this same argument in their brief in support of their motion to dismiss, and it was fully considered by the Magistrate Court. That Court found that because Plaintiff alleged that all moving Defendants "were present at and involved in his arrest, including the use of excessive force against him[,]" the claim should be permitted to survive. This Court agrees.

Plaintiff is a pro se litigant, and as such, his complaint must be liberally construed and held to a less stringent standard than formal pleadings. Estelle v. Gamble, 429 U.S. 97 (1976). A pro se action "can only be dismissed for failure to state a claim if it appears 'beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. at 106 (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)). Although he does not provide extensive specifics as to how each Defendant was involved in the alleged constitutional violation, he does specifically state that all Defendants were involved and took an active role in his seizure. (See Doc. No. 83, at 7; Doc. No. 53 at 15-16). This is sufficient at this stage in the litigation. See Rode v. Dellacriprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."). Accordingly, Defendants' objection on this

3

basis will be overruled.

### B. Eighth Amendment Claim of Excessive Bond

The Magistrate Court noted that Defendants did not argue for dismissal of Plaintiff's claim that his Eight Amendment rights were violated by setting of excessive bail. (Doc. No. 79 at 13). However, Defendants object to this finding, arguing that they did not have any involvement in setting bond and that this claim was already dismissed by this Court's September 18, 2001 order.

This Court will not consider the merits of Defendants' argument since they did not raise it in their motion and therefore neither the Plaintiff nor the Magistrate Court had the opportunity to address it. See Dougherty v. Harper's Magazine Co., 537 F.2d 758, 761 (3d Cir. 1976) (noting that a court cannot dismiss a claim on its own initiative "without at least giving plaintiffs notice of the proposed action and affording them an opportunity to address the issue"). Furthermore, Defendants' contention that the excessive bond claim was previously dismissed is unsupported in the record. This Court did not mention, let alone dismiss, Plaintiff's Eighth Amendment excessive bond claim in the September 18, 2001 order. (See Doc. No. 16).

### C. Sixth Amendment Right to Counsel

Plaintiff argues that the "adversarial judicial proceedings" initiated when he was taken to the Magistrate's Office the day of his arrest and that was when his Sixth Amendment right to counsel attached. (Doc. No. 83 at 3-4). He states that he was denied access to counsel at the critical stage of his prosecution when he was being interrogated.

The Magistrate Court found that Plaintiff's allegations of denial of counsel prior to the initiation of judicial proceedings does not rise to the level of a Sixth Amendment claim. The Magistrate Court fully considered the record and applicable law in making this finding, and this

4

Court will now adopt it. Plaintiff's claims regarding denial of counsel are still actionable under the Fifth Amendment insofar as it prohibits interrogation after a clear request for counsel is made. See Davis v. United States, 512 U.S. 452, 458 (1994) ("if a suspect requests counsel at any time during the interview, he is not subject to further questioning until a lawyer has been made available or the suspect himself reinitiates conversation") (citing Edwards v. Arizona, 451 U.S. 477, 484-85); see also Miranda v. Arizona, 384 U.S. 436 (1966). Plaintiff's Fifth Amendment claim will not be dismissed.

IV. **ORDER**

Therefore, for the reasons discussed above, **IT IS HEREBY ORDERED THAT**:

1. This Court **ADOPTS** in full the Report and Recommendation (Doc. No. 79) filed by Magistrate Judge Mannion.

2. Defendants' objections (Doc. No. 80) are **OVERRULED**.

3. Defendants' motion to dismiss (Doc. No. 45) is **GRANTED** in part and **DENIED** in part as follows: Plaintiff's Eighth Amendment excessive force claim, Fourteenth Amendment excessive force claim, and Sixth Amendment right to counsel claim are **DISMISSED**. The remainder of the motion to dismiss is **DENIED**.

                                                  S/ Yvette Kane
                                                  Yvette Kane
                                                  United States District Judge

Date: October 8, 2003