# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES,<br>   Plaintiff | |
| | No. 1:CV-01-1015 |
| v. | |
| | (Judge Kane) |
| YORK COUNTY POLICE DEPARTMENT; AGENT JAMES H. MORGAN; DET. RICHARD PEDDICORD; DET. RAYMOND E. CRAUL; SGT. GENE FELLS; DET. ROBERT KESSLER DET. ANTHONY GLOWCZEWSKI; AGENT RANDY SIPES; and AGENT BRIAN WESTMORELAND<br>   Defendants | (Magistrate Judge Mannion)<br><br>Electronically Filed |

## **DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants James H. Morgan, Richard Peddicord, Raymond E. Craul, Gene Fells, Anthony Glowczewski, Robert Kessler and Brian Westmoreland, by their attorneys, submit the following Answer to the Amended Complaint[1] filed by Plaintiff on February 22, 2002.

---

[1] Plaintiff's Amended Complaint is a combination of two (2) separate documents: (1) the Amended Complaint, dated 2/22/02; and (2) a "Motion to Amend Complaint and Brief," dated 10/31/01.  This Court held, in its Order dated 4/25/02, that Plaintiff's "Motion to Amend Complaint and Brief" should be considered a supplement to Plaintiff's Amended Complaint.  Accordingly, Defendants' will address both of these documents in their Answer.

# FIRST DEFENSE

**I.  Previous Lawsuits**

A.  This numbered paragraph, pertaining to previous lawsuits filed by Plaintiff, does not require an answer from Defendants.

**II.  Exhaustion of Administrative Remedies**

A.  DENIED.  There is a grievance procedure available at all Department of Corrections ("DOC") prisons.

B.  Answering Defendants lack sufficient information or knowledge at this time to admit or deny the factual allegations in this paragraph.  Therefore, all allegations are DENIED.

C.  Answering Defendants lack sufficient information or knowledge at this time to admit or deny the factual allegations in this paragraph.  Therefore, all allegations are DENIED.

**III.  Defendants**

A.  ADMITTED.

B.  ADMITTED.

**IV.  Statement of Claims**

1.  ADMITTED.

2. DENIED. By way of further explanation, Defendants identified themselves to Plaintiff as law enforcement officers, and were not acting like "thugs."

3. ADMITTED.

4. ADMITTED in part, DENIED in part. It is admitted that Plaintiff was arrested and handcuffed on January 10, 2001. All other allegations are denied.

5. ADMITTED in part, DENIED in part. It is admitted that Plaintiff was asked about the contents of the box after he had been given his Miranda rights by Defendant Morgan. All other allegations are denied.

6. ADMITTED.

7. ADMITTED in part, DENIED in part. It is admitted that Plaintiff's wallet and business cards were examined by Defendant Morgan. All other allegations are denied.

8. ADMITTED.

9. ADMITTED in part, DENIED in part. It is admitted that Plaintiff was taken to York County Prison. All other allegations in this paragraph contain conclusions of law to which no response is required; however, to the extent they are deemed factual, they are DENIED.

10. DENIED.

11. DENIED.

12. Answering Defendants lack sufficient information or knowledge at this time to admit or deny the factual allegations in this paragraph. Therefore, all allegations are DENIED.

13. ADMITTED.

14. DENIED.

15. DENIED.

## LEGAL CLAIM

1. This numbered paragraph contains conclusions of law to which no response is required; however, to the extent it is deemed factual, it is DENIED.

2. This numbered paragraph contains conclusions of law to which no response is required; however, to the extent it is deemed factual, it is DENIED.

3. This numbered paragraph contains conclusions of law to which no response is required; however, to the extent it is deemed factual, it is DENIED.

4. This numbered paragraph contains conclusions of law to which no response is required; however, to the extent it is deemed factual, it is DENIED.

5. This numbered paragraph contains conclusions of law to which no response is required; however, to the extent it is deemed factual, it is DENIED.

6. This numbered paragraph contains conclusions of law to which no response is required; however, to the extent it is deemed factual, it is DENIED.

**Motion to Amend Complaint and Brief** [2]

    1.    ADMITTED.

    2.    ADMITTED.

    3.    ADMITTED.

    4.    This numbered paragraph contains conclusions of law to which no response is required; however, to the extent it is deemed factual, it is DENIED.

    5.    DENIED.

    6.    DENIED.

## SECOND DEFENSE

The Amended Complaint fails to state a claim for which relief can be granted.

## THIRD DEFENSE

At no time have Defendants deprived, or sought to deprive, Plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States.

## FOURTH DEFENSE

At all material times, Defendants acted with a reasonable good faith belief in the lawfulness of their actions and are entitled to immunity.

---

[2] Plaintiff, in his "Motion to Amend Complaint and Brief" begins renumbering the paragraphs starting at number 1. Defendants' Answer will follow this numbering scheme.

## FIFTH DEFENSE

Plaintiff is entitled to no relief, whether compensatory, declarative, injunctive, punitive or otherwise.

## SIXTH DEFENSE

The Amended Complaint is frivolous, unreasonable and groundless, warranting an award of attorney's fees and costs in favor of answering Defendants.

## SEVENTH DEFENSE

Plaintiff's claims are barred by his failure to exhaust all of his administrative remedies.

**WHEREFORE,** judgment should be entered in favor of the answering Defendants together with costs and fees.

                                                              **Respectfully submitted,**

                                                               **D. MICHAEL FISHER**
                                                               **Attorney General**

                                    **By:**      **s/Jason Giurintano**
                                                               **JASON C. GIURINTANO**
                                                               **Deputy Attorney General**
                                                               **I.D. No. 89177**

| | |
|---|---|
| **Office of Attorney General** | **SUSAN J. FORNEY** |
| **Civil Litigation Section** | **Chief Deputy Attorney General** |
| **15th Floor, Strawberry Square** | **Chief, Litigation Section** |
| **Harrisburg, PA 17120** | **Counsel for Defendants** |
| **Date: October 15, 2003** | |

6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYRONE P. JAMES,** : | |
|               **Plaintiff** : | |
| : | No. 1:CV-01-1015 |
| v. : | |
| : | (Judge Kane) |
| **YORK COUNTY POLICE** : | (Magistrate Judge Mannion) |
| **DEPARTMENT; AGENT JAMES H.** : | |
| **MORGAN; DET. RICHARD** : | Electronically Filed |
| **PEDDICORD; DET. RAYMOND E.** : | |
| **CRAUL; SGT. GENE FELLS; DET.** : | |
| **ANTHONY GLOWCZEWSKI; AGENT** : | |
| **RANDY SIPES; and AGENT BRIAN** : | |
| **WESTMORELAND,** : | |
|               **Defendants** : | |

## CERTIFICATE OF SERVICE

I, Jason C. Giurintano, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on October 15, 2003, I caused to be served a true and correct copy of the foregoing document entitled Defendants' Answer by depositing same in the United States Mail, first-class postage prepaid to the following:

Tyrone P. James, EX-9451
SCI Rockview
P.O. Box A
Bellefonte, PA  16823

Donald L. Reihart
Law Office of Donald L. Reihart
2600 Eastern Blvd., Suite 204
York, PA  17402

                            **s/Jason Giurintano**
                            **JASON C. GIURINTANO**
                            **Deputy Attorney General**