IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES, | : | |
| **Plaintiff** | : | |
| | : | CIVIL ACTION NO. 1:01-CV-1015 |
| v. | : | |
| | : | (Judge Kane) |
| YORK COUNTY POLICE | : | |
| DEPARTMENT, JAMES H. MORGAN, | : | |
| RICHARD PEDDICORD, RAYMOND | : | |
| E. CRAUL, GENE FELLS, DET. | : | |
| KESSLER, CO. BAYLARK, RANDY | : | |
| SNIPES, BRIAN WESTMORELAND, | : | |
| and  DETECTIVE GLOWCZESKI, | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

Before the Court are Baylark and York County Prison's motion for summary judgement, a Report and Recommendation filed by Magistrate Judge Mannion recommending that the motion be granted, and Plaintiff's objections to the Report and Recommendation.  For the reasons discussed below, this Court will reject in part the findings and recommendation of the Magistrate Judge and grant the motion for summary judgment.

## I.    Background

The factual background to this case is detailed in the Report and Recommendation. Briefly, this case arises out of the circumstances surrounding Plaintiff's arrest, detention, interrogation and prosecution for state criminal charges.  Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983 against the York County Police Department and several police and correctional officers.  Defendants Baylark and the York County Prison filed a motion for summary judgment, arguing that Plaintiff's claims against them should be dismissed for failure to exhaust his

administrative remedies.

## II.    Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56.  A factual dispute is material if it might affect the outcome of the suit under the applicable law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is genuine only if there is a sufficient evidentiary basis which would allow a reasonable fact-finder to return a verdict for the non-moving party.  Id. at 249.  The nonmoving party receives the benefit of all reasonable inferences.  Sempier v. Johnson and Higgins, 45 F.3d 724, 727 (3d Cir. 1995).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in the complaint.  Instead, [it] must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden at trial."  Id. at 322.

III.    **Discussion**

The Magistrate Court recommended dismissing Plaintiff's claims against the Police

Department and Prison, noting that these entities are not persons under § 1983.  (See Doc. No.

78 at 3 n.1).  The Magistrate further recommended dismissing Plaintiff's claims against Defendant

Baylark for failure to exhaust the administrative remedies available in York County Prison.

Plaintiff objects to both recommendations.  He argues that he has sued the Police Department as a

policy maker, which is actionable under § 1983, and that exhaustion was not required for his

complaint against Baylark.

A.    **York County Police Department**

Citing a Ninth Circuit case and a case from the Eastern District of Pennsylvania, the

Magistrate Court stated that the Police Department was not a proper defendant under § 1983.

(See Doc. No. 78 at 3-4 n.1) (citing Ngiraingas v. Sanchez, 858 F.2d 1368 (9th Cir. 1988);

Peterson v. Easton Police Dep't Criminal Investigations Division, 1999 WL 718551 (E.D. Pa.

1999)).  The police department did not actually move for summary judgment, only the prison,

which the Magistrate likewise recommends dismissing from the action.  See id.

Plaintiff argues that the police department can be liable as a policy-maker for failure to

train its employees.  See City of Canton v. Harris, 489 U.S. 378, 388-89 (1989).  Defendant does

not seem to dispute this and only argues that prison and county should be dismissed as Defendants

in this action.  Plaintiff did not name the prison as a Defendant, and states that it is the County or

Police Department that should be liable for failure to train.  (See Doc. No. 82 at 17).

Accordingly, the motion will be granted as to the prison.

In Monell v. Department of Social Services of New York, the Supreme Court concluded

that Congress intended § 1983 to apply to municipalities and other local government units. 436 U.S. 658, 690-91 (1978). This liability cannot be based on respondaet superior; "[i]nstead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. Inadequate police training may serve as the basis for § 1983 liability where the "failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388-89 (1989). The Canton Court observed that failure to train may amount to deliberate indifference where the need for more or different training is obvious, and inadequacy very likely to result in violation of constitutional rights. Id. at 389. For example, if the police often violate citizens' rights, a need for further training might be obvious. Id. at 390, n.10; see also Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (deliberate indifference may be established where harm occurred on numerous previous occasions and officials failed to respond appropriately, or where risk of harm is great and obvious).

Here, the Police Department is clearly a "governmental entity" that could fall under Monell, provided it has policy making authority. See 436 U.S. 658; City of Canton, 489 U.S. 378. Plaintiff has alleged that it was the custom or policy of the Police Department to to use excessive force against pre-trial detainees and deny them their right to contact counsel by telephone. In the absence of compelling authority to the contrary, this Court will decline to adopt the Magistrate's finding that a police department is not a "person" for § 1983, and will allow the action to proceed against the Police Department Defendant.

**B.      Corrections Officer Baylark**

4

Defendant Baylark has moved to dismiss all claims against him because Plaintiff did not pursue his complaints through the prison's grievance system. The Magistrate Court agreed and recommended that this Court dismiss Plaintiff's claim for failure to exhaust.

The Prison Litigation Reform Act ("PLRA") provides, in relevant part, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff asserts that it is not necessary to litigate this claim through the administrative process because his complaint does not involve prison conditions, no remedy through the prison was available, and because he was not given the prison handbook until after the incident and believed that his time to file a complaint had expired. Plaintiff asks this Court, if it were to adopt the Report and Recommendation's findings, to stay the case to allow him to pursue the grievance procedure rather than dismiss his claims.

Plaintiff argues that the PLRA's exhaustion requirement does not apply to his suit, which involves only an isolated incident of prison guard misconduct. However, the Supreme Court considered this provision of the PLRA and held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Furthermore, "those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' . . . Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739-41 (2001), affirming the Third Circuit decision in

Booth v. Churner, 206 F.3d 289 (3d Cir. 2000)).  This has been the law of the Third Circuit since before Plaintiff filed suit.  See Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) (holding that the PLRA "make[s] exhaustion of all administrative remedies mandatory" preconditions to filing suit). Accordingly, Plaintiff is required to exhaust administrative remedies on this claim.

However, by Defendant's own admission, Plaintiff did not have a prison handbook at the time of the incident in this case.  Accordingly, Plaintiff could not have filed a grievance against Baylark when it happened, being unaware of the administrative procedure.  However, between the time when Plaintiff did receive the handbook, on February 11, 2001, and before he filed this suit, he had the opportunity to file his grievance.  Regardless, Plaintiff filed this suit without exhausting his remedies, stating that it was not necessary under federal law.  (See amended compl. at 1).

Meanwhile, Plaintiff has submitted a grievance to York County Prison and requested that this case be stayed during the pendency of the administrative process.  However, the time has long since past for Plaintiff to pursue this avenue of relief and therefore dismissal is appropriate.  See Booth, 206 F.3d 289.

IV.    **ORDER**

Therefore, for the reasons discussed above, **IT IS HEREBY ORDERED THAT**:

Plaintiff's objections to the Report and Recommendation (Doc. No. 82) are **SUSTAINED** in part

and **OVERRULED** in part.  This Court **ADOPTS** the Report and Recommendation (Doc. No.

78) in part as follows:  The motion for summary judgment filed by Defendants Baylark and York

County Prison (Doc. No. 57) is **GRANTED**.  The Clerk of Court shall defer entry of judgment

pending the conclusion of this case.  This Court **DECLINES TO ADOPT** the Report and

Recommendation in part as follows:  Plaintiff's claims against the York County Police

Department will be allowed to proceed.

**IT IS FURTHER ORDERED THAT** Plaintiff's motion for appointment of counsel

(Doc. No. 86) is **DENIED**.


_____S/ Yvette Kane_____
Yvette Kane
United States District Judge


Date: November 12, 2003


7