ORIGINAL

November 19, 2003

2 to cl

Tyrone James
EX9451
P.O. Box A
Bellefonte, PA 16823-0820

1:01-cv-1015
(Judge Kane)

Clerk of Court
United State District Court
Middle District of Pennsylvania
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17198

FILED
HARRISBURG, PA
NOV 21 2003
MARY E. D'ANDREA, CLERK
Per ______ Deputy Clerk

Dear Clerk of Court;

Enclosed, you will Find my "Motion For Reconsideration". I am requesting a copy of The Docketing statements For The above-captioned matter, of all dockets or documents Filed with this Court from, June 8, 2001 until Recent or present. I am all requesting, ~~about~~ Four Subpoena Form From This Court, To Subpoena Documents, (Request for Document From Non-party and Four For, Request To Testify.

Please, your ~~corroy~~ corporation in This matter would be highly appreciated. Thank you.

Sincerely
Tyrone James
EX9451

cc: Tyrone James (Plaintiff)

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES
Plaintiff

v.

YORK COUNTY POLICE DEPARTMENT, JAMES H. MORGAN, RICHARD PEDDICORD, RAYMOND E. CRAUL, GENE FELLS, DET. KESSLER, CO. BAYLARK, RANDY SNIPES, BRAIN WESTMORELAND, AND DETECTIVE GLOWCZESKI,
Defendants

CIVIL ACTION NO.1:01-cv-1015

(Judge Kane)

FILED
HARRISBURG, PA

NOV 21 2003

MARY E. D'ANDREA, CLERK
Per ______ Deputy Clerk

MOTION FOR RECONSIDERATION OF THE HONORABLE JUDGE MEMORANDUM AND ORDER DATED NOVEMBER 12, 2003, GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT BAYLARK"S AND DENIED PLAINTIFF"S APPOINTMENT OF COUNSEL

AND NOW COMES, Plaintiff's, Tyrone P. James, moves this Honorable Court for reconsideration pursuant to Rule 59(e) of the Federal Rule of Civil Procedure and local Rule 7.10, District Court, of its Order dated November 12, 2003, Granting Motion of Summary Judgment in favor of Correctional Baylark, and for the foregoing reasons, vacate the Judgment of this Court, by issuing an Order, reversing Summary Judgment in said Order, and appoint Plaintiff's counsel; in the alternative order this civil case for trial. Plaintiff's hereby represents:

I. Background, the Factual background to this case, is detailed in the The Magistrate's Report and Recommendation and in the Memorandum and Order, dated November 12, 2003. Plaintiff's, brought his Complaint pursuant to 42 U.S.C. § 1983 against the York County Police Department and several members of the Department, the State Attorney General Office, and Correctional Officers Baylark. The York County Prison filed a Motion For Summary Judgment, arguing that Plaintiff's claims against them should be dismissed for failure to exhaust his administrative remedies.

II. Standard for Review

The Standard for review, when deciding Summary Judgment, is governed by "the pleading, deposition, answers to interrogatories, and admission on file, together with the affidavit, if any, showing that there is no genuine issue as to any material facts and that the moving party is entitled to a judgment as a matter of law." Fed. R,Civ.P.56. A factual dispute is material if material if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is genuine only if there is a sufficient evidentiary basis which would allow a reasonable fact-finder to return a verdict for the non-moving party. id. at 249. The nonmoving party receives the benefit of all reasonable inferences. Sempier v. Johnson and Higgins, 45 F.3d 724, 727 (3d Cir. 1995). It has long been recognized that the underlying purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976), cert, denied, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Summary judgment is appropriate only when it is demonstrated that there is no genuine issue as to any material fact and the moving party is entitle to judgment as a matter of law. Celotex Corp. v Catrett, 477 U.S. 317, 322-32, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

III. Whether the Honorable Judge erred in granting Summary Judgment in favor of Correctional Officer Baylark's

The Prison Litigation Reform Act ("PLPA") provide, in relevant part, No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law by prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff's avers that the constitutional misconduct by Defendants Morgan and C/O Baylark violated his Constitutional rights, under the United States Constitution, under the Sixth and Fourteenth Amendments, to due process of the law, when he deliberately and intentional denied access to counsel, interfering with

attorney-clients privilege, by refusing to allow plaintiff access to counsel over a seventy-two hours, time period. Plaintiff's also avers that such administrative remedies was unavailable to him through the prison. No Prison Handbook, was available to him and he was not informed of any grievances procedures at the York County Prison, by any Administrative Counselor. Plaintiff's also request that the Court issued a stay to allow him to pursue the grievance procedure, at Y.C.P. The Magistrate Judge, Mannion, based his report and recommendation, on the affidavits of the Deputy Warden Roger Thomas, Donald L. Reihart, Esq., who is counsel of record, and Counselor Andrew Krepps,. The Affidavit of Andrew Krepps, Counselor, is questionable, as to the truthfulness and falsity, based on his loyality to the Y.C.P., and the security when considering his Job, at the York County Prison. Plaintiff's aver, that he was never informed, or did he signed any agreement that show, Counsel Krepps gave him an Handbook explaining any grievances proceeding to him. Plaintiff avered that the Grievance Systems, became, aware to him by an inmate law clerk, at the Prison. Plaintiff attempts to exhaust the administrative remedies, have proven futile. The "grievance procedure" described in the York County Prison Hankbook could or didn't constitute an "available administrative remedy" for purposes of the exhaustion requirement contained in the Prison Litigation Reform Act, 42 U.S.C. § 1997e (2000)("PLRA"), the Handbook were not sufficiently clear, expeditious, or respected by prison officials, the legal conformity of the grievance procedures, was misconstrued by prison officals, [See Counsel, Donald L. Reihart, Deputy Warden Roger Thomas, and Counselor Andrew Krepps Affidavits, Doc NO. 60]. The remedy utilization is frustrated by the County grievance systems, and does not conformed to the appropriate remedy where a inmate constitutional violation, had occurred between and inmate's an a correctional offices, prior record shows of the various constitutional deprivations that have occurred at the York County Prison; if it appears that the prisoner's rights have become an "empty shell" or that the County process is a "procedural

morass" offering no hope of relief, then federal courts should excuse the prisoner from exhausting such remedies and may consider the prisoner's constitutional claims. See IN RE BAYSIDE PRISON LITIGATION, 190 F.Supp.2d 755 (D.N.J. 2002); Hankins v. Fulcomer, 941 F.2d 246, 249-250 (3d Cir. 1991); Mayberry v. Petsock, 821 F.2d 179 (3d Cir.), cert. denied, 484 U.S. 946, 108 S.Ct. 336, 98 L.Ed.2d 362 (1987). On March 20, 2003 Plaintiff's submitted a (801) Grievance Form, to the Complaint Supervisor, at the York County Prison, the result, was, that Plaintiff's complaint was null, or void, because of the statutory limitation, on filing a complaints, contrary to the complaint procedure in 2001-2002, which doesn't provided a time limitation on inmates filing complaints. Plaintiff's appeal and exhausted this appeal, their was no investigations in the January 10, 2001, incident ( See Exhibit A, Complaint filed, all levels of appeal and responses, and the revised 2003 Inmate Handbook, contrary to 2001-2002, when this plaintiff's was a inmate at that Prison). Plaintiff's attempts to exhausted the York County Prison Procedure was futile, and unavailable, has no investigation were ever conducted by prison officals, claiming the statue of limitation of incident, when the Handbook doesn't states a time frame on filing a complaint. See, Brown v. Croak 312 F. 3d 109 (3d Cir. 2002); Bracey v. Herringa 466 F.2d 702 (7th Cir. 1972); White v Fauver 19 F.Supp.2d at 317;Ray v. Kerte, 285 F.3d 287, 295 (3d. Cir. 2002); McCarty v Madigan, 503 U.S.---, 112 S.Ct.1081,1089 (1992). Plaintiff's have been engaging in the empty formality the prison administrative process, for a form of relief which that administration would not provide. White v. Fauver 19 F. Supp.2d 305, 317 (D.N.J. 1998).

