**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TYRONE P. JAMES, | : | 1:CV-01-1015 |
|     Plaintiff | : | |
| v. | : | |
| | : | |
| YORK COUNTY POLICE DEPARTMENT, | : | (KANE, J.) |
| AGENT JAMES H. MORGAN, DETECTIVE | : | |
| RICHARD PEDDICORD, DETECTIVE | : | (MANNION, M.J.) |
| RAYMOND E. CRAUL, SERGEANT GENE | : | |
| FELLS, DETECTIVE KESSLER, | : | |
| CORRECTION OFFICER BAYLARK, and | : | |
| YORK COUNTY PRISON, | : | |
|     Defendants | : | |

**DEFENDANT CORRECTION OFFICER BAYLARK AND YORK COUNTY PRISON'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE MEMORANDUM AND ORDER DATED NOVEMBER 12, 2003 GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT BAYLARK**

**I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On June 8, 2001, inmate Tyrone P. James, hereafter referred to as "James", a prisoner confined in the York County Prison, filed a complaint alleging a violation of his constitutional rights under 42 U.S.C. §1983.

On March 11, 2003, Magistrate Judge Mannion filed a Report and Recommendation in which the Court recommended dismissal of "James'" claim because he had not exhausted his administrative remedies.

"James" filed an objection to the Magistrate Judge's recommendation which was opposed by the Defendants Officer Baylark and York County Prison.

The Court by Memorandum and Order dated November 12, 2003 overruled the "James'" Objection as to the Motion for Summary Judgment filed by Defendants Baylark and York County Prison. "James" has filed a Motion for Reconsideration of that Memorandum and Order.

In addition, "James" has asked for reconsideration of the Court Order denying his Motion for Appointment of Counsel presumably dated May 29, 2002. While "James" claims his Motion is in accordance with Local Rule 7.10 it is noted that a Motion for Reconsideration is to be filed within 10 (ten) days after the entry of the Judgment Order or Decree concerned. "James'" claim for reconsideration is not timely filed.

Defendants Baylark and York County Prison file this Brief in Opposition to "James'" Motion for Reconsideration of the Memorandum and Order dated November 12, 2002.

II.   QUESTIONS PRESENTED FOR REVIEW

    A.   **SHOULD THE COURT RECONSIDER THE MEMORANDUM AND ORDER DISMISSING DEFENDANT BAYLARK AND YORK COUNTY PRISON?**

    B.   **SHOULD THE COURT RECONSIDER THE ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL?**

III.   ARGUMENT

    A.   **THE COURT SHOULD NOT RECONSIDER THE MEMORANDUM AND ORDER DISMISSING DEFENDANT BAYLARK AND YORK COUNTY PRISON.**

In his Motion for Reconsideration "James" raises no new issues, but rather rehashes arguments that he has made in the past.

"James" claims that he did not receive a prison handbook and was not familiar with prison grievance procedures, and therefore he should be excused from the federal requirement that he exhaust any available administrative remedies before filing a civil rights action.

In this case, "James" has failed to comply with the federal law.  Affidavits filed by staff members of the York County Prison establish that there is and was a prisoner grievance system in place at the York County Prison and the Tyrone P. James did not file a prisoner grievance or complaint in the administrative system and therefore did not exhaust administrative remedies available to him.  (See Affidavits, <u>Deputy Warden Roger Thomas</u> and <u>Donald L. Reihart</u> filed in support of Correction Officer Baylark and York County Prison's Brief in Support of the Report and Recommendation of the Magistrate Judge dated March 11, 2003.)

"James" admits in paragraph 2b of his Complaint that he did not file a grievance concerning the facts relating to his Complaint.

In responding to the "James'" Statement of Material Facts, "James" argued that he was not aware of the York County Prison rules and regulations and was never given an inmate handbook for the York County Prison.  These facts were not originally set forth in "James'" Complaint.

Defendants filed a Reply Brief and Affidavits which establish that "James'" statement that he did not know about the grievance system is simply not correct.

James was given an introductory orientation which all prisoners receive.  In this orientation he was given a complete explanation of the grievance system, how to file grievances and how the system works.  He was also given a handbook on February 11,

2001, long before the lawsuit which he filed on June 8, 2001. (See Affidavit of Andrew Krepps) In addition, he used the grievance system on two occasions, March 29, 2001 and April 19, 2001. (See Affidavit of Deputy Warden Thomas)

"James," in his Motion for Reconsideration, complains that the Affidavit of Andrew Krepps, Counselor was "questionable to truthfulness and falsity" based upon what he describes as "his loyalty to the YCP and the security when considering his job at the York County Prison". He also describes his rights as a prisoner under the grievance system as "an empty shell and procedural morass offering no hope of relief".

However, "James" offers no evidence of any kind to substantiate his arguments.

The Court's decision to deny "James" relief is based upon credible facts established by the Affidavits filed by the Defendants. The record is clear that "James" failed to exhaust administrative remedies as required by the Prison Litigation Reform Act of 1995 42 U.S.C. § 1997(e).

### B. JAMES' REQUEST FOR RECONSIDERATION OF THE COURT'S DECISION TO DENY THE APPOINTMENT OF COUNSEL SHOULD BE DENIED.

In addition to being out of time, "James" has raised no additional matters or provided no additional information to the Court which would indicate that the Court's decision to deny him counsel in May 29, 2002 should be reconsidered.

### IV. CONCLUSION

"James'" Motion for Reconsideration should be denied.

        Respectfully submitted,

        By:    /s/ Donald L. Reihart, Esquire
                 Donald L. Reihart, Esq.
                 Sup. Ct. I.D. #07421
                 3015 Eastern Boulevard
                 York, PA 17402-2904
                 Telephone (717) 755-2799
                 Assistant Solicitor for York County

Dated: December 2, 2003

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES, | : | 1:CV-01-1015 |
|     Plaintiff | : | |
| v. | : | |
| | : | |
| YORK COUNTY POLICE DEPARTMENT, | : | (KANE, J.) |
| AGENT JAMES H. MORGAN, DETECTIVE | : | |
| RICHARD PEDDICORD, DETECTIVE | : | (MANNION, M.J.) |
| RAYMOND E. CRAUL, SERGEANT GENE | : | |
| FELLS, DETECTIVE KESSLER, | : | |
| CORRECTION OFFICER BAYLARK, and | : | |
| YORK COUNTY PRISON | : | |
|     Defendants | : | |

### **CERTIFICATE OF SERVICE**

I, Donald L. Reihart, Esquire, certify that a true and correct copy of the foregoing Brief in Opposition to Plaintiff's Motion for Reconsideration of the Memorandum and Order dated November 12, 2003 of Defendants Baylark and York County Prison was caused to be served on the date shown below by depositing same in the United States mail, first-class, postage prepaid thereon, addressed as follows:

    Tyrone P. James
    SCI-Rockview
    P.O. Box A
    Bellefonte, PA  16823

    Jason C. Giurintano, Deputy Attorney General
    Office of Attorney General
    Civil Litigation Section
    15th Floor, Strawberry Square
    Harrisburg, PA  17120

                    Respectfully submitted,

By:   /s/ Donald L. Reihart, Esquire
       Donald L. Reihart, Esq.
       Sup. Ct. I.D. #07421
       3015 Eastern Boulevard
       York, PA 17402-2904
       Telephone (717) 755-2799

Date: December 2, 2003       Assistant Solicitor for York County