IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES,                : | |
|                       **Plaintiff** : | |
|                            : | No. 1:CV-01-1015 |
| v.                                                : | |
|                           : | (Judge Kane) |
| YORK COUNTY POLICE           : | (Magistrate Judge Mannion) |
| DEPARTMENT; AGENT JAMES H. : | |
| MORGAN; DET. RICHARD         : | Electronically Filed |
| PEDDICORD; DET. RAYMOND E. : | |
| CRAUL; SGT. GENE FELLS; DET.  : | |
| ANTHONY GLOWCZEWSKI; AGENT : | |
| RANDY SIPES; and AGENT BRIAN : | |
| WESTMORELAND,                   : | |
|                      **Defendants** : | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO SERVE DEFENDANTS WITH A SECOND SET OF INTERROGATORIES**

**STATEMENT OF THE CASE**

This is a *pro se* inmate's civil action brought pursuant to 42 U.S.C. §1983 by Tyrone P. James ("Plaintiff"). The following Defendants are represented by the Pennsylvania Office of Attorney General in this matter: James Morgan, Brian Westmoreland, Richard Peddicord, Raymond Craul, Gene Fells, Robert Kessler and Anthony Glowczeski ("Defendants").[1] Plaintiff is alleging a variety of

---

[1] Undersigned counsel does not represent the York Police Department, C/O Baylark or Agent Randy Sipes because these parties are not considered State employees eligible for representation by undersigned counsel.

constitutional violations concerning his arrest on January 10, 2001. Plaintiff's action was commenced on June 8, 2001. Defendants filed a Motion to Dismiss on December 28, 2001, as well as a Motion for a Protective Order on January 2, 2002, which sought to stay discovery pending resolution of their Motion to Dismiss. This Court granted the Protective Order on February 25, 2002, and the Defendants' Motion to Dismiss was granted in part and denied in part on October 8, 2003.

On October 15, 2003, Defendants filed an Answer to the Complaint, and discovery was initiated again. On January 9, 2004, Plaintiff filed a Request to Serve Defendants a Second Set of Interrogatories ("Motion to Serve Interrogatories"). This Memorandum is filed in opposition to that Motion.

## STATEMENT OF FACTS

Plaintiff's Complaint sets forth a variety of alleged violations of his constitutional rights. For purposes of this memorandum only, Defendants recite the facts as set forth by Plaintiff in his Complaint. Plaintiff alleges that on January 10, 2001, while he was retrieving mail from a mail box rental at Mailboxes Etc., located in York, Pennsylvania, he was approached by several individuals who looked like "thugs" and did not identify themselves as police officers. (Complaint at ¶¶1 and 2, Amended Complaint at ¶5). Plaintiff had retrieved a parcel from the clerk inside the office, and upon exiting, the individuals approached Plaintiff.

Plaintiff claims he dropped the box and started moving away from them. (Complaint at ¶3, Amended Complaint at ¶5).

At that time, Plaintiff alleges he was hit by a van driven by Defendant Glowczeski and thrown to the ground. (Complaint at ¶4 and Amended Complaint at ¶¶5 and 6). While on the ground, Plaintiff alleges that Defendant Westmoreland and other individuals stepped upon and trampled him, handcuffed him, took his personal belongings and placed him in the van. (Complaint at ¶4, Amended Complaint at ¶5).

Plaintiff alleges that he was not read his Miranda rights by any Defendant. (Complaint at ¶¶5 and 6). After arriving at the York County Police Department, Plaintiff alleges that Defendant Morgan interrogated him and denied Plaintiff's requests to telephone his family and an attorney. (Complaint at ¶6 and 10). In addition, Plaintiff alleges that Defendant Peddicord took his personal papers from his wallet. (Complaint at ¶7). Later, Plaintiff was charged by Defendant Craul. (Complaint at ¶8).

**QUESTIONS PRESENTED**

**IS PLAINTIFF ENTITLED TO HAVE THIS COURT GRANT HIS MOTION TO SERVE DEFENDANTS WITH ADDITIONAL INTERROGATORIES IN EXCESS OF THE 25 HE HAS ALREADY SERVED?**

**SUGGESTED ANSWER:  NO.**

**ARGUMENT**

**THIS COURT SHOULD DENY PLAINTIFF'S MOTION TO SERVE DEFENDANTS WITH A SECOND SET OF INTERROGATORIES AS ALL DEFENDANTS HAVE EACH ANSWERED 25 INTERROGATORIES.**

Fed. Rule Civ. P. 33 prohibits a party from requesting more than 25 interrogatories without leave of court.  Plaintiff's initial discovery from December 13, 2001 contained a total of 25 interrogatories[2] for each of the seven Defendants, and each interrogatory was answered by all Defendants.  Therefore, Defendants did not respond to the interrogatories dated October 24, 2003 because they contained another 25 interrogatories for each of the seven Defendants, and were therefore violative of Fed. Rule Civ. P. 33 because Plaintiff did not first seek leave of Court to do so.

