IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES, | : | |
| Plaintiff | : | |
| | : | No. 1:CV-01-1015 |
| v. | : | |
| | : | (Judge Kane) |
| YORK COUNTY POLICE | : | (Magistrate Judge Mannion) |
| DEPARTMENT; AGENT JAMES H. | : | |
| MORGAN; DET. RICHARD | : | Electronically Filed |
| PEDDICORD; DET. RAYMOND E. | : | |
| CRAUL; SGT. GENE FELLS; DET. | : | |
| ANTHONY GLOWCZEWSKI; AGENT | : | |
| RANDY SIPES; and AGENT BRIAN | : | |
| WESTMORELAND, | : | |
| Defendants | : | |

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

### STATEMENT OF THE CASE

This is a *pro se* inmate's civil action brought pursuant to 42 U.S.C. §1983 by Tyrone P. James ("Plaintiff"). The following Defendants are represented by the Pennsylvania Office of Attorney General in this matter: James Morgan, Brian Westmoreland, Richard Peddicord, Raymond Craul, Gene Fells, Robert Kessler and Anthony Glowczeski ("Defendants").[1] Plaintiff is alleging a variety of

---

[1] Undersigned counsel does not represent the York Police Department, C/O Baylark or Agent Randy Sipes because these parties are not considered State employees eligible for representation by undersigned counsel.

constitutional violations concerning his arrest on January 10, 2001. Plaintiff's action was commenced on June 8, 2001. Defendants filed a Motion to Dismiss on December 28, 2001, as well as a Motion for a Protective Order on January 2, 2002, which sought to stay discovery pending resolution of their Motion to Dismiss. This Court granted the Protective Order on February 25, 2002, and the Defendants' Motion to Dismiss was granted in part and denied in part on October 8, 2003.

On October 15, 2003, Defendants filed an Answer to the Complaint, and discovery commenced. On January 20, 2004, Plaintiff filed a Motion to Compel Discovery. This Memorandum is filed in opposition to that Motion.

## STATEMENT OF FACTS

Plaintiff's Complaint sets forth a variety of alleged violations of his constitutional rights. For purposes of this memorandum only, Defendants recite the facts as set forth by Plaintiff in his Complaint. Plaintiff alleges that on January 10, 2001, while he was retrieving mail from a mail box rental at Mailboxes Etc., located in York, Pennsylvania, he was approached by several individuals who looked like "thugs" and did not identify themselves as police officers. (Complaint at ¶¶1 and 2, Amended Complaint at ¶5). Plaintiff had retrieved a parcel from the clerk inside the office, and upon exiting, the individuals approached Plaintiff. Plaintiff claims he dropped the box and started moving away from them. (Complaint at ¶3, Amended Complaint at ¶5).

At that time, Plaintiff alleges he was hit by a van driven by Defendant Glowczeski and thrown to the ground. (Complaint at ¶4 and Amended Complaint at ¶¶5 and 6). While on the ground, Plaintiff alleges that Defendant Westmoreland and other individuals stepped upon and trampled him, handcuffed him, took his personal belongings and placed him in the van. (Complaint at ¶4, Amended Complaint at ¶5).

Plaintiff alleges that he was not read his Miranda rights by any Defendant. (Complaint at ¶¶5 and 6). After arriving at the York County Police Department, Plaintiff alleges that Defendant Morgan interrogated him and denied Plaintiff's requests to telephone his family and an attorney. (Complaint at ¶6 and 10). In addition, Plaintiff alleges that Defendant Peddicord took his personal papers from his wallet. (Complaint at ¶7). Later, Plaintiff was charged by Defendant Craul. (Complaint at ¶8).

## QUESTIONS PRESENTED

**IS PLAINTIFF ENTITLED TO HAVE THIS COURT GRANT HIS MOTION TO COMPEL DISCOVERY?**

**SUGGESTED ANSWER: NO.**

## ARGUMENT

**THIS COURT SHOULD DENY PLAINTIFF'S MOTION TO COMPEL DISCOVERY AS DEFENDANTS HAVE EITHER PROVIDED PLAINTIFF WITH THE INFORMATION HE HAS SOUGHT, OR HAVE STATED LEGITIMATE OBJECTIONS.**

Federal Rule of Civil Procedure 37 provides the framework for the enforcement of discovery requests. Rule 37(a) gives a court authority to order one party to comply with the other's legitimate discovery requests. Plaintiff, as the moving party, bears the burden of demonstrating he is entitled to the relief he now seeks. Compagnie des Bauxites de Guinee v. Insurance Company of North America, 551 F.Supp. 1239 (W.D. Pa. 1982). In this situation, this means that Plaintiff must show that he has made permissible discovery requests, and that the Defendants have unjustifiably declined to provide him with what he seeks.

