## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES                :

            Plaintiff          : Civil Action No.1:CV-01-1015

                               :       Judge Kane

        v.                   :

YORK COUNTY POLICE DEPT.,    :

ET AL.,                       :

           Defendants

FILED
SCRANTON

DEC 1 3 2001

PER _____
        DEPUTY CLERK

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES

In accordance with Rule 33 of the Federal Rules of Civil Procedure, plaintiff requests that Defendant YORK COUNTY POLICE DEPT., ET AL, answer the following interrogatories separately and fully in writing under oath, and that the answers be signed by the person making them and be served on plaintiffs within 45 days of service hereof.

In responding to these interrogatories, furnish all information which is available to you, including information in the possession of your attorneys or



investigators for your attorneys, and not merely information known of your own personal knowledge.

If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

These interrogatories shall be deemed continuing, so as to require supplemental answers as new and different information materializes throughout this proceeding.

1. What is your full name and address?

2. On January 10, 2001 were you employed by the Pennsylvania State Attorney General Office.

3. On January 10, 2001, were you on duty as a Police officer/Agent at the Mail Box Etc. 2536 Eastern Blvd. York PA. located at the Kingston Square Center;

4. If yes.

   (a) What was your reasons or purpose to be at that location?

   (a) to what section or division were you assigned?

(c ) What is the full names, capacity and last known business and residence address of the individual who was your immediate superior?

(d) Were your superior present on January 10, 2001, at the Mail Box Etc. Kingston Square Center?

(e) If yes, what was their purpose for being at that location?

(f) At what time of the day did you go on duty?

(g) At what time of the day did you go off duty?

(h) List all the names and occupation of all individual that was present at the Mail Box Etc. at the Kingston Square shopping Center on January 10, 2001, including FBI Agent, District Attorney, YCPD officers and detective, and Agent from the Office of the attorney General.

5. Did you have any encounter or contact with Plaintiff Tyrone P. James on January 10, 2001?

6. If yes, state specifically and in detail, as accurately as you can remember, the exact sequence of events that occurred subsequent to your initial encounter or contact with the Plaintiff on that date.

7. Did you at any time on January 10, 2001 or on any other date; trampled upon, arrest, beat, strike, kick, spray with MACE, or with any other chemical, or other-wise abuse Plaintiff?

8. If yes, were any other persons involved?

9. Was any written report made of the details of the conduct in interrogatories number- 7 ?

10. If yes, state:

(a) The name, badge or identification number, and present address of the persons who prepared each such report;

(b) the name, badge or identification number, and present address of the person or persons for whom each such report was prepared;

(c ) The date, time, and place where each such report was prepared;

(d) The name, badge or identification number, and present address of the present custodian of each such report.

11. If the answer to question 9 is yes, was each such report written or reduced to writing?

12. If yes, attach a copy of each of each such written report to your answer to these interrogatories.

13. State the names and address or otherwise identify and locate any person or persons who, to your knowledge, or to the knowledge of your agents and attorneys, purport to have knowledge of facts relevant to the conduct described in these interrogatories.

14. Do you, your attorneys, or any person employed by you or your attorneys, have possession or know of the existence of any books, records, reports made in the ordinary course of business, other printed or documentary material, or photographs, drawings, or documents, or other tangible objects that are relevant to the conduct described in these interrogatories?

15. If yes, state:

(a) The name and description of each such item;

(b) The name and address of each person who made, prepared or took each such item;

(c ) the name and address of the present custodian of each such item;

(d) The date, time and place where each such item was made, prepared or taken;

(e) The method by and purpose for which each such item was made, prepared or taken;

(f) The manner in which each such item is relevant to the conduct described in these interrogatories.

16. If the answer to question 14 is yes, do you have knowledge of any item mentioned there being altered in any manner, lost or destroyed?

17. Do you, or any Agent of the Office of the Attorney General, York City Police Department, York County Drug Task Force, Federal Bureau of

Investigations, York County Prison Correction Officer(s), and/or staff having any knowledge, or who is/was aware of any and all information concerning said incident?

18. If yes, to question 17, state the circumstances and reasons pertaining to the violation of the Plaintiff's rights.

Dated: December 9 ,2001.

By, Tyrone James
(signatures)

Tyrone P. James
3400 Concord Rd.
York, PA  17402



# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                    :
                        Plaintiff  :
                                   :    No. 1:CV-01-1015
        v.                         :
                                   :    (Judge Kane)
YORK COUNTY POLICE                 :    (Magistrate Judge Mannion)
DEPARTMENT; AGENT JAMES H.         :
MORGAN; DET. RICHARD               :
PEDDICORD; DET. RAYMOND E.         :
CRAUL; SGT. GENE FELLS; DET.       :
ROBERT KESSLER; DET. ANTHONY       :
GLOWCZEWSKI; AGENT RANDY           :
SIPES; and AGENT BRIAN             :
WESTMORELAND                       :
                        Defendants :


## DEFENDANT WESTMORELAND'S RESPONSE TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

1.    What is your full name and address?

**RESPONSE:**    Brian K. Westmoreland, 16th Floor, Strawberry Square,

Harrisburg, Pennsylvania 17120

2.    On January 10, 2001 were you employed by the Pennsylvania State

Attorney General Office.

