IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES<br>    Plaintiff,<br><br>v.<br><br>YORK COUNTY POLICE DEPARTMENT,<br>JAMES H. MORGAN, RICHARD PEDDICORD,<br>RAYMOND E. CRUAL, GENE PELLS,<br>DET. KESSLER, CO. BAYLARK,<br>RANDY SIPES, BRIAN WESTMORLAND,<br>and DETECTIVE GLOWCZESKI<br>    Defendants. | CIVIL ACTION NO. 1:01-CV-1015<br><br>(Judge Kane)<br><br>JURY TRIAL DEMANDED |

FILED
HARRISBURG, PA
FEB 11 2004
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

### AMENDED PLEADING TO PLAINTIFF"S TYRONE JAMES, REQUEST TO SERVED DEFENDANTS SECOND SET OF INTERROGATORIES.

AND NOW COMES, plaintiff's, Tyrone P. James, hereby request this Honorable Court to amended, said Motion filed, on December, 31, 2003, in compliance with Local Rule of Court 15.1, and Federal Rule Of Civil Procedure; and avers the following:

On December 31, 2003, while plaintiff's was in the York County Prison, plaintiff's filed a request to served second set of discovery.

2. Defendants, by counsel filed an response, and Memorandum of law oppositions to plaintiff's requests on January 16, 2004, which this plaintiff received on January 26, 2004.

3. The additional information and requests, are relevant to the subject matter involved in the pending matter; it doesn't impose undue burden or expense; it's not protected by special legal privilege and it appear reasonably calculated to lead to discovery of admissible evidence. Plaintiff's have a right to know, "the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity of persons having knowledge of any discovery material." Rule 26(b)(1). Hickman v. Taylor, 329 U.S. 495 (1947); Wycoff v. Nichols, 32 F.R.D. 370 (W.D. Mo. 1963); Aledxander v. Rizzo, 50 F.R.D. 374 (E.D.Pa 1970) and 52 F.R.D. 235 (1972); Rogers v. Tri-State Materials Corp., 51 F.R.D. 234, 247 (N.D.W.Va.

1970). The Supreme Court has contrued Rule 26(b), Fed.R.Civ.P., "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)(footnote omitted); accord, Weiss v. Amoco Oil Co., 142 F.R.D. 311, 315 (S.D.Iowa 1992). Discovery requests should be allowed "unless it is clear that the information sought can have no possible bearing upon the subject matter of the action. See La Chemise Lacoste v. Alligator Co., Inc., 60 F.R.D. 164, 171 (D.Del. 1973); see Nash v. Thieke, 743 F. Supp. 130 (E.D.Wis 1990); Burdensome or expensive discovery may be required if it is relevant to the case. See Fagan v. District of Columbia, 136 F.R.D. 5,7(D.D.C. 1991); King v. Georgia Power Co., 50 F.R.D. 134, 136 (N.D.Ga.1970).

4. The information plaintiff's seeks is vary relevant to the subject matter of this pending civil matter, is not burdensome, ambiguous, vague and unclear. See Exhibit 1. ( Plaintiff's Second Set Of Request For Interrogatories).

WHEREFORE, Plaintiff asks this Honorable Court, to grant him leave to served name defendants and their prospective and appropriate employer, named has defendant in this matter, a "Plaintiff's Second Set of Request For Interrogatories," upon named Defendants and their employer, who are named in this pending civil matter.

Date: January 30, 2004.

Respectfully Submitted,

*Tyrone James.*

Tyrone P. James,

EX 9451.

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES<br>　　　　Plaintiff,<br><br>　　　v.<br><br>YORK COUNTY POLICE DEPARTMENT,<br>JAMES H. MORGAN, RICHARD PEDDICORD,<br>RAYMOND E. CRUAL, GENE FELLS,<br>DET. KESSLER, CO. BAYLARK,<br>RANDY SIPES, BRIAN WESTMORLAND,<br>and DETECTIVE GLOWCZESKI<br>　　　　Defendants. | CIVIL ACTION NO. 1:01-CV-1015<br><br>(Judge Kane)<br><br>JURY TRIAL DEMANDED |

## VERIFICATION

I, Tyrone P. James, verify, under penalty of perjury, that the foregoing "Amended Pleading To Plaintiff's Tyrone James, Request to Served Defendants Second Set Of interrogatories," is true and correct to the best of my knowledge and belief, pursuant to 28 U.S.C. 1746.

Respectfully Submitted,

Date: January 30, 2004.

*Tyrone James.*

Tyrone P. James

EX 9451.

P.O. Box A
Bellefonte, PA 16323-0320

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES<br>　　　Plaintiff,<br><br>v.<br><br>YORK COUNTY POLICE DEPARTMENT,<br>JAMES H. MORGAN, RICHARD PEDDICORD,<br>RAYMOND E. CRUAL, GENE FELLS,<br>DET. KESSLER, CO. BAYLARK,<br>RANDY SIPES, BRIAN WESTMORLAND,<br>and DETECTIVE GLOWCZESKI<br>　　　Defendants. | CIVIL ACTION NO. 1:01-CV-1015<br><br>(Judge Kane)<br><br>JURY TRIAL DEMANDED |

## CERTIFICATION OF SERVICE

I, Tyrone P. James, Plaintiff's hereby certified that, I am this day serving a true and correct copy to assigned counsels, a "Amended Pleading To Plaintiff's Tyrone James, Request To Served Defendants' Second Set Of Interrogatories," in the manner set forth below to the followings:

By First Class U.S. Mail

Jason C. Giurintano
Office of Attorney General
Civil Litigation
15 th Floor, Strawberry Sqaure
Harrisburg, PA 17120

Donald L. Reihart
Law Office of Donald L. reihart
3015 Eastern Avenue
York, PA 17402.

Date: January 30, 2004.

　　　　　　　　　　　　　　　　　　　　　*Tyrone James*
　　　　　　　　　　　　　　　　　　　　　Tyrone P. James
　　　　　　　　　　　　　　　　　　　　　EX 9451
　　　　　　　　　　　　　　　　　　　　　P.O. Box A
　　　　　　　　　　　　　　　　　　　　　Bellefonte, PA 16823-0820