IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES<br>    Plaintiff,<br><br>v.<br><br>YORK COUNTY POLICE DEPARTMENT,<br>JAMES H. MORGAN, RICHARD PEDDICORD,<br>RAYMOND E. CRUAL, GENE FELLS,<br>DET. KESSLER, CO. BAYLARK,<br>RANDY SIPES, BRIAN WESTMORLAND,<br>and DETECTIVE GLOWCZESKI<br>    Defendants. | CIVIL ACTION NO. 1:01-CV-1015<br><br>(Judge Kane)<br><br>JURY TRIAL DEMANDED |

FILED
HARRISBURG, PA

FEB 1 1 2004

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

EXHIBIT 1
Plaintiff's Second Set Of Request For Interrogatories.

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES<br>    Plaintiff,<br><br>v.<br><br>YORK COUNTY POLICE DEPARTMENT,<br>JAMES H. MORGAN, RICHARD PEDDICORD,<br>RAYMOND E. CRUAL, GENE FELLS,<br>DET. KESSLER, CO. BAYLARK,<br>RANDY SIPES, BRIAN WESTMORELAND,<br>and DETECTIVE GLOWCZESKI<br>    Defendants. | CIVIL ACTION NO. 1:01-CV-1015<br><br>(Judge Kane)<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT YORK COUNTY POLICE DEPARTMENT.

Plaintiff, pro se, hereby requests that the defendant York County Police Department answer the following interrogatories under oath, separately and fully, within thirty (30) days of the time of service in accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure. In answering these interrogatories, please furnish all information that is available to you including, but not limited to, information in the possession of your principals, agents, attorney(s) and accountants; not merely information known to the personal knowledge of the person preparing the answers. The response of the York County Police Department should be made by a person with the appropriate knowledge and position and should state who is responding and why that person was selected.

These requests are deemed to be continuing, so as to require supplemental answers if you obtain further information between the time answers are served and the time of trial.

### DEFINITIONS

1. The term "incident" shall refer to the entire series of interactions between Tyrone P. James, and members of the York County Police Department, or any other employers of the York County Police Department, as described in the Complaint.

2. The term "document" shall have the meaning set forth in Rule 34 of the Federal Rules Of Civil Procedure and shall refer to any means by which information is recorded or retained, including, without limitation, originals, non-identical copies, drafts, or electronic or computer data storage. "Writings" shall include, without limitation, all materials of any kind including, but not limited to, orders, instructions, directives, regulations, reports, interviews, statements, summaries, complaints, transcripts, memoranda, notes, correspondence, and logs. "Documents" also refers to microfilm, microfiche, videotape, motion pictures, audio tape and any other electronic or mechanical recording.

3. The term "identify" or "identity" when used with respect to persons is a request for you to supply the full name, address, height, weight, and date of birth of the person to be identified.

4. The term "identify" or "identity" when used with respect to documents is a request for you to supply the date of the document, the author, the addressee, if any, the length in pages, the title and a brief description of the contents of the document.

INTERROGATORIESS

1. Please state the name, address, job title, and employer of the person(s) answering these interrogatories.

2. Has the individual defendants, James H. Morgan, Raymond E. Crual, Richard Paddicord, Gene fells, Anthony Glowczeski, and the other named defendants, ever been a defendant in any suit charging them individually or in their official capacity as a police officer with abuse of their authority? If so, state for each:

   a. the name and address of each party and each party's attorney;
   b. the nature of the cause of action;
   c. the date on which the suit was instituted;
   d. the result of each suit that has been concluded by judgment or settlement.

3. Please describe in detail the training the individual defendant received for the position of police officer for the York County Police Department. In particular, please state: the nature and substance of the training they received, their individual capacity; the name and address of each specialized school he attended to receive such training and the degree or certificate, if any, each defendants received from each specialized school.

4. Give the date on which Defendants commenced employment as a member of the York County Police Department, whether they remains so employed today, and the date of and reason for any termination or interruption of his employment.

5. For any complaint alleging misconduct as a police officer filed with the York County Police Department or its agents regarding the defendants conducts as police officers, give the name and address of the complainant, the substance of the complaint, and the ultimate disposition of the complaint, including any discipline imposed on named defendants

6. For every civil rights case alleging misconduct by York County Police Department, police officers which was pending or filed from 1990 to present, state the case number and docket number, the substance of the allegations and any resolution or terms of settlement.

