IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES </br>     Plaintiff, </br> </br> v. </br> </br> YORK COUNTY POLICE DEPARTMENT, </br> JAMES H. MORGAN, RICHARD PEDDICORD, </br> RAYMOND E. CRUAL, GENE FELLS. </br> DET. KESSLER, CO. BAYLARK, </br> RANDY SIPES, BRIAN WESTMORLAND, </br> and DETECTIVE GLOWCZESKI </br>     Defendants. | CIVIL ACTION NO. 1:01-CV-1015 </br></br> (Judge Kane) </br></br> JURY TRIAL DEMANDED |

FILED FEB 1 2 2004 PER ___ HARRISBURG, PA DEPUTY CLERK

### BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

This is a civil right case filed Pro-se, by Plaintiff, Tyrone P. James, under 42 U.S.C. § 1983, on June 8, 2001, in the United States District Court, Middle District, against local, state, and county defendants, asserting claims for the unconstitutional use of excessive force, when state defendant, intentionally, recklessly and deliberately used state vehicle to hit plaintiff; unlawful search and seizure of his person and property, during his arrest; failure to advise plaintiff of his rights under Miranda and the use of coercion and pyschological tactics during interrogation and entrapment by defendants; denial of counsel, when plaintiff repeatedly requested counsel and state defendant Morgan, instruction, defendant Baylark, "Not to give plaintiff any phone call pending investigation," plaintiff requested to speak to his attorney during interrogation, before and after preliminary arraignment, the destruction of his "Lawyer Network Card," by state defendant Morgan; excessive bond set in plaintiff's case, was unreasonable, because of sworned and oral testimony, giving at the District Justice office by said defendants, some of whom actively took part in the trampling of plaintiff, while he was on the ground in handcuffs, with their feet and shoes, after he was hit by state vehicle driven by one of the defendants, and other whom watched and failed to intervene. Supervisory officials were aware of the violent propensities, and of some

1

of the officers and the constitutional violations, and are liable for failing to take action to control them. Supervisory officials took active role in the violations. The plaintiff was subsequently denied due process of his procedural, and substantive due process rights, and his Equal protection right. The plaintiff seek damages as to all meritorious claims.

## STATEMENT OF THE FACTS

The Complaint alleges that the plaintiff constitutionally rights were violated as to the use of excessive force when states defendant intentionally recklessly and deliberately used state vehicle the hit plaintiff and subsequently trample upon him with their feet and shoes; and the deliberately denial of counsel by state defendants upon arrest, interrogation, before and after preliminary arraignemnt, and the unnecessary delay taken by defendants to arraigned plaintiff, after the warrantless arrest. Defendants by assigned counsel, filed a motion to dismiss, on December 23, 2001, plaintiff filed an opposition to defendants motion to dismiss on January 23, 2002; on February 25, 2002, the Honorable Judge, issued an order granting plaintiff's motion to amend complaint, adding other defendants; On March 13, 2003, Magistrate Judge issued his Report And Recommendations as to defendants motion to dismiss, recommended that said motion should be granted in part and denied in part; Plaintiff's filed timely objection; On October 08, 2003, the Honorable Court, ADOPTS in full the Magistrate, report and recommendation, granting in part and denied in part as follows: Plaintiff's claims of excessive force claim under the Eighth and Fourteenth Amendment and Sixth Amendment claims were dismissed; Plaintiff's claims under the Fourth, Fifth and Eight Amendment proceeded. On October 27, 2003, Defendants served Discovery material upon plaintiff, at SCI-Rockview, under the instruction of the Superintendent Assistance, Jeffrey Rackovan. Plaintiff's served upon defendants counsel, copy of letters in an attempt to resolved the discovery material and dispute; pertaining to the documents relating to this Plaintiff's interval between investigation and before to time leading up to his arrest, between Defendants

