IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES )
      **Plaintiff,** )
)
v. )   CIVIL ACTION NO. 1:01-CV-1015
)
YORK COUNTY POLICE DEPARTMENT, )   (Judge Kane)
JAMES H. MORGAN, RICHARD PEDDICORD, )
RAYMOND E. CRUAL, GENE FELLS, )   JURY TRIAL DEMANDED
DEP. KESSLER, CO. BAYLARK, )
RANDY SIPES, BRIAN WESTMORLAND, )
and DETECTIVE GLOWCZESKI )
      **Defendants.** )

FILED
FEB 1 2 2004
PER _____
HARRISBURG, PA  DEPUTY C

## AFFIDAVIT IN SUPPORT OF MOTION TO COMPEL

Tyrone P. James, being duly sworn, deposes and say:

1. I am the plaintiff in this case. I make this affidavit in support of my motion to compel discovery

2. On November 12, 2001, this plaintiff served on the defendants counsel a request for product of documents and interrogatories, which is attached, to this affidavit as Exhibit 1; Defendants informed this plaintiff, that the requests exceeded the 25 questions limitation, plaintiff's filed a second set on defendants on December 20, 2001.

3. On January 2, 2002, Defendants filed motion for a protective order, until this Honorable Court decided on their motion to dismiss complaint.

4. Plaintiff's filed an opposing motion to defendants request to a protective order on January 5, 2002. Plaintiff's motion was overruled by this Court.

5. On October 12, 2003, The Honorable District Judge, granted in part, and denied in part, the defendants motion to dismiss.

6. Plaintiff renewed his request for production of documents and first set of interrogatories on defendants, on October 24, 2003,; which is attached to this affidavit as Exhibit 2.

7. On October 27, 2003, plaintiff was call over the "DW" at SCI-Rockview,

1

by the Superintendent Assistant, Jeffrey Rackvovan, to inspect and copy documents submitted to the Superintendent Assistant, by defendants counsel, for plaintiff to inspect and copy. See Attachment 3.

8. Plaintiff sent defendant's counsel a letter requesting specifics additional documents. See Attachment 4 (Letters).

9. On November 17, 2003, Defendants served Plaintiff's, "Commonwealth Defendants' Response To Plaintiff's Second Request For Production Of Documents;" defendants submitted, four more set of UPS delivery and mailing documents, unrelated to January 8,9,10,11, 2001, which this plaintiffs seeks; Plaintiff was again called over to inspect and copy documents, and was charged the costs for copying, by the Superintendent Assistant, here at SCI-Rockview. Please note said documents was misleading, and unrelated to the subject matter plaintiff's requested, which relates to probable cause issues under the Fourth Amendment issues, leading to the use of excessive force, under Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865 (1989). See Attachment 5.

10. Plaintiff's, send letter to defendants counsel, that he was only renewing his request for discovery materials and didn't intent to served second request and that request should be consider as first request.

11. Plaintiff, on November 21, 2003, wrote to defendants' counsel in an attempt to resolve the dispute informally as required by Rule ____ of this Court's Local Rule. A copy of my letter is attached as Exhibit 6. Two month late, defendants counsel has not responded to my letter.

12. Defendants have failed to present plaintiff's with reports, and Affidavits dealing with time and interval between, Defendants Morgan and Sipes, investigation on January 8, 2001, and arrest, until said package was shipped from California to State Attorney General Office. in Lemoyne, Pennsylvania, and received by John Smith, Regional Director, whom defendant Morgan claimed received it. The UPS documents defendants submitted for plaintiff inspection and copying are misleading, inconsistent and flawed. It's in conflict with prior Note of Testimony, by Defendants, from other Courts. See Plaintiff's Brief In Support of Motion To Compel and Affidavit. These documents plaintiff's

requested are relevant, to the totality of the circumstances that lead up to the arrest; the use of excessive force, illegal search and seizure of plaintiff's mail box, person and things; denial of counsel, failure to Mirandarize plaintiff's and other Federal and State Laws violations, under the U.S. Constitutions and Pennsylvania Constitutions. The documents presented by the Defendants, shows no illegal activities. on plaintiff's and doesn't implement, a law abiding citizen, to be stop by law enforcement, with out probable cause.

13. Defendants' objections are waived as a result of their failure to make them in a timely manner, as set forth in the brief accompanying this motion.

14. Defendant's objections on the ground that the discovery sought is irrelevant, burdensome, vague, ambiguous, and privileged have no merit, as set forth in the Brief accompany this motion.

WHEREFORE, the plaintiff requests that the Court grant this Motion in all respects.

Respectfully submitted,

January 30, 2004.

*Tyrone James*.

Tyrone P. James

EX 9451.