IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES                          )
          Plaintiff                      )
                                         )        CIVIL ACTION NO. 1:01-CV-1015
     v.                                  )
                                         )        (Judge Kane)
YORK COUNTY POLICE DEPARTMENT,           )
JAMES M. MORGAN, SHERIFF PRODECORD,      )        JURY TRIAL DEMANDED
RAY____ ____, _____ __ ____,             )
DET. KISSNER, CO. WARDEN,                )                    **FILED**
____ _____ _____ _____,               )                  **HARRISBURG**
and CORRECTIVE _____                 )
          Defendants.                    )                   FEB 1 7 2004

                                                  MARY E. D'ANDREA, CLERK
                                                  Per _____
                                                       DEPUTY CLERK

## PLAINTIFF'S EXHIBITS FOR MOTION TO COMPEL DISCOVERY

Plaintiff's, Tyrone P. James, Exhibits in support of plaintiff's Motion
To Compel Discovery; and hereby submits:

1.  Plaintiff's request for production Of Documents, dated December 29,
2001. See defendant's copy in Opposing Motion to Compel, Exhibit 1; and
responses.

2.  Plaintiff's renewed his request for discovery materials after this
Honorable Court ruled on defendant motion to dismiss Complaint, on October
14, 2003; see defendants exhibit 1, from their Opposing Motion in opposition
to plaintiff's motion to compel. Also see documents consistent with their
exhibits No. 2,3, and 4.

3.  See Defendants Motion in opposition, exhibit 3 and 4; Declined
Exhibits and document submitted to plaintiff, and ___ Inclusive for inspection.

4.  Letter by plaintiff, to Defendants counsel requesting, specified
documents. [Plaintiff First Letter].

5.  Second set of misleading documents submitted to Plaintiff, by
Defendants counsel; see Defendant Exhibits No. 2, and corresponding documents
submitted with their Opposing Motion to Compel Discovery.

6.  Plaintiff Second and subsequent letters, to Defendants Counsel seeking
Discovery materials.

Date: January 30, 2004.

                              Respectfully, Plaintiff
                              Tyrone James    EX9451

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE X. _____,                    )
          Plaintiff,                 )
                                     )
     v.                              )          CIVIL ACTION NO. 1:01-CV-1015
                                     )
YORK COUNTY POLICE DEPARTMENT,       )          (Judge ____)
JAIL _____, _____ _____,          )
RAYMOND H. _____, _____ _____,    )          JURY TRIAL DEMANDED
DAN, _____ _____ _____,           )
RALPH _____, _____ _____ _____,  )
and _____ _____ _____             )
          Defendants.                )

CERTIFICATE OF SERVICE

I, Tyrone X. ____, plaintiff, hereby certified that I on this day serving a true and correct copy of plaintiff's motion, a "Plaintiff's motion for Motion to Compel Discovery," to the person and address below to the following:

By First Class U.S. Mail

_____ _____ _____, ___
Office Of Attorney General
Commonwealth Of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, PA 17120

_____ _____ _____
Law Office Of Donald L. Reihart
3015 Eastern Blvd.
York, PA 17402.

Date: January 30, 2004.                    _Tyrone Jume_____

                                           Tyrone X. ____
                                           BX 9451
                                           P.O. Box X
                                           Bellefonte, PA 16823-0820

CIVIL ACTION NO. 1:01-CV-1015

EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


TYRONE P. JAMES              :

          Plaintiff       : Civil Action No.1:CV-01-1015

                                :       Judge Kane

         v.                  :

YORK COUNTY POLICE DEPT.,      :

ET AL.,                        :

         Defendants


## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES


In accordance with Rule 33 of the Federal Rules of Civil Procedure, plaintiff requests that Defendant YORK COUNTY POLICE DEPT., ET AL, answer the following interrogatories separately and fully in writing under oath, and that the answers be signed by the person making them and be served on plaintiffs within 45 days of service hereof.

In responding to these interrogatories, furnish all information which is available to you, including information in the possession of your attorneys or

investigators for your attorneys, and not merely information known of your own personal knowledge.

If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

These interrogatories shall be deemed continuing, so as to require supplemental answers as new and different information materializes throughout this proceeding.

1. What is your full name and address?

2. On January 10, 2001 were you employed by the Pennsylvania State Attorney General Office.

3. On January 10, 2001, were you on duty as a Police officer/Agent at the Mail Box Etc. 2536 Eastern Blvd. York PA. located at the Kingston Square Center;

4. If yes, what was your reasons or purpose of being at that location; what is the  full names, capacity and last known business and residence address of the individual who was your immediate superior?

(a) Were your superior present on January 10, 2001, at the Mail Box Etc. Kingston Square Center?

(b) If yes, what was their purpose for being at that location?

(c) At what time of the day did you go on duty?

(d) At what time of the day did you go off duty?

5. Did you have any encounter or contact with Plaintiff Tyrone P. James on January 10, 2001?

6. If yes, state specifically and in detail, as accurately as you can remember, the exact sequence of events that occurred subsequent to your initial encounter or contact with the Plaintiff on that date.

7. Did you at any time on January 10, 2001 or on any other date; trampled upon, arrest, beat, strike, kick, spray with MACE, or with any other chemical, or other-wise abuse Plaintiff?

8. If yes, were any other persons involved?

9. Was any written report made of the details of the conduct in interrogatories number- 7 ?

10. If yes, state:

(a) The name, badge or identification number, and present address of the persons who prepared each such report;

(b) the name, badge or identification number, and present address of the person or persons for whom each such report was prepared;

(c) The date, time, and place where each such report was prepared;

(d) The name, badge or identification number, and present address of the present custodian of each such report.

11. If the answer to question 9 is yes, was each such report written or reduced to writing?

12. If yes, attach a copy of each such written report to your answer to these interrogatories.

13. State the names and address or otherwise identify and locate any person or persons who, to your knowledge, or to the knowledge of your agents and attorneys, purport to have knowledge of facts relevant to the conduct described in these interrogatories.

14. Do you, your attorneys, or any person employed by you or your attorneys, have possession or know of the existence of any books, records, reports made in the ordinary course of business, other printed or documentary material, or photographs, drawings, or documents, or other tangible objects that are relevant to the conduct described in these interrogatories?

15. If yes, state the name and description of each such item; the name and address of each person who made, prepared or took each such item the

name and address of the present custodian of each such item; the date, time and place where each such item was made, prepared or taken; the method by and purpose for which each such item was made, prepared or taken;

(a) The manner in which each such item is relevant to the conduct described in these interrogatories.

16. If the answer to question 14 is yes, do you have knowledge of any item mentioned there being altered in any manner, lost or destroyed?

Dated: _December 20_ ,200 1.

By, _Tyrone James_
(signatures)

Tyrone P. James
3400 Concord Rd.
York, PA   17402

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES                          :
         Plaintiff               :          CIVIL ACTION NO.

