IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES                    :
         Plaintiff,                :
                                   :
     v.                            :         CIVIL ACTION NO. 1:01-CV-1015
                                   :
YORK COUNTY POLICE DEPARTMENT,     :         (Judge Kane)
JAMES H. MORGAN, RICHARD PEDDICORD,:         JURY TRIAL DEMANDED
RAYMOND E. CRAUL, GENE FELLS,      :
DET. KESSLER, CO. BAYLARK,         :
RANDY SIPES, BRIAN WESTMORELAND,   :
and DETECTIVE GLOWCZESKI           :
         Defendants.               :

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TRO AND

PRELIMINARY INJUNCTION

STATEMENT OF THE CASE

This is a civil rights action brought under 42 U.S.C. § 1983 by Tyrone
P. James ("Plaintiff's") whose constitutional right were violated by State
Defendants, James Morgan, Brian Westmoreland, Richard Peddicord, Raymond Craul,
Gene Fells, Robert Kessler, Randy Sipes and Anthony Glowczeski; upon his
unlawful and warrantless arrest on January 10, 2001; in relation to the use
of excessive force; Denial of counsel, upon plaintiff request; failure of state
defendants to give Miranda warning upon arrest; illegal search and seizure
of his person and property and excessive Bond.  The plaintiff seeks a Temporary
restraining order and a preliminary injunction, to postpone Defendants request
to depose the Plaintiff, Deposition hearing, until this Honorable Court, ensure
counsel to represent Plaintiff's at the Deposition hearing; to conduct
deposition on plaintiff behalf, and at trial.

STATEMENT OF FACTS

As stated in the declaration submitted with this action, the plaintiff
was unlawful arrested on January 10, 2001; were various of his constitutional
rights were violated subsequently followed, plaintiff was charged with various
state charges, by state defendants.

While Plaintiff's was in the York County Prison, he initiated a 42 U.S.C.§ 1983, on June 8, 2001, in the U.S. District Court, Middle District of Pennsylvania, and Motion to Amended Complaint to add other defendants. Defendants James Morgan, Brain Westmoreland, Richard Peddicord, Raymond Craul, Gene Fells, Robert Kessler and Anthorny Glowczeski were all served with Complaint on or about October 11, 2001, by Court order, dated December 18, 2001; Defendant Sipes was never served and Plaintiff's was never informed about this process. Defendant filed motion to dismiss complaint on December 28, 2001, and Brief in Support.

Plaintiff's served Discovery materials in the form of (1) Request For Production of Documents, and (2) Plaintiff's Request For Interrogatories, upon defendants', who filed motion for a protective order on January 2, 2002; pursuant to Fed.R.Civ.P. 26(c); until such time at the Court determine their motion to dismiss complaint.

On December 12, 2003. this Honorable Court denied in part and granted in part defendants motion to dismiss. Plaintiffs' renewed his request for discovery; in which defendants counsel, by way of letter, assured plaintiff's that his requests dated on or around December 20, 2001, still stand, and didn't go away. Defendants served discovery materials upon plaintiff's at SCI-Rockview, by way of the Superintendent Assistance, Jeffrey Rackovan. Plaintiff's send Defendants counsel, letters, requesting specifics documents. Defendants send misleading Documents to Plaintiff, in the same manner, by way of Jeffrey Rackovan, on or around November 17, 2003; and Defendants "Interrogatories Answers"; subsequent, letters were send to Defendants counsel, in relation to Interrogatories materials.

On or around January 21, 2004; while Plaintiff's was in the York County Prison; Defendants by counsel, states, that "Undersigned counsel does not represent the York Police Department, C/O Baylark or Agent Randy Sipes, because these parties are not considered State employees eligible for representation by undersigned counsel." Plaintiff's subsequently filed Motion for Default, in said Court. It seems from the record that the Defendants Randy Sipes and

2

the York County Police Department, has not been served as a party in this matter. Defendants, filed Petition asking this Court to seek leave of Court to depose Plaintiff in this matter, at the York County Prison; at which Plaintiff's is no longer detained; pursuant to Rule 30, of the Federal Rules of Civil Procedure, and "Defendants Motion To Request Interrogatories upon Plaintiff's." Plaintiff's received defendants motions, upon his returned to SCI-Rockview on or around February 7, 2004.

