IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES
    Plaintiff,

v.

YORK COUNTY POLICE DEPARTMENT,
JAMES H. MORGAN, RICHARD PEDDICORD,
RAYMOND E. CRUAL, GENE FELLS,
DET. KESSLER, CO. BAYLARK,
RANDY SIPES, BRIAN WESTMORLAND,
and DETECTIVE GLOWCZESKI
    Defendants.

CIVIL ACTION NO. 1:01-CV-1015

(Judge Kane)


FILED
FEB 2 5 2004
PER _____
HARRISBURG, PA  DEPUTY CLERK

### DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION.

Tyrone P. James, declares under penalty of perjury.

1. I am the Plaintiff in this case. I make this declaration in support of my motion for a Temporary Restraining order and a preliminary injunction to ensure that I receive proper counsel to represent me in the above matter; for the defendants deposition hearing directed toward plaintiff, to conduct deposition on plaintiff's behalf, and to obtained requested discovery, which this plaintiff is not able to obtain, due to his incarceration, and to locate witnesses and served subpoena upon witnesses.

2. As set forth in the complaint in this case, I was unlawfully arrest on January 10, 2001; at the time of arrest various constitutional rights of plaintiff were violated by named defendants.

3. Plaintiff was prosecuted and convictions in criminal matter relating to this matter, was commenced on November 15, 2001.

4. On January 5, 2004, the Honorable Judge John W. Thompson, Jr., reinstated plaintiff's direct appeal right back to the Superior Court of Pennsylvania, on various grounds; one issue was the obstruction of justice, by government officials, for failure to served plaintiff the Judge's order dated February 19, 2002, Pa.R.App.P. 1925(b) statement; tampering with this

plaintiff fourteenth Amendment right to a direct appeal, in retaliation on this civil sue brought against said defendants.

5. On January 21, 2001, the Defendants seek leave of the Court to depose plaintiff in this matter.

6. Plaintiff's have since filed amended motion to compel discovery; affidavit and exhibits.

7. Plaintiff seek leave from this Court, to appoint him counsel to represent him in this matter; specifically at the deposition hearing defendants seek to conduct against plaintiff, for the reason, that this plaintiff might be asked to say things which could be used against him in criminal prosecution and matter now pending on appeal. Plaintiff's also seek counsel to conduct his deposition inquiries against defendants, and to conduct discovery which are restricted, and make it impossible for him to litigate adequately; for example, defendants work history: grievance, prior complaint, filed by person, relating to use of excessive force, discrimination; York County Police Department Policies and documents, which would be impossible for plaintiff's to obtain and inspect due to his incarceration.

8. Plaintiff's has in good faith conferred or attempted to confer with the other party in an effort to resolve the dispute without court order. See Scherer v. G.E. Capital Corp. 185 F.R.D. 351 (D.Kan. 1999).

As is more fully set forth in Plaintiff's Supporting brief which is being filed separately; the relief sought here is warranted given the procedural posture of this matter; upon complaint, supporting affidavit of plaintiff's and memorandums of law submitted to this Honorable Court.

WHEREFORE, a protective order to such effect should be Granted.

Respectfully Submitted,

Date: February 17, 2004.

*Tyrone James*

Tyrone P. James

EX 9451.