IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES, : | |
|     **Plaintiff** : | |
| : | No. 1:CV-01-1015 |
| v. : | |
| : | (Judge Kane) |
| YORK COUNTY POLICE : | (Magistrate Judge Mannion) |
| DEPARTMENT; AGENT JAMES H. : | |
| MORGAN; DET. RICHARD : | Electronically Filed |
| PEDDICORD; DET. RAYMOND E. : | |
| CRAUL; SGT. GENE FELLS; DET. : | |
| ANTHONY GLOWCZEWSKI; AGENT : | |
| RANDY SIPES; and AGENT BRIAN : | |
| WESTMORELAND, : | |
|     **Defendants** : | |

## BRIEF IN OPPOSITION TO PLAINTIFF'S
## MOTION FOR A PRELIMINARY INJUNCTION

### I.  STATEMENT OF THE CASE

This is a *pro se* inmate's civil action brought pursuant to 42 U.S.C. §1983 by Tyrone P. James ("Plaintiff").  The following Defendants are represented by the Pennsylvania Office of Attorney General in this matter: James Morgan, Brian Westmoreland, Richard Peddicord, Raymond Craul, Gene Fells, Robert Kessler and Anthony Glowczeski ("Defendants").[1]  Plaintiff is alleging a variety of constitutional violations concerning his arrest on January 10, 2001.  Plaintiff's

---

[1] Undersigned counsel does not represent the York Police Department, C/O Baylark or Agent Randy Sipes because these parties are not considered Commonwealth employees eligible for representation by undersigned counsel.

action was commenced on June 8, 2001. Defendants filed a Motion to Dismiss on December 28, 2001, which was granted in part and denied in part on October 8, 2003. On October 15, 2003, Defendants filed an Answer to the Complaint, and discovery commenced. On February 12, 2004, Plaintiff filed a Motion for Appointment of Counsel, and a Motion for Protective Order to prevent Defendants from deposing Plaintiff until this Court ruled on Plaintiff's Motion for Appointment of Counsel. On February 25, 2004, Plaintiff filed a Motion for Preliminary Injunction. This Memorandum is filed in opposition to that Motion.

## STATEMENT OF FACTS

Plaintiff's Complaint sets forth a variety of alleged violations of his constitutional rights. For purposes of this memorandum only, Defendants recite the facts as set forth by Plaintiff in his Complaint. Plaintiff alleges that on January 10, 2001, while he was retrieving mail from a mail box rental at Mailboxes Etc., located in York, Pennsylvania, he was approached by several individuals who did not identify themselves as police officers. (Complaint at ¶¶1 and 2, Amended Complaint at ¶5). Plaintiff had retrieved a parcel from the clerk inside the office, and upon exiting, Plaintiff dropped the parcel and started moving away from them. (Complaint at ¶3, Amended Complaint at ¶5).

At that time, Plaintiff alleges he was hit by a van driven by Defendant Glowczeski. (Complaint at ¶4 and Amended Complaint at ¶¶5 and 6). While on

2

the ground, Plaintiff alleges that Defendant Westmoreland and other individuals stepped upon and trampled him, handcuffed him, and placed him in the van. (Complaint at ¶4, Amended Complaint at ¶5).

Plaintiff alleges that he was not read his Miranda rights by any Defendant. (Complaint at ¶¶5 and 6).  After arriving at the York County Police Department, Plaintiff alleges that Defendant Morgan interrogated him and denied Plaintiff's requests to telephone his family and an attorney.  (Complaint at ¶6 and 10).  In addition, Plaintiff alleges that Defendant Peddicord took his personal papers from his wallet.  (Complaint at ¶7).

