IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES )
    Plaintiff, )
 )
vs. ) CIVIL ACTION NO.1:01-CV-1015
 )
YORK COUNTY POLICE DEPARTMENT, ) (Judge Kane)
JAMES H. MORGAN, RICHARD PEDDICORD, )
RAYMOND E. CRAUL, GENE FELLS, ) JURY TRIAL DEMANDED
DET. KISSLER, CO. BAYLARK, )
RANDY SIPES, BRIAN WESTMORELAND, )
and DETECTIVE GLOWCZESKI )
    Defendants. )

FILED
HARRISBURG, PA

MAR 1 0 2004

MARY E. D'ANDREA, CLERK
Per _____

## AFFIDAVIT FOR ENTRY OF DEFAULT

AND NOW COMES, Plaintiff's Tyrone P. James, being duly sworn, depose and say:

1. I am a plaintiff herein.

2. The Complaint herein was filed on the 8th, day of June, 2001.

3. On the 21 day, of September, 2001, plaintiff's file an Amend Complaint, adding Defendants, Randy Sipes, Brian K. Westmoreland and Detective Glowczeski; which the Honorable Court Granted such order on February 25, 2002.

4. Plaintiff's Complaint was also brought against the York County Police Department.

5. On November 12, 2003, The Honorable Judge, Kane, declined to adopt the Magistrate's finding that a department is not a "person" for § 1983, and allowed the action to proceed against the Police Department Defendant. See Monell v. Department of Social Services of New York, 436 U.S. 658, 690-91 (1978). Inadequate police training may serve as the basis for § 1983 liability where the "failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388-89 (1989). The violation of this plaintiff's constitutional rights, be these officers, shows that a need for further training is obvious. Id. at 390, n.10; see also Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir.

1989)(deliberate indifference may be establish where harm occurred on numerous previous occasions and officials failed to respond appropriately, or where risk of harm is great and obvious).

6. More than five months, have elapsed since the date on which this order was commenced, by this Honorable Court.

7. Defendants counsel, Jason C. Giurintano, mentioned in is "Memorandum In Opposition To Plaintiff's Motion For Appointment Of Counsel; and Brief In Opposition To Plaintiff's Motion For A Preliminary Injunction," stated, that the Undersigned counsel does not represent the York Police Department, or Agent Randy Sipes, because these parties are not considered Commonwealth employees eligible for representation by undersigned counsel.

8. The Defendant is unaware of any summons have been served upon this Defendants, by the U.S. Marshals and copy of the Complaints, excluding the date thereof.

9. The York County Police Department, here, has failed to filed an answer to otherwise detail as to plaintiff's complaint, Amended Complaint, or served of and answer or defense which it might have had, upon affiant or any other's herein. The York County Police has not filed any answer as permitted by law although more than days or months have passed since the date of service.

WHEREFORE, this affidavit is executed in accordance with Rule 55(a) of Federal Rules Of Civil Procedure, for the purpose of enabling the Plaintiff's herein to obtain an entry of default against the Defendant for failure to answer or otherwise defend itself as to the Plaintiff's Complaint and Amended Complaint.

Respectfully Submitted,

Tyrone P. James

CX 9451
P.O. Box A
Bellefonte, PA 16823-0820

Date: March 1, 2004.