**ORIGINAL**

FILED
HARRISBURG, PA

MAR 12 2004

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES,<br>    Plaintiff, | :<br>:<br>: Civil Action No. 1:01 CV-1015<br>: |
| v. | :<br>: |
| | : Judge Yvette Kane |
| YORK COUNTY POLICE<br>DEPARTMENT, AGENT JAMES H.<br>MORGAN, DET. RICHARD<br>PETTICORD, DET. RAYMOND E.<br>CRAUL, DET. JEAN FELLS, DET.<br>KESSLER, C/O BAYLARK,<br>    Defendants. | : Courtroom: 3<br>:<br>:<br>:<br>:<br>:<br>: |

NOTICE OF MOTION, MOTION TO DISMISS OF RANDY
SIPES, MEMORANDUM OF POINTS AND AUTHORITIES,
AND DECLARATION OF RANDELL SIPES AND
EXHIBITS THERETO IN SUPPORT THEREOF
[Federal Rules of Civil Procedure Rules 8, 12(b)(2), 12(b)(5)
and 12(b)(6)]

PLEASE TAKE NOTICE Randy Sipes, appearing here specially, and not waiving service thereby, hereby moves to dismiss this action.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the declaration of Randell Sipes, and exhibits thereto, the

1

pleadings and papers on file herein and upon such further matters as may be presented to the Court at the time of the hearing.

## PRELIMINARY STATEMENT

In February of 2004, Randell Sipes, Special Agent, Bureau of Narcotics, Department of Justice, received in the U.S. Mail a "Summons In a Civil Case," in the captioned case. (Declaration of Randell Sipes (hereinafter Declaration), par.4.) The summons was captioned, "TYRONE P. JAMES Plaintiff v. RANDY SIPES Defendant." Under the "TO: (Name and address of defendant)," it states "(SEE COMPLT.)" (Exhibit 1 to Declaration.) The complaint enclosed neither named Randy Sipes, nor contained allegations identifying, or alleging conduct or involvement on the part of, Randy Sipes. (Exhibit 1 to Declaration.) The mailed package also contained some other documents with no apparent relevance to this motion. (Exhibit 1 to Declaration.) There was no indication on or inside the envelope that the package was sent registered or certified mail. (Declaration, par. 4, Exhibit 2 to Declaration.) The U.S. Postage meter paper affixed to the upper right corner of the envelope shows postage of $.83. (Declaration, par. 4, Exhibit 2 to Declaration.) There was no Waiver of Service of Summons directed to Mr. Sipes in the mailed package. (Declaration, par. 4, Exhibit 1 to Declaration.)

Mr. Sipes, during all times mentioned in the complaint mailed to him, was a Special Agent, Bureau of Narcotics, Department of Justice, State of California, and working in Los Angeles and Riverside Counties, California. (Declaration, par. 2.) During this time he resided in San Bernardino County, California. (Declaration, par. 2.) As part of the incident evidently underlying this complaint, he telephonically contacted the Pennsylvania Office of the Attorney General, and

shipped a package to the office. He did not travel to Pennsylvania, except to testify in September, 2001. (Declaration, par. 3.)

Based on the above, Randell Sipes moves to dismiss this case under Federal Rule of Civil Procedure, Rule 8 for failure to make "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 12(b)(2) for "lack of jurisdiction over the person," under Rule 12(b)(5) for "insufficiency of service of process," and under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted."

## ARGUMENT

### I.

### THIS CASE SHOULD BE DISMISSED FOR "LACK OF JURISDICTION OVER THE PERSON."

The case of *Comerota v. Vickers,* 170 F. Supp. 2d 484, 487-488 (M.D.Pa. 2001) summarized the law in the area as follows:

