IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES )
      Plaintiff, )
) CIVIL ACTION NO.1:01-CV-1015
vs. )
) (Judge Kane)
YORK COUNTY POLICE DEPARTMENT, )
JAMES H. MORGAN, RICHARD PEDDICORD, ) JURY TRIAL DEMANDED
RAYMOND E. CRAUL, GENE FELLS, )
DET. KISSLER, CO. BAYLARK, )
RANDY SIPES, BRIAN WESTMORELAND, )
and DETECTIVE GLOWCZESKI )
      Defendants. )



PLAINTIFF'S OBJECTION TO THE DEFENDANT'S MEMORANDUM

IN OPPOSITION TO PLAINTIFF MOTION FOR

APPOINTMENT OF COUNSEL

AND NOW COMES, Plaintiff's, Tyrone P. James, pro se, filed objection to the Defendants, "Memorandum in Opposition To Plaintiff's Motion For Appointment Of Counsel and present memorandum of law in support of his Motion For Appointment of Counsel, filed by defendants on February 17, 2004, in the Honorable Court.

STATEMENT OF THE CASE

Plaintiff's, Tyrone P. James, pro se, litigant, filed action under 42 U.S.C. § 1983, on June 8, 2001, against the following defendants, York County Police Department, James H. Morgan, Brain Westmoreland, Richard Peddicord, Richard Peddicord, Raymond Craul, Gene Fells, Robert Kessler, Anthony Glowczeski, Randy Sipes and C/O Baylark.

Defendants filed Motion To Dismiss and Protective Order on December 28, 2001; this Honorable Court granted in part and denied in part on October 8, 2003. On October 15, 2003, defendants filed an answer to the Complaint and Amended Complaint. Plaintiff's Filed Request For Interrogatories and Request For Production Of Document, on or around November 2001; which Defendants served Discovery requests upon plaintiff; in which Plaintiff served supplemental

requests, requesting specific documents, which the defendants have failed to produce to this plaintiff. Futile attempts has been made by this plaintiff's to resolved this Discovery matter out this Court, in a good-faith effort, between defendants, through their attorney, that plaintiff's have to resort to this Court to intervene. (see Motion to Compel Discovery and Supporting Brief, filed on January 31, 2004.)

On or around January 2004, Defendants filed a Motion to Depose a Person Confined in Prison. On February 17, 2004, plaintiff's filed Protective Order; Motion To Compel Discovery and Motion To Appoint Counsel. Defendant filed memorandum in opposition to plaintiff "Motion To Appoint Counsel;" On March 5, 2004, plaintiff filed objection.

## STATEMENT OF FACTS

The factual and procedural issues are forth in Plaintiff's (1) Brief In Support Of Motion To Compel Discovery; Declaration In Support of Plaintiff; (2) Motion For A Temporary Restraining Order and Preliminary Injunction, Memorandum Of Law in Support Of Motion For TRO And Preliminary Injunction; and (3) Motion For Appointment Of Counsel and other Motion filed with this Court previously, relating to Motion For Appointment of Counsel and Brief in Support.

## ARGUMENT

The Court should appoint counsel for the plaintiff. The appointment of counsel for an indigent plaintiff in a civil matter under 28 U.S.C. § 1915 (d)... is usually only granted upon a showing of special circumstances indicating the likelihood of substantial prejudice ... resulting in plaintiff probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Tabron v. Grace, 6 F3d 147, 153 (3rd. Cir. 1993)(quoting Smith-Bey v. Petsock, 741 F.2d 22, 26 (3rd. Cir. 1984); Despite the Lack of a Constitutional or statutory right to counsel, 28 U.S.C. § 1915(e)(1) provide that "[t]he Court may request an attorney to represent any person unable to afford counsel." such appointment

2

is discretionary. In Parham v. Johnson, 126 F.3d 454, 457-58 (3d. Cir.1997). In Parham, the Third Circuit outlined the following applicable standards for appointing attorney under 28 U.S.C. § 1915: As a preliminary matter, the plaintiff's claim must have some merit in fact and law. If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors: (1) The plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;(4) the amount a case is likely to turn on credibility determination; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf.

