IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES
      Plaintiff,        :

      v.                :       CIVIL ACTION NO. 1:01-CV-1015

YORK COUNTY POLICE DEPARTMENT,  :      (Judge Kane)
JAMES E. MORGAN, RICHARD PEDDICORD,      JURY TRIAL DEMANDED
RAYMOND E. CRUAL, GENE FELLS,
DET. KESSLER, CO. BAYLARK,
RANDY SIPES, BRIAN WESTMORELAND,
and DETECTIVE GLOWCZESKI
            Defendants,  :



PLAINTIFF'S RESPONSE TO DEFENDANT'S RANDY SIPES, NOTICE OF MOTION, MOTION

TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION AND EXHIBITS

IN SUPPORT THEREOF

### STATEMENT OF THE CASE

On June 8, 2001, Plaintiff's filed a 42 U.S.C. § 1983, against the York County Police Department; James H. Morgan; Detective Richard Peddicord, Detective Raymond E. Crual; Detective Jean Fells, Detective Kessler and C/O Baylack; in the United States District Court, Middle District of Pennsylvania.

On October 28, 2001, The Honorable Judge, Kane, granted Amended Complaint, filed by this plaintiff's, adding defendants, Randy Sipes, Brian Westmoreland and Detective Glowczeski to Complaint filed on June 8, 2001. This Court ordered Randy Sipes to be served, but service was insufficient, because of the address at the Department of Justice, California. Complaint was in violation of Plaintiff's Constitutional rights, while working as a State employee's, under the color of State and Federal laws, of right guaranteed by the Constitution or Federal Laws.

On September 18, 2001, the Honorable Judge, kane overruled the magistrate Judge, Recommendation and Report and Ordered Defendants to be served, Complaint.

### PROCEDURAL HISTORY OF THE CASE

On October 28, 2001, plaintiff's, Tyrone P. James, filed "Motion To Amend

Complaint and Brief;" adding Agent Brian Westmoreland (Supervisor), Office Of Attorney General Bureau of Narcotic Investigation and Drug Control, Lemoyne, Pennsylvania; Detective Glowczeski, York County Drug Task Force; and Agent Sipes, California Department of Justice, Office of the Attorney General, Narcotic Division.   On February 20, 2002, this Court granted said Motion. On April 25, 2002, the Honorable Judge Kane, ordered the U.S. Marshal to served the Amended Complaint (Doc. NO. 56), together with the addrendum to the Complaint, (Doc.NO.22), upon the three new defendants, and upon the original defendant.

On January 30, 2004, plaintiff's filed request for Entry Of Default, against defendant Randell Sipes, for failure to plead or otherwise defend himself against this civil action.  The Honorable Judge Kane, denied said motion, because defendant was never served (see Doc.NO.73 waiver of service of summons); Although the Court ordered the U.S. Marshal to served defendant Sipes, the summons was returned for insufficient address. (See docket notation regarding summons following entry NO.70; Doc. NO.75); and ordered that the Clerk of Court shall again attempt to serve defendant Randell Sipes at the last know address; also that, plaintiff shall be notified as to whether service was affected.  Although, this Plaintiff's was never notified, on March 16, 2004, he received, "Notice of Motion, Motion To Dismiss of Randy Sipes, Memorandum of Point And Authorities, and Declaration of Randell Sipes and Exhibits Thereto In Support Thereof." [ Federal Rules of Civil Procedure, Rule 8, 12(b)(2); 12(b)(5) and 12(b)(6)].  Plaintiff's hereby file this Motion in Opposition to Defendant Randell Sipes, Motion To Dismiss.

## STATEMENT OF FACTS

On January 8, 2001, Agent Randell Sipes, which working for the Department Of Justice, Office Of Attorney General, State of California; unlawful search a package, addressed to Plaintiff's, Mail Box, In Pennsylvania, without probable cause, or search warrant in violation of plaintiff's constitutional rights, guaranteed under the United States Constitution, under the First, Fourth, Five,

and Fourteenth Amendments, under the Due Process and Equal Protection; relating to mail matters and privacy rights issues. Agent Sipes, violated Title 18 U.S.C.S. § 1702, prying into business and the secrets of one's private mail or package without the proper due process; or using private parties to assist in such action. Protection of such letter or package being within the Constitutional power of congress. See United State v. Mc. Credy, (1982, CC Tenn) n F. 225; See 18 USCS section 1702 is Constitutional; Biggs v. United States, (1970, D Fla) 318 Supp. 212 affd (CA5 Fla), 438 F.2d 1180. Ex Parte Jackson, 96 U.S. 727, 733, 24 L.Ed. 877 (1878).

Upon invading this Plaintiff's privacy right, defendant Sipes, unlawfully search package addressed to Plaintiff Mail Box, in Pennsylvania; Defendant Randell Sipes, then contacted Defendant Morgan, State Attorney General Office, in Pennsylvania; whom in turn created a "Make Shift Box", placed it by himself, at plaintiff's mail box, for him to retrieved; which led to the pretext and subterfuse arrest of Plaintiff on January 10, 2001, by the other defendants, named in the law suit; the used of excessive force was enforced, in which plaintiff, suffer great harm, the illegal search of his mail box, person and property.

Defendant Randell Sipes has violated Plaintiff rights under the United States Constitution, Federal and State laws; by creating a substantial risk, which cause other Defendants to created great bodily harm against this plaintiff's. The illegal search, of package, originated in California, at point of origin, give cause to the used of force, without probable cause, against this plaintiff's. [ See Amended Complaint attached as Exhibits A and Randell Sipes Report Exhibit B].

## QUESTION PRESENTED

WHETHER THIS HONORABLE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT AGAINST DEFENDANT'S RANDELL SIPES FOR:

(a) Lack of Jurisdiction over person; NO!

(b) Insufficiency of service of process; NO!

(c) For failure to state a claim upon which no relief can be Granted; NO!

## ARGUMENT

### WHETHER THE HONORABLE COURT SHOULD DISMISS COMPLAINT AGAINST RANDELL SIPES FOR LACK OF JURISDICTION OVER THE PERSON?

In the case Defendant cited, Comerota v. Vicker, 170 F.Supp.2d. 484-487-488 (M.D.Pa.2001); which state that, in deciding a motion to dismiss for lack of personal jurisdiction, we accept the plaintiff allegation as true, Carteret Saving Bank, FA v. Shushan, 954 F.2d 141, 142 (3d. Cir. 1992). The plaintiff's bears the burden of proving, either by sworn affidavit or other competent evidence; sufficient contact with the forum state to establish personal jurisdiction, North Pen Gas Co. v. Corning National Gas Corp., 897 F.2d 687 (3d Cir. 1990); Under the Federal Rules of Civil Procedure District Courts are authorized to exercise personal jurisdiction over non-residents to the extents permissible under the law of the state in which the district court is located, Fed.R.Civ.P. 4(c); North Pen Gas; 397 F.2d at 689.

