IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES,                : | |
|                 Plaintiff    : | |
|                                  : | No. 1:CV-01-1015 |
| v.                              : | |
|                                 : | (Judge Kane) |
| YORK COUNTY POLICE              : | (Magistrate Judge Mannion) |
| DEPARTMENT; AGENT JAMES H.      : | |
| MORGAN; DET. RICHARD            : | Electronically Filed |
| PEDDICORD; DET. RAYMOND E.      : | |
| CRAUL; SGT. GENE FELLS; DET.    : | |
| ANTHONY GLOWCZEWSKI; AGENT      : | |
| RANDY SIPES; and AGENT BRIAN    : | |
| WESTMORELAND,                   : | |
|                 Defendants : | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
APPEAL OF THE ORDER DENYING HIS MOTION FOR
APPOINTMENT OF COUNSEL**

**I. STATEMENT OF THE CASE**

This is a *pro se* inmate's civil action brought pursuant to 42 U.S.C. §1983 by Tyrone P. James ("Plaintiff"). The following Defendants are represented by the Pennsylvania Office of Attorney General in this matter: James Morgan, Brian Westmoreland, Richard Peddicord, Raymond Craul, Gene Fells, Robert Kessler and Anthony Glowczeski ("Defendants").[1] Plaintiff is alleging a variety of constitutional violations concerning his arrest on January 10, 2001. Plaintiff's

---

[1] Undersigned counsel does not represent the York Police Department, C/O Baylark or Agent Randy Sipes because these parties are not considered Commonwealth employees eligible for representation by undersigned counsel.

action was commenced on June 8, 2001.  Defendants filed a Motion to Dismiss on December 28, 2001, which was granted in part and denied in part on October 8, 2003.  On October 15, 2003, Defendants filed an Answer to the Complaint, and discovery commenced.  On February 12, 2004, Plaintiff filed a Motion for Appointment of Counsel.  On March 11, 2004, Magistrate Judge Mannion denied Plaintiff's Motion for Appointment of Counsel.  On April 9, 2004, Plaintiff appealed Magistrate Judge Mannion's decision to deny the appointment of counsel.  This Memorandum is filed in opposition to that appeal.

## STATEMENT OF FACTS

Plaintiff's Complaint sets forth a variety of alleged violations of his constitutional rights.  For purposes of this memorandum only, Defendants recite the facts as set forth by Plaintiff in his Complaint.  Plaintiff alleges that on January 10, 2001, while he was retrieving mail from a mail box rental at Mailboxes Etc., located in York, Pennsylvania, he was approached by several individuals who did not identify themselves as police officers.  (Complaint at ¶¶1 and 2, Amended Complaint at ¶5).  Plaintiff had retrieved a parcel from the clerk inside the office, and upon exiting, Plaintiff dropped the parcel and started moving away from them.  (Complaint at ¶3, Amended Complaint at ¶5).

At that time, Plaintiff alleges he was hit by a van driven by Defendant Glowczeski.  (Complaint at ¶4 and Amended Complaint at ¶¶5 and 6).  While on

the ground, Plaintiff alleges that Defendant Westmoreland and other individuals stepped upon and trampled him, handcuffed him, and placed him in the van. (Complaint at ¶4, Amended Complaint at ¶5).

Plaintiff alleges that he was not read his Miranda rights by any Defendant. (Complaint at ¶¶5 and 6). After arriving at the York County Police Department, Plaintiff alleges that Defendant Morgan interrogated him and denied Plaintiff's requests to telephone his family and an attorney. (Complaint at ¶6 and 10). In addition, Plaintiff alleges that Defendant Peddicord took his personal papers from his wallet. (Complaint at ¶7).

### III. **QUESTION PRESENTED**

**IS PLAINTIFF ENTITLED TO APPOINTMENT OF COUNSEL IN THIS MATTER?**

**SUGGESTED ANSWER: NO.**

### IV. **ARGUMENT**

**PLAINTIFF'S HAS NOT MET THE NECESSARY REQUIREMENTS FOR APPOINTMENT OF COUNSEL IN THIS MATTER.**

This is the fourth time in this case Plaintiff has requested this court to provide him with counsel,[2] and Defendants have not opposed this *pro se* Plaintiff's first three motions. However, it appears that Plaintiff believes everytime a ruling

---

[2] Plaintiff filed a Motion for Appointment of counsel on June 8, 2001, September 27, 2001, April 22, 2003 and February 11, 2004.

