IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES,        : | |
|         Plaintiff   : | |
| : | No. 1:CV-01-1015 |
| v.                                      : | |
| : | (Judge Kane) |
| YORK COUNTY POLICE   : | (Magistrate Judge Mannion) |
| DEPARTMENT; AGENT JAMES H. : | |
| MORGAN; DET. RICHARD    : | Electronically Filed |
| PEDDICORD; DET. RAYMOND E. : | |
| CRAUL; SGT. GENE FELLS; DET. : | |
| ANTHONY GLOWCZEWSKI; AGENT : | |
| RANDY SIPES; ROBERT KESSLER; : | |
| and AGENT BRIAN WESTMORELAND,: | |
|         Defendants : | |

**BRIEF IN SUPPORT OF DEFENDANTS MORGAN, WESTMORELAND, PEDDICORD, CRAUL, GLOWCZEWSKI, KESSLER AND FELLS' MOTION FOR SUMMARY JUDGMENT**

**I.  STATEMENT OF THE CASE**

This is a *pro se* inmate's civil action brought pursuant to 42 U.S.C. §1983 by Tyrone P. James ("Plaintiff").  The following Defendants are represented by the Pennsylvania Office of Attorney General: James Morgan, Brian Westmoreland, Richard Peddicord, Raymond Craul, Gene Fells, Robert Kessler and Anthony Glowczeski ("Defendants").[1]  Plaintiff is alleging a variety of constitutional

---

[1]  Undersigned counsel does not represent the York Police Department, C/O Baylark or Agent Randy Sipes because these parties are not considered Commonwealth employees eligible for representation by undersigned counsel.

violations concerning his arrest on January 10, 2001.  Plaintiff's action was commenced on June 8, 2001.  Magistrate Judge Mannion, *sua sponte,* issued a Recommendation that Plaintiff's Complaint be dismissed on June 25, 2001.  On September 18, 2001, the Court adopted in part, and denied in part, Magistrate Mannion's Recommendations.  Defendants then filed a Motion to Dismiss on December 28, 2001, which was granted in part, and denied in part, by an Order dated October 8, 2003.  This Order dismissed the following allegations of constitutional violations made by Plaintiff:  Sixth Amendment right to counsel, Fourteenth Amendment excessive force and Eighth Amendment excessive force.

The following claims survived the Motion to Dismiss: Eighth Amendment excessive bail, Fifth Amendment denial of *Miranda* warnings and subsequent interrogation, Fourth Amendment unlawful search and seizure and Fourth Amendment excessive force[2].  On October 15, 2003, Defendants filed an Answer to the Complaint, and discovery commenced.  On April 9, 2004, Defendants filed a Motion for Summary Judgment.  This Brief is in support of that Motion.

## STATEMENT OF FACTS

---

[2] Magistrate Mannion's Recommendations, dated March 13, 2003, were adopted in full by this Court.  The Recommendations recognized that the following allegations of constitutional violations made by Plaintiff were not raised by Defendants in their Motion to Dismiss:  Eighth Amendment excessive bond, Fourth Amendment unlawful search and seizure and Fifth Amendment denial of counsel.

Defendants respectfully refer the Court to their attached "Statement of Material Facts" ("SMF") for the relevant facts in this matter.

## QUESTION PRESENTED

**ARE DEFENDANTS ENTITLED TO SUMMARY JUDGMENT IN THEIR FAVOR FOR PLAINTIFF'S FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED?**

**Suggested Answer: yes.**

## ARGUMENT

**Summary Judgment standard**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the burden of demonstrating the absence of a genuine dispute of material fact. Celotex Corp., 477 U.S. at 323. An issue is genuine if the evidence before the court is such that a reasonable jury could return a verdict in favor of the non-moving party. Hankins v. Temple University, 829 F.2d 437, 440 (3d Cir. 1987). The substantive law applicable to the claim serves to identify which facts are material for purposes of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Once the moving party has demonstrated that there is no genuine issue of material fact, the nonmoving party must go beyond the allegations in his or her pleading, and "set forth specific facts showing that there is a genuine issue for trial." Celotex Corp, 477 U.S. at 324; Smith v. CGU, 179 F.Supp.2d 425, 428 (M.D. Pa. 2001); Fed.R.Civ.P. 56(e).  In addition, judgment is appropriate as a matter of law when the non-moving party has failed to make an adequate showing on an essential element of his or her case as to which he or she has the burden of proof.  Cleveland Policy Management Sys. Corp., 526 U.S. 795, 804 (1999); Equimark Commercial Financial Co. v. C.I.T. Financial Serv. Corp., 812 F.2d 141, 144 (3d. Cir. 1987).

