Get a Document - by Citation - 2003 U.S. Dist. LEXIS 5180 Page 1 of 8

Case 1:01-cv-01015-YK Document 147-3 Filed 04/13/2004 Page 1 of 9

Service: **Get by LEXSEE®**
Citation: **2003 U.S. Dist. LEXIS 5180**

2003 U.S. Dist. LEXIS 5180, *

ABRA F. NEWMAN, Plaintiff, v. WILLIAM N. ALEXANDER II, et al., Defendants.

Civil Action No. 7:02CV01024

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA, ROANOKE DIVISION

2003 U.S. Dist. LEXIS 5180

April 1, 2003, Decided

**SUBSEQUENT HISTORY:** Motions ruled upon by, Reconsideration denied by, Stay denied by Newman v. Alexander, 2003 U.S. Dist. LEXIS 7895 (W.D. Va., May 1, 2003)

**PRIOR HISTORY:** Newman v. Virginia, 154 L. Ed. 2d 1041, 123 S. Ct. 1294, 2003 U.S. LEXIS 1555 (U.S., 2003)

**DISPOSITION:** [*1] Defendants' motions to dismiss granted.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff individual, proceeding pro se, brought the instant action under 42 U.S.C.S. § 1983 for alleged constitutional violations arising out of her arrest and criminal prosecution for driving without a motor vehicle license and obstruction of justice against defendants, a judge, prosecutor, police officer, and various state officials. The individual also sought an injunction to prevent the state police from setting up traffic checkpoints.

**OVERVIEW:** The state police stopped the individual's car at a traffic checkpoint, where they found that the individual did not have a driver's license and was driving a car that was not registered in her name. The individual claimed that an officer pulled her out of her car, handcuffed her behind her back, and placed her in his patrol car. She alleged that the officer used excessive force to pull her out of the vehicle while assaulting her. The individual's complaint did not state any claims against the judge or prosecutor other than those relating to the prosecution of her case. Accordingly, the judge's and the prosecutor's motion to dismiss was granted. The court held that a claim of unlawful search or seizure could not be maintained under § 1983 by a person convicted of the offense that gave rise to the search or seizure if the successful § 1983 action would suggest the invalidity of the conviction in state court. Therefore, because the individual's conviction was not reversed by an appellate court, case law barred her claims of unlawful search and seizure. The court could not determine whether the officers' actions were reasonable based on the record before it.

**OUTCOME:** The motions to dismiss by the various defendants were granted. Regarding the officers' actions, the court was unable to determine whether the officers violated any clearly established constitutional rights so as to preclude qualified immunity.

**CORE TERMS:** motion to dismiss, excessive force, motions to dismiss, arrest, driving,


EXHIBIT 9

Get a Document - by Citation - 2003 U.S. Dist. LEXIS 5180                    Page 2 of 8

Case 1:01-cv-01015-YK   Document 147-3   Filed 04/13/2004   Page 2 of 9

license, used excessive force, unlawfully, deliberate indifference, criminal prosecution, obstruction, advisement, checkpoint, injunction, seizure, traffic, absolute immunity, conspiracy claim, unlawful search, motor vehicle, construes, handcuffed, searched, custody, lenses, cruel and unusual punishment, judicial capacity, injunctive relief, failed to state, civil rights

## LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts

Constitutional Law > Civil Rights Enforcement > Immunity > Court Personnel & Judges
**HN1**⬥It is well-settled that judges enjoy absolute immunity from liability under 42 U.S.C.S. § 1983 for actions taken in their judicial capacity. More Like This Headnote

Constitutional Law > Civil Rights Enforcement > Immunity > Court Personnel & Judges
**HN2**⬥State prosecutors have absolute immunity from liability under 42 U.S.C.S. § 1983 for actions taken in the initiation and pursuit of a criminal prosecution. More Like This Headnote

Constitutional Law > Civil Rights Enforcement > Civil Rights Act of 1871 > Coverage
**HN3**⬥A claim of unlawful search or seizure cannot be maintained under 42 U.S.C.S. § 1983 by a person convicted of the offense that gave rise to the search or seizure if the successful § 1983 action would suggest the invalidity of the conviction. Thus, a § 1983 claim that, if successful, would necessarily imply that a valid conviction was unlawful is barred unless the underlying conviction has been held invalid by a court of law or expunged by executive order. More Like This Headnote

Criminal Law & Procedure > Search & Seizure > Exclusionary Rule Exceptions > Inevitable Discovery
Criminal Law & Procedure > Appeals > Standards of Review > Harmless & Invited Errors
**HN4**⬥Some search and seizure claims are not barred because prevailing on the claim would not necessarily imply the invalidity of the conviction, for example by application of the inevitable discovery or harmless error doctrines. More Like This Headnote

