UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| TYRONE P. JAMES | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 1:01-CV-1015 |
| v. | : | NO.03-4252 |
| | : | |
| YORK COUNTY POLICE DEPARTMENT, | : | |
| JAMES H. MORGAN, RICHARD PEDDICORD, | : | |
| RAYMOND E. CRUAL, GENE PELLS, | : | **FILED** |
| DET. KESSLER, CO. BAYLARK, | : | HARRISBURG, PA |
| RANDY SIPES, BRIAN WESTMORELAND, | : | APR 1 9 2004 |
| and DETECTIVE GLOWCZESKI | : | |
| Defendants, | : | MARY E. D'ANDREA, CLERK |
| | | Per_____ Deputy Clerk |

BRIEF IN OPPOSITION TO MOTION TO DISMISS APPEAL, UNDER THEORY

OF JURISDICTIONAL DEFECT, PURSUANT TO FEDERAL RULE CIVIL PROCEDURE, 54(b).

STATEMENT OF THE CASE

Plaintiff's, Tyrone P. James, on June 3, 2001, filed a 42 U.S.C. § 1983, filed suit, against the following Defendants: York County Police Department, James H. Morgan, Detective Richard Peddicord, Detective Raymond E. Craul, Detective Jean Pells, Detective Kessler, and C/O Baylark, in the United State District Court, Middle District of Pennsylvania Plaintiff's filed an Amended Complaint on October 23, 2001, adding the following defendants: Randy Sipes, Brian Westmoreland and Detective Glowczeski. The Honorable Judge Kane, granted Amended Complaint, and Ordered, that all defendants be served.

Complaint filed was in violation of Plaintiff's Constitutional Rights, by defendants, while being employed has an employee of the States, acting under the color of state and federal laws, and the right guaranteed by the Constitution, in violation of his First, Fourth, Fifth, Sixth, Eight, Thirteenth and Fourteenth Amendment Rights.

PROCEDURAL HISTORY OF THE CASE

On or around October 2001; Defendants were served with Complaint; Plaintiff's filed Amended Complaint. Defendants filed Motion to Dismiss Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). The

Plaintiff's filed Brief In Opposition To Defendants Motion To Dismiss and objections to the Magistrate Judge Mannion Report and Recommendation; recommending that the Defendants Motion The Dismiss, be granted in part and denied in part. Defendants filed objections to the Magistrate Judge, Report and Recommendation.

On October 8, 2003, the Honorable Judge, pursuant to 28 U.S.C. § 636 (b)(1)(C), making a de novo determination of the finding or recommendations to which objections were made, by adopting the report and recommendation and overruling the objections. [See Attachment "A"]. A timely appeal followed, appealing the dismissal of plaintiff's claims as to the Eight and Fourteenth Amendments as to use of excessive force and Sixth Amendment, as to the denial of counsel, Upon his arrest; preliminary arraignment, at his request for counsel.

<u>STATEMENT OF FACTS</u>

On January 8, 2001, Agent Randell Sipes, while working as a Agent of the Department of Justice, Office Of Attorney General. State Of California, unlawfully search a package, addressed to Plaintiff's Mail Box, in Pennsylvania, without probable cause, nor search warrant, in violation of plaintiff's constitutional rights, guaranteed under the United States, Constitution; Amendment First, Fourth, Fifth and Fourteenth; Due process and Equal Protection. Upon the invasion of Plaintiff's package, addressed to his Mail Box; Defendant Sipes, contacted Defendant Morgan, in Pennsylvania, State Attorney General Office; whom, in turn, created a "Make Shift Box;" placed it by himself, at the Plaintiff's mail box, for him to retrieved; which led to the pretext and subterfused arrest of Plaintiff, on January 10, 2001; by Defendant Morgan and the other named Defendants, named in the Lawsuit. The use of excessive forces, were involved, when Plaintiff's was intentionally, maliciously, sadistically and deliberately hit by a Government vehicle, driven by Defendant Glowsczeski's, thrown to the ground and repeatedly trample upon, by the other named Defendant with their shoes and boots.

