IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES
   Plaintiff,

v.

YORK COUNTY POLICE DEPARTMENT,
JAMES H. MORGAN, RICHARD PEDDICORD,
RAYMOND R. CRUAL, GENE FELLS,
DET. KESSLER, CO. BAYLARK,
RANDY SIPES, BRIAN WESTMORELAND,
and DETECTIVE GLOWCZESKI
   Defendants,

CIVIL ACTION NO. 1:01-CV-1015
(Judge Kane)
(Magistrate Judge Mannion)

JURY TRIAL DEMANDED

## PLAINTIFF'S MOTION FOR AN ENLARGEMENT OF TIME TO RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On April 13, 2004, Defendants, James Morgan, Brain Westmoreland, Richard Peddicaord, Raymond Craul, Gene Fells, Robert Kessler and Anthony Glowczeski; filed motion for summary judgment with said Court. Plaintiff's hereby avers the following:

1. Plaintiff's Motion to Compel Discovery is still pending with this Court.

2. Plaintiff's Appeal of the Order, dated, March 29, 2004, is still pending with this Court

3. Defendant Morgan, Glowczeski, Peddicord, Fells, and Kessler have yet to answer Plaintiff's Request For Admissions; causing an incomplete Discovery.

4. Plaintiff's is without the necessary Discovery materials; because the defendants have failed to turned over the requested documents, plaintiff request, in his request for Production of Document, and therefore present misleading documents irrelevant to plaintiff's request; specifically the arrest and search warrants for the Mail Box, when they planted a make shift package, for plaintiff's to retrieve, on January 10, 2001, at 10:30, a.m.; and the search warrant in California; since the Use of Excessive Force is analyzed under the Fourth Amendment of an Arrestee, then the totality of the circumstances, come into question that give rise to probable cause; if there was no probable cause

to arrest, then there should not had been any arrest and therefore, a constitutional violation exist. The credibility determination of these Defendant are very vital to the case. The Defendant have yet to turn over documents dealing with the interval between investigation and arrest, that give rise to the use of excessive force against this plaintiff's. The Defendant does not dispute that Plaintiff's collided with the Vehicle driven by Defendant Glowczesk's. but that the vehicle was not moving. The completion of Discovery material are very relevant to this case, and Defendant have failed to comply with the Federal Discovery Rule.

5. Plaintiff's is in need of additional time in which to prepare and file an appropriate response to Defendants Summary Judgment.

6. Plaintiff's is not an Attorney; compare to Defendant Counsel, whom is highly trained in that field; is with limited access to the law library, legal material, for research; to type legal documents or paper, prepare for copying and to investigate legal litigation in this case; has a competent Attorney would be able to accomplish, if counsel should be appointed to the case of plaintiff's behalf; to compete with the high standards and legal theory of Defendant Counsel.

7. Plaintiff's is disabled and would need additional time to research the Defendant Memorandum and Brief in Support of Motion For Summary Judgment.

8. Plaintiff's respectfully requests an enlargement of time until; his Motion To Compel, Appeal To The Magistrate Mannion Order, Denying Plaintiff's Request For Appointment Of Counsel, and Defendant repsonse to Plaintiff's Request For Admissions, are still pending before this Court; plus Defendants have failed to comply and turned over relevant Discovery material to the Plaintiffs. Discovery are incomplete. A court should not grant summary judgment against a party who has not had an opportunity to pursue discovery or whose discovery requestn have not been answered. Salahuddin v. Coughlin, 993 F.2d 306, 309-10 (2d Cir. 1993); Klingele v. Eikenberry, 849 F.2d 409, 412-13 (9th Cir. 1988); WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988);

Villante v. Dept. of Corrections of City of New York, 786 F.2d 516, 521-23 (2d Cir. 1986). See 56(f), Fed.R.Civ.P.; Where the facts are in the possession of the moving party, a continuance of a motion for summary judgment should be granted as a matter of course. See Costlow v. United States, 552 F.2d 560, 564 (3d Cir. 1977); accord, Baker v. McNeil Island Corrections Center, 859 F.2d 124, 127 (9th Cir. 1988); Jackson v. Procunier, 789 F.2d 307, 312 (5th Cir. 1986).

9. Granting this enlargement will not unreasonably delay this matter nor prejudice the right of the Defendants.

WHEREFORE, the Honorable Court should grant an enlargement of time, for plaintiff's to response to Defendants Motion For Summary Judgment; until this Court decides the Plaintiff's pending Motions, relating to Motion To Compel Discovery, and Appointment of Counsel. Plaintiff request that he be allowed to respond to Defendants Motion To Summary Judgment, 45 days after this Honorable Court Decide the pending Motions, with this Court.

Date: April 18, 2004.

Respectfully Submitted,

Tyrone James

Tyrone P. James, Pro se, Plaintiff's.

P.O. Box A
Bellefonte, PA 16823-0820.

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES<br>      Plaintiff, | : <br> : <br> :   CIVIL ACTION NO. 1:01-CV-1015 |
| v. | :   (Judge Kane)<br>:   (Magistrate Judge Mannion) |
| YORK COUNTY POLICE DEPARTMENT,<br>JAMES R. MORGAN, RICHARD PEDDICORD,<br>RAYMOND E. CRUAL, GENE FELLS,<br>DET. KESSLER, CO. BAYLARK,<br>RANDY SIPES, BRIAN WESTMORELAND,<br>and DETECTIVE GLOUCESTER<br>      Defendants, | : <br> :   JURY TRIAL DEMANDED<br>: <br> : <br> : <br> : <br> : |

## CERTIFICATE OF SERVICE

I, Tyrone P. James, Plaintiff's, pro se, hereby certified that, I am this day serving a true and correct copy to assigned counsel's, "Plaintiff's Motion For An Enlargement Of Time To Response To Defendant's Motion For Summary Judgment,", in the manner set forth below to the following, by placing said legal manila envelope, deposited into the institutional mail box, and turning over said documents to prison officials for mailing:

BY FIRST CLASS U.S. MAIL:

Jason C. Giurintano  
Office of the Attorney General  
15th Fl., Strawberry Square  
Harrisburg, PA 17120  

Donald L. Reihart  
3015 Eastern Boulevard  
York, PA 17402-3026  

Carole J. McGraw  
110 W. A Street, Suite 1100  
San Diego, CA 92101  

I, certify under penalty or perjury, that the foregoing motion are true and correct, to the best of my knowledge and belief, pursuant to 28 U.S.C. § 1746.

Date: April 18, 2004.

Respectfully Submitted,

*Tyrone James*

Tyrone P. James, Plaintiff  
P.O. Box A  
Bellefonte, PA 16323-0820.

Tyrone James
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

Legal Mail

Office of The Clerk
United States District Court
MIDDLE District of Pennsylvania
U.S. CourtHouse
~~North Washington Avenue Rm A~~
~~P.O. Box 1148~~
228 WALNUT STREET
P.O. BOX 983
Harrisburg, PA 17108

INMATE
PA DEPT
CORRECTION