IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES<br>    Plaintiff, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 1:01-CV-1015<br>:   (Judge Kane)<br>:   (Magistrate Judge Mannion) |
| YORK COUNTY POLICE DEPARTMENT,<br>JAMES H. MORGAN, RICHARD PEDDICORD,<br>RAYMOND E. CRUAL, GENE FELLS,<br>DET. KESSLER, CO. BAYLARK,<br>RANDY SIPES, BRIAN WESTMORELAND,<br>and DETECTIVE GLOWCZESKI<br>    Defendants, | :<br>:   JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>: |

REPLY BRIEF TO DEFENDANT MEMORANDUM OPPOSITION TO PLAINTIFF'S

APPEAL OF THE ORDER DENYING HIS MOTION FOR

APPOINTMENT OF COUNSEL

Defendants file opposition to Plaintiff's appeal to the Magistrate Judge Mannion ordered dated March 28, 2004. This is Defendants second opposition to plaintiff's request for appointment of counsel. On both occasions Defendant addresses this Plaintiff's has, "A pro se litigant, that believes every time a ruling does not go entirely his way, or Defendants oppose a motion of his , the Court must appoint counsel for him." The Defendants further go on to state that, "In sum, simple because Defendants do not concede the entire case to Plaintiff on every motion he files does not mean that Plaintiff's entitled to have counsel appoint for him." These statements just confirmed that these Defendants are not corporating with Plaintiff's Discovery requests, and with the help of a competent attorney assigned to this civil case, in favor of plaintiff's, the Defendant would have to furnish the true documents requested, instead of presenting misleading information, because this plaintiff's is incarcerated, which cause a big disability. It is clear from Defendant response, that if this Honorable Court should appoint counsel, only the true would surface. The erroneous objections and no answers to plaintiff's request for discovery, without specification; the request for productions of documents,

which the defendants refused to turned over; and not to say, the intending witnesses plaintiff's intend to subpoena for trial, and for Deposition, which included the named Defendants, will only require a competent attorney, to deal with such tedious matter, at trial, to which this plaintiff's lack the necessary experience, because of the complexity of this case.

Please note Defendant Sipes, recently filed a motion to dismiss Complaint and Amended Complaint, if this case should proceeds, based on the facts that this defendant was this cause of action, that give rise to the use of excessive force used against Plaintiff's, in the State of Pennsylvania; Plaintiff's will need to conduct Discovery, such as, Interrogatories, Request For Production Of Documents, Request For Admissions, Deposition of various of the Mail Box Etc., Clerks, and witnesses, in California, relating to the truthfulness of the search conducted by Sipes, that give rise to the use of force against Plaintiff.

Plaintiff's is incarcerated, indigent and disabled. Accordingly, this Court should appoint counsel, pursuant to 28 U.S.C. § 1915 (e)(1); Tabron v. Grace 6 F.3d 147, 153 (3rd Cir. 1993); Pertham v. Johnson 126 F.3d 454, 457-58 (3rd Cir. 1997); also see 28 U.S.C. § 1915 (e)(1) (2000); Hamilton v. Leavy, 117 F.3d 742, 749 (3rd Cir. 1997)( appointment of counsel appropriate because plaintiff present colorable claim and was ill-equipped to represent himself because suffers from paranoid delusional disorder). Here Plaintiff's had survived Defendants motion to dismiss, if is quite obvious from the records, that the plaintiff's constitutional rights were violated, as to the used of excessive force, denial of counsel, excessive bond, search and seizure of his person and property. Therefore appointment of counsel is applicable; also Plaintiff in the case was never charge with resisting arrest, if the Defendants claimed that Plaintiff's fight with them, while trying to struggle out of his winter jacket, quite evidently, he would be charged with resisting arrest? It is blatant that the used of excessive force was applied in unlawfully arresting this plaintiff's. from the records, Plaintiff's has presented

numerous meritorious claims, that only a reasonable and impartial Jury would decide; and would need a competent attorney, to present such meritorious claims before such Jury; in which Plaintiff's have no experiences. Plaintiff's claims have merits; therefore appointment of counsel is applicable. See Tucker v. Randall, 948 F.2d 388, 391 (7th Cir. 1991)(appointment of counsel appropriate because palintiff's presented colorable claim of deliberate indifference to serious medical needs resulting in permanent deformities).

Date: April 18, 2004.

Respectfully Submitted,

Tyrone James.

Tyrone P. James, Pro Se

BX 9451
P.O. Box A
Bellefonte, PA 16823-0820.

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES<br>Plaintiff, | :<br>: |
| v. | :  CIVIL ACTION NO. 1:01-CV-1015<br>:  (Judge Kane)<br>:  (Magistrate Judge Mannion) |
| YORK COUNTY POLICE DEPARTMENT,<br>JAMES H. MORGAN, RICHARD PEDDICORD,<br>RAYMOND E. CRUAL, GENE FELLS,<br>DET. KESSLER, CO. BAYLARK,<br>RANDY SIPES, BRIAN WESTMORELAND,<br>and DETECTIVE GLOWCZESKI<br>Defendants, | :  JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>: |

CERTIFICATE OF SERVICE

I, Tyrone P. James, Plaintiff's, pro se, hereby certified that, I am this day serving a true and correct copy to assigned counsel's, "Reply Brief To Defendants Memorandum Opposition To Plaintiff's Appeal Of The Order Denying His Motion For Appointment Of Counsel," , in the manner set forth below to the following, by placing said legal manila envelope, deposited into the institutional mail box, and turning over said documents to prison officials for mailing:

BY FIRST CLASS U.S. MAIL:

Jason C. Giurintano
Office Of The Attorney General
15th Fl., Strawberry Square
Harrisburg, PA 17120

Donald L. Reihart
3015 Eastern Boulevard
York, PA 17402

Carole J. McGraw
110 W. A Street, Suite 1100
San Diego, CA 921101

I, certify under penalty or perjury, that the foregoing motion are true and correct, to the best of my knowledge and belief, pursuant to 28 U.S.C 1746.

Date: April 13, 2004.

Respectfully Submitted,

Tyrone James

Tyrone P. James
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820