## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYRONE P. JAMES,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:01-1015** |
| | : | **(KANE, D.J.)** |
| v. | : | **(MANNION, M.J.)** |
| **YORK COUNTY POLICE DEPARTMENT, AGENT JAMES H. MORGAN, DET. RICHARD PEDDICORD, DET. RAYMOND E. CRAUL, SGT. GENE FELLS, DET. KESSLER, C/O BAYLARK,** | : : : : | |
| **Defendants** | : | |

### O R D E R

Pending before the court are several related discovery motions. (Doc. Nos. 106, 108, 109, 116, 119 & 125). In addition, the plaintiff has pending a motion for extension of time to respond to the defendants' motion for summary judgment. (Doc. No. 154).

By way of relevant background, on June 8, 2001, the plaintiff initiated the instant civil rights action, in which he alleges violations of his constitutional rights in relation to his arrest on January 10, 2001.

On December 13, 2001, the plaintiff served the State Defendants, (i.e., Morgan, Westmoreland, Peddicord, Craul, Fells, Kessler & Glowczeski), with discovery in the form of interrogatories titled "Plaintiff's First Set of Interrogatories," and a request for production of documents.

On December 28, 2001, the State Defendants filed a motion to dismiss

1

the plaintiff's complaint. In addition, on January 2, 2002, the State Defendants filed a motion for a protective order, in which they sought to stay discovery pending resolution of their motion to dismiss. The court granted the motion for a protective order on February 25, 2002. The motion to dismiss was granted in part and denied in part on October 8, 2003.

On October 15, 2003, the State Defendants filed an answer to the plaintiff's complaint. Subsequently, the plaintiff served upon the State Defendants a second set of interrogatories also titled "Plaintiff's First Set of Interrogatories," as well as a request for production of documents which were, for the most part, the same as the discovery requests made by the plaintiff in December 2001[1]. In November 2003, the State Defendants responded to the interrogatories served upon them in October 2003[2], as well as the plaintiff's request for production of documents.

---

[1] The October 2003 set of interrogatories is slightly different in form than the December 2001 set, and contains sixteen interrogatories with various subparts, as opposed to the December 2001 set which contains eighteen interrogatories with various subparts. (See Doc. No. 112, Exs. 1 & 4).

[2] The State Defendants indicate that they responded to the December 2001 interrogatories and did not respond to the October 2003 interrogatories because they were violative of Fed.R.Civ.P. 33. However, it is apparent from the form of the responses provided by the defendants that they, in fact, responded to the October 2003 interrogatories, not the December 2001 interrogatories. (See Doc. No. 112, Ex. 1). As noted previously, however, this is of no material consequence as both sets of interrogatories are virtually identical.

On January 7, 2004, the plaintiff filed a motion to serve the defendants with another, "second" set of interrogatories. (Doc. No. 106). The defendants have objected to the plaintiff's motion arguing that the plaintiff has not specified how many interrogatories he intends to serve or what information is being sought. In response to the defendants' objections, the plaintiff filed with the court a copy of two sets of interrogatories which he seeks to serve upon the defendants, including "Plaintiff's Second Set of Interrogatories to Defendants" and a separate "Plaintiff's First Set of Interrogatories to Defendant York County Police Department." Upon review, the same information is being sought in both sets of interrogatories. Therefore, the plaintiff will <u>not</u> be permitted to serve upon the defendants the separate set of interrogatories titled "Plaintiff's First Set of Interrogatories to Defendant York County Police Department." The plaintiff <u>will</u> be permitted to serve upon the defendants the set of interrogatories titled "Plaintiff's Second Set of Interrogatories to Defendants." The court notes, however, that the information being sought in Interrogatories #13 and #14 has already been provided by the defendants in relation to their initial responses to the plaintiff's discovery requests and, therefore, the defendants need not respond to these interrogatories. The defendants shall address the remaining interrogatories in a manner consistent with Rule 33 of the Federal Rules of Civil Procedure within the period of time set forth below.

