IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES<br>　　　　Plaintiff,<br><br>v.<br><br>YORK COUNTY POLICE DEPARTMENT,<br>JAMES H. MORGAN, RICHARD PEDDICORD,<br>RAYMOND E. CRUAL, GENE FELLS,<br>DET. KESSLER, CO. BAYLARK,<br>RANDY SIPES, BRIAN WESTMORELAND,<br>and DETECTIVE GLOWCZESKI<br>　　　　Defendants, | CIVIL ACTION NO. 1:01-CV-1015<br>(Judge Kane)<br>(Magistrate Judge Mannion)<br><br>JURY TRIAL DEMANDED |

MOTION FOR REVIEW OF THE MAGISTRATE ORDER, DATED, MAY 4, 2004, GRANTING

DEFENDANTS MOTION TO DEPOSE PLAINTIFF, AND FOR PROTECTIVE ORDER

PURSUANT TO RULE 26 (c).

STATEMENT OP THE CASE

This is a civil right action brought under 42 U.S.C. § 1983, by plaintiff's, Tyrone P. James, whose constitutional right where violated by state Defendants, James Morgan, Brian Westmoreland, Richard Peddicord, Raymond Crual, Gene Falls, Robert Kessler, Randy Sipes and Anthony Glowczeski; upon his arrest. Plaintiff's challenge the Constitutional violation of his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights.

PROCEDURAL FACTS

The Procedural facts, leading up to this Petition have clearly stated in the Magistrate Judge, Malachy E. Mannion, order dated, May 4, 2004.

ARGUMENT IN QUESTION

WHETHER THE MAGISTRATE JUDGE ABUSE HIS DISCRETION IN GRANTING DEFENDANTS

MOTION TO DEPOSE PLAINTIFF'S AND DENYING PLAINTIFF'S PROTECTIVE ORDER.

ARGUMENT

Whether The Magistrate Judge Abuse His Discretion In Granting Defendants

Motion To Depose Plaintiff's And Denying Plaintiff's Protective Order.

The Magistrate abuse his discretion, when he granted the Defendan

ts motion to dispose the plaintiff's, without giving the District Court Judge Kane, an opportunity to consider the plaintiff's Petition For/Notice of Appeal/Question For Appeal, of the Magistrate ordering denying plaintiff's counsel. Plaintiff's filed this documents on April 6, 2004. Several Declaration's in support of appointment of counsel was also filed with this Court, in support of plaintiff motion for appointment of counsel; which the Magistrate Judge, had failed to address, in his May 4, Ordered. Plaintiff's requested counsel to represent him at the Deposition hearing, to protect his Fifth and Fourteenth Amendment right to Self-Incrimination.

On page 5. of the Magistrate Order, is read, "(Doc. No. 116 & 125). Upon review of the Plaintiff motion for appointment of counsel (See Doc. No 132). In light of this, the defendants "Motion To Depose the Plaintiff's (Doc.No. 109), will be granted, and the plaintiff's motion for protective order (Doc.No. 116 & 125), will be denied. No mentioning of plaintiff's Motion for Review pursuant to 28 U.S.C.A. § 636 (c)(4) and Civil Rule 73(a); or any mentioning of plaintiff's Memorandum of Laws and Brief in Support, of the plaintiff's Motion for Protective order. Plaintiff's had requested that defendants deposition be restricted to written request. Here the Defendants had only set out in their request for deposition, that they need to narrow the issues in this matter and clarity facts for summary judgment or trial. (Doc.No. 109). This request is merely discovery under general discovery provisions; Defendants have not set out the scope or reason in which they seek deposition, whether it's for impreachment purpose, or the unavailable of witnesses, inconsistent statement. See, <u>Fed R. Evid. 801 (d); In re Hopson Marine Transportation, Inc. 168, F.R.D. 560, 565 (E.D. La. 1996);</u> Furthermore, whether the scope of the deposition was the inspection of document and mental and physical examination. The Magistrate Judge, make no stipulation in his May 4, 2004. <u>Nevada v. O'leary, 63 F.3d 932, 936 (9th Cir. 1995).</u> Defendants motive for deposition is general in nature, and drawn a conclusion that defendants request for deposition, is to induce this plaintiff's to be a witness against himself in other court proceeding; furthermore, Plaintiff's is not in the York County

Prison and any interruption with plaintiff's prescriptive programs, with the D.O.C, would hinder him from further pursuing his release.

The Honorable Magistrate Judge, in granting defendants motion to depose plaintiff's stated, that, "Upon review of the docket in this action, the Court has already denied the Plaintiff's motion for Appointment of Counsel (see Doc. NO. 132). no mentioning of plaintiff's petition for review of his order, Memorandum of Laws, and Brief in Support

Plaintiff's have shown good reason for the requested Protection. See, Collins v. Wayland 139 F.2d 677 (9th Cir. 1944) cert denied 322 U.S. 744, 64 S.Ct. 1151, 88 L.Ed. 1576 (1944). Plaintiff's may seek automatic stay of the subject to Discovery, relating to Deposition. See, Ecrix Corp v. Exabyte Corp. 191 F.R.D. 611 617 (D. Cal. 2000). Discovery request should be allowed "unless it is clear that the information sought can have no possible bearing upon the subject matter of the action. La Chemise Locosta v. Alligator Co. Inc., 60 F.R.D. 164, 171 (D.Del.1973); see also Nash v. Thieki, 743 F.Supp. 130 (E.D. Wis 1990); Burdensome or expensive discovery may be required if it is relevant to the case; Fagan v. District of Columbia 136 F.R.D. 5, 7 (D.D.C. 1991); King v. George Power Co.,50 F.R.D. 134, 136 (N.D. Ga 1970).

