Tyrone P. James  
EX 9451  
P.O. Box A  
Bellefonte, PA 16823-0820  

May 19, 2004

Jason Giurintano, DAG  
Office Of Attorney General  
Commonwealth Of Pennsylvania  
15th Floor, Strawberry Square  
Harrisburg, PA 17120

**FILED**  
HARRISBURG, PA  

**MAY 24 2004**  

MARY E. D'ANDREA, CLERK  
Per _____ Deputy Clerk

RE: James v. York County Police Dept., 01:01-CV-1015

Dear Jason C. Guirintano,

I am in receipts of you Instant "Notice Of Deposition," dated May 17, 2004, to be held at the State Correctional Institution at Rockview, P.O. Box A, Bellefonte, Pennsylvania 16823, Tuesday, May 25, 2004, at 10:30 A.M.; Plaintiff's was notified on May 19, 2004, about a hearing to be held six days afterward the service of the notice, this also included the weekend days.. this shows that defendants continued to abuse their authorities, by not given Plaintiff's adequate amount of time to prepare his case for the deposition, or to subpoena witnesses in his behalf. Defendants request is unreasonable. This is the reasons why plaintiff's requested counsels, because Defendants, look at this plaintiff's as a pro se prison litigant, with no regards to his Constitution rights, or reasonable consideration, to an incarcerated person, and his disability. Reasonably Notice of the time and place of the Deposition is required. See Federal Rule Civil Procedure, 30 (b)(1). Six days notice is unreasonable.

Time needs to subpoena witnesses and take Deposition of various Defendants and at the same time comply with State Correctional Institution Policy, is essential. Where approval of witnesses are important; since things have a way of going wrong inside a prison and as a pro se litigant, I will have a hard time getting quick relief from the Court.

There are stipulations that need to be made between, the undersigned counsel and this pro se litigant, as to whether, Deposition will be videotaped, audiotaped, or recorded by a Stenographer. Deposition are to be conducted before an officers appointed or designed under Rule 28; which means someone specially appointed by the Court. The deposition notice should state the method by which the deposition will be recorded. See Federal Rule Civil Procedure, 30 (b)(2). Undersigned counsel have failed to stipulated any of those questions in his notice.

Plaintiff's has yet to know whether the deposition will be taken by an "officer" such as a notary public, or whether a the conclusion of the deposition, it be seal and label and file with the Court the original, and undersigned counsel, and provide plaintiff's with the transcript. Neither, was it stipulated to, in the notice, of the attendance of any witnesses, the defendants counsel and the person before whom the deposition will be taken. See Rule 26 (c)(5), Fed.R.Civ.P., or if any staff members, Defendant friends, representative, or other extraneous persons should be present in the deposition room.

Undersigned Counsel had continued to undermined this pro se litigant, in creating burdensome, and hardship on this inmate, by implying to this litigant, unreasonable demands, and unreasonable time schedules in their request for depositions, plaintiff's should be afforded notice of at least be afforded ten (10) to thirty (30) to conduct such hearing.

Plaintiff's requests an extension so he can subpoena witnesses and named Defendants.

Respectfully

*Tyrone James*

Tyrone P. James, EX 9451.

cc: Honorable Kane;
    Magistrate Judge, Mannion.
    Donald L. Reihart, Esquire.

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES  
    Plaintiff,

v.

YORK COUNTY POLICE DEPARTMENT,  
JAMES H. MORGAN, RICHARD PEDDICORD,  
RAYMOND E. CRUAL, GENE FELLS,  
DET. KESSLER, CO. BAYLARK,  
RANDY SIPES, BRIAN WESTMORELAND,  
and DETECTIVE GLOWCZESKI  
    Defendants,

CIVIL ACTION NO. 1:01-CV-1015  
(Judge Kane)  
(Magistrate Judge Mannion)

JURY TRIAL DEMANDED

### CERTIFICATE OF SERVICE

I, Tyrone P. James, Plaintiff's, pro se, hereby certified that, I am this day serving a true and correct copy to assigned counsel's, "Letter addressed to undersigned counsel Jason C. Guirintano, relating to Defendants Notice of Deposaition," in the manner set forth below to the following, by placing said legal manila envelope, deposited into the institutional mail box, and turning over said documents to prison officials for mailing:

BY FIRST CLASS U.S. MAIL:

Jason C. Guirintano  
Office Of Attorney General  
15th Floor, Strawbeery Square  
Harrisburg, PA 17120

Donald L. Reihart, Esq.  
3015 Eastern Blvd., Suite 204  
York, PA 17402

Honorable Judge, Kane,  
Magistraste Judge, Mannion  
United States, District Court  
288 Walnut Street  
Harrisburg, PA 17108

I, verify thta the foregoing are true and correct to the best of my knowledge, aND BELIEF. Pursuant to 28 U.S.C. 1746.

Date: Date: May 20, 2004

Tyrone P. James  
EX 9451  
P.O. Box A  
Bellefonte, Pa 16823-0820.

Name: Tyrone James
Number: EXQ451
Box A
Bellefonte, Pa. 16823

Legal Mail

INMATE
PA DEPT OF
CORRECTIONS

United States Magistrate Judge
United States District Court
MIDDLE DISTRICT OF PENNSYLVANIA
U.S. CourtHouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA. 17108