# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES, : | |
| Plaintiff : | |
| : | No. 1:CV-01-1015 |
| v. : | |
| : | (Judge Kane) |
| YORK COUNTY POLICE : | (Magistrate Judge Mannion) |
| DEPARTMENT; AGENT JAMES H. : | |
| MORGAN; DET. RICHARD : | Electronically Filed |
| PEDDICORD; DET. RAYMOND E. : | |
| CRAUL; SGT. GENE FELLS; DET. : | |
| ANTHONY GLOWCZEWSKI; AGENT : | |
| RANDY SIPES; and AGENT BRIAN : | |
| WESTMORELAND, : | |
| Defendants : | |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

## STATEMENT OF THE CASE

This is a *pro se* inmate's civil action brought pursuant to 42 U.S.C. §1983 by Tyrone P. James ("Plaintiff"). The following Defendants are represented by the Pennsylvania Office of Attorney General in this matter: James Morgan, Brian Westmoreland, Richard Peddicord, Raymond Craul, Gene Fells, Robert Kessler and Anthony Glowczeski ("Defendants").[1] Plaintiff is alleging a variety of

---

[1] Undersigned counsel does not represent the York Police Department, C/O Baylark or Agent Randy Sipes because these parties are not considered State employees eligible for representation by undersigned counsel.

constitutional violations concerning his arrest on January 10, 2001. Plaintiff's action was commenced on June 8, 2001. Defendants filed a Motion to Dismiss on December 28, 2001, as well as a Motion for a Protective Order on January 2, 2002, which sought to stay discovery pending resolution of their Motion to Dismiss. This Court granted the Protective Order on February 25, 2002, and the Defendants' Motion to Dismiss was granted in part and denied in part on October 8, 2003.

On October 15, 2003, Defendants filed an Answer to the Complaint. On January 7, 2004, Plaintiff filed a Motion to serve all defendants with additional interrogatories. Defendants opposed this motion because they had previously responded to 25 interrogatories from Plaintiff. On May 4, 2004, Magistrate Judge Mannion issued an order requiring Defendants to respond to Plaintiff's second set of interrogatories. Furthermore, this Order also required that all discovery in the case be completed by June 15, 2004. On June 3, 2004, Plaintiff filed a Motion to Compel Discovery. This Memorandum is filed in opposition to that Motion.

## STATEMENT OF FACTS

Plaintiff's Complaint sets forth a variety of alleged violations of his constitutional rights. For purposes of this memorandum only, Defendants recite the facts as set forth by Plaintiff in his Complaint. Plaintiff alleges that on January 10, 2001, while he was retrieving mail from a mail box rental at Mailboxes Etc., located in York, Pennsylvania, he was approached by several individuals who did

not identify themselves as police officers. (Complaint at ¶¶1 and 2, Amended Complaint at ¶5). Plaintiff had retrieved a parcel from the clerk inside the office, and upon exiting, Plaintiff dropped the parcel and started moving away from them. (Complaint at ¶3, Amended Complaint at ¶5).

At that time, Plaintiff alleges he was hit by a van driven by Defendant Glowczeski. (Complaint at ¶4 and Amended Complaint at ¶¶5 and 6). While on the ground, Plaintiff alleges that Defendant Westmoreland and other individuals stepped upon him, handcuffed him, and placed him in the van. (Complaint at ¶4, Amended Complaint at ¶5).

Plaintiff alleges that he was not read his Miranda rights by any Defendant. (Complaint at ¶¶5 and 6). After arriving at the York County Police Department, Plaintiff alleges that Defendant Morgan interrogated him and denied Plaintiff's requests to telephone his family and an attorney. (Complaint at ¶6 and 10). In addition, Plaintiff alleges that Defendant Peddicord took his personal papers from his wallet. (Complaint at ¶7).

