IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYRONE P. JAMES,** : | |
|       **Plaintiff** : | |
| : | No. 1:CV-01-1015 |
| **v.** : | |
| : | (Judge Kane) |
| **YORK COUNTY POLICE** : | (Magistrate Judge Mannion) |
| **DEPARTMENT; AGENT JAMES H.** : | |
| **MORGAN; DET. RICHARD** : | Electronically Filed |
| **PEDDICORD; DET. RAYMOND E.** : | |
| **CRAUL; SGT. GENE FELLS; DET.** : | |
| **ANTHONY GLOWCZEWSKI; AGENT** : | |
| **RANDY SIPES; ROBERT KESSLER;** : | |
| **and AGENT BRIAN WESTMORELAND,**: | |
|       **Defendants** : | |

### SUPPLEMENT TO BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### I. STATEMENT OF THE CASE

This is a *pro se* inmate's civil action brought pursuant to 42 U.S.C. §1983 by Tyrone P. James ("Plaintiff"). On April 9, 2004, Defendants filed a Motion for Summary Judgment and a supporting brief. By Order dated May 4, 2004, Magistrate Judge Mannion permitted Defendants to supplement their motion for Summary Judgment by June 30, 2004. This supplement is in support of the Defendants' Brief in Support of Motion for Summary Judgment.

## STATEMENT OF FACTS

Defendants respectfully direct the Court to the Statement of Facts section of their Brief in Support of Motion for Summary Judgment.

## QUESTION PRESENTED

**ARE DEFENDANTS ENTITLED TO SUMMARY JUDGMENT IN THEIR FAVOR FOR PLAINTIFF'S FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED?**

**Suggested Answer: yes.**

## ARGUMENT

**THE UNDISPUTED MATERIAL FACTS REVEAL THAT DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AS TO THE FOURTH AMENDMENT EXCESSIVE FORCE CLAIM BECAUSE THE DEFENDANTS HAD QUALIFIED IMMUNITY.**

While Defendants' Motion for Summary Judgment responded to several claims, the present brief will supplement their response to the Plaintiff's excessive force claim. Plaintiff makes frivolous allegations that he was subjected to excessive force while being arrested because, among other things, he was "trampled upon." (SMF, ¶6). Defendants' Brief in Support of their Motion for Summary Judgment cited the case of Saucier v. Katz, 533 U.S. 194 (2001). Saucier reaffirmed the proposition espoused in Anderson v. Creighton, 483 U.S. 635 (1987), that qualified immunity is an available defense to a Fourth Amendment excessive force claim. Saucier further held that if the law did not put the officer on notice that his conduct would be clearly unlawful, summary

judgment based on qualified immunity is appropriate. Id. at 203. In Saucier, Plaintiff sued the defendant law enforcement officer for a § 1983 Fourth Amendment excessive force claim, alleging that the officer dragged and shoved the Plaintiff into a van during an arrest. The Supreme Court held that summary judgment for the defendant officer was appropriate because the force was not so excessive that the plaintiff suffered hurt or injury, and therefore he was entitled to qualified immunity.

In the present matter, additional facts, in the form of deposition testimony[1] elicited from Plaintiff on May 25, 2004, further bolster the Defendants' position that there were no violations of Plaintiff's constitutional rights. Plaintiff was questioned at length as to the nature of his excessive force claim, and the extent of any attendant injuries. Plaintiff's testimony, when read in conjunction with his pleadings, demonstrates that no reasonable jury could find that Defendants subjected Plaintiff to excessive force during the course of his arrest.

