IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES<br>    Plaintiff,<br><br>v.<br><br>YORK COUNTY POLICE DEPARTMENT,<br>JAMES H. MORGAN, RICHARD PEDDICORD,<br>RAYMOND E. CRUAL, GENE FELLS,<br>DET. KESSLER, CO. BAYLARK,<br>RANDY SIPES, BRIAN WESTMORELAND,<br>and DETECTIVE GLOWCZESKI<br>    Defendants, | CIVIL ACTION NO. 1:01-CV-1015<br>(Judge Kane)<br>(Magistrate Judge Mannion)<br><br>JURY TRIAL DEMANDED |

FILED
HARRISBURG PA
JUL 06
              , CLERK
          Per ____ AAA
              Deputy Clerk

## BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

### Statement Of The Case

This is a section 1983 action filed by this pro se, plaintiff's, Tyrone P. James, on June 8, 2001, in the United States District Court, Middle District, against local, state and county defendants; asserting claims for the unconstitutional use of excessive force; when state defendants intentionally, recklessly, deliberately and unreasonably use force by striking Plaintiff's with a state vehicle, and then trample and stepped upon him; the unlawful search and seizure of his person, property and mail box; the failure to give Miranda warning and the denial of counsel at plaintiff's repeated request; and excessive bond. These violation are in violation of plaintiff's Federal and states constitutional rights, guarantee by the Bill Of Rights.

### Statement Of The Fact

On February 27, 2004, March 7, 2004, April 20, 2004, Plaintiff's served defendants Request For Admissions, pursuant to Rule 36 Federal Rule Civil Procedure; to Defendants Morgan, Crual, Westmoreland, Glowczeski and Peddicord. All Defendants made timely response except for Defendants Peddicord. [As set forth in the Plaintiff's Affidavit]; Defendant Peddicord failed to respond with in 30 days and did not make any effort to obtain an extension from the Court or by contacting the Plaintiff. Plaintiff's submitted several letters

to the Defendants, by way of undersigned counsel, but counsel failed to complied with Plaintiff's requests, or a reasonable result.

After three weeks, of the expired date, defendants Peddicord served his response, in which he made objections, denial and refused to answers Admission, to plaintiff's entire requests. That also included Defendants Kessler, Craul, Morgan and Westmoreland, who raised several objections, denial and refusal, in their responses, which were insufficient, evasive, not sufficiently specific, objection were improper. [See Plaintiff's Affidavit In Support Of Motion To Compel Discovery].

On May 4, 2004, the Magistrate Judge, Mannion, ordered Defendants to answered Plaintiff's Second Request For Itnterrogatories, pursuant to Federal Rule Of Civil Procedure, Rule 33. The Defendant failed to respond within the thirty (30) days; and did not make any effort to obtained an extension from the Court, or by contacting this pro se, plaintiff's to seek extensions.

Plaintiff's Filed Motion to Compel Discovery, on May 28, 2004, but because of the time restrained on the Magistrate Judge Order, date May 4, 2003, Plaintiff was waiting on a response from the undersigned defendants counsel from various letters send to him, in order to solved any pre-trial discovery disputes, before filed an supporting brief. Defendants counsel has not responded, to this pro se litigant effort to resolved any discovery dispute. [ See Affidavit In Support]. On June 16, 2004, this Court, withdraw Plaintiff's Motion To Compel Discovery, For failing to file a support brief, pursuant to Local Rule, 7.5. Defendants submitted "Defendant Memorandum Of Law In Opposition To Plaintiff's Motion To Compel Discovery," to the Court; in which defendants counsel served Plaintiff's his copy to the York County Prison, at York, PA; knowing that Plaintiff's was still at the SCI-Rockview, from deposition taken on May 25, 2004, from which plaintiff's requested an inspection of the note of testimony, before admittance into evidence and to have the deposition seal, which counsel failed to comply.

Argument

I                 2

WHETHER DEFENDANT RESPOND TO PLAINTIFF REQUEST FOR ADMISSION IS SUFFICIENT.

