IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES <br>     Plaintiff, <br>   <br> v. <br>   <br> YORK COUNTY POLICE DEPARTMENT, <br> JAMES H. MORGAN, RICHARD PEDDICORD, <br> RAYMOND E. CRUAL, GENE FELLS, <br> DET. KESSLER, CO. BAYLARK, <br> RANDY SIPES, BRIAN WESTMORELAND, <br> and DETECTIVE GLOWCZESKI <br>     Defendants, | CIVIL ACTION NO. 1:01-CV-1015 <br> (Judge Kane) <br> (Magistrate Judge Mannion) <br>   <br> JURY TRIAL DEMANDED |

### AFFIDAVIT IN SUPPORT OF MOTION TO COMPEL

**Tyrone P. James**, being duly sworn, depose and says:

1. I am the Plaintiff's in this case. I make this affidavit in support of my motion to compel discovery.

2. On February 27, 2004; March 7, 2004, and April 20, 2004; Plaintiff's served Defendants Morgan, Westmoreland, Crual, Glowczeski and Peddicords, Plaintiff's Request For Admission, pursuant to Rule 36(a), Fed.R.Civ.P.

3. Defendants Morgan, Westmoreland, Crual and Glowczeski, made timely response; however their responses were insufficient, evasive, incomplete and not sufficiently specifics.

4. Defendant Peddicord failed to respond to plaintiff's request within the time frame allowed, or within thirty (30) days of the request. Plaintiff's received Defendant Peddicord response on June 14, 2004. Defendant didn't request an adjournment from the Court, or seek my agreement to an adjournment.

5. Defendants made several objection denial and refusal to answer several of Plaintiff's requests. Their objections were not sufficiently specific, are insufficient; their denial are general and not specific; other responses are evasive and incomplete.

6. Plaintiff's contact undersigned counsel for the Defendants, by way of letters, pointing out specific and requested more appropriate response from Defendants, in a timely manner. Defendants have failed to respond to

plaintiff's written requests, [See letter attached to Defendants counsel].

7. On May 4, 2004, this Court, permitted plaintiff's to served upon the defendants the set of interrogatories title, "Plaintiff's Second Set Of Interrogatories To Defendants';" however the Court noted, that the information being sought in interrogatories #13 and #14 has already been provided by the Defendants; and that defendants shall address the remaining interrogatories in a manner consistent with Rule 33, of the Federal Rules Of Civil Procedure, within the period of time set forth below.

8. Defendants failed to make timely responses in compliance with Rule 33, Fed.R.Civ.P.; neither did defendants, seek extension from the Court or plaintiff's.

9. Plaintiff's against contact counsel in an attempts to resolve the dispute informally as required by Rules of this Court Local Rules. [See attached letter to defendants undersigned counsel].

10. After Seven Weeks, Defendants made untimely objection, which this Court should deem waived; furthermore, defendants made objection to "Plaintiff's Second Request For Interrogatories," number 7,8,10,11,12 and 18, which are relevant to this civil matter and are material facts as to matter of laws.

11. Defendants objection are improper and not sufficiently specific; their response are incomplete, evasive and misleading; general in statements, and not sufficient.

12. Defendants by way of counsel filed, "Defendant Memorandum Of Law In Opposition To Plaintiff's Motion To Compel Discovery," filed on May 28, 2004; Defendants undersigned counsel served Plaintiff's with an copy of the pleading addressed to the York County Prison; the Court should note, that at no time was Plaintiff's in the York County Prison, and defendants, and counsel were aware of that. [See Court Order, Deposition taken by Defendants]. Plaintiff's was served with copy on June 24, 2004, by way of institutional mail.

13. This Plaintiff's had not been allowed inspection of the note of

testimony, form the deposition hearing, held at SCI-Rockview, on May 25, 2004, for correct, and to seal deposition for further use in any other proceedings.

14. These requests are relevant to this civil case, defendants arguments have no merit, as set forth in the brief "Defendants Memorandum Of Law, In Opposition to Plaintiff's Motion To Compel Discovery'" as Defendants counsel was properly served with letters, by way of Certificate Of Service, seeking appropriate responses from these defendants.

WHEREFORE, the plaintiff's request that the Court grant this motion in all respects.

Respectfully Submitted,

*Tyrone James*

Tyrone P. James

Sworn To before me this

_____day on _____, 2004.

_____
Notary Public

I verify that the foregoing are true and correct to the best of my knowledge, pursuant to 28 U.S.C. § 1746.

Tyrone P. James

*Tyrone James*