IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES                        :
           Plaintiff,           :
                              :     CIVIL ACTION NO. 1:01-CV-1015
                              :     (Judge Kane)
        v.                     :     (Magistrate Judge Mannion)
                              :
YORK COUNTY POLICE DEPARTMENT,         :
JAMES H. MORGAN, RICHARD PEDDICORD,    :     JURY TRIAL DEMANDED
RAYMOND E. CRUAL, GENE FELLS,          :
DET. KESSLER, CO. BAYLARK,             :
RANDY SIPES, BRIAN WESTMORELAND,       :
and DETECTIVE GLOWCZESKI,              :
           Defendants,           :

<u>LETTERS AND ATTACHMENTS [EXHIBITS].</u>

FILED
HARRISBURG PA

JUL

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES                        :
             Plaintiff,                :
                                       :      CIVIL ACTION NO. 1:01-CV-1015
        v.                             :      (Judge Kane)
                                       :      (Magistrate Judge Mannion)
YORK COUNTY POLICE DEPARTMENT,         :
JAMES H. MORGAN, RICHARD PEDICORD,     :      JURY TRIAL DEMANDED
RAYMOND E. CRUG, GENE PELLY,           :
DET. KESSLER, CO. BAYLARK,             :
RANDY SIPES, BRIAN WESTMORELAND,       :
and DETECTIVE GLOWCZESKI               :
             Defendants,               :

PLAINTIFF'S REQUEST FOR ADMISSION OF DEFENDANTS PEDICORD.

Pursuant to Rule 36, Fed.R.Civ.P., Plaintiff request the defendant, Richards Pedicord to make the following admissions within 30 days after the service of this request.

1. You a member of the York County Police Department?

Answer:

2. You a member of the surveillance teams that arrested Plaintiff's, in the Kingston Square Center, 2536 Eastern Blvd, York, Pa 17402, at 10:30 a.m.?

Answer:

3. You prepared an arrest warrant and search warrant, to arrest plaintiff's at the Kingston Square Center on January 10, 2001, at 10:30 a.m.?

Answer:

4. you tackle plaintiff's to the ground, in the Kingston Square Center, in front of Mail Box Etc.,

Answer:

5. You a party of the vehicle, driven by Defendant Glowczeski, on January 10, 2001, at 10:30 a.m., in the Kingston Square Center?

Answer

6. Escort Plaintiff back to the York County Police Department, in vehicle

driven by Glowczeski?

Answer:

7. Obtained arrest and search warrant for Plaintiff's arrest on January 10, 2001?

Answer:

8. Date and time, arrest and search warrants were obtained by you?

Answer:

9. Confiscate Plaintiff's wallets in the Kingston Square Center, at the time of his arrest, he was handcuffed and on the ground, in the Kingston Square Center, on January 10, 2001, at 10:15 a.m.?

Answer:

10. United Parcel Service Driver deliver the "Make Shift Package," to Mail Box Etc., 2550 Eastern Blvd., York, Pa 17402, on January 9, and 10, 2001?

Answer:

11. You search Plaintiff's person and property on January 10, 2001?

Answer:

12. Confiscated Plaintiff's Lawyer Network Card?

Answer:

13. Give Plaintiff's a Inventory receipts of all items, confiscated, or taken from plaintiff's wallets?

Answer:

14. Photo Copied all items taken from plaintiff's property. while at the York County Police Department?

Answer:

15. Preliminary Arraignment plaintiff's on January 12, 2001?

Answer:

16. Present position with the York County Police Department; Drugs Task Force?

Answer:

17. Ever discriminate against member of the black race, or any other

minority groups, in you line of work, during your employment with these agencies?

Answer:

18.  You requested a cash only bond for plaintiff's, in the total amount of 2.5 millions dollars,  from the District Justices, York County?

Answer:

19.  Ever been charge or convicted of a crime, or charge with perjury?

Answer:

20.  Any previous or present lawsuit pending against you in any Federal or State Courts, Bankruptcy court?

Answer:

21.  Any judgment or settlement ever ruled against you?

Answer:

22.  Ever been a racist cop, during you service has a public servant?

Answer:

23.  You participate in the interdiction of drugs, form package mail from California, to the U.P.S. Main Office York Pennsylvania, on January 8,9 and 10, 2001, to "Make Shift Package," delivered to the Mail Box Etc., 2539 Eastern Blvd., York Pa 17402, on January 10, 2001?

Answer:

24.  Any special training before becoming a Police officer and how far did you go to school?

Answer:

Date: April 13, 2004.

Respectfully Submitted,

Tyrone P. James, Pro Se.

EX 9451
P.O. Box A
Bellefonte, PA 16823-0820.

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES
      Plaintiff,

v.

YORK COUNTY POLICE DEPARTMENT,
JAMES H. MORGAN, RICHARD PRODICORD,
RAYMOND C. RUPP, GUYE WELLS,
DET. KESSLER, CO. BAYLARK,
RANDY SIPES, BRIAN WESTMORELAND,
and DETECTIVE SKOKOWSKI
      Defendants,

:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO. 1:01-CV-1015
(Judge Kane)
(Magistrate Judge Mannion)

JURY TRIAL DEMANDED

REQUEST FOR ADMISSIONS TO DEFENDANT KESSLER

Pursuant to Rule 36, Fed.R.Civ.P., Plaintiff's request the defendant,
Robert Kessler to make the following admissions within 30 days after the service
of this request.

