FILED
HARRISBURG, PA

JUL 0 8 2004

MARY E. D'ANDREA, CLERK
Per _____RJN_____

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES
      Plaintiff,

v.

YORK COUNTY POLICE DEPARTMENT,
JAMES H. MORGAN, RICHARD PEDDICORD,
RAYMOND E. CRUAL, GENE FELLS,
DET. KESSLER, CO. BAYLARK,
RANDY SIPES, BRIAN WESTMORELAND,
and DETECTIVE GLOWCZESKI
      Defendants,

CIVIL ACTION NO. 1:01-CV-1015
(Judge Kane)
(Magistrate Judge Mannion)

JURY TRIAL DEMANDED

## MOTION FOR ENLARGEMENT OF TIME TO FILED RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

Plaintiff's Tyrone P. James, hereby moves this Honorable Court, for a motion for enlargement of time and avers to follows:

1. On May 4, 2004, This Honorable Court, Ordering Defendants to Conduct Deposition of Plaintiff; and that all remaining discovery in the instant action is to be completed by June 15, 2004.

2. On May 17, 2004, defendants filed "Notice Of Deposition;" Deposition was taken on May 25, 2004, at SCI-Rockview, Visiting Room, at or around 10:30 a.m.; by Jason C. Giurintano, defendants counsel and Court Reporter, Cynthia Riro Blough; from Sargent's Courts Reporting Service, Inc.; Deposition was done by tape-recording and by the Stenograher.

3. At the end of the proceeding; Plaintiff's requested a review of the deposition transcript, before certification and also a copy of said transcript.

4. Plaintiff's pursuant to Federal Rule of Civil Procedure, Rule 34, request the production of all transcript in the possession of the defendants, including Deposition.

5. On June 14, 2004, Sargent's Court Reporting Services, Inc., served upon defendants counsel, Jason Giurintano, Esquire, a copy of the Deposition Transcripts, taken on May 25, 2004, for counsel to forward said transcript,

to plaintiff's, to conducts any corrections.

6. On June 30, 2004, Plaintiff's was notified by the Superintendent Assistance, Mr. Jeffrey Rackovan, here at SCI-Rockview; that the deposition was forward to him, and it is in his possession. Arrangement was made for me to do corrections in counselor, Ms. Henico office. Due to the contents of the transcripts, and the time restrain and undue burden, place on a inmate here at SCI-Rockview; Plaintiff's was not able to complete corrections.

7. On July 2, 2004, Mr. Jeffrey Rackovan, made arrangement for me to complete corrections on the deposition transcript. The proper corrections was attempted and documents was handed over to Mr. Rackovan, the same day, for forwarding.

8. Plaintiff's had made requests through the U.S. Marshals Service, to served Subpoenas, on various of County and State Defendants Employer's; pertaining to their work history, in relation to prior misconduct, IAD Reports, Complaints filed by other arrestee, Grievances, other use of force, used against arrestee; mistreatment. Since Defendants made untimely objections and refused to turn over documents; and plaintiff's have made reasonable effort to obtained said documents, plaintiff's had no other alternative, but to served subpoenas. Also this court had refused to compel defendants to served full discovery. These documents are relevant to this case; the creditable of the defendants is crucial to the plaintiff's civil suit and any past use of police excessive force, is crucial. Plaintiff's is still waiting a response from the U.S. Marshals Office.

9. Neither the Defendants counsel, or the Court Reporter have made reasonable effort to contacts this plaintiff's in obtained a copy of the Deposition Transcript. This documents is relevant to defendants and the Plaintiff's civil suit.

10. Plaintiff's is indigent; proceeding in Forma Pauperis; and is unable to afford copy of this Deposition Transcript, which is relevant and crucial to the defendants defense and the Plaintiff's claims.

11. Plaintiff's have limited access to the Law Library, here at

SCI-Rockview; furthermore copying of legal documents are limited here; you have to leave all legal documents over night in order to get copy; plus if the law library is close on a Saturday, all day, you will have to wait until Tuesday afternoon, around 3:30 p.m. to pick up copy. The system here is Ancient. Rockview is without a V-Card copying machine; also there are no computerize West Laws systems, here at Rockview, to conduct fast and efficient legal research.

12. The Court as not yet decide on Plaintiff's Motion To Compel Discovery, to the Defendants response to plaintiff's "Request For Admission," and their untimely responses to, "Plaintiff Second Request For Interrogatories;" as to sufficiency of the Admission answers and relevancy of the discovery information requested. See Oppenhenimer Fund, Inc v. Sander, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978); Weiss v. Amoco Oil Co., 142 F.R.D. 311, 315 (S.D. Iowa 1992); La Chemise Lacoste v. Alligator Co., Inc., 60 F.R.D. 164, 171 (D.Del 1973); also see Nash v. Thielke, 743 F.Supp. 130 (E.D. Wis 1990). Federal Rule Of Civil Procedure, Rule 26(a).

