FILED
HARRISBURG, PA

JUL 1 5 2004

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES
      Plaintiff,

  v.

YORK COUNTY POLICE DEPARTMENT,
JAMES H. MORGAN, RICHARD PEDDICORD,
RAYMOND E. CRUAL, GENE FELLS,
DET. KESSLER, CO. BAYLARK,
RANDY SIPES, BRIAN WESTMORELAND,
and DETECTIVE GLOWCZESKI
      Defendants,

CIVIL ACTION NO. 1:01-CV-1015
(Judge Kane)
(Magistrate Judge Mannion)

JURY TRIAL DEMANDED

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS QUESTION IN DISPUTE

1.   Plaintiff's was convicted by a jury; with only one black member jury, from the entire Jury Pool; from a racially divided community, in York, County; therefore not of his peers.   On February 19, 2001, the Clerk of Court, Maryln Holtzapple, obstructed justice, when he failed to served Plaintiff's an Court Order, handed down, by Judge Thompson, Common Pleas Court, York County, for this pro se, Plaintiff's to comply with a Pa.R.App.P., Rule 1925(b) Statement. This reaction came from retaliation, because this, pro se, Plaintiff's brought § 1983, action against State Employees.   On February 19, 2001, Order was served by Mr. Marlyn Holtzapple, to the District Attorney's Office, Worrell Nero, Esquire, and Superior Court Of Pennsylvania. (See  Plaintiff's Exhibits 1A-1F; Certified copy of letter, send to the Clerk of Court; and Docketing Statements). All issues on direct appeal were waived, because of Mr. Marlyn Holtzapple deficiency, in obstructing justice.

2.   Defendants Stated that Law Enforcement officer intercepted nine (9) pounds of Marijuana in an box addressed to Plaintiff's rented mailbox at Mail Box Etc., located at 2536 Eastern Boulevard in York Pennsylvania; on the contrary, it was noted in the Affidavit Of Probable Cause, dated, January 10, 2001, sworn to by Defendant Crual and Morgan, "that a Spanish lady drop off the package, in California.   It was further noted in Defendant Sipes

Investigation Report; that Mail Box Etc., Clerk, Riverside California intercepted said package. (See Plaintiff's Exhibits 2,3A,3B,3C, and 3D). In disputes are whether law enforcement intercepted package or Mail Box Clerk, did intercepted package, has claim by Defendant; whether there was a valid search and arrest warrants to even detained Plaintiff's; and whether the seizure of is Private Mail Box, by placing a "make shift Box", without a warrant and the unlawful seized of his person was justified. There was no United Parcel Service Delivery of Drug, to Plaintiff's mail box, and no contraband was found at Plaintiff's mail box; contrary to, Defendant Craul sworn Affidavit Of Probable Cause. No Drug was found at Plaintiff's, private mail box to initiate a lawful arrest. Plaintiff's maintained a legitimate, legal affair with Mail Box Etc., and other business entity. (See Plaintiff's Exhibit 7A).

3. Defendant stated that Plaintiff's was arrest on January 10, 2001; while he was retrieving the Box he believed contained illegal drugs. On the contrary, Plaintiff's had no knowledge of the contents, of a closed parcel, shipped to his establishment, from another Business; or that the contents of the Box contained illegal drugs. Said package was placed at plaintiff's private mail box, by Defendants. Plaintiff's was of the believe that the package contain Business Product, note Beauty Products, from other Business establishment. Make Shift Box was addressed by Defendants, and not from a Business, only Defendant know the Contents of that make shift make; because they replicated said box and placed it at plaintiff's mailed box. Plaintiff's do not have a X-Ray visions to know what is mail to him in a seal container.

4. Defendants stated more specifically, Plaintiff's retrieved the box from the clerk inside, and upon existing; the law enforcement officers approached Plaintiff's, who dropped The box and run. On the contrary, Law Enforcement, specifically Morgan and other, placed the make shift box, at Plaintiff's, private mail box without a warrant; order to request Clerk Terissa Mccoy, to placed slip into Plaintiff's mail box, to notified this Plaintiff's of the package, and for him to pick it up. Defendant Morgan, give Clerk Terisa

Mccoy, his cell phone number, and order her to calls him, as soon as, Plaintiff's pick up make shift package.  Upon Plaintiff's retrieving said package from a clerk Neil, and existing the Mail Box Etc., law enforcement officer and agents, came running toward Plaintiff's; without identifying themselves as police officers.  They were all in plain clothes!  **Plaintiff's never run from these Defendants or resisted arrest.**  It was clear that Plaintiff's was intentionally and deliberately **Hit** by a **Van** driven by Defendant Glowczeski's, that was **moving** at that time it hit Plaintiff's.  Plaintiff's was tackle, trample, handcuffed, and stepped upon by these Defendants, Morgan, Westmoreland, Peddicord, Craul, Kessler.  Plaintiff's personal property, was confiscated by Defendant Peddicord.  Defendant Morgan's approached Plaintiff's approached Plaintiff's and began Interrogation, without, Mirandarizing Plaintiff's.

