EXHIBIT 12A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES,<br>           Plaintiff<br><br>v.<br><br>YORK COUNTY POLICE DEPARTMENT; AGENT JAMES H. MORGAN; DET. RICHARD PEDDICORD; DET. RAYMOND E. CRAUL; SGT. GENE FELLS; DET. ANTHONY GLOWCZEWSKI; AGENT RANDY SIPES; and AGENT BRIAN WESTMORELAND,<br>           Defendants | No. 1:CV-01-1015<br><br>(Judge Kane)<br>(Magistrate Judge Mannion) |

### DEFENDANT MORGAN'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

1. Mr. Morgan, On January 9 and 10, place a make shift package at plaintiff [sic] mail box, 2536 Eastern Blvd., York, Pa. 17402, for plaintiff to retrieved [sic].

**RESPONSE:** Admitted.

2. On January 10, 2001, did you arrest plaintiff, at the Kingston Square Center, York Pa. 17402.

**RESPONSE:** ADMITTED in part and denied in part. It is admitted that Defendant Morgan took part in the arrest on January 10. Since this question seems to imply that Morgan was the only person who was involved in the arrest, it is DENIED in part, since others were officers involved in the arrest also.

3. Did you identify yourself as [sic] police offices [sic] or agents upon approaching plaintiff existing [sic] from Mail Box Etc.

**RESPONSE:** Admitted.

4. Were you in plaint [sic] clothes, on January 10, 2001, conducting surveillance at the mail box etc., Kingston Square Center.

**RESPONSE:** Admitted.

5. Defendant read plaintiff his Miranda warning at the vehicle.

**RESPONSE:** Admitted.

6. The Plaintiff tackle [sic] plaintiff to the ground on January 10, 2001 at the Kingston Square Center.

**RESPONSE:** Denied.

6. [There are two request for admissions marked #6.] Detective, Glowczeski, was the driver of the vehicle driven, that hit and escorted plaintiff, on January 10, 2001, in the Kingston Square Center, York County, to the York County Police Department.

**RESPONSE:** OBJECTION. Defendant objection to the phrase "hit and escorted Plaintiff" as it suggests that a vehicle hit the Plaintiff. No vehicle hit the Plaintiff.

7. Agent Morgan question [sic] plaintiff, has [sic] to the content of the fake package, planted by them at the Mail Box Etc.

2

**RESPONSE:**     Denied.

8.  Did you Mirandarized [sic] and question plaintiff, at the York County Police Department, on January 10, 2001.

**RESPONSE:**     Denied. Plaintiff was Mirandized at the police van earlier in the day.

9.  Mr. Morgan, did Plaintiff requested [sic] counsel, and the used [sic] of a phone to contact counsel.

**RESPONSE:**     Denied.

10. Plaintiff [sic] Lawyer Network Card, was taken out of his property by you and destroyed, after his repeated request to contact counsel.

**RESPONSE:**     Denied.

11. Defendant contacted several Mail Box Etc., using the contents of plaintiff [sic] personal property, impersonating this plaintiff as being the plaintiff inquiring as to any delivery to his box.

**RESPONSE:**     Denied.

12. Had anytime, Agent Brian Westmoreland, ordered you to release plaintiff, Tyrone P. James, from custody, while you had him detained at the York County Police Department, on January 10, 2001.

**RESPONSE:**     Admitted in part and denied in part. It is admitted that Westmoreland discussed releasing Plaintiff. It is denied that Westmoreland

3

"ordered" the releasing of Plaintiff. By way of further explanation, District Attorney Graff, the drug prosecutor, advised Westmoreland and myself to keep him.

13. Mr. Morgan, was [sic] you ever verbally abusive languages [sic], toward plaintiff, by saying on several occasions, while he was at the York County Police Department, that, "This, is a big case for you, and that you will be published in the York County Daily News, and that you will frame it on your wall;" that, "It will be a long time before plaintiff have [sic] sex with his wife, or he will get any "Pussy," after he is finished with him," and That, "He his [sic] going to arrest plaintiff [sic] wife, lock both of them up in prison and our children will be placed in a Faster [sic] home, and be warded a ward of the State."

**RESPONSE:**   Denied.

14. During your employment at the York County Police Department, and State Attorney General Office, have you ever discriminate [sic] against people of any race, color, or origin, specifically Black male people.

**RESPONSE:**   Denied.

15. Agent Morgan on January 9 and 10 give the make shift package, to a U.P.S. Driver, to be delivered at plaintiff [sic] mail box, 2536 Eastern Blvd., York, PA 17402.

