IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES
    Plaintiff,

v.

YORK COUNTY POLICE DEPARTMENT,
JAMES H. MORGAN, RICHARD PEDDICORD,
RAYMOND E. CRUAL, GENE FELLS,
DET. KESSLER, CO. BAYLARK,
RANDY SIPES, BRIAN WESTMORELAND,
and DETECTIVE GLOWCZESKI
    Defendants,

CIVIL ACTION NO. 1:01-CV-1015
(Judge Kane)
(Magistrate Judge Mannion)

JURY TRIAL DEMANDED

FILED
HARRISBURG, PA

JUL 21 2004

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

## PLAINTIFF'S RESPOND OPPOSING DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND SUPPLEMENTAL BRIEF.

### I. STATEMENT OF THE CASE

d    This pro se Plaintiff's, Tyrone P. James, brought action pursuant to 42 U.S.C. § 1983, seeking damages: Declaratory relief; Punitive damages; Compensatory relief; in violation of his constitutional rights, under the Fourth, Fifth, Sixth, Eight and Fourteenth Amendment; Due Process and Equal Protection; Deliberate Indifference; base on the use of excessive force; unlawful search and seizure, of his person and property; failure to give Miranda Warning; Denial of counsel; unlawful detention; and Excessive Bond. On April 9, 2004, Defendants filed a Motion for Summary Judgment and Supporting Brief. On July 6, 2004, Plaintiff's received a Supplemental Brief In Support Of Defendants' Motion For Summary Judgment, with uncertified and uncorrected Deposition Transcripts; in the Institutional Mail. Plaintiff's filed Brief In Opposition of Defendants Motion To Summary Judgment, Appendix, and Affidavit In Support. Defendants, by way of undersigned counsel, Jason C. Giurintano, and the Court Reporter, hired by Defendants, have failed to provide reasonable mean, for Plaintiff's to comply with this Court Order, dated, May 4, 2004, Order; and are in violation of Federal Rule Of Civil Procedure, Rule 26, 30(f) and 56(f), relating to Discovery Rule and Summary Judgment. Plaintiff's hereby

1

filed this respond opposing Defendants, supplemental Brief.

## II. STATEMENT OF FACTS

Plaintiff respectfully set forth the Facts of this case in his original Complaint; Brief in Opposition to Motion to Dismiss; Brief In Opposition To Defendants Summary Judgment; Statement Of Material Facts Questions In Dispute; Apprendix In Support Of Plaintiff's Opposition Motion For Summary Judgment; and Declaration In Support.

## QUESTION PRESENTED

**THE UNDISPUTED MATERIAL FACTS REVEAL THAT DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AS TO THE FOURTH AMENDMENT EXCESSIVE FORCE CLAIM BECAUSE THE DEFENDANT HAD QUALIFIED IMMUNITY.**

**Suggested answer: No.**

The Defendants claimed that Plaintiff failed to state a claim on which relief can be granted. The Defendants claim that there action are reasonable and in compliance with police procedure. The Defendants claim that Plaintiff's made frivolous allegations that he was subjected to excessive force while being arrested, and refuted the fact that plaintiff's was never hit be a government vehicle, but only run into the Van. There when on to Disputes the facts that the vehicle was not moving, when they hit Plaintiff's. They when on to allege that Plaintiff's was running, or fleeing from them and that, they Identified themselves as police officers; even through they was all in plain clothes. The Defendants, undersigned Counsel, Jason C. Giurintano, requested deposition from this Plaintiff's with the intention to elicit incrimination statements from this plaintiff's; misconstrued the deposition process, not to hear the truth, but to twist the facts, to mislead this Honorable Court. His intention was not civil, but a violation of professional conduct, as a officer of the Court. Counsel submitted, Deposition transcripts, without given Plaintiff's the opportunity to correct, said Deposition Trancripts. Has this Plaintiff's has stated in his, (Complaints; Declaration in Support; Affidavit) and as it is clear from the, (Note of Testimony in Plaintiff's Appendix, by Clerk Terisa Mccoy, and Defendant Westmoreland; Defendants Interrogation and Admissions),

