IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES<br>    Plaintiff, | :<br>: |
| v. | : CIVIL ACTION NO. 1:01-CV-1015<br>: (Judge Kane)<br>: √(Magistrate Judge Mannion) |
| YORK COUNTY POLICE DEPARTMENT,<br>JAMES H. MORGAN, RICHARD PEDDICORD,<br>RAYMOND E. CRUAL, GENE FELLS,<br>DET. KESSLER, CO. BAYLARK,<br>RANDY SIPES, BRIAN WESTMORELAND,<br>and DETECTIVE GLOWCZESKI<br>    Defendants, | :<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>: |

FILED
HARRISBURG, PA
JUL 21 2004
MARY E. D'ANDREA CLERK
Per _____ Deputy Clerk

### DECLARATION IN SUPPORT OF PLAINTIFF'S OPPOSITION MOTION FOR SUMMARY JUDGMENT

### AND IN SUPPORT OF SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF'S

Tyrone James, declares under penalty of perjury:

1. I am the Plaintiff's in this case; the Complaint alleges, various violations of Plaintiff's Constitutional rights.

2. I submit this declaration in support of my opposition motion, to the Defendants motion for Summary Judgment; and hereby seek Summary Judgment, on all claims; because there are clear material factual disputes concerning them.

3. On January 10, 2001, Plaintiff's was arrested by the Defendants, Kessler, Westmoreland, Peddicord, Crual, Glowczeski's and other Defendants; members of the York City Police Department, York County District Attorney's Office, Drug Task Force, and Pennsylvania State Attorney General Office, Drug & Narcotic Enforcement Unit.

4. Defendants at the time of Plaintiff's arrest was not in the position of any valid search and arrest warrant, to search Plaintiff's private mail box (2536 Eastern Blvd., York, PA 17403), or to place "Make Shift Box" there; and to arrest Plaintiff's.

5. Defendants Margan, Westmoreland, Peddicord, Kessler, and Crual, placed the "Make Shift Box" at Plaintiff's mail box, at Mail Box Etc., 2536 Eastern Blvd., without a warrant, for this Plaintiff's to retrieved.

6. Plaintiff's was not of the beliefs that the contents of the package, contained any illegal substance. Plaintiff's had no knowledge of the content of the make shift box, placed there by Defendants. Plaintiff's was of the belief, that the contents contained goods, coming from a legitimate Business Establishment.

7. Plaintiff's arrived at the Mail Box Etc., 2536 Eastern Blvd., York, PA 17403, on January 10, 2001, around 10:30 a.m.; upon exiting his vehicle, he entered into Mail Box Etc.; There, he was informed by a "slip," placed in his mail box, that a package was there for this Plaintiff's, placed there by the Clerk, who was instructed by Defendant Morgan, to place slip into Plaintiff's mail box, to informed him about this packages, and for the clerk, to call Morgan, when this Plaintiff's arrived, and picked up the package.

8. Upon Plaintiff's handed the Clerk, Niel Enbacker, the slip, placed in his mail box, notifying him that a package was there, to pick up; he retrieved said package; which appear to look odd, because, package, didn't appear to look Funny; but since it was coming from a business, he accepted, said package, which was still conceal; and proceeded to his car.

9. Upon Plaintiff's exiting the Mail Box Etc., he was approached by Defendants Westmoreland and Morgan; looking like "Thugs", in plain clothes, who failed to identified themselves as police officers. Defendants, came running towards Plaintiff's.

10. At no time did any of these defendants identified themselves as police officers.

11. Plaintiff's in fear of great bodily injure, moved back to the Mail Box Etc., because these defendants appear to look like robber. At no time did Plaintiff's run or tried to evade these Police Officers.

12. Plaintiff's, moving back towards the Mail Box Etc., and was suddenly hit by a Government vehicle, driven by defendant Glowczeski's and thrown to the ground.

13. The vehicles, defendants Glowczeski's was driving, was moving, when

it hit this plaintiff.

14. Has Plaintiff's tried to retrieved himself from the ground; he was tackled by Defendants Westmoreland, Morgan, Crual, Peddicord, Kessler and several other Federal Agents and State Officers; handcuffed, trampled upon and stepped upon by these Defendants; with their boots, sneakers and shoes; in his lower back, feet and upper body.

