IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES,            :<br>        **Plaintiff**  :<br>                      :<br>    v.           :<br>                      :<br>YORK COUNTY POLICE   :<br>DEPARTMENT; AGENT JAMES H. :<br>MORGAN; DET. RICHARD  :<br>PEDDICORD; DET. RAYMOND E. :<br>CRAUL; SGT. GENE FELLS; DET. :<br>ANTHONY GLOWCZEWSKI; AGENT :<br>RANDY SIPES; and AGENT BRIAN :<br>WESTMORELAND,       :<br>      **Defendants** : | No. 1:CV-01-1015<br><br>(Judge Kane)<br>(Magistrate Judge Mannion)<br><br>**Electronically Filed** |

<u>**COMMONWEALTH DEFENDANTS' BRIEF IN OPPOSITION TO<br>PLAINTIFF'S MOTION TO COMPEL DISCOVERY**</u>

*Pro se* plaintiff Tyrone James is an inmate currently incarcerated at the State Correctional Institution at Rockview. The Commonwealth defendants, as represented by the Pennsylvania Office of Attorney General, are Ray Craul, Jim Morgan, Brian Westmoreland, Tony Glowczewski, Robert Kessler, Richard

Peddicord and Gene Fells (hereinafter Commonwealth defendants).[1] Plaintiff brings this civil action in which he alleges various violations of his civil rights in relation to his arrest on January 10, 2001.

On December 13, 2001, plaintiff served the Commonwealth defendants with interrogatories titled "Plaintiff's First Set of Interrogatories," and a request for the production of documents. Upon their request, the Commonwealth defendants were granted a protective order to stay discovery pending the resolution of a motion to dismiss, which they filed on December 28, 2001. The Court granted in part and denied in part the Commonwealth defendants' motion to dismiss on October 8, 2003.

In October of 2003, plaintiff served upon the Commonwealth defendants a second set of interrogatories also titled "Plaintiff's First Set of Interrogatories" as well as additional document requests. The October 2003 discovery was substantially the same as the discovery plaintiff requested in December 2001. The Commonwealth defendants responded to plaintiff's interrogatories and document requests in November 2003.

On January 7, 2004, plaintiff filed a motion requesting leave to serve the Commonwealth defendants with a "second" set of interrogatories. The plaintiff

---

1 The York County Police Department, C/O Baylark, and Agent Randy Sipes are also defendants; however, they are not represented by the Pennsylvania Office of Attorney General.

2

also filed a motion to compel responses to his December 2001 and October 2003 discovery requests. By order dated May 4, 2004, the Court denied plaintiff's motion to compel and held that the Commonwealth defendants' responses to these requests were appropriate. The Court also granted plaintiff leave to serve the Commonwealth defendants with a "second" set of interrogatories.[2]

Plaintiff served requests for admissions upon Commonwealth defendants Morgan, Westmoreland, Craul, Kessler, Glowczewski, and Peddicord,[3] to which each of these Commonwealth defendants responded. (See exhibit A attached.) In addition, all of the Commonwealth defendants responded to plaintiff's "second" set of interrogatories. (See exhibit B attached.)

On June 3, 2004, plaintiff filed a motion to compel discovery (doc. 164). The Court deemed this motion to be withdrawn when plaintiff failed to file a brief in support of his motion. On June 22, 2004, plaintiff filed another motion to compel discovery (doc. 167). Plaintiff seeks to compel answers to his requests for admissions served upon Commonwealth defendants Morgan, Westmoreland, Craul, Kessler, Glowczewski, and Peddicord, and to compel answers to his

---

[2] The Court also noted that the Commonwealth defendants had already provided the information sought in interrogatories #13 and #14 in plaintiff's "second" set of interrogatories. Consequently, the Court ordered that the Commonwealth defendants need not respond to these two interrogatories.

[3] Plaintiff did not serve requests for admission upon Commonwealth defendant Fells.

3

"second" set of interrogatories propounded to all Commonwealth defendants. Plaintiff filed a brief in support of his motion and his affidavit on July 7, 2004. The Court granted the Commonwealth defendants an extension of time to respond to plaintiff's motion to compel. This is the Commonwealth defendants' brief in opposition to plaintiff's motion to compel discovery.

