# <u>James v. York County Police Dept., et al.</u>
## No. 01-1015

## EXHIBIT A



## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                      :
                     **Plaintiff**  :
                             :    **No. 1:CV-01-1015**

**v.**                                :

                             :    **(Judge Kane)**
**YORK COUNTY POLICE**                :    **(Magistrate Judge Mannion)**
**DEPARTMENT; AGENT JAMES H.**        :
**MORGAN; DET. RICHARD**              :    **Electronically Filed**
**PEDDICORD; DET. RAYMOND E.**        :
**CRAUL; SGT. GENE FELLS; DET.**      :
**ANTHONY GLOWCZEWSKI; AGENT** :
**RANDY SIPES; and AGENT BRIAN**      :
**WESTMORELAND,**                     :
                **Defendants** :

## REQUEST FOR ADMISSIONS TO DEFENDANT PEDDICORD

Pursuant To Rule 36, Fed..R.Civ.P., Plaintiff's request the defendant Richards Peddicord  to make the following admissions within 30 day's after the service of this request.

1.    You a member of the York County Police Department?

**RESPONSE:** Objection.  There is no "York County Police Department." Without waiving this objections, Defendant Peddicord is employed by the District Attorney of York County.

2.    You a member of the surveillance teams that arrested Plaintiff's, in the Kingston Square Center, 2536 Eastern Blvd, York, Pa 17402, at 10:30 a.m.?

**RESPONSE:** Admitted

3.      You prepared an arrest warrant and search warrant, to arrest plaintiff's

at the Kingston Square Center on January 10, 2001, at 10:30 a.m.?

**RESPONSE:**  Denied, to the best of my knowledge, I believe Agent Jim Morgan

did.

4.      Did you tackle plaintiff's to the ground, in the Kingston Square Center

in front of Mail Box Etc.,

**RESPONSE:**  **OBJECTION.**  Defendant objects to the phrase "tackle" as it

suggests that Peddicord used force in arresting Plaintiff.  Without waiving this

objection, Defendant Peddicord admits to taking part in the arrest of Plaintiff.

5.      You a Party of the vehicle, drive by Defendant Glowczeski, on

January 10, 2001, at 10:30 a.m., in the Kingston Square Center?

**RESPONSE:**  Denied.

6.      Escort Plaintiff back to the York County Police Department, in

vehicle driven by Glowczeski?

**RESPONSE:**  Denied.

7.      Obtained arrest and search warrant for Plaintiff's arrest on January 10,

2001?

**RESPONSE:**  Denied.

8.      Date and time, arrest and search warrants were obtained by you?

**RESPONSE: Objection.** Defendant objects to this request for admission on the grounds that it is not a request for admission.

9.      Confiscate Plaintiff's wallets in the Kingston Square Center, at the time of his arrest, he was handcuffed and on the ground, in the Kingston Square Center, on January 10, 2001, at 10:35 a.m.?

**RESPONSE:** Denied.

10.      United Parcel Service Driver deliver the "Make Shift Package," to Mail Box Etc., 2536 Eastern Blvd., York, Pa 17402, on January 9, and 10, 2001?

**RESPONSE:** This question is difficult to decipher, but Defendants construe it as "did Peddicord give the UPS driver the package?" Denied.

11.      You search Plaintiff's person and property on January 10, 2001?

**RESPONSE:** Admitted. By way of further information, I assisted James Morgan.

12.      Confiscated Plaintiff's Lawyer Network Card?

**RESPONSE:** Denied.

13.      Give Plaintiff's a Inventory receipt of all items, confiscated, or taken from plaintiff's wallet?

**RESPONSE:** Denied.

14.      Photo Copied all items taken from plaintiff's property, while at the York County Police Department?

**RESPONSE:** Denied.

15.    Preliminary Arraignment plaintiff's on January 12, 2001?

**RESPONSE**  Defendant is unable to respond to this admission because it makes no sense.

16.  Present position with the York County Police Department; Drugs Task Force?

**RESPONSE**  **Objection.**  Defendant objects to this request for admission on the grounds that it is not a request for admission.

17.    Ever discriminate against member of the black race, or any other minority groups, in you line of work, during your employment with these agencies?

**RESPONSE:**  Denied.

18.    You requested a cash only bond for plaintiff's, in the total amount of 2.5 millions dollars, from the District Justices, York County?

**RESPONSE:**  Denied, by way of further information, bail of this amount was not requested, it was set by the magistrate conducting the arraignment.

19.    Ever been charge or convicted of a crime, or charge with perjury?

**RESPONSE:**  Denied.

20.    Any previous or present lawsuit pending against you in any Federal or State Courts, Bankruptcy court?

**RESPONSE:** **Objection.** Any lawsuits filed against Defendant Peddicord are not relevant to this proceeding.

21.    Any judgment or settlement ever ruled against you?

**RESPONSE:** **Objection.** This question is not reasonably calculated to lead to the discovery of relevant evidence.

22.    Ever been a racist cop, during you service has a public servant?

**RESPONSE:** Denied.

23.    You participate in the interdiction of drugs, form package mail from California, to the U.P.S. Main Office York Pennsylvania, on January 8, 9 and 10, 2001, to "Make Shift Package," delivered to the Mail Box Etc., 2536 Eastern Blvd., York Pa 17402, on January 10, 2001?

**RESPONSE:** Denied, agent James Morgan did.

24.    Any special training before becoming a Police officer and how far did you go to school?

**RESPONSE:** **Objection.** Defendant objects to this request for admission on the grounds that it is not a request for admission.