The PLRA does not required exhaustion of all remedies, rather it requires exhaustion of such administrative remedies "as are available 42 U.S.C. § 1997 (e)(a). Camp v. Brennan, 219 F.3d 279, 281 (3rd Cir. 2000). Plaintiff's made an honest attempt to pursue the grievance procedure at Y.C.P., the unnecessary delay, in informing this Honorable Court of the Completion of his Exhaustion, was due to his pursuant in his PACR, Petition, file with the Court Of Common Plea, York County, and Plaintiff's was out to Court, at the Y.C.P. during

that period. See (Exhibit "B" Judge PCRA Order). Furthermore, plaintiff's didn't received a ruling from the Honorable Court informing him if stay was granted for him to pursue administrative remedies, at the York County Prison, the Court should note, plaintiff's seek injunctive reliefs, at the time of this filing of his Complaint, regarding the violation of his constitutional rights, relating this is arrest. [See Complaints filed June 8, 2001.]

Defendant's Baylark have failed to comply with the Federal Civil Rule of Discovery, Federal Rules of Civil Procedure, Rule 33, as to Interrogatories has of this date. (See Exhibit C). A Court should not grant summary Judgment against a party who has not had an opportunity to pursue discovery materials, or whose discovery request have not been answered. Salahuddin v. Coughlin, 993 F.2d. 306 309-01 (2nd Cir.1993); Klingeles v. Eikenberry, 849 F.2d 409, 412-13, (9th Cir. 1988); WSB-TV v. Lee, 842, F.2d 1266, 1269 (11th Cir. 1988). Villante v. Department of Correction of City of New York 786 F.2d 516, 521-23 (2nd Cir.1986). Defendant had filed to comply with any requests made by this Plaintiff's, neither was he given the opportunities to interrogatories on Andrew Krepps, about his Affidavit, which the Honorable Judge relied on for her support. Has a matter of law, Plaintiff's is entitled to summary judgment. Mitchell v. Horn, 318 F.3d 523 (3d Cir. 2003); Porter v. Nussle, 534 U.S.516,532 (2002); Booth v. Churner, 532 U.S. 731, 739-41 (2001). Plaintiff's attempts to pursued administrative remedies was futile, and violation of due process, there were also conflict of interests surrounding Counsel of record, Donald L. Reihart, Esq., and his handling with that attempts, he is also, Assitant County Solicitor, proceeding over plaintiff's complaint's filed. By granting summary judgment to Defendant Baylack, Justice would not be served and would be prejudicial surrounding the circumstances presented in plaintiff's claimed relating his due process claims (Substantive and Procedural), and the denial of his right the contact his attorney upon is arrest, by Defendants Morgan and Baylark. See Francis v Marquez 741 F.2d 1127 (9th Cir. 1984); Wilbur v Harris, 53 F.3d 542 (2d Cir. 1995); In Cheyney

State College Faculty v Hufstedler 703 F.2d 732 (3d Cir. 1983);Tucker v. Randall 948 F.3d 388 (7th Cir.1991); Moore v. Marketplace Restaurant, Inc., 754 F.2d 1336, 1349 (7th Cir. 1985); U.S. v. Klat 156 F.3d 1258 (D.C. Cir. 1998); Sourbeer v. Robinson 791 F.2d 1094, 1105 (3d. Cir.1986).

IV.  Whether The Honorable Judge erred in denied Plaintiff's Motion For Appointment Of Counsel.

Pursuant to 28 U.S.C. § 1915(e)(1) provide the "[t]he court may request an attorney to represent any person unable to afford counsel." Such appointment is discretionary. Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Here Plaintiff's is unable to succeed in obtaining credible factual materials that could lead to admissible evidences, base on his pursued for discovery, because of his incarceration at SCI-Rockview, and plaintiff's indigent status, plaintiff can't pursue Discovery materials, especially, the Defendants prior Job history and conducts, and complaints filed against them by other persons, that deal with their credibility, plaintiff to pursue credible information, investigate and determine inter-department policy conducts of these Defendant; his ability to pursue credibility determinations of the Defendants and other witnesses, that witnesses the current of events; the issues are complex and beyond this Plaintiff's knowledge, as plaintiff demand a Jury trial, which plaintiff's lacked knowledge and experience to present his claims before a jury, plaintiff's has limited access to law books, to do researches. Due to the failure of the Defendants to comply with Discovery, plaintiff's demand for a Jury Trial, which lacked his experience and knowledge, and his lacked of extensive factual investigation, Plaintiff's request this Honorable Court to appoint counsel to represent him in this case. Parham, 126 F.3d at 457-58 (citing Tabron, 6 F.3d at 155-56, 157 n.5). See ABDULLAH v. GUNTER, 949 F.2d 1032, 1035 (8th Cir. 1991); TUCKER v. RANDALL, 948 F.2d 388 (7th Cir. 1991); MACLIN v. FREAKE, 650 F.2d 885 (1981). Plaintiff's claims have colorable merits, only a competent attorney could argue the complexities of these issues,

before a panel of Jury adequately, example, Inter-department records, extensive investigation into procedure (interdiction, search and seizure, as it related to private mail boxes, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments violation). Plaintiff's would be prejudice and the interest of justice would not be served if plaintiff's represent himself in this matter, relating to plaintiff's mental conditions; an attorney could elicit relevant comprehensible testimony that will elucidable for factfinder to determine defendants credibility and the extent to the plaintive investigation, to obtain credible material facts, that will be admissible at trial.

Relief Requested

Wherefore, Plaintiff's pray, that for the foregoing reasons and upon consideration of the Honorable Judge Memorandum and Order, dated November 12, 2003, Correctional Baylark Motion For Summary Judgment, should be reverse and Plaintiff's Motion for Appointment of Counsel, respectively, should be **Granted**. Plaintiff's also, Demand a Jury Trial.

Respectfully Submitted,

Tyrone P. James

DATE: November 19, 2003.

Tyrone James

Tyrone P. James

EX 9451
P.O.B Box A
Bellefonte, PA 16823-0820

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES
Plaintiff

v.

YORK COUNTY POLICE DEPARTMENT, JAMES H. MORGAN, RICHARD PEDDICORD, RAYMOND E. CRAUL, GENE FELLS, DET. KESSLER, CO. BAYLARK, RANDY SNIPES, BRAIN WESTMORELAND, AND DETECTIVE GLOWCZESKI,
Defendants

CIVIL ACTION NO.1:01-cv-1015

(Judge Kane)

VERIFICATION

I, Tyrone P. James, verify, under penalty of perjury, that the foregoing petition is true and correct to the best of my knowledge and belief, pursuant to 28 U.S.C. 1746.