Plaintiff now seeks leave of this Court to serve additional interrogatories on Defendants.  Fed. Rule Civ. P. 33 provides that such leave should be granted if it is

---

[2] A true and correct copy of this discovery request, and Defendants' response, is attached at Exhibit 1.

consistent with Fed. Rule Civ. P. 26(b)(2). Fed. Rule Civ. P. 26(b)(2) provides that the court has authority to limit discovery that is unreasonably cumulative, duplicative, or burdensome, given the nature and circumstances of the case.

Defendants contend that in the present matter, additional interrogatories for each Defendant, without any specificity from Plaintiff as to how many he seeks to serve, could have the potential to be extremely duplicative and burdensome to Defendants. Defendants contend that if given blanket approval from this Court, *pro se* prisoner Plaintiff may seek an additional 25 interrogatories from each Defendant.

Furthermore, Plaintiff is unclear as to what information he is seeking. Plaintiff appears to make the following arguments in his Motion: (1) Defendant Sipes' answers are outstanding; and (2) Defendants' answers to Plaintiff's interrogatories are incomplete and improper. Defendants will address each in turn.

1.  Defendant Sipes' answers are outstanding.

Plaintiff claims that Defendant Sipes' interrogatories are overdue. However, the Pennsylvania Office of Attorney General does not represent Defendant Sipes, an employee of the State of California. Therefore, the Defendants represented by the Office of Attorney General are unable to speak to Sipes' progress on discovery and his alleged non-responsiveness has no bearing on an alleged need for more discovery from the other Defendants.

5

2. Defendants' answers to Plaintiff's interrogatories are incomplete and improper.

Plaintiff has indicated his displeasure with Defendants' responses, and objections, to his interrogatories. Motion to Serve Interrogatories at ¶5. However, Plaintiff does not indicate with any specificity which interrogatories he is unsatisfied with. Plaintiff states that "State Defendants answers and documents produced are incomplete, inadequate, and improper objections" [sic].

While Plaintiff does elaborate a bit further, he indicates in equally vague fashion that Defendants have not provided to him their "mental and racial background," previous lawsuits filed against them and their "financial status." Motion to Serve Interrogatories at ¶2. However, even if Plaintiff is permitted to make such requests, the information is irrelevant, or the information is outside the possession and control of Defendants.

Again, Defendants note that they have each responded to 25 earlier interrogatories from Plaintiff. Simply because Plaintiff is unhappy with the Defendants' responses, and objections, does not mean he should be permitted to seek the intervention of this Court to allow him to go on a fishing expedition, and allow him to serve an unspecified number of additional interrogatories. Accordingly, Plaintiff's Motion should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel should be denied.

                                      **Respectfully submitted,**

                                      **GERALD J. PAPPERT**
                                      Acting Attorney General

                         By:   **s/Jason C. Giurintano**
                                      **JASON C. GIURINTANO**
                                      Deputy Attorney General
                                      I.D. No. 89177

| | |
|---|---|
| **Office of Attorney General** | **SUSAN J. FORNEY** |
| **Civil Litigation Section** | **Chief Deputy Attorney General** |
| **15th Floor, Strawberry Square** | **Chief, Litigation Section** |
| **Harrisburg, PA  17120** | |
| | **Counsel for Defendants** |
| **Date:  January 16, 2004** | |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES, | : | |
|             **Plaintiff** | : | |
| | : | No. 1:CV-01-1015 |
| v. | : | |
| | : | (Judge Kane) |
| YORK COUNTY POLICE | : | (Magistrate Judge Mannion) |
| DEPARTMENT; AGENT JAMES H. | : | |
| MORGAN; DET. RICHARD | : | Electronically Filed |
| PEDDICORD; DET. RAYMOND E. | : | |
| CRAUL; SGT. GENE FELLS; DET. | : | |
| ANTHONY GLOWCZEWSKI; AGENT | : | |
| RANDY SIPES; and AGENT BRIAN | : | |
| WESTMORELAND, | : | |
|             **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Jason C. Giurintano, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on January 16, 2004, I caused to be served a true and correct copy of the foregoing document entitled Defendants' Memorandum Of Law In Opposition To Plaintiff's Motion To Compel Discovery by depositing same in the United States Mail, first-class postage prepaid to the following:

Tyrone P. James, #62154
York County Prison
3400 Concord Road
York, PA  17402

Donald L. Reihart
Law Office of Donald L. Reihart
2600 Eastern Blvd., Suite 204
York, PA  17402

                                               **s/Jason C. Giurintano**
                                               **JASON C. GIURINTANO**
                                               **Deputy Attorney General**