Plaintiff's Motion to Compel, albeit vague, appears to raise the following five claims: (1) Defendants have not responded to Plaintiff's most recent set of discovery requests; (2) Defendant Sipes has not responded to any of Plaintiff's discovery requests; (3) Defendant Baylark has not responded to any of Plaintiff's

4

discovery requests; (4) Defendants have not produced various documents which Plaintiff believes he is entitled to; and (5) Defendants' answers to Plaintiff's interrogatories are incomplete. Defendants will address each of these issues in turn.

> 1. <u>Defendants have not responded to Plaintiff's most recent set of discovery requests.</u>

Plaintiff first served Defendants with discovery on December 13, 2001 in the form of 25 interrogatories[2] for each Defendant, as well as a Request for the Production of Documents.[3] Defendants filed a Motion to Dismiss on December 28, 2001, and also filed a Motion for a Protective Order on January 2, 2002, seeking to stay discovery until the resolution of the Motion to Dismiss. Subsequently, this Court issued a protective order on February 25, 2002[4], staying discovery until 30 days after the resolution of Defendants' Motion to Dismiss.

Defendants' Motion to Dismiss was granted in part and denied in part on October 8, 2003. Defendants then responded to all Plaintiff's December 13, 2001 discovery requests within 30 days, as was required by this Court's Protective Order.

---

[2] A true and correct copy of this discovery request, and Defendants' response, is attached at Exhibit 1.
[3] A true and correct copy of this discovery request, and Defendants' response, is attached at Exhibit 2.
[4] A true and correct copy of this Order is attached at Exhibit 3.

5

However, in October 2003, after the resolution of Defendants' Motion to Dismiss, Plaintiff submitted to Defendants the following additional discovery requests entitled: (1) "Plaintiff's First Set of Interrogatories," dated October 24, 2003[5]; and (2) "Request for Production of Documents" dated October 26, 2003[6]. Both of these discovery requests were similar, but not identical, to the discovery requests made by Plaintiff in December 2001.

However, Plaintiff now seems to believe that his earlier discovery requests from December 13, 2001 have "disappeared," and that he should be able to start from scratch with discovery since the Defendants' Motion to Dismiss was decided on October 8, 2003. Plaintiff is incorrect in this assumption. In fact, Defendants even sent Plaintiff correspondence indicating that Defendants' were first responding to Plaintiff's December 13, 2001 discovery requests.

However, Plaintiff alleges in his present Motion to Compel that Defendants have not responded to the "first" set of discovery requests. This is incorrect, as Defendants have responded to Plaintiff's actual "first" Discovery requests which were dated December 13, 2001.

---

[5] A copy of this Discovery Request is attached as Exhibit 4. Defendants objected to this request because it contained 25 interrogatories. Since Plaintiff's initial interrogatories from December 13, 2001 also contained 25 interrogatories, and were answered by Defendants, the interrogatories dated October 24, 2003 are violative of Fed. Rule Civ. P. 33, which prohibits a party from requesting more than 25 interrogatories without leave of court.

[6] A copy of this Request for Production of Documents is attached as Exhibit 5. Defendants response, dated November 17, 2003, is attached at Exhibit 6.

Defendants contend that simply because Plaintiff places the word "First" in his October 2003 discovery requests, Defendants are still under an obligation, according to the Protective Order of February 25, 2002, to answer Plaintiff's initial discovery requests from December 12, 2001.

Furthermore, Defendants would like to note that they have, in good faith, addressed Plaintiff's Requests for Production of Documents from both December 2001 and October 2003, and sent Plaintiff documents he sought on both occasions. Each of the Defendants, as a result of Plaintiff's December 2001 discovery request, have answered 25 interrogatories which were submitted by Plaintiff. To allow Plaintiff to compel Defendants to respond to all his discovery requests again would be duplicative and a waste of resources.

2.  <u>Defendant Sipes has not responded to any of Plaintiff's discovery requests.</u>

Plaintiff also indicated in his Motion to Compel that Defendant Sipes has not responded to Plaintiff's discovery requests. Motion to Compel at ¶9. However, the Pennsylvania Office of Attorney General does not represent this Defendant, who is an employee of the State of California. Therefore, the Defendants represented by the Office of Attorney General are unable to speak to Defendant Sipes' progress on discovery.

<u>3.  Defendant Baylark has not responded to any of Plaintiff's discovery requests.</u>

Plaintiff also indicated in his Motion to Compel that Defendant Baylark has not responded to Plaintiff's discovery requests.  Motion to Compel at ¶10.  Again, the Pennsylvania Office of Attorney General does not represent Defendant Baylark, who is being represented by counsel Donald Reihart, Esquire, in this matter.  Therefore, the Defendants represented by the Office of Attorney General are unable to speak to Defendant Baylark's progress on discovery.