**RESPONSE:**    Yes.

3.    On January 10, 2001, were you on duty as a Police officer/Agent at

the Mail Box Etc. 2536 Eastern Blvd. York PA. located at the Kingston Square

Center;


Center;

**RESPONSE:**    Yes.

4.    If yes, what was your reasons or purpose of being at that location; what is the full names, capacity and last known business and residence address of the individual who was you immediate superior?

(a)    Were you superior present on January 10, 2001, at the Mail Box Etc., Kingston Square Center?

(b)    If yes, what was their purpose for being at that location?

(c)    At what time of the day did you go on duty?

(d)    At what time of the day did you go off duty?

**RESPONSE:**    Defendant OBJECTS to the portion of this question which asks for the residence address of any law enforcement personnel.  This information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Drug Investigation/Regional Director John R. Smith.

(a) No.

(b) Drug Investigation.

(c) I don't recall.

(d) I don't recall.

5.    Did you have any encounter or contact with Plaintiff Tyrone P. James on January 10, 2001?

**RESPONSE:**    Yes.

6.    If yes, state specifically and in detail, as accurately as you can remember, the exact sequence of events that occurred subsequent to your initial encounter or contact with the Plaintiff on that date.

**RESPONSE:**

(1)    On January 10, 2001, the Office of Attorney General Bureau of Narcotics Investigation and York County Drug Task Force conducted an interdiction operation, on the plaintiff Tyrone P. James, location Mail Box Ect., 2536 Eastern Bloulevard, York, Pennsylvania.

(2) Mr. James arrived on location, parked his vehicle and proceeded into Mail Box Ect.

(3)    Within a few minutes Mr. James exited Mail Box Ect. carrying a box "that he believed to contained suspected marijuana" proceeded towards the parking lot area when he was approached by this agent. As I identified myself, Mr. James threw the box at this agent and proceeded to run.

(4)    After a brief chase, Mr. James was wrestled to the ground by this agent and other officers. Mr. James was taken into custody and transported to York City Police Department.

7.    Did you at any time on January 10, 2001, or on any other date; trample upon, arrest, beat, strike, kick, spray with MACE, or with any other chemical, or other-wise abuse Plaintiff?

**RESPONSE:**    I participated in the arrest of Mr. James.

8.    If yes, were any other persons involved?

**RESPONSE:**    Yes, other Law Enforcement personnel were involved.

9.    Was any written report made of the details of the conduct in interrogatories number- 7?

**RESPONSE:**    Yes.

10.    If yes, state:

(a)    The name, badge or identification number, and present address of the persons who prepared each such report;

(b)    the name, badge or identification number, and present address of the person or persons for whom each such report was prepared;

(c)    The date, time, and place where each such report was prepared;

(d)    The name, badge or identification number, and present address of the present custodian of each such report;

**RESPONSE:**

(a)    Agent James H. Morgan.

(b)    Agent James H. Morgan, Region III, 106 Lowther Street, Lemoyne, Pennsylvania 17043.

(c)    Reports prepared at Region III.

(d)    Region III, 106 Lowther Street, Lemoyne, Pennsylvania 17043, Case #30003-01.

11.    If the answer to question 9 is yes, was each such report written or reduced to writing?

**RESPONSE:**    I Believe so, Morgan made report.

12.    If yes, attach a copy of each of each such written report to your answer to these interrogatories.

**RESPONSE:**    (Attachments)

13.    State the names and address or otherwise identify and locate any person or persons who, to your knowledge, or to the knowledge of your agents and attorneys, purport to have knowledge of facts relevant to the conduct described in these interrogatories.

**RESPONSE:**    Defendants OBJECT to this question. This interrogatory is vague unclear and overbroad. Defendants are unsure of the specific nature of the questions and is therefore unable to answer. There were just law enforcement present at the scene.

14.    Do you, your attorneys, or any person employed by you or your attorneys, have possession or know of the existence of any books, records, reports made in the ordinary course of business, other printed or documentary material, or

photographs, drawings, or documents, or other tangible objects that are relevant to the conduct described in these interrogatories?

**RESPONSE:**    No.

15.    If yes, state the name and description of each such item; the name and address of each person who made, prepared or took each such item the name and address of the present custodian of each such item; the date, time and place where each such item was made, prepared or taken; the method by and purpose for which each such item was made, prepared or taken;

(a)    The manner in which each such item is relevant to the conduct described in these interrogatories.

**RESPONSE:**    N/A.

16.    If the answer to question 14 is yes, do you have knowledge of any item mentioned there being altered in any manner, lost or destroyed?

**RESPONSE:**    No.

**Respectfully submitted,**

**D. MICHAEL FISHER**
**Attorney General**

By: _____

**JASON C. GIURINTANO**
**Deputy Attorney General**
**I.D. No. 89177**

**Office of Attorney General**          **SUSAN J. FORNEY**


**Office of Attorney General**          **SUSAN J. FORNEY**

Civil Litigation Section                    Chief Deputy Attorney General
15th Floor, Strawberry Square               Chief, Litigation Section
Harrisburg, PA  17120

                                            Counsel for Defendants
Date:  November 6, 2003

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                          :
               **Plaintiff**    :
                       :    No. 1:CV-01-1015
   **v.**                                    :
                       :    (Judge Kane)
YORK COUNTY POLICE                        :    (Magistrate Judge Mannion)
DEPARTMENT; AGENT JAMES H.                :
MORGAN; DET. RICHARD                      :    Electronically Filed
PEDDICORD; DET. RAYMOND E.                :
CRAUL; SGT. GENE FELLS; DET.              :
ROBERT KESSLER; DET. ANTHONY              :
GLOWCZEWSKI; AGENT RANDY                  :
SIPES; and AGENT BRIAN                    :
WESTMORELAND,                             :
             **Defendants** :

## VERIFICATION

    I, Brian Westmoreland, hereby declare under the penalty of perjury, that the responses to these interrogatories are true and correct to the best of my knowledge, information and belief.