7. Identify all persons who, to your knowledge, or the knowledge of your agents or attorneys, witnessed or purport to have knowledge of facts relevant to this incident. For each, state:

   a. the date, time, and place on which the person was involved;

   b. the substance of any conversations or reports with such person regarding Tyrone P. James, or the incident;

   c. the name, address and badge number or identification number of each person;

8. State the title and substance of any document created in preparation for or in response to this incident.

9. What, if any, educational requirements are prerequisite to appointment

as a police officer of the York County Police Department?

10. State the nature and duration of any training or experience as a police officer which is a prerequisite to appointment as a police officer for the York County Police Department.

11. Were there in existence at the times of these incidents, internal administrative procedures designed to prevent and correct instances of abuse of the authority of police officers of the York County Police Department? If yes, state:

    a. the nature of such procedures;

    b. the person who is responsible for implementing such procedures;

    c. any charges ever made against the named defendants by internal administrative procedures, including the names and addresses of all complainants, the nature of the charges, the identity of the person administering the disciplinary proceeding, and the outcome.

12. Has Defendants received any discipline from the York County Police Department as a result of the incident involving the plaintiff? If yes, state:

    a. the nature of the discipline;

    b. the facts on which such discipline was based;

    c. who ordered and who administered the disciplinary action.

13. Were you insured from 1992 to present against judgments of personal liability based on any abuse of lawful authority, or were you a party to any bonding agreement by which you were held free of liability or by which an insurance company will stand as a guarantor or surety in connection with any state or federal judgment based on any abuse of lawful authority? If yes, state:

    a. the name and address of the insurer;

    b. the name and address of the person or persons who pay the premiums;

    c. the identification number of the policy;

    d. the effective dates of each policy;

    e. the policy limits, or amount of any bond;

    f. the substance of disclaimers of liability contained in the policy.

14. For each expert witness you intend to call at trial, please state the expert's name and present address, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expect is expected to testify, and a summary of grounds for each such opinions.

Tyrone P. James  *(signature)*

Ex 9451.

P.O. Box A
Bellefonte, PA 16823-0820

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES )
       Plaintiff, )
)
v. ) CIVIL ACTION NO. 1:01-CV-1015
)
YORK COUNTY POLICE DEPARTMENT, ) (Judge Kane)
JAMES H. MORGAN, RICHARD PEDDICORD, )
RAYMOND E. CRUAL, GENE FELLS, ) JURY TRIAL DEMANDED
DET. KESSLER, CO. BAYLARK, )
RANDY SIPES, BRIAN WESTMORLAND, )
and DETECTIVE GLOWCZESKI )
       Defendants. )

### PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANTS.

Plaintiff, pro se, hereby requests that the defendants answer the following interrogatories under oath, separately and fully, within thirty (30) days of the time of service in accordance with Rule 26 and 33 of the federal Rules of Civil Procedure. In answering these interrogatories, please furnish all information that is available to you including, but not limited to, information in the possession of your employers, principals, agents, attorney(s) and accountants; not merely information known to the personal knowledge of the person preparing the answers.

These requests are deemed to be continuing, and you have the duty to supplement your responses if you obtain further information between the time answers are served and the time of trial.

### DEFINITIONS

1. The term "incident" shall refer to the entire series of interactions between Tyrone P. James and members of the York County Police Department and State Attorney General office, or any other employers of the York County Police, et. al, as described in the Complaint.

2. The term "document" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure and shall refer to any means by which information is recorded or retained including, without limitation, originals, non-identical copies, drafts, or electronic or computer data storage.

"Writings" shall include, without limitation, all materials of any kind including, but not limited to, orders, instructions, directives, regulations, reports, interviews, statements, summaries, complaints, transcripts, memoranda, notes, correspondence, and logs. "Documents" also refers to microfilm, microfiche, videotape, motion pictures, audio tape and any other electronic or mechanical recording.

3. The term "identify" or "identity" when used with respect to persons is a request for you to supply the full name, address, height, weight, and date of birth of the person to be identified.

4. The term "identify" or "identity" when used with respect to documents is a request for you to supply the date of the document, the author, the addressee, if any, the length in pages, the title and a brief description of the contents of the document.