Morgan and Sipes, and the used of excessive force, and denial of counsel; which constitute a denial of his constitutional rights, and due process, under the United States Constitution. That also included the UPS package signed by John Smith, Regional Director, State Attorney General Office. See Affidavit In Support. After several weeks defendants served a response in which they objected to the Plaintiff's entire request; specifically the UPS receipt of the package signed by the Regional Director, John Smith, of the package, that leaded to the probable cause to warrantless arrest plaintiff, and report of Defendant Sipes, Craul, and Peddicord. Defendants are avoiding the Discovery process and have failed to turned over value evidences, that will lead to other credible evidence. Defendants counsel has not responded to the plaintiff's efforts to resolve the dispute; and have presented misleading UPS Discovery documents that are irrelevant to the subject matter. See plaintiff's affidavit at ¶¶ 1-14. Also Fed.R.Civ.P., 26(a), 33, 34; Shepard v. Fronter Communication Service Inc., 92 F. Supp. 2d 279 (S.D. N.Y. 2000); Wood Worker's Supply Inc. v. Principal Mutual Life Insurance Co., 170 F.3d 985, 993 (10th Cir. 1999) listing factors for determining whether violation was justified or harmless; Klonoski v. Mahlab, 156 F.3d 255, 269, (1st Cir. 1998)(exclusion is mandatory unless the Court finds that the failure to disclosure was harmless) cert. denial, 523 U.S. 1039, 119 S.Ct. 1334, 143 L.Ed.2d 498 (1999).

### ARGUMENT

WHETHER THIS HONORABLE COURT SHOULD GRANT PLAINTIFF'S MOTION TO COMPEL DISCOVERY.

The Supreme Court has construed the rule, 26(b)(2), Fed.R.Civ.P., "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)(footnote omitted); accord, Weiss v. Amoco Oil Co., 142 F.R.D. 311, 315 (S.D.Iowa). Discovery request should be allowed "unless it is clear that

the information sought can have no possible bearing upon the subject matter of the action. See La Chemise Lacoste v. Alligator Co., Inc., 60 F.R.D. 164, 171 (D.Del. 1973); Nash v. Thieke, 743 F.Supp. 130 (E.D.Wis. 1990); burdensome or expensive discovery may be require if it is relevant to the case. Fagan v. District of Columbia, 136 F.R.D.5,7 (D.D.C. 1991); King v. Georgia Power Co., 50 F.R.D. 134, 136 (W.D.Ga. 1970). Defendant claimed that, plaintiff's motion to compel, albeit, vague, appear to raise the following claims.(1) Defendants have not responded to Plaintiff's most recent set of discovery request; (2) Defendant Sipes has not responded to any of Plaintiff's discovery requests; (3) Defendant Baylark has not responded to any of Plaintiff's discovery requests; (4) Defendant have not produced various documents which Plaintiff's believe he is entitled to; and (5) Defendents' answers to Plaintiff's interrogatories are incomplete. Pliantiff's avers:

1. Plaintiff's request dated, December 20, 2001, were submitted to Defendants, in which defendant filed protective order, on January 2, 2002, pending the outcome of Defendants Motion To Dismiss; this Honorable Court, rule on the issue on February 25, 2002. On October 6, 2003, after this Honorable Court ruled on the said motion, Plaintiff's renewed his request for Discovery, on October 24, 2003. This Plaintiff's avers that he send defendants counsel several letters disputing certain part of the discovery and requested additional documents, which the defendants have failed to turned over, claiming that such documents does not excess, and are not in their possession ,this let plaintiff's to wonder why his he incarcerated, if such document doesn't existed; knowingly that witnout Defendants Sipes report, and the shipping of the UPS package from California, there would not be probable cause to warrantless arrest Plaintiff's, the use of excessive force would not have been implemented, denial of his right to counsel; and excessive bond apply. Although, Plaintiff framed is Reques
And Interrogatories, as First, this counsel was aware of the fact, that it was a renewal for discovery material after this Honorable Court, ruling on