                                        1:CV-01-1015

                         :          Judge Kane

     v.

YORK COUNTY POLICE DEPT.,           :

         ET AL.,

         Defendants              :


## <u>CERTIFICATE OF SERVICE</u>

I certify under penalty of perjury that the foregoing **Plaintiff's First Set
Of Interrogatories,** is true and correct pursuant to 28 U.S.C. 1746, and was
caused to be served on the date shown below by depositing same in the
United States mail, first-class, postage prepaid thereon, addressed as follows:


1. Office Of The Clerk
   United States District Court
   Middle District Of Pennsylvania
   228 Walnut Street
   P.O. Box 983
   Harrisburg, PA 17108

2. Donald L Reihart, Esq.
   Sup. Ct. I.D. #07421
   2600 Eastern Boulevard
   Suite 204
   York, PA  17402-2904

3. LINDA S. LLOYD
   Deputy Attorney General
   I.D. #66720
   Office Of Attorney General
   15th Fl., Strawberry Square
   Harrisburg, PA 17120.

Respectfully submitted,

Tyronee James

Tyrone P. James
#62154
York County Prison
3400 Concord Road
York, PA   17402.

Dated: December 29 200 1 .

CIVIL ACTION NO. 1:01-CV-1015

EXHIBIT 2

Exhibit 2

Tyrone P. James                          October 26, 2003
EX 9451
P.O. Box A
Bellefonte, PA 16823-0320


Office Of The Clerk
United States District Court
Middle District Of Pennsylvania          CIVIL ACTION NO.1:01-CV-1015
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108


Dear Clerk Of Court:

    Enclosed, you will find three copies of Plaintiff's Reply Answers To
Defendants' Answer To Plaintiff's Complaint and Amended Complaint;
Verification; and Certificate Of Service, to be filed with this Honorable
Court.

    Also, enclosed are two copy of Plaintiff's First Set Of Interrogatories;
and Request For Production Of Documents; Verification; and Certificate Of
Service, one copy to be filed with this Honorable Court, for the records,
and the other copy to be stamped and returned to Plaintiff's for his records.

    Please forward the requested copies, to the address listed above, the
following copies were forward on to the Defendants, in this matter, for
Discovery materials.

    I appreciate your timely response in this matter.  Thank You.


                         Respectfully,


                         Tyrone P. James
                         EX 9451
                         P.O. Box A
                         Bellefonte, PA 16823-0320

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES            :
          Plaintiff        :
                           :
    v.                     :        CIVIL ACTION NO.:01-CV-1015
                           :
YORK COUNTY POLICE         :        (Judge Kane)
DEPARTMENT JAMES H. MORGAN,:
RICHARD PEDDICORD, RAYMOND L. CRAIG,:
GENE PRESS, DET. RESSLER, OFFICERS,:
RANDY SNIPES, BRIAN WESTMORELAND,  :
and DETECTIVE GEORGE SKELL,:
          Defendants       :

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

In accordance with Federal Rules Of Civil Procedure, Rule 33, plaintiff requests that Defendant, York County Police Dept., ET AL, answer the following interrogatories separately and fully in writing under oath, and that the answers be signed by the person making them and be served on plaintiffs within 45 days of service hereof.

In responding to these interrogatories, furnish all information which is available to you, including information in the possession of your attorneys or investigators for your attorneys, and merely information known of your own personal knowledge.

If you can't answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information, or knowledge you have concerning the unanswered portions.

These interrogatories shall be deemed continuing, so as to require supplemental answers as new and different information materializes throughout this proceeding.

1. What is your full name and address?

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEROME P. JONES
    Plaintiff

v.

YORK COUNTY POLICE
DEPARTMENT JAMES R. BRIAN,
RICHARD BRODDICKS, RANDY D. STULL,
GENE FELLS (Jr.), KESSLER CO. CAL. CA.,
ANDY SNIPES, BRIAN WESTJURY(?),
and DOROTHY G. HOFFMASTER,
    Defendants

CIVIL ACTION No.: 1:01-CV-1015

(Judge Jones)

MOTION FOR PRODUCTION OF DOCUMENTS:

Plaintiff's request, pursuant to Fed.R.Civ.P. Rule 34 that Defendants, YORK COUNTY POLICE DEPT., ET AL., who have documents Plaintiff want to see, produce for inspection and copying the following documents:

1. Complete, accurate and legible copies of all official records reflecting departmental disciplinary action against all Police officers Agents, who were in any way connected with the investigation and prosecution in this case.

2. All rules, regulations and policy pertaining to "Standard Police Procedure" on search and seizure, arrest and police interdiction.

3. All written statements, originals or copies, identifiable as reports of statements by agents, police, civilian witnesses, manager and employees at Mail Box etc.

4. All pertinent transcription(s), communication records, facsimiles, faxes, phone log(s), and receipts of the claimed delivered package, between California officials and Pennsylvania officials, involved in this case.

5. All information, original or copies, of Application for Probable Cause, affidavit in conjunction with Application for Search Warrant concerning

the seizure of said evidence at mail box etc., including arrest warrant.

6. Any and all investigative information of record leading to the seizure of all said evidence in this matter.

7. Any and all verifying evidence, of record that said evidence was in fact a member of mail material from California or Pennsylvania. Also, names and titles of those responsibly parties for the collection of said evidence from one jurisdiction to another, and the time spent (they be original), condition at that time.

8. All names and dates concerning the entry into Plaintiff's mail boxes, at the mail Box Etc. from January 1, 1999 through December 31, 2001.

9. All surveillance camera footage of the surveillance at the Capital Square Center on Wabash Blvd. from January 1, through 31, 2001 including vehicle identification at the parking lot of and around said structure.

WHEREIN the above described documents shall be provided for inspection and copying by Plaintiff at defendants cost under the Rules of Evidence at Discovery being to any trial and used for Court Proceedings. Such documents shall be produced for inspection by Plaintiff and shall be xeroxed or photocopied by Defendants at their agents, or employees and furnished to Plaintiff.

Date: _____, 200__

                              Respectfully Submitted,


                              _____
                              James M. Jacobs
                              #_____
                              P.O. Box 3
                              Waterford, PA 16323-0320

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES                          :
          Plaintiff                      :
                                         :        CIVIL ACTION NO.1:01-CV-1015
     v.                                  :
                                         :        (Judge Kane)
YORK COUNTY POLICE                       :
DEPARTMENT, JAMES W. WHITMAN             :
RICHARD RUTHERFORD, RAYMOND L. STAHL,    :
FRED POWELL, DET. KUESSNER, CO. PARISAN, :
RANDY SNYDER, BRIAN WISNEWSKI,           :
and DETECTIVE RUDZINSKI,                 :
          Defendants                     :

VERIFICATION

     I, Tyrone P. James, verify, under penalty of perjury, that the foregoing
petition is true and correct to the best of my knowledge and belief, pursuant
to 18 Pa.C.S. § 4904; 28 U.S.C. 1746.