Plaintiff's filed a protective order and renew his request for appointment of counsel on the factual issues; to represent him at the Deposition hearing, and to conduct deposition upon said defendants, to locate witnesses in plaintiff's case and to conduct restricted discovery, which the plaintiff's his unable to obtained due to his incarceration and to protect, plaintiff's against self-incrimination, meaning that he might be ask to say things by the defendants in his criminal prosecution, in violation of his Fifth Amendment right, under the United States Constitution. That on November 15, 2001, plaintiff's was conviction in states court on related charges, which if this case should go to trial and plaintiff succeed in this matter, would not render his current convictions, which plaintiff's is presently serving a 12½-25 years to be overturned; This matter is pending on direct appeal.

Plaintiff seeks a protective order. regarding defendants deposition hearing until this court appoint counsel to represent him at the defendants Deposition hearing directed against plaintiff; on the motion that he might be ask to say thing that could be used against him in a criminal prosecution; To conduct Deposition on plaintiff behalf; to locate witnesses, and to conduct discovery on restrict materials that the plaintiff's is not able to obtained due to his present incarceration. Also, the protective order would be appropriate until the appointment of counsel; that if plaintiff's would seek to object to questions that Defendants may seek to incriminated him in future proceeding in retaliation, because this plaintiff's brought civil action against them; Defendants have failed to turn over specifics documents, to the plaintiff's

which make it impossible for plaintiff to litigate adequately; such as defendants, work history, with the York County Police Department, State Attorney General Office; Polices; complaints and grievances filed by other parties, in the Departmental Internal Affairs, as to the use of excessive force, discrimination and other work history matter.

## ARGUMENT

### I

SHOULD THE COURT GRANTED A PROTECTIVE ORDER DEFERRING DEPOSITION HEARING, BY THE DEFENDANTS UNTIL COUNSEL IS APPOINTED TO REPRESENT AT THE DEPOSITION HEARING AND TRIAL, IN PROTECTION OF PLAINTIFF FIFTH AMENDMENT RIGHT, U.S. CONSTITUTION, TO LOCATE WITNESSES, AND TO OBTAINED RESTRICTED DISCOVERY MATERIAL REQUESTED BY PLAINTIFF'S.

The Court may limit the scope of the automatic disclosure or discovery of specific areas of inquiry or to a specific time period, Rule 26(c). The court may also stay discovery, either while a dispositive motion is pending. G.T.E. Wireless v. Qualcomm, Inc., 192 F.R.D. 284, 285-86 (S.D. Cal 2000)(before staying discovery the court should "Take a preliminary peek" at the merit to see if there is an "immediate and clear possibility" that this depositive motion will be granted.) or except with request to a critical or thresh old issue. Vivid Technologies, Inc., 200 Fed.3d 795, 804). Stay discovery on all other issues until critical issues is resolved. Here there are still pending criminal matter on appeal, which the Defendants pursue against Plaintiff's, and would be in the best interest for this Honorable Court to stay deposition hearing until matter are resolved.

This Motion for Protective Order is filed, because enforcement of the deposition would infringe right guaranteed by the United States Constitution, Amend. 5 and by Article 1, § 9 of the Pennsylvania Constitution, providing that no person may be compelled to be a witness against himself. The privilege applies to civil proceedings. Mcarty v. Arndstein, 266 U.S. 34,45 S.Ct. 16,

69 L.Ed. 158 (1924).  **"The protection does not merely encompass evidence which may lead to criminal conviction, but includes** information which would furnish **a link in the chain of evidence that could** lead to prosecution, **as well as evidence which an individual** reasonably believes could be used **against him in a criminal prosecution."** Maness v. Meyers, 419 U.S. 449, 451, 95 S.Ct. **584,592, 42L.Ed.2d 574 (1975).** The privilege against self-incrimination applies to prohibit the use of legal process to force an individual to produce personal documents that might incriminate him.  United States v. White, 322 U.S. 694, **696, 64 S.Ct. 1248, 1250, 88 L.Ed. 1542 (1944).** Due to defendants rush to **judgment to prosecute Plaintiff, and** maliciously and vindictively pursue other **prosecution against plaintiff's,** because of him bringing this civil matter **against them; in retaliation,** and in bad faith, seek deposition and **interrogatories, without plaintiff** having counsel, plus were the key witnesses **in plaintiff's criminal** proceeding.  Defendants motive are in bad faith to **elicited information and** hoping Plaintiff would say something at the deposition **hearing that could be used against** him in the criminal prosecution ,or to used **in other criminal prosecution.**