### III.  QUESTION PRESENTED

**IS PLAINTIFF ENTITLED TO A PRELIMINARY INJUNCTION TO PREVENT THE DEFENDANTS FROM CONDUCTING DEPOSITIONS OF PLAINTIFF?**

**SUGGESTED ANSWER:  NO.**

### IV.  ARGUMENT

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION IS IMPROPER AT THIS TIME.**

On January 21, 2004, Defendants filed a motion, which is still pending, to take oral depositions of Plaintiff.  On February 12, 2004, Plaintiff filed a Motion for Appointment of Counsel, and a Motion for Protective Order to prevent

Defendants from deposing Plaintiff until the Court ruled on Plaintiff's Motion for Appointment of Counsel.

Although Defendants have opposed Plaintiff's Motion for Appointment of Counsel, Defendants have not opposed Plaintiff's Motion for Protective Order. Moreover, Defendants have not yet even been granted permission from the Court to depose Plaintiff. Therefore, they cannot conduct deposition of Plaintiff at this time, and will agree to not do so until this Court rules on the Motion for Appointment of Counsel.

Plaintiff has now inexplicably filed this present motion for Preliminary Injunction, seeking to postpone Defendants' deposition of Plaintiff until the court rules on the pending Motion to Appoint Counsel. While Defendants acknowledge that Plaintiff is *pro se*, and is entitled to extra latitude in his pleadings, a motion for Preliminary Injunction at this time is improper and misguided. This is because Plaintiff's Motion for Protective Order is the proper procedural vehicle in this matter, and, if granted, will prevent any depositions pending the Motion for Appointment of Counsel.

A preliminary injunction is an extraordinary remedy which is to be granted in exceptional or limited circumstances. <u>Instant Air Freight Co. v. C.F. Air Freight, Inc.</u>, 882 F.2d 797, 800 (3d Cir. 1989) (citing <u>Frank's GMC Truck Center,</u>

Inc. v. GMC, 847 F.2d 100 (3d Cir. 1988); Skehan v. Board of Trustees, Bloomsburg State College, 353 F. Supp. 542 (M.D. Pa. 1973).

Here, since Defendants have not yet even been granted permission from the Court to depose Plaintiff, and have agreed not to do so until the Court rules on Plaintiff's Motion to Appoint Counsel, no exceptional or limited circumstances exist to warrant the extraordinary remedy of preliminary injunction.

## CONCLUSION

For these reasons, Plaintiff's Motion for a Preliminary Injunction order should be denied.

          **Respectfully submitted,**

          **GERALD J. PAPPERT**
          **Attorney General**

By:   **s/Jason C. Giurintano**
       **JASON C. GIURINTANO**
       **Deputy Attorney General**
       **I.D. No. 89177**

**Office of Attorney General**     **SUSAN J. FORNEY**
**Civil Litigation Section**     **Chief Deputy Attorney General**
**15th Floor, Strawberry Square**     **Chief, Litigation Section**
**Harrisburg, PA  17120**

                                         **Counsel for Defendants**

**Date:  March 3, 2004**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES, : | |
| Plaintiff : | |
| : | No. 1:CV-01-1015 |
| v. : | |
| : | (Judge Kane) |
| YORK COUNTY POLICE : | (Magistrate Judge Mannion) |
| DEPARTMENT; AGENT JAMES H. : | |
| MORGAN; DET. RICHARD : | Electronically Filed |
| PEDDICORD; DET. RAYMOND E. : | |
| CRAUL; SGT. GENE FELLS; DET. : | |
| ANTHONY GLOWCZEWSKI; AGENT : | |
| RANDY SIPES; and AGENT BRIAN : | |
| WESTMORELAND, : | |
| Defendants : | |

## CERTIFICATE OF SERVICE

I, Jason C. Giurintano, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on March 3, 2004, I caused to be served a true and correct copy of the foregoing document entitled Brief In Opposition To Plaintiff's Motion For A Preliminary Injunction by depositing same in the United States Mail, first-class postage prepaid to the following:

Tyrone P. James, EX-9451
SCI Rockview
P.O. Box A
Bellefonte, PA  16823

Donald L. Reihart
3015 Eastern Boulevard
York, PA  17402-3026

s/Jason C. Giurintano
**JASON C. GIURINTANO**
**Deputy Attorney General**