> In deciding a motion to dismiss for lack of personal jurisdiction, we accept the plaintiff's allegations as true. *Carteret Savings Bank, FA v. Shushan*, 954 F.2d 141, 142 (3d Cir.1992). Once a defendant has filed a motion to dismiss pursuant to Rule 12(b)(2), however, the plaintiff bears the burden of proving, either by sworn affidavits or other competent evidence, sufficient contacts with the forum state to establish personal jurisdiction. *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 689 (3d Cir.1990). Under the Federal Rules of Civil Procedure, district courts are authorized to exercise personal jurisdiction over non-residents to the extent permissible under the law of the state in which the district court is located. FED. R. CIV. P. 4(c); *North Penn Gas*, 897 F.2d at 689. The Pennsylvania Long Arm Statute permits a court to exercise jurisdiction over non-resident defendants "to the fullest extent allowed under the Constitution of the United States and [jurisdiction] may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 PA CONS. STAT. ANN. § 5322(b). The Pennsylvania Long Arm Statute is coextensive with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1221 (3d Cir.1992).

A district court may assert either general or specific jurisdiction over non-resident defendants. *Id.* Specific jurisdiction arises from a non-resident defendant's forum related activities. *Id.* To prove specific jurisdiction, "a plaintiff must show that the defendant has minimum contacts with the state 'such that the defendant should reasonably anticipate being haled into court there.'" *North Penn Gas*, 897 F.2d at 690 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L . Ed . 2d 490 (1980)). General jurisdiction applies where the plaintiff's claim arises from a non-resident defendant's out-of-forum activities. *Mellon Bank*, 960 F.2d at 1221. . . . . To assert general jurisdiction in Pennsylvania over an individual, a plaintiff bears the burden of proving the individual's presence or domicile in the Commonwealth at the time of service, or the individual's consent to suit." 42 PA. CONS. STAT. ANN. § 5301(a)(1).

There is clearly no presence, domicile or consent alleged in this case (Complaint), nor is there any in fact. (Declaration of Randell Sipes.) Thus, Mr. Sipes is not subject to the general jurisdiction of the Commonwealth's courts. The court in *Comerota* continues:

To exercise specific jurisdiction over the defendants, the court must determine (1) whether the defendants created minimum contacts with Pennsylvania during their dealings with plaintiff and (2) whether plaintiff's cause of action arises from defendants' activities directed toward the Commonwealth. See North Penn Gas, 897 F.2d at 690 (discussing the exercise of specific jurisdiction). Additionally, in the Third Circuit, a court must also determine whether the exercise of jurisdiction over the defendant comports "with traditional notions of fair play and substantial justice." *IMO Indus. Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir.1998) (quotations omitted). . . . .As noted before, once the defendant has properly raised an objection to personal jurisdiction the plaintiff bears the burden of demonstrating, through sworn affidavits or other competent evidence, the existence of jurisdiction.

Id. at 689.

The plaintiff herein has not in any way demonstrated evidence of jurisdiction over Randy Sipes.

Therefore, Randy Sipes respectfully submits that this motion be granted and the case dismissed for "lack of jurisdiction over the person."

4

II.

**THIS CASE SHOULD BE DISMISSED FOR "INSUFFICIENCY OF SERVICE OF PROCESS."**

Federal Rule of Civil Procedure, Rule 4 (e) provides that service on an individual from whom a waiver has not been obtained and filed, may be effected pursuant to the law of the state in which the district court is located (here Pennsylvania), or in which service is effected (here attempted service in California.) Service may also be obtained by delivering a copy of the summons and complaint to the person, or by leaving copies at the person's dwelling with a suitable person, or by delivering it to an agent for service for the person.

As set out above, in this case, Mr. Sipes received by U.S. Mail a "Summons In a Civil Case," in the captioned case. The summons was captioned, "TYRONE P. JAMES Plaintiff v. RANDY SIPES Defendant." Under the "TO: (Name and address of defendant)", it states "(SEE COMPLT.)" There was no indication on or inside the envelope that the package was sent registered or certified mail. The U.S. Postage meter paper affixed to the upper right corner of the envelope shows postage of $.83, which does not suggest the price of registered or certified mail, with a return receipt. There was no Waiver of Service of Summons directed to Mr. Sipes in the mailed package.