As a preliminary step, then, the Court have found plaintiff's complaint and Amended Complaint claims to be meritless. [see Court's Order dated, September 18, 2001, Memorandum and Order, dated October 8, 2003, Memorandum and Order, dated, February 10, 2002 and Memorandum Order, dated November 12, 2003]. To the extent that plaintiff has survived preliminary dismissal of the case, and the fact that Honorable Judge Kane, has already found merit at the preliminary step, see Tucker v. Randall, 948 F.2d 388, 391(7th Cir. 1991); Sours v. Norris, 782 F.2d 106, 107 (8th Cir. 1986); In 1995, Congress enacted the Prison Litigation Reform Act; the primary purpose of the PLRA is that its provision will curb the filing of frivolous lawsuit by prisoner. See, Walker 65 F.Supp. 2d at 601; Collin v. Algarin, 1998 U.S. Dist. Lexis at 24.

Now this case lead to the applicable for appointing attorney under 28 U.S.C. § 1915; the following factors applies to plaintiff's claims for appointment of counsel:

1. Whether plaintiff has ability to present his own case?

(a) Not only is plaintiff classified as a disabled person under the "ADA"(American Disabilities Act), his previous inmate legal/advisor, Michael Forrest, #AM-3549, can no longer assist him in answering the defendants motions

3

or comply with any court business, due to his own medical complications.

(b) According to the facts in (1)(a) above, plaintiff is disqualified as a pro se litigant prepared to represent himself. Title 42 U.S.C. § 12102, provides in part: "The term disability means, with respect to an individual- (A) A physical or mental impairment that substantially limits one or more of the major life activities of such individual. Also see, Yeskey v. Pennsylvania Department Of Correction, 18 S.Ct. 1952 (1998). In plaintiff case he is considered disabled and can't represent himself. (See Exhibit A).

2. Whether there is a complexity of the legal issues?

(a) This is a complex case that will require extensive discovery, to include but not limited to : Depositions taken of defendants with the York County Police Department and State Attorney General; Agent James H. Morgan; Detective Richard Peddicord; Detective Raymond E. Craul; Sergeant Gene Fells; Agent Randy Sipes; Detective Anthony Glowczeski; Agent Brian Westmoreland and several potential witnesses, i.e. Mail Box Etc. Clerks. e.g. Detective Glowczeski in his answer to interrogatories failed to answer a direct question; Whether plaintiff was assaulted upon arrest? Glowczeski, stated an equivocal yes and no answer which disqualifies interrogatories as a credible discovery procedure.

(b) Deposition need to be taken of defendants; potential witnesses needs to be located for depositions.

(c) Restrictive Discovery materials which the Defendants failed to turned over the plaintiff's can't be obtained without the assistance of an attorney, because he is handicap plaintiff because of his incarceration; e.g. obtaining defendants work history record, internal Police Departmental policy from the York County Police Department, locating potential key witnesses, grievances and complaint filed by other person against the Defendants, any form of discrimination claims filed against these Defendants, this plaintiff can't conduct from prison even if he were not disabled.

(d) Plaintiff's request for particular discovery evidence relating to

the credibility of the determination of the defendants, e.g., inter-grievances filed, inter-complaints, whether any racial or criminal action filed against these defendants; supervisor's and Detectives reports; Shipping labels via of UPS; Defendants Morgan claim his Supervisor Mr. Smith received the said package from California that initiated the hold probable cause issues, the investigation and arrest. [See Brief In Support Of Motion To Compel Discovery], all of which were denied. Instead, the defendants answered with self serving misleading documents, e.g. (1) United States Postal services application of Delivery through Mail agent; (2) FedEx shipping receipts. (which no FedEx shipping was involved in their investigation); (3) MailBoxes, Etc, member service agreements. not relevant to the information plaintiff's requested, relating to probable cause, and the interval between investigation and arrest; and Mail, Etc. shipping receipts, (unrelated to the shipping of the package defendant Morgan testified under oaths, on several occasions, that he received himself and upon cross-examination give conflicting statements that the package that initiated the investigation was received by his Regional Supervisor, Mr. Smith. without such documents, this plaintiff his handicap in presenting his case, and only a competent attorney in the best interest of the plaintiff's could obtain these specific requested documents through there channel of proper discovery and access to restricted discovery materials. See Abdullah v. Gunter, 949 F.2d 1032 (8th Cir. 1991)(Citation Omitted), cert. denied, 112 S.Ct. 1995 (1992); Cooper v. Sargenti Co., Inc., 877 F.2d 170, 173 (2d Cir. 1989).