The Pennsylvania Statue permit a Court to exercise jurisdiction over non-resident defendants "To the fullest extent allowed under the Constitution of the United State and [Jurisdiction] may be based on the most minimum contact with the Commonwealth allowed under the Constitution of the United States 42 Pa. Cons. State Ann. § 5322(b); which extended with the Due process clause of the Fourteenth Amendment of the United States Constitution, Mellon Bank (East) PSFS v. Farino, 960 F.2d 1217, 1221(3d. Cir. 1992)

Despite The different wording of the substantive and jurisdictional provisions, when the S 1983, claim alleged constitutional violations. § 1343(3) provides jurisdiction and both sections are contrued identically. Lynch vs. Household Finance, 405 U.S. 538, 544.n7. 92 S. Ct. 1113, 31 L.Ed.2d 424(1972).

Before a Federal Trial Court may exert personal jurisdiction over a defendant, it must satisfy the due process standard of the 5th and 14th Amendment of the Constitution. These are notion of fair play as developed

under Due process provisions of the Constitution, and State limitation on the authority of the State Courts to exercise personal jurisdiction.  Fair play, or due process, divides into two components: an evaluation of the contacts that exist between the defendant and state where the Court sits, and an evaluation of the  quality of Notice of the suit that the defendant received. Primarily the exercise of personal jurisdiction must not be fundamentally unfair to the defendant.  The most common means of satisfying this fairness requirement are (1) the defendants' consent to jurisdiction; (2) Service of process on the defendant within the territorial confines of a State in which the District Court sits; or (3) Service of process on a non consenting defendant not within a State, when such service is fair, because the defendant has sufficient, contact with the State.  In this circumstance, the defendant, through presenting the objection to jurisdiction, has consented for this limited purpose of allowing the Court to determine whether personal jurisdiction exists.  See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694 102 S.Ct. 2099, 72 L.Ed. 492 (1982).

A defendant served with process outside the territorial confine of the State where a Court sits may nontheless be subject to the personal jurisdiction of Courts within that state.  Personal jurisdiction may be sustained be sustained even if the defendant does not consent to jurisdiction; For such jurisdiction to be constitutional, the defendant has to have "contacts" with the State in which the Court sits of such a quality and nature that exercise of personal jurisdiction would not offend "Traditional notion of fair play and substantial justice.  See International Shoe Co. v. Washington, 326 U.S. 310 66 S.Ct. 154, 90 L.Ed. 95 (1945) cf; IMO Industries, Inc., v. Kiekert AG, 155 F.3d 254,259 (3rd Cir. 1998).  Plaintiff's has reached the burden of demonstrating defendant minimum contacts.  It should be noted, however, that the "contacts" necessary to sustained personal jurisdiction need not always be physical.  See Burger King v. Rudzewic, 471 U.S. 462 476 105 S.Ct. 2124 2184, 85 L.Ed.2d 528 (1985).  Defendant Sipes contact with Defendant Morgan is reasonably sufficient to sustain personal jurisdiction.  See International

Shoe Co., v. Washington, 306 U.S. 310, 60 S.Ct. 154, 90 L.Ed. 95 (1945). Defendant Sipes contacts are closely related to the cause of action, that occurred on January 8,9,10,11, and 12, all the way up until December 2001 in Pennsylvania.

Specific jurisdiction is generally used to indicate that a defendant's contacts with a state may not be large or systematic and continuous, However, the contact may still satisfy jurisdictional requirements, if the contacts are related to the cause of action and purposeful and jurisdiction based on the contacts is otherwise reasonable. See Helicopter Nacio Nales del Colombia, S.A. v. Hall, 466 U.S. 408, 414-15, 104 S.Ct. 1368, 1872, 80 L.Ed.2d 404 nn. 8-9 (1984)(identifying specific and general jurisdiction and distinguishing them). Phillip Exeter Academy v. Howard Phillip Fund Inl., 196 F.3d 284 283 (1st Cir. 1999). Specific jurisdiction arise from a non-resident defendant's forum related activities. A plaintiff's must show that the defendant has minimum contact with the State, such that the defendant should reasonably anticipate being haled into court here; North Penn Gas, 897 F.2d at 690 (quoting World-Wide Volkswagen Corp v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

Here Defendant, in his Declaration Of Randell Sipes, states, that,"We telephonically contacted the Pennsylvania Office of The Attorney General and Shipped a package to the office and traveled to Pennsylvania, except to testify in September 12, 2001;" [see Declaration of Randell Sipes]. What he failed to alleged, is that he had contacted the Mail Box Etc., in Riverside, California, prior to the search of the package, in which he alleged, was search by the Mail Box Etc., Clerk, Norisa; in which he had instigated, by his prior contacted with the Clerk, and handing out Memo, instructing Mail Box Etc., to search suspicious packages, and to call him immediately giving her a direct number to call him at his office, in Riverside, California. When this search occurred on January 8, 2001, he immediately contacted an Agent Ron in Pennsylvania, and immediately got in touch with Defendant Morgan, whom initiated

6

a make shift package, placed it at plaintiff mail box, upon plaintiff retrieving said package, defendants rushed plaintiff's, and subsequently hit him with a van, driven by one of the defendant and later trample upon him with their shoes and Boots, by named defendants. He also initiated prior contact with plaintiff's after he was preliminary arraigned and requested counsel; by Defendant Morgan, continuous interrogation of plaintiff at the York County Prison on January 11, 2001. [see Exhibit A,B,C, Amended Complaint; Defendant Sipes Report, Defendant Morgan Supplemental Report and Declaration in Support]. He later traveled to Pennsylvania, on September 11,12, 2001, to testified at the Suppression; and participated in continuous active investigation. Plaintiff's have clearly state his pleading upon Defendant Sipes, in his Amended Complaint [See Exhibit B]; also see Brief in support of his motion to dismiss (Doc. NO.22).

The exercise of jurisdiction over the defendant comport, "with traditional notions of fair play and substantial; IMO Indus. Inc. v. Kiekert AG, 155 F.3d 254, 259 (3rd Cir. 1998). Defendant Sipes unconstitutional Act, or conduct, violated the plaintiff's Bill Of Rights, under the U.S. Constitution; because of his cause of actions, plaintiff's was able to suffer harm, and the used of excessive force would not have been implemented.