3

does not go entirely his way, or Defendants oppose a motion of his, the Court must appoint counsel for him.  The court has wisely denied Plaintiff's first three motions, and Defendants urge it to deny the present Motion to Appoint Counsel.

28 U.S.C.S. § 1915(d) gives district courts broad discretion to request an attorney to represent an indigent civil litigant.  As a general rule, indigent litigants bear their own litigation expenses, and such litigants have no constitutional or statutory right to appointed counsel.  See Tabron v. Grace, 6 F.3d 147 (3rd Cir. 1993), cert. denied, 510 U.S. 1196 (1994).

In Parham v. Johnson, 126 F.3d 454 (3RD Cir. 1997), the United States Court of Appeals for the Third Circuit held that when deciding whether to appoint counsel for indigent litigants, district courts should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; (6) whether the plaintiff can attain and afford counsel on his own behalf.

First, appointing counsel to pursue a case of little merit such as this will discourage other attorneys from taking civil rights cases, and waste the scarce resources of volunteer lawyers.  Second, Plaintiff has the ability to present his case in this matter.  This ability is evidenced by the fact that he has filed a multitude of

legal documents--all in proper form--that contain proper captions and properly cite legal authority.  Clearly, Plaintiff is able to read and write coherently, as well as speak English.

Third, this case is unlikely to require extensive factual investigation or involve complex legal issues.  The Plaintiff complains about events which he personally witnessed during his arrest, and which involve straightforward legal issues relating to whether Defendants' actions were unconstitutional.  Additionally, there is no expert testimony needed.

Lastly, while Defendants are not aware of Plaintiff's current economic status, because of the large number of *pro se* inmate lawsuits across this Commonwealth, public policy concerns militate in favor courts using their ability to appoint of counsel sparingly.  Appointing counsel in frivolous matters such as this would put a strain on pro bono legal resources across Pennsylvania.

In sum, simply because Defendants do not concede the entire case to Plaintiff on every motion he files does not mean that Plaintiff is entitled to have counsel appointed for him. Accordingly, this Court should deny Plaintiff's Motion to Appoint Counsel.

5

## CONCLUSION

For the above reasons, Plaintiff's Motion for Appointment of Counsel should be denied.

                                                **Respectfully submitted,**

                                                **GERALD J. PAPPERT**
                                                Attorney General

                              By:    <u>s/Jason C. Giurintano</u>
                                                **JASON C. GIURINTANO**
                                                **Deputy Attorney General**
                                                **I.D. No. 89177**

| | |
|---|---|
| **Office of Attorney General** | **SUSAN J. FORNEY** |
| **Civil Litigation Section** | **Chief Deputy Attorney General** |
| **15th Floor, Strawberry Square** | **Chief, Litigation Section** |
| **Harrisburg, PA  17120** | |
| | **Counsel for Defendants** |
| **Date:  April 12, 2004** | |

6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYRONE P. JAMES,** : | |
|          **Plaintiff** : | |
| : | No. 1:CV-01-1015 |
| **v.** : | |
| : | (Judge Kane) |
| **YORK COUNTY POLICE** : | (Magistrate Judge Mannion) |
| **DEPARTMENT; AGENT JAMES H.** : | |
| **MORGAN; DET. RICHARD** : | **Electronically Filed** |
| **PEDDICORD; DET. RAYMOND E.** : | |
| **CRAUL; SGT. GENE FELLS; DET.** : | |
| **ANTHONY GLOWCZEWSKI; AGENT** : | |
| **RANDY SIPES; and AGENT BRIAN** : | |
| **WESTMORELAND,** : | |
|          **Defendants** : | |

## CERTIFICATE OF SERVICE

I, Jason C. Giurintano, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on April 12, 2004, I caused to be served a true and correct copy of the foregoing document entitled Memorandum In Opposition To Plaintiff's Motion For Appointment Of Counsel by depositing same in the United States Mail, first-class postage prepaid to the following:

Tyrone P. James, EX-9451  
SCI Rockview  
P.O. Box A  
Bellefonte, PA  16823

Donald L. Reihart  
3015 Eastern Boulevard  
York, PA  17402-3026

                                                  **s/Jason C. Giurintano**  
                                                  **JASON C. GIURINTANO**  
                                                  **Deputy Attorney General**