**I.  THE UNDISPUTED MATERIAL FACTS REVEAL THAT DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE THERE IS NO VIABLE EIGHTH AMENDMENT EXCESSIVE BAIL CLAIM AGAINST DEFENDANTS.**

Plaintiff alleges that the bail set by the District Justice after his arrest was excessive and constitutionally impermissible. (SMF, ¶10).  On its face, this claim cannot stand because Defendants did not set the Plaintiff's bail.  Plaintiff's Complaint itself avers that Defendants did not set the amount of bail in this matter; rather, the District Justice did. (SMF, ¶10).  Courts are clear that setting bail is a judicial act.  Cleavinger v. Saxner, 474 U.S. at 206, 106 S.Ct. 496 (1985)  It is also

4

clear that Pennsylvania law grants judges the authority to set bail and any conditions thereto. See Com. v. Chopak, 615 A.2d 696 (Pa. 1992).

Furthermore, if an arrestee believes his bail to be excessive, he has a judicial remedy. Pa.R.Crim.P. 529(b)(1) provides: "The existing bail order may be modified by a judge of the court of common pleas: (1) at any time prior to verdict upon motion of counsel for either party with notice to opposing counsel and after a hearing on the motion...." Therefore, the proper remedy for an individual aggrieved by the amount of bail set is to appeal his bail determination to the Court of Common Pleas.

If prosecuting attorneys and law enforcement officers have no authority to set or reduce bail, they cannot be held liable under § 1983 for violation of the right to reasonable bail. See Lutz v. Lavelle, 809 F.Supp. 323, 327 (M.D.Pa.1991) (dismissing § 1983 claim for failure to provide reasonable bail and holding where there is no authority to reduce bail, the failure to reduce bail is not an abuse of authority which violates a federally protected right).

In sum, since the District Justice set bail for Plaintiff, and Defendant law enforcement officers had no authority to reduce the amount, Defendants are not subject to § 1983 liability for a claim related to bail. Accordingly, this claim should be dismissed and Defendants awarded summary judgment in their favor.

## II. THE UNDISPUTED MATERIAL FACTS REVEAL THAT DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AND THE COMPLAINT SHOULD BE DISMISSED BECAUSE THERE IS NO VIABLE FIFTH AMENDMENT CLAIM AGAINST DEFENDANTS.

Plaintiff makes two claims based on the Fifth Amendment. First, he alleges that he was not administered his *Miranda* warnings at the time of his arrest, and second, he alleges that he was denied counsel during the subsequent custodial interrogation after he requested it. (SMF, ¶¶7-8). Although Defendants dispute these factual assertions on their face, this Court need not address the veracity of these claims. Even if what Plaintiff claims is true, he is not entitled to relief in this matter.

In their earlier Motion to Dismiss, Defendants argued that the Fifth Amendment *Miranda* warnings were merely prophylactic, and violations of the procedures did not amount to violations of the Constitution itself. However, Magistrate Mannion's Report, which was adopted by this Court, indicated that the decision announced in <u>Dickerson v. United States</u>, 530 U.S. 428 (2000), "cast doubt on the application of that principle" since <u>Dickerson</u> announced that Miranda was a constitutional rule.

Defendants, however, note that <u>Dickerson</u> did not involve a § 1983 action, but was instead an appeal from a criminal case. Furthermore, even though the Court in <u>Dickerson</u> announced that *Miranda* has constitutional underpinnings, it did not rule specifically on the issue of § 1983 liability for failure to administer

*Miranda* warnings. Furthermore, post-<u>Dickerson</u> jurisprudence has clarified this issue, and the law is now clear that a law enforcement officer's failure to administer *Miranda* warnings cannot be grounds for § 1983 liability if the statements obtained in the unlawful interrogation were not used against Plaintiff in his criminal trial. See <u>Chavez v. Martinez</u>, 538 U.S. 760, 123 S.Ct. 1994 (U.S. 2003); <u>Renda v. King</u>, 347 F.3d 550 (3rd Cir. 2003). While these cases do not directly address the question of § 1983 liability in the event that the statements are used against Plaintiff in his criminal case, Plaintiff here has not plead any facts which reveal that any of his post-arrest statements were used against him in his criminal trial.