Constitutional Law > Search & Seizure > Scope of Protection
**HN5**⬥Claims that law enforcement officials have used excessive force in the course of an arrest fall under a Fourth Amendment analysis. The proper test is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to any underlying intent or motivation. More Like This Headnote

Civil Procedure > Preclusion & Effect of Judgments > Full Faith & Credit
**HN6**⬥The Rooker-Feldman doctrine prohibits a federal court from hearing claims that seek to determine whether the decisions of a state court were wrong. More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action
**HN7**⬥The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Fed. R. Civ. P. 12(b)(6) where the facts alleged in the complaint cannot support the claim. More Like This Headnote

Governments > State & Territorial Governments > Claims By & Against
Civil Procedure > Injunctions > Elements
**HN8**⬥Past exposure to allegedly unlawful conduct by state officers does not provide a ground to seek an injunction against future similar conduct. More Like This Headnote

Get a Document - by Citation - 2003 U.S. Dist. LEXIS 5180

Case 1:01-cv-01015-YK   Document 147-3   Filed 04/13/2004   Page 3 of 9

Page 3 of 8

**COUNSEL:** ABRA FAITH NEWMAN, plaintiff, Pro se, Ferrum, VA USA.

For WILLIAM N. ALEXANDER, II, GEORGE A. JONES, JR., defendants: James C. Stuchell, OFFICE OF THE ATTORNEY GENERAL, RICHMOND, VA.

For PATRICK THOMAS NIX, FRANKLIN COUNTY SHERIFF'S DEPARTMENT, CLIFFORD F. HAPGOOD, defendants: Thomas W. Farrell, WOOTEN & HART, ROANOKE, VA.

For WILLIAM M. BOWEN, JONATHAN D. DELP, defendants: Edward Meade Macon, Judith W. Jagdmann, James C. Stuchell, OFFICE OF THE ATTORNEY GENERAL, RICHMOND, VA.

**JUDGES:** By: Samuel G. Wilson, Chief United States District Judge.

**OPINIONBY:** Samuel G. Wilson

**OPINION: MEMORANDUM OPINION**

**By: Samuel G. Wilson,**

**Chief United States District Judge.**

Plaintiff Abra F. Newman, proceeding pro se, brings this action under 42 U.S.C. § 1983 for alleged constitutional violations arising out of **[*2]** her arrest and criminal prosecution for driving without a motor vehicle license and obstruction of justice. n1 Newman sued various state officers, including William N. Alexander, II, Franklin County Circuit Court Judge; George A. Jones, Jr., Franklin County General District Court Judge; Clifford F. Hapgood, Franklin County Commonwealth's Attorney; Patrick Thomas Nix, Franklin County Assistant Commonwealth's Attorney; William N. Bowen and Jonathan Delp, both Virginia State Police Troopers; and the Franklin County Sheriff's Department. Newman brings a host of constitutional claims, including unlawful search and seizure, excessive force, and cruel and unusual punishment. She also brings a claim under the Racketeering Influenced and Corrupt Organizations Act (RICO). Finally, she seeks an injunction from this court to prevent the Virginia State Police from setting up traffic checkpoints. The matter is before the court on defendants' motions to dismiss. The court finds that Alexander, Jones, Hapgood and Nix are entitled to absolute immunity from liability for the conduct alleged in the complaint and grants their motions to dismiss. The court also finds that Newman has failed to state a claim **[*3]** for deliberate indifference and cruel and unusual punishment against defendants Bowen, Delp and Franklin County Sheriff's Department and those claims are dismissed. The court also dismisses Newman's conspiracy claim under 42 U.S.C. § 1985, her civil RICO claim and her claim for injunctive relief. The court takes Bowen and Delp's motion to dismiss on the Fourth Amendment excessive force claim under advisement.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Because Newman is a pro se plaintiff, this court construes her motions and pleadings liberally, holding her to less stringent standards than an attorney drafting similar documents. See Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

**I.**

On September 12, 2000, Bowen and Delp, both Virginia State Troopers, stopped Newman's

car at a traffic checkpoint in Franklin County, Virginia. At the time, Newman did not have a driver's license and was driving a car that was not registered in her name. Virginia v. Newman, No. 01 01 4379 (Va. Cir. Ct. August 28, 2001) **[*4]** (conviction order). According to the officers, Newman refused to give her name or any form of identification and refused to get out of her car.