Plaintiff's suffered great harm, both physical and mentally, by continuous back pain and spinal pain; although plaintiff's suffer from mentally disability, the drama and effect, of the incident that occurred on January 10, 2001, causing Plaintiff, to fall into deeper depression, from the physical and mental abuse, by the Defendants, which amount to mental anguish. The repeated request, by Plaintiff's to Defendant Morgan and Crual, for a phone call to contact his counsel, (Attorney), before and after Preliminary Arraignment, was a blatant denial of plaintiff's Equal Protection and Due Process rights to counsel under the Sixth and Fourteenth Amendment of the United States Constitution; and the deliberately destroying of plaintiff's Lawyer Network Card, by Defendant Morgan, was obstruction of justice. Plaintiff's was denied his Attorney, at his repeated request; he was subjected to continuous interrogation by Defendants Morgan, after he deliberately told Prison guards, York County Prison, "Not to give James, any phone call pending investigation,"; which denied plaintiff access to an attorney for over seventy-two hours.

Defendants have violated the laws of the States of Pennsylvania; the United States Constitution and Federal laws; when he was hit by a van, Government vehicle, driven by Defendant Glowcszeski, and later trample upon by the Defendants; and later denied counsel or access to contact his Attorney at his request, for counsel.

<u>ISSUE IN QUESTION</u>

WHETHER THIS HONORABLE COURT SHOULD DISMISS THIS TIMELY FILED APPEAL; DUE TO JURISDICTIONAL DEFECT, BECAUSE THE COURT LACK APPELLATE JURISDICTION, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURAL 54(b)

<u>ARGUMENT</u>

A judgment entered as to less than all claims in a lawsuit, or as to less than all parties in a lawsuit, is not immediately appealable; instead, the appeal must generally await the entry of judgment as to all remaining claims and parties. However, the District Court can make a judgment as to less than all claims or parties, "Final" and thus immediately appealable, by expressly

certifying that no just case exist to delay the appeal and by directing the entry of judgment. Separate, piecemeal appeals during a single litigation are insufficient and uneconomical and thus is contrary to the historic Federal policy favoring one appeal on all issue at the conclusion of the lawsuit. See Ruter v. Cooper, 507 U.S. 253, 263, 113 S.Ct 1213, 1217, 122 L.Ed.2d 604 (1993); Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1; 8, 100 S.Ct. 1460, 1464-65, 64 L.Ed.2d (1980) cf. Williams v. County of Westchester, 171, Fed. 98, 102 (2d Cir. 1999); (holding that interlocutory orders are, by their nature subject to modification or adjustment by the trial court to the entry of a final judgment adjudicating the claims to which they pertain).

Rule 54(b) certifications for immediate appeal permit exception from the general policy, for those infrequent instances where awaiting a final judgment would be unduly harsh or unjust. See In re Southeast Banking Corp., 69 F.3d 1539, 1547 (11th Cir. 1995); PYCA Indus v. Harrison County Waste Water Management Dist., 81 F.3d 1412 1421 (5th Cir. 1996).

The prerequisites for obtaining an immediately appealable judgment from the District Court entered as to less than all claims or parties are: (1) Multiple Claims or Parties fully Resolved; (2) No Just Cause for Delay; and (3) Entry of Judgment.

## 1. Multiple Claims or Parties Resolved:

To be eligible for immediate appeal under Rule 54(b), a partial adjudication must either (a) finally resolve at least one claim or (b) finally resolve the rights and liabilities of at least one party. A claim or a party interest must be adjudicated to finality, such that there is nothing more to do on that claim or for that party, but await the conclusion of the remaining portions of the litigation; which, this limitation is a pivotal one; see Curtiss-Wright Corp. v. General Elec. Co., supra; State Street Bank & Trust Co. v. Stephens, Inc., 89 F.3d 1487, 1489 (1st Cir. 1996); In re Southeast Banking Corp., supra; National Union Fire Ins. Co. v. City Savings, F.S.B., 28 F.3d 376 (3d Cir. 1994); Whilden v. Kentucky, 44 F.3d 1525 (6th Cir. 1995);

In re Lull Corp, 52 F.3d 787, 733 (8th Cir. 1995); Waldorf v. Shuta, 142 F.3d 601, 611 (3d Cir 1998).

Multiple claims exist where each claim is factually separate and independent, where each claim could be enforced separately; where there is more than one potential recovery, or where different types of relief are requested. See Seatrain Shipbuilding Corp. v. Shell Oil Co., 444 U.S. 572 100 S.Ct. 800, 63 L.Ed.2d 36 (1980); Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 15 n. 21 (2d Cir. 1997); Lawyers Title Ins. Corp. v. Dearborn Title Corp. 118 F.3d 1157 (7th Cir. 1997). (Noting that test for "Separate claims" is whether the claim at issue so overlaps the claim remaining claims would require the appellate court to cover the same ground addressed on the Rule 54(b) appeal).