The plaintiff also has pending before the court a motion to compel

relating to his discovery requests from December 2001 and October 2003. (Doc. No. 108). As set forth above, the defendants have responded to the plaintiff's discovery requests from October 2003, which are virtually identical to his requests from December 2001. With respect to the State Defendants, the court has reviewed the plaintiff's requests and the defendants responses thereto, and finds that the defendants' responses are appropriate. Therefore, the plaintiff's motion to compel will be denied with respect to these defendants. Moreover, with respect to defendant Snipes, the court notes that this defendant has pending before the court a motion to dismiss the plaintiff's complaint for lack of personal jurisdiction. As such, pending the court's decision on that motion, defendant Snipes will not be required to respond to the plaintiff's discovery requests. Finally, to the extent that the plaintiff's discovery requests are directed toward Corrections Officer Baylark, the court has previously entered summary judgment in Mr. Baylark's favor. (See Doc. No. 99). As such, he is under no obligation to respond to the plaintiff's requests for discovery directed toward the defendants.

The plaintiff has also filed a motion to amend his motion to compel discovery to present exhibits in support of the motion. (Doc. No. 119). Given the court's ruling on the motion to compel, this motion will also be denied.

Next, the defendants have filed a motion to take the deposition of the plaintiff in order to narrow the issues in this matter and clarify facts for summary judgment or trial. (Doc. No. 109). In response to the defendants'

4

motion, the plaintiff filed a motion for a protective order seeking postponement of the deposition pending this court's ruling on his motion for appointment of counsel. (Doc. Nos. 116 & 125[3]). Upon review of the docket in this action, the court has already denied the plaintiff's motion for appointment of counsel. (See Doc. No. 132). In light of this, the defendants' motion to depose the plaintiff, (Doc. No. 109), will be granted, and the plaintiff's motion for protective order, (Doc. No. 116 & 125), will be denied.

Finally, the plaintiff has filed a motion for extension of time to respond to a motion for summary filed on behalf of the State Defendants. (Doc. No. 154). Given the court's ruling on the above discovery motions, the plaintiff's motion for extension of time will be granted as set forth below.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** the plaintiff's motion to serve the defendants with a "second" set of interrogatories, **(Doc. No. 106)**, is **GRANTED** to the extent set forth above;

**(2)** the plaintiff's motion to compel, **(Doc. No. 108)**, is **DENIED**;

**(3)** the plaintiff's motion to amend his motion to compel, **(Doc. No. 119)**, is **DENIED**;

**(4)** the State Defendants' motion to depose the plaintiff, **(Doc.**

---

[3]Doc. No. 125 is actually the plaintiff's brief in support of his motion for a protective order. However, it was mistakenly docketed as a motion for preliminary injunction and temporary restraining order.

**No. 109)**, is **GRANTED**;

**(5)** the plaintiff's motion for a protective order, **(Doc. Nos. 116 & 125)**, is **DENIED**; and

**(6)** the plaintiff's motion for an extension of time to respond to the State Defendants' motion for summary judgment, **(Doc. No. 154)**, is **GRANTED**, with the following deadlines imposed:

> **(a)** All remaining discovery in the instant action is to be completed by June 15, 2004;
>
> **(b)** The State Defendants may supplement their motion for summary judgment by June 30, 2004, as a result of the additional discovery being permitted;
>
> **(c)** The plaintiff will have until July 15, 2004, to file a brief in opposition to the defendants' motion for summary judgment; and
>
> **(d)** Absent exceptional circumstances, no further extensions of time will be permitted for discovery or the filing of dispositive motions in this action.

                                   s/ **Malachy E. Mannion**
                                   **MALACHY E. MANNION**
                                   **United States Magistrate Judge**

**Date:** May 4, 2004

O:\shared\ORDERS\01-1015.4