The Trial Court enjoys considerable discretion in deciding discovery matters and may be reversed only for abuse of discretion. See, Food Lion, Inc., v. United Food and Commercial Worker Int'l Union, 103 F.3d 1007, 1012 (D.E. Cir. 1997); United State v. Sciaria 851 F.2d 621 623 (3d Cir. 1988), cert. denied 487 U.S. 1068 109 S.Ct. 1345, 103 L.Ed.2d 814 (1989); also see National Super Spuds, Inc v. New York Mercanlite Exchange, 591 F.2d 174 (2d. 1979); In re Ford Motor Co., 110 F.3d 954 (3d Cir. 1997). Discovery orders normally may not be appeal until final judgment; Hahnemann Univ. 74 F.3d at 461, 28 U.S.C. § 1291; However, the collateral order doctrine, first enumicated by Supreme Court in Cohren Beneficial Indus, Loan Corp, 337 U.S. 541 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Provides a narrow exception to the general rule permitting appellate review only of final order.

Magistrate, Judge, Mannion, abused his discretion in granted Defendants,

Deposition order to dispose plaintiff's and denying Plaintiff's Protective order; without considering the Honorable Judge Kane, review, and plaintiff's Motion For Protective order, protecting this plaintiff's Fifth Amendment rights the United States Constitution, requesting counsel to represent him at the Deposition hearing. See, Food Lion, Inc., v. United Food and Commercial Worker Int'l Union, 103 F.3d 1007, 1002 (D.C. Cir. 1997); Application of Deiulemar Compagnia Di Novigazione S.P.A. 198, F.3d 473, 479 (4th Cir. 1999); Shore v. Acand, Inc., 644 F.2d 386 (5th Cir. 1981); pursuant to 59(c), Federal Rules of Civil Procedures and Local Rules 7.10, 26(b), Fed.R.Civ.P.; Oppenheimer Fund Inc. v. Sanders 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)(Foot Omitted); Accord. Weiss v. Amoco Oil Co., 142 F.R.D. 311, 315 (S.D. Iowa 1992).

## CONCLUSION

**WHEREFORE**, for the foregoing reason, Judgment of the Magistrate Judge Order, dated, May 4, 2004, granting defendants motion to depose plaintiff's and order denying plaintiff's protective order, should be vacated, until such time the Honorable Judge Kane, decide the plaintiff's petition for review of the order denying plaintiff's request for appointment of counsel, and at such time the Defendants stipulate has to the scope of there Deposition, as to material evidences, medical and physical evidences, and other matters, the defendants seek to dispose pliantiff.

Date: May 9, 2004

Respectfully Submitted,

*Tyrone James*

Tyrone p. James, EX 9451

EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES<br>    Plaintiff,<br><br>v.<br><br>YORK COUNTY POLICE DEPARTMENT,<br>JAMES H. MORGAN, RICHARD PEDDICORD,<br>RAYMOND E. CRUAL, GENE FELLS,<br>DET. KESSLER, CO. BAYLARK,<br>RANDY SIPES, BRIAN WESTMORELAND,<br>and DETECTIVE GLOWCZESKI<br>    Defendants, | CIVIL ACTION NO. 1:01-CV-1015<br>(Judge Kane)<br>(Magistrate Judge Mannion)<br><br>JURY TRIAL DEMANDED |

### CERTIFICATE OF SERVICE

I, Tyrone P. James, Plaintiff's, pro se, hereby certified that, I am this day serving a true and correct copy to assigned counsel's, "Motion For Review Of The Magistrate Order, Dated, May 4, 2004, Granting Defendants Motion To Depose Plaintiff, And For Protective Order Pursuant To Rule 26 (c); and Notice of Appeal; Question For Appeal," in the manner set forth below to the following, by placing said legal manila envelope, deposited into the institutional mail box, and turning over said documents to prison officials for mailing:

BY FIRST CLASS U.S. MAIL:

Jason C. Giurintano
Office of The Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120

Donald L. Reihart
3015 Eastern Boulevard, Suite, 204
York, PA 17402

Carole J Hogue
110 W. A. Street, Suite 1100
San Diego, CA 17120

I, certify under or perjury, that the foregoing motions are true and correct, to the best of my knowledge and belief, pursuant to 28 U.S.C. § 1746.

Date: May 9, 2004

Respectfully Submitted,

*Tyrone James*
Tyrone P. James
Plaintiff's, EX9451
P.O. Box A
Bellefonte, PA 16823-0820.

NAME: Tyrone James
NUMBER: EX9451
BOX A
BELLEFONTE, PA. 16823-0820

Legal Mail

INMATE
PA DEPT OF
CORRECTIONS

Office of The Clerk
United States District Court
United States CourtHouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108