## QUESTIONS PRESENTED

**IS PLAINTIFF ENTITLED TO HAVE THIS COURT GRANT HIS MOTION TO COMPEL DISCOVERY?**

**SUGGESTED ANSWER: NO.**

## ARGUMENT

**THIS COURT SHOULD DENY PLAINTIFF'S MOTION TO COMPEL DISCOVERY AS DEFENDANTS HAVE EITHER PROVIDED PLAINTIFF WITH THE INFORMATION HE HAS SOUGHT, OR HAVE STATED LEGITIMATE OBJECTIONS.**

Federal Rule of Civil Procedure 37 provides the framework for the enforcement of discovery requests. Rule 37(a) gives a court authority to order one party to comply with the other's legitimate discovery requests. Plaintiff, as the moving party, bears the burden of demonstrating he is entitled to the relief he now seeks. Compagnie des Bauxites de Guinee v. Insurance Company of North America, 551 F.Supp. 1239 (W.D. Pa. 1982). In this situation, this means that Plaintiff must show that he has made permissible discovery requests, and that the Defendants have unjustifiably declined to provide him with what he seeks.

Plaintiff's one-page Motion to Compel raises the following claims: (1) Defendants' responses to the request for admission are false and misleading; (2) Defendants' objections to the request for admissions are improper; (3) Defendant Peddicord failed to respond to Plaintiff's request for admissions; (4) Defendants

4

have failed to Comply with Magistrate Mannion's Order dated May 4, 2004 by not submitting completed interrogatories to Plaintiff. Defendants will address each of these issues in turn. Motion to Compel at ¶¶1-4.

### 1. Defendants' answers to Plaintiff's interrogatories are incomplete.

Plaintiff indicates his displeasure with the Defendants' responses to his request for admissions. Motion to Compel at ¶1. However, Plaintiff does not indicate with any specificity which admissions he is unsatisfied with. Plaintiff simply states that "Defendants responses are false and misleading." Motion to Compel at ¶1. Therefore, at this time, Defendants are not able to ascertain which items Plaintiff is not satisfied with to properly responded to this Motion to Compel. Accordingly, this claim should be dismissed.

### 2. Defendants objections to the request for admissions are improper.

Plaintiff indicates his displeasure with the Defendants' responses to his request for admissions. Motion to Compel at ¶2. However, Plaintiff does not indicate with any specificity which admission responses he is unsatisfied with. Therefore, since Defendants are unable to ascertain which specific responses Plaintiff is referring to in his Motion to Compel, this claim should be dismissed.

3.  <u>Defendant Peddicord failed to respond to Plaintiff's request for admissions.</u>

Defendant Peddicord sent his responses to Plaintiff's request for admissions on June 9, 2004.  Accordingly, this claim should be dismissed as moot.

4.  <u>Defendants have failed to comply with Magistrate Mannion's Order dated May 4, 2004 by not submitting responses to Plaintiff's interrogatories</u>.

All seven Defendants represented by the Pennsylvania Office of Attorney General sent Plaintiff their responses to his interrogatories on June 9, 2004.  Accordingly, this claim should be dismissed as moot.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel should be denied.

**Respectfully submitted,**

**GERALD J. PAPPERT**
**Attorney General**

By:  s/Jason C. Giurintano
**JASON C. GIURINTANO**
**Deputy Attorney General**
**I.D. No. 89177**

**Office of Attorney General**
**Civil Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA  17120**

**Date:  June 14, 2004**

SUSAN J. FORNEY
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**Counsel for Defendants**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES, : | |
|       Plaintiff : | |
| : | No. 1:CV-01-1015 |
| v. : | |
| : | (Judge Kane) |
| YORK COUNTY POLICE : | (Magistrate Judge Mannion) |
| DEPARTMENT; AGENT JAMES H. : | |
| MORGAN; DET. RICHARD : | Electronically Filed |
| PEDDICORD; DET. RAYMOND E. : | |
| CRAUL; SGT. GENE FELLS; DET. : | |
| ANTHONY GLOWCZEWSKI; AGENT : | |
| RANDY SIPES; and AGENT BRIAN : | |
| WESTMORELAND, : | |
|       Defendants : | |

**CERTIFICATE OF SERVICE**

    I, Jason C. Giurintano, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on June 14, 2004, I caused to be served a true and correct copy of the foregoing document entitled Defendants' Memorandum Of Law In Opposition To Plaintiff's Motion To Compel Discovery by depositing same in the United States Mail, first-class postage prepaid to the following:

Tyrone P. James, #62154  
York County Prison  
3400 Concord Road  
York, PA  17402  

Donald L. Reihart  
Law Office of Donald L. Reihart  
2600 Eastern Blvd., Suite 204  
York, PA  17402  

                                                  s/Jason C. Giurintano  
                                                  **JASON C. GIURINTANO**  
                                                   **Deputy Attorney General**