One of Plaintiff's chief allegations is that he was "trampled upon" by police officers. The arrest and conduct in question occurred after Plaintiff exited Mailboxes, etc., and then spotted law enforcement officers. Plaintiff then fled from them on foot and was apprehended shortly thereafter in the parking lot. Plaintiff's deposition testimony reveals that during the course of this arrest, police

---

[1] A true and correct copy of pages 45-75 of the May 25, 2004 deposition of Tyrone James has been attached as Exhibit 1.

officers put their feet on him to try and keep him down because he was trying to get up. Deposition of Tyrone James at pg. 60. Plaintiff also testified that he was not injured and did not seek or require any medical attention at the time of the arrest. Deposition of Tyrone James at pg. 57-72. In fact, Plaintiff's only allegation of injury resulting from the excessive force claim is that he currently suffers from high blood pressure, loss of weight and back pain. Deposition of Tyrone James at pg. 63. However, the causation of these current ailments, of which Plaintiff has provided no documentary evidence, is at best highly attenuated from an arrest which occurred on January 10, 2001. This is because Plaintiff has no evidence of any of those injuries occurring when he was initially arrested, and what caused them. Any of those present injuries could have been caused by any number of factors, including age and poor diet habits, none of which is related to the alleged excessive force arrest.

Furthermore, at Plaintiff's deposition, he was asked specifically if the arresting officers hit, kicked, or smashed him. Plaintiff admits that they did not. Deposition of Tyrone James at pgs. 72, 78. Again, Plaintiff admits Defendants did not injure the Plaintiff, save the current conditions of high blood pressure, loss of weight and back pain which he now suffers.

Accordingly, the defense of qualified immunity is appropriate here because arresting officers would not be on notice that placing feet upon a suspect who had

just fled from police, and was again trying to get up, was "clearly unlawful" as required under Saucier.  In making a lawful arrest an officer has the right to use such force as is necessary under the circumstances to effect the arrest.  Fourth Amendment jurisprudence has long recognized that the right to make an arrest necessarily carries with it the right to use some degree of physical coercion to effect it.  Graham v. Connor, 490 U.S. 386, 397, 109 S. Ct. 1865 (1989).  The Court in Saucier stated: "we have approved the observation that not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."  Saucier at 209 (citing Graham at 480).

    Here, simply because the arresting officers used their feet to hold down an uncooperative arrestee does not mean that a violation of the Constitution has occurred.  Moreover, Plaintiff admits in his testimony that no additional excessive force allegations occurred after the initial arrest in the parking lot, whether it be in the police van or at the police station.  Accordingly, the Court should grant the Defendants' Motion for Summary Judgment.

## CONCLUSION

For these reasons, Defendants' Motion for Summary Judgment should be granted.

                              Respectfully submitted,

                              **GERALD J. PAPPERT**
                              **Attorney General**

By:   s/Jason C. Giurintano
        **JASON C. GIURINTANO**
        **Deputy Attorney General**
        **I.D. No. 89177**

| | |
|---|---|
| **Office of Attorney General** | **SUSAN J. FORNEY** |
| **Civil Litigation Section** | **Chief Deputy Attorney General** |
| **15th Floor, Strawberry Square** | **Chief, Litigation Section** |
| **Harrisburg, PA  17120** | |
| | **Counsel for Defendants** |
| **Date:  June 30, 2004** | |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES,<br>    Plaintiff<br><br> v.<br><br>YORK COUNTY POLICE DEPARTMENT; AGENT JAMES H. MORGAN; DET. RICHARD PEDDICORD; DET. RAYMOND E. CRAUL; SGT. GENE FELLS; DET. ANTHONY GLOWCZEWSKI; AGENT RANDY SIPES; and AGENT BRIAN WESTMORELAND,<br>    Defendants | No. 1:CV-01-1015<br><br>(Judge Kane)<br>(Magistrate Judge Mannion)<br><br>Electronically Filed |

## CERTIFICATE OF SERVICE

I, Jason C. Giurintano, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on June 30, 2004, I caused to be served a true and correct copy of the foregoing document entitled Supplement to Brief In Support of Defendants' Motion for Summary Judgment by depositing same in the United States Mail, first-class postage prepaid to the following:

Tyrone P. James, EX-9451
SCI Rockview, P.O. Box A
Bellefonte, PA  16823

            s/Jason C. Giurintano
            **JASON C. GIURINTANO**
            **Deputy Attorney General**