Rule 37(c) apply to an improper statement of inability to admit or deny, as well as to an improper denial, objection, failure to disclose, false and misleading disclosure, or refusal to admit. If a party failed to make the automatic disclosure under Rule 26(a) in a timely manner would be equivalent to failure to disclose. See Toost v. Trek Bicyle Corp, 162 F.3d 1004, 1008 (8th Cir. 1998); Transclean Corp v. Bridgewood Service, Inc., 77 F.Supp.2d 1045, 1063 (D.Minn. 1999), or make false or misleading disclosure, the party will not be permitted to use at trial or in a motion. See Shepard v. Fronter Communication Services, Inc, 92 F.Supp. 2d 279 (S.D. NY 2000). If a party believes that a response is insufficient or that an objection is improper, the party can move the Court to determine the sufficiency of the answers. See Foretich v. Chung, 151 F.R.D. (D.D.C 1993). Plaintiff's had made reasonable effort to solved this dispute with defendants counsel, by sending him various letters pointing out the specifics and requesting appropriate response from defendants; which is futile. Compagnie des Bauxites de Guinee v. Insurance Company of North America, 551 F.Supp. 1239 (W.D.Pa. 1982). The defendants failed to provide plaintiff's with the necessary requests, or what information he seeks; furthermore, the burden is on the party raisig an objection to show that the objection was proper. The Court should permits sanction on the responding parties, for failure to respond and deem the request admitted. In matter of the Complaint of Fisherman's Wharf Fillet, Inc, 83 F.Supp.2d 651 660-61 (ED Va 1999).

Failure to respond in a timely fashion is deemed an admission. Walsh v. Mc.Cain Foods, Ltd., 81 F.3d 722, 726 (7th Cir. 1996). Plaintiff's had set forth in his Affidavit in Support, all proof of service to defendants counsel to resolved this dispute; yet Defendant Peddicord, failed to respond in a timely manner. Cilbert v. General Motors Corp., 133 F.2d 997 (2d Cir. 1943), cert denied, 319 U.S. 743, 63 S.Ct. 1031, 87 L.Ed. 1700 (1943).

If the Court determine that the answer was insufficient, it can deem the

answer an admission or can order a more complete answer. Fed.R.Civ.P. Rule 36(a). Defendants responses to plaintiff's request for admission are insufficient; objection are not sufficiently specific, their denial are general and not specific; plus defendants refused to respond by serving evasive and incomplete answer or responses. See [Affidavit, and letters in support].

## II

DEFENDANTS HAVE WAIVED THEIR OBJECTIONS BY FAILURE TO RESPOND TO PLAINTIFF'S SECOND REQUESTS FOR INTERROGATORIES, ORDERED BY THE COURT IN A TIMELY MANNER; AND REQUEST FOR ADMISSIONS.

Rule 33, Federal Rule Civil Procedure, provide that response and objections to interrogatories, ordered by the Honorable Court, on May 4, 2004, are to be served within thirty (30) days from the Order; unless the Court grants a shorter or longer time. Here Defendant failed to respond to "Plaintiff's Second Request For Interrogatories in a timely manner. Defendants served Plaintiff a respond to the Interrogatories, in which this plaintiff received on June 14, 2004, opened by staff member, in the institution mail, at SCI-Rockview.

It's well established in Federal practice that "Discovery Objections are waived if a party fails to object timely to interrogatories, production request, Admission or other discovery efforts. Godsey v. United States, 133 F.R.D. 111, 113 (S.D. Miss. 1990); accord, Demary v. Yamaha Motor Corp., 125 F.R.D. 20, 22 (D.Mass. 1989) and case cited; Krewson v. City Of Quincy, 120 F.R.D. 371, 373 (E.D. 1969); Sturdevant v. Sears, Roebuck & Co., 32 F.R.D. 425 (W.D.Mo. 1963). This waiver is enforced even of the objections are based on a claim of privilege, Marz v. Kelly, Hart & Halman, P.C., 929 F.2d 8, 12 (1st. Cir. 1991); Fretz v. Keltner, 109 F.R.D. 303, 309 (D.Kan. 1986) and cases cited; Cardox v. Olin Mathiesen Chemical Corp., 23 F.R.D. 27, 31 (S.D. Ill 1958). The noncomplying party is excused from the waiver only if the discovery is "Patently improper," Godsey v. United States, 133 F.R.D. at 113, or if it "Far exceeds the bounds of fair discovery," Krewson v. City Of Quincy, 120 F.R.D. at 7. Defendants failed to respond in a timely manner in compliance to

Fed.R.C.P. Rule 33 and Court Order.