1. Mr. Kessler, you created the "make shift package" on January 9, 2001,
at the main United Parcel Service, in York County, which was placed at
plaintiff's mail box, 2535 Eastern Blvd., York, Pa 17402?

Answer:

2. You hand wrote the addresses and returned address, to this "Make Shift
Package," that was placed at the Mail Box Etc., 2535 Eastern Blvd., York, Pa
17402?

Answer:

3. Defendant Morgan, gave you this address, to be placed on the Make
Shift package?

Answer:

4. You prepared a arrest and search warrant, for the plaintiff's and
the mail box, at 2535 Eastern Blvd., York, PA 17402, Mail Box Etc., on January
9 and 10, 2001, at 10:30 a.m.?

Answer:

5. You hand deliver or gave the make shift package to the United Parcel

Service, driver, to be delivered at Mail Box Etc., York, Pa 17402, on January 9 and 10, 2001?

Answer:

5. Defendant Pakllcord a party of the vehicle which you were traveling in before the arrest of plaintiff's on January 10, 2001, around 10:30 a.m.?

Answer:

6. You obtained only one search warrant in this case, and this was obtained from District Justice Kessler, on January 10, 2001, at 7:18 p.m.?

Answer:

8. Was Mr. James arrested at the Mail Box Etc., Kingston Square Center on January 10, 2001, around 10:35 a.m.?

Answer:

9. You prepare and arrest warrant and search warrant on January 10, 2001, at 10:35 a.m., to place "Make Shift Package," at plaintiff's mail box to arrest plaintiff?

Answer:

10. Mr. Kessler, are you the Brother of District Justice, Kessler, 101 N. Main St., York, New Salem, Pa 17371?

Answer:

11. You prepare Affidavit Of Probable Cause, to support Warrant Control Number: 3695-A?

Answer:

12. You conducted and interdiction at the United Parcel Service, York, County?

Answer:

13. You were aware that there was no contraband, meaning drugs in the state of Pennsylvania, at time Plaintiff's was arrest?

Answer:

14. You are familiar with Title 18 Pa.C.S. 313(a), Entrapment?

Answer:

15.  You had Probable Cause to arrest plaintiff's on January 10, 2001, in the Kingston Square Center, Mail Box Etc., 2550 Eastern Blvd., York Pa 17402?

Answer:

16.  You Supervise the York County Drug Task Force?

Answer:

17.  You discriminate against minority people, such as black, Asian or Spanish race, or other race or descent, because of the color of their skin, race, origin or nationality?

18.  You are party of any law suit in any State or Federal Court?

Answer:

19.  You ever been convicted or charged with a crime, or perjury in any court?

Answer:

20.  Still the Supervisor of the York County Drug Task Force?

Answer:

Respectfully Submitted,

*Tyrone James*

Tyrone P. James, Pro Se.

EX 9451
P.O. Box A
Bellefonte, PA 16323-0322.

Date: April 20, 2004.

Tyrone P. James                          June 15, 2004
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

Jason C. Giurintano
Office Of Attorney General
Commonwealth Of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, PA 17120

RE:  Civil NO. 1:CV-01-1015; Defendant Peddicord Response to Plaintiff's Request
For Admissions.

Dear Attorney Giurintano:

        I am in receipts of Defendant Peddicord response to plaintiff's Request
For Admissions; which is untimely.  Therefore, all his objections should be
deem waived, for failing to response within the appropriate time frame pursuant
to the Discovery Rule 26.

        Defendant objections to request numbers 1,4,8,16,20,21, and 24, are all
improper and not sufficiently specifics; please note all request are relevant
to the law as it relate to the application of law to facts of the case.

        Defendant    Peddicord    denial    to    requests    numbers    :
3,5,6,7,9,10,12,13,14,17,18,19,22,  and  23,  are  all  insufficient,  without
specifics, the denial is general, in statements.

        Defendant Peddicord, response to request numbers: 10, and 15, of
Plaintiff's request for admission would deem an refusal to admit; plus his
response his misleading; insufficient as to the application of laws, as it
relate to the facts of this civil case.

        Plaintiff's hereby request that Defendant Peddicord response appropriately
to his request for admission, within 30 days, from receipt of this letter;
make his answer more specifics and to the request.

                                Respectfully Submitted,

                                Tyrone James

                                Tyrone P. James.

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES                          :
          Plaintiff,                     :
                                         :
     v.                                  :          CIVIL ACTION NO. 1:01-CV-1015
                                         :          (Judge Kane)
YORK COUNTY POLICE DEPARTMENT,           :          (Magistrate Judge Mannion)
JAMES H. MORGAN, RICHARD PEDDICORD,      :
RAYMOND E. CRUAL, GENE FELLS,            :          JURY TRIAL DEMANDED
DET. KESSLER, CO. BAYLARK,               :
RANDY SIPES, BRIAN WESTMORELAND,         :
and DETECTIVE GLOWCZESKI                 :
          Defendants,                    :

CERTIFICATE OF SERVICE

I, Tyrone P. James, Plaintiff's, pro se, hereby certified that, I am this day serving a true and correct copy to assigned counsel's, "Letter in response, to Defendant Peddicord, answer to Plaintiff's Request For Admissions," in the manner set forth below to the following, by placing said legal manila envelope, deposited into the institutional mail box, and turning over said documents to prison officials for mailing:

BY FIRST CLASS U.S. MAIL:

Jason C. Giurintano                      Donald L. Reihart, Esq.
Office Of Attorney General               Law Office Of Donald L. Reihart
Commonwealth Of Pennsylvania             3015 Eastern Blvd., Suite 204
15th Floor, Strawberry Square            York, PA 17402
Harrisburg, PA 17120

Date: June 15, 2004.