13. In the interest of justice, relating to this civil matter, plaintiff's have demonstrate exceptional circumstances; that would warrant him an enlargement of time.

WHEREFORE, Plaintiff's pray that this Honorable Court grant an Enlargement Of Time, in this matter; subpoenas as not yet being served and defendants have have not served Plaintiff's with and copy of the Deposition Transcript. Plaintiff's can not adequately assist and maintained a arguable defense, if these transcript is not turn over; as it relates to his claims and the violation of his constitutional rights. This Honorable Court should order defendants to served Plaintiff's a copy of Deposition Transcripts.

Respectfully Submitted,

Date: July 6, 2004

*Tyrone James*
Tyrone P. James

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES<br>　　　Plaintiff,<br><br>v.<br><br>YORK COUNTY POLICE DEPARTMENT,<br>JAMES H. MORGAN, RICHARD PEDDICORD,<br>RAYMOND E. CRUAL, GENE FELLS,<br>DET. KESSLER, CO. BAYLARK,<br>RANDY SIPES, BRIAN WESTMORELAND,<br>and DETECTIVE GLOWCZESKI<br>　　　Defendants, | CIVIL ACTION NO. 1:01-CV-1015<br>(Judge Kane)<br>(Magistrate Judge Mannion)<br><br>JURY TRIAL DEMANDED |

### CERTIFICATE OF SERVICE

I, Tyrone P. James, Plaintiff's, pro se, hereby certified that, I am this day serving a true and correct copy to assigned counsel's, "Motion For Enlargement Of Time To Filed Response To Defendants Motion For Summary Judgment," in the manner set forth below to the following, by placing said legal manila envelope, deposited into the institutional mail box, and turning over said documents to prison officials for mailing:

BY FIRST CLASS U.S. MAIL:

Jason C. Giurintano
Pennsylvania Attorney General Office
15th Floor, Strawberry Square
Harrisburg, PA 17120

Donald L. Reihart, Esq.
Law Office Of Donald L. Reihart
3015 Eastern Blvd., Suite 204
York, PA 17402

Krintin G. Hogue
State Of California, Department Of Justice
Office Of the Attorney General
110 West A Street, Suite 1100
P.O. Box 85266
San Diego, CA 92186-5266.

I, Tyrone P. James, ceritfy that the foregoing are true and correct, pursuant to 28 U.S.C. § 1746.

Date: July 6, 2004.

　　　　　　　　　　　　　　　　　　　　Tyrone James
　　　　　　　　　　　　　　　　　　　　Tyrone P. James
　　　　　　　　　　　　　　　　　　　　EX 9451
　　　　　　　　　　　　　　　　　　　　P.O. Box A
　　　　　　　　　　　　　　　　　　　　Bellefonte, PA 16823-0820.

Tyrone P. James July 2, 2004
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

The Sargent's Group
Sargent's Court Reporting Services, Inc.,
210 Main Street
Johnstown, PA 15901

Dear Ms. Cynthia Piro Slough:

On May 25th, 2004, you conducted a Deposition hearing, at SCI-Rockview, along with counsel Jason C. Giurintano, at or around, 10:30 a.m.

On June 14, 2004, you forward the deposition transcripts to Jason C. Guirintano, at the Office Of The Attorney General, Litigation Section, Strawberry Square, Harrisburg, Pa 17120. The Transcript was later forward to SCI-Rockview, to the Superintendant Assistance, Mr. Jeffrey Rackovan, to make arrangement for corrections of said transcripts. I completed the corrections on July 2, 2004, after several arrangement was made, by Mr. Rackovan.

I am requesting a copy of this Deposition Transcript. Please provide me with any necessary information on how I can obtain said copy, of this transcripts. Please note that Plaintiff's is indigent and proceeding in forma pauperis.

I thank you in advance for your cooperation in this matter. This deposition transcripts is very relevant to this civil matter. Your expeditious service would be highly appreciated. Again thank you.

 Sincerely,


 Tyrone P. James,
 EX 9451

cc: Jason C. Giurintano, Esquire
 Tyrone P. James, (Plaintiff)
 U.S. Clerk Of Court, Middle District Of Pennsylvania, Harrisburg.
 Donald L. Reihart, Esquire.

Name: Tyrone James
Number: EX6451
Box A
Bellefonte, Pa. 16823

INMATE MAIL
PA DEPT OF
CORRECTIONS

Legal Mail

Clerk of The Court
United State District Court
For The Middle District of Pennsylvania
228th Walnut Street
P.O. Box 983
Harrisburg, PA 17108

17108+0983 11