Defendants further stated that "after a brief chase," Plaintiff's was taken into custody.  (sworn Affidavit Of Probable Cause of Defendant Craul); lead to this Honorable Court to believe that Plaintiff's was evading these Defendant.  On the contrary, Plaintiff's never ran or tried to evade these Defendants.  There was no chase.  this Court should note, "Defendants have on, no Police uniforms; furthermore, they were all in plain clothes.  (See Ms. Terrisa Mccoy note of testimony, from trial court, dated November 12-15, 2001. Plaintiff's Exhibit 16A).  Plaintiff's never ran from Defendants or resisted arrest.  Defendants never identify themselves as Police Officers.  Plaintiff's moved back to the Mail Box Etc., in fear of his life and great bodily injury from these Defendants, who looked like "thugs" can running towards him.

5. Plaintiff's was hit by a **Moving Van** driven by Defendants Glowczeski's has he was heading back to the Mail Box Establishment; the compact threw Plaintiff's to the ground, where he was tackle, trample upon, handcuffed, and stepped upon by Defendants.  Plaintiff's sustained serious back injury; bruises; Headaches; weight loss; stress and anguish; great mental trauma; Psychological

problems; and because of this lead to High Blood pressures.

6. As to Defendants Statements Of Material Facts, question 10. Plaintiff's dispute the facts that, if it wasn't for Defendant Morgan, Peddicord, and Craul sworn oral statements, and Affidavit of Probable Cause, which was tainted, as to Drug being into the State of Pennsylvania, when there wasn't any contraband, at the time Plaintiff's was arrested; the District Justice Leppo and Haskell, would not have made that determination to access Plaintiff's with a $2.5 million, "No Cash" Bond; and issued something more reasonable and appropriate, relating to the circumstances surrounded this case. Defendants Peddicord, Craul and Morgan, played an significant role and influences in the setting of Bond.

7. Defendants avers, that Plaintiff's Complaint acknowledge that his for search and seizure violations are for injuries "suffered due to detention." From the Face of this Complaints, filed by this Pro se, Plaintiff's clearly that plaintiff's suffered from this unlawful search; which result in the physical use of force, which inflicted pain, causing truama, negligent on the Defendant; lose of his business. Defendants entrapped Plaintiff's, by placing a make shift package at his private mail box without a warrant; where plaintiff's maintained a legitimate expectation of privacy. Due to the unlawful seizure, he has loses his business; wife and children; and great bodily harms, from his encounter with Defendants, and the Van.

8. Plaintiff's was placed in the Segregation Unit, at the York County Prison, without any medical care, from January 10 through January 12, 2001.

9. Plaintiff's Complaint to Prison Medical Staffs, about his medical needs and back pains; furthermore, Plaintiff's continued psychiatrict treatment, while at the York County Prison, from the time of his arrest and detention, until he was transfered to SCI-Camp Hill, on March 14, 2002.

10. All Medical Records, are secure at the York County Prison; SCI- Camp Hill and SCI- Rockview.

11. Defendant present no search warrant or arrest warrant, for Plaintiff's private mail box, located at Mail Box Etc., 2536 Eastern Boulevard, York, PA 17402; which initiated the unlawful arrest; and resulted in the use of excessive force, causing harm to this Plaintiff's physical being.

For the reason stated in the brief submitted, with this motion, these dispute facts establish that Defendants, Morgan, Westmoreland, Peddicord, Craul, Kessler, Glowczeski and other Defendants, violated his constitutional rights and denied him right to the due process of law. Accordingly, I am entitled to summary judgement on all constitutional claims raised.

Tyrone James declares under penalty of perjury; pursuant to 28 U.S.C. § 1746, I declare under penalty of purjury that the foregoing is true and correct.

Respectfully Submitted,

Date: July 12, 2004.

Tyrone P. James

EX 9451
P.O. Box A
Bellefonte, PA 16823-0820