**RESPONSE:**   Admitted.

4

17.   [There is no request #16]  On January 10, 2001, did you filed [sic] charges or filed [sic] criminal complaint against plaintiff's [sic] Tyrone James.

**RESPONSE:**   Admitted.

18.   Mr. Morgan, did you obtained [sic] an arrest warrant, and search warrant to enter plaintiff [sic] mail box, to placed [sic] make shift box, or to arrest plaintiff.

**RESPONSE:**   ADMITTED in Part and DENIED in Part.  It is ADMITTED that arresting officers were in possession of a valid search warrant for the Plaintiff's mailbox as well as a valid arrest warrant for Plaintiff in January of 2001, both of which were provided to Plaintiff in his Request for Production of Documents.  The question is DENIED in part because it is ambiguous, and does not indicate if the word "you" refers to Morgan personally, or all the arresting law enforcement officers.

19.   Mr. Morgan, have you ever, instructed, Prison Guard [sic], "Not to give plaintiff any phone calls pending investigation," while he was at admission at the York County Prison on January 10, 2001.

**RESPONSE:**   Admitted in part and Denied in part.  It is denied in part because the question infers that Plaintiff was not afforded the opportunity to call his attorney, which he was.  It is admitted in part because Plaintiff was not allowed

5

to make unlimited calls during an active investigation because he may tip off other people about the investigation.

20.  Was there any contraband in the State of Pennsylvania, on January 10, 2001, at the time and place of plaintiff [sic] arrest.

**RESPONSE:**  OBJECTION. Defendant Morgan Objects to this questions because it is ambiguous. Morgan is unaware if there was any contraband in the state of Pennsylvania on the time and place of his arrest.

21.  Did you at any time denied [sic] plaintiff access to a phone call to contact his counsel or family.

**RESPONSE:**  Objection: Defendant objects to this request for admission on the grounds that it is not a request for admission. Without waiving this objection, Defendant denies ever denying Plaintiff opportunity to make a phone call.

22.  Are you still a member of the State Attorney General Office, Drug Enforcement.

**RESPONSE:**  Denied.

23.  It is routine and established practice for the State Attorney General Office to terminate individual [sic] who violated the law and abuse his fiduciary duties and possession, as a member of the State Attorney General.

**RESPONSE:**    OBJECTION. Defendant Morgan does not have sufficient knowledge to respond to this question, since he is not in a policy making position in the Office of Attorney General.

24.    Was [sic] you terminated for disciplinary reasons.

**RESPONSE:**    Denied.

24.    [This is the second request #24] State your present Job status and possession.

**RESPONSE:**    OBJECTION. Defendant Morgan objects to this request as irrelevant and not reasonably calculated to lead to the discovery to admissible evidence. Mr. Morgan's financial/employment status is not relevant to this action.

25.    Have you every [sic] been charge [sic] of [sic] convicted of a crime, or charge [sic] with perjury.

**RESPONSE:**    Denied.

                Respectfully submitted,

                **GERALD J. PAPPERT**
                **Attorney General**

By: _____
                **JASON C. GIURINTANO**
                **Deputy Attorney General**
                **I.D. No. 89177**

**Office of Attorney General**        **SUSAN J. FORNEY**

Civil Litigation Section  
15th Floor, Strawberry Square  
Harrisburg, PA 17120  

Date: April 15, 2004

Chief Deputy Attorney General  
Chief, Litigation Section  

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES,<br>    Plaintiff<br><br>v.<br><br>YORK COUNTY POLICE DEPARTMENT; AGENT JAMES H. MORGAN; DET. RICHARD PEDDICORD; DET. RAYMOND E. CRAUL; SGT. GENE FELLS; DET. ANTHONY GLOWCZEWSKI; AGENT RANDY SIPES; and AGENT BRIAN WESTMORELAND,<br>    Defendants | No. 1:CV-01-1015<br><br>(Judge Kane)<br>(Magistrate Judge Mannion) |

## CERTIFICATE OF SERVICE

I, Jason C. Giurintano, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on April 15, 2004, I caused to be served a true and correct copy of the foregoing document entitled Defendant Morgan's Response to Plaintiff's Request for Admissions by depositing same in the United States Mail, first-class postage prepaid to the following:

Tyrone P. James, EX-9451　　　　　　　Donald L. Reihart
SCI Rockview　　　　　　　　　　　　　　3015 Eastern Boulevard
P.O. Box A　　　　　　　　　　　　　　　York, PA  17402-3026
Bellefonte, PA  16823

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　JASON C. GIURINTANO
　　　　　　　　　　　　　　　　　　　　　　Deputy Attorney General