2

Plaintiff's never run, or resisted an arrest. Plaintiff's never was charged with resisting an arrest. The Disputed fact is, "if the shoes, was on this other foot," and this Plaintiff's used a vehicle to intentional and deliberately hit one of these Defendants, he would had been charge with assault, on a peace officers, furthermore, I would had probably be charged with assault. The records, clearly state, that, Plaintiff's was never charge with resisting arrest. If Plaintiff's was fleeing or fighting with these Defendants, the record would clearly stated so. These Defendants placed a "Make shift Package at Plaintiff private mail box; then alleged, that, "Plaintiff's knew, it was "Marijuana;" (Note See, Defendant Westmoreland Note Of Testimony, submitted, in Plaintiff's Appendix, stating that he himself didn't know there was no marijuana, in the make shift box, that was placed at plaintiff's mail box, and was never informed by Defendant Margon), without a warrant; waited until Plaintiff's retrieved such make shift packages, he though was regular mail, shipped to him from a business; and upon him exiting the building, was approached by Defendants Westmoreland, Morgan, Craul, Peddicord, and Kessler; Defendants failed to identified themselves as police officers, and came running towards Plaintiff's; who in fear of great bodily injury, and harm, moved back towards the Mail Box Etc., from these "Thugs" looking Defendants; when he was suddenly <u>Hit</u> by a moving Government vehicle, driven by Defendants Glowczeski's; thrown to the ground; where he was tackle, handcuffed, trampled and stepped upon, by the Defendants. Plaintiff's person and property was seized. His person property taken from his pocket, and searched by Defendant Peddicord, Crual and Morgan. Defendants Morgan approached plaintiff's and without Mirandarized him, blurted out to Plaintiff's, asking him, "Did you know it was marijuana, inside the package." Plaintiff's was taken to the York City Police Department, where he was, interrogated, and denied his Sixth and Fifth right to counsel. Never once did any of the Defendant offered to take Plaintiff's to the Hospital, to see if he had sustained any injuries from the impact of the Van, or them trampling and stepping upon this Plaintiff.

3

Plaintiff's suffered severe injuries from this impact and confrontation with these Defendants. Plaintiff's complainted to Medical Staff's about his severe Back pain, Headaches, and Bruises, at the York County Prison. Plaintiff's Blood Pressure has risen; furthermore, the impact have inflicted pain, given rise to lose of sleep, weight losses, and mental and emotional stress, anguish. Plaintiff's is undergoing psychological treatment, and had been seen by Psychiatrist staffs member throughout his whole incarceration. Plaintiff's have been taken medications.

Counsel Jason C. Giurintano, Deposition Hearing, held here at SCI-Rockview, on May 25, 2004; is misleading and his only motive was to elicit incriminating information, irrelevant to the facts of this case; but to misguide and mislead this Court.(See Defendants Supplemental Brief. page 3 ¶ 2). Plaintiff's requested counsel to represent him in this deposition matter, which this Court denied; Plaintiff's had past experience with the Defendants, as to their inconsistent statements during trial, where they have committed perjury, and there undersigned counsel; seeking to justified and cover up, their wrong, in the constitutional violation of this Plaintiff's constitutional rights.

The Defendants when on to used the Uncorrected Defendant Transcripts, to support their claims, for Quality Immunity, stating that Plaintiff's existed Mail Box Etc., and then spotted law enforcement officers. Plaintiff's fled from them on foot and was apprehended shortly thereafter in the parking lot. Plaintiff's in his, Declaration In Support, Materials Facts and Affidavit, stated that, Defendants never identified themselves a Police officers; neither did he run or fight with Defendant. Plaintiff's avers that he was hit by a Van driven by Defendant Glowczeski's, thrown to the ground; when he was tackle by the Defendants an thrown to the ground, handcuffed, trample upon and stepped upon. Once Plaintiff's was on the ground, he made no attempt to get up. Defendants trampling and stepping upon Plaintiff's, were unreasonable, because at no time did he resisted arrest. Plaintiff's sustained injuries, which was reported and documented by Prison Medical Staffs, from January 10, 2001, until