15. At no time did this Plaintiff's fight with these officers or resisted arrest. Plaintiff's was never charged with resisting arrest.

16. Defendants Peddicord, Morgan, Westmoreland and Crual, took hold of Plaintiff's personal property, such as his wallets, keys, and car. Plaintiff's personal property were search by Defendants.

17. Defendants have no search warrants or arrest warrant to search, or arrest Plaintiff; there was no probable cause to stop Plaintiff's. Plaintiff's was passively retrieving mail from his mail box; the "Make Shift Box" was planted there by the Defendants; Plaintiff's had no knowledge as to what was the content of this conceal box; neither did he believed it contained "Marijuana."

18. Plaintiff's was lifted off the ground by the Defendants; and was placed in the same vehicle, that hit plaintiff.

19. Upon Plaintiff's entering the Van, he was approached by Defendant Morgan; without Mirandarizing, Plaintiff's, Defendant Morgan, blurted out to Plaintiff, "Did you know it was marijuana, inside the package?"

20. Defendants Morgan never read Plaintiff's his Miranda warning.

21. Plaintiff's was taken to the York City Police Department; he was interrogated by Defendant Morgan; at which time he requested counsel and the use of a phone call, to contact his Attorney; but was denied several time, by Morgan.

22. Defendants Morgan, destroyed Plaintiff's Lawyer Network Card; with his attorney number engraved on the Card.

23. Defendant Westmoreland, was concerned about Plaintiff's health, but

at no time did any of the Defendants offered to take me to the Hospital, or to see a Doctor.

24. Defendant Westmoreland, was about to release Plaintiff's; but Defendants Morgan, subsequently detained Plaintiff's and locked him back in the cell, where Defendants Westmoreland; had released him from and gave him back his personal property.

25. Plaintiff's sustained, physical injuries from the unlawful arrest. Injuries, including back injuries, bruises; excruciating back pain, headaches, weight losses, emotional stress and anguish. Psychological stress, and depression, and mental trauma; from the impact of the vehicle and the Defendants tackling, trampling and stepping upon Plaintiff's.

26. Plaintiff's was placed in the Segregation Unit, at the York County Prison; where he was not seen by a Physician. Plaintiff's report injuries to Medical Staffs, at the York County Prison; SCI-Camp Hill, and SCI-Rockview. There are Medical records available.

27. Plaintiff's was process at the York City Police Department, By Defendant Crual; Transported by Defendant Morgan; while at all time, Defendant Morgan, threatening Plaintiff at the Police Station, and during transportation, "That he is going to arrest plaintiff's wife, take the children, and have Children Service, taken them;" he when on to states, at the station, that, "That it will be a long time before Plaintiff's have sex with is wife;" and "This case with let him look good in the York Daily Newspaper, and he will frame the slipping on his wall." His words were very abusive. He insinuate, by implying that Plaintiff should corporate with him.

28. Defendants Crual, Peddicord and Morgan, confiscated plaintiff's credit cards, frequent flyer cards, bank cards and bank checks, business cards, keys, currency and personal note from Plaintiff's personal belonging and proceeded to search these items.

29. At 7:05, Plaintiff's was brought before the District Justice Leppo; same District who signed a different search warrant for Defendant Kessler.

There Plaintiff's was preliminary arraigned; where bailed was set at $500,000; Plaintiff's was charged with possession of a controlled substance, with intent to deliver and criminal attempt thereof.

30. At the Preliminary Arraignment, Defendants Crual and Morgan, presented, a tainted Affidavit of Probable Cause, stating that "There was drug in the state of Pennsylvania," when there was none; furthermore, to prejudice, this Plaintiff's, there was no search or arrest warrant; but the Defendants presented to the District Justice a Criminal Complaint; then seek a separate search warrant on another mail box from the same District Justice, who issued the Bond; even though there was no probable cause to arrest. Defendants influenced the District Justice, by offering oral and written sworn statements, that was tainted and false. The District Justice set a excessive bond, based on Defendants sworn false statement under oaths. Plaintiff's requested counsel during the hearing and the used of a phone call the contact his Attorney.