## QUESTIONS PRESENTED

**WHETHER THE COURT SHOULD DENY PLAINTIFF'S MOTION TO COMPEL DISCOVERY AS COMMONWEALTH DEFENDANTS HAVE PROVIDED RESPONSES AND HAVE INTERPOSED VALID AND LEGITIMATE OBJECTIONS TO PLAINTIFF'S DISCOVERY REQUESTS?**

## ARGUMENT

Commonwealth defendants have adequately responded or justifiably objected to plaintiff's discovery requests. Federal Rule of Civil Procedure 26(b)(1) states that parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." What is relevant within the realm of discovery has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). While the scope of discovery is broad, it is not without limitations. A court may

4

decline to permit discovery where a request is made in bad faith, is unduly burdensome, is cumulative, is irrelevant to the subject matter of the action, or relates to confidential or privileged information. Fed. R. Civ. P. 26(b)(1) & (2). Because Commonwealth defendants adequately responded to plaintiff's discovery requests, his motion to compel should be denied.

**I. Commonwealth defendants adequately responded to plaintiff's requests for admissions.**

In February, March, and April of 2004, plaintiff served upon Commonwealth defendants Morgan, Westmoreland, Craul, Kessler, Glowczewski, and Peddicord discovery requests entitled "Requests for Admission." Each of these Commonwealth defendants responded to the requests by admitting, denying, or objecting to the requests. Because the Commonwealth defendants responses were appropriate, plaintiff's motion to compel further responses should be denied.

"A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request." Fed. R. Civ. P. 36(a). Each matter is deemed admitted, unless within 30 days after service of the request, the party to whom the request was directed serves a written answer or objection. Id. The answer must specifically deny the matter set forth and must fairly meet the substance of the

requested information.  Id.  The denial may be as simple as the single word "denied" or may be a longer sentence.  Caruso v. Coleman Co., No. 93-cv-6733, 1995 WL 347003, slip op. at *2 (E.D. Pa. June 7, 1995).[4]  If an objection is made, the reasons for the objection must be set forth.  Fed. R. Civ. P. 36(a).  The party who requested the admission may move to determine the sufficiency of the answers or objections.  Id.  If the Court determines that an answer does not comply with the requirements of Rule 36, it may order either that the matter is admitted or that an amended answer be served.  Id.

    Plaintiff challenges the sufficiency of the responses provided to the one hundred and forty-two "requests for admissions" that he made collectively of the Commonwealth defendants Morgan, Westmoreland, Craul, Kessler, Glowczewski, and Peddicord.[5]  Without specifying which specific responses he deems

---

[4] A copy of this opinion has been attached as exhibit C.

[5] Plaintiff served twenty-five "requests for admission" on Commonwealth defendant Morgan on February 27, 2004; served twenty-five "requests" upon Commonwealth defendants Craul and Westmoreland on March 7, 2004; and on April 20, 2004, served twenty "requests" on Commonwealth defendant Kessler, twenty-three "requests" on Commonwealth defendant Glowczewski, and twenty-four "requests" on Commonwealth defendant Peddicord.  Commonwealth defendants refer to this discovery as "requests" as many of plaintiff's "requests" were not requests for admissions but open-ended interrogatories.
    Plaintiff maintains that all these Commonwealth defendants, except defendant Peddicord, made timely responses.  It appears that Commonwealth defendant Peddicord was approximately 17 days late in responding to plaintiff; however, it is unclear as to why defendant Peddicord alone was late and this should not be held against him.  In addition, Plaintiff fails to explain how he was harmed

problematic, plaintiff generally states that the Commonwealth defendants responses were "insufficient, evasive, incomplete and not sufficiently specifics. [sic]" (Pl.'s affidavit at ¶ 3.) The Commonwealth defendants have attached copies of their responses to all one hundred and forty-two requests. (See exhibit A.) These responses are specific admissions or denials of the statements set forth. The majority of the objections made to the "requests" were that they were not actually "requests," but were open-ended interrogatories to which the Commonwealth defendants could neither admit nor deny. In addition, the Commonwealth defendants objected to statements that they did not understand or to statements that were irrelevant to plaintiff's civil rights claims. The Commonwealth defendants' responses were sufficient and plaintiff fails to elaborate as to how the responses failed to comply with Rule 36. Consequently, plaintiff's motion to compel further responses should be denied.