**Respectfully submitted,**

**GERALD J. PAPPERT**
**Attorney General**

By:    s/Jason C. Giurintano
       **JASON C. GIURINTANO**
       **Deputy Attorney General**
       **I.D. No. 89177**

**Office of Attorney General**          **SUSAN J. FORNEY**
**Civil Litigation Section**            **Chief Deputy Attorney General**
**15th Floor, Strawberry Square**       **Chief, Litigation Section**
**Harrisburg, PA  17120**

                                        **Counsel for Defendants**
**Date:  June 9, 2004**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

TYRONE P. JAMES,                            :
                   **Plaintiff**    :
                                 :    **No. 1:CV-01-1015**
     v.                                    :
                                   :    **(Judge Kane)**
YORK COUNTY POLICE                          :    **(Magistrate Judge Mannion)**
DEPARTMENT; AGENT JAMES H.                  :
MORGAN; DET. RICHARD                        :    **Electronically Filed**
PEDDICORD; DET. RAYMOND E.                  :
CRAUL; SGT. GENE FELLS; DET.                :
ANTHONY GLOWCZEWSKI; AGENT                  :
RANDY SIPES; and AGENT BRIAN                :
WESTMORELAND,                               :
                                 **Defendants :**

## PLAINTIFF'S REQUEST FOR ADMISSION OF DEFENDANT WESTMORELAND

Pursuant to Rule 36, Fed.R.Civ.P., plaintiff request the defendant, Brian Westmoreland, to make the following admissions within 30 days after the serve of this request.

1. Did you tackle plaintiff to the Ground on January 10, 2001, at Kingston Square Center in front of Mail Box Etc.,

**RESPONSE:** **OBJECTION.** Defendant objects to the phrase "tackle" as it suggests that Plaintiff's used force in arresting Plaintiff. Without waiving this objection, Defendant Westmoreland admits to taking part in the arrest of Plaintiff.

2. Did you identify yourself as police officers, when you approached plaintiff's, in the Kingston Square Center, York County? If yes, in what manner?

**RESPONSE:**     **Objection**. Defendant objects to this request for admission on the grounds that it is not a request for admission. Without waiving this objection, Defendant Westmoreland identified himself as a police officer.

3.     Did you or any other officers run toward plaintiff when he exited the Mail Box Etc., 2536 Eastern Blvd., on January 10, 2001?

**RESPONSE:**     **Denied.**

4.     Was Plaintiff's hit by a government vehicle, "Van", driven by Defendant Glowczeski's in the Kingston Square Center, York County?

**RESPONSE:**     **Denied.** By way of further explanation, James ran into a parked police van while attempting to run from present law enforcement officers.

5.     Did you participate in the interdiction operation of the "make Shift package" from California, on January 10, 2001?

**RESPONSE:**     **Admitted.**

6.     Were you aware that there was no contraband, of drug, in the State of Pennsylvania, on January 8, 9, 10, 2001? Especially the interdiction operation; or that the (contraband (marijuana) was still in California? would you authorized such interdiction operation?

**RESPONSE:**     **Objection**. Defendant objects to this request for admission on the grounds that it is not a request for admission.

2

7.    Were you Defendant Morgan Supervisor, on surveillance in the Kingston Square Center, and the State Attorney General?

**RESPONSE:**    **Objection.** Defendant objects to this request for admission on the grounds that it is difficult to understand. Without waiving this objection, Defendant Westmoreland was Defendant Morgan's superivisor at the time of Plaintiff's arrest.

8.    Did Defendant Morgan ever advised you as to the content of the "make shift," package placed at the Mail Box Etc., 2536 Eastern Blvd., for plaintiff's to retrieve, from mail box?

**RESPONSE:**    **I do not recall.**

9.    Was a United Parcel Service Driver given said package, by Agent Morgan, to be delivered at Mail Box Etc., 2536 Eastern Blvd; on January 9 and 10, 2001?

**RESPONSE:**    **Admitted.**

10.    Did plaintiff's attempt to fight with you, Morgan or any Officers during his arrest on January 10, 2001m at the Kingston Square Center:

**RESPONSE:**    **Admitted.** By way of further explanation, James struggled with officers as they tried to arrest him.

11.    Were you in plain clothes, on January 10, 2001, conducting surveillance at the Mail Box Etc., 2536 Eastern Blvd., York County?

3

**RESPONSE:**    **Admitted.**

12.    Did you came in contact with Terisa Mecoy, or Neil Erdenbrack, Mail Box Etc., Clerks, at 2536 Eastern Blvd.?

**RESPONSE:**    **Admitted.**

13.    Did you came in contact with the Plaintiff at the York County Police Department on January 10, 2001?

**RESPONSE:**    **Admitted.**

14.    Was you not concerned about his physically injury from the impact he sustained from the collision of the van driven by Defendant Glowczeski's; which hit this plaintiff?

**RESPONSE:**    **Objection.** Defendant objects to this request for admission on the grounds that it is not a request for admission.

15.    What your extra words to the Plaintiff's when you can into contact with him at the York County Police Department on January 10, 2001, "Are you OK Man! and that if I was OK, and your fellow officers was OK, you would release plaintiff's from custody"?

**RESPONSE:**    **Objection.** Defendant objects to this request for admission on the grounds that it is not a request for admission. Without waiving this objection, Defendant Westmoreland identified himself as a police officer.

4

16.    Did you ever ordered Plaintiff release from custody on January 10, 2001; while he was in the custody of Agent Morgan at the York County Police Department?  (There are two requests numbered 16).

**RESPONSE:**    **Objection.** Defendant objects to this request for admission on the grounds that it is not a request for admission.  Without waiving this objection, Defendant Westmoreland did not order Plaintiff released from custody.

16.    If yes, who did you ordered to release this plaintiff's?  (There are two requests numbered 16).

**RESPONSE:**    **Objection.** Defendant objects to this request for admission on the grounds that it is not a request for admission.

17.    Were you alone, or was Agent Morgan with you when you approached plaintiff's exiting the Mail Box Etc., 2536 Eastern Blvd., on Jan. 10, 2001?

**RESPONSE:**    **Objection.** Defendant objects to this request for admission on the grounds that it is not a request for admission.  Without waiving this objection, Defendant Westmoreland was with Agent Morgan.