Date: November 19, 2003.

Respectfully submitted,

Tyrone James.

Tyrone P. James

EK 9451
P.O. Box A
Bellefonte, PA 16823-0820

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES
Plaintiff

v.

YORK COUNTY POLICE DEPARTMENT, JAMES H. MORGAN, RICHARD PEDDICORD, RAYMOND E. CRAUL, GENE FELLS, DET. KESSLER, CO. BAYLARK, RANDY SNIPES, BRAIN WESTMORELAND, AND DETECTIVE GLOWCZESKI,
Defendants

CIVIL ACTION NO. 1:01-cv-1015

(Judge Kane)

## CERTIFICATION OF SERVICE

I Tyrone P. James, Plaintiff's, hereby certified that, I am this day serving a true and correct copy to assigned counsels, a Motion For Reconsideration of The Honorable Judge Memorandum and Order dated November 12, 2003, Granting Summary Judgment In Favor of Defendant Baylark's and Denied Plaintiff's Appointment of Counsel, in the manner set forth below to the following:

By First Class U.S. Mail:

Office Of The Clerk
United States District Court
Middle District Of Pennsylvania
228 Walnut Street
P.O. Box 983
harrisburg, PA 17198

Jason [illegible], Esquire
Office Of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120

Donald L. Reihart, Esquire
Law Office Of Donald L. Reihart
2600 Eastern Blvd., Suite 204
York, PA 17402.

Date: November 19, 2003.

Tyrone James

Tyrone P. James
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES<br>Plaintiff<br><br>v.<br><br>YORK COUNTY POLICE DEPARTMENT,<br>JAMES H. MORGAN, RICHARD PEDDICORD,<br>RAYMOND E. CRAUL, GENE FELLS,<br>DET. KESSLER, CO. BAYLARK, RANDY<br>SNIPES, BRAIN WESTMORELAND, AND<br>DETECTIVE GLOWCZESKI,<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. 1:01-cv-1015<br><br>(Judge Kane) |

ORDER

AND NOW, TO WIT, this ____ day of ________, 2003, it is hereby ordered that upon consideration of the foregoing Petition, Plaintiff's, Motion To Vacate Defendant Baylark's summary judgment order, dated November 12, 2003 and petition is **Granted.** Summary Judgment, is **Granted** in favor of the Plaintiff's. Plaintiff's Petition For Appointment of Counsel and Demand for Jury Trial is **Granted.**

BY THE COURT,

______________________

Judge.

TYRONE P. JAMES V. YORK COUNTY POLICE DEPARTMENT et. al.,

RE: 1:01-cv-1015

"A"

FILED
HARRISBURG, PA

NOV 21 2003

MARY E. D'ANDREA, CLERK
Per ______ Deputy Clerk

EXHIBIT.

York County Prison - Inmate Complaint (801)

Date Submitted: March 20th, 2003

To: Complaint Supervisor

From: Tyrone James
(Inmate's Name)

(no longer at York County)
(Block) (Pod) (Cell)

Instructions:

1. Before writing this complaint please take any possible action to resolve this matter. Contact your Block Officer, ask for a Supervisor, or put in a request to your Counselor. On many occasions your problem can and will be quickly resolved. Use the 801 as the last resort.
2. You will usually receive an interview with the Complaint Supervisor within a few days. You may also receive a written response. In any case, you will receive a response within 10 days.
3. If more than one person writes the same complaint at the same time, a representative will be chosen.
4. Do not use this form:
   (a) As a request or suggestion.
   (b) As a "petition" (more than one person signing).
   (c) As a "grievance" against any other inmate(s).
   (d) For matters concerned with challenge of or review of disciplinary action.

   Use a Request Form for the above.

---

State your complaint:

On January 10th, 2001, 10:30am, I, Tyrone James #62154, was arrested on criminal charges by Agent James Morgan, State Attorney General Office and the York County Drug Task Force.

At approximately, or about 8 to 9pm, while being escorted by Agent Morgan, to the Tork County Prison admission (intake); I made a request for a phone call to speak to my attorney, and to contact my immediate family, so I could inform them of my immediate situation and to be prepared for bail arragnment[PA. Rule Crim. P. 540(f). Agent Morgan, deliberately and intentionally, instructed correctional officers Bay lark and Asbury "not to give James, any phone call pending investigation"; I made repeated requests to C.O. Baylark and was deliberately, intentionally, and repeatedly denied, stating "he was instructed not to give me a phone call". Other intakes were allowed phone usage to contact their attorney, immediate family and a bailbond man. C.O. Baylark never conferred, or seek the approval of his supervisor, of whether to comply with Agent Morgan's instructions; knowing that Mr. James' Due Process rights were being violated, and that the state allow a arestee, a resonable opportunity to contact his attorney, immediate family, or bailbond, through the use of a phone call. PA. Rule Crim. P. Rule 540(f). C.O. Baylark bluntantly denied James access to an attorney at Agent Morgan's request.

James was taken to the "BAU Unit" that same night without any access to a phone, to contact counsel, or immediate family members.

----------**COMPLAINT CONTINUED ON BACK OF PAGE**----------

DO NOT WRITE BELOW THIS LINE. USE REVERSE SIDE IF NECESSARY

(Name) (Date)

**YORK COUNTY PRISON**
**COMPLAINT REVIEW SYSTEM**
**(802) RESPONSE**

TO: Tyrone James (Inmate Name) Complaint Register # 032603 J

SCT (Inmate Location) 62154 (Pouch Number) Date 3/26/03

I have received your grievance and my response is as follows:

You submitted a complaint about an incident that occurred over two years ago at this facility. You should have notified me of the situation when it happened (1-10-01) instead of waiting for such an extended amount of time to make a complaint. I cannot remedy something that transpired such a long time ago.

To note, you could have corresponded with your family and attorney if you did not have telephone access at the time. You also did not have to disclose any information to the police upon their questioning of the charges against you. It was you who chose to relay information to the police.

In summation, your grievance is null and void as it was submitted in an untimely manner.

[signature]
Complaint Supervisor

______ Inmate received a copy of this response and did not wish to appeal.
✓ Inmate given or sent a copy of appeal form (804).