<u>4. Defendants have not produced various documents which Plaintiff believes he is entitled to.</u>

In his Motion to Compel, Plaintiff requests that Defendants provide to him the following documents:  Defendants Morgan and Westmoreland's reports, Defendant Craul's reports, Defendant Sipe's reports, and "[a]cknowledging receipt of package shipped from California" [sic].  Motion to Compel at ¶12.  Plaintiff also requests "[t]he UPS label of specific package of defendants Morgan's claim that his supervisor received on January 11, 2001." [sic]  Motion to Compel at ¶13.

With these requests, Plaintiff is seeking information which either Defendants have already provided, or which are not in possession or control of Defendants. Defendants will address each of these requests in turn.

*Defendant Morgan and Westmoreland's report.*

Defendant Westmoreland did not draft his own report.  Since Defendants Westmoreland and Morgan were both employed by the Office of Attorney General, Bureau of Narcotics Investigation, at the time of Plaintiff's arrest, Defendant Morgan and Westmoreland did not type up separate and individual reports.  Defendant Morgan's comprehensive investigative report, which was provided to Plaintiff in Defendants response to his December 13, 2001 document request as "Attachment 2," covers the scope of the investigation and arrest of Plaintiff for all Defendants.

*Defendant Sipes' report.*

Again, Defendant Sipes is not represented by the Office of Attorney General.  None of the Defendants represented by the Office of Attorney General are in possession or control of a report created by Sipes, an employee of the State of California.

*Defendant Craul's report.*

Plaintiff also requested Defendant Craul's report.  Defendants Craul did file a criminal complaint against Plaintiff, which was included in Defendants response to Plaintiff's initial Discovery request as "Attachment 1."  Anything further sought by Plaintiff in relation to some other report by Craul is not in possession or control of Defendants.

*UPS label and shipping receipts for the package Plaintiff received from California.*

Here, it is unclear what Plaintiff seeks that Defendants have not already provided to him.  Defendants, in their response to Plaintiff's second request for Production of Documents, have sent to Plaintiff the following:  five (5) different service agreements, each for a difference mailbox, between Plaintiff and Mailboxes Etc.; five (5) different parcel shipping orders from various packages sent by Plaintiff at Mailboxes Etc.; and five (5) different FedEx shipping receipts for Plaintiff's various parcels.  Anything further sought by Plaintiff in relation to shipping receipts and labels is not in possession or control of Defendants.

Furthermore, the relevance of such information is dubious at best, since Plaintiff has already been tried criminally, and found guilty.  It is unclear what Plaintiff is attempting to demonstrate with shipping labels.

5.  Defendants' answers to Plaintiff's interrogatories are incomplete.

In addition to the documents which he alleges he requested and did not receive, Plaintiff also indicated his displeasure with the interrogatory answers Defendants provided to him.  Motion to Compel at ¶11.  However, Plaintiff does not indicate with any specificity which interrogatories he is unsatisfied with.  Plaintiff simply states that "State Defendants answers and documents produced are incomplete, inadequate, and improper objections" [sic].  Motion to Compel at ¶11.

Therefore, at this time, Defendants are not able to ascertain which items Plaintiff is not satisfied with. However, Defendants note that they have responded to 25 interrogatories for each of the seven Defendants.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Compel should be denied.

>                             Respectfully submitted,
>
>                             GERALD J. PAPPERT
>                             Acting Attorney General
>
>
> By:   s/Jason C. Giurintano
>                             JASON C. GIURINTANO
>                             Deputy Attorney General
>                             I.D. No. 89177

| | |
|---|---|
| **Office of Attorney General** | **SUSAN J. FORNEY** |
| **Civil Litigation Section** | **Chief Deputy Attorney General** |
| **15th Floor, Strawberry Square** | **Chief, Litigation Section** |
| **Harrisburg, PA  17120** | |
| | **Counsel for Defendants** |
| **Date:  January 23, 2004** | |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES,       **Plaintiff** | : <br> : <br> :   No. 1:CV-01-1015 |
| v. | : <br> :   (Judge Kane) |
| YORK COUNTY POLICE DEPARTMENT; AGENT JAMES H. MORGAN; DET. RICHARD PEDDICORD; DET. RAYMOND E. CRAUL; SGT. GENE FELLS; DET. ANTHONY GLOWCZEWSKI; AGENT RANDY SIPES; and AGENT BRIAN WESTMORELAND,       **Defendants** | :   (Magistrate Judge Mannion) <br> : <br> :   Electronically Filed <br> : <br> : <br> : <br> : <br> : <br> : |

## CERTIFICATE OF SERVICE

I, Jason C. Giurintano, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on January 23, 2004, I caused to be served a true and correct copy of the foregoing document entitled Defendants' Memorandum Of Law In Opposition To Plaintiff's Motion To Compel Discovery by depositing same in the United States Mail, first-class postage prepaid to the following:

Tyrone P. James, #62154
York County Prison
3400 Concord Road
York, PA  17402

Donald L. Reihart
Law Office of Donald L. Reihart
2600 Eastern Blvd., Suite 204
York, PA  17402

_____
**JASON C. GIURINTANO**
**Deputy Attorney General**