_____10/28/03_____
DATE

_____
BRIAN WESTMORELAND



## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                    :
                        Plaintiff  :
                                   :      No. 1:CV-01-1015
    v.                             :
                                   :      (Judge Kane)
YORK COUNTY POLICE                 :      (Magistrate Judge Mannion)
DEPARTMENT; AGENT JAMES H.         :
MORGAN; DET. RICHARD               :
PEDDICORD; DET. RAYMOND E.         :
CRAUL; SGT. GENE FELLS; DET.       :
ROBERT KESSLER; DET. ANTHONY       :
GLOWCZEWSKI; AGENT RANDY           :
SIPES; and AGENT BRIAN             :
WESTMORELAND                       :
                        Defendants :

## DEFENDANT MORGAN'S RESPONSE TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

   1.    What is your full name and address?

**RESPONSE:**    James H. Morgan, 101 West College Avenue, York,

Pennsylvania 17403.

   2.    On January 10, 2001 were you employed by the Pennsylvania State

Attorney General Office.

**RESPONSE:**    Yes.

   3.    On January 10, 2001, were you on duty as a Police officer/Agent at

the Mail Box Etc. 2536 Eastern Blvd. York PA. located at the Kingston Square

Center;

Center;

**RESPONSE:**     Yes.

4.     If yes, what was your reasons or purpose of being at that location; what is the full names, capacity and last known business and residence address of the individual who was you immediate superior?

(a)     Were you superior present on January 10, 2001, at the Mail Box Etc., Kingston Square Center?

(b)     If yes, what was their purpose for being at that location?

(c)     At what time of the day did you go on duty?

(d)     At what time of the day did you go off duty?

**RESPONSE:**     Defendant OBJECTS to the portion of this question which asks for the residence address of any law enforcement personnel.  This information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

(a)     Yes.

(b)     To assist and supervise investigation.

(c)     I do not recall.

(d)     I do not recall.

5.     Did you have any encounter or contact with Plaintiff Tyrone P. James on January 10, 2001?

**RESPONSE:**     Yes.

6.    If yes, state specifically and in detail, as accurately as you can remember, the exact sequence of events that occurred subsequent to your initial encounter or contact with the Plaintiff on that date.

**RESPONSE:**    Myself and other law enforcement officers approached Mr. James as he exited the Mail Box Etc. store with makeshift packages. He threw the package at officers and began to run away. He was taken into custody and searched. He was read his Miranda Warnings and transported to the York City Police Department. A through search of his person was conducted and a number of business cards from Mail Box Etc. were recovered. He was processed and arranged before the Duty Magistrate.

7.    Did you at any time on January 10, 2001, or on any other date; trample upon, arrest, beat, strike, kick, spray with MACE, or with any other chemical, or other-wise abuse Plaintiff?

**RESPONSE:**    No.

8.    If yes, were any other persons involved?

**RESPONSE:**    N/A.

9.    Was any written report made of the details of the conduct in interrogatories number- 7?

**RESPONSE:**    N/A.

10.    If yes, state:

(a)     The name, badge or identification number, and present address of the persons who prepared each such report;

(b)     the name, badge or identification number, and present address of the person or persons for whom each such report was prepared;

(c)     The date, time, and place where each such report was prepared;

(d)     The name, badge or identification number, and present address of the present custodian of each such report;

**RESPONSE:**     N/A.

(a)

(b)

(c)

(d)

11.     If the answer to question 9 is yes, was each such report written or reduced to writing?

**RESPONSE:**     N/A.

12.     If yes, attach a copy of each of each such written report to your answer to these interrogatories.

**RESPONSE:**     N/A.

13.     State the names and address or otherwise identify and locate any person or persons who, to your knowledge, or to the knowledge of your agents and

attorneys, purport to have knowledge of facts relevant to the conduct described in these interrogatories.

**RESPONSE:**    Defendants OBJECT to this question. This interrogatory is vague unclear and overbroad. Defendants are unsure of the specific nature of the questions and are therefore unable to answer.

14.    Do you, your attorneys, or any person employed by you or your attorneys, have possession or know of the existence of any books, records, reports made in the ordinary course of business, other printed or documentary material, or photographs, drawings, or documents, or other tangible objects that are relevant to the conduct described in these interrogatories?

**RESPONSE:**    No.

15.    If yes, state the name and description of each such item; the name and address of each person who made, prepared or took each such item the name and address of the present custodian of each such item; the date, time and place where each such item was made, prepared or taken; the method by and purpose for which each such item was made, prepared or taken;

(a)    The manner in which each such item is relevant to the conduct described in these interrogatories.

**RESPONSE:**    N/A.

16.    If the answer to question 14 is yes, do you have knowledge of any

item mentioned there being altered in any manner, lost or destroyed?