INTERROGATORIES

1. What is your full name, badge or identification number, present height, weight and date of birth?

2. With regard to your occupation or employment from the date you first began working at full-time employment to the present, state:

   a. the name and address of any and all of your employer(s);

   b. for each job, the nature of your work and duties;

   c. for each job, the date and reason you left the employment;

   d. if you were appointed to any positions, the date and term of the appointment, the person and position of the person who appointed you, and the name and address of the person or body to whom you were or are responsible; were you ever terminated.

3. What, if any, educational requirements are prerequisite to appointment as a police officer, or law enforcement officer with the York County Police Department, or the State Attorney General Office?

4. For any high school or institution of higher learning which you have attended, state the name and address of each institution, the dates you attended and the degree or certification that you received.

5. State the nature and duration of any training or experience as a police officer which is a prerequisite to appointment as a police officer for the York County Police Department, State Attorney General Office and The York County District Attorney's office.

6. Were you ever a defendant in any suit which charged you, individually or in your official capacity as a police officer in the appropriate agency, with which you is or were employed, with abuse of your lawful authority? If yes, state for each suit:

   a. the name and address of each plaintiff;
   b. the name and address of each defendant;
   c. the nature of the cause of actions;
   d. the date on which the suit was instituted;
   e. the court in which the suit was instituted;
   f. the name and address of the attorney for each party;
   g. the result of each suit that has been concluded by judgment or settlement.

7. If you were ever enjoined from engaging in any conduct by a state or federal court decree, identify the court, title and docket number of the case, date of the decree, and nature of the conduct enjoined.

8. Were there in existence at the times of these incidents, internal administrative procedures designed to prevent and correct instances of abuse of the authority of police officers of the York County Police Department? If yes, state:

   a. the nature of such procedures;
   b. the person who is responsible for implementing such procedures;
   c. any charges ever made against you in internal administrative procedure(s), including the names and addresses of all complainants, the nature of the charges, the identity of the person administering the disciplinary proceedings, and the outcome.

9. Were either you or your employer insured during the period of time

during which this incident occurred against judgments of personal liability based on any abuse of you lawful authority, or were either you or your employer a party to any bonding agreement by which you were held free of liability or by which an insurance company will stand as a guarantor or surety in connection with any state judgment based on any abuse of your lawful authority? If yes, State:

    a. the name and address of the insurer;

    b. the name and address of the person or persons who pay(s) the premiums;

    c. the identification number of the policy;

    d. the effective dates of each policy;

    e. the policy limits, or amount of any bond;

    f. the substance of declaimers of liability contained in the policy.

10. What is your monthly net wage after deduction or withholdings made for income tax, social security, medical insurance, pensions and other like deductions or withholdings?

11. Describe any investments you presently have which yield income, including the nature and amount of each investment.

12. Describe any real property or proprietary or possessory interests which you hold, including the identity, location and nature of each interest and the amount of income realized.

13. State specifically and in detail the date and exact sequence of events that took place during any interaction between you and Tyrone Janes, including but not limited to the events on January 10, 2001.

14. For each incident identified in response to interrogatory number 13, state:

    a. the name, badge or identification number, and contact address of any other person involved in or known by you to have witnessed the interactions;

    b. the date, substance, and person involved in any conversation or oral report about any such incident;

    c. the identity of any forms or documents created in preparation for

or response to any such interaction.

    d. the garments you were wearing at the time of each interaction;

    e. the exact amount, types, and times that you ingested alcoholic beverages on the day of any such interaction;

    f. any ordinance, rule or policy authorizing or tending to authorize or ratify any actions you took with regard to plaintiff Tyrone James; state the substance of each such ordinance, rule or policy and its citation, if any.

    15. Do you now or have you ever suffered from any mental disease, defect or disorder? If yes, state the nature, treatment and medical personel with knowledge of the disease, defect, or disorder.

    16. Have you ever been arrested and/or convicted of any crime whatsoever? If yes, state the offense, date of occurrence, location and disposition of the case.

    17. Have you received any discipline from the York County Police Department, State Attorney General Office, and any appropriate agency as a result of the incident involving the plaintiff? If yes, state:

    a. the nature of the discipline;

    b. the facts on which such discipline was based;

    c. who ordered and who administered the disciplinary actions;

    18. For each expert witness you intend to call at trial, please state the expert's name and present address, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of grounds for each such opinion.

Tyrone P. James, *Tyrone James.*

EX 9451

P.O. Box A
Bellefonte, PA 15823-0820.