the Motion For Dismiss. Defendants have not made any good faith effort, to present Plaintiff with the request document, defendants have been avoiding plaintiff's requests and present Plaintiff's with misleading documents that are irrelevant to the subject matter, example the UPS Labels, the Defendants presented. This Court should note that if it was not for the unlawful search of the package in California, the illegal search and seizure of plaintiff mail boxes, person and things, wouldn't have occurred, probable cause to arrest or search plaintiff's would also not exist. There the documents Defendants presented would be "Fruit of the poisonous tree" and after the fact, (Ex-Post-Facto clause), painting a impression on this plaintiff's and avoiding the request for relevant information that could lead to other valuable and material evidences in the case. Defendants also failed to answer the first request of Plaintiff's request of Interrogatories, relating to prior disciplinary conducts against the defendants, used of excessive force on any other person and internal disciplinary conducts, showing a behavioral pattern of the Defendants behavior, during their time of employment with the Bureau, State Attorney General Office, and York County Police Department. These are not burdensome, vague, but are very relevant to the issues at hand. Rule 37(a)(3) states that an evasive or incomplete answer or disclosure is treated as a failure to answer or disclose. See, Food Lion Inc., 165 F.R.D. 454, 455 (M.D. N.C. 1996).

2. Defendants have claimed that Defendants Sipes and Baylark, are not a parties of the Pennsylvania Office of Attorney General, and counsel does not represent them. Plaintiff's had taken the necessary steps to contact this Court on this Matter, in seek Default on this matter; As shown from Court records, Defendant Sipes, was ordered to be served a copy of the complaint and amended complaint, on the Order dated, April 25, 2002. Ordering the U.S. Marshall to served Amended Complaint(Doc. NO. 56., and 22). This Plaintiff's has recently requested this Honorable Court for Default, based on the this Court Order, dated April 25, 2002, ordering the U.S. Marshall to served

Defendant Sipes, copy of Complaint and Amended Complaint.

3. Defendant Morgan report is questionable, and is full of inconsistency, even though defendant Westmoreland did not draft his own report, he signed Defendant Morgan report, even thought he was unaware of the contain of the Make Shift Box, planted at the Mail Box Etc., Eastern Blvd., for Plaintiff's to retrieved, he was of the believed that the "Fake package" contained contraband; even though he was defendant Morgan supervisor, he was never informed by his subordinate, as state in [Note Of Testimony]; there Morgan report is questionable, a flawed and full of inconsistency as to date and time he received said package form California, statements he claimed Plaintiff's made, under his interrogation, no date and time as to when Plaintiff was read his Miranda right; consist of no information pertaining to Plaintiff's arrest, and the use of force, whether they identified themselves as Police officers, and the mere fact that the Plaintiff's was hit by the van driven by one of their officer, which was very important information, that lead up to Plaintiff's arrest. Defendant Report was contrued to fit his own needs and his quest for obtaining a conviction, plus very prejudicial; nothing relating to the violation of this Plaintiff's Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment, U.S. Constitution Right. There was report made out by Defendants Craul's, Sipes, and Peddicord's which Defendant's counsel failed to turn over to Plaintiff's which are very relevant to this civil matter

4. All UPS labels, present to the Plaintiff's by the Defendants counsel, have nothing to do with the Defendant violating Plaintiff constitutional right; has the dates clearly showed that those UPS label showed service requests by the Mail Box Etc., to shipped certain items in November of 2000 and not the shipment of packages from one destination, such as California to Pennsylvania, on January 8,9,10, Or 11, 2001; which this Plaintiff's requested from Defendants, which would lead to other admissible evidence, that are