                              Respectfully Submitted,

Date: October 24, 2003

                              Tyrone P. James
                              CT-8451
                              P.O. Box A
                              Bellefonte, PA 16823-0820

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
JEFFREY B. JONES                       :
          Plaintiff                    :
                                       :
     v.                                :      CIVIL ACTION NO.1;01-CV-1015
                                       :
                                       :      (Judge Kane)
YORK COUNTY PRISON                     :
SUPERINTENDENT JAMES M. DOYLE,         :
RICHARD PHILABAUM/Warden M. DEVEL,     :
SGT. FUKAL, SGT. KILLEN,CO, BRYANT,    :
CPT. HARVEL, STACY ROTH DELLART,       :
and DETECTIVE BRUCE MARTZ,             :
          Defendants                   :
```

CERTIFICATE OF SERVICE

I hereby certify that I am on this day serving the forgoing PLAINTIFF'S INTERROGATORIES [FIRST SET] and REQUEST FOR PRODUCTION OF DOCUMENTS, upon the persons in the manner indicated below which service satisfies the requirement of Fed.R.Civ.P., and pursuant to 28 U.S.C.1746:

SERVICE BY FIRST CLASS MAIL AS FOLLOWS:

Office Of The Clerk
United States District Court
Middle District Of Pennsylvania
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17195

Jason C. Strickland, Esquire
Office Of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120

Donald L. Reihart, Esquire
Law Office Of Donald L. Reihart
2600 Eastern Blvd., Suite 204
York, PA 17402.

Date: October 21, 2003.

Jeffrey B. Jones
DY 7703
P.O. Box A
Bellefonte, PA 16823-0820

CLERK ACTION NO. 1:01-CV-1015

Tyrone P. James                          October 31, 2003
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

RE: 1:CV-01:1015

Donald L. Reihart
Law Office of Donald L. Reihart
2600 Eastern Blvd., Suite 204
York, PA 17402

Dear Donald L. Reihart,

On or around November 15, 2001 and December 19, 2001, this Plaintiff,
Tyrone P. James, served Discovery material upon said Defendant, Baylark, Request
For Production of Documents and Request for Interrogatories. Recently, this
Plaintiff served another set of Discovery material upon Defendant, C/O Baylark;
has of this date, the defendant has failed to comply or response to Discovery
material, as to plaintiff requests.

Plaintiff's hereby behoof this Defendant to response to discovery request
within 30 days, upon receipt of this letter. The information plaintiff's seeks,
concerned factual material, that raised the credibility determination of these
defendants, which is very relevant, essential and very important, to the
subject matter, and this case.

Plaintiff's hereby requests full disclosure of the following documents,
including previous requested documents and as follows:

REQUEST FOR PRODUCTIONS OF DOCMENTS:

1.    Complete, accurate and legible copies of all official records
reflecting departmental disciplinary action against Defendant C/O Baylark;
which included and not limited to:

(a) Disciplinary action, grievances, complaints, used of excessive force
claims made against this Defendant during hi employment at the York County
Prison.

(b) Documents showing work schedule, between the months of January 10,
2001 through December 2001, at the York County Prison.

(c) Prison Policy, on phone calls given to a newly arrived Arrestee, or
Detainee's.

(d) Printouts showing this Plaintff's assigned Housing while at the York
County Prison; Names and Numbers of all Intake Inmate, that arrived at the
York County Prison, on January 10, 2001.

2.    All information, original or copies of application, instruction, by
Defendant Morgan, to Defendant Baylark, regarding this Plaintiff's, Tyrone
P. James, at Admission, York County Prison, on January 10, 2001, concerning
phone calls; that included and not limited to:

(a) Any and all instruction given by Defendant Morgan, "Not to give James
any phone calls, Pending investigation."

(b) Original, or copies of all contacts, visits, that this Defendant has
in his possession between the Plaintiff's and Defendant Morgan, from January

10, to December 31, 2001.

This **information** is essential to this case and can't be obtained any other way. It's very important and relevant to the Subject matter.

PLEASE TAKE NOTICE: that the above requested documents and previous requests, shall be produced for inspection and copying at the State Correctional Institution-Rockview, prior to any dates set forth for court proceeding. Plaintiff's is indigent, the copies should be provided to him free of charge. Plaintiff's moves pursuant to Rule 34(b) and 37(a); Fed.R.Civ.P., for Defendant to produce for inspection and copying of the documents, requested.

Respectfully,

Tyrone James.

Tyrone P. James
CK 9151
P.O. Box A
Bellefonte, Pa 16823-0820.

Tyrone P. James                                    October 31, 2003
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

                                                   RE: 1:CV-01-1015

Jason C. Giurintano, DAG
Office Of Attorney General
Commonwealth Of Pennsylvania
Strawberry Square
Harrisburg, PA 17120

Dear Jason C. Giurintano:


        I, Tyrone P. James, Plaintiff is in receipt of Defendants response to
Plaintiff's "Request For Production Of Documents," and as noted that, Request
For Interrogatories have not been answered by the defendants. Also Defendants
objections to some of this Plaintiff request for products of documents, stating
that, certain requests were vague, unclear, ambiguous, and failed to identified
the particular documents plaintiff needs. Defendants also placed objections
against certain information plaintiff requested, stating, documents were
privilege information, including but not limited to information covered by
the executive privilege, attorney-client privilege, or the work product
doctrine; also Defendants claimed that documents and information weren't
in their possession, custody or control of these defendants. Please note,
the documents and information plaintiff are to have was presented at prior
litigation, are relevant, and very important to this litigation.

        The Defendants have failed to identified any or particular privilege
documents requested by this Plaintiff. Defendants only asserted privilege
in an generalized fashion. The documents and information these defendants
are claiming to be privileged are not specifically designated and described.
Plaintiff requests are pertaining to factual matter relating to these decision;
deliberateive and advisory material, which this plaintiff needs for the material
out weight the policies favoring secrecy. Plaintiff need prior conducts of
used of excessive forces, verbal abuse, violation of amendment Due Process
Rights, under PA and U.S. Const. Planted any illegal evidences in the past
and conducted illegal arrests, filed false claims against appathesis. Also
have there been any disciplinary action, grievance and complaints filed against
these defendants in the past, by any agency or agencies, this case raises
the credibility determinations of these defendants and the information
plaintiff's seeks, concerns formal material, which is very relevant,
essential, vital and very important, to this subject matter, and this case.

        Plaintiff, hereby requests full disclosure of the following documents:

                        REQUEST FOR PRODUCTION OF DOCUMENTS:

        1.   Complete, accurate, and legible copies of all official records
reflecting departmental disciplinary action against all Officers/Agents who
were in any way connected with the investigation and prosecution in this case;
which included and not limited to:

        (a) Disciplinary action, grievance, complaints, used of excessive forces