Plaintiff's request pursuant to Rule 26(c)(6); if deposition be held **against this plaintiff, transcripts** be sealed, should be used by defendants **in any** criminal prosecution; because of the fact, specifically defendants Morgan **and Craul, constant pursue to** prosecute this plaintiff in criminal Court; Even **though** Agent Morgan is not member of the State Attorney General, DEA, was **terminated from said office back in 2002.  This Court should restrict defendants Deposition to only written question under Rule 26(e)(3); or delay deposition until after this court considers plaintiff's requests For Appointment Counsel and Plaintiff's Motion To Compel Discovery, has the Defendants, have yet to produce various documents, Plaintiff's requested with specifics to the Defendants, by the plaintiff. See National Life INS. Co. v. Hartford Acc. & Indem. Co., 615 F.2d 595 (3d. Cir 1980); United State v. Nine Million Forty**

<u>One</u> <u>Thousand</u> <u>Five</u> <u>Hundred</u> <u>Ninty</u> <u>Eigth</u> <u>Dollars</u> <u>and</u> <u>Sixty</u> <u>Eight</u> <u>Cents.</u>, 163 F.3d

238, 250 (5th Cir. 1998) (Even after the records is sealed, the court may still

deny a request for an undacted copy of sealed documents) cert denied 527 U.S.

1023, 119 S.Ct. 2369, 144 L.Ed.2d 773 (1999); <u>Morgan v. United States Dept</u>

<u>Of Justice</u>, 923 F.3d 195 (D.C. Cir. 1991); see, <u>Rogers v. United States Steel</u>

<u>Corp.</u>, 536 F.2d 1001 (3rd Cir. 1976); <u>International Prods Corp. v. Koons</u>,

325 F.2d 403, 408-09 (2d Cir. 1963).  See Rule 30 (b),Fed.Rule. Civil Procedure.

II

THE PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A

PRELIMINARY INJUNCTION.

In determining whether a party is entitled to a temporary restraining

order or a preliminary injunction, courts generally consider several factors:

whether the party will suffer irreparable injury, the "balance of hardships"

between the parties, the likelihood of success on the merits, and the public

interest.  Each of those factors the grant of this motion.

A.  **The plaintiff is threatened with irreparable harm.**

The plaintiff alleges that his constitutional rights were violated by

the defendants on January 10, 2001, of the unlawful arrest, used of excessive

force, search and seizure of his person and property, the denial of counsel,

at his request and the excessive bond that defendants request and applied to

plaintiff; contrary to Federal laws, and the United States Constitution.  Such

conducts by defendants is blatant denial of plaintiff constitution right.

See <u>BUHL v. COOKSEY</u>, 233 F3d 783 (3rd Cir. 2000); <u>DOE v. DELIE</u>, 257 F.3d 309

(3rd Cir.2001);<u>WHALEN v. ROE</u>, 429 US 589, 51 LEd2d 64, 97 SCt 869. (The right

to privacy includes an "individual interest in avoiding disclosure of personal

matters."); <u>BELL v. WOLFISH</u>, 441 US 520,99 SCt. 1800(1979); <u>GOMILLION v.</u>

<u>LIGHTFOOT</u>, 364 U.S. 339, 81 SCt 125 (1960);("One must be ever aware that the

Constitution forbids sophisticated as well as simple minded modes of

discrimination."); <u>YOUNGBERG v. ROMEO</u>, 457 US 307, 102 SCt 2452 (1982); <u>ZOBEL</u>

6

V. WILLIAMS, 457 US 55, 60n. 6, 102 SCt 2309 (1981)( The due process clause of the United States Constitution guarantees to every person freedom of bodily movement. This right survives criminal conviction. Also see GRAHAM V. CONNOR, 490 U.S. at 386, 395, 109 S.Ct. 1865 (1989); and ESTELLE V. GAMBLE, 429 U.S. 97, 105, 97 S.Ct. 285 (1976); HUDSON V. McMILLIAN, 503 US 1, 112 SCt 995 (1992). Plaintiffs being this civil matter against these defendants, has cause a great deal of retaliation; defendants have made several attempts to elicited statement from plaintiff's, pursuing other criminal prosecution against this plaintiff's, and in bad faith have tried to get plaintiff's the say things that could be brought against him the criminal prosecution. by initiating Deposition and Interrogatories, without complying with this Plaintiff previous requests for such documents; in the obstruction of this Plaintiff direct appeal now pending in a direct appeal. See Landman v. Royster, 333 F. Supp. 621, 656 (E.D. Va. 1971); Sostre v. McGinnis, 442 F.2d 178, 204 (2d Cir. 1971).