Pennsylvania Rules of Civil Procedure, Rule 308 provides that service of the complaint upon an individual defendant shall be made by handing a copy to the defendant, or by handing a copy to another specified appropriate person, or by mailing a copy with a return receipt card for certified or registered mail marked "Restricted Delivery." As set out above, Plaintiff failed to accomplish service in any of these ways.

California Rules of Civil Procedure, Rule 415.10 provides for service by personal delivery of a copy of the summons and of the complaint to the person to be served. California Rules of Civil Procedure, Rule 415.20 provides for service by leaving a copy of the summons and complaint at the individuals office, with a specified appropriate person, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. California Rules of Civil Procedure, Rule 415.30 provides for service by mail when copy of the summons and of the complaint is mailed to the person to be served, together with two copies of the notice and acknowledgment of service as set out in (b) of the section, and a return envelope, postage prepaid, addressed to the sender. As set out above, Plaintiff failed to accomplish service in any of these ways.

Service has not been effected on Mr. Sipes, under either Federal Rules, Pennsylvania Rules or California Rules. Therefore, Mr. Sipes respectfully requests that this motion to dismiss be granted for "insufficiency of service of process."

### III.

**THIS CASE SHOULD BE DISMISSED FOR "FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED."**

The purpose of motion to dismiss for failure to state claim under FRCP, Rule 12(b)(6), is to test sufficiency of complaint, and the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Stone v. Pennsylvania Merchant Group, Ltd.*, 915

F. Supp. 727, 729-730 (E.D.Pa.1996.) Plaintiff has not even named Mr. Sipes in the complaint, nor has he set out any facts in support of any claim against him.

Federal Rule of Civil Procedure, Rule 8, also provides relief to Mr. Sipes.

A complaint setting forth a claim for relief must contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and need not set out in detail the facts upon which the plaintiff bases its claim. The requirement of a "short and plain statement" is designed to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

*Burks v. City of Philadelphia*, 904 F. Supp. 421, 423 (E.D.Pa.1995.)

Mr. Sipes has been given no notice as to what Plaintiff's claim against him is. Therefore, he respectfully requests that this motion be granted in that the complaint fails to set for a claim upon which relief can be granted.

## CONCLUSION

For the reasons discussed above, Randy Sipes requests that this Court grant the motion to dismiss without leave to amend.

Dated: March 11, 2004

BILL LOCKYER, Attorney General
of the State of California
KRISTIN G. HOGUE,
Supervising Deputy Attorney General

By: _____
KRISTIN G. HOGUE
Office of the California Attorney General
110 W. A Street, Suite 1100
San Diego, CA 92103
Telephone: (619) 645-2024
Fax: (619) 645-2012
Bar No: CA 90505

Attorneys Specially Appearing for Randy Sipes

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **Tyrone P. James v. York County Police Department, et al.**
No.: U.S. District Court of Pennsylvania (Harrisburg)  **1:CV 01-1015-YK-MEM**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>March 11, 2004</u>, I served the attached **NOTICE OF MOTION, MOTION TO DISMISS OF RANDY SIPES, MEMORANDUM OF POINTS AND AUTHORITIES, AND DECLARATION OF RANDELL SIPES AND EXHIBITS THERETO IN SUPPORT THEREOF, and PROPOSED ORDER** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West "A" Street, Suite 1100, San Diego, California 92101, addressed as follows:

**Tyrone P. James**
**EX 9451**
**SCI Rockview**
**P.O. Box A**
**Bellefonte, PA 16823**
**Plaintiff Pro Se**

**Donald L. Reihart**
**Law Offices of Donald L. Reihart**
**3015 Eastern Boulevard**
**York, PA 17402**
**Attorney for Defendant York County Police Dept.**

**Jason C. Giurintano**
**Office of the Attorney General**
**Strawberry Square**
**15th Floor**
**Harrisburg, PA 17120**
**Attorney for Defendant James H. Morgan**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 11, 2004, at San Diego, California.

_____
Carole J. McGraw
Declarant

*Carole J. McGraw* (signature)
Signature