3. Whether the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation.

The investigation commenced in Riverside County, California, at the Mail Box Etc., with the subsequent arrest that followed in Pennsylvania, without probable cause; which are questionable has to the declarant motive and intent. Defendant, Sipes is a resident of California, as Agent Randy Sipes, State Attorney General's Office, who plaintiff's attempted to serve via the U.S. Marshals Service, but was returned, thus all prior attempts have failed via

the U.S. Marshals Service, warranting the completion of the investigation of defendants and witnesses, such as : Mail Box Etc., Clerk and Owner, and defendants, id. Supra. The need for further discovery for the location of defendant Randy Sipes, and Declarant, Mail Box Etc., Clerk Norisa, and Owner Mike Baker, warrant and requires appointment of counsel, for it is impossible for plaintiff's to conduct such investigation due to his incarceration. Tabron v. Grace, 6 F.3d at 156 (holding that need for discovery supports appointment of counsel); Tucker v. Dickey 613 F. Supp. 1124, 1133-34 (W.D.Wis. 1985).

(a) The investigation in this case was initiated in California. A legal package addressed to plaintiff was illicitly opened by Clerk Norisa, at previous requests of Agents Sipes, which prejudiced plaintiff and this case, therefore, has violated the 1st, 4th and 14th Amendments of the U.S. Constitution. See Coolidge v. New Hampshire, 403 U.S. 443, 450 (1971); Illinois v. Gates, 462 U.S. 213, 238 (1983); Katz v. United States, 389 U.S. 347 (1967). Rakas v. Illinois, 439 U.S. 128, 134 (1978); also see U.S. v. Salvucci, 448 U.S.83,86-87 (1980). Plaintiff had a reasonable expectation of privacy in the area search or the items seized. Walter v. U.S., 447 U.S. 649, 656 (1980); U.S. v. Jacobsen, 466 U.S. 109, 113 (1984); U.S. v Knoll, 16 F.3d 1313, 1320 (2d Cir. 1994); U.S. v. Paige, 136 F.3d 1012, 1021-23 (5th Cir. 1998); U.S. v. Allen, 106 F.3d 695, 698-99 (6th Cir.1997)(4th Amendment violation when police entered a suspect's motel room after a motel manager had found a package of marijuana because, by entering the room, the police search exceeded the manager's search of the package). U.S. v. Souza, 223 F.3d 1197, 1202 (10th Cir.2000); Wong Sun v. U.S., 371 U.S., 471, 479(1963)("It is basic that an arrest...must stand on firmer ground than mere suspicion."). Also see Oppenheimer Fund, Inc. v. Sander, U.S. 340 351 n.13, 98 S.Ct. 2380, 2389-90 n.13 57 L.Ed.2d 253 (1978)(Discovery is allowed with respect to Jurisdictional issues).

(b) The inadequate Law library here at SCI-Rockview, has made this plaintiff's incapable of doing the necessary legal research, of various federal and constitutional issues, compare to other SCI-Institution, and that his available to the defendants Attorney, to deal with the magnitude, of research

that this plaintiff needs to present this case before a competent jury. E.g. There is only one type writer, available to inmates, here, with a population of over Twenty-two hundreds, other institution consist of other sufficient legal equipments, such as a Computers, which make on inmate more sufficient in keeping up with the more advance legal world, inmate's are not allowed the converse with other Jailhouse lawyers, to seek held in their case, during law library hours, the law library inadequate, because in lock various federal materials, e.g. Federal Rule Of Evidences, jury selection and trial preparation, and legal research as to constitutional issues, such as the 4th, 5th, 6th, 8th and 14th Amendment of the U.S. Constitution; there are no alternative arrangement, to apprise, or to accommodate Plaintiff's for this deficiency. The absence of all federal materials from a prison library(without making some alternative arrangements to apprise prisoners of their rights) violates the First Amendment right, through the Fourteenth Amendment, to access to the courts. Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)(requiring adequate prison law libraries or some alternative means of informing prisoners about their legal rights and options); Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606(1996). Institutional policy only allowed an inmate to purchase twenty-five sheet of Paper-Bond (8-½*11") per week, which limits an individual access to court.

   4. Whether the amount a case is likely to turn on credibility determinations.

   (a) The credibility of the defendants is crucially questionable, particularly when the defendants, in their responses to plaintiff's interrogatories, are either based on selective memory, self serving answers and/or too equivocal to determine whether their answers to plaintiff's questions are yes or no, fact or conjecture; therefore, limits plaintiff's examination of the very defendants whom have assaulted him upon arrest, squarely questions the credibility of the defendants.