By contrast "general jurisdiction may be found where the defendant's contacts with the State are unrelated to the cause of action, but are substantial, systematic and continuous; see Phillip Exeter Academy v Howard Phillips Fund. Inc; 196 F.3d 284 288 (1st Cir. 1999); Mink v AAAA Development LLC, 190 F.3d 333, 336 (5th Cir. 1999). However, it should be emphasized that when a plaintiff seeks to sustain a suit base on unrelated contacts the contacts should indeed be substantial. See Chaiken v. VV Publishing Corp. 119 F.3d 1018, 1028 (2d. Cir. 1997) certi denied 522 U.S. 1149; 118 S.Ct. 1163 140 L.Ed.2d 179 (1998); Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1200 (4th Cir. 1993). This Court have jurisdiction over the defendant, or person and the likeliwood that if this Complaint prove to be true would subject the

defendant to personal jurisdiction in the forum on hearing or factual resolution is required and theoretical challenge fail; the defendant subjected himself within a particular set of actions; the Court should accept the plaintiff rendition of the relevant dispute facts. See Credit Lyonnais (USA) Inc., v. Alcantara, 183 F.3d 151 153 (2d Cir. 1999). Plaintiff's would be prejudice if complaint is dismiss against defendant Sipes, whom initiated the cause of action, from California, the point of origin; initiating the unlawful search of package addressed to this plaintiff mail box in Pennsylvania. Probable cause, is questionable, relating to the totally of the circumstances surrounding the search, arrest and the use of excessive force, and harm suffered by the plaintiff's. 28 U.S.C. § 1343(3) and 1343(4), clearly give United States District Court Jurisdiction Over any suit authorized by 42 U.S.C. § 1983. See Potter v Mecall, 433 F.2d 1087 (9th Cir. 1970).

II

WHETHER THIS HONORABLE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT FOR<br>INSUFFICIENCY OF SERVICE OF PROCESS.

The Court upon a Plaintiff's request, may direct that the United States Marshal or some or specially-appointed service is required; however in the case of pauper plaintiff's U.S.C.A. § 1915(c), see Lindsey v. United States R.R. Retirement Bd; 101 F.3d 444 447-48 (5th Cir. 1996); Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996). Original process may be served upon any competent adult individual found within the United States in the following manners: (1) Specific Federal Law; in any manner specifically authorized by Federal law for such Service. where Congress has determined that a particular type of service is necessary or proper. See Green v. Julius Mason & Co., 996 F.Supp. 394, 395-96 (D.N.J. 1998); (2) Waiver: Under the waiver of service provision of Rule 4(d); (3) State Law: In the manner authorized by the State in which the District Court sits, or by the State in which the Service is to be accomplished; (6) Agent: By delivering the Summons and Complaint to an agent appointed by the individual to receive service, or to an agent authorized by

law to receive service.

A non-resident, not otherwise present in the forum, may be served properly with, by serving an agent who has been authorized either by appointment or by law to receive service on the person's behalf. See Bank & Trust Co., v. EA. Int'L Trust, civ NO. 98-6163, 1999 WL 549036, at (W.D. Pa July 26, 1999). ( Service proper, because return of service showed that summons and complaint were left with a specified security guard at defendant residence who was instructed by [defendant] to accept service). Rule 4(e) authorize service in the Federal Courts in any manner permitted by the forums state law and may States authorize service at business address; Rule (4)(e)(1). Here, Plaintiff's Tyrone P. James, an indigent pro se litigant, requested the Court through the U.S. Marshals Service, to served defendants, copy of the Complaint and Amendment Complaint. On September 13, 2001, this Honorable Court order Defendants to be served with copy of complaint and on February 20 and April 25, 2002, this Court, by the Honorable Judge Kane, ordered the U.S. Marshals, to served the added three Defendants; Defendants Westmoreland, Clowczeski and Sipes, to be served copy of said Complaint and Amended Complaint [Doc. NO. 55; Doc. NO.22]; which attempts were made to served Defendant Sipes, out was insufficient and unsuccessful, for insufficient address. it was not until plaintiff's filed a "Entry of Default", against defendant Sipes, for failure to answer Complaint and Amended Complaint, that he learned that process of summons was returned for insufficient address ( see docket notation regarding summons following entry NO. 70; Doc. NO. 75]; plaintiff was never notified.

On February 10, 2004, this Court Ordered the Clerk of Court to again attempts to serve defendant Randall Sipes at last know address, and Plaintiff's shall be notified as to whether service was effected. On February 11, 2004; the Clerk of Court initiated Service, to the last known address of defendant Sipes. This defendant claimed that there was no indication on or inside the envelope that the package was sent registered or certified mail. that the U.S. Postage meter paper affixed the upper right corner of the envelope shows

postage of $.83¢; which does not suggest the price of registered or certified mail, with a returned receipt and there was no waiver of service of summons directed to Mr. Sipes in the mailed package. Citing, Pennsylvania Rules of Civil Procedure, Rule 308 and California Rules of Civil Procedure, Rule 415.10 and 415.20 and 415.30(b).

This Court should note, that plaintiff's is an indigent, pro se, litigant, whom is consider a pauper, in the eye of this Court; He has no Control over the process of service of summons, by the U.S. Marshals, or the Clerk Of Court, in which this Court, has ordered, both the U.S. Marshals and the Clerk of Court to served summons on defendants. From the records it seems that several attempts to served process of service, "Summons", on defendant Sipes, which came back as insufficient address; it seems that the Clerk of Court finally served defendant employer or Agent, which are in compliance with Federal Rule Of Civil Procedure, Rule 4(6); therefore service was properly served upon defendant Sipes. The District Court Process and personal jurisdiction is properly exercised upon defendant Sipes. See Sueyert v U.S. Customs Serv, 180 F.R.D. 276 (E.D. Pa July 13, 1998); see Section 28 U.S.C. 1915; Adkins v. E.I. Dupont de Nemours, 335 U.S. 331 (1948); Fed.R.Civ.Pro.Rule 4.

Plaintiff Complaint and Amended Complaint have merit and support a meritorious claims in violation of plaintiff constitutional right; and does not call upon the financial support of the Federal Government to prosecute frivolous civil suits; intended to harass state officials. See Daye v. Bounds, 509 F.2d 66 (4th Cir. 1975); But to dispute their conducts, while acting under the color of state law, violated Plaintiff constitutional rights; therefore process was properly served and this matter should be allowed to proceed. [see Defendant Sipes Motion To Dismiss and Declaration of Randell Sipes].