    Notwithstanding this deficiency, the Court need not even reach the issue of whether the statements were used against Plaintiff in his trial, because even if they were, the <u>Heck</u> doctrine prohibits Plaintiff from obtaining § 1983 relief. More specifically, a finding by this Court that the questioning, interrogation and any subsequent statements made by Plaintiff were impermissible and unconstitutional under § 1983 would most certainly call into doubt the validity of his underlying conviction. <u>Heck</u> is a bright-line rule which holds that a § 1983 plaintiff cannot seek damages for harm caused by actions, the unlawfulness of which would necessarily render the fact or length of his confinement invalid, unless he can prove that the conviction, sentence, or prison disciplinary sanction that resulted

from those actions has been reversed, invalidated, or called into question by a grant of federal habeas corpus relief (in other words, terminated favorably to Plaintiff). Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994).

    Plaintiff's conviction here has not been overturned or called into question. If the Court were to believe Plaintiff's unsubstantiated claims regarding Defendants' alleged violation of the Fifth Amendment, it would logically call into question the validity of any statements or information used against Plaintiff in his conviction, and go to the heart of his criminal conviction. In sum, Heck clearly prohibits this §1983 claim because, if successful, it calls into question Plaintiff's underlying conviction. *Arguendo*, the only way in which Plaintiff could recover in a § 1983 action for a Fifth Amendment violation is if his conviction were called into question or overturned by a state court. Defendants are aware of no case law which holds otherwise.

    Defendants also suggest that the proper remedy for a *Miranda* violation is the exclusion from evidence of any such compelled self-incrimination, not a § 1983 action. See Colburn v. City of Philadelphia, 2001 WL 872960 (E.D.Pa. 2001)[3]; Giuffre v. Bissell, 31 F.3d 1241, 1256 (3d Cir.1994). Other United States Courts of Appeal have agreed. Haulman v. Jefferson County Sherrif Office, 15 Fed.Appx. 720 (10th Cir. 2001) ("Failure to provide Miranda warnings does not

---

[3] A copy of this case is attached as Exhibit 5.

8

give rise to liability under § 1983; only available remedy is suppression of any incriminating statements").

Accordingly, Plaintiff's § 1983 claim based upon the Fifth Amendment has no legal foundation. As such, this claim should be dismissed and Defendants awarded summary judgment in their favor.

### III. THE UNDISPUTED MATERIAL FACTS REVEAL THAT DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AND THE COMPLAINT SHOULD BE DISMISSED BECAUSE THERE IS NO VIABLE FOURTH AMENDMENT SEARCH AND SEIZURE CLAIM AGAINST DEFENDANTS.

A § 1983 plaintiff cannot seek damages for harm caused by actions which would render the fact or length of his confinement invalid, unless he can prove that the conviction, sentence, or prison disciplinary sanction that resulted from those actions has been reversed, invalidated, or called into question by a grant of federal habeas corpus relief. Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994). Heck held that a § 1983 claim that would necessarily impugn the validity of a plaintiff's underlying conviction would not accrue until the conviction had already been invalidated.

Initially, the Court permitted the Plaintiff's Fourth Amendment search and seizure claims to survive Magistrate Mannion's recommendation that they be dismissed. See James v. York County Police Dept., 167 F.Supp.2d 719 (M.D.Pa. 2001). However, this was not a ruling on the merits of Plaintiff's claim. The

9

Court was clear that Plaintiff must still prove not only that the search was unlawful, but that it caused him actual, compensable injury. Id. Plaintiff here has not done so. As this Court noted, being convicted and imprisoned as a result of the alleged unlawful search does not constitute such injury, unless the conviction is overturned. Id. Furthermore, since this Court's decision in 2001, Plaintiff's conviction has not been overturned, nor has he plead any facts which demonstrate that this search has caused him any actual compensable injury outside of the fact that he was imprisoned and convicted. Perhaps most importantly, even Plaintiff's Complaint acknowledges that this claim is for injuries "suffered due to detention" (SMF, ¶11).