Newman claims that Bowen reached into her car through the open car window and unlocked the driver's side door. He then demanded that Newman get out of the car. Newman claims that, when she did not immediately get out of the car, Bowen pulled her out of her car, handcuffed her behind her back and placed her in his patrol car. She alleges that Bowen "used excessive force to pull [her] out of the vehicle while assaulting her." She also claims that Bowen and Delp handcuffed her in a manner that was deliberately painful. Newman alleges that she remained in the front seat of the patrol car, strapped in with a seatbelt, for approximately forty minutes resulting in pain and discomfort. Newman claims that, while she was restrained, Bowen and Delp searched her car and removed some personal property. Newman claims that the officers made comments to her about copies of the United States Constitution, the Holy Bible, and other books in her car and suggested that she was a member of a radical group.

Newman was taken to Rocky **[*5]** Mount, Virginia and transferred to the custody of the Franklin County Sheriff's Department. After her arrest was processed, she was then taken to the Roanoke City Jail. Newman claims that she told Bowen, Delp and employees of the Franklin County Sheriff's Department that she was wearing hard contact lenses that needed to be removed. Newman claims that these defendants ignored her pleas and left her in a cell in the Roanoke City Jail without allowing her to change her contact lenses for twenty-four hours. Newman also claims that during the time she remained in custody in the Roanoke City Jail, she was unlawfully strip-searched.

Newman was arraigned before Judge George A. Jones, Jr. on September 13, 2000. Newman alleges that Judge Jones forced her to sign documents that imposed criminal sanctions on her against her will. n2

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 Newman's complaint also alleges the Judge Jones and Judge Alexander are part of a "mob-dominated court seeking to extort funds from Plaintiff for their own personal benefit." Additionally, during oral argument in open court, Newman accused Judge Jones and Judge Alexander of "treason."

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - **[*6]**

On August 16, 2001, Newman's case was tried to a jury in Franklin County Circuit Court, presided over by Judge Alexander. The case was prosecuted by Patrick Nix, an assistant Commonwealth's Attorney. The jury found Newman guilty of operating a motor vehicle on the highway without a valid driver's license and obstruction of justice. Newman alleges that before and during the trial, Judge Alexander allowed unlawfully seized evidence to be admitted, and refused to allow Newman to present a defense based on her religious beliefs in violation of her constitutional rights. According to Newman, an appeal of her conviction is currently pending in the Supreme Court of Virginia.

Newman later brought this action under 42 U.S.C. § 1983. She alleges that Bowen and Delp unlawfully seized her and unlawfully searched her vehicle. She also claims the officers used excessive force while arresting her. Newman further alleges that Bowen, Delp and the Franklin County Sheriff's Department were deliberately indifferent to her serious medical

Get a Document - by Citation - 2003 U.S. Dist. LEXIS 3180

Case 1:01-cv-01015-YK   Document 147-3   Filed 04/13/2004   Page 5 of 9

Page 4 of 8

.

Get a Document - by Citation - 2003 U.S. Dist. LEXIS 3180    Page 5 of 8

Case 1:01-cv-01015-YK    Document 147-3    Filed 04/13/2004    Page 6 of 9

needs and used excessive force against her while she was confined in the Roanoke City Jail. Newman also brings a number of claims against Alexander, [*7] Jones, and Nix for their actions during her criminal prosecution. She also brings claims against Clifford Hapgood, the Franklin County Commonwealth's Attorney, for decisions he made relating to the prosecution of her case.

## II.

The court will first address the charges as applied to the judges and state prosecutors. *HN1* It is well-settled that judges enjoy absolute immunity from liability under 42 U.S.C. § 1983 for actions taken in their judicial capacity. Stump v. Sparkman, 435 U.S. 349, 355-56, 55 L. Ed. 2d 331, 98 S. Ct. 1099 (1978). Newman's complaint, construed liberally, states no claims against Judge Alexander and Judge Jones except for actions taken in their judicial capacity. Accordingly, Judge Jones and Judge Alexander's motion to dismiss is granted.

*HN2* State prosecutors also have absolute immunity from liability under 42 U.S.C. § 1983 for actions taken in the initiation and pursuit of a criminal prosecution. Buckley v. Fitzsimmons, 509 U.S. 259, 269, 125 L. Ed. 2d 209, 113 S. Ct. 2606 (1993). Liberally construed, Newman's complaint does not state any claims against Nix or Hapgood other than [*8] those relating to the prosecution of her case. Accordingly, Nix and Hapgood's motion to dismiss is also granted.