The order in question involves a "controlling question of law" which generally means that a question regarding the meaning of a regulatory, statutory, or constitutional provision or common law doctrine; the resolution of which is likely (although not necessarily certain) to affect the future course of the litigation. See Ahrenholz v. Board of Trustees of Univ. of Ill., 219 F.3d 674, 676 (7th Cir. 2000); Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc. 86 F.3d 656, 659 (7th Cir. 1996)(controlling if issue's resolution is "quite likely" to affect further course of litigation); In re Baker & Getty Fin. Servs., Inc., 954 F.2d 1169, 1172 n.5 (6th Cir. 1992)( to be "controlling" all an appeal could materially affect outcome of litigation in trial court); Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974) (controlling if trial court error would require reversal)(controlling "means serious to the conduct of the litigation, either practically or legally," and saving of district court's time and litigants, they are highly relevant factors); also see Klinghoffer v. S.N.C. Achille Lauro Ed Altin-Gestione Motonave Achille Lauro in Amnisto Trantone Straordinaria, 921 F.2d 21, 24 (2d Cir. 1990); In re Cement Antitrust Litig. (MDC No. 296), 673 F.2d 1020, 1026 (9th Cir. 1981).

There is substantial ground for difference of opinion on the legal issue

the order resolves, which generally means either that there is conflicting legal authority on the disputed issue or that the issue is a particular difficult or uncertain one of first impression. See White v. Nix, 43 F.3d 374, 323 (8th Cir. 1993).

The Plaintiff asserted his Eighth, and Fourteenth Amendment claims in his Complaint, filed June 5, 2001, as to the use of excessive force, by the defendants, when they hit his with a van, and trampled upon his with their shoes and mostly a Sixth Amendment claims, was also filed, based on the denial of his right to counsel before and after his preliminary arraignment, when he was deliberately and intentionally denied access to the phone, to contact his Attorney, by defendants Morris and C/O Taylors, when Defendant Morgan Institution Prison Guards "refuse to give Jones, any phone calls, pending investigation." Furthermore, Defendant Morgan destroyed, this Plaintiff's Attorney Network Card. The District Court dismissed such Claims. See [Exhibit "X"]. Each claim is factually separate and independent. Plaintiff's Sixth Amendment claims present an independent claim, which upon dismissal would present a final resolution. The question is not whether respondent had a right to counsel at their postarraignment custodial interrogatories, the existence of that right is clear.

It has two sources. The Fifth Amendment protection against compelled self-incrimination provides the right to counsel at custodial interrogation. Edwards v. Arizona, 451 U.S. at 482, 101 S.Ct. at 1883; Miranda v. Arizona, 384 U.S. 436, 470 45 S.Ct. 1602, 1925, 16 L.Ed.2d 694 (1966). The Sixth Amendment guarantees the right to assistance of counsel at postarraignment interrogatories. The arraignment signal " the initiation of adversary judicial proceedings" and thus the attachment of the Sixth Amendment. See United States v. Gouveia 467 U.S. 180, 187, 189, 104 S.Ct. 2292, 2297, 81 L.Ed. 146 (1984).

Thereafter, Government efforts to elicit information from the accused including interrogation, represent, "Critical Stages" at which the Sixth Amendment applies. Maine v. Moulton, 474 U.S. 159, 106 S.Ct. 477, 85 L.Ed.2d.

139 (1985); United States v. Henry, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d
115 (1980); Brewer v. Williams, 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d
424(1977); Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d
246(1964).