Rule 36(a), provide that responses and objections to Request For admission are served within thirty (30) days of the request, unless the Court grants a shorter and longer time. As stated in plaintiff's Affidavit in Support of Motion To Compel Discovery," Defendants Peddicord failed to respond, to plaintiff's request for Admissions in a timely manner; three weeks over the expired period for response; without obtaining or seeking permission from the Court or Plaintiff's, for the delay. Furthermore, Rule 36(a), explicitly states that a request for admission is not objectionable, because it involves an opinion or contention that relates to fact or the application of law to fact. Marchand v. Mercy Medical Carter, 22 F.3d 933 (9th Cir. 1994). Failure to respond in a timely fashion is deemed an admission, Walsh v. McCain Foods, Ltd, 81 F.3d 722, 726 (7th Cir 1996).

Federal Rule Of Civil Procedure, Rule 37, provide generally for sanction against parties or person unjustifiably resisting discovery. Hammond Packing Co. v. Arkasnsas, 1909, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530, 15 Ann. Cas. 645; Honey v. Elliot, 1897, 167 U.S. 409, 17 S.Ct. 841 42 L.Ed 215. The Court has broad discretion to improvision of the listed sanctions or any other sanctions it deems appropriate. Anderson v. Foundation For Advancement, Education and Employment Of American Indians, 1155 F.3d 500, 504 (4th Cir. 1998); also see Rosenberg, Sanction to effectuate Pretrial Discovery, 58 Call. Rev. 480 (1958). The Failure for the Defendants to comply with the Court Order, dated, May 4, 2004, and Plaintiff's Request for Admissions in a timely manner, should be treated as a contempt of Court, for failing to obey its order. General Ins. Co. v. Eastern Consol Util., Ins., 126 F.3d. 215, 220 (3d. Cir. 1997).

### III

THE DISCOVERY SOUGHT IS RELEVANT TO THE CLAIMS AND DEFENDSES IN THE CASE.

The Defendants belated ovbjections stated in the requested documents, "Plaintiff's Request For Second Set Of Interrogatories" and "Plaintiff's Request

5

For Admission." are relevant. These defendant stated that the requested documents by the Plaintiff's are irrelevant to the action. Their argument are frivolous.

Rule 26. Federal Rule Civil Procedure, permits discovery of matters "relevant to the subject matter involved in the pending action.... It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." In the discovery stage, relevancy is contrued "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." Oppenhenimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)(footnote omitted); accord; Weiss v. Amoco Oil Co., 142 F.R.D. 311, 315 (S.D. Iowa 1992). Discovery requests should be allowed, "unless it is clear that the information sought can have no possible bearing upon the subject matter of the action. La Chemise Lacoste v. Alligator Co., Inc., 60 F.R.D. 164, 171 (D.Del. 1973); see Nash v. Thielke, 743 F.Supp. 130 (E.D.Wis 1990)(the plaintiff was entitled to an officer's urine test results, since the officer's sobriety during the incident was an issue in the case.

**(a) Each Items Sought By The Plaintiff Is Relevant To The Claims And Defenses In This Case.**

A document relevant to past mistreatment of arrestee and the use of force, by Defendants, Kessler, Peddicord, Crual, Morgan, Westmoreland, Fells and Glowczeski, are very relevant to the subjects matter as to law of facts, in this civil; as it relates to previous mistreatment, of other arrestee, and the York City Police Department and the District Attorney's Office, Drug Task Force. From prior history, of the Police Officers, in York County, they were know to use excessive force against arrestees; especially minority, [Blacks and Spanish].

Items 7 and 8, of Plaintiff second request for interrogatories, deal with any prior misconduct of the Defendants, in any Courts, any Internal

Administration Procedures, as to complaint, grievance, discipline; or any procedures designed to prevent and correct incidents, such as excessive force, upon arrest. Any and all grievances, complaints or other information filed against the defendants by their Agency. The Defendants responded by "Objections", which would deem waived, because, responses by defendants were untimely, concerning prior mistreatment. The information request is relevant, because, it deals with credibility determination of these Defendants, and work history. Plaintiff's has no other ways of obtaining those information: as plaintiff's are without counsel, to represent him in the matter.