                              Respectfully Submitted,

                              Tyrone James

                              Tyrone P. James
                              XX-1451
                              P.O. Box A
                              Bellefonte, PA 16823-0820.

Tyrone P. James                    May 28, 2004
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

Jason C. Guirintano
Attorney General Office
Commonwealth Of Pennsylvania
15th Floor, Strawberry Square
**Harrisburg, PA 17120**

RE: **James** v. York County Police Dept., et al..

**Dear** Attorney Guirintano,

     Plaintiff's Request For Admission to Defendant Paddicord, are not being **answered. The Defendant Paddicord, has failed to response in a timely manner;** 30 days after Defendants has been served. Where Plaintiff's, deas that **Defendant has admitted, to all Plaintiff's Request For Admission. Also,** Defendants have failed to response to Plaintiff's Second Request For **Interrogatories, which the Defendants refused to respond. The Magistrate Judge** Ordered interrogatories on May 4, 2004.

                              Respectfully,

                              Tyrone P. James
                              EX 9451.

Tyrone P. James                    May 28, 2004
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

Jason C. Guirintano
Attorney General Office
Commonwealth Of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, PA 17120

RE: James v. York County Police Dept., et al.,

Dear Attorney Guirintano,

Defendant Anthony (Tony) Glowczeski, **response to "Plaintiff's Request For Admission."**

1.  **Defendant Glowczeski Objection to Admission NO. 2 is not sufficiently specific** and is improper. The requested admission is relevant.

2.  Defendant Glowczeski denial to Admission NO. 3, is not sufficiently **specific.** and doesn't addresses the substance of the requested admission.

3.  Defendant Glowczeski denial to Admission NO.4 is not sufficiently **specific;** the requested admission is relevant.

4.  Defendant Glowczeski objection to Admission NO.6 is improper and not **sufficiently specific.** The requested admission is relevant.

5.  Defendant Glowczeski objection to Admission NO. 10 is improper and not sufficiently specific; this request is ground for admission, because **it addresses the substance of the requested admission.**

6.  Defendant Glowczeski, response to Admission NO.11, is not sufficiently **specific; the response is a refusal to Admit; I don't recall, is not sufficient.**

7.  Defendant Glowczeski, denial to Admission No.12, is not sufficiently **specific.** The request is relevant.

8.  Defendant Glowczeski, denial to Admission NO.13, is not sufficiently **specific** and does not specifically **address** the substance of the **requested Admission.** The request is relevant.

9.  Defendant Glowczeski, **denial of Admission NO.15,** is not sufficiently **specific.** The request is relevant.

10.  Defendant Glowczeski response to Admission NO.16, is incomplete and **evasive.** The requested information is relevant to this civil matter.

11.  Defendant Glowczeski response to Admission NO.17 is incomplete. **Defendant response is relevant, because defendant touch on this issue in his answer to plaintiff's request for interrogatories.**

12.   Defendant Glowczeski denial to Admission NO.18, is without specific; the denial does not specifically address the substance of the requested admission.  The requested admission is relevant.

13.   Defendant Glowczeski, objection to Admission NO.19, is improper and not sufficiently specific; the requested is admission is relevant.

14.   Defendant denial to Admission NO.20, is not sufficiently specific; the requested Admission is very relevant to the case in hand.

15.   Defendant Glowczeski, objection to Admission NO.22, is improper; the requested Admission is very relevant to the substance of this case.

16.   Defendant denial to Admission NO.23, is no sufficiently specific. The requested Admission is very relevant to the substance of this case.

Plaintiff's request that Defendant Glowczeski, response to this letter with the appropriate responses within 30 days.  Response should be in verified form, signed by the Defendant.

Respectfully,

Tyrone P. James
EX 9451.

Tyrone P. James                                May 28, 2004
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

Jason C. Giuintano
Office of Attorney General
Commonwealth of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, PA 17120

Re: James v. York County Police Dept., et al., 01:01-CV-1015

Dear Jason C. Giuintano:

Defendant Kessler's response to plaintiff's Request For Admission.

1. Defendant Kessler's response to Admission NO.1, is improper; Defendant refused to admit to the requested Admission. The request is relevant to this civil matter. His statement is general and not sufficient.

2. Defendant Kessler's response to Admission NO.3 is confused and response is insufficient. It is an improper answer.

3. Defendant Kessler's response to Admission NO.4, is not sufficiently specific. He failed to address the substance of the requested Admission.

4. Defendant Kessler's to Admission NO.4, is insufficient as to the substance of this matter and not specific.

5. Defendant Kessler's response to Admission NO.5 is improper, the request is relevant to this civil matter; the response is insufficient, evasive, general and not specific.

6. Defendant admittance to Admission NO.6 is false and misleading; the admittance is general and response is insufficient.

7. Defendant Kessler's denial to Admission NO.7, is insufficient and not sufficiently specific. This request is relevant. Defendant true response to this requested admission, is very relevant to the substance of this case.

8. Defendant Kessler's denial to Admission NO.9, is not sufficiently specific. The request is relevant.

9. Defendant Kessler's response to Admission NO.11, is improper, statements is general, evasive; the response is not sufficiently specific and misleading; statement is general without any specific and insufficient. The Defendant failed to answer the requested Admission.