4

present. Furthermore, Plaintiff's take medication for back pain and headaches, where he suffered excruciating pain. Defendant Counsel came to Plaintiff's as "Wolf in sheep clothing," to elicit and twist the truth; and to mislead this Court. Defendants arrest of Plaintiff's, was unreasonable, and violated his constitutional right the to be free from unreasonable search and seizure, and excessive force. Counsel, claimed that, "Plaintiff admits Defendants did not injured the Plaintiff's, save the current conditions of high blood pressure, loss of weight and back pain which he now suffers;" is misconstrued, misleading this Court and taken out of context. Plaintiff's suffered tremendous harm, from the impact of the vehicle, Defendants used to apprehend, Plaintiff's and then used physical force, that subsequently followed, against him; then covered up their action, by not taking this Plaintiff's to an Hospital, following his impact with the van and they using physical, in the process, of effectuating the arrest. That was the reason Defendant Morgan, didn't want Plaintiff's to contact his Attorney, when Plaintiff's requested. None of the Defendants Police Reports, ever stated that Plaintiff's was hit with a Government Van; which is very significant in this case. (See, Appendix; Defendant Answer to Interrogatories and admission). Defendants conduct, deems intentional unreasonable and not within proper Police Procedure, as it relates to <u>Interdiction and effectuating an arrest.</u> This is blatant police misconduct. Counsel question and opinion, is with prejudice, embellishing the story, to fit the Defendants wrong doing; lead to believe, he is no different than the Defendants; "Birds of a feather flock together."

Plaintiff's was not uncooperative; plus the intrusion was more physical, than counsel lead this Court to believe; which this Plaintiff's still suffer, back pain and headaches, from this brutal; not to say, his mental, emotional and psychological disabilities.

    In order to establish that use of face to effect an arrest was reasonable and therefore a violation of the Fourth Amendment, plaintiff must establish that the government interests at stake were outweigh by "the nature and quality of the intrusion on [Plaintiff's Fourth Amendments interest." <u>Graham v. Connor</u>,

490 U.S. 396, 109 S.Ct 1865 104 L.Ed.2d 443 (1989). In other words the factfinder must determine whether, in light of the totality of the circumstances faced by the arresting officer, the amount of force used was objectively reasonable at the time. Id at 397, 109 S.Ct. 1865. The inquiry therefore "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses a immediate threat to the safety of the officers or others and whether he is active resisting arrest or attempting to evade arrest by flight." Id at 396, 109 S.Ct. 1865. Given the fact specific nature of the inquiry, granting summary judgment against a plaintiff on an excessive claim is not appropriate unless no reasonable factfinder could conclude that the officer's conduct was objectively unreasonable; see O'Bert v. Vargo, 331 F.3d 29, 37 (2d Cir. 2003); Nelson v. Jashurek, 109 F.3d 142 (3rd Cir. 1997); Simpson v. City Of Pickens, 887 F.Supp. 126 (S.D. Miss. 1995); Amnesty America v. Town Of West Hartford, 361 F.3d 113 (2nd Cir. 2004). There was no exigent circumstances; plus Plaintiff's was not arms and dangerous; resistin arrest or eluding Defendants. Therefore the force use was unreasonable; furthermore, the arrest was unlawful.

To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, Plaintiff's must show that a "seizure" occurred and that it was unreasonable. Estate of Smith 318 F.3d at 515 (quoting Abraham v. Raso, 183 F.3d 279, 288 (3d Cir 1999); Groh v Ramirez, 540 U.S. 124 S.Ct. 1284, 2004 WL.330057, slip op. at 12 (U.S. Filed Feb 24, 2004); Bartholomew v. Pennsylvania 221 F.3d 425, 428 (3d. Cir. 2000). The constitution violation at issue here arise from Plaintiff's Fourth and Fourteenth Amendments and the unlawful seizure, of his person, resulting in the used of excessive force. The Fourth Amendment (as incorporated into the Fourteenth) furnishes the "explicit textual source" for the constitutional protection against unlawful searches and seizures; the Court look to it rather more general notions of due process, in analyzing the claim of constitutional violation. Albright v. Oliver 510 U.S. 266, 273, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994).