31. Plaintiff's was taken to the "York County Prison; where he requested a phone call from Defendant Morgan, to contact his Attorney, and his immediate family members, so that they would contact a Bond man. Defendant Morgan, denied Plaintiff's access to the Phone and further instructed, Defendant Baylark, and Correctional Officers Asbury, "Not the give James any phone calls pending investigation."

32. York County Prison, has a policy that allowed newly arrived detainee and arrestee, a ten (10) to fifteenth (15) minutes phone call, after completing processing at Admission.

33. Plaintiff's after processing requested a phone call from Defendant Correctional Officer Baylark, who denied Plaintiff's, and stated, that, "I was instructed by Morgan, not to give you a phone call."

34. I was placed in the Segregation Unit, where you are not allowed to make any phone calls, or even be seen by a Doctor, for three days.

35. On January 11, 2001, I was interrogated, by Defendant Morgan. There, I invoked my rights to remain silent and requested counsel; Defendant Morgan,

tried to elicit incriminating statements, from this Plaintiff's, using an illegal governmental tactic, under <u>Miranda</u>.

36. When Plaintiff's refused to speak with Defendants Morgan, he went and search my wife house, without a warrant; and intimidating her, by threatening her to take her children. No drug or contraband was found. She was later intimidated by Defendants Morgan; who threatening to lock, my wife up and her sister, for contempt, if they didn't give him their phone numbers. This occurred at the District Justice Heilman, Office, in Strawberry, on February 22, 2001.

37. Plaintiff's was removed from the York County Prison, on January 12, 2001, by Constable Kelly, at the request of Defendants Morgan and Peddicord; where he was taken before District Justice Huskell, and charged with two additional charges of possession and criminal attempt, thereof. Defendants at that time, requested that the District Justice set excessive bail in the millions, as a "Cash only," Bond. Defendants, when on to tell the Justice, that plaintiff's is a flight risk, and will be facing Federal charges, and could served a minimum of thirty (30) years, to life in prison. This was said specifically by Morgan and Peddicord; afterwards, Defendant Peddicords, went on to confront Plaintiff, and further stated, that, "The Republican Farmers are going to hang, my (?) ass, in Strawberry."

38. On June 3, 2001, Plaintiff's filed a Section 1983 Action was this Court.

39. On November 15, 2001, Plaintiff's was conviction by a jury not of his peers; in the Common Pleas Court, York County; Sentencing commenced of January 7, 2002; Plaintiff's filed an pro se, "Motion For Arrest Of Judgment and New Trial and For Counsel." On February 19, 2004, the Honorable Judge Thompson, denied motion; and ordered Plaintiff's to filed a "Statements Of Matters Complaints Of," <u>Pa.R.App.P. 1925(b)</u>, within fifteenth days; The Judge also ordered the Clerk of Clerk, Marlyn Holtzapple, to served Plaintiff's a copy of this Order. The Clerk Of Court; failed to served this Plaintiff,s

a copy of said order (See Exhibits 1A-1F of Plaintiff's Appendix). The Clerk of Court obstructed justice, by failing to served plaintiff's a copy of this order, causing him to lose his appeal, in the Pennsylvania Superior Court. Plaintiff's was prejudice by this action; this was a retaliation, for bringing a Civil Action § 1983.

40. On April 13, 2004, Defendants present Exhibits with their Motion For Summary Judgment. Exhibit 1, show a Certified True Copy, signed by Clerk Of Court, Common Pleas Court, York County, Mr. Marlyn L. Holtzapple; Docketing Statement. The February 19, 2002, imputed of the Judge Order to served Defendant Opinion, was fabricate, by the Clerk of Court. Plaintiff's never received said Order, dated, February 19, 2002. (See Plaintiff's Exhibit 1).

41. Plaintiff's lose his businesses, because of this police injustice.

For the reason stated in the brief submitted with this Motion, these undisputed facts, established that a material disputes exist, which only a reasonable jury could decided; Defendants Morgan, Westmoreland, Crual Peddicord, and Kessler, violated this Plaintiff's Due Process rights and Constitutional rights. Accordingly, I am entitled to Summary Judgment on all constitutional claims.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

Date: July 14, 2004

*Tyrone James.*
Tyrone P. James.

EX 9451
P.O. Box A
Bellefonte, PA 16823-0820