## II. Commonwealth defendants adequately responded to plaintiff's "second" set of interrogatories.

The Commonwealth defendants responded to plaintiff's "second" set of interrogatories with answers or valid objections. Plaintiff seeks to compel answers to interrogatories 7, 8, 10, 11, 12, and 18. Because the Commonwealth defendants

---

or prejudiced by Commonwealth defendant Peddicord responding only two weeks late to his requests, when the remaining Commonwealth defendants responded in a timely manner.

answered or raised legitimate objections to these interrogatories, plaintiff's motion should be denied.[6]

A party may serve on the other party a maximum of twenty-five (25) interrogatories. Fed.R.Civ.P. 33(a);L.R. 33.3. Each interrogatory must be answered separately and fully in writing under oath, unless the party objects to the interrogatory. Fed.R.Civ.P. 33(b)(1). Answers to interrogatories must be served upon the submitting party within thirty-three (33) days of service of the interrogatories and document requests, including the 3-day grace period for service by mail. Fed.R.Civ.P. 33(b)(2); 34(b); 6(e). The submitting party may move for an order compelling responses if the receiving party fails to provide discovery. Fed.R.Civ.P. 33(b)(5); 34(b); 37(a)(2)(B). Plaintiff seeks to compel the Commonwealth defendants to answer interrogatories 7, 8, 10, 11, 12, and 18.

**Interrogatory 7**

In interrogatory 7, plaintiff asked the Commonwealth defendants "If you were ever enjoined from engaging in any conduct by a state or federal court decree,

---

[6] Commonwealth defendants served their responses to plaintiff's "second" set of interrogatories on June 9, 2004. (See exhibit B.) Plaintiff claims that these responses were untimely because the responses were served more than thirty days from the Court's order of May 4, 2004. The Court's May 4, 2004, order granted plaintiff's request to serve a "second" set of interrogatories upon the Commonwealth defendants. The Commonwealth defendants do not have any record of plaintiff serving these interrogatories upon them following the May order. Utilizing the interrogatories served upon the Commonwealth defendants in January of 2004, Commonwealth respondents provided responses to plaintiff's discovery requests.

identify the court, title and docket number of the case, date of the decree, and nature of the conduct enjoined." (See exhibit B.) Commonwealth defendants objected to this interrogatory as vague and ambiguous. (Id.) In addition, because the interrogatory referred to injunctions against "any conduct," Commonwealth defendants objected to the relevancy of the information sought. (Id.)

Plaintiff claims that he is entitled to the information sought in interrogatory 7 because it is evidence of prior misconduct by Commonwealth defendants. Plaintiff believes that Commonwealth defendants have a history of mistreating other arrestees, which plaintiff offers will assist him in proving that Commonwealth defendants violated his civil rights when they arrested him. First, interrogatory #7 is not limited to any court injunctions relating to past mistreatment of arrestees, but encompasses any injunction against Commonwealth defendants, if any exist, in any matter. Evidence of any and all possible court issued injunctions involving the Commonwealth defendants extends beyond plaintiff's civil rights claims and is outside the scope of discovery. See Fed. R. Civ. P. 26(b)(1) (limits on discovery). Second, evidence of injunctions, if any does exist, is inadmissible for the purposes that plaintiff intends, which is to demonstrate Commonwealth defendants alleged prior mistreatment of arrestees to prove that the Commonwealth defendants mistreated plaintiff. See Fed. R. Evid. 401 (definition of relevant evidence); 402 (irrelevant evidence is inadmissible); 404 (inadmissibility of

character evidence to prove conduct); 608 (evidence of character of witness). Commonwealth defendants correctly objected to producing any documents described in these requests because they are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1) (limits on discovery). Therefore, plaintiff's motion to compel an answer to interrogatory 7 should be denied.

### **Interrogatory 8**

In interrogatory 8, plaintiff asked the Commonwealth defendants:

> Were there in existence at the time of these incidents, internal administrative procedures designed to prevent and correct instances of abuse of the authority of police officers of the York County Police Department. If yes, state:
> a. the nature of such procedure
> b. the person responsible for implementing such procedures;
> c. any charges ever made against you in internal administrative procedure(s), including the names and addresses of all complainants, the nature of the charges, the identity of the person administering the disciplinary proceedings, and the outcome.