18.    Please list all other Defendant that were with you on the morning of January 10, 2001, at the Mail Box Etc., in the Kingston Square Center, when you came into contact with this plaintiff?

5

**RESPONSE:**    **Objection:** Defendant objects to this request for admission on the grounds that it is not a request for admission.

19.    Have you ever discriminate against Black people, or people of a minority race or any race in the past?

**RESPONSE:**    **Denied.** I have never discriminated against anyone.

20.    Are you still a member of the State Attorney General, Drug and Enforcement? if yes, what are your present position?

**RESPONSE:**    **Objection:** Defendant objects to this request for admission on the grounds that it is not a request for admission. Without waiving this objection, Defendant Westmoreland is employed by the Office of Attorney General.

21.    Is it customary policy, of the Attorney Office, upon interdiction operation, that the contraband, especially a drug package, by in the State, conduction the controlled delivery, sometime contraband removed by said agent, before a delivery attempt is made?

**RESPONSE:**    **Admitted.**

22.    Where you aware that the "Make shift" package, believed to contained contraband, did in fact, contained drug?

**RESPONSE:**    **I do not recall.** By way of further information, the Regional Supervisor was aware of the makeshift package.

23.   Did Agent Morgan instructed you that The "Make Shift" package, was the actually, package that contained marijuana?

**RESPONSE:**      **Denied.**

24.   Mr. Westmoreland, have you ever been charge with, or convicted of a crime, or charge with perjury?

**RESPONSE:**      **Objection**. Defendants Westmoreland's criminal background is not relevant to this matter.

25.   You drove plaintiff vehicle back to the York County Police Department, was it ever search by you?  and who was this vehicle return to its rightful owner?

**RESPONSE:**      **Objection**:  Defendant objects to this request for admission on the grounds that it is not a request for admission, and that it is incoherent.

**Respectfully submitted,**

**GERALD J. PAPPERT**
**Attorney General**

**By:** _____

**JASON C. GIURINTANO**
**Deputy Attorney General**
**I.D. No. 89177**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**Counsel for Defendants**

**Office of Attorney General**
**Civil Litigation Section**
**15th Floor, Strawberry Square**
**Harrisburg, PA  17120**

**Date:  April 8, 2004**

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                        :
                          Plaintiff     :
                                        :      No. 1:CV-01-1015
           v.                           :
                                        :      (Judge Kane)
YORK COUNTY POLICE                      :      (Magistrate Judge Mannion)
DEPARTMENT; AGENT JAMES H.              :
MORGAN; DET. RICHARD                    :
PEDDICORD; DET. RAYMOND E.              :
CRAUL; SGT. GENE FELLS; DET.            :
ANTHONY GLOWCZEWSKI; AGENT              :
RANDY SIPES; and AGENT BRIAN            :
WESTMORELAND,                           :
                          Defendants    :

## CERTIFICATE OF SERVICE

I, Jason C. Giurintano, Deputy Attorney General for the Commonwealth of

Pennsylvania, Office of Attorney General, hereby certify that on April 8, 2004, I

caused to be served a true and correct copy of the foregoing document entitled

Defendant Westmoreland's Response to Plaintiff's Request for Admissions by

depositing same in the United States Mail, first-class postage prepaid to the

following:

Tyrone P. James, EX-9451
SCI Rockview
P.O. Box A
Bellefonte, PA  16823

Donald L. Reihart
3015 Eastern Boulevard
York, PA  17402-3026

JASON C. GIURINTANO
Deputy Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                      :
                      Plaintiff     :
                                      :      No. 1:CV-01-1015
        v.                            :
                                      :      (Judge Kane)
YORK COUNTY POLICE                    :      (Magistrate Judge Mannion)
DEPARTMENT; AGENT JAMES H.            :
MORGAN; DET. RICHARD                  :
PEDDICORD; DET. RAYMOND E.            :
CRAUL; SGT. GENE FELLS; DET.          :
ANTHONY GLOWCZEWSKI; AGENT            :
RANDY SIPES; and AGENT BRIAN          :
WESTMORELAND,                         :
                      Defendants :

## DEFENDANT MORGAN'S RESPONSE TO
## PLAINTIFF'S REQUEST FOR ADMISSIONS

1.      Mr. Morgan, On January 9 and 10, place a make shift package at

plaintiff [sic] mail box, 2536 Eastern Blvd., York, Pa. 17402, for plaintiff to

retrieved [sic].

**RESPONSE:**      Admitted.

2.      On January 10, 2001, did you arrest plaintiff, at the Kingston Square

Center, York Pa. 17402.

**RESPONSE:**      ADMITTED in part and denied in part.  It is admitted that

Defendant Morgan took part in the arrest on January 10.  Since this question seems

to imply that Morgan was the only person who was involved in the arrest, it is

DENIED in part, since others were officers involved in the arrest also.

3.    Did you identify yourself as [sic] police offices [sic] or agents upon approaching plaintiff existing [sic] from Mail Box Etc.

**RESPONSE:**    Admitted.

4.    Were you in plaint [sic] clothes, on January 10, 2001, conducting surveillance at the mail box etc., Kingston Square Center.

**RESPONSE:**    Admitted.

5.    Defendant read plaintiff his Miranda warning at the vehicle.

**RESPONSE:**    Admitted.

6.    The Plaintiff tackle [sic] plaintiff to the ground on January 10, 2001 at the Kingston Square Center.

**RESPONSE:**    Denied.

6.    [There are two request for admissions marked #6.]  Detective, Glowczeski, was the driver of the vehicle driven, that hit and escorted plaintiff, on January 10, 2001, in the Kingston Square Center, York County, to the York County Police Department.

**RESPONSE:**    OBJECTION.  Defendant objection to the phrase "hit and escorted Plaintiff" as it suggests that a vehicle hit the Plaintiff.  No vehicle hit the Plaintiff.

7.    Agent Morgan question [sic] plaintiff, has [sic] to the content of the fake package, planted by them at the Mail Box Etc.