Inmate Keeps Yellow Copy
Send Original & Pink To Deputy Warden

**YORK COUNTY PRISON**
**COMPLAINT REVIEW SYSTEM**
**(804) APPEAL**

Tyrone James # 62154
Inmate Name

SCI
Inmate Location

Complaint Register # 032603 J

Date 3/26/03

I wish to appeal the decision of the complaint supervisor. My reason for the appeal is as follows:

There are no time limits set forth in the York CountyPrisonGrrievance Procedures, Handbook; as to when inmates are allowed to filed a 801 Complaint Form, in order to remedy specific situations. This incident occurred upon, inmate James initial booking and proceesing, at the intake area, admission, York County Prison, on 1/10/01: When criminal charge was filed against him, by members of the York County Drug Task Force, and DEA, Agent Morgan. Inmate James was denied phone access, by CO Baylard, at Agent Morgan Request, to contact his Attorney and immediate Family members. A Federal Constitutional Rights under the Six Amendment; A Procedural and Substantial Due Process Right, CO Baylark and Agent Morgan manifested a deliberate indifference to this inmate Constitutional right in violation of the 14th Amendment to the United States Constitution, and of Title 42, United State Code, Section1983, PA Rule of Criminal Procedure, Rule 540 (G). It's the habitual practice, or a course of action that characteristically is repeated under like circumstances, a Custom and Policy, that York County Prison Official give newly arrived inmates, at intake, to make a ten-or fifteen minute phone call at Admission, to contact Counsel, Bailbondmen, or immediate family members upon his or her arrest and Addmission. Other inmates have the reasonable opportunity to make that call. Why was this inmate denied access to counsel, at such a critical stage of his criminal Prosecution. If this inmate was allowed to seek counsel advices, when he so requested counsel, on 1/10/01, the outcome of this situation would have been different, any statements taken by Agent Margon, on 1/11/01, was involuntary, inmate James requested counsel and was denied access to counsel. This incident happened two years ago, but CO Baylark and CO Asbury, are still employees at the York County Prison; And there are no time frame in the handbook, as to when an inmates are allowwto file a 801 Complaints; Therefore, this complaints should not be Null, or Voided, and should be allowed to proceed for the relief sought.

Inmate keeps yellow copy
Send original & pink to Deputy Warden

Tyrone James 3/31/03
INMATE NAME

**York County Prison**
**Complaint Review System**
**(805 A) Deputy Warden Response**

TO: Tyrone Jones #62154
Inmate Name

Complaint Register # 032603J

SCI Rockview
Inmate Location

Date 4/2/03

I have reviewed your grievance and my response is as follows:

You state that C/O Baylark refused you a phone call in January of 2001. You state that as fact when I have no idea of whether that is true or not. That is the problem when you bring up a matter that is over 2 years old.

Your problems with your Court Case, DEA Agent Morgan and your confession are your own and have nothing to do with the prison.

Even if C/O Baylark did refuse to allow you to make a phone call as you allege, you are not entitled to monetary damages two years later. That is absurd.

At all times inmates may ~~[illegible]~~ write letters. They may write letters even if they don't have money or if they are locked up in BAU. You had access to your attorney through the mail.

You also had the absolute right not to talk to Agent Morgan. If, as you say, you talked to him while in UPP, you voluntarily walked into the Attorney Client Room, you voluntarily sat down and you voluntarily talked to them after you were read Miranda Rights and advised that you should speak with an attorney.

Your appeal is denied on its merits and on the fact that it was submitted 2 years after the incident.

Inmate Keeps Yellow Copy
Send Original & Pink To Deputy Warden

Roger Thomas
Deputy Warden

# YORK COUNTY PRISON
# COMPLAINT REVIEW SYSTEM
# (804) APPEAL

Inmate Name: Tyrone James
Inmate Location: SCI Rockview
Pouch Number: 62154
Complaint Register #: 032603 J
Date: 4/2/03

I wish to appeal the decision of the complaint supervisor. My reason for the appeal is as follows:

This is a response from Duty Warden. Roger Thomas. Denial from this appeal filed by this Inmate [illegible] form by Duty Warden. James to appeal his decision. I was sent this 804 form. instead of a 805 form. "Request For Solicitor Review"" Please consider this as an a form 805."an a appeal to the solicitor. The fact of the matter is. York County Prison. give newly arrived inmates at intake. a ten or fifteen minute phone call to contact counsel. Bailsbondman. or immediate family members upon his or her arrest. Federal Detainees held at the County. to inform their counsel.relative.or seek bail. There was even a sign post at admission that stated."You are allowed fifteen minute phone call after completing the booking process"" in January of 2001. when I entered the Prison. A custom and policy adopted by the Prison officials. Other inmates were allowed to make a call that particular night; but on January 10.2001. after preliminary arraignment. I was brought into the York County Prison. by Agent Morgan; at admission I requested a phone call to call my attorney. There I was denied by this agent. who instructed. CO Baylark and CO Asbury. "Not to give this inmate. any phone call pending investigation." after the booking process. I repeatedly requested the used of the phone to contact counsel. and was denied by CO Baylark. This officer acted in concert with Agent Morgan request and manifested a deliberate indifferences to the intentional and deliberated act of denying this inmate of is constitution rights. of the 6th and 14th Amendments of the United States Constitution; A Equal Procedural and Substantive Due process right. Also see PA Rule of Criminal Procedure, Rule 540 (G). I was denied a reasonable opportunity to contact counsel, or immediate family members. by this agent and CO Baylark. I was placed in the "BAU". designed to house inmates. for disciplinary action. without access to contact attorney or immediate family member for over 48 hours. This inmate invoked his right to counsel and to remain silent immediately upon his arrest on January 10. 2001. but yet was subjected to continuous interrogation. at the Prison. by agent Morgan on January 11,2001. There also I requested counsel and a phone call, and was still denied. Any statement made was illicited and was involuntary and mis-contrued; It was obtained illegally; because counsel was denied and this inmate invoked his right to remain silent. This inmate is a layman in the law. that is why this inmate seek counsel advices in the first place. for representation. and to stop the coercive conduct of interrogation by Agent Morgan. The Duty Warden. stated. "that inmates are allowed to write letter to contact attorneys"" a process that take two to three days; not when inmates need immediate advice and counsel upon being arrested and charge with a crime and being detained. See. PA R. Crim. P. Rule 540(G). Again there are no time limits set forth in the Prison Hand Book has to when an inmates can filed a written complaint. (801) Form. to remedy a specific situation. Although two years have elapsed. this matter should be investigated and relief granted.

Inmate keeps yellow copy
Send original & pink to Deputy Warden

Tyrone James 4/2/03
INMATE NAME

**YORK COUNTY PRISON**
**COMPLAINT REVIEW SYSTEM**
**(806) REQUEST FOR SOLICITOR REVIEW**

TYRONE JAMES
Inmate Name

Complaint Register # 032603 J

SCI ROCKVIEW

Date: 15 APRIL 2003

I request review of the decision of the Deputy Warden. I received notice of his decision on 4/8/03 And 4-18-0[illegible]. The date of this request is 4-19-03. I certify that there are valid grounds for this review. The following statements, which form the basis of this Appeal, are true:

This is my second Response From Duty warden Roger Thomas denial From this Inmate Appeal. As I was provided with the wrong Form by THE Duty warden, To Filed this appeal. The Fact of the matter is, York County Prison give newly arrived Inmates, at Intake, a ten, or Fifteen minute phone call To contact, Counsel, Bondman or Immediate Family members upon his or her arrest. Include Federal Detainee held at the County Prison To Inform their counsel, Relative, or seek bail. There was even a signed post at admiss that stated, "you are allowed a Fifteen minute Phone call after completing the booki process". In JANUARY of 2001, when I entered the Prison. A custom and Policy acted by the Prison officials. Other Inmates were allowed To make call that particular Night. but on JANUARY 10, 2001 after preliminary arraignment, I was brought into THE York County Prison by Agent Morgan. AT admission, I Requested a phone call To call my Attorney. There I was denied by this agent, who Instructed CO Baylark and CO Asbury "NOT To give this Inmate, any phone call pending Investigation." After THE booking process, I repeatedly requested the used of the phone to contact counsel and was Repeatedly denied by C.O. Baylark. THis officer acted in concert with Agent Morgan Request and manifested a deliberate Indifferences the Intentional and deliberated act of denying this Inmate of his constitutional Rights under the 6th, 5th, 8th and 14th Amendment of the United States Constitution. The Equal Protection of the Law. His Procedural and Substantive Due process Rights. Also PA Rule of Criminal Procedure, Rule 540(G). I was denied a reasonable opportunity To contact counsel, or immediate Family members, by this agent and C.O. Bayl[ark]. I was placed In the "BAY" designed To house Inmates For disciplinary actions, without access to contact my Attorney or Immediate Family members, For over 48 hours. Actu[ally] 72 hours. THis Inmate Invoked his right To contact attorney and To Remain silen[t] immediately upon his arrest on January 10, 2001, but yet was subjected To continuous Interrogation, at the Prison, by Agent Morgan on January 11, 2003. There also Requested Counsel and a phone call, I was still denied. Any statements made were Elicited and Involuntary, coerced. IT was obtained illegally: because counsel was denied when He was Refused To make a Phone call To contact his Attorney. This Inmate is a Layman In the Law, That why He seeked counsel. To stop the coercive conduct of Agent Morgan interrogation. Inmate needed Immediate counsel, not postal letter which tak[e] up To Three days. Please note, There are not Time Limits stated In The Grievance procedure For an Inmate To File a 801 Form, Complaint, To remedy a specific situation. Tyrone Ja[mes]

Inmate Keeps Yellow Copy
Send Original & Pink To Deputy Warden

Inmate Name Tyrone James 4/19/03

**York County Prison**
**Complaint Review System**
**(805 A) Deputy Warden Response**

TO: TYRONE JAMES
Inmate Name

Complaint Register # 032603J

SCI ROCKVIEW
Inmate Location

Date 4-15-03

I have reviewed your grievance and my response is as follows:

Deputy Warden Thomas did send you the correct form(s). I have nothing more to add to the response provided to you by Deputy Warden Thomas. It is clear that you wish to appeal directly to the Solicitor, so I will provide you with an 806 form. DWB

Inmate Keeps Yellow Copy
Send Original & Pink To Deputy Warden

Dennis Bowen
Deputy Warden

Tyrone P. James
Ex-9451
P.O. Box A
Bellefonte, PA 16823-0820

May 10, 2003

Complaint Register No.
032603j-0331

Chairman (President))
Inspector Of The York County Prison
(York County Prison Board)
One Marketway West
4th Floor,
York, Pennsylvania 17401

Dear Chairman (President):

This is an appeal from the Assistant County Solicitor's, Donald L. Reinhart, review, dated May 6, 2003.

On March 20, 2003, this Inmate Tyrone P. James, presently is incarcerated in State Correctional Institution-Rockview, submitted a Inmate Complaint Form (801), alleging that on, January 10, 2001. This inmate was arrested by Agent of the States Attorney General Office and York County Drug Task Force.

This inmate, alleged, that approximately 8pm or 9pm, while being escorted by Agent Morgan (States Attorney General Office), after Preliminary Arraignment, to the York County Prison Admission (Intake), this Detainee, at the time, requested a phone call to contact his Attorney and Immediate family members. This inmate had previously requested the used of the phone at the York County Police Department, and was also denied by Agent Morgan. Agent Morgan deliberately and intentionally instructed Correctional Officer Baylark and Asbury, "Not to give James, any phone call pending Investigation."( as stated in this agent preliminary and Trial Testimony). I made repeated requests to C.O. Baylark to used the phone to contact my Attorney, I was immediately, deliberately, intentionally and repeatedly denied, by said officer, stating that, "I was instructed, not to allow you any phone call," without conferring, or seeking an approval from his superior, whether to comply or act on this agent instruction.

Other Inmates and Federal Detainee were allowed the used of the phone to contact their attorney, immediate family member and possible their Bail Bonds-man See PA.R.Crim.Proc. Rule 540 (F).

This correctional officer, acting upon Agent Morgan instruction, show a blatant disregard to this inmate Procedural and Substantive due process right and Equal protection of the United States Constitution, Amendment 6th, 8th, and 14th; and PA. Constitution Article 1 section 9; when he denied this inmate his right to contact his attorney or counsel or his immediate family

members, at this very critical stages of his arrest, and amount to deliberate indifference, because other inmate, detainees, were treated differently, and were allowed to used the phone that night.

This inmate was later taken to the "SAU" Unit, that same night without any access to a phone to contact counsel or immediate family members. He was later subjected to continuous interrogation, by Agent Morgan, on January 11, 2001, at the York County Prison, in which Agent Morgan, illicited "Statement" from this inmates, that was later used at his trial. This inmate was not allowed to contact anyone from the outside for the first 72 hour of his arrest, and was denied counsel, by their actions.

This inmate, on June 8, 2001, filed a 42 U.S.C. Section 1983, in the United States, Federal District Court, against other parties that participated in his arrest and C.O. Baylark, In violation of is Federal Constitutional rights. This inmate admit, that he did not seek to exhaust administrative remedy, because this was not related to Prison condition, but only relate to one isolated incident; neither was this inmate informed by prison official of the York County Grievance System, and was never given or signed for a copy of the Prison Handbook. This matter is still pending in the U.S. District Court. This inmate learned about the grievance system when he was repeatedly denied adequate and limited access to the law library, where he exhausted the appeal system in that matter in late April 2001.

The Complaint Supervisor, responded to this complaint on March 26, 2003, and recommended this complaint be null and void as it was submitted in an untimely manner. This inmate filed a timely appeal to Duty Warden Roger Thomas, who responded on April 2, 2003, and denied the appeal on its merits and because it was submitted two (2) years after the incident had occurred. I was provided the wrong appeal form by this Duty Warden Thomas to file an appeal,(Form 804, instead of Form 806 to appeal). Please note that there is a conflict of interest here, because Duty Warden Thomas has submitted Sworn Affidavit on C.O. Baylark to the Federal Court. On April 16, 2003, I received the right appeal form, (Form 806) from Duty Warden, Dennis Bowen, and add nothing more to Duty Warden response; A timely appeal was filed by this inmate.

The Assistant County Solicitor, Donald L. Reihart, has been informed of this 42 U.S.C. Section 1983, lawsuit pending, because he is C.O. Baylark counsel in that matter; which show a conflict of interest on Donald L. Reihart part, by making any accurate decision in this complaint filed by this inmate.

QUESTION

I

WHETHER THIS INMATE CONSTITUTIONAL RIGHTS WAS VIOLATED;
AND C.O. BAYLARK ACTED WITH DELIBERATE INDIFFERENCE TOWARD THIS INMATE.