**RESPONSE:**    N/A.

                                        **Respectfully submitted,**

                                        **D. MICHAEL FISHER**
                                        Attorney General

                        **By:**
                                        **JASON C. GIURINTANO**
                                        **Deputy Attorney General**
                                        **I.D. No. 89177**

**Office of Attorney General**            **SUSAN J. FORNEY**
**Civil Litigation Section**              **Chief Deputy Attorney General**
**15th Floor, Strawberry Square**         **Chief, Litigation Section**
**Harrisburg, PA  17120**

                                        **Counsel for Defendants**
**Date:  November 19, 2003**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                         :
                         Plaintiff      :
                                         :       No. 1:CV-01-1015
        v.                               :
                                         :       (Judge Kane)
YORK COUNTY POLICE                       :       (Magistrate Judge Mannion)
DEPARTMENT; AGENT JAMES H.               :
MORGAN; DET. RICHARD                     :
PEDDICORD; DET. RAYMOND E.               :       Electronically Filed
CRAUL; SGT. GENE FELLS; DET.             :
ROBERT KESSLER; DET. ANTHONY             :
GLOWCZEWSKI; AGENT RANDY                 :
SIPES; and AGENT BRIAN                   :
WESTMORELAND                             :
                         Defendants :

## DEFENDANT CRAUL'S RESPONSE TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

1.    What is your full name and address?

**RESPONSE:**    *[use business address]*

Raymond Edward Craul
1501 Mt. Zion Road
York, PA 17402

2.    On January 10, 2001 were you employed by the Pennsylvania State

Attorney General Office.

**RESPONSE:**    No

3.    On January 10, 2001, were you on duty as a Police officer/Agent at the Mail Box Etc. 2536 Eastern Blvd. York PA. located at the Kingston Square Center;

**RESPONSE:**  Yes


4.    If yes, what was your reasons or purpose of being at that location; what is the full names, capacity and last known business and residence address of the individual who was you immediate superior?

(a)    Were you superior present on January 10, 2001, at the Mail Box Etc., Kingston Square Center?

(b)    If yes, what was their purpose for being at that location?

(c)    At what time of the day did you go on duty?

(d)    At what time of the day did you go off duty?

**RESPONSE:**    Defendant OBJECTS to the portion of this question which asks for the residence address of any law enforcement personnel. This information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

(a)    Yes, I believe he was

(b)    Oversee and assist with investigation and surveillance

(c)    0800 hours

(d)   2000 hours

5.   Did you have any encounter or contact with Plaintiff Tyrone P. James
on January 10, 2001?

**RESPONSE:** Yes

6.   If yes, state specifically and in detail, as accurately as you can
remember, the exact sequence of events that occurred subsequent to your initial
encounter or contact with the Plaintiff on that date.

**RESPONSE:** The defendant came to the location and walked into Mailboxes Etc. As
the defendant exited the business, he was observed carrying the package delivered
by Agent Morgan. As Agent Westmoreland and Agent Morgan approached the defendant
in the parking lot and identified themselves, the defendant threw the package at
them and fled from them in a west direction in the fire lane of the Shopping Center.
While running in a west direction, the van, which I was a passenger in began to travel
in an east direction toward him. Agent Westmoreland and Agent Morgan were in foot
pursuit of the defendant, who was looking back at them and ran into the right front
corner of the van. Agent Westmoreland was able to grab the defendant's jacket
as they stepped up on the curb in front of the bakery. I exited the van and proceeded
to tackle the defendant's legs, taking him to the ground. The defendant was off
balance at the time I tackled him, as he was trying to get out of his jacket. The
defendant struggled until he was secured with handcuffs. Once secured, the defendant
was searched, then placed in a vehicle for transport to York City Police Department.
At York City Police Department, Agent Morgan conducted an interview with him in an
office on the first floor. The defendant was processed and then transported to
the Duty District Justice where he was arraigned. Myself and Agent Morgan completed
the transport. The defendant was then taken to York County Prison, where he was
incarcerated in lieu of bail.

7.    Did you at any time on January 10, 2001, or on any other date;

trample upon, arrest, beat, strike, kick, spray with MACE, or with any other

chemical, or other-wise abuse Plaintiff?

**RESPONSE:**   `I tackled the legs of the defendant while he was off balance attempting`
`to pull free from his jacket.  I held his legs until other officers could effect the`
`arrest by handcuffing him.`

8.    If yes, were any other persons involved?

**RESPONSE:**   `Yes`

9.    Was any written report made of the details of the conduct in

interrogatories number- 7?

**RESPONSE:**   `Yes`

10.    If yes, state:

(a)    The name, badge or identification number, and present address of the

persons who prepared each such report;

(b)    the name, badge or identification number, and present address of the

person or persons for whom each such report was prepared;

(c)    The date, time, and place where each such report was prepared;

(d)    The name, badge or identification number, and present address of the present custodian of each such report;

**RESPONSE:**

(a)    Raymond Craul, #16, 1501 Mt. Zion Road  York, PA 17402

(b)    N/A

(c)    January 10, 2001

(d)    David Eshbach, #1, 1501 Mt. Zion Road  York, PA 17402

11.    If the answer to question 9 is yes, was each such report written or reduced to writing?

**RESPONSE:**    Written

12.    If yes, attach a copy of each of each such written report to your answer to these interrogatories.

**RESPONSE:**    This action was indicated in the initial incident report.

13.    State the names and address or otherwise identify and locate any person or persons who, to your knowledge, or to the knowledge of your agents and

attorneys, purport to have knowledge of facts relevant to the conduct described in these interrogatories.