relevant to this case. Plaintiff's is not on a fishing exposition or suspicions or doubt, because of his convictions from his criminal proceeding, which is still pending on direct appeal, but through the mouths of these defendants under sworned testimony, in the Court of Law. Therefore, all matter relating to, Defendants Morgan, who is no longer with the Pennsylvania State Attorney General Office is questionable. Without the shipping of the package or the unlawful search and seizure of Pliantiff's mail box, there would be no probable cause to warrantless arrest plaint; therefore the use of excessive force would never have been enforced by named Defendants. Based on Defendants Morgan credibility and the credibility of the Other Defendants, especially Defendant Glowczeski, who deliberately and intentionally hit Pliantiff's with the van, driven by him; therefore these additional request is very imperative to Plaintiff's discovery materials. Defendant's answers to the production of documents are incomplete, inadequate, and improper objections; the misleading UPS documents submitted by the Defendants are out dated, painting a false misconception to the shipping documents this Plaintiff's requested, relating to the signing of the package, from California, by the Regional Director, Mr. John Smith, which is relevant as to probable cause; Defendants also failed to answer Question NO.1, Request For Production Of Document, relating to prior disciplinary actions, grievance, complaint, used [sic] of excessive force claimed, filed against all defendants, during their employment history, by other person, with the appropriate agency; taken by their superiors, other person, or internal agency, especially the use of force against other person(s). There the Defendants objected to this request, stating that no disciplinary action was filed as a result of this case. Any other information request by is not reasonably calculated to lead to the discovery of admissible and/or relevant evidence. These matters are very relevant to this civil matter, which could lead to other factual evidences. Also, Question 2, All rules, regulations and policy pertaining to "Standard Police Procedure," on

search and seizure, and arrest, which includes and not limited to (1) Mail Box search, Search Warrant procedure, Warrantless arrest, Preliminary Arraignment; Police Procedure on Interdiction on parcel, from one Jurisdictions to the next. In which the Defendants objected, based on the questions being vague and ambiguous. These documents are very relevant to the case, because it show that defendants are in violation of their own internal policy. See Affidavit in Support.

## DEFENDANTS HAVE WAIVED THEIR OBJECTIONS BY THEIR FAILURE TO RESPOND TIMELY TO THE REQUEST

The rules provide that responses and objections to requests for production of documents are to be served within 30 days of the request unless the Court grants a shorter or longer time. Rule 34, Fed.R.Civ.P. Defendant have failed to comply with Plaintiff's request, within two months without obtaining or even seeking permission from the court, or agreement from the Plaintiff' for this delay. It is well established in federal practice that "discovery objections are waived if a party fails to object timely to interrogatories, production requests or other discovery efforts." Godsey v. United States, 133 F.R.D. 111, 113 (S.Miss. 1990); accord, Demary v. Yamaha Motor Corp., 125 F.R.D. 20, 22(D.Mass. 1989) and case cited; Krewson v. City of Quincy, 120 F.R.D. 6,7 (D.Mass. 1988); Cephas v. Busch, 47 F.R.D. 371, 373 (E.D. Pa. 1969); Sturdevant v Sear, Roebuck & Co., 32 F.R.D. 425 (W.D.Mo. 1963).

As shown in this Brief In Support, and Affidavit in Support, the discovery sought is not only proper but is highly appropriate and relevant.

## WHETHER DEFENDANTS HAVE MADE A GOOD FAITH EFFORT TO RESOLVE THE DISPUTE RELATING TO DISCOVERY

Plaintiff requests for specific discovery have been futile; defendants have presented misleading UPS information, defendants, Craul, Peddicord and Sipes, have failed to turned over reports; also defendants failed to answer Questions NO.1, and have failed to provided substantial justification for

their actions. Plaintiff's does not seek personal records in a general way. He seeks documents pertaining to particular kinds of complaints and allegations about these defendants. see Pierce v. Underwood, 487 U.S. 552; Athridge v. Aetna Casualty and Surety Co. 184 F.R.D. 200, 205 (D.D.C. 1981).

## CONCLUSION

For the foregoing reasons, the court should grant plaintiff's motion to compel discovery.

Dated: January 31, 2004.

Respectfully Submitted,

*Tyrone James*

Tyrone P. James, Pro se.