claimed, filed against all defendants, during their employment history, with
the appropriate agency.

        2.   All rules, regulations and policy pertaining to "Standard Police
Procedure," on search and seizure, and arrest, which includes and not limited
to:

        (a) Private mail box searches; Search and Arrest Warrant procedure;

Warrantless arrest; Preliminary Arraignment, (Place, time and date for preliminary arraignment).

(b) Police Procedure on the Interdiction of drug parcel, or packages; and the shipping of contraband from one agents to the next, i.e., **Defendant Sipes**, from California, to Defendant Morgan, at the Attorney General Office.

3. All written statements, originals or copies, identified as reports of statements by agents, police and civilian manager and employee's at the Mail Box Etc., which in includes, but not limited to:

(a) Statements, and business reports of manager and employee's at the Mail Boxes etc., both in California and Pennsylvania.

(b) Eyewitnesses reports and statements; Any statements made by Plaintiff; signed waiver of miranda, and any signed waiver card.

(c) Supervisor reports; Defendants written reports; report of shipping and receiving of contraband, by Defendants from CA. and PA., between January 8 through 10, 2001; United Parcel Service delivery of said packages, and search and arrest warrant for said packages and Plaintiff, dated January 10, 2001; date and time of delivery by UP Parcel.

4. All pertinent transcript(s); communication reports; facsimiles, memo, phone log(s), between California officials and Pennsylvania officials; which includes and not limited to:

(a) Reports from California leaving to with agents in California; memo's presented to several Mails Boxes Etc., in California; shipping receipts and label of said packages; inventory reports (showing time and date), showing said package was placed in the Regional Evidence Room, for transportation to the 939 crime lab, on January 10, 2001, by a custodian, as stated in the police report; inventory receipts, of property, seized at 1535 Eastern Blvd., York, PA 17402, on January 8,9, & 10, 2001; Defendant Sipes, receipts of the shipping of said package, from California, to State Attorney General Office, in Pennsylvania, on January 10,11, 12, 2001.

(b) Authentication of any phone conversations between agents, as to time, date and place; calls made by any of the Defendants to Plaintiff's phone number on January 10, 2001, between 7:10 a.m., to the time of his was arrested.

5. All information, original or copy, of application for probable cause, affidavit in conjunction with application for search warrant concerning the seizure of said evidence at Mail Box Etc., which includes and not limited to:

(a) Search warrant to enter Plaintiff's private mail box, at Mail Box Etc., 1535 Eastern Blvd., on January 8,9, and 10, 2001, by Defendants; Arrest and Detention, warrants issued by the Magistrate's Judge, based.

(b) Vehicles involved in the investigation and surveillance, such as License number, vehicle ID number, at the Kingston Square Center, 1535 Eastern Blvd., York, PA 17402, on January 8,9, & 10, 2001.

(c) Any instructions and reports, given to Prison officials, by Defendants, specifically, James Morgan, to prison officials, at the York County Prison, **on January 10 & 11, 2001, "Not to give James, any phone call pending investigation."**

(d) Signature and Authentication of all documents presented.

6. Any and all investigative information of record leading to the seizure of all said evidence is this case; which included and not limited to:

(a) Probable cause; arrest of Plaintiff, search of plaintiff's private mail box, specifically, Box 104, at Mail Box Etc., 2536 Eastern Boulevard, York PA., items confiscated, and search warrants issued; and the search of Plaintiff's person and property.

7. Any and all receipts showing of record that said evidence was in fact "A matter of mail material." from California, to the State Attorney General Office, Pennsylvania; Memo's Business cards, shipping agreements, [Mail Box Etc.] and shipping receipts, that are in the position of all the defendants and eyewitnesses.

Plaintiff's has a legal right to anything that is in any way "Relevant to the subject matter involved in the pending action;" including anything pertinent to any further liberty of the Plaintiff, so long as Plaintiff requests don't impose "Undue burden, or expense. This Production Of Documents and the unanswered Interrogatories, is not is not unreasonable to require defendants to undergo the burden of answering these requests. Plaintiff's contend that it's applicable to the subject matter involved in the pending action and the totality of the circumstances and reasonableness surrounding this intrusion of Plaintiff Constitutional rights; The Fourth Amendment Claim of Excessive Force; Eight Amendment Claim of Excessive Bail; and Sixth Amendment Right To Counsel by Defendants. This information is essential to this case and can't be obtained any other way.

PLEASE TAKE NOTICE; that the above request Documents, shall be produced for inspection and copying, at the State Correctional Institution-Rockview, prior to any dates set forth for court proceeding; Plaintiff is indigent, the copies should be provided to his free of charge. Plaintiff's moves pursuant to Rules 34(c) and 37(a), Fed.R.Civ.P., for Defendants to produce for inspection and copying of the documents requested.

Respectfully

*Tyrone James*

Tyrone James
SX 9451
P.O. Box 1
Bellefonte, PA 16823-0820

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JETIS
        Plaintiff,

    v.

YORK COUNTY POLICE DEPARTMENT,
JAMES H. COURT, RICHARD PETROCCON,
RAYMOND L. LAUER, MARK MOULD,
DET. KHEDER, DET. BAYLETS,
RANDY SEITS, individual persons,
and collective individuals,
        Defendants.

CIVIL ACTION NO. 1:01-CV-1015

(Judge Kane)

CERTIFICATE OF SERVICE

I hereby certify that I did on this day serving the foregoing PLAINTIFF'S LETTERS, FOR CONTRADICTORY [SIC] ... and REQUEST FOR PRODUCTION OF DOCUMENTS upon the person in the manner indicated which manner service satisfies the requirement of Rule ... of the Federal Rules of Civil Procedure Thus:

**SERVICE** BY FIRST CLASS MAIL (U.S. POSTAGE)

James D. Flottheim, Esq.
Office of Attorney General
Commonwealth of Pennsylvania
Strawberry Square
Harrisburg, PA 17101

Donald L. Reinert
Law Office of Donald L. Reinert
1020 Eastern Blvd., Suite 104
York, PA 17402

**Date:** October ... 2001

*Tyrone Jems* [signature]

Tyrone P. Jetis
...
P.O. Box B
Bellefonte, PA 16823-0820

CIVIL ACTION NO. 1:01-CV-1015

EXHIBIT 6

Tyrone P. James                     November 20, 2003
EX 9451
P.O. Box A
Bellefonte, PA 16323-0820


Jason C. Giurintano, DAG
Office Of Attorney General
Commonwealth Of Pennsylvania
Strawberry Square
Harrisburg, PA 17120


RE: Tyrone P. James v. York County Police Department, et. al., NO. 1:01-cv-
1015

Dear Jason C. Giurintano, DAG:

      I am in receipts of all your correspondences, and apparently your conduct
and ethic, is not in compliance with the Rule of Professional Conduct and
Ethics; You and your Clients have been evading the Discovery process, and
plaintiff's requests for Discovery.  You have not comply with the Federal Rule
of Discovery procedures.  Note Plaintiff's seek twenty-five questions in his
interrogatories, noting more, noting less, which the Defendants, have failed
to answered, or answered incomplete.  The documents you presented are documents
that was after this Plaintiff's was arrested, which have nothing to do with
the incident that lead to the plaintiff confrontation with these Defendants.
Also note, that Defendant Glowcaski's response, dated 11/5/03, contains a
missing page; this defendant didn't answered questions 5 and 6.  I am still