As a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm. See Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673 (1976); Newsom v. Norris, 888 F.2d 371, 378 (6th Cir. 1989); Mitchell v. Cuomo, 748 F.2d 804, 806 (2d Cir. 1984); Albro v. County of Onondaga, N.Y., 627 F.Supp. 1280, 1287 (N.D.N.Y. 1986); Williams v. Lane, 646 F.Supp. 1379, 1409 (N.D.III. 1986), aff'd, 851 F.2d 867 (7th Cir. 1988), cert. denied, 109 S.Ct. 879 (1989); Phillips v. Michigan Dept. of Corrections, 731 F.Supp. 792, 801 (W.D.Mich. 1990), aff'd, 932 F.2 969 (6th Cir. 1991).

B. The balance of hardships favors the plaintiff

In deciding whether to grant TRO's and preliminary injunctions, court ask whether the suffering of the moving party if the action is denied will outweigh the suffering of the non-moving party if the motion is granted. See Mitchell v. Cuomo, 743 F.2d 804, 808 (2d Cir. 1984); Duran v. Anaya, 642 F.Supp. 510, 527 (D.N.M. 1986).

In this case plaintiff's would be subjected to further prosecution if force to say something that cause be used in criminal prosecution, by the defendant trying to elicited other information in bad faith. Plaintiff's would be subjected to further mental anguish, continuous separation from plaintiff's family, wife and children. The defendants hardship amount to no more than business as usual.

C. The plaintiff is likely to succeed on the merits.

The plaintiff has a great likelihood of success on the merits. What defendants have done-"intentionally, maliciously and sadistically interfering with plaintiff's liberty by violating his constitutional and due process, the used of excessive force, denial of counsel, unlawful arrest, illegal search and seizure of his person and property, failure to give Miranda warning and excessive Bond, constitutional singled out by the Supreme Court, as unconstitutional and lead to deliberate indifference, and equal protection of the law. Excessive or unnecessary force by police or prison staff violates the Constitution, and may be remedies by damages or injunctive relief. Commonwealth of Pennsylvania v. Porter, 659 F.2d 306, 312-13, 321-22(3d Cir.1981) cert denied 458 U.S. 1121 (1982); excessive force claims by arrestees are governed by the Fourth Amendment, which prohibits unreasonable seizure, and must be conducted in a reasonable manner; Graham v. Connor, 490 U.S. at 386, 395, 109 SCt. 1365 (1989).

Plaintiff is entitled to counsel at every critical stage of his judicial proceeding essential when he requested counsel and was denied, by interrogation officials, specifically defendants Morgan and Craul, whom ignored his request and deliberately elicited incriminating statements from the accused without the present or waiver of counsel. Brewer v. William, 430 U.S. at 399 (1977); Matteo v Superintendent SCI-Albion, 171 F.3d. 877 (3d Cir.1999); Michigan v. Jackson, 475 U.S. 625, 636 (1936); Miranda v. Arizona, 384 U.S. 436 478-79 (1966); Dickerson v. United States, 120 S.Ct. 2326 (2000); Moran v. Burine,

475 U.S. 412, 421 (1986); Colorado v. Connelly, 479 U.S. 157, 16970 (1986); EDWARDS v. ARIZONA, 451 U.S. 477, 68 L.Ed.2d 378, 101 S.Ct. 1880 (1981); Alston v. Redman, 34 F.3d 1237 (3rd Cir. 1994).

The Eighth Amendment states that excessive bail shall not be required. U.S. v. Salerno, 481 U.S. 739, 754-55 (1987). The Fourteenth Amendment, Due process does require, however that statutes imposing pretrial detention served a compelling government interest and not impose punishment before adjudication of guilt and that government action depriving a individual of life, liberty , or property be implemented in a fair, nonarbitrary manner. Mathews v. Elridge, 424 U.S. 319, 335 (1976); in addition, it has long been establish that mistreatment of detainees violate due process and mounted to "deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 833 (1994) and deliberate discrimination against plaintiff's and subjective indifference. See Bail Reform Act of 1984. The Supreme Court has indicated that the excessive Bail Clause has been assumed to apply to the states. See Schilb v Kuebel, 404 U.S. 357 (1987); Baker v. McCollan, 443 U.S. 137,141 n.3 (1979); Sistrunk v. Lyons, 646 F.2d 64,71 (3d Cir.1981); Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). Here Plaintiff's Bond set in his criminal prosecution in York County, Pennsylvania in the amount of 2.5 millions dollars, was excessive.