   The Large number of defendants, some of whom are detectives supervisors

7

and agents, presents complex legal issues of determining which defendants were sufficiently personally involved in the constitutional violations to be held liable. While plaintiff has requested for a jury trial, which requires greater skill than the plaintiff has or can develop. see Abdulullah v. Gunter, 949 F.2d 1032, 1036(8th Cir.1991)(citing jury demand as a factor supporting appointing of counsel), cert denied, 112 S.Ct. 1995(1992).

The credibility of the defendants as it relates to their answers to interrogatories is questionable and not sufficient enough to qualify as answer to plaintiff's direct questions. Appointment of counsel is crucially essential in this case because of the defendants failure to answer plaintiff's direct questions via interrogatories, thus the evidences of record, infers in this case that defendants are attempting to conceal what has already been admitted, e.g

(a) the shipping label of the package defendant Morgan, alleged received by him on January 10, 2001, and lately testified received by his Regional Supervisor, John Smith, on January 11, 2001, at the Attorney General Office, was initially testified under oath at preliminary hearing that defendant Morgan received the alleged package; contrastly, at the Suppression hearing on or about August, 22, 2004; Morgan testified that, "His Supervisor received the alleged package, which lead to probable cause to arrest;

(b) Morgan claim that he planted the Makes Shift package at the Mail Box Etc., 2536 Eastern Blvd., then later stated during testimony Morgan gave the Make Shift package to UPS. Driver, contrary to Morgan's testimony and other defendants testimonies and their reports, that Morgan place it himself. See Rule 801(d)(2), Fed.R.Evid. and Rule 404(b),Fed.Rule.Evid., Montiel V. City of Los Angeles, 2 F.3d 335, 341-42(9th Cir.1993)

(c) Defendant Morgan testimony to the fact that he denied, plaintiff's phone access to contact counsel, immediately family members, or the fact of his Physician, by instructing Prison Guards, "Not to give plaintiff's any phone call pending investigation," plus had previously denied plaintiff access to

counsel at the York Count Police Dept., and destroying plaintiff's "Attorney network card;" defendant refusing to give plaintiff inventory receipts of all personal property confiscated from him; then later testified that it was out of his control to allow plaintiff to contact counsel, while he was in the custody of the York County Prison, is another crucial juncture of this case, bringing this defendant to his credibility, has to truthfulness of this defendant report submitted to this by defendant counsel, in opposing motion to compel discovery.

(d) The conflicting sworns testimony by these defendants, at the District Magistrate Leppo office, at this plaintiff's preliminary arraignment, as to the package at the time being in PA, and the testimony relating to excessive Bond, reflex the credibility these defendants.

(f) The York County Police Department, has a history of prior police misconduct, has to racism, discrimination, and the use of excessive force against Black people and other minority group, bring to mind the credibility of the defendants, their past work-history, any interval grievances, internal complaints, on the subject matter at hand, to the use of excessive force, which the defendants refused to turned over the plaintiff's, upon his request.

(g) The mere fact that plaintiff which to conduct deposition upon said defendants, as to the credibility of these defendant. See US v. Nixon, 418 US 683, 94 SCt 3090(1974); Farsworth v. Procter & Gamble Co., 758 F.2d 1545 (11th Cir.1985); Pacitti v. Macy's, 193 F3d 766 (3rd Cir. 1999)(the federal rules allow broad and liberal discovery). The defendants are concealing on interval of the case, i.e., between the initial investigation, January 8, 2001 and the arrest of plaintiff in Pennsylvania January 10, 2001. This is one of the reasons why the Federal government refused to take the case. Documentation is available to verify that grand jury investigation was sought by defendant Craul, but refused. (Refer to page 8 item c; Memorandum Of Law In Support Of Motion For TRO And Preliminary Injunction).

5. Whether the case will require the testimony of expert witnesses.

9

Expert witnesses is appropriate in this case to proof the extend of the plaintiff's disability, in relation to the medications he was taken at the time of this incidents, meaning his arrest.

(a) The psychologically damages, the mental anguish relating the punitive damages, which the plaintiffs seeks. Has the Plaintiff's suffer from a mental disability leading back from 1985, was constantly under the supervision of a psychiatrist, and was on psych. medication at the time he was arrested. His demeanor, as to seeing defendants, in plaint clothes running towards him, without identifying themselves, is crucial; therefore expert witnesses is warranted; also plaintiff's was and still is constantly under the watchful eyes of a psychologist and psychiatrist, throughout his incarceration for the past three years. This issues bar would require the expertise's of a qualified, Certified Mental Health Physician, to explain the medical terminology of the evidence that are to be presented to a Jury. Psychiatric examinations are allowable if a person's mental condition is at issue. Sarko v. Pen-De Directory Co., 170 F.R.D. 127, 131 (E.D.Pa. 1997). See also Smith v. J.I Case Corp. 163 F.R.D. 229, 230 (E.D. Pa. 1995); Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d. 152 (1964). Fed.R.Civ.Proc. Rule 26(b)(4).