III

WHETHER THIS COURT SHOULD DISMISS COMPLAINT, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

For a complaint to survive a motion to dismiss challenge, the Complaint

must state a prima facie case that avers sufficient facts, that if proven, would entitle the plaintiff relief.  The Court is required to review the alleged facts "in the light most favorable" to the claimant (Plaintiff) and only dismiss the action if it appears inconceivable that the plaintiff could produce reliable evidence justifying relief under any legal theory.  See Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed 80 (1957); also Gainey v. Brotherhood of R and SS Clerk, etc., 177 F. Supp. 421 affirmed 275 F.2d 342 (3cd Cic. 19).

A Motion To Dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted when, taking all factual allegation and inferences as true, the moving party is entitled to judgment as a matter of law.  Markowitz v. Northeast Land, Co; 906 F.2d 100, 103 (3rd Cir. 1990). The Burden is on the moving party to show that no claim has been stated.  Johnsrad v. Carter, 620 F.2d 29, 33 (3d Cir. 1980).  A Court May dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations; Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  However, "A Court need not credit a complaint's "bold assertions" or legal conclusion when deciding a motion to dismiss."  Morse v. Lower Merion Sch. Dist. 132 F.3d 902, 906, 908 (3rd Cir. 1997).  Plaintiff, is a pro se litigant, and as such, his complaint must be liberally construed and held to a less stringent standard than formal pleading.  Estelle v. Gamble, 429 U.S. 97 (1976).  A pro se action "can only be dismissed for failure to state a claim if it appear "beyond a reasonable doubt that the plaintiff case prove no set of facts in support of his claim, which would entitle him to relief." Id. at 106 (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972); Cruz v. Beto, 405 U.S. 319 (1972).  Also see Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir.1993); Ortez v. Washington County, 99 F.3d 964, 907 (9th Cir. 1995); Mc. Dowell v. Delaware State Police, 88 F.3d 188, 189 (3rd Cir. 1996); Antonell v. Sheahan, 81 F.3d 1422 1427 (7th Cir. 1996).

The Defendant argues citing Stone v. Pennsylvania Merchant Group, Ltd., 915 F.Supp. 727, 729-730 (E.D.Pa. 1996); stating that plaintiff's has not named

Mr. Sipes, in the Complaint, nor has he set out any facts in support of any claim against him.

In plaintiff Amended Complaint, filed with this Court on October 28, 2001; in which this Court properly granted, and the Brief in support of his opposition to Defendant Motion to Dismiss, (Doc. No. 22); Plaintiff explained the nature and reasons for amending Complaint, in which he plead to alleged facts against Defendant Sipes; whom violated his constitutional rights, while acting under the color of state law, and being a state employee. Defendant Sipes, ellicited Mail Box Etc., Clerk Norisa, to intercept packages and participated in the search of said package, addressed to plaintiff's in Pennsylvania, in violation of plaintiff First, Fourth, and Fourteenth amendment Due Process right; he further instigated additional search of defendant person, and instigated in the improper interrogation, by Defendant Morgon, by questioning plaintiff about his finances after he invoked his rights to counsel (Attorney); before and after his preliminary arraignment at the York County Prison, in violation of his Fifth, Sixth and Fourteenth Amendment rights. His cause of action constituted to the use of excessive force against this plaintiff's, by members of the Pennsylvania State Attorney General, York County Police Department, and York County Drug Task Force.

These Claims would not necessarily imply the invalidity of a conviction, following admission of such evidence, because of doctrines like independent source rule and inevitable discovery ... and especially harmless error; Therefore, Plaintiff claim against Defendant Sipes for unreasonable search of his property should not be Dismiss; even if the challenged evidence is introduced in a state criminal trial resulting in conviction. Heck v. Humphrey 512 U.S. 477 487 N.7 (1994). The less stringent standard apply in this case, because plaintiff's is a pro se litigant; and pleading, should be held to less stringent standards than the formal pleading drafted by lawyers." 404 U.S. at 520.

The Defendant again cited, Hunt v. City of Philadelphia, 904 F.Supp. 421,

425 (E.D. Pa 1995); claiming that plaintiff's complaint, setting forth a claim for relief must contain, inter alia, "a short and plain statements of the claim showing that the pleader is entitled to relief;" Fed.R.Civ.P. 3(a)(2). Plaintiff's has fairly presented this Court with the filing of his Amended Complaint and presented Brief in support of opposition of motion to Dismiss, (Doc.NO.22), along with [Exhibit "A" Amended Complaint; Exhibit "B" Agent Sipes Investigation Report NO# R12001-00005, filed eleven days after incident; and Exhibit "C" Defendant Morgan Supplemental Report, Case NO. 30003-01]. Also available will be the Note Of Testimony. of the Suppression held on September 12, 2001, in the Court Of Common Plea, York County.

Plaintiff's have served Defendant Sipes a copy of this opposing motion along with the available exhibits; therefore this Complaint and Amended Complaint against Defendant Sipes, should proceed to trial; as plaintiff demanded a Jury Trial.

CONCLUSION

WHEREFORE, Plaintiff prays this Honorable Court upon consideration of the foregoing reasons, motion and exhibits along with defendant Sipes response; denied Defendant Sipes, Motion to Dismiss Complaint, Amendment Complaint and allowed Plaintiff's to proceed with this matter to trial.

Respectfully Submitted,

Tyrone James.

Tyrone P. James,

EX 5151
P.O. Box A
Bellefonte, PA 16823-0010.

Date: March 26, 2004.

13

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,
      Plaintiff,        :

                      :     CIVIL ACTION NO. 1:01-CV-1015

      v.             :

                      :     (Judge Kane)

YORK COUNTY POLICE DEPARTMENT,  :     JURY TRIAL DEMANDED
JAMES H. DUGGAN, RICHARD P. DUFFORD,  :
RAYMOND E. IRELN, GENE PARIAS,    :
DET. KESSLER, CO. BAUGARK,      :
RANDY SIPES, BRIAN SUTHERLAND,    :
and DETECTIVE GLOMCESKI        :
      Defendants,         :

## VERIFICATION

I, Tyrone P. James, verify, under penalty of perjury, that the foregoing "Plaintiff's Response To Defendant's Randy Sipes, Notice Of Motion, Motion To Dismiss; Memorandum Of Point And Authorities, Declaration And Exhibits In Support Thereof," is true and correct to the best of my knowledge and belief, pursuant to 28 U.S.C. § 1746.

                              Respectfully Submitted,

Date: March 25, 2004.

                              Tyrone P. James.