A Pennsylvania District Court case with a substantially similar fact pattern to the present matter, Shelton v. Macey, 883 F. Supp. 1047 (E.D.Pa. 1995), is instructive in this matter. In Shelton, a plaintiff who was convicted of a drug offense brought a § 1983 action against the Lancaster County Drug Task Force for an unlawful search in violation of the Fourth Amendment. The Court in Shelton, while recognizing that the Heck bar contained an exception to a § 1983 search and seizure action, held that the search and seizure complained of in Shelton would necessarily undermine the criminal conviction. The Shelton Court noted that since Plaintiff's conviction rested squarely on evidence related to the drugs seized by the task force, if the search and seizure were unconstitutional, the criminal prosecution

could not stand. In this case, if the Court were to hold that the search of Plaintiff's property were unconstitutional, it would certainly undermine the validity of Plaintiff's conviction for Possession with Intent to Deliver Narcotics[4].

While this precise legal issue has not been directly addressed in this Circuit, other United States Courts of Appeals have agreed with Defendants' rationale. The Fourth Circuit gave a thorough analysis to this issue in <u>Ballenger v. Owens</u>, 352 F.3d 842 (4th Cir. 2003), and held that, "When evidence derived from an illegal search would have to be suppressed in a criminal case if the judgment in a claim under 42 U.S.C.S. § 1983 were to be applied to the criminal case, and the suppression would necessarily invalidate the criminal conviction, the stated principle of <u>Heck</u> would apply, and the § 1983 claim would have to be dismissed; there would be no cause of action under § 1983." <u>See</u> <u>also</u> <u>Newman v. Alexander</u>, 2003 U.S. Dist. LEXIS 5180 (W.D. Va. 2003)[5] ("A claim of unlawful search or seizure cannot be maintained under 42 U.S.C.S. § 1983 by a person convicted of the offense that gave rise to the search or seizure if the successful § 1983 action would suggest the invalidity of the conviction").

In sum, while Plaintiff believes he is entitled to utilize a narrow exception in <u>Heck</u> permitting some § 1983 actions for Fourth Amendment search and seizure

---

[4] 35 P.S. §780-113(a)(30)
[5] A copy of this case is attached at Exhibit 6.

11

claims, he has not plead sufficient facts demonstrating compensable injury, thereby prohibiting him from utilize this exception. In the alternative, even if the Court finds that Plaintiff has plead sufficient facts for this <u>Heck</u> exception, Defendants suggest that for the Court to determine that the search and seizure in this case was unconstitutional would certainly call into question Plaintiff's underlying conviction and violate the spirit of <u>Heck</u>. Accordingly, this claim should be dismissed and Defendants awarded summary judgment in their favor.

**IV. THE UNDISPUTED MATERIAL FACTS REVEAL THAT DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AS TO THE FOURTH AMENDMENT EXCESSIVE FORCE CLAIM BECAUSE THE DEFENDANTS HAD QUALIFIED IMMUNITY.**

Public officials are immune from damage claims brought under 42 U.S.C. § 1983 if reasonable officials in their positions could have believed that their actions or decisions were lawful in light of existing law and the information they possessed at the times they acted. <u>Hunter v. Bryant</u>, 502 U.S. 224 (1991); <u>Anderson v. Creighton</u>, 483 U.S. 635 (1987). They are immune unless a reasonable official would have known that their actions violated clearly established law. <u>Id</u>. This qualified immunity is an important protection. It protects public servants from the time and expense of litigation and the threat of personal monetary liability, which divert officials' energies from the public's business and inhibit them in the discharge of their duties. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 814 (1982); <u>Acierno v. Cloutier</u>, 40 F.3d 597, 615, 616 (3d Cir. 1994)(en banc). When applying

qualified immunity, the Court must first determine whether the plaintiff has alleged the deprivation of a constitutional right at all. If not, judgment must be entered against the plaintiff without further analysis. Wilson v. Layne, 119 S.Ct. 1692, 1697 (1999).

A recent case pertinent to the present claim is Saucier v. Katz, 533 U.S. 194 (2001). Saucier is important because it reaffirmed the proposition espoused in Anderson v. Creighton, 483 U.S. 635 (1987), that qualified immunity is an available defense to a Fourth Amendment excessive force claim. Saucier also held that if the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate. Id. at 203. In Saucier, Plaintiff sued Defendant law enforcement officer for a § 1983 Fourth Amendment excessive force claim, alleging that the officer dragged and shoved the Plaintiff into a van during an arrest. The Supreme Court held that summary judgment for the defendant officer was appropriate because the force was not so excessive that the plaintiff suffered hurt or injury, and therefore he was entitled to qualified immunity.