## III.

Newman also claims that Bowen, Delp and the Franklin County Sheriff's Department did not allow Newman to remove her contact lenses while she was confined at the Roanoke City Jail awaiting arraignment. The court construes Newman's claim as an Eighth Amendment claim for deliberate indifference to her serious medical needs. Newman claims that she told Bowen, Delp and employees of the Franklin County Sheriff's Department that she needed to take her contacts out because failure to remove them could cause permanent vision damage. Newman claims that, while she was held at the Roanoke City Jail, she was never given her contact lens case and she could not take out her contacts.

However, the defendants are only responsible for Newman's medical care while she is in their custody. Once Newman was taken to the Roanoke City Jail, responsibility for her medical treatment passed to officials at the Roanoke City Jail. Newman cannot maintain an action for deliberate indifference against defendants who have no authority to oversee her care. See Estelle v. Gamble, 429 U.S. 97, 103, 50 L. Ed. 2d 251, 97 S. Ct. 285 (1976). [*9] Accordingly, the court grants the defendants' motion to dismiss Newman's deliberate indifference claim.

Newman also claims the she was unlawfully stripped-searched "many times" while at the Roanoke City Jail. The court construes her claim as an Eight Amendment claim of excessive force against a pretrial detainee. Again, however, Bowen, Delp and the Franklin County Sheriff's Department have no authority over the actions of officers or officials at the Roanoke City Jail. Accordingly, the court grants defendants' motion to dismiss Newman's Eight Amendment excessive force claim.

## IV.

Next, Newman claims that Bowen and Delp illegally arrested her and illegally searched her vehicle following her arrest. However, Newman was convicted of the offenses that gave rise to the officer's search and seizure. Virginia v. Newman, No. 01 01 4379 (Va. Cir. Ct. August 28, 2001) (conviction order). Her conviction has not been reversed by any appellate court.

Get a Document - by Citation - 2003 U.S. Dist. LEXIS 3180

Case 1:01-cv-01015-YK   Document 147-3   Filed 04/13/2004   Page 7 of 9

Page 6 of 8

*HN3* A claim of unlawful search or seizure cannot be maintained under § 1983 by a person convicted of the offense that gave rise to the search or seizure if the successful § 1983 action would suggest the invalidity of the conviction. Heck v. Humphrey, 512 U.S. 477, 486-87, 129 L. Ed. 2d 383, 114 S. Ct. 2364 (1994). [*10] Thus, a § 1983 claim that, if successful, would necessarily imply that a valid conviction was unlawful is barred unless the underlying conviction has been held invalid by a court of law or expunged by executive order. Id. at 487. The Heck court noted that *HN4* some search and seizure claims are not barred because prevailing on the claim would not necessarily imply the invalidity of the conviction, for example by application of the inevitable discovery or harmless error doctrines. Id. at 487 n.7. Here, however, Newman is challenging her arrest for driving without a motor vehicle license and for obstruction of justice, and the subsequent inventory search and impounding of the car she was driving. If Newman were to prevail on any of these claims, it would necessarily imply that her arrest for driving without a license and obstruction of justice was not lawful. Therefore, because Newman's conviction has not been reversed by an appellate court, Heck bars her claims of unlawful search and seizure.

## IV.

Newman also claims that Bowen and Delp used excessive force against her when they removed her from her car, handcuffed her and took her to the [*11] Franklin County Sheriff's Department. Bowen and Delp claim that they did not use excessive force and that they are entitled to qualified immunity.

*HN5* Claims that law enforcement officials used excessive force in the course of an arrest fall under a Fourth Amendment analysis. Graham v. Connor, 490 U.S. 386, 395, 104 L. Ed. 2d 443, 109 S. Ct. 1865 (1989). The proper test is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to any underlying intent or motivation. Id. at 397. The court cannot determine whether the officers' actions were reasonable based on the record before it. The court also is unable to determine whether the officers violated any clearly established constitutional rights and thus are not entitled to qualified immunity. Accordingly, the court will take Bowen and Delp's motion to dismiss under advisement. Before ruling on the motion, the court will review the videotape that Newman references in her Second Brief in Opposition to Defendants' Motion to Dismiss, along with the records of Newman's state court proceedings and any other relevant material that the parties [*12] submit to the court.

## V.

Newman also brings a civil RICO claim, alleging that the defendants formed a criminal enterprise and used "extortionate and terrorist tactics" to intimidate parties and witnesses in her criminal case. Newman brings a separate claim alleging that the defendants conspired to interfere with and violate her civil rights for the purpose of "receipt of money that will go into their retirement and other fund(s)." Although Newman does not cite any specific constitutional or statutory basis for her conspiracy claim, the court presumes she is raising a claim for conspiracy to interfere with civil rights under 42 U.S.C. § 1985.