The question in this case is whether, Plaintiff's denial of counsel upon
his repeated request, to Defendants, to contact his Attorney, before and after
preliminary arraignment, and the blatant denial of his rights, to counsel,
by the defendants, prejudice this plaintiff's at his earliest and most critical
stage of the adversary judicial proceeding, held at District Magistrate Office,
on January 12, 2001, on or around 7:00 p.m.; there there was no knowing valid
waiver of the right to counsel at the postarraignment, custodial interrogation
and judgment proceeding;

7

where Plaintiff was formally charged, which misapprehends the nature of the pretrial protection afforded by the Sixth Amendment. When the defendants themselves moved to prosecute plaintiff, and only then that the adverse positions of the Government and Plaintiff have solidified. The Sixth Amendment gurantees the accused, at least after the initiation of formal charges, the right to rely on counsel as a medium between him and the State. See <u>Michigan V. Jackson, 106 S.Ct. 1404, 475 U.S. 625, 89 L.Ed. 2d. 631 (1986).; (held that if police initiate interrogation after defendants assertion at arraignment or similar proceeding, of his right to counsel, any waiver of defendants right to counsel for that police-initiated interrogation is invalid).</u> Plaintiff was already accused of a crime in this case. For this reason Plaintiff's appeal should be processed.

In violation of the Eighth and Fourteenth Amendments to the United States Constitution, these defendants intentionally, sadistically and deliberately hit plaintiff with a Government vehicle, to cause bodily harm on Plaintiff. Then turned around and trampled him with their shoes and boots which gives raise to cruel and unusual punishment, and the denial of medical care constituted <u>deliberate indifference</u>.

### (2) NO JUST CARE FOR DELAY:

The rule permitting appeal upon the trial court's determination of "no just reason for delay". From a judgment upon one or more but less than all claims in an action, has generally been given a sympathetic construction by the court

and its validity is settled. Reeves V. Beardall, 316 U.S. 283 19420; Sears, Roebuck Co., V. Mackey, 351 U.S. 427 (1956); Cold Metal Process Co. V. United Engineering & Foundry Co. , 351 U.S. 445 (1956).

The dangers of hardship through delay of appeal until the whole action is concluded may be at least as serious in the multiple parties situations as in multiple claims cases. Pabellon V. Grace Line, Inc., 191 F.2d 169, 179 (2d Cir. 1951), cert denied, 342 U.S. 893 (1951), and courts and commentators have urged that Rule 54(b) be changed to take in the former. See amended Rule 62(H). Reagan V. Traders & General Ins. Co., 255 F.2d 845 (5th Cir. 1958); Meadows V. Greyhound Corp. 235 F.2d 233 (5th Cir. 1956); Steiner V. 20th Centry Fox Film Corp. 220 F.2d 105 (9th Cir. 1955); 6 Moore Federal Practice, ¶ 9154-34[2] (2d ed. 1953); 3 Barron & Holt Zoff Federal Practice & Procedure § 1193.2 (Wright ed. 1958); Developments in the Laws - Multiparty Litigation, 71 Harv. L. Rev. 874, 981 (1958); Note 62 Yale L.J. 263, 271 (1953), Ill. Ann Stat. ch. 110 § 50(2) Smith-Hard 1956). 1956).

There has been some recent indication that interlocutory appeal under the provisions of 28 U.S.C. § 1292(b), added in 1958, may now be available for the multiple parties cases here considered. See Jaffex Corp. V. Randolph Mills, Inc., 282 F.d 508 (2d Cir. 1960).

The district court must state in clear and unmistakable language, that there is no just cause to delay the appeal of the adjudicated claim are the adjudicated rights and liabilities of a parties.

This determination ordinarily can be made only where delay in appealing presents some risk of hardship or injustice that would be avoided by an immedite appellate review, where a plaintiff could be prejudiced by a delay in recovering a monatary judgment, or where an expensive, duplicative trial could be avoided by reviewing a dismissed claim promptly before the remaining claims reach trial. See Advanced Magnetics, Inc. V. Bayfront Partner, Inc., 106 F.3d 11, 16 (2d Cir. 1997).

Whether "just cause" exists is a determination made on a case-by-case basis. See Sears, Roebuck & Co. V. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed 1297.

Here the relationship between adjudicated and unadjudicated claims, the possibility that the need for appealable review might be mooted by further developments in the district courts; The possibility that the district court might by obligated to consider the same issue on a later occasion; specifically plaintiff's Fifth and Sixth Amendment rights to Counsel, as to plaintiff's right to Counsel at this critical stage of adversary proceedings, after he had a preliminary arraignment, and the defendants denied him counsel and instructed prison guard (not to give him access to the phone to contact counsel pending investigation), particularly when Plaintiff requested counsel, as ameded and appealed.

The absence of this claim could result in a set-off against the judgment now sought to be made final and appealed, and this delay, could cause

plaintiff's and the Governments economical expense by not resolving any form of solution.