Defendants Peddicord, refused to respond, to "Plaintiff's Request For Admission," in a timely manner, pursuant to Rule 36(a); and Defendants failed to respond to Court Order, in a timely manner, pursuant to 33, Fed.R.Civ.P.; in which they gave misleading, incomplete, evasive, insufficient respond without specifics. Hiding under the umbrella of the York County District Attorney Office. Defendants, refused to admits that they ever worked for the "York County Police Department," or "York City Police Department;" specifically Defendants Peddicord, Margon, Glowczeski, Craul, Fells. In their Motion from Summary Judgment, defendants seeks Qualified Immunity, to justified their wrong in the Constitutional violation of this Plaintiff's right, embedded in the Bill Of Right.

The Defendants objections, basical stated, vague and ambiguous; and stated that "Any conduct" may encompass material that is irrelevant or covered by work product information. Defendants statements, as to "I am not aware of an agency called The York County Police Department," is evasive, because the York City Police Department, 50 W King Street, York, Pennsylvania 17401, was where the Defendants, took Plaintiff's, upon his arrest at Mail Box Etc., on January 10, 2001, at 10:35 a.m.

First, the Plaintiff's does not seeks "Personal Records" in any general way. He seeks information and documents pertaining to particular kinds of complaints and allegations about these Defendants, whether or not they are

7

part of "Personnel Records." He does not seek other matter that may be in their personnel records, such as medical data or information about their records of lateness, leaves and vacations, etc.

Secondly, the kind of information sought is highly relevant. York County Law Enforcement officers, have been continuously mistreating and abusing arrestees; with the use of excessive force; verbal and physical abuse; furthermore, the County, has been in the media, as to discrimination against minority, such as Black and Spanish alike. Nothing has been done about these abuses. Therefore evidences of that effect would be highly relevant to the claim of supervisory liability against Defendants Peddicord, Crual, Kessler, Morgan, Westmoreland, Glowczeski, The York City Police Department, and the York County, District Attorney's Office, and Pennsylvania Attorney General, whom employed, these defendants, that violate a arrestee constitutional right. Parish v. Luckie, 963 F.2d 201, 20506 (8th Cir. 1992); Foley v. City Of Lowell, Mass., 948 F.2d 10, 14-16 (1st. Cir. 1991);Gutierez Rodriguez v. Cartagena, 882 F.2d 553, 572-75 (1st Cir. 1989); Fletcher v. O'Donnell, 867 F.2d 791, 794 (3d Cir. 1989).

Thirdly, Defendants objections to Plaintiff's Request For Second Interrogatories, NO. 10,11,12 and 18, are improper and not sufficiently specific.

This evidence may also support the claims against the Officers themselves. Rule 404(b), F.R.E., provides evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, Knowledge, identity, or absence of mistake or accident. "Evidences of prior incidents of abuse by prison or law enforcement personnel have been admitted by several court as relevant to motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." United States v. Dise, 763 F.2d 586, 592 (3d Cir. 1985); Sharpe v. City Of Lewisburg, Tenn. 677 F. Supp. 1362,

8

1365 (M.D. Tenn 1988): Hayden v. Maldonado. 110 F.R.D. 157. 159 (N.D.N.Y. 1986) (Evidence of other incidents could refute a claim that the defendants were "calm men" who would not assault anyone). Defendants also refused to disclose this information. in Plaintiff's Request For Production Of Documents. served upon the defendants.

## CONCLUSION

For these foregoing reasons the material sought is relevant and should be produced and answered. Furthermore. this Honorable Court should grant Plaintiff's Motion To Compel Discovery.

Respectfully Submitted.

Date: June 25. 2004

Tyrone P. James

EX 9451
P.O. Box A
Bellefonte. PA 16823-0820.

9

Tyrone James
EX9451
P.O. Box A
Bellefonte, PA 16823-0820

Clerk of Court
United States District Court
Middle District of Pennsylvania
228th Walnut Street
P.O. Box 983
Harrisburg, PA 17108

Legal Mail