10. Defendant Kessler's to Admission NO.12, is not a answer to the requested admission; the requested Admission, is relevant. Defendant response is insufficient and misleading.

11. Defendant Kessler's response to Admission NO.13 is improper, response is not sufficiently specific. The requested admission is relevant to the substance of this case.

12. Defendant Kessler's admittance to Admission NO. 15, is improper,

evasive, false and misleading. The requested admission is relevant to the substance of this civil case.

13. Defendant denial to Admission NO.17, is not specific; as to the substance of the requested Admission. The denial is not sufficiently specific.

14. Defendant Kessler's denial to Admission NO.18, is not sufficient specific; the request is relevant. Defendant denial is without specific and his statement is general.

15. Defendant Kessler's denial to Admission NO.19, is not sufficiently specific and very relevant to this civil matter or admission; his response is incomplete. The requested Admission is relevant to this case.

16. Defendant Kessler's denial of Admission NO.20, is without specification and doesn't addresses the substance of the requested Admission, the requested admission is very relevant.

Plaintiff request that Defendant Kessler's, response to this letter, with the appropriate response, within 30 days. Response should be in verification form and signed by the Defendant.

Respectfully,

Tyrone Jammer

Tyrone J. James,
CH 9451

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES
      Plaintiff,

    v.

YORK COUNTY PRISON DEPARTMENT,
JAMES R. MORGAN, RICHARD PRUDICORD,
RAYMOND L. CRUAL, GENE FELLS,
DEP. KESSLER, OD. BAYLARK,
RANDY STRES, SUSAN MONTALBANO,
and DETECTIVE GLOWCENSKI
      Defendants.

: : : : : : : : : : : :

CIVIL ACTION NO. 1:01-CV-1015
(Judge Kane)
(Magistrate Judge Mannion)

JURY TRIAL DEMANDED

CERTIFICATE OF SERVICE

I, Tyrone P. James, Plaintiff's, pro se, hereby certified that, I am this day serving a true and correct copy to assigned counsel's, "Letter to undersigned counsel addressing Defendants Glowcenski, Kessler and Prudicord response to Plaintiff's Request for Admission; Please note, Defendants Prudicord, as failed to respond to Plaintiff's Request for Admission as of this Date." in the manner set forth below to the following, by placing said legal manila envelope, deposited into the institutional mail box, and turning over said documents to prison officials for mailing:

BY FIRST CLASS U.S. MAIL:

Jason C. Gutrantano
Attorney General Office
Commonwealth of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, PA 17120

Donald L. Reinart, Esq.,
Law Office Of Donald L. Reinart
1015 Eastern Blvd., Suite 204

Carole J. McGraw
110 W.A. Street, Suite 1100
San Diego, CA 92101

I, certify under penalty of perjury, that the foregoing, are true and correct pursuant to 28 U.S.C. § 1746.

Date: May

*Tyrone James*

Tyrone P. James
BX 9451
P.O. Box A
Bellefonte, PA 16823-0320

Tyrone P. James
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

May 12, 2004

Jason Guirintano
Office Of Attorney General
Commonwealth Of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, PA 17120

RE: James v. York County, Police Dept., et al, 01:01-CV-1015

Dear Jason J. Guirintano:

Defendant Morgan's response to Plaintiff's Request For Admission.

1. Defendant Morgan denial in part to Request For Admission NO. 2, is not sufficiently specific, addressing the substance of the requested Admission.

2. Defendant Morgan denial as to Admission NO.6, [given that there are two number 6, we will address the first as 6(1) and the second as 6(4)]; his denial as to 6(1) is not sufficiently specific, the request is very relevant to the substance of this case.

3. Defendant Morgan's Objection to Admission No. 6(2), is improper; his response is insufficient and failed to address the requested Admission, and his answer is incomplete.

4. Defendant Morgan denial to Admission NO.7, is not sufficiently specific, the request is very relevant to the case.

5. Defendant Morgan's denial to Admission NO.8, is not sufficiently specific, false and misleading; it doesn't address the substance of the requested Admission.

6. Defendant Morgan denial of Admission NO.9, is not sufficiently specific and lack or failed to address the substance of the requested Admission, this request is very relevant to this civil matter.

7. Defendant Morgan's Denial of Admission NO.10, is not sufficiently specific; the request is very relevant to the substance of this case.

8. Defendant Morgan denial of Admission NO.11, is not sufficiently specific. The substance of the requested Admission is very relevant to this civil matter.

9. Defendant Morgan's denial of Admission NO.12, is without sufficient specific; the substance of the requested Admission is very relevant. District Attorney William Graff, is not a party to this complaint or this Admission; defendant answer is Hearsay. Mr. Graff, would need to authenticate his request to hold plaintiff's.

10. Defendant Morgan's denial of Admission NO. 13, is not sufficiently specific, the substance of the requested Admission is very relevant. Defendant response is false and misleading.

11. Defendant Morgan's denial of Admission NO.14, is not sufficiently

specific. The substance of the requested Admission is very relevant to this case.

12. Defendant Morgan's partial denial to Admission NO.13, is not sufficiently specific; the response is false and misleading, and evasive. There was no warrant obtained for Mail Box Etc, 2535 Eastern Blvd., York, PA 17402, neither was there any arrest warrant to arrest Plaintiff's. Defendant refused to admit. The requested Admission is relevant to the substance of this case.