6

Defendant Counsel failed to submits to the Court, the corrections and certified copy of the Depostion transcript; furthermore counsel took plaintiff's testimony out of context, trying to mislead this court, claiming that plaintiff's claimed, that, "He was never injured and did not seek any medical attention at the time of the arrest; and that the causation resulting from these current ailments, of which Plaintiff's has provide no documnetary evidence, is at best attenuated from an arrest which occurred on January 10, 2001." Counsel when on the state, that, "Plaintiff's has no evidence of any of those injuries occurring when he was initially arrested, and the caused them." This Court should note, that Defendants initiated this illegal arrest, used a Van to hit plaintiff's, trampled handcuffed him and stepped upon him, then turned around transport Plaintiff's to the York City Police Department; Defendant Westmoreland, did attempt to see if this Plaintiff's was OK! but Defendant Morgan, continued to detained Plaintiff's by locking him up in a cell; and refused to give him any outside contacts, not even to his, attorney. Plaintiff's was placed in the Segregated Unit, at the York County Prison. Probable at the request of Defendant Morgan, who instructed prison official not to give plaintiff's any phone call pending investigation." Who to say, Defendant Morgan, did not informed them to placed plaintiff's in the segregation unit. This Court should note, that Plaintiff's report all ailments to prison medical staffs, who are in possession of these record. Defendants counsel Jason C. Giurintano, claims that Plantiff's injuries could have been caused by any number of factors, including age poor diet habits, none of which is related to the alleged excessive force arrest; is absurd. Counsel is very insenitive, in regard to this Plaintiff's Medical needs, Furthermore, this plaintiff's is still a young man, always had a good and healthy habits, when it can to eating habits, who visited his doctor on a regular basis, when he was home, and received good result from each visit. Plaintiff's only started feeling excruiating back pain, and extensive headaches, weight loss, after he came in contact with Defendants, who Hit Plaintiff's with their vehicle,

7

trample and stepped upon him, with their shoes all over his back pressing on Plaintiff's. Plaintiff's never ran, fight or resisted an arrest. At no time Plaintiff's was free to leave to seek medical care.

Plaintiff's has avers a constitutional violation of his constitutional rights. Section 1983 provide a remedy for deprivations of rights established else-where in the Constitution or Federal Laws. Estate of Smith v. Marasco, 318 F.3d 497, 505 *3d Cir.2003); Kneipp, 95 F.3d at 1204.

Qualified immunity is intended to shield government officials performing discretionary functions, including police officers, "from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). A defendant has the burden to establish that he is entitled to qualified immunity. See Beers-Capital v. Whetzel, 256 F.3d 120, 142 n. 15 (3d Cir. 2001). Defendants has failed to establish any proofs, only to relied on Plaintiff's uncorrected, uncertified, Deposition Hearing. This Court should review the disputed and undisputed facts, presented to this Court. See (Defendants answers of Interrogatories, and Admission; Plaintiff's Apprendix; and other facts before this Court).

The Supreme Court held in Saucier v. Katz, 533 U.S, 194, 121 S.Ct 2151, 150 L.Ed.2d 272 (2001); Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 94 L.Ed.2d 523 (1987), that a ruling on qualified immunity must be undertaken using a two-step inquiry. See id, at 200-01, 121 S.Ct. at 2155-56. First, the court must consider whether the facts alleged, taken in the most favorable to the plaintiff, show that the officer's conduct violated a constitutional right. See id, at 201, 121 S.Ct. at 2156; S.G. ex rel. A.G. v. Sayreville Bd. of Educ., 333 F.3d 417, 420 (3d Cir. 2003) (When an individual defendant in a section 1983 action claims he is entitled to qualified immunity, "our first task is to assess whether the plaintiffs allegations are sufficient to establish the violation, of a constitutional or statutory right at all.")

8

(quoting Gruenke v. Seip, 225 F.3d 290, 298 (3d Cir. 2000). "If the plaintiff fails to make out a constitutional violation, the qualified immunity inquiry is at an end; the officer is entitled to immunity". Bennett v. Murphy, 274 F.3d 133, 136 (3d Cir. 2002). If, however, "a violation could be made out on a favorable view of the parties, submissions, the next sequential step is to ask whether the right was clearly established." Saucier, 533 U.S. at 201, 121 S.Ct. at 2156. "The relevant dispositive inquiry" in making this determination is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id., at 202, 121 S.Ct. at 2156. If it would not have been clear to a reasonable officer what the law required under the facts alleged, then he is entitled to qualified immunity.