(See exhibit B.) The Commonwealth defendants each answered this interrogatory and indicated in some form that they were not aware of an agency called the "York County Police Department" and/or they were not employed by the "York County Police Department." (Id.) In addition, in response to interrogatory #2, which asks where the Commonwealth defendants are employed, the Commonwealth

10

defendants responded as follows: Westmoreland is employed by the Pennsylvania Office of Attorney General, Morgan was employed by the Pennsylvania Office of Attorney General, Glowczewski, Kessler, and Peddicord are employed by the York County District Attorney's Office, Fells is employed by the York City Police Department, and Craul is employed by the Springettsbury Police Department. (Id.) While plaintiff is dissatisfied with the Commonwealth defendants' answers regarding procedures used by the "York County Police Department," the Commonwealth defendants answered plaintiff's interrogatories to the best of their information, knowledge, and belief. Because the Commonwealth defendants answered interrogatory #8, plaintiff's motion to compel should be denied.

**Interrogatories 10, 11, and 12**

In interrogatories 10, 11, and 12, plaintiff asked the Commonwealth defendants questions regarding their wages, investments, and real property holdings. (See exhibit B.) The Commonwealth defendants objected to these requests as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. (Id.) As the Commonwealth defendants indicated in their response to plaintiff's interrogatory 9, the Commonwealth's self-insurance program will pay for any damages on the Commonwealth defendants' behalf that plaintiff may be awarded in this action. (Id.) Therefore, information concerning Commonwealth defendants' personal finances is not pertinent to plaintiff's claims

11

for damages and plaintiff fails to articulate an argument otherwise.  Consequently, plaintiff's motion to compel responses to interrogatories 10, 11, and 12 should be denied.

### Interrogatory 18

In interrogatory 18, plaintiff asks the Commonwealth defendants "[f]or each expert witness you intend to call at trial, please state the expert's name and present address, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the ground for each such opinion.  (See exhibit B.)  The Commonwealth defendants have no objection to providing this information to plaintiff if, and when, they determine that they will call an expert to testify at trial.  Because the Commonwealth defendants will provide this information if and when it becomes available, plaintiff's motion to compel an answer to interrogatory 18 should be denied.

Wherefore, for the foregoing reasons, the Court should deny plaintiff's motion to compel answers from the Commonwealth defendants to his requests for admissions and "second" set of interrogatories.

                Respectfully submitted,

                GERALD J. PAPPERT
                Attorney General


By:  **s/Amanda L. Smith**
       AMANDA L. SMITH
       Deputy Attorney General
       ID #86316

       SUSAN J. FORNEY
       Chief Deputy Attorney General
       Chief, Civil Litigation Section

Office of Attorney General
Civil Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA  17120
(717) 787-1194

Date:  July 28, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYRONE P. JAMES,** : | |
| **Plaintiff** : | |
| : | No. 1:CV-01-1015 |
| v. : | |
| : | (Judge Kane) |
| **YORK COUNTY POLICE** : | (Magistrate Judge Mannion) |
| **DEPARTMENT; AGENT JAMES H.** : | |
| **MORGAN; DET. RICHARD** : | **Electronically Filed** |
| **PEDDICORD; DET. RAYMOND E.** : | |
| **CRAUL; SGT. GENE FELLS; DET.** : | |
| **ANTHONY GLOWCZEWSKI; AGENT** : | |
| **RANDY SIPES; and AGENT BRIAN** : | |
| **WESTMORELAND,** : | |
| **Defendants** : | |

## CERTIFICATE OF SERVICE

I, Amanda L. Smith, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on July 28, 2004, I caused to be served a true and correct copy of the foregoing document by depositing same in the United States Mail, first-class postage prepaid to the following:

Tyrone P. James, EX-9451  
SCI Rockview  
P.O. Box A  
Bellefonte, PA  16823

Donald L. Reihart  
3015 Eastern Boulevard  
York, PA  17402-3026

Kristin G. Hogue  
Office of the California Attorney General  
110 West A Street, Suite 1100  
San Diego CA 92101

s/Amanda L. Smith  
**AMANDA L. SMITH**  
**Deputy Attorney General**