**RESPONSE:**    Denied.

8.    Did you Mirandarized [sic] and question plaintiff, at the York County Police Department, on January 10, 2001.

**RESPONSE:**    Denied.  Plaintiff was Mirandized at the police van earlier in the day.

9.    Mr. Morgan, did Plaintiff requested [sic] counsel, and the used [sic] of a phone to contact counsel.

**RESPONSE:**    Denied.

10.    Plaintiff [sic] Lawyer Network Card, was taken out of his property by you and destroyed, after his repeated request to contact counsel.

**RESPONSE:**    Denied.

11.    Defendant contacted several Mail Box Etc., using the contents of plaintiff [sic] personal property, impersonating this plaintiff as being the plaintiff inquiring as to any delivery to his box.

**RESPONSE:**    Denied.

12.    Had anytime, Agent Brian Westmoreland, ordered you to release plaintiff, Tyrone P. James, from custody, while you had him detained at the York County Police Department, on January 10, 2001.

**RESPONSE:**    Admitted in part and denied in part.  It is admitted that Westmoreland discussed releasing Plaintiff.  It is denied that Westmoreland

3

"ordered" the releasing of Plaintiff.  By way of further explanation, District

Attorney Graff, the drug prosecutor, advised Westmoreland and myself to keep

him.

13.    Mr. Morgan, was [sic] you ever verbally abusive languages [sic],

toward plaintiff, by saying on several occasions, while he was at the York County

Police Department, that, "This, is a big case for you, and that you will be published

in the York County Daily News, and that you will frame it on your wall;" that, "It

will be a long time before plaintiff have [sic] sex with his wife, or he will get any

"Pussy," after he is finished with him," and That, "He his [sic] going to arrest

plaintiff [sic] wife, lock both of them up in prison and our children will be placed

in a Faster [sic] home, and be warded a ward of the State."

**RESPONSE:**    Denied.

14.    During your employment at the York County Police Department, and

State Attorney General Office, have you ever discriminate [sic] against people of

any race, color, or origin, specifically Black male people.

**RESPONSE:**    Denied.

15.    Agent Morgan on January 9 and 10 give the make shift package, to a

U.P.S. Driver, to be delivered at plaintiff [sic] mail box, 2536 Eastern Blvd., York,

PA 17402.

**RESPONSE:**    Admitted.

4

17.    [There is no request #16]  On January 10, 2001, did you filed [sic]
charges or filed [sic] criminal complaint against plaintiff's [sic] Tyrone James.

**RESPONSE:**    Admitted.

18.    Mr. Morgan, did you obtained [sic] an arrest warrant, and search
warrant to enter plaintiff [sic] mail box, to placed [sic] make shift box, or to arrest
plaintiff.

**RESPONSE:**    ADMITTED in Part and DENIED in Part.  It is ADMITTED
that arresting officers were in possession of a valid search warrant for the
Plaintiff's mailbox as well as a valid arrest warrant for Plaintiff in January of 2001,
both of which were provided to Plaintiff in his Request for Production of
Documents.  The question is DENIED in part because it is ambiguous, and does
not indicate if the word "you" refers to Morgan personally, or all the arresting law
enforcement officers.

19.    Mr. Morgan, have you ever, instructed, Prison Guard [sic], "Not to
give plaintiff any phone calls pending investigation," while he was at admission at
the York County Prison on January 10, 2001.

**RESPONSE:**    Admitted in part and Denied in part.  It is denied in part
because the question infers that Plaintiff was not afforded the opportunity to call
his attorney, which he was.  It is admitted in part because Plaintiff was not allowed

to make unlimited calls during an active investigation because he may tip off other people about the investigation.

20.    Was there any contraband in the State of Pennsylvania, on January 10, 2001, at the time and place of plaintiff [sic] arrest.

**RESPONSE:**    OBJECTION.  Defendant Morgan Objects to this questions because it is ambiguous.  Morgan is unaware if there was any contraband in the state of Pennsylvania on the time and place of his arrest.

21.    Did you at any time denied [sic] plaintiff access to a phone call to contact his counsel or family.

**RESPONSE:**    Objection:  Defendant objects to this request for admission on the grounds that it is not a request for admission.  Without waiving this objection, Defendant denies ever denying Plaintiff opportunity to make a phone call.

22.    Are you still a member of the State Attorney General Office, Drug Enforcement.

**RESPONSE:**    Denied.

23.    It is routine and established practice for the State Attorney General Office to terminate individual [sic] who violated the law and abuse his fiduciary duties and possession, as a member of the State Attorney General.

6

**RESPONSE:**    OBJECTION.  Defendant Morgan does not have sufficient knowledge to respond to this question, since he is not in a policy making position in the Office of Attorney General.

24.    Was [sic] you terminated for disciplinary reasons.

**RESPONSE:**    Denied.

24.    [This is the second request #24]  State your present Job status and possession.

**RESPONSE:**    OBJECTION.  Defendant Morgan objects to this request as irrelevant and not reasonably calculated to lead to the discovery to admissible evidence.  Mr. Morgan's financial/employment status is not relevant to this action.