It's the habitual practice, or a course of action that characteristically

is repeated under like circumstances, a Custom and Policy, that York County Prison Official give a newly arrived, Inmates, Arrestee, or Detainee, at Admission (intake), the reasonable opportunity to make a ten or fifteen minute phone call, to contact an Attorney, immediate family members or a Bail Bondman, to seeks counsel, informed family members of his or her arrest, or to acquire bail. There is also a sign posted at Admission, informing inmate of that call after completion of the booking process. Why was this arrestee so unfairly treated, by C.O. Baylark? Only because he was instructed to do so by Agent Morgan. The coercive act of negligent of C.O. Baylark, and the intentional and deliberate actions of both these public servant manufested a deliberate indifference to this inmate Constitutional rights and of Title 42, U.S.C. Section 1983, Amendment 5th, 8th, and 14th, U.S. Constitution; Pennsylvania Constitution Article 1 section 9; PA.R.Crim.P.Rule 540 (F). The denial of Counsel, by C.O. Baylark, at such a critical stage of this inmate arrest, constitute a denial of this inmate Procedural, Substantial Due process right and Equal protection under Federal Laws. This inmate constitutional right was violated when he was repeated denied access to counsel by C.O. Baylark, action, upon Agent Morgan Request. This inmate was denied access to contact any outside source for the first seventy-two, (72) hour of his arrest, while he was placed in the RAU unit. Arrestee have a right to telephone an attorney. See Moore v. Marketplace Restaurant, Inc. 754 F.2d 1336, 1349 (7th Cir. 1985), where adversary judicial proceedings have started and booking process have been completed.

II

WHETHER THE YORK COUNTY PRISON ADMINISTRATIVE SYSTEM PROVIDES FOR CERTAIN TIME LIMITS.

In the Assistant County Solicitor, review dated May 7, 2003, he stated that a inmate have a time limits to file a complaint. Which is ten days of the act, act, or omission or conditions that form the basis of the complaint.

This inmate was incarcerated in the York County Prison from January 10, 2001, throught March 14, 2002, has read and searched throught the York County Prison Handbook, York County Grievance Procedures 3-ALDF-3E-11; Inmate Complaint Review System (CRS) or "301"; Amendment to Procedures Manual For The York County Prison. Made available to this inmate throught "Exhibit" on February 25th 2002, and nowhere in this Provision and Regulation is this time limited printed, to informed an inmate of his time limitation to file a greivance Complaint. Form "301"; Therefore this time limitation was not made available to this inmate at that particular time frame and shouldn't apply where this inmate seek relief; this provision is inapplicable. Although there is a statute of limitations for civil rights claims, which is two years under

Federal Law, this inmate had applied that status to his Section 1983. Administratively, there was no time limitations made available to this inmate in the York County Prisoner Handbook or the York County Grievance Procedures Manual. Furthermore C.O. Identity was not made available to this inmate until late April 2001, when this inmate came aware of is true identity (Names).

This inmate agree that he didn't filed a 801 Complaint form, before seeking relief in Federal Court; the fact of the matter, is this inmate constitutional rights was severely violated by C.O. Baylark, and other parties who participated in my arrest, of is 8th, 6th and 14th Amendment rights, lead this inmate to seek injunctive relief in Federal Court.

CONCLUSION

For these reasons this inmate seek the reliefs sought on this complaint. This complaint is timely, as the time start running when C.O. Baylark, true identity was reveiled to him. Also this is not a prison condition, involving the general population.

Sincerely,

Sincerely,

cc: T.J. inmate

Tyrone P. James

BK-9451

# THE COUNTY COMMISSIONERS OF YORK COUNTY

BOARD OF COMMISSIONERS
CHRISTOPHER B. REILLY, PRESIDENT
JAMES F. DONAHUE
SHIRLEY L. GLASS

SOLICITORS
DAVID S. CRAUN
DONALD L. REIHART

ADMINISTRATOR-CHIEF CLERK
CHARLES R. NOLL

COUNTY ADMINISTRATIVE OFFICES
One West Marketway, 4th Floor
York, Pennsylvania 17401
(717) 771-9614
FAX (717) 771-9804

May 6, 2003

Tyrone P. James, EX-9451
SCI-Rockview
P.O. Box A
Bellefonte, PA 16823

**RE: Solicitor's Review – Inmate Tyrone James**
**Complaint Register No. 032603J-0331**

Dear Inmate James:

The following constitutes a response to the appeal that you filed from the determination made by Deputy Warden Dennis Bowen on April 15, 2003.

**I.**

**PROCEDURAL AND FACTUAL BACKGROUND**

An appeal has been filed under the Complaint Review System established at the York County Prison by inmate Tyrone James. The date of the appeal is April 19, 2003.

In the appeal Tyrone James claims that on January 10, 2001, at 10:30 a.m. he was arrested by the York County Drug Task Force.

At about 8:00 or 9:00 p.m. he requested the right to speak to counsel and was denied this right. Subsequently, he alleges he made repeated requests to Correction Officer Baylark to make a phone call and in violation of the County policies, which provides for a phone call after booking, he was repeatedly denied this opportunity.



We are familiar with Tyrone P. James, who filed a Civil Rights Complaint on June 8, 2001 naming Correction Officer Baylark as a Defendant together with other parties who participated in his arrest.

On March 11, 2003, the United States Magistrate Judge Mannion recommended that the claim against Correction Officer Baylark, the York County Prison and the York County Police Department be dismissed.

The reason for the dismissal was that Tyrone James failed to exhaust the administrative remedies that were available to him.

James, apparently in an effort to correct a deficiency which would cause his federal lawsuit to be placed in jeopardy, now has attempted to file an 801 inmate complaint form more than two years after the event that formed the basis of his alleged constitutional violation.

## II.

## DISCUSSION AND DETERMINATION

The York County Prison administrative system provides for certain time limits:

> "A complaint should be filed within ten days of the act, acts or omissions or conditions that form the basis of the complaint. In no event will any grievance be considered after six months unless for cause shown establishing that the inmate was physically or mentally unable to file a grievance. No grievance will be considered more than one year after the act, acts or omissions or conditions that form the basis of the complaint."

James answers this by saying that this provision was not contained in the prison handbook while he was incarcerated. While we agree that the handbook did not contain this language in January of 2001, the time limits were part of regulations and in any event any claim would be subject to the general tort statute of limitation which applies in this case.

The statute of limitations for a civil rights claim is two years. James' complaint is out of time administratively and out of time based upon the federal law. Once James elected to file his claim in the federal court he was bound by that determination.

This appeal is denied as not being timely and because James elected to seek relief in the federal court.

All inmates have the right of appeal to the York County Prison Board. Though we believe that James' complaint is legally deficient but will afford him the opportunity to tae the final appeal.

**Notice of appellate rights:**

**You may appeal this decision by writing a letter, explaining reasons why your request or claim should be granted. The letter should be addressed to: Chairman (President), Inspectors of the York County Prison (York County Prison Board), One Marketway West, 4th Floor, York, Pennsylvania 17401**

Sincerely,

Donald L. Reihart
Assistant County Solicitor

DLR:hlb

# THE COUNTY COMMISSIONERS OF YORK COUNTY

BOARD OF COMMISSIONERS
CHRISTOPHER B. REILLY, PRESIDENT
JAMES F. DONAHUE
SHIRLEY L. GLASS

SOLICITORS
DAVID S. CRAUN
DONALD L. REIHART

ADMINISTRATOR-CHIEF CLERK
CHARLES R. NOLL

COUNTY ADMINISTRATIVE OFFICES
One West Marketway, 4th Floor
York, Pennsylvania 17401
(717) 771-9614
FAX (717) 771-9804

July 10, 2003

Mr. Tyrone P. James
Ex-9451
P.O. Box A
Bellefonte, PA 16823-0820

**RE: Complaint Register No. 032603j-0331**
**Decision of the York County Prison Board**

Dear Mr. James:

Your appeal to the York County Prison Board was circulated among the members and has been denied. A copy of that decision is enclosed.