**RESPONSE:**    Defendants OBJECT to this question.  This interrogatory is vague unclear and overbroad.  Defendants are unsure of the specific nature of the questions and is therefore unable to answer.


14.    Do you, your attorneys, or any person employed by you or your attorneys, have possession or know of the existence of any books, records, reports made in the ordinary course of business, other printed or documentary material, or photographs, drawings, or documents, or other tangible objects that are relevant to the conduct described in these interrogatories?

**RESPONSE:**  The initial incident report.


15.    If yes, state the name and description of each such item; the name and address of each person who made, prepared or took each such item the name and address of the present custodian of each such item; the date, time and place where each such item was made, prepared or taken; the method by and purpose for which each such item was made, prepared or taken;

(a)    The manner in which each such item is relevant to the conduct

described in these interrogatories.

**RESPONSE:**    The initial incident report.  Raymond Craul, 1501 Mt. Zion Road
York, PA 17402.  Report is located at Springettsbury Township Police Department
1501 Mt. Zion Road under control of David Eshbach, Chief of Police.


16.    If the answer to question 14 is yes, do you have knowledge of any

item mentioned there being altered in any manner, lost or destroyed?

**RESPONSE:**    The incident report has not been altered or lost.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                          :
                              Plaintiff   :
                                          :
                                          :     No. 1:CV-01-1015
         v.                               :
                                          :     (Judge Kane)
YORK COUNTY POLICE                        :     (Magistrate Judge Mannion)
DEPARTMENT; AGENT JAMES H.                :
MORGAN; DET. RICHARD                      :
PEDDICORD; DET. RAYMOND E.                :
CRAUL; SGT. GENE FELLS; DET.              :
ROBERT KESSLER; DET. ANTHONY              :
GLOWCZEWSKI; AGENT RANDY                  :
SIPES; and AGENT BRIAN                    :
WESTMORELAND                              :
                           Defendants :


## DEFENDANT GLOWCZEWSKI'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1.    What is your full name and address?

**RESPONSE:**    Detective/Lieutenant Anthony (Tony) P. Glowczewski, 28 East

Market Street, York, Pennsylvania 17401.

2.    On January 10, 2001 were you employed by the Pennsylvania State

Attorney General Office.

**RESPONSE:**    No.

3.    On January 10, 2001, were you on duty as a Police officer/Agent at

the Mail Box Etc. 2536 Eastern Blvd. York PA. located at the Kingston Square

Center;


Center;

**RESPONSE:**    Yes.

4.    If yes, what was your reasons or purpose of being at that location; what is the full names, capacity and last known business and residence address of the individual who was you immediate superior?

(a)    Were you superior present on January 10, 2001, at the Mail Box Etc., Kingston Square Center?

(b)    If yes, what was their purpose for being at that location?

(c)    At what time of the day did you go on duty?

(d)    At what time of the day did you go off duty?

**RESPONSE:**    Defendant OBJECTS to the portion of this question which asks for the residence address of any law enforcement personnel. This information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. S/A James Morgan, Pennsylvania Office of Attorney General, Bureau of Narcotics.

(a)    Don't know

(b)    Don't know

(c)    0800 hours.

(d)    1630 hours.

5.    Did you have any encounter or contact with Plaintiff Tyrone P. James on January 10, 2001?

**RESPONSE:**    Yes.

6.    If yes, state specifically and in detail, as accurately as you can remember, the exact sequence of events that occurred subsequent to your initial encounter or contact with the Plaintiff on that date.

**RESPONSE:**    I, along with Detective Ray Craul of Springettsbury Township Police Department, had been detailed to surveillance and arrest team to the parking lot of Kingston Square. We had set up to the West of Mail Box, Ect. directly across from Rutters Farm Store, which is located in the same area. I got out of my vehicle3 to go into Rutters to use the bathroom, of which I did, and when I was exiting Detective Craul motioned for me to hurry. When I got into the vehicle the radio transmission coming across was "he's walking to his car". I started to pull out of my parking space towards Mail Box, Etc., which was towards the East. As I pulled out into the traffic way, the next radio transmission was, "he's running". I could see a black male running right at the vehicle. He had his head turned over his right shoulder looking back (East) to the two agents chasing him, S/A Brian Westmoreland and S/A James Morgan. The black male ran right into the hood of my vehicle, which was stopped, rolled off to the left and continued to run West in the lot towards Rutters. By this time a whole group of law enforcement had been on foot, chasing the black male. Officers apprehended the black male just East of Rutters. When I looked to my right rear, I could see the black male rapidly swing

his arms at law enforcement and they had been yelling "get to the ground". Once the black male was on the ground, the black male started kicking and would not put his hands for cuffing. I was not needed for take down, nor cuffing due to the other law enforcement present. The only conversation with the black male and myself was that he apologized for running into my vehicle. I, along with other officers, transported the black male to Police Headquarters.

7.    Did you at any time on January 10, 2001, or on any other date; trample upon, arrest, beat, strike, kick, spray with MACE, or with any other chemical, or other-wise abuse Plaintiff?

**RESPONSE:**    (Yes.) No.

8.    If yes, were any other persons involved?

**RESPONSE:**    N/A.

9.    Was any written report made of the details of the conduct in interrogatories number- 7?

**RESPONSE:**    N/A.

10.    If yes, state:

(a)    The name, badge or identification number, and present address of the persons who prepared each such report;

(b)    the name, badge or identification number, and present address of the person or persons for whom each such report was prepared;

(c)    The date, time, and place where each such report was prepared;

(d)    The name, badge or identification number, and present address of the present custodian of each such report;

**RESPONSE:**

(a)    N/A.