not in receipts of Defendants Morgan and Pedillere Interrogatories.  Also note
that the incomplete, production of documents was send to the Superintendent
assistance, Mr. Jeffrey Rackovan, who as nothing to do with this Civil matter.
Please note that the Documents, I requested, is not the Documents you or the
defendants presented, please see your Attachments, and the requested documents
the Plaintiff's requested.  Candidly you have been evading this Pro se Litigation
requests, as stated in your letter.  If documents is not received for inspection
and copying, by this Plaintiff's within 30 days, from the date of this letter,
you leave me no alternative, but to petition, the Court, for you to produce
the requested documents.  Defendant Morgan, is a defendant in this matter,
and his report is questionable, base on his credibility, Plus this Defendant
has been terminated from the State Attorney General Office, back in 2002, which
bought forth the question of his credibility.  There was more report available,
more person involved in the investigations, and defendant Morgan reports alone
is not sufficient.  I request that you provide me with the requested documents
and interrogatories, and also the incomplete ones from the interrogatories.


      I, await your timely response, again please check the document that was
provided to me, at SCI-Rockview, apparently, your client have not been very
honest with you and in the process, have committed perjury.  I await you
response. Thank.

                              Respectfully,

                              Tyrone James

                              Tyrone P. James
                              EX 9451
                              P.O. Box A
                              Bellefonte, PA 16323-0820

IN THE UNITED STATES DISTRICT COURT

FOR FOR MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE D. JAMES,
        Plaintiff

    v.

YORK COUNTY POLICE DEPARTMENT,
JAMES E. KINGET, RICHARD KEISLING,
RAYMOND L. CROAL, BARR FEDER,
DET. RICHARD K. BARKER,
RANDY STEAR, BRIAN WESTMORELAND,
and DETECTIVE GEORGE ...,
        Defendants.

CIVIL ACTION NO. 1:01-CV-1015

(Judge Kane)

CERTIFICATE OF SERVICE

I, Tyrone D. James, Plaintiff in above captioned case, I on this day serving a true and correct copy to another certify, a letter in certify to Plaintiff's request for production of document and Defendants Interrogatories in the order set forth below to the following:

By First Class U.S. Mail:

Jason C. Hartshorn, Esq.
Office of Attorney General
Commonwealth Of Pennsylvania
Strawberry Square
Harrisburg, PA 17120

Onald H. Potact
Law Office of Donld H. Potact
2000 Eastern Blvd., Suite 204
York, PA 17402

Tyrone James

Tyrone D. James
DL-...
P.O. Box A
Bellefonte, PA 16823-...

Tyrone P. James                          November 22, 2003
EX 9451
P.O. Box A
Bellefonte, PA 16823-0320

Jason C. Giurintano, DAG
Office Of Attorney General
Commonwealth Of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, PA 17120

RE:1:01-cv-1015

Dear Mr. Jason C. Giurintano, DAG
      I am in receipt of Defendant Kessler's **response to Plaintiff's First Set**
Of Interrogatories. dated 06, 2003, which appeared to be **inadequate, unclear,
and incomplete.**

      **1. Interrogatories NO.4, Defendant answer is inadequate, incomplete, and
unclear,** because he failed to states. that he was the Supervisor, or disclose
**the time of day this defendant was present on duty, or time of day he got off
duty.** Also, as to his purpose. "To arrest Tyrone James," is insufficient,
**and plain, because you can't arrest a person without probable cause.**
Information is very relevant, and reasonably calculated to lead to the discovery
**of other admissible evidences.**

      **2.    Interrogatories NO.7-10, Defendants failed to mentioned his own**
surveillance report that explained his participation that day; or disclose
**the reports of his fellow officers, in which he supervised.    Defendants**
responses are incomplete, inadequate.    Information is relevant and could
**reasonably calculate to lead to admissible evidences.**

      **3.    Interrogatories NO.11-14, Defendant answer is incomplete, inadequate.**
ambiguous and unclear, because he failed to answer those interrogatories, note,
**interrogatories 11-14, are missing from Defendant response.    Defendant has**
waived his objection.    Information is very relevant, and reasonably calculated
to lead to admissible evidence.

      **4.    Interrogatories NO.13, The answer is incomplete, inadequate and**
**unclear,** the Defendant failed to specified what is vague unclear and overbroad.
**The nature of this question is relevant to this civil case and will lead to**
other admissible evidence.    Defendant answered these questions in an very
**inadequate and incomplete manner.    Answers to question 13, is very relevant**
to this case.    The names and address, identity, telephone number and **location
of any person, or persons have knowledge, or knowledge of agents and attorneys,**
purport to have knowledge of facts relevant to the conduct described in these
**interrogatories are very relevant to this case,** the information sought is
reasonably calculated to lead to the discovery of admissible evidence.

      Plaintiff's request a complete and appropriate disclosure and response
**to these Interrogatories within. 20 days, upon** receipt of this letter.    Thank
you.

                          Respectfully,

                          Tyrone James
                          EX9451

Tyrone P. James                          November 22, 2003
EX 9451
P.O. Box A
Bellefonte, PA 15823-0820

Jason C. Giurintano, OAG
Office Of Attorney General
Commonwealth Of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, PA 17120

RE:1:01-cv-1015

Dear Mr. Jason C. Giurintano, OAG
        I am in receipt of Defendant Pell's response to Plaintiff's First Set
Of Interrogatories. dated 05, 2003, which appeared to be **inadequate, unclear,**
**and incomplete.**

        1. Interrogatories NO.4. **Defendant answer is inadequate, incomplete, and**
**unclear,** because he failed to states, his **Supervisor, or disclose the time**
**of day this defendant was present on duty, or time of day he got off duty.**
**Information is very relevant,** and reasonably calculated to lead to the
**discovery of other admissible evidences.**
        2.  Interrogatories NO.5-6, Defendants failed to provide proper reasons
or explained his whereabout that day. Responses are incomplete, inadequate.
Information is relevant and could reasonably calculate to lead to admissible
evidences.

        3.  Interrogatories NO.7-10. Defendant answer is **incomplete, inadequate,**
**ambiguous and unclear,** because he failed to states, or specified his whereabout
**that day, between January 8-10, 2001.    Information is very relevant,** and
reasonably calculated to lead to admissible evidence.
        4.  Interrogatories NO.13.  **The answer is incomplete, inadequate and**
**unclear,** the Defendant failed to specified what is vague unclear and overbroad.
**The nature of this question is relevant to this civil case and will lead to**
**other admissible evidence.**  Defendant answered these questions in an very
**inadequate and incomplete manner.   Answers to question 13. is very relevant**
**to this case,** the names and address, identity, telephone number and location
of any person, or persons have **knowledge, or knowledge of agents and attorneys,**
**purport** to have knowledge of facts relevant to the conduct described in these
**interrogatories are very relevant to this case, the information sought is**
reasonably calculated to lead to the discovery of admissible evidence.


        Plaintiff's request a complete and appropriate disclosure and response