D. The relief sought will serve the public interest

In this case, the grant of relief will serve the public interest because it is always in the public interest for government officials to obey the law. Duran v. Anaya, 642 F.Supp. 510,527 (D.N.M. 1986);Llewelyn v. Oakland County Prosecutor's Office, 402 F.Supp. 1379, 1393 (E.D.Mich. 1975)("the Constitution is the ultimate expression of the public interest"); Burg v. County Of Allegheny 219 F.3d 261 (3rd Cir. 2000).

### III

### THE PLAINTIFF SHOULD NOT BE REQUIRE TO POST SECURITY.

Usually a litigant who obtains interim injunctive relief is asked to post security.  Rule 65(c), Fed.R.Civ.P.  However, the plaintiff is an indigent

prisoner and is unable to post security. The court has discretion to excuse an impoverished litigant from posting security. Grantes-Hernandez v. Smith, 541 F.Supp. 351, 385 n. 30 (C.D.Cal. 1982); J.L. v. Parham, 412 F.Supp. 112, 140 (D.Ga. 1976), rev'd on other grounds, 442 U.S. 584, 99 S.Ct. 2493 (1979). In view of the serious constitutional issues confronting the plaintiff, the court should grant the relief requested without requiring the posting of security.

CONCLUSION

For the foregoing reasons, the court should grant the motion in its entirety.

Respectfully Submitted,

Date: February 17, 2004.

*Tyrone James*

Tyrone P. James

EX 9451

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES          :
          Plaintiff,     :
                         :
     v.                  :          CIVIL ACTION NO. 1:01-CV-1015
                         :
YORK COUNTY POLICE DEPARTMENT,     :          (Judge Kane)
JAMES H. MORGAN, RICHARD PEDDICORD,     :
RAYMOND E. CRUAL, GENE FELLS,     :
DET. KESSLER, CO. BAYLARK,     :
RANDY SIPES, BRIAN WESTMORLAND,     :
and DETECTIVE GLOWCZESKI     :
          Defendants.     :

## VERIFICATION

I, Tyrone P. James, verify, under penalty of perjury, that the foregoing "Declaration In Support of Plaintiff's Motion For A Temporary Restraining Order and Preliminary Injunction; and Memorandum Of Law In Support Of Motion For TRO and Preliminary Injunction," is true and correct to the best of my knowledge and belief, pursuant to 23 U.S.C. 1746.

Date: ~~January 30,~~ FEbRuARy 17 2004.

Respectfully Submitted,

Tyrone James

Tyrone P. James

EX 9451.

P.O. Box A
Bellefonte, PA 16823-0820

Date: February 17, 2004.

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES
        Plaintiff,   :

    v.   :   CIVIL ACTION NO. 1:01-CV-1015

YORK COUNTY POLICE DEPARTMENT,   :   (Judge Kane)
JAMES H. MORGAN, RICHARD PEDDICORD,   :
RAYMOND E. CRUAL, GENE FELLS,   :
DET. KESSLER, CO. BAYLARK,   :
RANDY SIPES, BRIAN WESTMORLAND,   :
and DETECTIVE GLOWCZESKI   :
        Defendants.   :

## CERTIFICATION OF SERVICE

I, Tyrone P. James, Plaintiff's hereby certified that, I am this day **serving** a true and correct copy to assigned counsels, a "Declaration In Support Of Plaintiff's Motion For A Temporary Restraining Order and Preliminary Injunction; and Memorandum Of Law In Support Of Motion For TRO and Preliminary Injunction," in the manner set forth below to the followings:


By First Class U.S. Mail

Jason C. Giurintano, DAG
Office Of Attorney General
Commonwealth Of Pennsylvania
Strawberry Square
Harrisburg, PA 17120

Donald L. Reihart
Law Office of Donald L. Reihart
2600 Eastern Blvd., Suite 204
York, PA 17402.

                         *Tyrone James.*

                    **Tyrone P. James**
                    EX 9451
                    P.O. Box A
                    Bellefonte, PA 16823-0820

**February 17, 2004.**

James
.51
)X A
lte, PA 16823-0820



INMATE M.A.
PA DEPT OF
CORRECTION

FEB 24'04
7131147  U.S. POSTAGE  $ 1.06



FILED
FEB 25 2004
PA  DEPUTY CLERK

Legal Mail

To: Clerk of Court , (Office of The Clerk)
United States District Court
Middle District of Pennsylvania
228   Walnut Street
P.O. Box 983
Harrisburg , PA  17108

**C**