(b) The equivocal statements in the answer to Interrogatories, of Defendant, Glowczeski, as to (Yes)/no, as to question 7.; the impact of the of the vehicle driven by Defendant Glowczeski, upon Plaintiff's, which warrant expert testimony.

5. Whether the plaintiff can attain and afford counsel on his own behalf.

The Plaintiff's has been incarcerated, from January 10, 2001, without any for of income; this plaintiff's only make an nominal wages from institutional earning, and is unable to afford counsel, in this matter; plaintiff's attempts to secure counsel have been futile. The ends of justice would best be served this case if an attorney was appointed to present him; has Plaintiff is an indigent prisoner with no legal training or Court room and Trial experience. See Whisenant v. Yuam, 739 F.2d 160, 163, (4th Cir.

1984). In addition, he has very limited access to legal materials. <u>Rays v. Johnson</u>, 696 F.2d 700, 703-04 (8th Cir. 1992).

WHEREFORE, Plaintiff prays that the attached objection to the Defendants' Memorandum in Opposition to Plaintiff's Motion For Appointment Of Counsel is granted in the furtherance of an Orderly Administration of justice.

Respectfully Submitted,

Date: March 7, 2004.

*Tyrone James.*

Tyrone P. James.

EX 9451
P.O. Box A
Bellefonte, PA 16323-0820

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES<br>    Plaintiff,<br><br>vs.<br><br>YORK COUNTY POLICE DEPARTMENT,<br>JAMES H. MORGAN, RICHARD PEDDICORD,<br>RAYMOND E. CRAUL, GENE FELLS,<br>DET. KISSLER, CO. BAYLARK,<br>RANDY SIPES, BRIAN WESTMORELAND,<br>and DETECTIVE GLOWCZESKI<br>    Defendants. | CIVIL ACTION NO.1:01-CV-1015<br><br>(Judge Kane)<br><br>JURY TRIAL DEMANDED |

## VERIFICATION

I, Tyrone P. James, verify, under penalty of perjury, that the foregoing "Plaintiff's Objection To The Defendant's Memorandum In Opposition To Plaintiff Motion For Appointment Of Counsel," is true and correct to the best of my knowledge and belief, pursuant to 28 U.S.C. § 1746.

Date: March 7, 2004.

Respectfully Submitted,

*Tyrone James*

Tyrone P. James

EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES )
      Plaintiff, )
)
vs. ) CIVIL ACTION NO.1:01-CV-1015
)
) (Judge Kane)
YORK COUNTY POLICE DEPARTMENT, )
JAMES H. MORGAN, RICHARD PEDDICORD, ) JURY TRIAL DEMANDED
RAYMOND E. CRAUL, GENE FELLS, )
DET. KISSLER, CO. BAYLARK, )
RANDY SIPES, BRIAN WESTMORELAND, )
and DETECTIVE GLOWCZESKI )
      Defendants. )

## CERTIFICATE OF SERVICE

I, Tyrone P. James, Plaintiff's hereby certified that , I am this day serving a true and correct copy to assigned counsels, "Plaintiff's Objection To The Defendant's Memorandum In Opposition To Plaintiff Motion For Appointment Of Counsel, in the manner set forth below to the following:

By First Class U.S. Mail:

Jason C. Giurintano, DAG
**Office Of Attorney General**
Commonwealth Of Pennsylvania
15th Fl., **Strawberry Square**
Harrisburg, PA 17120

**Donald L. Reihart**
Law Office Of Donald L. Reihart
3015 Eastern Blvd., Suite 204
York, PA 17402.

Date: March 7, 2004.

*/s/ Tyrone James*

Tyrone P. James
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

ne James
?A51
Box A
~nk, PA 16823-082@



INMATE M...
PA DEPT OF
CORRECTIONS

FILED
MAR 1 5 2004
PER _____
HARRISBURG, PA  DEPUTY CLERK

Office of The Clerk
United States District Court
United States Court House
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

Legal mail.

C