                              DM 9451
                              P.O. BOX A
                              Bellefonte, PA 16823-0820

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES                          :
        Plaintiff,                     :
                      :   CIVIL ACTION NO. 1:01-CV-1015
     v.                                 :
                      :   (Judge Kane)
YORK COUNTY POLICE DEPARTMENT,           :   JURY TRIAL DEMANDED
JAMES H. MORGAN, RICHARD PEDDICORD,      :
RAYMOND E. CRUAL, GENE FELLS,            :
DET. KESSLER, CO. BAYLARK,               :
RANDY SIPES, BRIAN WESTMORELAND,         :
and DETECTIVE GLOWCZESKI                 :
        Defendants,                    :

## CERTIFICATE OF SERVICE

I, Tyrone P. James, Plaintiff's hereby certified that, I am this day serving a true and correct copy to assigned counsel's, "Plaintiff's Response To Defendant's Randy Sipes, Notice Of Motion, Motion To Dismiss; Memorandum Of Points And Authorities, Declaration And Exhibits In Support Therof," in the manner set forth below to the following, by placing said legal manila envelope, deposited into the institutional mail box, and turning over said documents to prison officials for mailing:

BY FIRST CLASS U.S. MAIL:

Jason C. Giurintano
Office Of The Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120

Donald L. Reihart
Law Office Of Donald L. Reihart
3015 Eastern Boulevard
York, PA 17402

Kristin G. Hogue, SDAG
State Of California
Department Of Justice
Office Of Attorney General
110 West A Street, Suite 1100
P.O. Box 35266
San Diego, CA 92136-5266

Date: March 26, 2004

Tyrone P. James
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES                    :
        Plaintiff                   :     CIVIL ACTION NO. 1:CV-01-1015
                               :     Judge Kane

        v.                           :

YORK COUNTY POLICE DEPT.,          :

ET AL.,                            :

        Defendants

## MOTION TO AMENDED COMPLAINT
## AND BRIEF

**Come now,** hereby Plaintiff in Pro-se, ask this Court to Amend complaint under Rule

15 of the Federal Rules Of Civil Procedure, and add the following named defendants to

this complaint.

    1. Agent Randy Sipes, of the California Department  of  Justice, Office of the Attorney

General, Narcotic Division.

    2. Agent Brian K. Westmoreland (Supervisor) Office of Attorney General Bureau of

Narcotic Investigation and Drug Control, Lemoyne, Pennsylvania.

    3. Detective Glowczeski, York County Drug Task Force York, Pennsylvania.

**Brief**

    4. Agent randy Sipes search a package which was addressed to Plaintiff, at the Mail

Box Etc. in California, without a warrant on January 8, 2001 and without the proper due

process to the First, Fourth and Fourteenth Amendment of the United States Constitution;

Agent Sipes was in violation of 18 USCS section 1702 prying into business and secrets of

one's private mail or package without the proper due process. Protection of such letter

EXHiBiT "A"

being within constitutional power of Congress.  See, United States v Mc Cready (1882, CC Tenn ) 11 F 225; See 18USCS section 1702 is constitutional. Biggs v United States (1970, D Fla) 318 F supp 212, affd (CA5 Fla) 438 F2d 1180.  This led to the pretext  and subterfuge arrest on January 10, 2001 by the other Defendants. Agent Sipes as violated my rights under Constitutional , Federal and States law.

5. On January 10, 2001, Agent Brian K. Westmoreland approached me at the Mail Box Etc., Kingston Square Center, in York PA.,  without showing any form of authority, or identifying himself as a Police Officer, looking like thugs attacked me.  not knowing the nature or the purpose for his approach, I started moving away from him; he persistently keep attacked by running toward me; The make shift box I was carry, which the officer had left at the Mail Box Etc. I dropped, while moving away from him I was hit by a van driven by Detective Glowczeski and thrown to the ground, where I was tampled upon by Agent Westmoreland and the other Defendants with their shoes and hand while under restraint.  Agent Westmoreland was the Supervisor who failed to supervise, and show authority.

6 Detective Glowczeski was the driver of that van who purposely , knowingly and intentionally run the vehicle and hit Plaintiff and through him to the ground.

This court should grand leave freely to amend complaint; *Foman v. Davis, 371 US. 178, 182, 83 S. Ct. 227 (1962); Interroyal Corp. v. sponseller 889 F2d 108, 112 (6th Cir), cert denied, 494 U. S. 1091.*

WHEREFORE, Plaintiff requests that the court grant this motion to amend complaint and add the following parties

Respectfully Submitted

*Tyrone James*

TYRONE P. JAMES

Dated _____October 28_____, 2001.

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
BUREAU OF NARCOTIC ENFORCEMENT

# INVESTIGATION REPORT

| Investigation Title | Date | Investigation Number |
|---|---|---|
| ALCO COPY SYSTEMS | 01/19/2001 | RI2001-00005 |

| Report Number | Type of Report | Case X-Ref. |
|---|---|---|
| 1 | OPENING/CLOSING/ARREST REPORT | |

| Case Agent | Reporting Agent | Supervisor |
|---|---|---|
| SIPES, RANDELL A | SIPES, RANDELL A | LOPEZ, ORLANDO NMN |

**SUMMARY:**

On January 8th, 2001 at approximately 1430 hours, I was contacted by Mike Baker, owner of the Mail Boxes Etc., located in the Canyon Crest Shopping Center in the City of Riverside. One of Baker's employees, had intercepted a parcel that contained approximately ten pounds of marijuana. The parcel was sent onto York, Pennsylvania for a controlled delivery by the Pennsylvania Office of the Attorney General, Bureau of Narcotic Investigation. Tyrone JAMES was taken into custody in Pennsylvania as part of the controlled delivery. An additional ten pounds of marijuana and a kilogram of cocaine was seized.

**DETAILS OF THE INVESTIGATION:**

On January 8th, 2001 at approximately 1430 hours, I was contacted my Mike Baker, owner of the Mail Boxes Etc., located in the Canyon Crest Shopping Center in the City of Riverside. Baker told me that one of his employees had opened a parcel that contained what he believed was marijuana. I responded to the Mail Boxes Etc. to seize the parcel.

When I arrived at the Mail Boxes Etc., I spoke to Norisa who advised me that she was the employee who had intercepted the parcel. Norisa said that she was suspicious of the parcel because the woman who dropped it off appeared nervous. The parcel was sent United Parcel Service (UPS) Next Day Air and paid cash even though it was being sent from a business to another business. Norisa said that the parcel looked similar to other drug parcels that she had intercepted in the past.