Here, the court is required to first rule on qualified immunity, and in doing so must consider the following threshold question: taken in the light most favorable to the party asserting the injury, do the facts alleged show the officers

conduct violated a constitutional right? Seigert v. Gillery, 500 U.S. 226, 111 S. Ct. 1789 (1991). The facts plead by Plaintiff do not show a constitutional violation.

Plaintiff here has not alleged deprivation of a constitutional right because, based on the facts as plead by the Plaintiff, no reasonable jury could find that Defendants subjected Plaintiff to excessive force. First, Plaintiff makes vague assertions that he was subjected to excessive force while being arrested, stating that he was "handcuffed," "trampled upon" and "taken hold of my person." (SMF, ¶6). These are vague allegations as best. A party opposing summary judgment must do more than rest upon mere allegations, general denials, or vague statements. Trap Rock Indus., Inc. v. Local 825, 982 F.2d 884 (3d Cir.1992). As to Plaintiff's claim that a police van hit him, he fails to produce any evidence of this save his own statements. (SMF, ¶5). To allow a *pro se* prisoner to simply use an unsubstantiated statement to create an issue of material fact, and therefore automatically bring a case to trial, would divert scarce judicial resources from legitimate cases.

Moreover, Defendant has not plead any facts which demonstrate that he sustained injuries or physical harm of any sort. In making a lawful arrest an officer has the right to use such force as is necessary under the circumstances to effect the arrest. Fourth Amendment jurisprudence has long recognized that the right to make an arrest necessarily carries with it the right to use some degree of physical

coercion to effect it.  <u>Graham v. Connor</u>, 490 U.S. 386, 397, 109 S. Ct. 1865 (1989).  The Court in <u>Saucier</u> stated: "we have approved the observation that not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."  <u>Saucier</u> at 209 (citing <u>Graham</u> at 480).

It is clear that the actions Plaintiff alleges Defendants took during his arrest do not rise to the level of unconstitutional excessive force, and Defendants are thereby entitled to qualified immunity.  Accordingly, this claim should be dismissed and Defendants awarded summary judgment.

## **CONCLUSION**

For these reasons, Defendants' Motion for Summary Judgment should be granted.

**Respectfully submitted,**

**GERALD J. PAPPERT**
**Attorney General**

**By:**   **s/Jason C. Giurintano**
**JASON C. GIURINTANO**
**Deputy Attorney General**
**I.D. No. 89177**

**Office of Attorney General**         **SUSAN J. FORNEY**
**Civil Litigation Section**           **Chief Deputy Attorney General**
**15th Floor, Strawberry Square**      **Chief, Litigation Section**
**Harrisburg, PA  17120**

**Counsel for Defendants**

**Date:  April 13, 2004**

15

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYRONE P. JAMES,** | : | |
| **Plaintiff** | : | |
| | : | No. 1:CV-01-1015 |
| v. | : | |
| | : | (Judge Kane) |
| **YORK COUNTY POLICE** | : | (Magistrate Judge Mannion) |
| **DEPARTMENT; AGENT JAMES H.** | : | |
| **MORGAN; DET. RICHARD** | : | **Electronically Filed** |
| **PEDDICORD; DET. RAYMOND E.** | : | |
| **CRAUL; SGT. GENE FELLS; DET.** | : | |
| **ANTHONY GLOWCZEWSKI; AGENT** | : | |
| **RANDY SIPES; and AGENT BRIAN** | : | |
| **WESTMORELAND,** | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Jason C. Giurintano, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on April 13, 2004, I caused to be served a true and correct copy of the foregoing document entitled Brief In Support of Defendants' Motion for Summary Judgment by depositing same in the United States Mail, first-class postage prepaid to the following:

Tyrone P. James, EX-9451
SCI Rockview, P.O. Box A
Bellefonte, PA  16823

Donald L. Reihart
3015 Eastern Boulevard
York, PA  17402-3026

                                                                                          s/Jason C. Giurintano
                                                                                          **JASON C. GIURINTANO**
                                                                                          **Deputy Attorney General**