The court finds that Newman has failed to state a claim on either the civil RICO claim or the § 1985 claim. Although Newman summarily alleges that the defendants "acted together in a criminal enterprise and syndicate," Newman does not present any allegations to support a claim that the defendants in this case formed a criminal enterprise as defined by the RICO statute. Likewise, although Newman claims that the defendants conspired together to "intimidate" Newman and "take[] her through a mockery of a trial," she [*13] does not allege any facts that support her conspiracy claim.

Newman is essentially attempting to attack her criminal conviction by accusing the judicial

Get a Document - by Citation - 2003 U.S. Dist. LEXIS 5180　　　　Page 7 of 8

Case 1:01-cv-01015-YK　　Document 147-3　　Filed 04/13/2004　　Page 8 of 9

officers involved in her criminal prosecution of conspiring against her. *HN6*The Rooker-Feldman doctrine prohibits this court from hearing claims that seek to determine whether the decisions of a state court were wrong. Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997). Thus, the court cannot hear Newman's claims because she is merely seeking an additional appeal of her conviction by challenging the circumstances of her conviction under the guise of an institutional conspiracy. Even if the court could hear these claims, however, *HN7*"the presence ... of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)" where, as here, "the facts alleged in the complaint cannot support [the claim]." Young v. City of Mount Ranier, 238 F.3d 567, 577 (4th Cir. 2001). Accordingly, defendants' motions to dismiss the civil RICO and § 1985 claims and granted.

## VI.

Finally, Newman seeks an injunction to prevent the Virginia State Police from conducting **[\*14]** further "unconstitutional traffic checkpoints." Newman does not have standing to seek an injunction against the named defendants or against the Virginia State Police. *HN8*Past exposure to allegedly unlawful conduct by state officers does not provide a ground to seek an injunction against future similar conduct. City of Los Angeles v. Lyons, 461 U.S. 95, 97, 75 L. Ed. 2d 675, 103 S. Ct. 1660 (1983). Instead, a plaintiff must establish that there is an injury or threat of injury that is both real and immediate and not merely hypothetical. Id. Newman's complaint does not allege any set of facts that suggests she faces a real and immediate threat of again being stopped at an allegedly unlawful traffic checkpoint by the defendants or other officers of the Virginia State Police. Accordingly, her claim for injunctive relief must be dismissed.

## VII.

For the reasons stated, the court grants the motions to dismiss for defendants Alexander, Hapgood, Jones, Nix and the Franklin County Sheriff's Department. The court takes Bowen and Delp's motion to dismiss on the Fourth Amendment excessive force claim under advisement and grants the motion to dismiss on all other claims. **[\*15]** An appropriate order shall be entered this day.

**ENTER:** This April 1, 2003.

Samuel G. Wilson

CHIEF UNITED STATES DISTRICT JUDGE

**ORDER**

**By: Samuel G. Wilson,**

**Chief United States District Judge**

In accordance with the memorandum opinion entered this day, it is **ORDERED** and **ADJUDGED** that:

> (1) Motion to dismiss by William N. Alexander II and George A. Jones, Jr. is **GRANTED.**
>
> (2) Motion to dismiss by Patrick Thomas Nix is **GRANTED.**
>
> (3) Motion to dismiss by Clifford F. Hapgood is **GRANTED.**

Get a Document - by Citation - 2003 U.S. Dist. LEXIS 5180

Case 1:01-cv-01015-YK    Document 147-3    Filed 04/13/2004    Page 9 of 9

Page 8 of 8

(4) First and second motions to dismiss by the Franklin County Sheriff's Department are **GRANTED.**

(5) First and second motions to dismiss by William M. Bowen and Jonathan D. Delp are **GRANTED** as to all claims except Newman's Fourth Amendment excessive force claim. The court takes the latter claim under advisement.

Defendants Alexander, Hapgood, Jones, Nix and the Franklin County Sheriff's Department are stricken from this action.

**ENTER:** This April 1, 2003.

Samuel G. Wilson

CHIEF UNITED STATES DISTRICT JUDGE

Service: **Get by LEXSEE®**
Citation: **2003 U.S. Dist. LEXIS 5180**
View: Full
Date/Time: Monday, April 12, 2004 - 9:30 AM EDT

\* Signal Legend:
● - Warning: Negative treatment is indicated
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
🅐 - Citing Refs. With Analysis Available
🅘 - Citation information available
\* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.