Solvency concerns, shortening of trial time, or frivolity of competing claims and expense. See Waldorf V. Shuta 142 F.3d 601, 609 (3d Cir. 1998). (Listing elements). General Acquisition, Inc V. Gen Corp, Inc., 23 F.3d 1022, 1030 (6th Cir. 1994) (Same); Brashwell Shipyards, Inc. V. Beazer East, Inc., 2 F.3d 1331, 1335-36 (4th Cir. 1993) (Same); cf Credit Francais Inst'l., S.A. V. Bio-Vita, Ltd., 78 F.3d 698, 707 (1st Cir. 1996) (Certification is particularly suspect when the appellant's remain litigants before the trial Court).

It is clear from the order entered, Oct. 3, 2003, that the district judge's intent is clear from the record, that there was "no just cause for delay", when it incant it ordered dismissing plaintiff's claim as to his Eighth Amendmendment excessive force claim, Fourteenth Amendment excessive force claim, and Sixth Amendment rights to Counsel claim, where plaintiff was preliminarily arraigned in the instant case; requested Counsel without ambiguiosty, and the defendants' refused plaintiff's counsel and deliberately gave instruction to prison guards not to give plaintiff access to phone to contact Counsel.

For this reason Rule 54(b) certification should be granted and appeal should be granted. See Briargrove Shopping Ctr. Joint Venture V. Pilgrim Enters, Inc., 170 F.3d 536, 539 (5th Cir. 1999).

### (3) ENTRY OF JUDGMENT

In its order entering Rule 54 (a) judgment, the district court must clearly and cogently explain why it has concluded that an immediate appellate review of the order is advisable. See Cuoco V. Moritsuga, 222 F.3d 99 (2d Cir. 2000); Carte V. City of Philadelphia, 181 F.3d 339 (3d Cir. 1999) (District court must provide a statement of reasons when entering final judgment under Rule 54(b); Ebrahimi V. City of Huntsville Bd. of Educ., 114 F.3d 162, 166 (11th Cir. 1997); Building Industry Ass'n of Superior Cal. V. Babbitt, 161 F.3d 740 (D.C. Cir. 1998) (In cases where it is not self evident that Rule 54(b), certification is appropriate, further explanation by district court may be necessary.)

The district court's failure to offer a written explanation is not a jurisdictional defect that compels the appeal's dismissal. See Carter V. City of Philadelphia, 181 F.3d 339 (3d Cir. 1999). Advanced Magnetics, Inc V. BayFront Partners, Inc., 106 F.3d 11, 16 n 21 (2d Cir. 1997).

In the instant case, contrary to the entery of judgment entered on Oct. 8, 2003, which is reserved for the sound discretion of the district judge, in which claims were final at the time of just decision, is reviewable, contrary to the historic Federal policy against piecmeal appeals, where such that the possibility will arise, that the district court might be obligated to consider the same issue on a later occasion

and the relationship between adjudicated and unadjudicated claims. This Court of Appeals have the power and discretion to review the matter to ensure that this entry of judgment is eligible for immediate review. See Schudel V. General Elec. Co., 120 F.3d 991, 994 (9th Cir. 1997), cert denied, 523 U.S. 1094, 118 S.Ct 1560, 140 L.Ed 2d. 792 (1998). The dismissal of C/O BayLark's claims has substantiated a questionable argument that give rise to said claims, because he participated in the denial of Counsel.

WHEREFORE, for the forgoing reasons, this appeal should be granted sua sponte.


Respectfully submitted,

*Tyrone James*

Dated April 7, 2004

Tyrone James

EX-9451

P.O. Box A

Bellefonte, PA 16823-0820

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

TYRONE P. JAMES                          :
          Plaintiff,                     :
                                         :     CIVIL ACTION NO. 1:01-CV-1015
          v.                             :     NO.03-4252
                                         :
YORK COUNTY POLICE DEPARTMENT,           :
JAMES H. MORGAN, RICHARD PEDDICORD,      :
RAYMOND E. CRUAL, GENE FELLS,            :
DET. KESSLER, CO. BAYLARK,               :
RANDY SIPES, BRIAN WESTMORELAND,         :
and DETECTIVE GLOWCZESKI                 :
          Defendants,                    :