13. Defendant Morgan's partial denial to Admission NO.19, is not sufficiently specific; his response is false and misleading. Defendant, refusal to admit, show a sense of admission to the requested Admission. Defendant response is incomplete. The requested Admission is relevant this civil case. There are prior sworn statements, in which Defendant admitted under Oath, which he stated that he denied Plaintiff's access to the phone, to call his attorney, because he hear, that, he would mess up his investigation.

14. Defendant Morgan's Objection to Admission NO. 20 is improper; the response is insufficient and not reasonable grounds for objection.

15. Defendant Morgan's objection to Admission NO.21, is not sufficiently specific. The requested Admission is relevant to the substance of the requested Admission. Defendant response are false and misleading.

16. Defendant Morgan's denial to Admission NO. 22, is not sufficiently specific; the requested Admission is very relevant to the substance to this case.

17. Defendant Morgan objection to Admission NO.23 is improper; statement is general and insufficient. The substance of the requested admission is relevant to this case.

18. Please Note: [ Plaintiff's submitted two requested Admission NO. 24, we will address it has 24(1) and 24(2)]. Defendant Morgan's denial of Admission NO. 24(1) is not sufficiently specific; the requested Admission is very relevant to the substance of this case.

19. Defendant Morgan's objection to Admission NO.24(2), is improper and insufficient. The substance of the requested Admission is relevant to this case.

20. Defendant Morgan denial to Admission NO. 25, is not sufficiently specific. The requested Admission is very relevant to the substance to this civil case.

Plaintiff's request that Defendant Morgan response to this letter with the appropriate response within 30 days. Response should be in verify form, signed by the Defendants.

Respectfully,

Date: May 12, 2004

Tyrone P. James,
&X 9451.

Tyrone P. James                          May 12, 2004
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

Jason C. Guirintano
Office of Attorney General
Commonwealth Of Pennsylvania
15th Floor Strawberry Square
Harrisburg, PA 17120

RE: James v. York County Police Dept., et al., 01:01-CV-1015

Dear Jason C. Guirintano:

        Defendant Westmoreland's response to plaintiff's Request for Admission.

        1.    Defendant Westmoreland response to Admission N0.1, is improper;
Defendant refusal to admit to the requested Admission.  The request is relevant
to this civil matter.  His statement is general.

        2.    Defendant Westmoreland denial to Admission No.2, is improper and the
response is insufficient.

        3.    Defendant Westmoreland denial to Admission N0.3, is not sufficiently
specific.  It failed to address the substance of the requested Admission.

        4.    Defendant Westmoreland denial to Admission N0.4, is insufficient as
to the substance of this case, and not specific.

        5.    Defendant Westmoreland's objection to Admission N0.6 is improper,
the request is relevant to this civil matter.

        6.    Defendant Westmoreland objection to Admission N0.7 is improper; the
statement is general and response is insufficient.

        7.    Defendant Westmoreland response to Admission N0.8, is a refusal to
admit.  this should be treated as a admittance.  Defendant true response to
this requested admission, is very relevant to the substance of this case.

        8.    Defendant Westmoreland's Objection to Admission N0.14, is improper.
The request is relevant.

        9.    Defendant Westmoreland objection to Admission N0.15, is improper;
the response is false and misleading; statement is general without any specific
and insufficient.  The Defendant failed to answer the requested Admission.

        10.   Defendant Westmoreland Objection to Admission N0.16, is improper;
the requested Admission, is relevant.  Defendant response is insufficient.

        11.   Defendant Westmoreland objection to Admission N0.17 is improper.
The request is ground for Admission and is relevant to the substance of this
case.

        12.   Defendant Westmoreland objection to Admission N0. 18, is improper,

the request is relevant to the substance of this civil case.

13. Defendant Westmoreland denial to Admission NO.19, is not specific; as to the substance of the requested Admission. The denial is not sufficiently specific.

14. Defendant Westmoreland objection to Admission NO.20, is improper; the request is relevant. Defendant objection is without specific and his statement is general.

15. Defendant Westmoreland response to Admission NO.22, is misleading and would lead to his refusal to admit or answer; his response is incomplete. The requested Admission is relevant to this case.

16. Defendant Westmoreland denial of Admission NO.23, is without specification and doesn't addresses the substance of the requested Admission.

17. Defendant Westmoreland objection to NO. 24, is improper; the response is insufficient and the requested Admission is very relevant to the substance of the case.

18. Defendant Westmoreland objection to NO.25 is improper to the response. it is very relevant and not incoherent, as it addresses the substance of the requested Admission.

Plaintiff request that Defendant Westmoreland, response to this letter, with the appropriate response, within 30 days. Response should be in verification form and signed by the Defendant.