Here it was clear that in order to conduct an Interdiction, on drug parcel, officer has to follow, proper procedure. Defendants created a make shift package, place it at plaintiff's private mail box, without a warrant, without any contraband, (Marijuana); waited until plaintiff's retrieved said package then run over him with there vehicle, trample upon him; and when on to stepped upon plaintiff's causing him injuries, and bodily harm. In The Deposition Transcript, defendants counsel appear to ask certain questions; with the intent to elicit, incriminating statement from this Plaintiff's, in order to mislead this Court. (See Deposition Transcripts, page 1-128).

The Fourth Amendment governs not only whether a person or thing is subject to a "seizure," but also "the manner in which a ... seizure is conducted." Palmer v. Sanderson 9 F.3d 1433, 1436 (9th Cir. 1993)( quoting Tennessee v. Garner, 471 U.S. 1, 7-8, 105 S.Ct. 1694, 1699, 85 L.Ed.2d 1 (1985). Moreover, the Court has adopted abroad view of what constitutes an established right of which a reasonable person would had know." (citition and quotation marks omitted). Thus, in Burns v. County of Cambria 971 F.2d 1015, 1024 (3d. Cir.1992), [t]he Court has adopted a broad view of what constitutes an established right of which a reasonable person would have know." In People of Three Mike Island v. Nuclear Regulatory Comm'r, 747 F.2d 139, 144-45 (3rd

9

Cir.1994). The Court held that there does not have to be "precise factual correspondence" between the case at issue and a previous case in order for a right to be "clearly established," and we would not be "faithful to the purposes of immunity by permitting ... officials one liability-free violation of a constitutional or statutory requirement." In <u>Kopec v. Tate, 361 F.3d 772 (3rd. Cir.2004)(holding that the right of an arrestee to be free from the use of excessive force in the course of his handcuffing clearly was established when officer acted in this case and that a reasonable officer would have know that employing excessive force in the course of handcuffing would violate the Fourth Amendment.</u> In <u>Doe v. Groody</u>, 361 F.3d 232 (3rd Cir. 2004). The Court held that "Officers executing the warrant lacked probable cause to strip-search the plaintiffs; the stip-search exceeded the scope of the search warrant, and in the adsence of probable cause, violated the plaintiff's Fourth Amendment rights; and the strip-search violated clearly established rights at the time the search occurred, and thus, the officers were not entitled to qualified immunity. unlike a stip-search, Plaintiff's case involved a private mail box, and the placing of a "make shift package," without a warrant, for this Plaintiff's to retrieved, and upon him exiting the building, was Hit with a van driving by the defendants, who jumped on him. Plaintiff's has clearly stated and show that a constitutional violation of unlawful search and seizure, and the use of excessive force have been clearly established. The Material facts of this case has show that there are genuine material issue in dispute, and only a reasonable jury could result these dispute. Qualified immunity, "provides ample protection to all but the plaintly incompetent or those who knowingly violat the law." <u>Malley v. Briggs</u>, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). See also <u>Saucier v. Katz, 533 U.S. 194, 202, 121 S.Ct. 2151 L.Ed. 272 (2001).</u> Also see <u>Smithart v. Towery</u>, 79 F.3d 951, 952 (9th Cir. 1996)(per curiam)(prisoner could bring claim under § 1983 claim challenging use of excessive force because success would not necessarily imply invalidity of conviction); <u>Gonzalez v. Entress, 133 F.3d 551, 554 (7th Cir. 1998)</u>( § 1983

10

claim for relief for arrest without probable cause time-barred, because statute of limitation began to run when events in question occurred, not when arrestee cleared of charges due to absence of compensable damages.

The Defendants, have established in exhibit, [See Defendants Crual Affidavit of Probable Cause, dated, January 10, 2001; showing an deliberate misrepresentation in the supporting affidavit, stating contraband was in defendants possession, in Pennsylvania; Frank v Delaware 438 U.S. 154, 155, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)]; incompetence and a willingness to flout the law, and to arrest the Plaintiff, by any means necessary, and take him down; even if it takes, hitting him with a Government Vehicle, to take him down; and denied him counsel and medical care, inflicting pain on this Plaintiff's and injuries. Defendant should be held liable for the action and negligent conducts in the violation of this Plaintiff's constitutional rights. Defendant motion for summary judgment, as to qualified immunity, should be denied.