25.    Have you every [sic] been charge [sic] of [sic] convicted of a crime, or charge [sic] with perjury.

**RESPONSE:**    Denied.

Respectfully submitted,

**GERALD J. PAPPERT**
**Attorney General**

By:    _____
**JASON C. GIURINTANO**
**Deputy Attorney General**
**I.D. No. 89177**

**Office of Attorney General**        **SUSAN J. FORNEY**

7

Civil Litigation Section                    Chief Deputy Attorney General
15th Floor, Strawberry Square               Chief, Litigation Section
Harrisburg, PA  17120
                                            Counsel for Defendants
Date:  April 15, 2004

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                    :
                 Plaintiff    :
                         :    **No. 1:CV-01-1015**
   v.                               :
                         :    **(Judge Kane)**
YORK COUNTY POLICE              :    **(Magistrate Judge Mannion)**
DEPARTMENT; AGENT JAMES H.  :
MORGAN; DET. RICHARD           :
PEDDICORD; DET. RAYMOND E.   :
CRAUL; SGT. GENE FELLS; DET.   :
ANTHONY GLOWCZEWSKI; AGENT :
RANDY SIPES; and AGENT BRIAN  :
WESTMORELAND,                     :
              Defendants :

## CERTIFICATE OF SERVICE

I, Jason C. Giurintano, Deputy Attorney General for the Commonwealth of

Pennsylvania, Office of Attorney General, hereby certify that on April 15, 2004, I

caused to be served a true and correct copy of the foregoing document entitled

Defendant Morgan's Response to Plaintiff's Request for Admissions by depositing

same in the United States Mail, first-class postage prepaid to the following:

Tyrone P. James, EX-9451            Donald L. Reihart
SCI Rockview                        3015 Eastern Boulevard
P.O. Box A                          York, PA  17402-3026
Bellefonte, PA  16823

                                 **JASON C. GIURINTANO**
                                 **Deputy Attorney General**

4/13
DISC
JCG

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                      :
                    **Plaintiff**      :
                                :    **No. 1:CV-01-1015**
   v.                            :
                                :    **(Judge Kane)**
YORK COUNTY POLICE                    :    **(Magistrate Judge Mannion)**
DEPARTMENT; AGENT JAMES H.            :
MORGAN; DET. RICHARD                  :
PEDDICORD; DET. RAYMOND E.            :
CRAUL; SGT. GENE FELLS; DET.          :
ANTHONY GLOWCZEWSKI; AGENT            :
RANDY SIPES; and AGENT BRIAN          :
WESTMORELAND,                         :
                **Defendants** :

## PLAINTIFF'S REQUEST FOR ADMISSIONS OF DEFENDANT CRAUL

       Pursuant to Rule 36, Fed.R.Civ.P., plaintiff requests the defendant,

Raymond E. Craul, to make the following admissions within 30 days after the

service of this request:

       1.     Are you a member of the Springettsburg, Township Police

Department, involved in the surveillance and the arrest of Plaintiff's?

**RESPONSE:**     Admitted.

       2.     Did you tackle plaintiff's, Tyrone P. James, to the ground, on January

10, 2001, in the Kingston Square Center?

**RESPONSE:** OBJECTION. Defendant objects to the phrase "tackle" as it suggests that Plaintiff's used force in arresting Plaintiff. Without waiving this objection, Defendant Craul admits to taking part in the arrest of Plaintiff.

3.    Were you one of the members of the surveillance teams that was driving into the vehicle drive by Det. Glowszeki's that struck plaintiff to the ground, on January 10, 2001, on or around 10:35 A.M.?

**RESPONSE:** OBJECTION. Plaintiff's question insinuates that that a vehicle was driven into the Plaintiff, which did not happen.

4.    Did the government vehicle driven by Detective Glowsczeski's hit the plaintiff Tyrone P. James, to the ground?

**RESPONSE:**    Denied.

5.    Did you participate in the interdiction operation, of the exchange of contraband, naming marijuana, from the United Parcel Service main office, from one package to the next, to be place a plaintiff's mail box; to conduct a control delivery, for this plaintiff to retrieve?

**RESPONSE:**    Admitted.

6.    Did you conduct a thorough search of plaintiff's personal property, at the York County Police Department?

**RESPONSE:**    Admitted.

2

7.    Did you see in his personal property upon conducting the search, a Attorney Network Card, in his property?

**RESPONSE:**    Denied.

8.    Did you gave this plaintiff's, Tyrone P. James, a Inventory Receipts, of all property confiscated from his person, on January 10, 2001?

**RESPONSE:**    Denied.

9.    Did you finger print and process plaintiff's on or around 2 p.m., on January 10, 2001, at the York County Police Department?

**RESPONSE:**    I do not recall.

10.    Did you not denied, plaintiff's a phone call to contact his Attorney; while he was at the York County Police Department, and he request counsel, before and after processing?

**RESPONSE: Objection.** Defendant objects to this request for admission on the grounds that it is difficult to understand. Without waiving this objection, Defendant Craul did not deny Plaintiff's request to contact an attorney.

11.    Were you the Officer that filed criminal complaint against this Plaintiff's?

**RESPONSE:**    Admitted, in part, denied in part. It is admitted that I filed charges in one case against Plaintiff.

3

12.    Did you got involved in the investigation on January 8, 2001? If yes, explain the extent of your Investigation?

**RESPONSE:** Objection: Defendant objects to this request for admission on the grounds that it is not a request for admission.

13.    At the time you filed Criminal Complaint, against plaintiff, were you aware that the actual contraband from the interdiction, was still in California?

**RESPONSE:**    Admitted in Part and Denied in Part. By way of further explanation, I was aware that the contraband was being sent to the Pennsylvania Office of Attorney General.

14.    Did you obtain an arrest warrant, or search warrant to arrest plaintiff, or to enter is mail box to place "Make Shift" package?

**RESPONSE:** ADMITTED in Part and DENIED in Part. It is ADMITTED that arresting officers were in possession of a valid search warrant for the Plaintiff's mailbox as well as a valid arrest warrant for Plaintiff in January of 2001, both of which were provided to Plaintiff in his Request for Production of Documents. The question is DENIED in part because it is ambiguous because it does not indicate if the word "you" refers to Craul personally, or all the arresting law enforcement officers.

15.    What time after processing plaintiff's did you arraign him? was it any time after 7:30 p.m.?

4

**RESPONSE:** Objection: Defendant objects to this request for admission on the grounds that it is not a request for admission.

16.    Was there any a United Parcel Service, delivery of the "Make Shift" Box, you allegation, stated, that Morgan placed the package at plaintiff's mail box, at 2536 Eastern Blvd., York, County?