You have now exhausted all the remedies available to you as an inmate of the York County Prison.

Sincerely,

Donald L. Reihart
Assistant County Solicitor

DLR/nlb
Enclosure



YORK COUNTY PRISON BOARD

APPEAL EVALUATION FORM

**INMATE: Tyrone P. James** **Complaint Register No. 032603J-0331**
**DATE: 5/6/03**

Attached please find the appeal documents concerning the above inmate.

Each member of the County Prison Board should evaluate the attached documents and determine whether or not the inmate should be granted a hearing on his appeal. You will notice that this matter was investigated by the Solicitor and/or the Complaint Review Board.

I have reviewed the attached papers and have determined that a hearing should or should not be granted, as noted below:

JAMES DONAHUE — __ Should ✓ Should Not

SHIRLEY GLASS — __ Should ✓ Should Not

CHRISTOPHER REILLY — __ Should ✓ Should Not

MICHAEL R. GINGERICH, CONTROLLER — __ Should ✓ Should Not

H. STANLEY REBERT, DISTRICT ATTORNEY — __ Should ✓ Should Not

WILLIAM M. HOSE, SHERIFF — __ Should ✓ Should Not

HONORABLE MICHAEL J. BRILLHART, JUDGE — __ Should __ Should Not

APPEAL_____ GRANTED ✓ DENIED

DATE 6/6/03 BY: [signature]
President

TYRONE P. JAMES v. YORK COUNTY POLICE DEPARTMENT, et al.,
Re: 1:01-cv-1015

"a"

EXHIBIT

FILED
HARRISBURG, PA

NOV 21 2003

MARY E. D'ANDREA, CLERK
Per ______ Deputy Clerk

COMMONWEALTH OF PENNSYLVANIA

v.

TYRONE P. JAMES

IN THE CRIMINAL COURTS OF THE COUNTY OF YORK

NO. 1345 CA 2001
NO. 1760 CA 2001
NO. 2022 CA 2001

**ORDER**

AND NOW, to wit, this 26 day of June, 2003, upon consideration of the Petition for Post Conviction Relief, it is **ORDERED and DIRECTED** as follows:

1. The request to proceed as a poor person without payment of costs is **GRANTED**;

2. Upon finding the Defendant is unable to obtain a lawyer, Frank C. Arcuri, Esquire, is appointed to represent him;

3. A hearing is now scheduled for Wednesday, August 27, 2003 at 2:00 p.m. in Courtroom Number 9.

4. The Defendant is to be transported from the state correctional institution at Rockview by Monday, August 25, 2003.

   Counsel is directed to file any amendments by Friday, August 15, 2003.

4. The Clerk of Courts is **ORDERED** and **DIRECTED** to do the following forthwith:

a.    Serve a copy of this Motion and this Order upon the District
Attorney of York County;

b.    To send a copy of this Motion and this Order to Frank C.
Arcuri, Esquire, the appointed attorney for the Defendant;

c.    To send a copy of this Order to the Defendant.

So Ordered.

BY THE COURT,

John W. Thompson, Jr.
Judge

RECEIVED-FILED
CLERK OF COURTS
2003 JUN 26 PM 2 19
COURTHOUSE
YORK PA

# YORK COUNTY PRISON

## CLASSIFICATION / WORK BOARD APPEAL

Tyrone James
Inmate's Name

Date 9-3-03

~~I-W-6B~~ EC-1B
Inmate's Location

I wish to appeal the decision of the Classification Committee. My reason for the appeal is as follows:

I was placed in Delta Block upon my reentering the York Court Prison from SCI-Rockview, for a Court hearing. My convictions are non-violent. I was never classified as a violent offender either, my stay here at YCP in January 2001 To: March 2002, or while my present stay at SCI-Rockview. Where I am at a minimum custody level. Again my offenses are non-violent, for which I am on Appeal. I have no assaults, escape or violent, on my record, That would put me at a High risk inmate. I am requesting Regular population or General population, so I can get The proper creation. Thank you.

Tyrone James
Inmate's Signature

## CLASSIFICATION / WORK BOARD APPEAL RESPONSE

Date 9/5/03

I have reviewed your appeal and my response is as follows:

Inmate moved to East C

Appeal Granted

MOVED TO EC-1B K Dawson #115

[signature]
Deputy Warden's Signature

TYRONE P. JAMES v. YORK COUNTY POLICE DEPARTMENT, et. al.,

RE: 1:01-cv-1015

FILED
HARRISBURG, PA

NOV 21 2003

MARY E. D'ANDREA, CLERK
Per ______________
Deputy Clerk

EXHIBIT

Tyrone P. James
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

October 31, 2003

RE: 1:CV-01-1015

Donald L. Reihart
Law Office of Donald L. Reihart
2600 Eastern Blvd., Suite 204
York, PA 17402

Dear Donald L. Reihart,

On or around November 15, 2001 and December 13, 2001, this Plaintiff, Tyrone P. James, served Discovery material upon said Defendant, Baylark, Request For Production of Documents and Request For Interrogatories. Recently, this Plaintiff served another set of Discovery material upon Defendant, C/O Baylark; has of this date, the defendant has failed to comply or response to Discovery material, as to plaintiff requests.

Plaintiff's, hereby behest this Defendant to response to discovery request within 30 days, upon receipt of this letter. The information plaintiff's seeks, concerned factual material, which raised the credibility determination of these defendants, which is very relevant, essential, and very important, to the subject matter, and this case.

Plaintiff's hereby requests full disclosure of the following documents, included previous requested documents and as follows:

REQUESTS FOR PRODUCTION OF DOCUMENTS:

1. Complete, accurate and legible copies of all official records reflec ting departmental disciplinary action against Defendant C/O Baylark; which included and not limited to:

(a) Disciplinary action, grievances, complaints, used of excessive force claimed filed against this defendant, during his employment at the York County Prison.

(b) Documents showing work schedule, between the months of January 10, 2001, through December 2001, at the York County Prison.

(c) Prison Policy, on phone calls given to a newly arrived Arrestee, or Detainees.

(d) Printouts showing this Plaintiff's assigned Housing which at the York County Prison; Names and Numbers of all Intake Inmates, that arrived at the York County Prison, on January 10, 2001.

2. All information, original or copies of application, instruction, by Defendant Morgan, to Defendant Baylark, regarding this Plaintiff's, Tyrone P. James, at Admission, York County Prison, on January 10, 2001, concerning phone calls; that included and not limited to:

(a) Any and all instruction given by Defendant Morgan, "Not to give James any phone calls, pending investigation."

(b) Orginal, or copies of all contacts, visits, that this Defendant has in his possession between the Plaintiff's and Defendant Morgan, from January 10, to December 31, 2001.

This information is essential to this case and can't be obtained any other way. It's very important and relevant to the subject matter.

PLEASE TAKE NOTICE: that the above requested documents and previous requests, shall be produced for inspection and copying at the State Correctional Institution-Rockview, prior to any dates set Forth for court proceeding. Plaintiff's, is indigent, the copies should be provided to him free of charge. Plaintiff's moves pursuant to Rule 34(b) and 37(a); Fed.R.Civ.P., for Defendant to produce for inspection and copying of the documents, requested.