(b)    N/A.

(c)    N/A.

(d)    N/A.

11.    If the answer to question 9 is yes, was each such report written or reduced to writing?

**RESPONSE:**    N/A.

12.    If yes, attach a copy of each of each such written report to your answer to these interrogatories.

**RESPONSE:**    N/A.

13.    State the names and address or otherwise identify and locate any person or persons who, to your knowledge, or to the knowledge of your agents and attorneys, purport to have knowledge of facts relevant to the conduct described in these interrogatories.

**RESPONSE:**      Defendants OBJECT to this question. This interrogatory is vague unclear and overbroad. Defendants are unsure of the specific nature of the questions and is therefore unable to answer.

14.    Do you, your attorneys, or any person employed by you or your attorneys, have possession or know of the existence of any books, records, reports made in the ordinary course of business, other printed or documentary material, or photographs, drawings, or documents, or other tangible objects that are relevant to the conduct described in these interrogatories?

**RESPONSE:**      No.

15.    If yes, state the name and description of each such item; the name and address of each person who made, prepared or took each such item the name and address of the present custodian of each such item; the date, time and place where each such item was made, prepared or taken; the method by and purpose for which each such item was made, prepared or taken;

(a)    The manner in which each such item is relevant to the conduct described in these interrogatories.

**RESPONSE:**      N/A.

16.    If the answer to question 14 is yes, do you have knowledge of any item mentioned there being altered in any manner, lost or destroyed?

**RESPONSE:**      N/A.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                    :
               **Plaintiff**    :
                            :    No. 1:CV-01-1015
   v.                                   :
                            :    **(Judge Kane)**
YORK COUNTY POLICE                  :    **(Magistrate Judge Mannion)**
DEPARTMENT; AGENT JAMES H.          :
MORGAN; DET. RICHARD                :
PEDDICORD; DET. RAYMOND E.          :
CRAUL; SGT. GENE FELLS; DET.        :
ROBERT KESSLER; DET. ANTHONY        :
GLOWCZEWSKI; AGENT RANDY            :
SIPES; and AGENT BRIAN              :
WESTMORELAND                        :
            **Defendants** :

## DEFENDANT PEDDICORD'S RESPONSE TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

    1.    What is your full name and address?

**RESPONSE:**    Detective Richard Peddicord, 28 East Market Street, York,

Pennsylvania 17401.

    2.    On January 10, 2001 were you employed by the Pennsylvania State

Attorney General Office.

**RESPONSE:**    Not employed, assisting.

    3.    On January 10, 2001, were you on duty as a Police officer/Agent at

the Mail Box Etc. 2536 Eastern Blvd. York PA. located at the Kingston Square

Center;

Center;

**RESPONSE:**    Yes.

4.    If yes, what was your reasons or purpose of being at that location; what is the full names, capacity and last known business and residence address of the individual who was you immediate superior?

(a)    Were you superior present on January 10, 2001, at the Mail Box Etc., Kingston Square Center?

(b)    If yes, what was their purpose for being at that location?

(c)    At what time of the day did you go on duty?

(d)    At what time of the day did you go off duty?

**RESPONSE:**    Defendant OBJECTS to the portion of this question which asks for the residence address of any law enforcement personnel. This information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant was at location to assist S/A James Morgan. Detective Robert Kessler, Supervisor, 28 East Market Street, York, Pennsylvania 17401

(a)    Yes.

(b)    Assist S/A James Morgan.

(c)    0800 hours.

(d)    1600 hours.

5.    Did you have any encounter or contact with Plaintiff Tyrone P. James on January 10, 2001?

**RESPONSE:**    Yes.

6.    If yes, state specifically and in detail, as accurately as you can remember, the exact sequence of events that occurred subsequent to your initial encounter or contact with the Plaintiff on that date.

**RESPONSE:**    S/A Morgan was conducting an investigation involving a package from California. The package contained Controlled Substances. S/A Morgan had information of a subject that was to be arriving at the Mailboxes Etc., Kingston Square, Springettsbury Township. S/A Morgan provided a description of the subject. I was assigned to conduct surveillance in the parking lot, and was with Detective Kessler. We were located in a bank lot, Northwest of the Mailboxes location. Detective Glowczewski and Craul were in the Rutters lot, South of our location. I observed a subject, operating a motor vehicle, matching the description. I advised S/A Morgan. Agents with BNI were then able to survey his movements. We were advised that the subject had the package in question, and was walking toward his vehicle. We were then advised that the subject was fleeing from agents, and assisted. Detective Kessler pulled his vehicle toward the area. I observed a black male subject, the subject in the earlier stated vehicle, running from S/A Morgan and Westmoreland. Dective Gloczewski pulled his vehicle in the lane of travel, and stopped. The black male was running, and watching over his should at Morgan and Westmoreland. He ran into Glowczewski's vehicle and rolled off

Morgan and Westmoreland. He ran into Glowczewski's vehicle and rolled off

**RESPONSE:**      Defendants OBJECT to this question. This interrogatory is vague unclear and overbroad. Defendants are unsure of the specific nature of the questions and is therefore unable to answer.