**to these Interrogatories within, 20 days, upon receipt of this letter.    Thank**
**you.**

                              Respectfully,

                              Tyrone James.

                              Tyrone P. James.
                              **EX 9451.**

Tyrone P. James                         November 22, 2003
EX 9451
P.O. Box A
Bellefonte, PA 16823-0320


Jason C. Giurintano, DAG
Office Of Attorney General
Commonwealth Of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, PA 17120

RE:1:01-cv-1015

Dear Mr. Jason C. Guirintano, DAG
       I am in receipt of Defendant Westmoreland's response to Plaintiff's First
Set Of Interrogatories, dated 06, 2003, which appeared to be inadequate,
unclear, and incomplete.

       1. Interrogatories NO.4. Defendant answer is inadequate, incomplete, and
unclear, because he failed to states, he was the Supervisor for Defendant
Morgan, or disclose the time of day this defendant was present at the Mail
Box Etc., and his purpose for being at that location. Information is very
relevant, and reasonably calculated to lead to the discovery of other
admissible evidences.
       2. Interrogatories NO.6, Defendants failed to provide proper response
or explained the meaning thoroughly of the word "interdiction," or explained
in specific as to what way he identified himself; whether they were all in
plain clothes and as to what knowledge he had at that particular time, to
believed that this Plaintiff's through that the package he was picking up
contained marijuana, how much knowledge he was given by Agent Morgan, about
the content of this package, why Plaintiff's was not charge with resisting
arrest, if there was a wrestle with these officer, or disclose that he was
the Supervisor from the State Attorney General Office, supervising Defendant
Morgan.   Interrogatories NO.6, was incomplete, inadequate.   Information is
relevant and could reasonably calculate to lead to admissible evidences.

       3.   Interrogatories NO.7-10, Defendant answer is incomplete, inadequate,
ambiguous and unclear, because he failed to states, other reports made, other
officers reports made of the incident; and to disclose those reports relating
to this defendant arrest at the Mail Box Etc.; time, and place where each report
was prepared and the Custodian of each such report and whether or not he made
out a Supervisory report.   Information is very relevant, and reasonably
calculated to lead to admissible evidence.
       4.   Interrogatories NO.13, The answer is incomplete, inadequate and
unclear, the Defendant failed to specified what is vague unclear and overbroad.
The nature of this question is relevant to this civil case and will lead to
other admissible evidence.   Defendant answered these questions in an very
inadequate and incomplete manner.   Answers to question 13, is very relevant
to this case.   The names and address, identity, telephone number and location
of any person, or persons have knowledge, or knowledge of agents and attorneys,
purport to have knowledge of facts relevant to the conduct described in these
interrogatories are very relevant to this case, the information sought is
reasonably calculated to lead to the discovery of admissible evidence.

       Plaintiff's request a complete and appropriate disclosure and response
to these Interrogatories within, 20 days, upon receipt of this letter.   Thank
you.


                                      Respectfully,

                                      Tyrone James

Tyrone P. James                          November 22, 2003
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

Jason C. Giurintano, DAG
Office Of Attorney General
Commonwealth Of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, PA 17120

RE:1:01-cv-1015

Dear Mr. Jason C. Giurintano, DAG
    I am in receipt of Defendant Glowczeski's response to Plaintiff's First
Set Of Interrogatories, dated 06, 2003, which appeared to be inadequate,
unclear, and incomplete.

    1. Interrogatories NO.4. Defendant answer is inadequate, incomplete, and
unclear, because he failed to states, his supervisor, or disclose the time
of day this defendant was present at the Mail Box Etc., and his purpose for
being at that location. Information is very relevant, and reasonably
calculated to lead to the discovery of other admissible evidences.
    2.   Interrogatories NO.5, Defendant failed to provide a response to
interrogatories NO.5; Interrogatories NO.5, was incomplete, inadequate, page
NO.5, was missing from this Defendant response. This response is incomplete.
Information is relevant and could reasonably calculate to lead to admissible
evidences.

    3.   Interrogatories NO.7-10, Defendant answer is incomplete, inadequate,
ambiguous and unclear, because he failed to states, other reports made, other
officers reports made of the incident; and to disclose those reports relating
to this defendant arrest at the Mail Box Etc.; time, and place where each report
was prepared and the Custodian of each such report. Information is very
relevant, and reasonably calculated to lead to admissible evidence. His response
to NO.7, is (Yes.No., is very ambiguous.
    4.   Interrogatories NO.13. The answer is incomplete, inadequate and
unclear, the Defendant failed to specified what is vague unclear and overbroad.
The nature of this question is relevant to this civil case and will lead to
other admissible evidence. Defendant answered these questions in an very
inadequate and incomplete manner. Answers to question 13, is very relevant
to this case. The names and address, identity, telephone number and location
of any person, or persons have knowledge, or knowledge of agents and attorneys,
purport to have knowledge of facts relevant to the conduct described in these
interrogatories are very relevant to this case, the information sought is
reasonably calculated to lead to the discovery of admissible evidence.

    Plaintiff's request a complete and appropriate disclosure and response
to these Interrogatories within, 20 days, upon receipt of this letter.  Thank
you.

                              Respectfully,

                              Tyrone James.

                              Tyrone P. James,
                              EX 9451.

November 22, 2003

Tyrone P. James
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

Jason C. Giurintano, DAG
Office Of Attorney General
Commonwealth Of Pennsylvania
15th Floor, Strawberry Square
Harrisburg. PA 17120

RE:1:01-cv-1015

Dear Mr. Jason C. Giurintano, DAG
     I am in receipt of Defendant Craul's response to Plaintiff's First Set
Of Interrogatories, dated 17, 2003, which appeared to be untimely.

     1. Interrogatories NO.4, Defendant answer is inadequate, incomplete, and
unclear, because he failed to states, his Supervisor, or disclose the time
of day this defendant was present at the Mail Box Etc.; Information is very
relevant, and reasonably calculated to lead to the discovery of other
admissible evidences.
     2. Interrogatories No.7-10, Defendants answer is incomplete, inadequate,
and unclear, because, he failed to states, other reports made, other officers
reports made of the incident, and to disclose those reports relating to this
defendant arrest of the Mail Box Etc.; time, and place where each report was
prepared and the Custodian of each such report. Information is relevant and
could reasonably calculate to lead to admissible evidences.

     3. Interrogatories NO.13, The answer is incomplete, inadequate and
unclear. the Defendant failed to specified what is vague unclear and overbroad.
The nature of this question is relevant to this civil case and will lead to
other admissible evidence. Defendant answered these questions in an very
inadequate and incomplete manner, answers to question 13, is very relevant
to this case. The names and address, identity, telephone number and location