I looked at the parcel that had already been opened, by Norisa, prior to my arrival. The parcel was a box within a box. Inside the inner box was a rectangular object that was wrapped with black duct tape. The rectangular object had been cut into by Norisa. I could see under the duct tape, layers of plastic wrap, grease, fabric softener sheets and marijuana. I seized the parcel and gave Baker a receipt.

The parcel was addressed from; ALCO COPY SYSTEMS, 2025 Chicago Ave. Riverside, CA 92504. The parcel was being sent to; Expressions Express, 2536 Easton Blvd. # 164 York, PA 17402. ALCO Copy Systems is a fictitious business and does not exist. The address the parcel was being sent to is a Mail Boxes Etc.

EXHIBIT "B"

DEFENDANT'S EXHIBIT B 9-12-0

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
BUREAU OF NARCOTIC ENFORCEMENT

I N V E S T I G A T I O N   R E P O R T
C O N T I N U A T I O N

Page No.  2 of 4

Investigation Title ALCO COPY SYSTEMS                    Investigation No. RI2001-00005

I took the parcel to the Bureau of Narcotic Enforcement, Riverside Regional Office and placed it into temporary evidence locker # 4. I attempted to contact an interdiction team in Pennsylvania to attempt a controlled delivery of the parcel.

At 1750 hours, I was contacted by Special Agent (SA) James Morgan from the Pennsylvania Office of the Attorney General, Bureau of Narcotic Investigations. SA Morgan told me that he worked the York, PA area and he would handle a controlled delivery of the parcel.

On January 9th, 2001, I spoke with SA Morgan who told me that he was going to attempt a controlled delivery of a parcel at the York, PA Mail Boxes Etc. while I forwarded the actual parcel to SA Morgan's office. I removed the parcel from temporary evidence storage and photographed the parcel and its contents. I packed the parcel in another box and sent it to SA Morgan. I included a receipt for the parcel, which SA Morgan signed and returned.

*(handwritten: (No Package original) where is the picture   copy of receipt)*

SA Morgan advised me that he had researched the owner of the mail box at the Mail Boxes Etc. in York, PA. SA Morgan said that the subject who had rented the box was named Tyrone JAMES and he had an address in Carson, CA. I ran a computer check on JAMES and found that he had a criminal history for possession for sales of marijuana. *(handwritten: 19 yrs ago is that right)*

SA Morgan later contacted me and advised me that he had taken JAMES into custody at the York, PA Mail Boxes Etc. when JAMES picked up the parcel (refer to SA Morgan's report for details of the arrest). During SA Morgan's investigation he found several other mail boxes that had been rented by JAMES. SA Morgan seized another parcel that contained approximately one kilogram of cocaine and another parcel that contained approximately ten pounds of marijuana.

After JAMES was taken into custody, SA Morgan found bank account information in the names of JAMES and Sandra WHITE. SA Edward Stuckenschnider and I began a financial investigation on JAMES and WHITE. I placed an adverse claim order on two accounts at the Hughes Aircraft Employees Federal Credit Union. Account # 3266487 was in the name of Tyrone JAMES and account # 3241615 was in the name of Sandra White.

I spoke with the manager of the reconcilements department of the Hughes Aircraft Employees Federal Credit Union, Dori Olson about the account balances on both accounts that I had placed the adverse claim order against. Olson told me that account # 3241615 had a balance of $906.10 and account # 3266487 had a balance of $292.05. Olson said that JAMES also had an IRA account at the credit union with a balance of $80.59. Since the accounts contained relatively small sums of money, asset forfeiture was discontinued and the adverse claim was lifted from both accounts.

*(handwritten left margin: need court order for banking infromation.)*

Investigation closed.

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
BUREAU OF NARCOTIC ENFORCEMENT

# INVESTIGATION REPORT
# CONTINUATION

Page No.  4 of 4

Investigation Title ALCO COPY SYSTEMS

Investigation No. RI2001-00005

**EVIDENCE:**

None.

_____     1-30-01     _____     1/30/01

**Reporting Agent**           **Date**        **Special Agent Supervisor**          **Date**
**SIPES, RANDELL A**                          **LOPEZ, ORLANDO NMN**

**Entry Operator Id: SIPES, RANDELL A**
**Date Generated:   01/19/2001**

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
BUREAU OF NARCOTIC ENFORCEMENT

# INVESTIGATION REPORT
# CONTINUATION

Page No.  3 of 4

Investigation Title <u>ALCO COPY SYSTEMS</u>

Investigation No. <u>RI2001-00005</u>

## PHYSICAL DESCRIPTIONS:

1.  JAMES, Tyrone Phillip, A.K.A.-TYRONE, James, BMA, DOB-05/18/1962, 5'08" 160lbs, HAIR-BLK, EYE-BRO.
DL-C2083017 CA
SSN-559065859
CII-A07286347
SID-UNK
FBI-717562DA6
SMT-NONE

2.  WHITE, Sandra, BFA, DOB-03/31/1957, 5'04" 120lbs, HAIR-BLK, EYE-BRO.
DL-C3057775
SSN-217662568
CII-A07472291
SID-UNK
FBI-184370P4
SMT-NONE

## VEHICLES:

None.

## LOCATIONS:

1.  427 CENTERVIEW DRIVE, CARSON, LOS ANGELES COUNTY, CA.
TYPE-RESIDENCE
SUBJECT RESIDENCE - JAMES, Tyrone Phillip

2.  2536 EASTERN BOULEVARD, YORK, HARRISBURG COUNTY, PA 17402-0000.
P.O. Box-164
TYPE-MAIL DROP
EVENT LOCATION - JAMES, Tyrone Phillip

## TELEPHONES:

None.