CERTIFICATE OF SERVICE

I, Tyrone P. James, Plaintiff's, pro se, hereby certified that, I am this day serving a true and correct copy to assigned counsel's, "Brief In Opposition To Motion To Dismiss Appeal, Under Rule Of Jurisdictional Defect, Pursuant To Federal Rule Civil Procedure, 54(o)," in the manner set forth below to the following, by placing said legal manila envelope, deposited into the institutional mail box, and turning over said documents to prison officials for mailing:

BY FIRST CLASS U.S. MAIL:

Jason Giurintano                    Donald L. Reihart
Office of Attorney General          3015 Eastern Boulevard, Suite 204
15 tn floor Strawberry Square       York, PA 17402
Harrisburg, PA 17120

Honorable Judge Kane                Kristin G. Hogue, SDAG
States Of Office Clerk              Office Of Chief Clerk
United States District Court        Department Of Justice
228 Walnut Street                   Office Of Attorney General
P.O. Box 983                        110 West A Street, Suite 1100
Harrisburg, PA 17108                P.O. Box 85266
                                    San Diego, CA 92186-5266

Office Of The Clerk- Legal Division
UNITED STATES COURT OF APPEALS
21400 U.S. Courthouse
601 Market St.
Philadelphia, PA 19106-1790

I certify undr penalty or perjury that the foregoing is true and correct. 28 U.S.C 1746.

Date : April 7, 2004.

Respectfully Submitted

Tyrone P. James.

Tyrone P. James, Pro Se;
Appellant (Plaintiff's
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820.

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

TYRONE P. JAMES                      :
              Plaintiff,             :
                                     :        CIVIL ACTION NO. 1:01-CV-1015
        v.                           :        NO.03-4252
                                     :
YORK COUNTY POLICE DEPARTMENT,       :
JAMES H. MORGAN, RICHARD PEDDICORD,  :
RAYMOND E. CRUAL, GENE FELLS,        :
DET. KESSLER, CO. BAYLARK,           :
RANDY SIPES, BRIAN WESTMORELAND,     :
and DETECTIVE GLOWCZESKI             :
              Defendants,            :

EXHIBIT "A"

MEMORANDUM AND ORDER, DATED OCTOBER 3, 2003.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,
    Plaintiff

    v.

YORK COUNTY POLICE
DEPARTMENT, JAMES H. MORGAN,
RICHARD PEDDICORD, RAYMOND
E. CRAUL, GENE FELLS, DET.
KESSLER, CO. BAYLARK, RANDY
SNIPES, BRIAN WESTMORELAND,
and DETECTIVE GLOWCZESKI,
    Defendants

:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO. 1:01-CV-1015

(Judge Kane)

## MEMORANDUM AND ORDER

Before the Court are Defendants' motion to dismiss, a Report and Recommendation filed by Magistrate Judge Mannion recommending that the motion be granted in part and denied in part, and Defendants' objections to the Report and Recommendation. For the reasons discussed below, this Court will adopt the report and recommendation and overrule the objections.

### I.  Background

The factual background to this case is detailed in the Report and Recommendation. Briefly, this case arises out of the circumstances surrounding Plaintiff's arrest, detention, interrogation and prosecution for state criminal charges. Plaintiff brings his complaint against the York County Police Department and several police and correctional officers. Defendants Morgan, Peddicord, Craul, Fells, Kessler, Glowczeski, and Westmoreland filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that in many respects, Plaintiff has failed to state a claim for which relief may be granted.

## II.    Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997).

## III.    Discussion

Defendants bring two objections to the Report and Recommendation. First, they argue that the Magistrate Court erred in recommending the motion to dismiss be denied with respect to Plaintiff's Fourth Amendment excessive force claim. Second, they argue that the Magistrate Court erred in recommending that the excessive bond issue should survive the motion to dismiss. Additionally, although Plaintiff did not formally file objections to the Report and Recommendation, in his brief in opposition to Defendants' objections, he argues that the Magistrate Court erred in recommending the dismissal of his Sixth Amendment claim related to

2

denial of counsel. The Court will address each of these objections.