Respectfully,

Tyrone E. James,
EX 9451

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE R. JAMES                      :
        Plaintiff,                   :
                                     :          CIVIL ACTION NO. 1:01-CV-1015
        v.                           :          (Judge Kane)
                                     :          (Magistrate Judge Mannion)
YORK COUNTY POLICE DEPARTMENT,       :
JAMES H. MORGAN, RICHARD PEDDICORD,  :          JURY TRIAL DEMANDED
RALPHIE E. CRUGE, DAVE FRIES,        :
DET. KESSLER, GD. BAYLARK,           :
RANDY SIMES, BRIAN WESTMORELAND,     :
and DETECTIVE GROJZASKI              :
        Defendants.                  :

CERTIFICATE OF SERVICE

        I, Tyrone R. James, Plaintiff's, pro se, hereby certified that, I am this

day serving a true and correct copy to assigned counsel's, "Letter addressed

to undersigned counsel Jason C. Quirintano, relating to Defendants Morgan's

and Westmoreland response to Plaintiff's Request for Admission," in the manner

set forth below to the following, by placing said legal manila envelope,

deposited into the institutional mail box, and turning over said documents

to prison officials for mailing:

        BY FIRST CLASS U.S. MAIL:

        Jason C. Quirintano                 Donald L. Rethart, Esq.,
        Attorney General Office             Law Office Of Donald L. Rethart
        Commonwealth of Pennsylvania        3015 Eastern Blvd., Suite 204
        15th Floor, Strawberry Square       York, PA 17402
        Harrisburg, PA 17120

        I, Tyrone R. James, verified that the foregoing is true and correct, pursuant
to U.S.C. 28 § 1746.

Date: May 12, 2004

                                Tyrone R. James
                                EX 3451
                                P.O. Box A
                                Bellefonte, PA 16823-0820.

Tyrone P. James                         May 28, 2004
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

Jason C. Guirintano
Attorney General Office
Commonwealth Of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, PA 17120

RE: James v. York County Police Dept., et al.,

Dear Attorney Guirintano,

    Plaintiff's Request For Admission to Defendant Peddicord, has not being
answered. The Defendant Peddicord, has failed to response in a timely manner;
30 days after Defendants has been served. There Plaintiff's, deem that
Defendant has admitted, to all Plaintiff's Request For Admission. Also,
Defendants have failed to response to Plaintiff's Second Request For
Interrogatories, which the Defendants refused to respond. The Magistrate Judge
Ordered interrogatories on May 4, 2004.

                              Respectfully,

                              Tyrone James

                              Tyrone P. James
                              EX 9451.

Tyrone P. James                    May 28, 2004
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

Jason C. Guirintano
Attorney General Office
Commonwealth Of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, PA 17120

RE: James v. York County Police Dept., et al.,

Dear Attorney Guirintano,

    Defendant Anthony (Tony) Glowczeski, response to "Plaintiff's Request
For Admission."

    1.  Defendant Glowczeski Objection to Admission NO. 2 is not sufficiently
specific and is improper.  The requested admission is relevant.

    2.  Defendant Glowczeski denial to Admission NO. 3, is not sufficiently
specific, and doesn't addresses the substance of the requested admission.

    3.  Defendant Glowczeski denial to Admission NO.4 is not sufficiently
specific; the requested admission is relevant.

    4.  Defendant Glowczeski objection to Admission NO.5 is improper and not
sufficiently specific.  The requested admission is relevant.

    5.  Defendant Glowczeski objection to Admission NO. 10 is improper and
not sufficiently specific; this request is ground for admission, because it
addresses the substance of the requested admission.

    6.  Defendant Glowczeski, response to Admission NO.11, is not sufficiently
specific; the response is a refusal to Admit;  I don't recall, is not
sufficient.

    7.  Defendant Glowczeski, denial to Admission NO.12, is not sufficiently
specific.  The request is relevant.

    8.  Defendant Glowczeski, denial to Admission NO.13, is not sufficiently
specific and does not specifically address the substance of the requested
Admission.  The request is relevant.

    9.  Defendant Glowczeski, denial of Admission NO.15, is not sufficiently
specific.  The request is relevant.

    10.  Defendant Glowczeski response to Admission NO.16, is incomplete and
evasive.  The requested information is relevant to this civil matter.

    11.  Defendant Glowczeski response to Admission NO.17 is incomplete.
Defendant response is relevant, because defendant touch on this issue in his
answer to plaintiff's request for interrogatories.

12.   Defendant Glowczeski denial to Admission NO.18, is without specific; the denial does not specifically address the substance of the requested admission. The requested admission is relevant.

13.   Defendant Glowczeski, objection to Admission NO.19, is improper and not sufficiently specific; the requested is admission is relevant.

14.   Defendant denial to Admission NO.20, is not sufficiently specific; the requested Admission is very relevant to the case in hand.

15.   Defendant Glowczeski, objection to Admission NO.22, is improper; the requested Admission is very relevant to the substance of this case.

16.   Defendant denial to Admission NO.23, is no sufficiently specific. The requested Admission is very relevant to the substance of this case.

Plaintiff's request that Defendant Glowczeski, response to this letter with the appropriate responses within 30 days.  Response should be in verified form, signed by the Defendant.

Respectfully,

Tyrone P. James
EX 9451.

Tyrone P. James                          May 28, 2004
GX 9451
P.O. Box A
Bellefonte, PA 16823-0820

Jason C. Guirintano
Office of Attorney General
Commonwealth of Pennsylvania
15th floor, Strawberry Square
Harrisburg, PA 17120

Re: James v. York County Police Dept., et al., 1:01-CV-1015

Dear Jason C. Guirintano:

        Defendant Kessler's response to plaintiff's Request for Admission.

        1.    Defendant Kessler's response to Admission No.1, is improper; Defendant **refused** to admit to the requested Admission. The request is relevant to this civil matter. This statement is general and not sufficient.

        2.    Defendant Kessler's response to Admission No.2, is improper and **response is insufficient**. It is not sufficiently specific.

        3.    Defendant Kessler's response to Admission No.3, is not sufficiently **specific**. It failed to address the substance of the requested Admission.