## II

### THE UNDISPUTED MATERIAL FACT REVEAL THAT PLAINTIFF'S ARE ENTITLED TO SUMMARY JUDGMENT AS TO THE YORK CITY POLICE DEPARTMENT, AS TO POLICY MAKER FOR FAILURE TRAIN ITS EMPLOYEES.

York City Police Department, is a policy-maker in which they failed to trained there employees; as to the use of excessive force and conduction interdiction and warrant procedure in searching private mail boxes; see City of Canton v. Harris, 489 U.S. 378, 388-89 (1989); and should be held liable for failure to train its employee's.

In Monell v. Department Of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Supreme Court concluded that Congress intended § 1983 to apply to municipalities and other local government units. 436 U.S. 658, 690-91 (1978). This liability cannot be based on respondeat superior; "[i]nstead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to

represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. Inadequate police training may serve as the basis for § 1983 liability where the "Failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388-89 (1989).

The Canton Court observed that failure to train my amount to deliberate indifference where the need for more or different training is obvious and inadequacy very likely to result in violation of constitutional rights. Id. at 389. For example, if the police often violates citizens rights, a need for further training might be obvious. Id. at 390,n 10; see also Sample v. Diecks, 885 F.2d 1099) (deliberate indifference may be established where harm occurred on numerous previous ocassions and officials failed to respond appropriately; or where risk of harm in great and obvious).

For example, where the city is aware that its policy may be unconstitutionally applied by inadequately trained employees, but the city consciously chooses not to train them, city of Coton, 489 U.S. at 387, 109 S.Ct. 1197; or where the city's officials policy on the reasonable use of force in arrests, is valid, but the city actual practice is to use excessive force; Fiacco v. City of Rensselaer, New York, 783 F.2d 319 (2nd Cir. 1986), at 327 ( stating that the practice of using excessive force can be the basis for municipal liability even though the city's policy on force is itself constitutional). Corngold v. United States, 367 F.2d 1 (1966)( held that search of packages delivered to airport by defendant was not justified even if customs agents had probable cause to believe the packages contained contraband, where the officers had no warrant, no arrest was made to which to search without a warrant might be incident, and there was nothing to prevent agents from securing a warrant on a proper showing either before packages where shipped from Los Angeles, or after they arrived in New York).

Where Plaintiff's alleged that their rights were deprived not as a result of the enforcement of an unconstitutional application of a valid policy; or

12

by a city employee's single tortuous decision or course of action, the inquiry focuses on whether the actions of the employee in question may be said to represent the conscious choices of a municipality itself. Such an action constitutes the act of the municipality and therefore provide a basis for municipality liability where it is taken by, or is attributable to, one of the City's authorized policy makers, Pembour, 475 U.S. at 481-82, 106 S.Ct. 1292. Thus, even a single action by a decision maker who "possesses" final authority to establish municipal policy with respect to the action ordered," id., is sufficient to implicate the municipality in the constitutional deprivation, for the purposes of § 1983.

The York City Police Department; York County District Attorney's Office; State Attorney General Office are clearly a "Governmental Entity," that could fall under Monell, provided it has policy making authority. See 436 U.S. 658; City of Canton, 489 U.S. 378; Thus could be liable injuries. See City Of St. Louis v. Proportnik, 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988). The York City Police Department, is aware its subordinates unconstitutional actions, and consciously chose to ignore them effectively ratifying the action.

Sorlucco v. New York City Police Dep't, 971 F.2d 864, 370-71 (2d Cir. 1992)(Stating that municipal liability lies where the subordinate's misconduct is "so manifest as to imply the constructive acquiescence of senior policy making officials); Amnesty America v. Town Of West Hartford, 361 F.3d 113 (2nd Cir. 2004).

Plaintiff has alleged that it was the custom and policy of the York City Police Department, to use excessive force against arrestee, pre-trial detainee and deny them their constitutional right to contact counsel, by denying them telephone calls. It's also the policy of the City Of York, to cover up their employee's wrong doing; especially "Black" arrestee, and denied them due process of the laws.

Therefore Summary Judgment should be granted to Plaintiff's, as to Government Entity, York City Police Department, failure to train the

subordinates, in relation to the use of excessive force, in effectuating an arrest, of a arrest; and conducting warrantless search of private mail boxes; one person and property; Conducting Interdiction of Drug packages; denial of counsel; denial of access to a telephone call to contact one's attorney; and the violation of an arrestee due process, and equal protection right. Also applying excessive Bond to minority suspects.