**RESPONSE:** Defendant is unable to respond to this admission because it makes no sense.

17.    You said that you were in the moving vehicle; when Agent Westmoreland and Morgan were chasing plaintiff's, and he run, and plaintiff run into it. was the vehicle moving when plaintiff run into the vehicle?

**RESPONSE:** Objection: Defendant objects to this request for admission on the grounds that it is not a request for admission. Without waiving this objection, it is Denied that the vehicle was moving.

18.    Did you inspect, any legal documents, contracts, binding documents, and U.S. Postal Forms, and the ail Box Etc., Owner or Clerks, and signed by them, on January 8, 9, and 10, 2001; while you were investigating the plaintiff, mail box at 2536 Eastern Blvd., (There are two request numbered 18).

**RESPONSE:**      Denied.

18.    What reports were made about the Assault?  do you have in possession, copy of the January 10, 2001, police report, made out by you, Det.

Craul Affidavit of probable cause; Springettsbury Township Police Department, General incident report, No. 2001-0123-M26, UCRCode 1832; U.S. Department of Justice File Number 2001R000(James).; that you not made sworned testimony under oath, of the Affidavit of Probable cause on January 10, 2001, at or around 7:09 p.m., before District Justice Leppo, that the "The original parcel was forwarded to the Lemoyne office of the Pennsylvania Office of Regional Evidence Room for transportation to the PSP Crime Lab". knowing that there was no contraband of drug or marijuana, probable cause to arrest plaintiff, no arrest or search warrant obtained, at the time you made such sworn statement, before District Justice Leppo?  (see Affidavit of Probable Cause LIN L080216-3, Attachment 5).  (There are two request numbered 18)

**RESPONSE:**  Objection:  Defendant objects to this request for admission on the grounds that it is not a request for admission.

19.    Did you seek Federal Grand Jury Indictment, against this plaintiff's?

**RESPONSE:**    Denied.

20.    What are you present position with the York County Police Department, Springettsburg Township Police Department, and the York County Drug Task Force?

**RESPONSE:**  Objection:  Defendant objects to this request for admission on the grounds that it is not a request for admission.

21.   Mr. Crual, During your years of employment with these agencies, did you ever discriminate against members of the black race, or any other minority groups, in you line of work?

**RESPONSE:**   Denied.

22.   Mr. Crual, have you ever been charge or convicted of a crime, or charged with perjury?

**RESPONSE:**  Objection.  Defendants Craul's criminal background is not relevant to this matter.  Without waiving this objection, Defendant denies ever being convicted of a crime.

23.   What reports were made about the auto accident, or the assault?

**RESPONSE:**  Objection:  Defendant objects to this request for admission on the grounds that it is not a request for admission.

24.   Who made reports about the assault?

**RESPONSE:**  Objection:  Defendant objects to this request for admission on the grounds that it is not a request for admission.

25.   What procedure was used in this case when plaintiff's was arrested that required excessive use of force?

**RESPONSE:**  Objection:  Defendant objects to this request for admission on the grounds that it is not a request for admission.

7

Respectfully submitted,

GERALD J. PAPPERT
Attorney General

By: _____

JASON C. GIURINTANO
Deputy Attorney General
I.D. No. 89177

Office of Attorney General
Civil Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA  17120

Date:  April 13, 2004

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

Counsel for Defendants

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                    :
                       Plaintiff    :
                                    :     No. 1:CV-01-1015
        v.                          :
                                    :     (Judge Kane)
YORK COUNTY POLICE                  :     (Magistrate Judge Mannion)
DEPARTMENT; AGENT JAMES H.          :
MORGAN; DET. RICHARD                :
PEDDICORD; DET. RAYMOND E.          :
CRAUL; SGT. GENE FELLS; DET.        :
ANTHONY GLOWCZEWSKI; AGENT          :
RANDY SIPES; and AGENT BRIAN        :
WESTMORELAND,                       :
                       Defendants   :

## CERTIFICATE OF SERVICE

I, Jason C. Giurintano, Deputy Attorney General for the Commonwealth of

Pennsylvania, Office of Attorney General, hereby certify that on April 13, 2004, I

caused to be served a true and correct copy of the foregoing document entitled

Defendant Craul's Response to Plaintiff's Request for Admissions by depositing

same in the United States Mail, first-class postage prepaid to the following:

Tyrone P. James, EX-9451
SCI Rockview
P.O. Box A
Bellefonte, PA  16823

Donald L. Reihart
3015 Eastern Boulevard
York, PA  17402-3026

**JASON C. GIURINTANO**
**Deputy Attorney General**



## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                   :
                  **Plaintiff**    :
                             :    **No. 1:CV-01-1015**
    **v.**                           :
                             :    **(Judge Kane)**
YORK COUNTY POLICE                 :    **(Magistrate Judge Mannion)**
DEPARTMENT; AGENT JAMES H.         :
MORGAN; DET. RICHARD               :    **Electronically Filed**
PEDDICORD; DET. RAYMOND E.         :
CRAUL; SGT. GENE FELLS; DET.       :
ANTHONY GLOWCZEWSKI; AGENT :
RANDY SIPES; and AGENT BRIAN       :
WESTMORELAND,                      :
                **Defendants** :

## REQUEST FOR ADMISSIONS

Pursuant To Rule 36, Federal Rule Civil Procedure, plaintiff's request the defendant Anthony (Tony) Glowczeski, to make the following admissions within 30 day's after the service of this request.

1.    Did you came in Contact with Plaintiff's, Tyrone P. James, on January 10, 2001, at the Mail Box Etc., 2536 Eastern Blvd., York, PA 17402, in the Kingston Square Center?

**RESPONSE: Admitted**

1.    Were you the Driver of the vehicles that hit plaintiff's, Tyrone P. James, in the parking lot of the Kingston Square Center, York County, Pennsylvania, on January 10, 2001 ?

**RESPONSE:**  OBJECTION.  Plaintiff's question insinuates that that a vehicle was driven into the Plaintiff, which did not happen.