Respectfully,

BY Tyrone James.

_Tyrone P. James
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820.

Tyrone P. James
EK 9451
P.O. Box A
Bellefonte, PA 16823-0???

October 3?, 2001

Jason D. Sterhnbarn, ???
Office Of Attorney General
Commonwealth of Pennsylvania
Strawberry Square
Harrisburg, PA 17120

To 1: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

Dear Jason D. Sterhnbarn,

I, Tyrone P. James, Plaintiff, is in receipt of Defendants response to Plaintiff's "Request for Production Of Documents," and as noted that Request For Production is that has been asserted by The Defendants. Also Defendants objections to some of this Plaintiff requests for products of documents, stating that, certain requests were vague, unclear, ambiguous, and failed to identified the particular documents plaintiff seeks. Defendants also placed objections against certain information plaintiff requested, stating documents were privilege information, including, but not limited to information covered by the executive privilege, attorney client privilege, or the work product doctrine; Also Defendants claimed, that, documents and information weren't in their possession, custody or control of these Defendants. Please note, the documents and information plaintiff seeks have been presented in prior litigation, and which are very important to this litigation.

The Defendants have failed to identified any or particular privilege documents requested by this Plaintiff, Defendants only asserted privilege in an generalized fashion. The requests and information these Defendants are claiming to be privilege are not specifically designated and described. Plaintiff requests are pertaining to factual rather relating to these decision, deliberative and advisory material, which this plaintiff needs for the material used of excessive forces, verbal abuse, violation of arrestee's due Process and rights under PA and U.S. Const. Planted any illegal evidence in the past, have there been any Disciplinary action, grievance and complaints filed against these Defendants in the past, by any person, or arrestee. This case raises the credibility determinations of these Defendants, and the information plaintiff's seeks, concerned factual material which is very relevant, essential, vital and very important, to this subject matter, and this case.

Plaintiff, hereby requests full disclosure of the following documents:

REQUEST FOR PRODUCTION OF DOCUMENTS:

1. Complete, accurate, and legible copies of all official records reflecting departmental disciplinary action against all Officers/Agents, who were in any way connected with the investigation and prosecution in this case; which included and not limited to:

(a) Disciplinary action, grievance, complaints, used of excessive force claims, filed against all defendants, during their employment history, with the appropriate agency.

2. All rules, regulations and policy pertaining to "Standard Police Procedure," on search and seizure, and arrest, which includes and not limited to:

(a) private mail box [illegible]; search and arrest warrant procedures; [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] preliminary arraignment;

(b) [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible], at the Attorney General Office, Pennsylvania.

3. All written [illegible] [illegible] [illegible] [illegible] [illegible] of [illegible] of agents, police and civilian [illegible] and employee's at the [illegible] [illegible] which includes, and not limited to:

(a) [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] California and Pennsylvania.

(b) [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible].

(c) supervisor reports; [illegible] written reports; manner of shipping and [illegible] of [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] 8 through 10, 2001; United Parcel Service delivery of said packages, and search [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] January 10, 2001; date and time of delivery [illegible] [illegible].

4. [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] California [illegible] [illegible] Pennsylvania [illegible] which included and not limited to:

(a) [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] California; [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] on January 10, 2001, by a custodian, as stated in the [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] January [illegible], 2001; [illegible] [illegible], [illegible] of the [illegible] of said [illegible] from California, to [illegible] Attorney General Office in Pennsylvania, on January 10, 11 & 12, 2001.

(b) [illegible] of any [illegible] [illegible] between agents, as to time, date and place; calls [illegible] by any of the defendants to Plaintiff's [illegible] [illegible] on January 10, 2001, [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible].

5. All [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] cause, affidavit in conjunction with application for search warrant concerning the [illegible] of said [illegible] at [illegible] [illegible] [illegible] which included and not limited to:

(a) search warrant [illegible] [illegible] Plaintiff's private mail box, at [illegible] [illegible], [illegible] [illegible] [illegible], on January [illegible] [illegible] [illegible] 2001, by Defendants; [illegible] and [illegible] [illegible] [illegible] by the Magistrate's [illegible], [illegible].

(b) [illegible] [illegible] in the investigation and surveillance, [illegible] license [illegible], [illegible] [illegible] [illegible], at the [illegible] [illegible] [illegible], [illegible] [illegible] [illegible] [illegible] [illegible] on January [illegible] 10, 2001.

(c) Any [illegible] and reports, given to Prison officials, by Defendants, [illegible] of the York County Prison, on January [illegible], any phone call [illegible]."

(4) [illegible]

[illegible] information [illegible] to the nature [illegible] and not limited to:

(a) [illegible] private [illegible] Boulevard, [illegible] search of [illegible];

[illegible] said evidence was in [illegible] Pennsylvania; also names, [illegible] from [illegible] (copy, or original), [illegible] limited to:

(b) [illegible] Rs. local, [illegible] Attorney General [illegible] Pennsylvania [illegible] Defendants [illegible]

Plaintiff's [illegible] "relevant [illegible] including anything pertinent to any defense [illegible] so long as Plaintiff, and the [illegible] information [illegible] documents [illegible] require [illegible] Plaintiff's [illegible] involved in [illegible] Constitutional [illegible] Fourth Amendment Claim [illegible] Sixth Amendment right to counsel [illegible] This information is essential [illegible]

[illegible] shall be produced for inspection and copying at the [illegible] Correctional Institution-[illegible], [illegible] Plaintiff is indigent, [illegible] Plaintiff moves for inspection and copying of the [illegible] requested.

Respectfully,

By ______________________

[illegible]

# PROOF OF SERVICE

I, the undersigned certify under penalty of perjury that the foregoing is true and correct on November 17, 2001, I caused to be served on the following:

1. Office Of The Clerk
   United States District Court
   Middle District Of Pennsylvania
   U.S. Courthouse
   235 North Washington Avenue, RM-423
   P. O. Box 1148
   Scranton, PA. 18501-1148

2. Donald L. Reihart, Esq.
   Sup. Ct. I.D. #07421
   2600 Eastern Boulevard
   Suite 204
   York, PA 17402-2904

A copy of my motion for **PLAINTIFF'S INTERROGATORIES [FIRST SET]** and **REQUEST FOR PRODUCTION OF DOCUMENTS,** in a property addressed stamped envelope and depositing the same in the U.S. Mail for delivery.

I certify under penalty or perjury that the foregoing MOTIONS are true and correct, pursuant to 28 U.S.C. 1746.

Tyrone P. James
#62154
York County Prison
3400 Concord Road
York, PA. 17402

Dated November 17, 2001.

 Tyrone James
EX9451
P.O. Box A
Bellefonte, PA 16823-0820

INMATE MAIL
PA DEPT OF
CORRECTIONS
BELLEFONTE
NOV 20 03
PA
PB METER
7131147
2.44
U.S. POSTAGE

FILED
HARRISBURG, PA
NOV 21 2003
MARY E. D'ANDREA, CLERK
Per
Deputy Clerk

Office OF The Clerk
United STATES District Court
Middle District of Pennsylvania
228 WALNUT STREET
P.O. Box 983
Harrisburg, PA 17198

Legal Mail

C