14.    Do you, your attorneys, or any person employed by you or your attorneys, have possession or know of the existence of any books, records, reports made in the ordinary course of business, other printed or documentary material, or photographs, drawings, or documents, or other tangible objects that are relevant to the conduct described in these interrogatories?

**RESPONSE:**      No.

15.    If yes, state the name and description of each such item; the name and address of each person who made, prepared or took each such item the name and address of the present custodian of each such item; the date, time and place where each such item was made, prepared or taken; the method by and purpose for which each such item was made, prepared or taken;

(a)    The manner in which each such item is relevant to the conduct described in these interrogatories.

**RESPONSE:**      N/A.

16.    If the answer to question 14 is yes, do you have knowledge of any item mentioned there being altered in any manner, lost or destroyed?

**RESPONSE:**      N/A.

**RESPONSE:**      N/A

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**


By: _____

**JASON C. GIURINTANO**
**Deputy Attorney General**
**I.D. No. 89177**

**Office of Attorney General**          **SUSAN J. FORNEY**
**Civil Litigation Section**            **Chief Deputy Attorney General**
**15th Floor, Strawberry Square**       **Chief, Litigation Section**
**Harrisburg, PA  17120**

**Date:**                               **Counsel for Defendants**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                     :
                        Plaintiff   :
                                     :     No. 1:CV-01-1015
         v.                          :
                                     :     (Judge Kane)
YORK COUNTY POLICE                   :     (Magistrate Judge Mannion)
DEPARTMENT; AGENT JAMES H.           :
MORGAN; DET. RICHARD                 :
PEDDICORD; DET. RAYMOND E.           :
CRAUL; SGT. GENE FELLS; DET.         :
ROBERT KESSLER; DET. ANTHONY         :
GLOWCZEWSKI; AGENT RANDY             :
SIPES; and AGENT BRIAN               :
WESTMORELAND                         :
                        Defendants   :

## DEFENDANT FELLS RESPONSE TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

1.    What is your full name and address?

**RESPONSE:**    James Eugene Fells, 50 West King Street, York, Pennsylvania

17401.  (BUSINESS???)

2.    On January 10, 2001 were you employed by the Pennsylvania State

Attorney General Office.

**RESPONSE:**    No.

3. On January 10, 2001, were you on duty as a Police officer/Agent at the Mail Box Etc. 2536 Eastern Blvd. York PA. located at the Kingston Square Center;

**RESPONSE:**    No.

4. If yes, what was your reasons or purpose of being at that location; what is the full names, capacity and last known business and residence address of the individual who was you immediate superior?

(a) Were you superior present on January 10, 2001, at the Mail Box Etc., Kingston Square Center?

(b) If yes, what was their purpose for being at that location?

(c) At what time of the day did you go on duty?

(d) At what time of the day did you go off duty?

**RESPONSE:**    Defendant OBJECTS to the portion of this question which asks for the residence address of any law enforcement personnel. This information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant was not at the location listed.

5. Did you have any encounter or contact with Plaintiff Tyrone P. James on January 10, 2001?

**RESPONSE:**    Unknown.

6.    If yes, state specifically and in detail, as accurately as you can remember, the exact sequence of events that occurred subsequent to your initial encounter or contact with the Plaintiff on that date.

**RESPONSE:**    Unknown.

7.    Did you at any time on January 10, 2001, or on any other date; trample upon, arrest, beat, strike, kick, spray with MACE, or with any other chemical, or other-wise abuse Plaintiff?

**RESPONSE:**    No.

8.    If yes, were any other persons involved?

**RESPONSE:**    Unknown, defendant was not there.

9.    Was any written report made of the details of the conduct in interrogatories number- 7?

**RESPONSE:**    Unknown, defendant was not there.

10.    If yes, state:

(a)    The name, badge or identification number, and present address of the persons who prepared each such report;

(b)    the name, badge or identification number, and present address of the person or persons for whom each such report was prepared;

(c)    The date, time, and place where each such report was prepared;

(d)    The name, badge or identification number, and present address of the present custodian of each such report;

**RESPONSE:**    Unknown, defendant was not there.

11.    If the answer to question 9 is yes, was each such report written or reduced to writing?

**RESPONSE:**    Unknown, defendant was not there.

12.    If yes, attach a copy of each of each such written report to your answer to these interrogatories.

**RESPONSE:**    N/A.

13.    State the names and address or otherwise identify and locate any person or persons who, to your knowledge, or to the knowledge of your agents and attorneys, purport to have knowledge of facts relevant to the conduct described in these interrogatories.

**RESPONSE:**    Defendants OBJECT to this question.  This interrogatory is vague unclear and overbroad.  Defendants are unsure of the specific nature of the questions and is therefore unable to answer.  Unknown, defendant was not there.

14.    Do you, your attorneys, or any person employed by you or your attorneys, have possession or know of the existence of any books, records, reports made in the ordinary course of business, other printed or documentary material, or

photographs, drawings, or documents, or other tangible objects that are relevant to the conduct described in these interrogatories?

**RESPONSE:**     Unknown, defendant was not there.

15.    If yes, state the name and description of each such item; the name and address of each person who made, prepared or took each such item the name and address of the present custodian of each such item; the date, time and place where each such item was made, prepared or taken; the method by and purpose for which each such item was made, prepared or taken;

(a)    The manner in which each such item is relevant to the conduct described in these interrogatories.