of any person, or persons have knowledge, or knowledge of agents and attorneys,
purport to have knowledge of facts relevant to the conduct described in these
interrogatories are very relevant to this case. the information sought is
reasonably calculated to lead to the discovery of admissible evidence.

     4. Interrogatories NO.15, is incomplete, there is no answers, relating
to this question. Defendant failed to disclose names and description of each
items; names and address of each who made, or prepare, the addresses of the
present custodian of each such items. This information is relevant, and is
reasonably calculated to lead to admissible evidences.

     Plaintiff's request a complete and appropriate disclosure and response
to these Interrogatories within 20 days upon receipt of this letter. Thank
you.

                              Respectfully,

                              Tyrone James.

                              Tyrone P. James,
                              EX 9451.

Tyrone P. James
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

November 22, 2003

Jason C. Giurintano, DAG
Office Of Attorney General
Commonwealth Of Pennsylvania
15th Floor. Strawberry Square
Harrisburg, PA 17120

RE:1:01-cv-1015

Dear Mr. Jason C. Guirintano, DAG

I am in receipt of Defendant Pallicord's response to Plaintiff's First Set Of Interrogatories, dated 19, 2003, which appeared to be untimely.

1. Interrogatories NO.7-10, Defendant answer is incomplete, inadequate and unclear. because he failed to states, nts, Two report made, other officers reports made of the incident. and to disclose those reports relating to this defendant arrest of the Mail Box Etc.; time, and place where each report was prepared and the Custodian of each such report. Information are very relevant. and reasonably calculated to lead to admissible evidence.

2. Interrogatories NO.13, The answer is incomplete, inadequate and unclear, the Defendant failed to specified what is vague unclear and overbroad. The nature of this question is relevant to this civil case and will lead to other admissible evidence. Defendant answered these questions in an very inadequate and incomplete manner. Answers to question 13, is very relevant to this case. The names and address, identity, telephone number and location of any person. or persons have knowledge, or knowledge of agents and attorneys. purport to have knowledge of facts relevant to the conduct described in these interrogatories are very relevant to this case. the information sought is reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's request a complete and appropriate disclosure and response to these interrogatories within, 30 days, upon receipt of this letter. Thank you.

Respectfully,

Tyrone James

Tyrone P. James,
EX. 9451.

November 22, 2003

Tyrone P. James
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

Jason C. Giurintano, DAG
Office Of Attorney General
Commonwealth Of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, PA 17120

RE:1:01-cv-1015

Dear Mr. Jason C. Guirintano, DAG
    I am in receipt of Defendant Morgan's response to Plaintiff's First Set
Of Interrogatories, dated 10, 2003, which appeared to be untimely.

    1. Interrogatories NO. 4, Defendant answer is incomplete, inadequate and
unclear, because he failed to states, his, Supervisor, or disclose the time
of days this defendant was present at the Mail Box Etc. Information are very
relevant, and lead to admissible evidences.

    2. Interrogatories NO.13, the answer is incomplete, inadequate and
unclear, the Defendant failed to specifiy what is vague unclear and overbroad.
The nature of this question is relevant to this civil case and will lead to
other admissible evidence. Defendant answers these questions in an very
inadequate and incomplete manner. Answers to question 13, is very relevant
to this case. The names and address, identity, telephone number and location
of any person, or persons have knowledge, or knowledge of agents and attorneys,
purport to have knowledge of facts relevant to the conduct described in these
interrogatories are very relevant to this case, the information sought is
reasonably calculated to lead to the discovery of admissible evidence.

    Plaintiff's request a complete and appropriate disclosure and response
to these Interrogatories within, 20 days, upon receipt of this letter. Thank
you.

                                    Respectfully,

                                    Tyrone James.

                                    Tyrone P. James,
                                    EX 9451.

Tyrone P. James                         November 22, 2003.
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

Jason C. Giurintano, DAG
Office Of Attorney General
Commonwealth Of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, PA 17120

RE: 1:01-cv 1015

Dear Mr. Jason C. Giurintano, DAG

    I Tyrone P. James, is in receipt of Defendant's response to Plaintiff's
Second Request For Production Of Documents, dated 17, 2003, which appeared
to be inadequate, unclear, and incomplete. Please note, as set forth in this
plaintiff's response dated October 31, 2003, which states with specifics the
documents this plaintiff's seek and was not in the documents submitted to the
Superintendant assistance, Mr. Jeffrey Rackovan, for plaintiff to inspect
and copy. The Defendant submitted nine (9) attachments, which is insufficient
and irrelevant to the documents this plaintiff requested. The Defendants have
failed to provide the documents requested, for inspection and copying.

    1.  Defendants placed objection to each and every document requested that
it is vague, ambiguous, unclear, overbroad, unduly, burdensome and not
reasonably calculated to lead to the discovery of admissible evidences; but
failed to specified what documents is vague, ambiguous, unclear, overbroad,
unduly burdensome and not reasonably calculated. Plaintiff's avers, that
the document requested are relevant to this case. This Civil matter deal with
the credibility determination of these Defendants.

    2.  Defendants object to Plaintiff's Request for Production of Documents,
avers, privilege information, including, but not limited to information covered
by the executive privilege, attorney-client, and work product doctrine. These
defendants have failed to hand over relevant documents, consist of factual
material, that is very vital and relevant to this litigation and reasonably
calculated to lead to admissible evidences. Defendants failed to described
the documents and information they are specifically designated, or claiming
to be privilege. Plaintiff request are pertinent to factual matter relating
these decision; the deliberative and advisory material, plaintiff seeks from
this request but might the policies include secrecy.

    3.  Defendants object to each documents Plaintiff's requested avers that
said documents, or information are not in possession, custody or control of
Defendants. Defendants have failed to describes those documents. Documents
plaintiff's seek should be in the position of the Defendants, which were present
at prior proceeding and are in the Custody of their property. Custodians, York
County Police Department, State Attorney General Office, Region III Evidence
Inventory, Headquarter. Therefore, these items requested are very important
and relevant to this case and could calculate to lead to admissible evidence.

    4.  Defendants specific objections and general objections are vague,
unclear and ambiguous; Defendants doesn't specified with specific as to the
particular set of documents they are placing their objections.

<u>DEFENDANTS ANSWER TO REQUEST FOR PRODUCT OF DOCUMENTS</u>