STATE OF CALIFORNIA

DEPARTMENT OF JUSTICE

Page ___1___ of ___1___

DIVISION OF LAW ENFORCEMENT

Investigation No. R101-0005

PROPERTY RECEIPT

Date: 01/08/2001

Property Received From:

Name: MIKE BAKER          Address: 5225 CANYON CREST DR #71
                                    RIVERSIDE, CA 92507

## I HEREBY ACKNOWLEDGE RECEIPT OF THE BELOW DESCRIBED PROPERTY

| Item No. | Description (include serial number) | Exact Location found (if applicable) |
|---|---|---|
| 1 | BROWN CARDBOARD BOX W/ APPROX 14 lbs. OF MARIJUANA | |

**DEFENDANT'S EXHIBIT**
PENGAD-Bayonne, N.J.
1
SL 9-12-01

Receiving Individual (print or type)
RANDY SIPES

Receiving Individual (signature)

Witnessing Individual (print or type)

Witnessing Individual (signature)

MSB 1089 (rev. 1/00)

STATE OF CALIFORNIA

DEPARTMENT OF JUSTICE

Page ___/___ of ___/___

DIVISION OF LAW ENFORCEMENT

Investigation No. _RI01-0005_

PROPERTY RECEIPT

Date: _01/09/2001_

Property Received From:

Name: _S/A RANDY SIPES_    Address: _4200 LATHAM STE D RIVERSIDE 92507_

## I HEREBY ACKNOWLEDGE RECEIPT OF THE BELOW DESCRIBED PROPERTY

| Item No. | Description (include serial number) | Exact Location found (if applicable) |
|---|---|---|
| 1 | 9.72 lbs. APPROXIMATE WEIGHT OF MARIJUANA (INCLUDING PACKAGING & SHIPPING BOXES.) | |

DEFENDANT'S EXHIBIT
5L  9-12-01

Receiving Individual (print or type)
_JAMES H MORGAN_

Receiving Individual (signature)

Witnessing Individual (print or type)
_LUIS RODRIGUEZ_

Witnessing Individual (signature)

MSB 1089 (rev. 1/00)

JUL-05-C1 THU 09:23     OAG BNI REG3 HBG PA          FAX NO. 717 772 2141          P. 02

BNI-1

## BUREAU OF NARCOTICS INVESTIGATION
## AND DRUG CONTROL

### INVESTIGATIVE REPORT

CASE NO. __30003-01__

REGION NO. __III__

| REPORT MADE<br><br>AT: Harrisburg<br>DATE: February 15, 2001<br>BY: Agent James Morgan | RELATED FILES | OTHER OFFICERS |
|---|---|---|
| SUBJECT(S)<br>JAMES, TYRONE PHILLIP BLK. MALE, 5'8", 190 LBS<br>427 CENTER VIEW DR.   BLACK HAIR, BROWN EYES<br>CARSON, CALIF.     DOB: 5-18-62, SS# 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 | | ACTIVE: XXXXX<br>JUDICIAL/BOARD:<br>EVIDENCE DESTRUCTION:<br>CLOSED: |

### SUPPLEMENTAL REPORT 1.

**SYNOPSIS:**
This agent, and Agent Rios conducted an interview of Tyrone James and his wife La Verne Chin James, in relation to their finances. This agent showed an array of photographs to Terisa Mc Coy, of Mail Box Etc. (Eastern Blvd.), and Brenda Bricker of Mail Box Etc. (Shrewsbury Commons), and both positively identified Tyrone James as being the subject who rented the mail box at their locations, and who picks up the parcels delivered to those mail boxes.

**DETAILS:**
1. On 1-10-01 This agent received a call from Agent Randy Sipes of the California Department of Justice. At that time he requested that this agent conduct a Financial Interview of the subject Tyrone James. This interview was needed to aide in their attempts to execute a search warrant on the California bank account of Tyrone James and Sandra White.

2. On 1-11-01 this agent and Agent Rios responded to the York County Prison and spoke with Tyrone James. At that time he was advised of his Miranda Warnings, which he stated that he understood. This agent and Agent Rios then conducted a financial interview of the subject. He stated that he resides at 565 West Market Street third floor York, Pennsylvania, with his wife La Verne Chin James. He stated that she owns La Verne's Hair Salon on West Market St. York, Pennsylvania.

COPY OF THIS REPORT FURNISHED TO

REGIONAL OFFICE:

CENTRAL OFFICE:

OTHER:

SIGNATURES

_____  4/5/01
(Narcotic Agent)     (Date)

APPROVED: _____  4/12/01
(Supervisor)     (Date)

_____  4/13/01
(Regional Director/AIC)   (Date)

EXHIBIT "C"

SUPPLEMENTAL REPORT 1.
JAMES, TYRONE PHILLIP
#30003-01
PAGE 2.

He stated that he is the Manager of the Salon, and that his wife pay's him a salary, under the table. He stated that he pay's the cable at the residence ($60.00 a month), and helps with the groceries ($100.00 a month). He also stated that he is responsible for the gas and electric bills. He stated that his wife pay's him $200.00 to $300.00 a week for Managing the Salon. He stated that he receives a disability check in California, and that the amount is $600.00 a month.

3. He stated that he picks his check up at the Social Security Office in California. When asked if he filed income tax papers, he stated that he did, and that is accountant is AMBROS Express Financial Services. He stated that he fly's to California to pickup his disability checks. He stated that he flies UNITED AIR, US AIR, and SOUTHWEST AIRLINES. He stated that he pay's $99.00 for airfare. He stated that he has been married to La Verne Chin James for the past (3) years.

4. This agent and Agent Rios then responded to 565 West Market St. third floor York, Pennsylvania, and spoke with La Verne Theresa Chin James. She stated that her date of birth is 11-4-65, and that her social security number is 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. She stated that she was born in Kingston, Jamaica. She stated that she owns and operates La Verne's Hair Salon at 337 West Market St. York, Pennsylvania. She stated that she pay's the shop $325.00 a month for rent of the building. He stated that the phone number for the shop is (717) 854-3427. She stated that she owns the building, which she lives in and that she pays $760.00 a month for the mortgage. She stated that she receives $430.00 a month from the tenant on the second floor of her building. She stated that her mother resides on the first floor. She stated that her mortgage company is M&T Mortgage Company Buffalo, New York. Her home phone number is (717) 843-1074. She stated that her husband Tyrone James does not work for her, and that they are married but do not live together. She stated that she did not know that he was in town, and that he resides in California. She stated that they do have a child together, and that she contacts him by his cell phone if she needs something for the baby.

5. On 1-19-01 this agent contacted Officer Nadzum of the York City Police Department, who put together an array of photographs with the photograph of the subject Tyrone James. On 1-20-01 this agent at least (2) parcels at the Hanover Store, and (1) parcel at the Shrewsbury Commons Store. She stated that the Mail Box at the Hanover Store was (which was closed down, and all boxes were transferred to the Shrewsbury Store) was number 306. She stated that the address in Hanover was 467 Eisenhower Drive Hanover, Pennsylvania  17331.

6. On 2-6-01 this agent responded to the United Parcel Service Center 590 Willow Spring Lane York, Pennsylvania, and spoke with John Moran (Supervisor). At that time he supplied this agent with a printout of parcels received at 80 Parkway Blvd. York, Pennsylvania. This was the residence of Coreen Wright and Devon Brown, who were arrested by the York County Drug Task Force on Possession With Intent To Deliver charges. The parcels that were received at that address originated from Corona, California and are believed to have been mailed by Tyrone James.