## A.    Fourth Amendment Claim of Excessive Force

Defendants argue that Plaintiff's complaint does not sufficiently allege personal involvement of each of the Defendants such that they can be held liable for excessive use of force in violation of the Fourth Amendment. While they concede that Plaintiff identified Westmoreland and Glowczeski at the scene of the arrest, they argue that the other Defendants should be dismissed from this claim. Defendants made this same argument in their brief in support of their motion to dismiss, and it was fully considered by the Magistrate Court. That Court found that because Plaintiff alleged that all moving Defendants "were present at and involved in his arrest, including the use of excessive force against him[,]" the claim should be permitted to survive. This Court agrees.

Plaintiff is a pro se litigant, and as such, his complaint must be liberally construed and held to a less stringent standard than formal pleadings. Estelle v. Gamble, 429 U.S. 97 (1976). A pro se action "can only be dismissed for failure to state a claim if it appears 'beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. at 106 (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)). Although he does not provide extensive specifics as to how each Defendant was involved in the alleged constitutional violation, he does specifically state that all Defendants were involved and took an active role in his seizure. (See Doc. No. 83, at 7; Doc. No. 53 at 15-16). This is sufficient at this stage in the litigation. See Rode v. Dellacriprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."). Accordingly, Defendants' objection on this

3

basis will be overruled.

**B.    Eighth Amendment Claim of Excessive Bond**

The Magistrate Court noted that Defendants did not argue for dismissal of Plaintiff's claim that his Eight Amendment rights were violated by setting of excessive bail. (Doc. No. 79 at 13). However, Defendants object to this finding, arguing that they did not have any involvement in setting bond and that this claim was already dismissed by this Court's September 18, 2001 order.

This Court will not consider the merits of Defendants' argument since they did not raise it in their motion and therefore neither the Plaintiff nor the Magistrate Court had the opportunity to address it. See Dougherty v. Harper's Magazine Co., 537 F.2d 758, 761 (3d Cir. 1976) (noting that a court cannot dismiss a claim on its own initiative "without at least giving plaintiffs notice of the proposed action and affording them an opportunity to address the issue"). Furthermore, Defendants' contention that the excessive bond claim was previously dismissed is unsupported in the record. This Court did not mention, let alone dismiss, Plaintiff's Eighth Amendment excessive bond claim in the September 18, 2001 order. (See Doc. No. 16).

**C.    Sixth Amendment Right to Counsel**

Plaintiff argues that the "adversarial judicial proceedings" initiated when he was taken to the Magistrate's Office the day of his arrest and that was when his Sixth Amendment right to counsel attached. (Doc. No. 83 at 3-4). He states that he was denied access to counsel at the critical stage of his prosecution when he was being interrogated.

The Magistrate Court found that Plaintiff's allegations of denial of counsel prior to the initiation of judicial proceedings does not rise to the level of a Sixth Amendment claim. The Magistrate Court fully considered the record and applicable law in making this finding, and this

4

Court will now adopt it. Plaintiff's claims regarding denial of counsel are still actionable under the Fifth Amendment insofar as it prohibits interrogation after a clear request for counsel is made. See Davis v. United States, 512 U.S. 452, 458 (1994) ("if a suspect requests counsel at any time during the interview, he is not subject to further questioning until a lawyer has been made available or the suspect himself reinitiates conversation") (citing Edwards v. Arizona, 451 U.S. 477, 484-85); see also Miranda v. Arizona, 384 U.S. 436 (1966). Plaintiff's Fifth Amendment claim will not be dismissed.

IV.    **ORDER**

Therefore, for the reasons discussed above, **IT IS HEREBY ORDERED THAT**:

1.    This Court **ADOPTS** in full the Report and Recommendation (Doc. No. 79) filed

by Magistrate Judge Mannion.

2.    Defendants' objections (Doc. No. 80) are **OVERRULED**.

3.    Defendants' motion to dismiss (Doc. No. 45) is **GRANTED** in part and **DENIED**

in part as follows:  Plaintiff's Eighth Amendment excessive force claim,

Fourteenth Amendment excessive force claim, and Sixth Amendment right to

counsel claim are **DISMISSED**.  The remainder of the motion to dismiss is

**DENIED**.


                                          S/ Yvette Kane
                                          Yvette Kane
                                          United States District Judge

Date:    October 8, 2003

INMATE...
PA DEPT C...
CORRECTION...

TYRONE SAVAGE
EX 9451
P.O. BOX A
Bellefonte, PA. 16823-0820

Honorable Judge Kane
Office of The Clerk
United States District Court
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

Legal Mail