        4.    Defendant Kessler's to Admission No.4, is insufficient as to the **substance** of this case, and not specific.

        5.    Defendant Kessler's response to Admission No.5 is improper; the request is relevant to this civil matter; the response is insufficient, evasive, general and not specific.

        6.    Defendant admittance to Admission No.6 is false and misleading; the **admittance** is general and response is insufficient.

        7.    Defendant Kessler's denial to Admission No.7, is insufficient and **not** sufficiently specific. This request is relevant. Defendant true response to this requested admission, is very relevant to the substance of this case.

        8.    Defendant Kessler's denial to Admission No.8, is not sufficiently **specific**. The request is relevant.

        9.    Defendant Kessler's response to Admission No.11 is improper; **statements is general, evasive**; the response is not sufficiently specific **and misleading; statement** is general without any specific and insufficient. The Defendant failed to answer the requested Admission.

        10.    Defendant Kessler's to Admission No.12, is not a answer to the **requested admission**; the requested Admission is relevant. Defendant response **is insufficient and** misleading.

        11.    Defendant Kessler's response to Admission No.13 is improper; response **is not** sufficiently specific. The requested admission is relevant to the **substance of this case.**

        12.    Defendant Kessler's admittance to Admission No. 15, is **improper**,

evasive, false and misleading. The requested admission is relevant to the substance of this civil case.

13. Defendant denial to Admission NO.17, is not specific; as to the substance of the requested admission. The denial is not sufficiently specific.

14. Defendant Kessler's denial to Admission NO.18, is not sufficient specific; the request is relevant. Defendant denial is without specific and his statement is general.

15. Defendant Kessler's denial to Admission NO.19, is not sufficiently specific and duly relevant to this civil matter or admission; his response is duly relevant to this case.

16. Defendant Kessler's denial of Admission NO.20, is without specification and doesn't addresses the substance of the requested Admission, the requested admission is very relevant.

Plaintiff request that Defendant Kessler's, response to this letter, with the appropriate response, within 10 days, response should be in verification form and signed by the Defendant.

Respectfully,

Tyrone D. James,
CA 3131

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES            :
            Plaintiff,      :
                            :
    v.                      :      CIVIL ACTION NO. 1:01-CV-1015
                            :      (Police Case)
                            :      (Magistrate Judge Mannion)
DER COUNTY POLICE DEPARTMENT, :
BARRY A. REGAN, RICHARD PESHOORD, :   JURY TRIAL DEMANDED
RAYMOND B. GRUAL, GENE SCHUE, :
DET. KOSSLER, DET. WALKER,  :
BARRY HIPPS, DOLAN WESTMORELAND, :
and DETECTIVE GLIMKOWSKI    :
            Defendants,     :

CERTIFICATE OF SERVICE

I, Tyrone P. James, Plaintiff's pro se hereby certified that I on this day serving a true and correct copy to assigned counsel's, "Letter to undersigned counsel addressing Defendants Glimkowski, Kossler and Peshoord response to Plaintiff's Request For Admission; Please take Defendants Peshoord, as failed to respond to Plaintiff's Request For Admission as of this date," in the manner set forth below to the following, by placing said legal manila envelope, deposited into the institutional mail box, and handing over said documents to prison officials for mailing:

BY FIRST CLASS U.S. MAIL:

Jason C. Guintano                      Donald G. Dethack, Esq.
Attorney General Office                Law Office Of Donald G. Dethack
Commonwealth Of Pennsylvania           113 Dauphin Blvd., Suite 204
15th &Floor, Strawberry Square
Harrisburg, PA 17120

Carole J. McGraw
110 W.A. Street, Suite 1100
San Diego, CA 92101

I, certify under penalty or perjury, that the documents are true and correct pursuant to 28 U.S.C. § 1746.

Date: May

                          Tyrone P. James
                          GK 9451
                          P.O. Box 1
                          Bellefonte, PA 16823-0239

**Tyrone P. James**                     June 21, 2004
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

**Jason C. Giurintano**
**Attorney General Office**
Commonwealth Of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, PA 17120

RE: James v. York County Police Dept., Civil NO. 1:01-CV-1015

Dear Mr. Giurintano

     Plaintiff's received Defendants responses of "Plaintiff's Second Request
**For Interrogatories,"** ordered by the Court on May 4, 2004; and that Defendants
should respond in accordance with Rule 33, Federal Rule Civil Procedure.

     Please note, defendants responses are untimely.  Defendants made several
**objections in their response; defendants objections to request number 1 and**
**8 are improper,** and not sufficiently specific.  Plaintiff's requests sought,
are highly relevant, as it relates to information pertaining to a particular
kinds of complaints and allegations, as to any grievances, complaints, or prior
use of force, and does not relates to personnel records, such as medical data,
or information about their records of lateness, leaves and vacations, etc.

     Defendants objections to request 10,11,12 and 13 are improper and not
**sufficiently specific.  Furthermore, Defendants objections are waived as they**
failed to comply with Rule 33, Fed.R.Civ.P.; by failing to response in a timely
manner.

     Plaintiff's respectfully pray that Defendants respond to "Plaintiff's
Second Request For Interrogatories," by answering the request appropriately
and responding with Fourteenth (14) days, upon receipt of this letter, base
on court order.