### III

WHETHER THE DEFENDANTS CREATE DANGER, WHEN THEY APPLIED ILLEGAL TACTICS, AND TOTALLY DISREGARD STATE POLICY.

Police officers violated Plaintiff's due process rights by creating the danger, that the policy they applied, would assaulted the Plaintiff's and caused him great bodily harm. Defendants placed a "Make Shift Box" at Plaintiff's private mail box, without a warrant; waited until plaintiff's retrieved said box, and exited the building; then they approached him; running towards him without identifying themselves, as police officers. Plaintiff's was subsequently hit by a Government Vehicle, driven by Defendant Glowczeski's, caused him great bodily harm. Defendants proceeded to tackle, trample and stepped, upon Plaintiff's, while he was in handcuffs.

Four factors to decide if the state-created danger exception is met (1) the harm ultimately caused was forseeable and fairly direct; (2) the actor acted in willful disregard for the safety of the plaintiff; (3) there existed some relationship between the state and Plaintiff (4) the state actors used their authority to create an opportunity that otherwise would not have existed for the third party's crime to occur. See DeShaney v. Winnebaco City, Dep't Of Soc., Servs., 489 U.S. 139, 195, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 907 (3d Cir. 1997); Kneipp v. Tedder, 95 F.3d 1199, 1203 (3d Cir.1996); Green v. City Of Philadelphia, 92 Fed.Appx. 873 (3rd Cir. 2004).

York City Police Department; Pennsylvania State Attorney General Office, Narcotic Division; York County District Attorney's Office, Drug Task Force;

failed to "Implemented a common sense policy" that police officers, when using a interdiction, on a private mail box, where there is no contraband, in the state of Pennsylvania, at the time of interdiction; required officers to obtained a search warrant, before, executing a search on Plaintiff's private mail box, or to placed "Make shift Box" there. Especially if there are no exigent circumstances. This also including the used of a Government vehicle, that was used, in the process. The Defendants should be held liable.

Under Monell v. New York City Dept of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a city can be liable for an unconstitutional policy or custom carried out by its employees. However, a claim for damages under this theory generally cannot lie unless an individual employee is found to have violated constitutional right. City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 89, L.Ed.2d 806 (1986) (per curiam). There is an exception, however, when a claim against a municipal entity is based on a different theory requiring lesser intent than the claim against the municipal employee(s). Fagan v. City of Vineland, 22 F.3d 1283, 1292 (3rd Cir. 1994). As it is clear from the record, that a constitutional violation had occurred in which state Defendants created danger in effectuating and arrest, that could have caused this Plaintiff's life.

Summary Judgment, should be granted for this Plaintiff's relating to this claim.

### CONCLUSION

The Defendant counsel, states, that, in Saucier, the Court, concluded, "We have approved observation that not every push, or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violate the Fourth Amendment." Saucier at 209 (citing Graham at 430). Yet it is fair to say, that when, state, defendants initiate an arrest; failed to identified themselves, used a vehicles to hit Plaintiff's, (which is classified as a deadly weapon), then jumped on him, trample and stepped, upon him, in a humiliating manner; search his person and property; failed to Mirandarized him; failed to give

him medical attention; denied him counsel; all which occurred without any valid search or arrest warrants. Draw into questions the conducts of these defendants, and the violation of this Defendants constitutional rights. This violation continued to happen, because this Plaintiff's, exercised his rights under due process of the laws. The Defendants influences the District Justice to issued excessive bond. The matter went on further, to incited the former Clerk of Court, York County, to fabricate, Plaintiff's Docketing Statements, to show that Plaintiff's was served a copy of the trial judge order, dated February 19, 2002, Memorandum and Opinion, to served Plaintiff's s Pa.R.App.P 1925(b), which the Clerk, Marlyn Holtzapple, never served this, pro se, Plaintiff's; obstructing justice; and causing him to lose his appeal, and all issues raised by this plaintiff's was waiver by the Pennsylvania Superior Court. All because this Plaintiff's brought § 1983 Action against these Defendants. This conspiracy have been growing, which cause this plaintiff's to be in fear of his own safety, if he should by allow to out back to York County Prison, or the City of York.