3.    Did you intentionally drove the vehicle into Plaintiff's, in order to apprehended him or stopped him?

**RESPONSE:  Denied.**

4.    Did you see Plaintiff's, when he entered and existed the Mail Box Etc., 2536 Eastern Blvd., York, PA.?

**RESPONSE:  Denied**

5.    If Yes to Question No. 4; What was he carry in his hand?  And did he threw, or attempted to threw anything at any of the Agents, or Defendants Westmoreland or Morgan that approached him, in the Kingston Square Center?

**RESPONSE:  Objection.**  Defendant objects to this request for admission on the grounds that it is not a request for admission.

6.    Did you see Defendant Morgan and Westmoreland running toward Mr. James, upon him existing the Mail Box Etc.?

**RESPONSE:  Admitted.**

7.    Were they all in plain clothes?

**RESPONSE:  Admitted.**

8.    Were Defendant Craul and Peddicord riding with you in the vehicle you was driving at the time of arrest, meaning the van, by transporting them to the

2

surveillance, at Kingston Square and transporting Plaintiff's to the York County

Police Department?

**RESPONSE:** **Admitted.**

    9.    Did you spoke with Plaintiff's on January 10, 2001, in the Kingston

Square Center at the time of his arrest, or did he spoke with you?

**RESPONSE:** **Admitted.**

    10.    If yes to Question (9), Please indicate, when this conversation

occurred?

**RESPONSE:** **Objection.** Defendant objects to this request for admission on the

grounds that it is not a request for admission.

    11.    Did you or any of the Defendant; specifically defendant Morgan, reed

plaintiff's his Miranda warning upon his arrest at the van, on January 10, 2001?

**RESPONSE:** **I don't recall.**

    12.    Did you see or hear defendant Morgan, approached plaintiff's, and

asked him what was in the package, he was carry?

**RESPONSE:** **Denied.**

    13.    Did you place a make shift package at the Mail Box Etc., for

plaintiff's to retrieved?

**RESPONSE:** **Denied.**

3

14.    Did you transported Plaintiff's to the York County Police Department, on January 10, 2001, at 10:35 a.m.?

**RESPONSE:  Admitted.**

15.    During your employment with the York County Police Department; York County Drug Task Force, or the State Attorney's General Office, have you ever use excessive force again any individual, or discriminated against people of any race color or origin, specifically Black people?

**RESPONSE:  Denied.**

16.    Are you still a member of York County Police Department, or the York County Drug Task Force?  If yes, what is your possession?

**RESPONSE:  Admitted.**

17.    If you said that the vehicle you were driving stopped; then you looked through your right rear, you could see the black male rapidly swing, isn't that obvious that this vehicle was still moving when you were driving said vehicle, that run into Plaintiff?

**RESPONSE:** Defendant is unable to respond to this admission because it makes no sense.

18.    Why is it that your refer to Plaintiff's as Black male, Seven time in your Response To Plaintiff's First Set Of Interrogatories; Are you a racist cop?

**RESPONSE:  Denied.**

4

19.    State your present Job status an possession, with the York County

Drug Task Force, and Police Department?

**RESPONSE:** **Objection.** Defendant objects to this request for admission on the

grounds that it is not a request for admission.

20.    Have you ever been charge or convicted of a crime, or charge with

perjury?

**RESPONSE:** **Denied.**

21.    Did you received any training, during your years has a Police

Officers, with the various Police Department, which you have worked for, in the

use of excessive force, when apprehending a suspect, in an arrest; specifically

without a warrant?

**RESPONSE:** **Admitted.**

22.    Described the make and model of the van or truck, you were driving

on January 10, 2001, that was use to struck plaintiff's, in the parking lot at

Kingston Square Center?

**RESPONSE:** **Objection.** Defendant objects to this request for admission on the

grounds that it is not a request for admission.

23.    Did you identify yourself as police officers, at the time plaintiff's was

apprehended in the parking Lot at 2536 Eastern Blvd., York, PA  17402, in the

Kingston Center?

**RESPONSE:  Denied.**  By way of further explanation, I was in the van at the time

Plaintiff was arresed, and I did not have the oppuruntity to identify myself.


                                              Respectfully submitted,

                                              GERALD J. PAPPERT
                                              Attorney General


                              By:     _____

                                              JASON C. GIURINTANO
                                              Deputy Attorney General
                                              I.D. No. 89177


**Office of Attorney General**              SUSAN J. FORNEY
**Civil Litigation Section**                 **Chief Deputy Attorney General**
**15th Floor, Strawberry Square**            **Chief, Litigation Section**
**Harrisburg, PA  17120**

**Date:  May 5, 2004**                       **Counsel for Defendants**


                                    6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                          :
                       Plaintiff    :

                                :      **No. 1:CV-01-1015**

    v.                                     :

                                :      **(Judge Kane)**

YORK COUNTY POLICE                        :      **(Magistrate Judge Mannion)**
DEPARTMENT; AGENT JAMES H.                :
MORGAN; DET. RICHARD                      :
PEDDICORD; DET. RAYMOND E.                :
CRAUL; SGT. GENE FELLS; DET.              :
ANTHONY GLOWCZEWSKI; AGENT :
RANDY SIPES; and AGENT BRIAN              :
WESTMORELAND,                             :
                     Defendants :

## CERTIFICATE OF SERVICE

    I, Jason C. Giurintano, Deputy Attorney General for the Commonwealth of

Pennsylvania, Office of Attorney General, hereby certify that on May 5, 2004, I

caused to be served a true and correct copy of the foregoing document entitled

Defendant Glowczeski's Response to Plaintiff's Request for Admissions by

depositing same in the United States Mail, first-class postage prepaid to the

following:

Tyrone P. James, EX-9451
SCI Rockview                                  Donald L. Reihart
P.O. Box A                                    3015 Eastern Boulevard
Bellefonte, PA  16823                         York, PA  17402-3026