**RESPONSE:**     Unknown, defendant was not there.

16.    If the answer to question 14 is yes, do you have knowledge of any item mentioned there being altered in any manner, lost or destroyed?

**RESPONSE:**     Unknown, was not there.

**Respectfully submitted,**

**D. MICHAEL FISHER**
**Attorney General**


**By:**  _____
**JASON C. GIURINTANO**
**Deputy Attorney General**
**I.D. No. 89177**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                           :
                **Plaintiff**    :
                         :    No. 1:CV-01-1015

    v.                                     :
                         :    (Judge Kane)

YORK COUNTY POLICE                         :    (Magistrate Judge Mannion)
DEPARTMENT; AGENT JAMES H.                 :
MORGAN; DET. RICHARD                        :    Electronically Filed
PEDDICORD; DET. RAYMOND E.                  :
CRAUL; SGT. GENE FELLS; DET.                :
ROBERT KESSLER; DET. ANTHONY  :
GLOWCZEWSKI; AGENT RANDY                    :
SIPES; and AGENT BRIAN                      :
WESTMORELAND                                :
                **Defendants** :

## DEFENDANT KESSLER'S RESPONSE TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

1.    What is your full name and address?

**RESPONSE:**    Robert W. Kessler, York County District Attorneys Office, 28

East Market Street, York, Pennsylvania 17401.

2.    On January 10, 2001 were you employed by the Pennsylvania State

Attorney General Office.

**RESPONSE:**    No, I was employed by the County Detective.

3.    On January 10, 2001, were you on duty as a Police officer/Agent at

the Mail Box Etc. 2536 Eastern Blvd. York PA. located at the Kingston Square

Center;

Center;

**RESPONSE:**     Yes.

4.     If yes, what was your reasons or purpose of being at that location; what is the full names, capacity and last known business and residence address of the individual who was you immediate superior?

(a)     Were you superior present on January 10, 2001, at the Mail Box Etc., Kingston Square Center?

(b)     If yes, what was their purpose for being at that location?

(c)     At what time of the day did you go on duty?

(d)     At what time of the day did you go off duty?

**RESPONSE:**     Defendant OBJECTS to the portion of this question which asks for the residence address of any law enforcement personnel. This information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. H. Stanley Rebert, District Attorney, 28 East Market Street, York, Pennsylvania 17401.

(a)

(b)

(c)

(d)

5.     Did you have any encounter or contact with Plaintiff Tyrone P. James on January 10, 2001?

**RESPONSE:**    Yes, after the arrest.

6.    If yes, state specifically and in detail, as accurately as you can remember, the exact sequence of events that occurred subsequent to your initial encounter or contact with the Plaintiff on that date.

**RESPONSE:**    I arrived at the scene after his arrest.

7.    Did you at any time on January 10, 2001, or on any other date; trample upon, arrest, beat, strike, kick, spray with MACE, or with any other chemical, or other-wise abuse Plaintiff?

**RESPONSE:**    No.

8.    If yes, were any other persons involved?

**RESPONSE:**    N/A.

9.    Was any written report made of the details of the conduct in interrogatories number- 7?

**RESPONSE:**    No.

10.    If yes, state:

(a)    The name, badge or identification number, and present address of the persons who prepared each such report;

(b)    the name, badge or identification number, and present address of the person or persons for whom each such report was prepared;

(c)    The date, time, and place where each such report was prepared;

(d)    The name, badge or identification number, and present address of the

present custodian of each such report;

**RESPONSE:**    No.

(a)    N/A.

(b)    N/A.

(c)    N/A.

(d)    N/A.

11.    If the answer to question 9 is yes, was each such report written or

reduced to writing?

**RESPONSE:**    N/A.

12.    If yes, attach a copy of each of each such written report to your

answer to these interrogatories.

**RESPONSE:**    N/A.

13.    State the names and address or otherwise identify and locate any

person or persons who, to your knowledge, or to the knowledge of your agents and

attorneys, purport to have knowledge of facts relevant to the conduct described in

these interrogatories.

**RESPONSE:**    Defendants OBJECT to this question.  This interrogatory is

vague unclear and overbroad.  Defendants are unsure of the specific nature of the

questions and is therefore unable to answer.

14.    Do you, your attorneys, or any person employed by you or your attorneys, have possession or know of the existence of any books, records, reports made in the ordinary course of business, other printed or documentary material, or photographs, drawings, or documents, or other tangible objects that are relevant to the conduct described in these interrogatories?

**RESPONSE:**    No.

15.    If yes, state the name and description of each such item; the name and address of each person who made, prepared or took each such item the name and address of the present custodian of each such item; the date, time and place where each such item was made, prepared or taken; the method by and purpose for which each such item was made, prepared or taken;

(a)    The manner in which each such item is relevant to the conduct described in these interrogatories.

**RESPONSE:**    N/A.

16.    If the answer to question 14 is yes, do you have knowledge of any item mentioned there being altered in any manner, lost or destroyed?

**RESPONSE:**    N/A.

Respectfully submitted,

**D. MICHAEL FISHER**
**Attorney General**


By: _____

**JASON C. GIURINTANO**
**Deputy Attorney General**
**I.D. No. 89177**

**Office of Attorney General**          **SUSAN J. FORNEY**
**Civil Litigation Section**            **Chief Deputy Attorney General**
**15th Floor, Strawberry Square**       **Chief, Litigation Section**
**Harrisburg, PA  17120**

                                        **Counsel for Defendants**
**Date:**