1. Defendant object to this request, stating that there was no disciplinary action taken against any of the Defendants as a result of this case. This response is incomplete. this request is related to their work history, as to their prospective employer's and job history. They failed to answered this request, and to present the documents plaintiff's requested. Information is reasonably calculated to lead to the discovery of admissible and/ or relevant evidence.

2. Defendant object to request NO. 2, claiming request is vague and ambiguous. Defendants failed to define what is vague or ambiguous. Furthermore plaintiff's request is not loose or require the defendants, to put together any written documents, that is lengthy, but requested specific documents that is relevant to this case. and could reasonably calculated to lead to admissible evidence. Plaintiff request are pertinent to factual matter relating to this case, and the request out weight the policies favoring secrecy, (b) Defendant objection is not specific relating to vague or ambiguous. The factual matter of the whole matter arise from mail matter and interdiction of package, therefore Defendant is quite aware of one specific documents on police procedure relating to "the shipping of contraband from one agents [sic] to the next;" Defendants response is very insufficient, and incomplete.

3. Defendant object to this request NO. 3. the Business record relating to the arrest of this Plaintiff's which transpire the used of excessive force against this plaintiff is very relevant to this litigation, and all written reports in the custody of the Defendants, should be available to him. Defendant Morgan report, is questionable, issued unauthorized, and is full of falsity, and doesn't state all the necessary information. See Attachment 2, Initial Report, in which an biased stated was incomplete, documents requested are incomplete and inadequate. These document were previously used by the Defendants when Defendant controlled over said documents. Furthermore these documents was not the product of recent document requested. See Attachment 1-9.

4. Defendants object to this Request, stating that this request was provided to the Plaintiff in Defendants response to this Plaintiff's First Set of requests. Upon careful examination of the Attachments, provided to the Plaintiff's by the defendants, the record reveal that no such document was provided; this is an attempts, to avoided plaintiff request, the request are relevant and Defendants are aware of the existence of such documents, they were part of the investigation, arrest, and surveillance teams.

5. Defendants objections are irrelevant to request NO. 5., upon careful examination of the submitted documents sent by Defendants counsel to the Superintendent Assistance, Mr. Jeffrey Rackovan, at SCI-Rockview, no such documents was presented. All document presented deal with the Ex-Post-Facto, relating to Plaintiff's arrest which are irrelevant, to the circumstances surrounding the probable cause, the use of excessive force, by vehicle and defendants, and that plaintiff's was preliminary arraigned, response is incomplete, requested documents are relevant, and is reasonably calculated to lead to discovery of admissible and or relevant evidence. specifically the license plate number of the vehicle driven by defendant Glowczeski's that was used to stroke Plaintiff. Documents existed in prior litigation, Specifically Defendant Morgan Instruction to Defendant C/O Baylark.

6. Defendants objections to Request NO.6, is unclear, because defendant failed to specified what is unclear or vague. No such documents were provided to this Plaintiff's.

7. Defendants objection and references to Request NO. 7 of this

**Plaintiff's request** has to mail matter. and Attachment 1-4, are **misleading and are produce in bad faith,** these production are incomplete and **inadequate, from my investigation,** there was **no** FedEx shipping receipts involved. and these documents were not apart of defendants good faith effort to response to **requests of pro se plaintiff.** Please **refer to attachment 1-9** send on October 27, 2003. Defendants failed to submits the documents which are relevant to the **factual material to this litigation.** Again Plaintiff's requests doesn't concerned the Superintendent assistance, Jeffrey Rackovan, here, as plaintiff was **told, by staffs,** therefore all requests should be directed to this Plaintiff's. This Plaintiff request any and all production of documents, not to what **Defendants have agreed to produce,** relating to this litigation. Please note, such documents. are not part of my institutional filed, and if made part of my central filed, this Plaintiff's will immediately informed the Court and request sanctions for possible mis-conducts; See DOC § 003. Mr. Rackovan, again expresses that the institutions have nothing to do with this private matter, and who encouraged this type of behavior by Counsel.

Plaintiff's request a complete and appropriate disclosure and **response to** these Request For Production Of Documents within 30 days, upon receipt of this letter. Thank you

Respectfully

*Tyrone Jones*

Tyrone B. Jones
BY 9451.

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES                          :
                Plaintiff,               :
                                         :        CIVIL ACTION NO. 1:01-CV-1015
        v.                               :
                                         :        (Judge Rone)
YORK COUNTY PRISON LITIGATION,           :
JAMES R. NOBLE, RICHARD BRITTFORD,       :
RACHEL R. OF PA, INIT COURT,             :
DEPT. RUSSELL, DR. RADZET,               :
SGT. GIANS, OFCR. STOUMOND              :
and DEFENSIVE TUMBOSKI                   :
                Defendants.              :

VERIFICATION

    I, Tyrone P. James, verify, under penalty of perjury, that the foregoing petition is true and correct to the best of my knowledge and belief, pursuant to 28 U.S.C. 1746.

                                Respectfully submitted,

Dated: November 27, 2003.

                                Tyrone James
                                Tyrone P. James

                                SCI Camp Hill
                                P.O. Box 8837
                                Camp Hill, PA 17001-8837

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,  :
      Plaintiff  :
                         :      CIVIL ACTION NO. 1:01-CV-1015
      v.  :
                         :      (Judge Kane)
YORK COUNTY POLICE DEPARTMENT,  :
JAMES R. TYRELL, RETIRED POLICEMAN,  :
RAYMOND J. ABDUL, CHIEF POLICE,  :
DET. KNEPLER  DS. BAKLEY,  :
RANDY BIXLY  POLICE TECHNICIAN,  :
and  DETECTIVE BLOSSFIELD,  :
      Defendants  :

CERTIFICATE OF SERVICE

I Tyrone P. James, Plaintiff, hereby certify that I am this day
serving a true and correct copy to subject counsel a letter in request of
Plaintiff's Request for Production of Documents and Admissions, Interrogatories
in the manner and form, below to the following:

   By First Class U.S. Mail

   By First Class U.S. Mail

   John C. Stuckman, Esquire
   Office of Attorney General
   14th Floor, Strawberry Square
   Harrisburg, PA 17101

   Donald L. Reihart, Esquire
   Law Office Of Donald L. Reihart
   2550 Kingston Blvd., Suite 204
   York, PA 17402

**Date:** November 20, 2003.

                        *Tyrone James.*
                        Tyrone P. James
                        EK 7351
                        P.O. Box A
                        Bellafonte, PA 16823-0820

Tyrone James
EX9451
P.O. Box A
Bellefonte, PA 16823-0820

INMATE MAIL
PA DEPT of
CORRECTION

FEB 15 04

$$ 1.98
US POSTAGE

FILED
HARRISBURG

FEB 1 7 2004

MARY E. D'ANDREA, CLERK

Per_____
DEPUTY CLERK

Office of The Clerk
United States District Court
Middle District of Pennsylvania
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

Legal Mail