7. On 2-7-01 this agent received a call from Charles Kutz, of Mail Box Etc. 2180 White St. York, Pennsylvania, and was advised th responded to the Mail Box Etc. Store in the

SUPPLEMENTAL REPORT 1.
JAMES, TYRONE
#30003-01
PAGE 2.


Shrewsbury Commons, and met with Brenda G. Bricker, who is an employee of the store.
The array of photographs were shown to her and she positively identified the subject
Tyrone James, as the person who has picked up at Tyrone James had received a parcel
from United States Postal Service, which was returned from California. This agent
responded to Mail Box Etc. and took possession of the parcel. This agent requested the
assistance of the York County Prison K-9. The K-9 officer and dog responded to that
location and examined the parcel. The K-9 did not alert to the parcel, and this agent
took possession of the parcel. This agent obtained a search warrant for the parcel,
and opened the parcel in the presence of Det. Kessler and Det. Peddicord. The parcel
was found to contain a box of assorted Christmas lights. This agent also retrieved
from the Mail Box Etc. (2) envelops with AT&T phone bill and a bank statement addressed
to BARRINGTON CAMPBELL and TYRONE JAMES. All items were secured and transported to the
Region Headquarters Evidence.

8. On 2-16-01 this agent responded to the Mail Box Etc. Store on Eastern Boulevard,
York, Pennsylvania, and met with Teresa Mc Coy, who is an employee of the store. The
array of photographs were shown to her and she positively identified Tyrone James and
the individual who rents a mail box at that particular store, and who has picked up
parcels at that location in the past. She stated that she has know him to pickup at
least (2) separate parcels, and that he was always alone.

9. On 2-23-01 a preliminary hearing was held in Shrewsbury, Pennsylvania. The Judge
was, District Justice Hodge. Tyrone James was represented by Attorney Worrell D. Nero
of Philadelphia. Tyrone James was bound over for Trial and returned to the York County
Prison in lieu of $2.5 Million bail.



EVIDENCE:
None.



ADVANCED FUNDS EXPENDED:
None.



ANTICIPATED ACTION:
(2) more preliminary hearing for subject.



ATTACHMENTS:
Copy of Photo array shown to witnesses.
Copy of search warrant and receipt inventory.
BNI-47
Copy of AT&T phone bill
Copy of bank statement for Tyrone James

BNI-1

### BUREAU OF NARCOTICS INVESTIGATION
### AND DRUG CONTROL

#### MONEY LAUNDERING UNIT REPORT

CASE NO. 30003 01E

REGION NO. III

| REPORT MADE | RELATED FILES | OTHER OFFICERS |
|---|---|---|
| AT: HARRISBURG, PA.<br>DATE: February 20, 2001<br>BY: AGENT ABEL RIOS | | |

| SUBJECT(S) | ACTIVE:XX |
|---|---|
| JAMES, TYRONE PHILLIP   DOB: 5-18-62   SS#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<br>427 Chester view Dr.<br>Carson, California | JUDICIAL/BOARD:<br>EVIDENCE DESTRUCTION:<br>CLOSED : |

#### SUPPLEMENTAL  REPORT #2

SYNOPSIS:

This agent executed a search warrant on the Heritage Valley Federal Credit Union for account number #133547, that of Tyrone P. James.

DETAILS:

1.   On 2/13/2001, this agent submitted an application for search warrant before District Justice Harold Kessler, York County , Pa. On this date,  this agent executed the search warrant at the Heritage Valley Federal Credit Union 2400 Pleasant Valley Road, York, Pa.  This agent spoke to a Jane Gee in charge of the Fraud/Security  Section who provided this agent with the following documents.

COPY OF THIS REPORT FURNISHED TO

REGIONAL OFFICE:

CENTRAL OFFICE:

OTHER:

SIGNATURES

_____ 2/20/01
(Narcotic Agent)         (Date)

APPROVED: _____ 2/20/01
M.L.U.   (Supervisor)      (Date)

_____ 2/21/01
(Regional Director/A/C)    (Date)

Page 2
Case 30003-01F
Supp.#2

A.    Documents relating to account number #133547, that of Tyrone P. James

B.    Eleven surveillance video tapes relating to transactions made by Tyrone P. James while at the Heritage Valley Federal Credit Union.

C.    Documents relating to account number #131614, that of Tyrone P. James and Lavern Chin.

2.    This agent reviewed the documents of account number #133547 and #131614, which resulted in the following:

A.    Account number #133547, was opened on 10/2/00 by Tyrone P. James which is listed on the signature card.  The address of 2180 White Street #204, York, Pa., is listed and Lavern Hair Salon is also listed as his employer.

B.    Cash deposits were made as follows:

| | |
|---|---|
| 10/02/00 | $ 200.00 |
| 11/07/00 | $ 400.00 |
| 11/09/00 | $ 700.00 |
| 11/13/00 | $ 700.00 |
| 11/21/00 | $ 780.00 |
| 11/29/00 | $ 500.00 |
| 12/29/00 | $ 200.00 |
| 01/03/01 | $1000.00 |
| TOTAL | $4480.00 |

C.    Money transferred from account 133547 to 131614.

12/20/00    $600.00

D.    On 11/21/00 a wire transfer was made from account number #133547 in the amount of $1000.00 by Tyrone P. James and was sent to Bank of America 100 N. Larchmont Blvd., Los Angeles, Ca. 90004 account number #0343301548.  The account owner is not known.

Page 3
Case 30003-01
Supp.# 2

3.    Prior to the above search warrant, a freeze was placed on account number 133547 by the York County District Attorney's Office, by Assistant District Attorney William Graff. In addition, this agent with the assistance of DAG Doreen Craig Sloan in order to obtain a seizure warrant for the contents of the account before the Honorable Judge Chronister in York County. This request was denied until the criminal case came to a conclusion.

4.    On 2/20/2001, this agent logged into the Region III Evidence Inventory documents and video surveillance tapes received from the Heritage Valley Credit Union, Inventory Number #4124.


Attachments:

1.    Copies of bank documents
2.    BNI-47
3.    Copies of search warrant, inventory, return of service.

Anticipated Action:

1.    Forfeiture of funds in account number #133547, pending criminal case closure.





Office of The Clerk

United States District Court

United States CourtHouse

228 WalNut StReet

P.O. Box 983

Harrisburg, PA 17108

Legal Mail

FILED
MAR 3 1 2004
PER _____
HARRISBURG, PA

INMATE MAIL
PA DEPT OF
CORRECTION

0820-E2894 Ad
[upside down text]
James