     **Please Note,** Defendants counsel filed an "Defendants' Memorandum Of Law
**In Opposition To Plaintiff's Motion To Compel Discovery," on June 14, 2004;**
counsel should note that you send pleading to the wrong address, counsel was
**aware that Plaintiff's was at SCI-Rockview, not the York County Prison, where**
**counsel send pleadings.  Plaintiff's received Pleading on June 24, 2004, ten**
**(10) after.**
     days

                              Respectfully,

                              Tyrone James

                              **Tyrone P. James**
                              **EX 9451**

cc: Donald L. Reihart, Esq.
    **Tyrone P. James, (Plaintiff).**

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| YORK COUNTY POLICE DEPARTMENT, | : |
| JAMES B. WHEALAN, RICHARD PRUDDICORD, | : |
| RAYMOND E. GRUAG, GENE FELLS, | : |
| DET. KESSLER, CO. BAYLORG, | : |
| RANDY SIPES, BRIAN MESCHUREHAND, | : |
| and DETECTIVE GUTHZESKI | : |
| Defendants, | : |

CIVIL ACTION No. 1:01-CV-1015
(Judge Kane)
(Magistrate Judge Mannion)

JURY TRIAL DEMANDED

CERTIFICATE OF SERVICE

I, Tyrone P. James, Plaintiff Se, who do hereby certified that, I on this day serving a true and correct copy to assigned counsels, "Plaintiff's Answer in response to Defendants response to, "Plaintiff Second Request For Interrogatories, and Defendants Memorandum Of Law In Opposition to Plaintiff Mottion to Compel Discovery," in the manner set forth below by the following, by placing said legal manila envelope, deposited into the institutional mail box, and turning over said documents to prison officials for mailing:

BY FIRST CLASS U. S. MAIL:

Jason W. Shurincano
Attorney General Office
Commonwealth Of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, PA 17120

Carole J. Hogue
110 W.A. Street, Suite 1100
San Diego, CA 92101

Donald E. Reihart, Esq.
Law Office Of Donald L. Reihart
2015 Eastern Blvd., Suite 204
York, PA 17402

I, certify under penalty of perjury, that the foregoing motions are true and correct, to the best of my knowledge and belief, pursuant to 28 U.S.C. § 1746.

Date: June 21, 2004

Tyrone P. James
BX 9451
P.O. Box 1
Bellefonte, PA 16823-0820.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                           :
               **Plaintiff**   :
                           :      **No. 1:CV-01-1015**
    v.                               :
                           :      **(Judge Kane)**
YORK COUNTY POLICE                          :      **(Magistrate Judge Mannion)**
DEPARTMENT; AGENT JAMES H.                  :
MORGAN; DET. RICHARD                        :      **Electronically Filed**
PEDDICORD; DET. RAYMOND E.                  :
CRAUL; SGT. GENE FELLS; DET.                :
ANTHONY GLOWCZEWSKI; AGENT                  :
RANDY SIPES; and AGENT BRIAN                :
WESTMORELAND,                               :
              **Defendants** :

## CERTIFICATE OF SERVICE

I, Jason C. Giurintano, Deputy Attorney General for the Commonwealth of

Pennsylvania, Office of Attorney General, hereby certify that on June 14, 2004, I

caused to be served a true and correct copy of the foregoing document entitled

Defendants' Memorandum Of Law In Opposition To Plaintiff's Motion To

Compel Discovery by depositing same in the United States Mail, first-class

postage prepaid to the following:

Tyrone P. James, #62154              Donald L. Reihart
York County Prison                   Law Office of Donald L. Reihart
3400 Concord Road                    2600 Eastern Blvd., Suite 204
York, PA  17402                      York, PA  17402

                     **s/Jason C. Giurintano**
                     **JASON C. GIURINTANO**
                     **Deputy Attorney General**

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES                          :
            Plaintiff,                   :
                                         :        CIVIL ACTION NO. 1:01-CV-1015
        v.                               :        (Judge Kane)
                                         :        (Magistrate Judge Mannion)
YORK COUNTY POLICE DEPARTMENT,           :
JAMES H. MORGAN, RICHARD PEDDICORD,      :        JURY TRIAL DEMANDED
RAYMOND E. CRUAL, GENE FELLS,            :
DET. KESSLER, CO. BAYLARK,               :
RANDY SIPES, BRIAN WESTMORELAND,         :
and DETECTIVE GLOWCZESKI                 :
            Defendants,                  :

<u>CERTIFICATE OF SERVICE</u>

I, Tyrone P. James, Plaintiff's, pro se, hereby certified that, I am this day serving a true and correct copy to assigned counsel's, "Affidavit In Support Of Motion To Compel; Brief In Support Of Motion To Compel Discovery; Letters and Attachments," in the manner set forth below to the following, by placing said legal manila envelope, deposited into the institutional mail box, and turning over said documents to prison officials for mailing:

BY FIRST CLASS U.S. MAIL:

Jason C. Giurintano                      Donald L. reihart, Esq.
Pennsylvania Attorney General Office     Law Office Of Donald L. Reihart
15th Floor, Strawberry, Square           3015 Eastern Blvd., Suite 204
Harrisburg, PA 17120                     York, PA 17402

Kristin G. Hogue
State Of California, department Of Justice
Office Of Attorney General
110 West A Street, Suite 1100
P.O. Box 85266
San Diego, CA 92186-5266.

I, Tyrone P. James, certify that the foregoing are true and correct, , pursuant to 28 U.S.C. § 1746.

Date: June 25, 2004

                            Tyrone James.
                            Tyrone P. James
                            EX 9451
                            P.O. Box A
                            Bellefonte, PA 16823-0820.