Those claims, Plaintiff raised, along with the material facts and disputes, show that various constitutional violations have occurred; which shock the conscience level of this defendants; ("[C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shoking level]"); County of Sacramento v. Lewis, 532 U.S. 333, 849, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); If not Congress need to defined the Constitution of this Country, to be free from unlawful search and seizure, and excessive force. The "Mere public intolerance or animosity cannot consitutionally justify the deprivation of a person's physical liberty." "if the government, police and prosecutors could always be trusted to do the right thing, there would have never been a need for the Bill of Rights." "The trial of a lawsuit is not a poker game, but a search for the truth." Undersigned counsel Jason C. Giurintano, statements, that he elicit statement from plaintiff's, show, that his motive was wrong, not

for the truth, but to show his own believes, draw his own opinions of the incident and to mislead, or misguide this Honorable Court. [See Defendants Admission and Interrogatories; Plaintiff's is still waiting on this court respond, to Plaintiff's Motion To Compel Defendants to answer their Answers Admission, more sufficiently]. The Role of judge at summary judgment stage is not to weight evidence, but to determine whether there is genuine issue of material fact. Plaintiff's have presented to this Court, genuine issues of materials facts, in disputes. See City Management Corp. v. US Chemical Co.INC, 43 F3d 244 (5th Cir. 1994); also see Pacitti v Macy's, 193 F.3d 766 (3rd Cir. 1999)(The federal rules allow broad and liberal discovery). Plaintiff's had submitted several Subpoenas, to the Clerk of Court, to be forwards to the U.S. Marshals Office; to be served upon Defendants Employer's, based on Defendants responses or answers to "Plaintiff's Second Request For Interrogatories," as it relates to Work History and Conducts; Plaintiff's had yet to received any response or objections. Neither the U.S. Marshals or the Clerk of Court, Have contacted this Plaintiff's. Plaintiff's is proceeding in Forma Pauperis; furthermore, he is incarcerated.

For these reasons Plaintiff's request this Honorable Court to denied Defendants Motion For Summary Judgment; and allow this § 1983 Action to proceeds; or issued Summary Judgment in favor of this Plaintiff's.

Respectfully Submitted,

Tyrone James.

Date July 14, 2004

Tyrone P. James

EX 9451
P.O. Box A
Bellefonte, PA 16823-0820.

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES<br>        Plaintiff, | :<br>: |
| v. | :   CIVIL ACTION NO. 1:01-CV-1015<br>:   (Judge Kane)<br>:   (Magistrate Judge Mannion) |
| YORK COUNTY POLICE DEPARTMENT,<br>JAMES H. MORGAN, RICHARD PEDDICORD,<br>RAYMOND E. CRUAL, GENE FELLS,<br>DET. KESSLER, CO. BAYLARK,<br>RANDY SIPES, BRIAN WESTMORELAND,<br>and DETECTIVE GLOWCZESKI<br>        Defendants, | :<br>:   JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATION OF SERVICE

I, Tyrone P. James, Plaintiff's, Pro se, hereby certified that, I am this day serving a true and correct copy to assigned counsel's, "Plaintiff's Respond Opposing Defendants Motion For Summary Judgment And Supplemental Brief; Declaration In Support Of Plaintiff's Opposition Motion For Summary Judgment And In Support Of Summary Judgment In Favor Of Plaintiff's," in the manner set forth below to the followings.

I certify that this document was given to prison officials on July 14, 2004, for forwarding to Clerk Of Court, U.S. District Court, Middle District. I certify under penalty of perjury that the forgoing is true and correct. 28 U.S.C. § 1746.

BY FIRST CLASS U.S. MAIL:

Amanda Smith
Pennsylvania Office Of Attorney
General Office
15th Floor, Strawberry Square
Harrisburg, PA 17120

Donald L. Reihart, Esq.
Law Office Of Donald L. Reihart
3015 Eastern Boulevard, Suite 204
York, PA 17402

Krintin G. Hogue
State Of California, Department Of Justice
Office Of The Attorney General
110 West A Street, Suite 1100
P.O. Box  85266
San Diego, CA 92186-5266

*Tyrone James*

Tyrone P. James
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

Tyrone James
EX9451
P. O. Box A
Bellefonte, PA 16823-0820.

Legal Mail.

Unit
mid
22
P.O
Ha