                                         **JASON C. GIURINTANO**
                                         **Deputy Attorney General**

Disc 5/14/04

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,               :
                    Plaintiff  :
                               :     No. 1:CV-01-1015
    v.                         :
                               :     (Judge Kane)
YORK COUNTY POLICE             :     (Magistrate Judge Mannion)
DEPARTMENT; AGENT JAMES H.     :
MORGAN; DET. RICHARD           :     Electronically Filed
PEDDICORD; DET. RAYMOND E.     :
CRAUL; SGT. GENE FELLS; DET.   :
ANTHONY GLOWCZEWSKI; AGENT     :
RANDY SIPES; and AGENT BRIAN   :
WESTMORELAND,                  :
                    Defendants :

## REQUEST FOR ADMISSIONS TO DEFENDANT KESSLER

Pursuant To Rule 36, Fed..R.Civ.P., Plaintiff's request the defendant Robert

Kessler to make the following admissions within 30 day's after the service of this

request.

1.    Mr. Kessler, you created the "Make shift package" on January 9,

2001, at the main United Parcel Service, in York County, which was placed at

plaintiff's mail box, 2536 Eastern Blvd., York, Pa 17402?

**RESPONSE:** I have no recollection of this.

2.    You hand wrote the addresses and returned address, to this "Make

Shift Package," that was placed a the Mail Box Etc., 2536 Eastern Blvd., York, Pa

17402?

**RESPONSE:** I have no recollection of this.

3.      Defendant Morgan, gave you this address, to be placed on the Make

Shift Package?

**RESPONSE:** I have no recollection of this.

4.      You prepared a arrest and search warrant, for the plaintiff's and the

mail box, at 2536 Eastern Blvd., York, PA 17402, Mail Box Etc., on January 9 and

10, 2001, at 10:30 a.m.?

**RESPONSE:** I have no recollection of this.

5.      You hand deliver or gave the make shift package to the United Parcel

Service, kdriver, to be delivered at Mail Box Etc., York, Pa 17402, on January 9

and 10, 2001?

**RESPONSE:** I have no recollection of this.

6.      Defendant Peddicord a party of the vehicle which you were traveling

in before the arrest of plaintiff's on January 10, 2001, around 10:30 a.m.?

**RESPONSE:** Admitted.

7.      You obtained only one search warrant in this case, and this was

obtained from District Justice Kessler, on January 10, 2001, at 7:18 p.m.?

**RESPONSE:** Denied.

8.      Was Mr. James arrested at the Mail Box Etc., Kingston Square Center

on January 10, 2001, around 10:35 a.m.?

**RESPONSE:** Admitted.

9.    You prepare and arrest warrant and search warrant on January 10,

2001, at 10:35 a.m., to place "Make Shift Package," at plaintiff's mail box to arrest

plaintiff?

**RESPONSE:** Denied.

10.    Mr. Kessler, are you the Brother of District Justice, Kessler, 301 N.

Main St., York, New Salem, Pa 17371?

**RESPONSE:** Admit.

11.    You prepare Affidavit Of Probable Cause, to support Warrant Control

Number: 3695-A?

**RESPONSE:** No Recollection

12.    You conducted and interdiction at the United Parcel Service, York,

County?

**RESPONSE:** No Recollection

13.    You were aware that there was no contraband, meaning drugs in the

state of Pennsylvania, at time Plaintiff's was arrest?

**RESPONSE:** No Recollection

14.    You are familiar with Title 18 Pa.C.S. 313(a), Entrapment?

**RESPONSE:** Admitted.

3

15.    You had Probable Cause to arrest plaintiff's on January 10, 2001, in the Kingston Square Center, Mail Box Etc., 2536 Eastern Blvd., York Pa 17402?

**RESPONSE**  Admitted.

16.    You Supervise the York County Drug Task Force?

**RESPONSE**  Admitted.

17.    You discriminate against minority people, such as Black, Asian or Spanish race, or other race or decreed, because of the color of their skin, race, origin or nationality?

**RESPONSE:**  Denied

18.    You the party of any law suit in any State of Federal Court?

**RESPONSE:**  Denied

19.    You ever been convicted or charged with a crime, or perjury in any court?

**RESPONSE:**  Denied

20.    Still the Supervisor of the York County Drug Task Force?

**RESPONSE:**  Denied

**Respectfully submitted,**

**GERALD J. PAPPERT**
**Attorney General**

By: _____

**JASON C. GIURINTANO**
**Deputy Attorney General**

4

I.D. No. 89177

Office of Attorney General
Civil Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA  17120

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

Counsel for Defendants

Date:  May 14, 2004

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                           :
                    **Plaintiff**    :
                              :    **No. 1:CV-01-1015**

   **v.**                                     :

                              :    **(Judge Kane)**
**YORK COUNTY POLICE**                      :    **(Magistrate Judge Mannion)**
**DEPARTMENT; AGENT JAMES H.**             :
**MORGAN; DET. RICHARD**                    :
**PEDDICORD; DET. RAYMOND E.**             :
**CRAUL; SGT. GENE FELLS; DET.**           :
**ANTHONY GLOWCZEWSKI; AGENT**             :
**RANDY SIPES; and AGENT BRIAN**           :
**WESTMORELAND,**                           :
               **Defendants :**

## CERTIFICATE OF SERVICE

I, Jason C. Giurintano, Deputy Attorney General for the Commonwealth of

Pennsylvania, Office of Attorney General, hereby certify that on May 14, 2004, I

caused to be served a true and correct copy of the foregoing document entitled

Defendant Kessler's Response to Plaintiff's Request for Admissions by depositing

same in the United States Mail, first-class postage prepaid to the following:

Tyrone P. James, EX-9451
SCI Rockview
P.O. Box A
Bellefonte, PA  16823

Donald L. Reihart
3015 Eastern Boulevard
York, PA  17402-3026

**JASON C. GIURINTANO**
**Deputy Attorney General**