# James v. York County Police Dept., et al.
## No. 01-1015

# EXHIBIT B



# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                          :
                  **Plaintiff**    :
                              :    **No. 1:CV-01-1015**
    **v.**                                :
                              :    **(Judge Kane)**
**YORK COUNTY POLICE**                    :    **(Magistrate Judge Mannion)**
**DEPARTMENT; AGENT JAMES H.**            :
**MORGAN; DET. RICHARD**                  :    **Electronically Filed**
**PEDDICORD; DET. RAYMOND E.**            :
**CRAUL; SGT. GENE FELLS; DET.**          :
**ANTHONY GLOWCZEWSKI; AGENT** :
**RANDY SIPES; and AGENT BRIAN**          :
**WESTMORELAND,**                         :
              **Defendants** :

## MORGAN'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANTS

Plaintiff, pro se, hereby requests that the defendants answer the following interrogatories under oath, separately and fully, within thirty (30) days of the time of service in accordance with Rule 25 and 33 of the federal Rules of Civil Procedure. In answering these interrogatories, please furnish all information that is available to you including, but not limited to, information in the possession of your employers, principals, agents, attorney(s) and accountants; not merely information known to the personal knowledge of the person preparing the answers.

These request are deemed t be continuing, and you have the duty to supplement your responses if you obtain further information between the time answers are served and the time of trail.

Definitions

1.    The term "incident" shall refer to the entire series of interactions between Tyrone P. James and members of the York County Police Department and State Attorney General office, or any other employers of the York County Police, et. al, as described in the Complaint.

2.    The term "document" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure and shall refer to any means by which information is recorded or retained including, without limitation, originals, non-identical copies, drafts, or electronic or computer data storage.  "Writings" shall include, without limitation, all materials of any kind including, but not limited to, orders, instructions, directives, regulations, reports, interviews, statements, summaries, complaints, transcripts, memoranda, notes, correspondence, and logs. "Documents" also refers to microfilm, microfiche videotape, motion pictures, audio tape and any other electronic or mechanical recording.

3.    The term "identify" or "identity" when used with respect to persons is a request for you to supply the full name, address, height, weight, and date of birth of the person to be identified.

4.    The term "identify" or "identity" when used with respect to

documents is a request of you to supply the date of the document, the author, the

addressee, if any, the length in pages the title and a brief description of the contents

of the document.

## INTERROGATORIES

1.    What is your full name, badge or identification number, present

height, weight and date of birth?

**RESPONSE:**  James H. Morgan, 6'4", 270 lbs., 3-23-60

**2.**    With regard to your occupation or employment from the date you first

began working at full-time employment to the present, state:

      a.    the name and address of any and all of your employer(s):

      b.    for each job, the date and reason you left the employment;

      c.    for each job, the date and reason you left the employment;

      d.    if you were appointed to any positions, the date and term of the

name and address of the person or body to whom you were or are responsible;

were you ever terminated.

**RESPONSE**:  Defendant was, and is no longer, employed by the OAG, but

OBJECTS to the rest of this question on the basis that this request is overly broad

and seeks irrelevant material.  While Defendants concede that their occupation at

the time of the facts complained of by Plaintiff may be relevant, information about

any and all past employers, and the reasons they chose their occupations, and subjective reasons they chose to leave their employment are overly broad and not relevant to this proceeding.

3.    What, if any, educational requirements are prerequisite to appointment as a police officer, or law enforcement officer with the York County Police Department, or the State Attorney General Office?

**RESPONSE**:  To the best of my knowldege, the OAG requires at least a High school diploma, Act 120 training, and/or a college diploma.  I am not aware of an agency called the York County Police Department.

4.    For any high school or institution or higher learning which you have attended, state the name and address of each institution, the dates you attended and the degree or certification that you received.

**RESPONSE**:

1978, Chester H.S, in Chester, Pa. (diploma).

79-83, York College of Pa. (B.S.) – York, Pa

Temple University – Harrisburg, Pa, 2003 (no degree)

Harrisburg area community college (Act 120 training) 1986

5.    State the nature and duration of any training or experience as a police officer which is a prerequisite to appointment as a police officer for the York

County Police Department, State Attorney General Office and The York County District Attorney's office.

**RESPONSE**: To the best of my knowldege, the OAG requires at least a High school diploma, Act 120 training, and/or a college diploma. I am not aware of an agency called the York County Police Department.

6.      Were you ever a defendant in any suit which charged you, individually or in your official capacity as a police officer in the appropriate agency, with which you is or were employed, with abuse of your lawful authority? If yes, state for each suit:

        a.      the name and address of each plaintiff;

        b.      the name and address of each defendant;

        c.      the nature of the cause of actions;

        d.      the date on which the suit was instituted;

        e.      the court in which the suit was instituted;

        f.      the name and address of the attorney for each party;

        g.      the result of each suit that has been concluded by judgment or

settlement.

**RESPONSE**:      No, I was never a defendant.

7.    If you were ever enjoined from engaging in any conduct by a state or federal court decree, identify the court, title and docket number of the case, date of the decree, and nature of the conduct enjoined.

**RESPONSE**:  Defendant OBJECTS on the basis that it vague and ambiguous.  More specifically, "any conduct" may encompass material that is irrelevant or covered by work product information.

8.    Were there in existence at the time of these incidents, internal administrative procedures designed to prevent and correct instances of abuse of the authority of police officers of the York County Police Department?  If yes, state:

        a.    the nature of such procedure;

        b.    the person who is responsible for implementing such procedures;

        c.    any charges ever made against you in internal administrative procedure(s), including the names and addresses of all complainants, the nature of the charges, the identity of the person administering the disciplinary proceedings, and the outcome.

**RESPONSE:**

        a. I was not employed by the "York County Police Department"

        b. I was not employed by the "York County Police Department"

        c. I was not employed by the "York County Police Department"

9.    Were either you or your employer insured during the period of time during which this incident occurred against judgments or personal liability bases on any abuse of you lawful authority, or were either you or your employer a party to any bonding agreement by which you were held free of liability or by which an insurance company will stand as a guarantor or surety in connection with any state judgment based on any abuse of your lawful authority?  If yes, State:

      a.    the name and address of the insurer;

      b.    the name and address of the person or persons who pay(s) the premiums;

      c.    the identification number of the policy;

      d.    the effective dates of each policy;

      e.    the policy limits, or amount of any bond;

      f.    the substance of declaimers of liability contained in the policy;

**RESPONSE**:  Defendants were all covered by the Commonwealth of Pennsylvania's self-insurance program, and are entitled to representation by the Office of Attorney General.  The address and name of is: Pennsylvania Department of General Services, Bureau of Risk Management,  P.O. Box 1365, Harrisburg, PA 17105.  This is a state self-insurance program, so there is not "identification" number for an individual policy.  The policy is currently in effect, and was in effect in 2001 when the incident complained of occurred.  The policy limits are $250,000

per person/$1 million per incident. Defendants are unaware of what Plaintiff means when he requests the "declaimers of liability" contained in the policy.

10.    What is your monthly net wage after deduction or withholdings made for income tax, social security, medical insurance, pensions and other like deductions or withholdings?

**RESPONSE**: Defendant OBJECTS because this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way of further information, the income of Defendants is not relevant to this action.

11.    Describe any investments you presently have which yield income, including the nature and amount of each investment.

**RESPONSE**: Defendant OBJECTS because this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way of further information, the income of Defendants is not relevant to this action.

12.    Describe any real property or proprietary or possessory interests which you hold, including the identity, location and nature of each interest and the amount of income realized.

**RESPONSE**: Defendant OBJECTS because this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way of further information, the income of Defendants is not relevant to this action.

13.     State specifically and in detail the date and exact sequence of events that took place during any interaction between you and Tyrone James, including but not limited to the events in January 10, 2001.

**RESPONSE**: Pursuant to Magistrate Judge Mannion's Order dated May 4, 2004, Defendants are not required to respond to this interrogatory.

14.     For each incident identified in response to interrogatory number 13, state:

a.     the name, badge or identification number, and present address of any other person involved in or known by you to have witnessed the interactions;

b.     the date, substance, and person involved in any conversation or oral report about any such incident;

c.     the identity of any forms or documents created in preparation for or response to any such interaction.

d.     the garments you were wearing at the time of each interactions;

e.     the exact amount, types, and times that you ingested alcoholic beverages on the day of any such interaction;

f.     any ordinance, rule or policy authorizing or tending to authorize or ratify any actions you took with regard to plaintiff Tyrone James; state the substance of each such ordinance, rule or policy and its citation, if any.

**RESPONSE**     Pursuant to Magistrate Judge Mannion's Order dated May 4, 2004, Defendants are not required to respond to this interrogatory.

15.     Do you now or have you ever suffered from any mental disease, defect or disorder?  If yes, state the nature, treatment and medical personnel with knowledge of the disease, defect, or disorder.

**RESPONSE**: no

16.     Have you ever been arrested and/or convicted of any crime whatsoever?  If yes, state the offense, date of occurrence, location and disposition of the case.

**RESPONSE**: no

17.     Have you received any discipline from the York County Police Department, State Attorney General Office, and any appropriate agency as a result of the incident involving the plaintiff?  If yes, state:

     a.     the nature of the discipline;

     b.     the facts on which such discipline was based;

     c.     who ordered and who administered the disciplinary actions;

**RESPONSE**:

     a. no

     b. no

     c. no

18.    For each expert witness you intend to call at trail, please state the expert's name and present address, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of grounds for each such opinion.

<u>RESPONSE</u>:  Defendant OBJECTS because this information because undersigned counsel, and not the defendants, will ultimately determine which witnesses are called.

Respectfully submitted,

**GERALD J. PAPPERT**
**Attorney General**

By:    s/Jason C. Giurintano_____
**JASON C. GIURINTANO**
**Deputy Attorney General**
**I.D. No. 89177**

**Office of Attorney General**          **SUSAN J. FORNEY**
**Civil Litigation Section**            **Chief Deputy Attorney General**
**15th Floor, Strawberry Square**       **Chief, Litigation Section**
**Harrisburg, PA  17120**

**Date:  June 9, 2004**                 **Counsel for Defendants**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                          :
                     **Plaintiff**    :
                                  :    No. 1:CV-01-1015
   **v.**                                     :
                                  :    **(Judge Kane)**
YORK COUNTY POLICE                        :    **(Magistrate Judge Mannion)**
DEPARTMENT; AGENT JAMES H.                :
MORGAN; DET. RICHARD                      :
PEDDICORD; DET. RAYMOND E.                :
CRAUL; SGT. GENE FELLS; DET.              :
ROBERT KESSLER; DET. ANTHONY             :
GLOWCZEWSKI; AGENT RANDY                  :
SIPES; and AGENT BRIAN                    :
WESTMORELAND,                             :
                 **Defendants** :

## VERIFICATION

    I, **James Morgan,** hereby declare under the penalty of perjury, that the responses to these interrogatories are true and correct to the best of my knowledge, information and belief.


_____6/1/04_____                       _____
DATE                                      James Morgan



# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,      :
               **Plaintiff**   :
                        :      **No. 1:CV-01-1015**
    v.                      :
                        :      **(Judge Kane)**
YORK COUNTY POLICE      :      **(Magistrate Judge Mannion)**
DEPARTMENT; AGENT JAMES H.      :
MORGAN; DET. RICHARD      :      **Electronically Filed**
PEDDICORD; DET. RAYMOND E.      :
CRAUL; SGT. GENE FELLS; DET.      :
ANTHONY GLOWCZEWSKI; AGENT :
RANDY SIPES; and AGENT BRIAN      :
WESTMORELAND,      :
              **Defendants** :

## CRAUL'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANTS

Plaintiff, pro se, hereby requests that the defendants answer the following interrogatories under oath, separately and fully, within thirty (30) days of the time of service in accordance with Rule 25 and 33 of the federal Rules of Civil Procedure. In answering these interrogatories, please furnish all information that is available to you including, but not limited to, information in the possession of your employers, principals, agents, attorney(s) and accountants; not merely information known to the personal knowledge of the person preparing the answers.

These request are deemed t be continuing, and you  have the duty to supplement your responses if you obtain further information between the time answers are served and the time of trail.

### Definitions

1.    The term "incident" shall refer to the entire series of interactions between Tyrone P. James and members of the York County Police Department and State Attorney General office, or any other employers of the York County Police, et. al, as described in the Complaint.

2.    The term "document" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure and shall refer to any means by which information is recorded or retained including, without limitation, originals, non-identical copies, drafts, or electronic or computer data storage.  "Writings" shall include, without limitation, all materials of any kind including, but not limited to, orders, instructions, directives, regulations, reports, interviews, statements, summaries, complaints, transcripts, memoranda, notes, correspondence, and logs. "Documents" also refers to microfilm, microfiche videotape, motion pictures, audio tape and any other electronic or mechanical recording.

3.    The term "identify" or "identity" when used with respect to persons is a request for you to supply the full name, address, height, weight, and date of birth of the person to be identified.



4.      The term "identify" or "identity" when used with respect to

documents is a request of you to supply the date of the document, the author, the

addressee, if any, the length in pages the title and a brief description of the contents

of the document.

<div align="center">INTERROGATORIES</div>

1.      What is your full name, badge or identification number, present

height, weight and date of birth?

**RESPONSE:**   Raymond Edward Craul, 5'11", 210 lbs. 42, Badge # 16

**2.**      With regard to your occupation or employment from the date you first

began working at full-time employment to the present, state:

     a.      the name and address of any and all of your employer(s):

     b.      for each job, the date and reason you left the employment;

     c.      for each job, the date and reason you left the employment;

     d.      if you were appointed to any positions, the date and term of the

name and address of the person or body to whom you were or are responsible;

were you ever terminated.

**RESPONSE**:  Defendant Craul is currently employed by the Springettsbury

Police Department, but OBJECTS to the rest of the question on the basis that this

request is overly broad and seeks irrelevant material.  While Defendants concede

that their present occupation may be relevant, information about any and all past

employers, and the reasons they chose their occupations, and subjective reasons they chose to leave their employment are overly broad and not relevant to this proceeding.

3.      What, if any, educational requirements are prerequisite to appointment as a police officer, or law enforcement officer with the York County Police Department, or the State Attorney General Office?

**RESPONSE**:   I am not aware of the existence of the York County Police Department, nor am I employed by the OAG.

4.      For any high school or institution or higher learning which you have attended, state the name and address of each institution, the dates you attended and the degree or certification that you received.

**RESPONSE**:

H.S. – Dover Area H.S. 1988 (Diploma)

York College of Pa.  1988-1993 (no degree)

Kutztgown University, Kutztown, PA  1991 (no degree)

HACC – Harrisburg, PA  1991 Act 120 certification

5.      State the nature and duration of any training or experience as a police officer which is a prerequisite to appointment as a police officer for the York County Police Department, State Attorney General Office and The York County District Attorney's office.

**RESPONSE**: I am not aware of the existence of the York County Police Department, nor am I employed by the OAG. Appointement to the York County District Attorney's task force is made by my chief after being appointed as a detective. Several years of drug investigation are considered.

6.  Were you ever a defendant in any suit which charged you, individually or in your official capacity as a police officer in the appropriate agency, with which you is or were employed, with abuse of your lawful authority? If yes, state for each suit:

      a.  the name and address of each plaintiff;

      b.  the name and address of each defendant;

      c.  the nature of the cause of actions;

      d.  the date on which the suit was instituted;

      e.  the court in which the suit was instituted;

      f.  the name and address of the attorney for each party;

      g.  the result of each suit that has been concluded by judgment or settlement.

**RESPONSE**: No, I was never a defendant.

7.  If you were ever enjoined from engaging in any conduct by a state or federal court decree, identify the court, title and docket number of the case, date of the decree, and nature of the conduct enjoined.

**RESPONSE**: Defendant OBJECTS on the basis that it vague and

ambiguous.  More specifically, "any conduct" may encompass material that is

irrelevant or covered by work product information.

8.    Were there in existence at the time of these incidents, internal

administrative procedures designed to prevent and correct instances of abuse of the

authority of police officers of the York County Police Department?  If yes, state:

    a.    the nature of such procedure;

    b.    the person who is responsible for implementing such

procedures;

    c.    any charges ever made against you in internal administrative

procedure(s), including the names and addresses of all complainants, the nature of

the charges, the identity of the person administering the disciplinary proceedings,

and the outcome.

**RESPONSE:**

    a. I am not employed by the "York County Police Department" and

therefore do not know the answer ot this question.

    b. I am not employed by the "York County Police Department" and

therefore do not know the answer ot this question.

    c. I am not employed by the "York County Police Department" and

therefore do not know the answer ot this question.

9.     Were either you or your employer insured during the period of time during which this incident occurred against judgments or personal liability bases on any abuse of you lawful authority, or were either you or your employer a party to any bonding agreement by which you were held free of liability or by which an insurance company will stand as a guarantor or surety in connection with any state judgment based on any abuse of your lawful authority?  If yes, State:

      a.     the name and address of the insurer;

      b.     the name and address of the person or persons who pay(s) the premiums;

      c.     the identification number of the policy;

      d.     the effective dates of each policy;

      e.     the policy limits, or amount of any bond;

      f.     the substance of declaimers of liability contained in the policy;

**RESPONSE**:  Defendants were all covered by the Commonwealth of Pennsylvania's self-insurance program, and are entitled to representation by the Office of Attorney General.  The address and name of is: Pennsylvania Department of General Services, Bureau of Risk Management, P.O. Box 1365, Harrisburg, PA 17105.  This is a state self-insurance program, so there is not "identification" number for an individual policy.  The policy is currently in effect, and was in effect in 2001 when the incident complained of occurred.  The policy limits are $250,000

per person/$1 million per incident. Defendants are unaware of what Plaintiff means when he requests the "declaimers of liability" contained in the policy.

10.    What is your monthly net wage after deduction or withholdings made for income tax, social security, medical insurance, pensions and other like deductions or withholdings?

**RESPONSE**: Defendant OBJECTS because this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way of further information, the income of Defendants is not relevant to this action.

11.    Describe any investments you presently have which yield income, including the nature and amount of each investment.

**RESPONSE**: Defendant OBJECTS because this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way of further information, the income of Defendants is not relevant to this action.

12.    Describe any real property or proprietary or possessory interests which you hold, including the identity, location and nature of each interest and the amount of income realized.

**RESPONSE**: Defendant OBJECTS because this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way of further information, the income of Defendants is not relevant to this action.

13.    State specifically and in detail the date and exact sequence of events that took place during any interaction between you and Tyrone James, including but not limited to the events in January 10, 2001.

**RESPONSE**:  Pursuant to Magistrate Judge Mannion's Order dated May 4, 2004, Defendants are not required to respond to this interrogatory.

14.    For each incident identified in response to interrogatory number 13, state:

a.    the name, badge or identification number, and present address of any other person involved in or known by you to have witnessed the interactions;

b.    the date, substance, and person involved in any conversation or oral report about any such incident;

c.    the identity of any forms or documents created in preparation for or response to any such interaction.

d.    the garments you were wearing at the time of each interactions;

e.    the exact amount, types, and times that you ingested alcoholic beverages on the day of any such interaction;

f.    any ordinance, rule or policy authorizing or tending to authorize or ratify any actions you took with regard to plaintiff Tyrone James; state the substance of each such ordinance, rule or policy and its citation, if any.

**RESPONSE**        Pursuant to Magistrate Judge Mannion's Order dated

May 4, 2004, Defendants are not required to respond to this interrogatory.

15.    Do you now or have you ever suffered from any mental disease,

defect or disorder?  If yes, state the nature, treatment and medical personnel with

knowledge of the disease, defect, or disorder.

**RESPONSE**: no

16.    Have you ever been arrested and/or convicted of any crime

whatsoever?  If yes, state the offense, date of occurrence, location and disposition

of the case.

**RESPONSE**: no

17.    Have you received any discipline from the York County Police

Department, State Attorney General Office, and any appropriate agency as a result

of the incident involving the plaintiff?  If yes, state:

    a.    the nature of the discipline;

    b.    the facts on which such discipline was based;

    c.    who ordered and who administered the disciplinary actions;

**RESPONSE**:

    a. no

    b. no

    c.  no

18.    For each expert witness you intend to call at trail, please state the expert's name and present address, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of grounds for each such opinion.

**RESPONSE**:  Defendant OBJECTS because this information because undersigned counsel, and not the defendants, will ultimately determine which witnesses are called.

                                      Respectfully submitted,

                                      **GERALD J. PAPPERT**
                                      **Attorney General**


                          By:    **s/Jason C. Giurintano**
                                 **JASON C. GIURINTANO**
                                 **Deputy Attorney General**
                                 **I.D. No. 89177**

**Office of Attorney General**          **SUSAN J. FORNEY**
**Civil Litigation Section**            **Chief Deputy Attorney General**
**15th Floor, Strawberry Square**       **Chief, Litigation Section**
**Harrisburg, PA  17120**

                                        **Counsel for Defendants**
**Date:  June 9, 2004**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                    :
                                    :
                    Plaintiff       :
                                    :     No. 1:CV-01-1015
        v.                          :
                                    :     (Judge Kane)
                                    :     (Magistrate Judge Mannion)
YORK COUNTY POLICE                  :
DEPARTMENT; AGENT JAMES H.          :
MORGAN; DET. RICHARD                :
PEDDICORD; DET. RAYMOND E.          :
CRAUL; SGT. GENE FELLS; DET.        :
ROBERT KESSLER; DET. ANTHONY        :
GLOWCZEWSKI; AGENT RANDY            :
SIPES; and AGENT BRIAN              :
WESTMORELAND                        :
                                    :
                    Defendants :


## VERIFICATION

    I, Raymond Craul, hereby declare under the penalty of perjury, that the responses to these interrogatories are true and correct to the best of my knowledge, information and belief.


_6/3/04_____          _____Raymond E. Craul_____
DATE                                        Raymond Craul



# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                          :
                   **Plaintiff**     :
                             :      **No. 1:CV-01-1015**
   **v.**                            :
                             :      **(Judge Kane)**
**YORK COUNTY POLICE**                     :      **(Magistrate Judge Mannion)**
**DEPARTMENT; AGENT JAMES H.**             :
**MORGAN; DET. RICHARD**                   :      **Electronically Filed**
**PEDDICORD; DET. RAYMOND E.**             :
**CRAUL; SGT. GENE FELLS; DET.**           :
**ANTHONY GLOWCZEWSKI; AGENT** :
**RANDY SIPES; and AGENT BRIAN**           :
**WESTMORELAND,**                          :
                 **Defendants** :

## <u>FELLS' RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANTS</u>

Plaintiff, pro se, hereby requests that the defendants answer the following interrogatories under oath, separately and fully, within thirty (30) days of the time of service in accordance with Rule 25 and 33 of the federal Rules of Civil Procedure. In answering these interrogatories, please furnish all information that is available to you including, but not limited to, information in the possession of your employers, principals, agents, attorney(s) and accountants; not merely information known to the personal knowledge of the person preparing the answers.

These request are deemed t be continuing, and you have the duty to supplement your responses if you obtain further information between the time answers are served and the time of trail.

### Definitions

1.    The term "incident" shall refer to the entire series of interactions between Tyrone P. James and members of the York County Police Department and State Attorney General office, or any other employers of the York County Police, et. al, as described in the Complaint.

2.    The term "document" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure and shall refer to any means by which information is recorded or retained including, without limitation, originals, non-identical copies, drafts, or electronic or computer data storage. "Writings" shall include, without limitation, all materials of any kind including, but not limited to, orders, instructions, directives, regulations, reports, interviews, statements, summaries, complaints, transcripts, memoranda, notes, correspondence, and logs. "Documents" also refers to microfilm, microfiche videotape, motion pictures, audio tape and any other electronic or mechanical recording.

3.    The term "identify" or "identity" when used with respect to persons is a request for you to supply the full name, address, height, weight, and date of birth of the person to be identified.

4.    The term "identify" or "identity" when used with respect to documents is a request of you to supply the date of the document, the author, the addressee, if any, the length in pages the title and a brief description of the contents of the document.

## INTERROGATORIES

1.    What is your full name, badge or identification number, present height, weight and date of birth?

**RESPONSE:**  James Eugene Fells, 6'1", 270 lbs. 12-27-58, Badge #24

2.    With regard to your occupation or employment from the date you first began working at full-time employment to the present, state:

a.    the name and address of any and all of your employer(s):

b.    for each job, the date and reason you left the employment;

c.    for each job, the date and reason you left the employment;

d.    if you were appointed to any positions, the date and term of the name and address of the person or body to whom you were or are responsible; were you ever terminated.

**RESPONSE**:   Currently employed by the York City police Department, however Defendant OBJECTS to the rest of this question on the basis that this request is overly broad and seeks irrelevant material.  While Defendants concede that their present occupation may be relevant, information about any and all past

employers, and the reasons they chose their occupations, and subjective reasons they chose to leave their employment are overly broad and not relevant to this proceeding.

3.    What, if any, educational requirements are prerequisite to appointment as a police officer, or law enforcement officer with the York County Police Department, or the State Attorney General Office?

**RESPONSE**:  To the best of my knowldege, the Police Acamemy and York City Police Deparment Field Training Program.

4.    For any high school or institution or higher learning which you have attended, state the name and address of each institution, the dates you attended and the degree or certification that you received.

**RESPONSE**:  H.S. Diploma, William Penn High School, 1977.

5.    State the nature and duration of any training or experience as a police officer which is a prerequisite to appointment as a police officer for the York County Police Department, State Attorney General Office and The York County District Attorney's office.

**RESPONSE**:  While I have attended Police Academy, 16 weeks, I am not aware of the requrements of the other named agencies.

6.    Were you ever a defendant in any suit which charged you, individually or in your official capacity as a police officer in the appropriate

agency, with which you is or were employed, with abuse of your lawful authority?
If yes, state for each suit:

      a.     the name and address of each plaintiff;

      b.     the name and address of each defendant;

      c.     the nature of the cause of actions;

      d.     the date on which the suit was instituted;

      e.     the court in which the suit was instituted;

      f.     the name and address of the attorney for each party;

      g.     the result of each suit that has been concluded by judgment or
settlement.

**RESPONSE**: No, I was never a defendant.

7.     If you were ever enjoined from engaging in any conduct by a state or
federal court decree, identify the court, title and docket number of the case, date of
the decree, and nature of the conduct enjoined.

**RESPONSE**: Defendant OBJECTS on the basis that it vague and
ambiguous. More specifically, "any conduct" may encompass material that is
irrelevant or covered by work product information.

8.     Were there in existence at the time of these incidents, internal
administrative procedures designed to prevent and correct instances of abuse of the
authority of police officers of the York County Police Department? If yes, state:

a.    the nature of such procedure;

b.    the person who is responsible for implementing such procedures;

c.    any charges ever made against you in internal administrative procedure(s), including the names and addresses of all complainants, the nature of the charges, the identity of the person administering the disciplinary proceedings, and the outcome.

**RESPONSE:**

a. I am not aware of an entity called the "York County Police Department"

b. I am not aware of an entity called the "York County Police Department"

c. I am not aware of an entity called the "York County Police Department"

9.    Were either you or your employer insured during the period of time during which this incident occurred against judgments or personal liability bases on any abuse of you lawful authority, or were either you or your employer a party to any bonding agreement by which you were held free of liability or by which an insurance company will stand as a guarantor or surety in connection with any state judgment based on any abuse of your lawful authority? If yes, State:

a.    the name and address of the insurer;

b.    the name and address of the person or persons who pay(s) the

premiums;

c.    the identification number of the policy;

d.    the effective dates of each policy;

e.    the policy limits, or amount of any bond;

f.    the substance of declaimers of liability contained in the policy;

**RESPONSE**: Defendants were all covered by the Commonwealth of

Pennsylvania's self-insurance program, and are entitled to representation by the

Office of Attorney General. The address and name of is: Pennsylvania Department

of General Services, Bureau of Risk Management, P.O. Box 1365, Harrisburg, PA

17105. This is a state self-insurance program, so there is not "identification"

number for an individual policy. The policy is currently in effect, and was in effect

in 2001 when the incident complained of occurred. The policy limits are $250,000

per person/$1 million per incident. Defendants are unaware of what Plaintiff

means when he requests the "declaimers of liability" contained in the policy.

10.    What is your monthly net wage after deduction or withholdings made

for income tax, social security, medical insurance, pensions and other like

deductions or withholdings?

**RESPONSE**: Defendant OBJECTS because this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way of further information, the income of Defendants is not relevant to this action.

11.    Describe any investments you presently have which yield income, including the nature and amount of each investment.

**RESPONSE**: Defendant OBJECTS because this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way of further information, the income of Defendants is not relevant to this action.

12.    Describe any real property or proprietary or possessory interests which you hold, including the identity, location and nature of each interest and the amount of income realized.

**RESPONSE**: Defendant OBJECTS because this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way of further information, the income of Defendants is not relevant to this action.

13.    State specifically and in detail the date and exact sequence of events that took place during any interaction between you and Tyrone James, including but not limited to the events in January 10, 2001.

**RESPONSE**: Pursuant to Magistrate Judge Mannion's Order dated May 4, 2004, Defendants are not required to respond to this interrogatory.

14.    For each incident identified in response to interrogatory number 13, state:

a.    the name, badge or identification number, and present address of any other person involved in or known by you to have witnessed the interactions;

b.    the date, substance, and person involved in any conversation or oral report about any such incident;

c.    the identity of any forms or documents created in preparation for or response to any such interaction.

d.    the garments you were wearing at the time of each interactions;

e.    the exact amount, types, and times that you ingested alcoholic beverages on the day of any such interaction;

f.    any ordinance, rule or policy authorizing or tending to authorize or ratify any actions you took with regard to plaintiff Tyrone James; state the substance of each such ordinance, rule or policy and its citation, if any.

**RESPONSE**    Pursuant to Magistrate Judge Mannion's Order dated May 4, 2004, Defendants are not required to respond to this interrogatory.

15.    Do you now or have you ever suffered from any mental disease, defect or disorder?  If yes, state the nature, treatment and medical personnel with knowledge of the disease, defect, or disorder.

**RESPONSE**: No.

16.    Have you ever been arrested and/or convicted of any crime whatsoever?  If yes, state the offense, date of occurrence, location and disposition of the case.

**RESPONSE**:  Yes, convicted of Disorderly Conduct, 9/24/83.

17.    Have you received any discipline from the York County Police Department, State Attorney General Office, and any appropriate agency as a result of the incident involving the plaintiff?  If yes, state:

      a.    the nature of the discipline;

      b.    the facts on which such discipline was based;

      c.    who ordered and who administered the disciplinary actions;

**RESPONSE**:

      a.  no

      b.  no

      c.  no

18.    For each expert witness you intend to call at trail, please state the expert's name and present address, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of grounds for each such opinion.

**RESPONSE**: Defendant OBJECTS because this information because undersigned counsel, and not the defendants, will ultimately determine which witnesses are called.

<div style="margin-left: 40%;">

Respectfully submitted,

**GERALD J. PAPPERT**
**Attorney General**

</div>

By:   <u>s/Jason C. Giurintano</u>
      **JASON C. GIURINTANO**
      **Deputy Attorney General**
      **I.D. No. 89177**

**Office of Attorney General**      **SUSAN J. FORNEY**
**Civil Litigation Section**        **Chief Deputy Attorney General**
**15th Floor, Strawberry Square**  **Chief, Litigation Section**
**Harrisburg, PA 17120**

                                       **Counsel for Defendants**

**Date:  June 9, 2004**

JUN-01-2004  12:37    YORK CITY POLICE DEPT.      717 849 2332    P.02/03

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                  :
                 **Plaintiff**    :
                      :    **No. 1:CV-01-1015**

    v.                           :
                      :    (Judge Kane)

YORK COUNTY POLICE                :    (Magistrate Judge Mannion)
DEPARTMENT; AGENT JAMES H.        :
MORGAN; DET. RICHARD              :
PEDDICORD; DET. RAYMOND E.        :    **Electronically Filed**
CRAUL; SGT. GENE FELLS; DET.      :
ROBERT KESSLER; DET. ANTHONY      :
GLOWCZEWSKI; AGENT RANDY          :
SIPES; and AGENT BRIAN            :
WESTMORELAND,                     :
             **Defendants** :

## VERIFICATION

I, **Gene Fells**, hereby declare under the penalty of perjury, that the responses to these interrogatories are true and correct to the best of my knowledge, information and belief.

MAY 31, 2004                        Gene Fells
DATE



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES, | : | |
| Plaintiff | : | |
| | : | No. 1:CV-01-1015 |
| v. | : | |
| | : | (Judge Kane) |
| YORK COUNTY POLICE | : | (Magistrate Judge Mannion) |
| DEPARTMENT; AGENT JAMES H. | : | |
| MORGAN; DET. RICHARD | : | Electronically Filed |
| PEDDICORD; DET. RAYMOND E. | : | |
| CRAUL; SGT. GENE FELLS; DET. | : | |
| ANTHONY GLOWCZEWSKI; AGENT | : | |
| RANDY SIPES; and AGENT BRIAN | : | |
| WESTMORELAND, | : | |
| Defendants | : | |

## PEDDICORD'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANTS

Plaintiff, pro se, hereby requests that the defendants answer the following interrogatories under oath, separately and fully, within thirty (30) days of the time of service in accordance with Rule 25 and 33 of the federal Rules of Civil Procedure. In answering these interrogatories, please furnish all information that is available to you including, but not limited to, information in the possession of your employers, principals, agents, attorney(s) and accountants; not merely information known to the personal knowledge of the person preparing the answers.

These request are deemed t be continuing, and you have the duty to supplement your responses if you obtain further information between the time answers are served and the time of trail.

## Definitions

1.    The term "incident" shall refer to the entire series of interactions between Tyrone P. James and members of the York County Police Department and State Attorney General office, or any other employers of the York County Police, et. al, as described in the Complaint.

2.    The term "document" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure and shall refer to any means by which information is recorded or retained including, without limitation, originals, non-identical copies, drafts, or electronic or computer data storage. "Writings" shall include, without limitation, all materials of any kind including, but not limited to, orders, instructions, directives, regulations, reports, interviews, statements, summaries, complaints, transcripts, memoranda, notes, correspondence, and logs. "Documents" also refers to microfilm, microfiche videotape, motion pictures, audio tape and any other electronic or mechanical recording.

3.    The term "identify" or "identity" when used with respect to persons is a request for you to supply the full name, address, height, weight, and date of birth of the person to be identified.



4.    The term "identify" or "identity" when used with respect to
documents is a request of you to supply the date of the document, the author, the
addressee, if any, the length in pages the title and a brief description of the contents
of the document.

## INTERROGATORIES

1.    What is your full name, badge or identification number, present
height, weight and date of birth?

**RESPONSE:**  Richard Peddicord, 5'8", 175 lbs. 42 years old, badge 197

2.    With regard to your occupation or employment from the date you first
began working at full-time employment to the present, state:

      a.    the name and address of any and all of your employer(s):

      b.    for each job, the date and reason you left the employment;

      c.    for each job, the date and reason you left the employment;

      d.    if you were appointed to any positions, the date and term of the
name and address of the person or body to whom you were or are responsible;
were you ever terminated.

**RESPONSE:**  Defendant Peddicord is currently employed by the District
Attorney of York County, but OBJECTS to the rest of the question on the basis
that this request is overly broad and seeks irrelevant material.  While Defendants
concede that their present occupation may be relevant, information about any and

all past employers, and the reasons they chose their occupations, and subjective reasons they chose to leave their employment are overly broad and not relevant to this proceeding.

3.    What, if any, educational requirements are prerequisite to appointment as a police officer, or law enforcement officer with the York County Police Department, or the State Attorney General Office?

**RESPONSE**:  To the best of my knowledge, at least Act 120 training, but I am not aware of the agency called the York County Police Department, and do not work for the OAG.

4.    For any high school or institution or higher learning which you have attended, state the name and address of each institution, the dates you attended and the degree or certification that you received.

**RESPONSE**:  H.S. graduate, Dallastown, 1980 - diploma

Reading police academy, (Act 120 training), 1992

Classes at OAG Bureau of Narcotics investigation

5.    State the nature and duration of any training or experience as a police officer which is a prerequisite to appointment as a police officer for the York County Police Department, State Attorney General Office and The York County District Attorney's office.

**RESPONSE**: To the best of my knowledge, at least Act 120 training, but I am not aware of the agency called the York County Police Department, and do not work for the OAG. To the best of my knowledge, however, Act 120 training is required to be appointed as a member of the York County District Attorney's office.

6.    Were you ever a defendant in any suit which charged you, individually or in your official capacity as a police officer in the appropriate agency, with which you is or were employed, with abuse of your lawful authority? If yes, state for each suit:

    a.    the name and address of each plaintiff;

    b.    the name and address of each defendant;

    c.    the nature of the cause of actions;

    d.    the date on which the suit was instituted;

    e.    the court in which the suit was instituted;

    f.    the name and address of the attorney for each party;

    g.    the result of each suit that has been concluded by judgment or settlement.

**RESPONSE**: No, I was never a defendant.

7.    If you were ever enjoined from engaging in any conduct by a state or federal court decree, identify the court, title and docket number of the case, date of the decree, and nature of the conduct enjoined.

**RESPONSE**: Defendant OBJECTS on the basis that it vague and ambiguous. More specifically, "any conduct" may encompass material that is irrelevant or covered by work product information.

8.    Were there in existence at the time of these incidents, internal administrative procedures designed to prevent and correct instances of abuse of the authority of police officers of the York County Police Department? If yes, state:

a.    the nature of such procedure;

b.    the person who is responsible for implementing such procedures;

c.    any charges ever made against you in internal administrative procedure(s), including the names and addresses of all complainants, the nature of the charges, the identity of the person administering the disciplinary proceedings, and the outcome.

**RESPONSE:**

a. I am not aware of an agency called the "York County Police Department"

b. I am not aware of an agency called the "York County Police Department"

c. I am not aware of an agency called the "York County Police Department"

9.    Were either you or your employer insured during the period of time during which this incident occurred against judgments or personal liability bases on any abuse of you lawful authority, or were either you or your employer a party to any bonding agreement by which you were held free of liability or by which an insurance company will stand as a guarantor or surety in connection with any state judgment based on any abuse of your lawful authority?  If yes, State:

a.    the name and address of the insurer;

b.    the name and address of the person or persons who pay(s) the premiums;

c.    the identification number of the policy;

d.    the effective dates of each policy;

e.    the policy limits, or amount of any bond;

f.    the substance of declaimers of liability contained in the policy;

**RESPONSE**:  Defendants were all covered by the Commonwealth of Pennsylvania's self-insurance program, and are entitled to representation by the Office of Attorney General.  The address and name of is: Pennsylvania Department

of General Services, Bureau of Risk Management, P.O. Box 1365, Harrisburg, PA 17105. This is a state self-insurance program, so there is not "identification" number for an individual policy. The policy is currently in effect, and was in effect in 2001 when the incident complained of occurred. The policy limits are $250,000 per person/$1 million per incident. Defendants are unaware of what Plaintiff means when he requests the "declaimers of liability" contained in the policy.

10.    What is your monthly net wage after deduction or withholdings made for income tax, social security, medical insurance, pensions and other like deductions or withholdings?

**RESPONSE**: Defendant OBJECTS because this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way of further information, the income of Defendants is not relevant to this action.

11.    Describe any investments you presently have which yield income, including the nature and amount of each investment.

**RESPONSE**: Defendant OBJECTS because this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way of further information, the income of Defendants is not relevant to this action.

12.    Describe any real property or proprietary or possessory interests which you hold, including the identity, location and nature of each interest and the amount of income realized.

**RESPONSE**: Defendant OBJECTS because this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way of further information, the income of Defendants is not relevant to this action.

13.    State specifically and in detail the date and exact sequence of events that took place during any interaction between you and Tyrone James, including but not limited to the events in January 10, 2001.

**RESPONSE**: Pursuant to Magistrate Judge Mannion's Order dated May 4, 2004, Defendants are not required to respond to this interrogatory.

14.    For each incident identified in response to interrogatory number 13, state:

a.    the name, badge or identification number, and present address of any other person involved in or known by you to have witnessed the interactions;

b.    the date, substance, and person involved in any conversation or oral report about any such incident;

c.    the identity of any forms or documents created in preparation for or response to any such interaction.

d.    the garments you were wearing at the time of each interactions;

e.    the exact amount, types, and times that you ingested alcoholic beverages on the day of any such interaction;

f.    any ordinance, rule or policy authorizing or tending to authorize or ratify any actions you took with regard to plaintiff Tyrone James; state the substance of each such ordinance, rule or policy and its citation, if any.

**RESPONSE**    Pursuant to Magistrate Judge Mannion's Order dated May 4, 2004, Defendants are not required to respond to this interrogatory.

15.    Do you now or have you ever suffered from any mental disease, defect or disorder?  If yes, state the nature, treatment and medical personnel with knowledge of the disease, defect, or disorder.

**RESPONSE**: no

16.    Have you ever been arrested and/or convicted of any crime whatsoever?  If yes, state the offense, date of occurrence, location and disposition of the case.

**RESPONSE**: no

17.    Have you received any discipline from the York County Police Department, State Attorney General Office, and any appropriate agency as a result of the incident involving the plaintiff?  If yes, state:

a.    the nature of the discipline;

b.    the facts on which such discipline was based;

c.    who ordered and who administered the disciplinary actions;

**RESPONSE**:

a.  no

b.  no

c.  no

18.    For each expert witness you intend to call at trail, please state the

expert's name and present address, the subject matter on which the expert is

expected to testify, the substance of the facts and opinions to which the expert is

expected to testify, and a summary of grounds for each such opinion.

**RESPONSE**:  Defendant OBJECTS because this information because

undersigned counsel, and not the defendants, will ultimately determine which

witnesses are called.

**Respectfully submitted,**

**GERALD J. PAPPERT**
**Attorney General**

By:    **s/Jason C. Giurintano**
**JASON C. GIURINTANO**
**Deputy Attorney General**
**I.D. No. 89177**

**Office of Attorney General**            **SUSAN J. FORNEY**
**Civil Litigation Section**              **Chief Deputy Attorney General**
**15th Floor, Strawberry Square**         **Chief, Litigation Section**
**Harrisburg, PA  17120**

                                          **Counsel for Defendants**
**Date:  June 9, 2004**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                         :
                              Plaintiff  :
                                         :       No. 1:CV-01-1015
            v.                           :
                                         :       (Judge Kane)
YORK COUNTY POLICE                       :       (Magistrate Judge Mannion)
DEPARTMENT; AGENT JAMES H.               :
MORGAN; DET. RICHARD                     :
PEDDICORD; DET. RAYMOND E.               :
CRAUL; SGT. GENE FELLS; DET.             :
ROBERT KESSLER; DET. ANTHONY             :
GLOWCZEWSKI; AGENT RANDY                 :
SIPES; and AGENT BRIAN                   :
WESTMORELAND,                            :
                              Defendants :

## VERIFICATION

I, **Richard Peddicord**, hereby declare under the penalty of perjury, that the responses to these interrogatories are true and correct to the best of my knowledge, information and belief.

5-21-04
_____
DATE

*R. Peddicord*
_____
Richard Peddicord

6\9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES, : 
                     **Plaintiff** : 
                                     :     **No. 1:CV-01-1015**

    **v.** : 
                                       :     **(Judge Kane)**

**YORK COUNTY POLICE** :     **(Magistrate Judge Mannion)**
**DEPARTMENT; AGENT JAMES H.** : 
**MORGAN; DET. RICHARD** :     **Electronically Filed**
**PEDDICORD; DET. RAYMOND E.** : 
**CRAUL; SGT. GENE FELLS; DET.** : 
**ANTHONY GLOWCZEWSKI; AGENT** : 
**RANDY SIPES; and AGENT BRIAN** : 
**WESTMORELAND,** : 
                     **Defendants** :

## WESTMORELAND'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANTS

      Plaintiff, pro se, hereby requests that the defendants answer the following interrogatories under oath, separately and fully, within thirty (30) days of the time of service in accordance with Rule 25 and 33 of the federal Rules of Civil Procedure. In answering these interrogatories, please furnish all information that is available to you including, but not limited to, information in the possession of your employers, principals, agents, attorney(s) and accountants; not merely information known to the personal knowledge of the person preparing the answers.

These request are deemed t be continuing, and you have the duty to supplement your responses if you obtain further information between the time answers are served and the time of trail.

## Definitions

1.    The term "incident" shall refer to the entire series of interactions between Tyrone P. James and members of the York County Police Department and State Attorney General office, or any other employers of the York County Police, et. al, as described in the Complaint.

2.    The term "document" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure and shall refer to any means by which information is recorded or retained including, without limitation, originals, non-identical copies, drafts, or electronic or computer data storage. "Writings" shall include, without limitation, all materials of any kind including, but not limited to, orders, instructions, directives, regulations, reports, interviews, statements, summaries, complaints, transcripts, memoranda, notes, correspondence, and logs. "Documents" also refers to microfilm, microfiche videotape, motion pictures, audio tape and any other electronic or mechanical recording.

3.    The term "identify" or "identity" when used with respect to persons is a request for you to supply the full name, address, height, weight, and date of birth of the person to be identified.

4.     The term "identify" or "identity" when used with respect to documents is a request of you to supply the date of the document, the author, the addressee, if any, the length in pages the title and a brief description of the contents of the document.

## INTERROGATORIES

1.     What is your full name, badge or identification number, present height, weight and date of birth?

**RESPONSE:**  Brian Keith Westmoreland, 5'7", 210 lbs. 42, Badge # 148

**2.**     With regard to your occupation or employment from the date you first began working at full-time employment to the present, state:

a.     the name and address of any and all of your employer(s):

b.     for each job, the date and reason you left the employment;

c.     for each job, the date and reason you left the employment;

d.     if you were appointed to any positions, the date and term of the name and address of the person or body to whom you were or are responsible; were you ever terminated.

**RESPONSE:** Defendant is currently employed by the Pennsylvania office of attorney general, but OBJECTS to the rest of the question on the basis that this request is overly broad and seeks irrelevant material.  While Defendants concede that their present occupation may be relevant, information about any and all past

employers, and the reasons they chose their occupations, and subjective reasons they chose to leave their employment are overly broad and not relevant to this proceeding.

3.      What, if any, educational requirements are prerequisite to appointment as a police officer, or law enforcement officer with the York County Police Department, or the State Attorney General Office?

**RESPONSE**:  To the best of my knowledge, for the office of attorney general, Act 120 training, college, and/or 5 years police experience.  I am not aware of the "York County Police Department."

4.      For any high school or institution or higher learning which you have attended, state the name and address of each institution, the dates you attended and the degree or certification that you received.

**RESPONSE**:  1976-1980 Downingtown high school, Downingtown Pa., (diploma);

1980-1983 Millersville University, Millersville, Pa. (no degree);

1984 -Act 120 cert. - Montgomery county community college.

5.      State the nature and duration of any training or experience as a police officer which is a prerequisite to appointment as a police officer for the York County Police Department, State Attorney General Office and The York County District Attorney's office.

**RESPONSE**:  To the best of my knowledge, for the office of attorney general, Act 120 training, college, and/or 5 years police experience.  I am not aware of the "York County Police Department."

6.     Were you ever a defendant in any suit which charged you, individually or in your official capacity as a police officer in the appropriate agency, with which you is or were employed, with abuse of your lawful authority?  If yes, state for each suit:

> a.     the name and address of each plaintiff;
>
> b.     the name and address of each defendant;
>
> c.     the nature of the cause of actions;
>
> d.     the date on which the suit was instituted;
>
> e.     the court in which the suit was instituted;
>
> f.     the name and address of the attorney for each party;
>
> g.     the result of each suit that has been concluded by judgment or settlement.

**RESPONSE**:  I don't believe so, but I don't recall.

7.     If you were ever enjoined from engaging in any conduct by a state or federal court decree, identify the court, title and docket number of the case, date of the decree, and nature of the conduct enjoined.

**RESPONSE**: Defendant OBJECTS on the basis that it vague and ambiguous. More specifically, "any conduct" may encompass material that is irrelevant or covered by work product information.

8.   Were there in existence at the time of these incidents, internal administrative procedures designed to prevent and correct instances of abuse of the authority of police officers of the York County Police Department? If yes, state:

a.   the nature of such procedure;

b.   the person who is responsible for implementing such procedures;

c.   any charges ever made against you in internal administrative procedure(s), including the names and addresses of all complainants, the nature of the charges, the identity of the person administering the disciplinary proceedings, and the outcome.

**RESPONSE:**

a. I work for the office of attorney general, and I am not aware of the agency called the "York County Police Department"

b. I work for the office of attorney general, and I am not aware of the agency called the "York County Police Department"

c. I work for the office of attorney general, and I am not aware of the agency called the "York County Police Department"

9.      Were either you or your employer insured during the period of time during which this incident occurred against judgments or personal liability bases on any abuse of you lawful authority, or were either you or your employer a party to any bonding agreement by which you were held free of liability or by which an insurance company will stand as a guarantor or surety in connection with any state judgment based on any abuse of your lawful authority?  If yes, State:

      a.      the name and address of the insurer;

      b.      the name and address of the person or persons who pay(s) the premiums;

      c.      the identification number of the policy;

      d.      the effective dates of each policy;

      e.      the policy limits, or amount of any bond;

      f.      the substance of declaimers of liability contained in the policy;

**RESPONSE**:  Defendants were all covered by the Commonwealth of Pennsylvania's self-insurance program, and are entitled to representation by the Office of Attorney General.  The address and name of is: Pennsylvania Department of General Services, Bureau of Risk Management,  P.O. Box 1365, Harrisburg, PA 17105.  This is a state self-insurance program, so there is not "identification" number for an individual policy.  The policy is currently in effect, and was in effect in 2001 when the incident complained of occurred.  The policy limits are $250,000

per person/$1 million per incident. Defendants are unaware of what Plaintiff means when he requests the "declaimers of liability" contained in the policy.

10.    What is your monthly net wage after deduction or withholdings made for income tax, social security, medical insurance, pensions and other like deductions or withholdings?

**RESPONSE**: Defendant OBJECTS because this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way of further information, the income of Defendants is not relevant to this action.

11.    Describe any investments you presently have which yield income, including the nature and amount of each investment.

**RESPONSE**: Defendant OBJECTS because this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way of further information, the income of Defendants is not relevant to this action.

12.    Describe any real property or proprietary or possessory interests which you hold, including the identity, location and nature of each interest and the amount of income realized.

**RESPONSE**: Defendant OBJECTS because this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way of further information, the income of Defendants is not relevant to this action.

13.    State specifically and in detail the date and exact sequence of events that took place during any interaction between you and Tyrone James, including but not limited to the events in January 10, 2001.

**RESPONSE**: Pursuant to Magistrate Judge Mannion's Order dated May 4, 2004, Defendants are not required to respond to this interrogatory.

14.    For each incident identified in response to interrogatory number 13, state:

a.    the name, badge or identification number, and present address of any other person involved in or known by you to have witnessed the interactions;

b.    the date, substance, and person involved in any conversation or oral report about any such incident;

c.    the identity of any forms or documents created in preparation for or response to any such interaction.

d.    the garments you were wearing at the time of each interactions;

e.    the exact amount, types, and times that you ingested alcoholic beverages on the day of any such interaction;

f.    any ordinance, rule or policy authorizing or tending to authorize or ratify any actions you took with regard to plaintiff Tyrone James; state the substance of each such ordinance, rule or policy and its citation, if any.

**RESPONSE**    Pursuant to Magistrate Judge Mannion's Order dated May 4, 2004, Defendants are not required to respond to this interrogatory.

15.    Do you now or have you ever suffered from any mental disease, defect or disorder? If yes, state the nature, treatment and medical personnel with knowledge of the disease, defect, or disorder.

**RESPONSE**: no

16.    Have you ever been arrested and/or convicted of any crime whatsoever? If yes, state the offense, date of occurrence, location and disposition of the case.

**RESPONSE**: no

17.    Have you received any discipline from the York County Police Department, State Attorney General Office, and any appropriate agency as a result of the incident involving the plaintiff? If yes, state:

      a.    the nature of the discipline;

      b.    the facts on which such discipline was based;

      c.    who ordered and who administered the disciplinary actions;

**RESPONSE**:

      a. no

      b. no

      c. no

18.    For each expert witness you intend to call at trail, please state the expert's name and present address, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of grounds for each such opinion.

**RESPONSE**:  Defendant OBJECTS because this information because undersigned counsel, and not the defendants, will ultimately determine which witnesses are called.


                              Respectfully submitted,

                              **GERALD J. PAPPERT**
                              **Attorney General**


             By:    **s/Jason C. Giurintano**
                    **JASON C. GIURINTANO**
                    **Deputy Attorney General**
                    **I.D. No. 89177**

**Office of Attorney General**          **SUSAN J. FORNEY**
**Civil Litigation Section**            **Chief Deputy Attorney General**
**15th Floor, Strawberry Square**       **Chief, Litigation Section**
**Harrisburg, PA  17120**

                                        **Counsel for Defendants**
**Date:  June 9, 2004**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                     :
                      **Plaintiff**    :
                                    :    No. 1:CV-01-1015
     v.                              :
                                      :    (Judge Kane)
YORK COUNTY POLICE                   :    (Magistrate Judge Mannion)
DEPARTMENT; AGENT JAMES H.           :
MORGAN; DET. RICHARD                  :
PEDDICORD; DET. RAYMOND E.            :
CRAUL; SGT. GENE FELLS; DET.          :
ROBERT KESSLER; DET. ANTHONY          :
GLOWCZEWSKI; AGENT RANDY              :
SIPES; and AGENT BRIAN                :
WESTMORELAND                          :
                 **Defendants** :

## VERIFICATION

    I, Brian Westmoreland, hereby declare under the penalty of perjury, that the responses to these interrogatories are true and correct to the best of my knowledge, information and belief.


_5-24-04_
DATE

_Brian K. Westmoreland_
**BRIAN WESTMORELAND**



# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                    :
                        Plaintiff   :
                                    :   No. 1:CV-01-1015
        v.                          :
                                    :   (Judge Kane)
YORK COUNTY POLICE                  :   (Magistrate Judge Mannion)
DEPARTMENT; AGENT JAMES H.          :
MORGAN; DET. RICHARD                :   Electronically Filed
PEDDICORD; DET. RAYMOND E.          :
CRAUL; SGT. GENE FELLS; DET.        :
ANTHONY GLOWCZEWSKI; AGENT :
RANDY SIPES; and AGENT BRIAN        :
WESTMORELAND,                       :
                        Defendants :

## GLOWCZEWSKI'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANTS

Plaintiff, pro se, hereby requests that the defendants answer the following

interrogatories under oath, separately and fully, within thirty (30) days of the time

of service in accordance with Rule 25 and 33 of the federal Rules of Civil

Procedure.  In answering these interrogatories, please furnish all information that is

available to you including, but not limited to, information in the possession of your

employers, principals, agents, attorney(s) and accountants; not merely information

known to the personal knowledge of the person preparing the answers.

These request are deemed t be continuing, and you have the duty to supplement your responses if you obtain further information between the time answers are served and the time of trail.

## Definitions

1.    The term "incident" shall refer to the entire series of interactions between Tyrone P. James and members of the York County Police Department and State Attorney General office, or any other employers of the York County Police, et. al, as described in the Complaint.

2.    The term "document" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure and shall refer to any means by which information is recorded or retained including, without limitation, originals, non-identical copies, drafts, or electronic or computer data storage. "Writings" shall include, without limitation, all materials of any kind including, but not limited to, orders, instructions, directives, regulations, reports, interviews, statements, summaries, complaints, transcripts, memoranda, notes, correspondence, and logs. "Documents" also refers to microfilm, microfiche videotape, motion pictures, audio tape and any other electronic or mechanical recording.

3.    The term "identify" or "identity" when used with respect to persons is a request for you to supply the full name, address, height, weight, and date of birth of the person to be identified.

4.    The term "identify" or "identity" when used with respect to

documents is a request of you to supply the date of the document, the author, the

addressee, if any, the length in pages the title and a brief description of the contents

of the document.

## INTERROGATORIES

1.    What is your full name, badge or identification number, present

height, weight and date of birth?

**RESPONSE:**  Anthony Glowczeski, 6'2", 220 lbs., age 57, Badge # 2

**2.**    With regard to your occupation or employment from the date you first

began working at full-time employment to the present, state:

    a.    the name and address of any and all of your employer(s):

    b.    for each job, the date and reason you left the employment;

    c.    for each job, the date and reason you left the employment;

    d.    if you were appointed to any positions, the date and term of the

name and address of the person or body to whom you were or are responsible;

were you ever terminated.

**RESPONSE**: Defendant is currently employed by the York County District

Attorney's Office, but OBJECTS to the rest of the question on the basis that this

request is overly broad and seeks irrelevant material.  While Defendants concede

that their present occupation may be relevant, information about any and all past

employers, and the reasons they chose their occupations, and subjective reasons they chose to leave their employment are overly broad and not relevant to this proceeding.

3.      What, if any, educational requirements are prerequisite to appointment as a police officer, or law enforcement officer with the York County Police Department, or the State Attorney General Office?

**RESPONSE**:  I am not employed, nor am I aware, of the agency called the York County Police Department.  I am also not employed by the OAG.  To the best of my knowledge, however, Act 120 training is required to be a police officer in Pennsylvania.

4.      For any high school or institution or higher learning which you have attended, state the name and address of each institution, the dates you attended and the degree or certification that you received.

**RESPONSE**:  North Hills H.S., Pittsburgh, 1966 - diploma

1976 – State Police academy, (Act 120 training).

Penn state 1978-79 (no degree).

5.      State the nature and duration of any training or experience as a police officer which is a prerequisite to appointment as a police officer for the York County Police Department, State Attorney General Office and The York County District Attorney's office.

**RESPONSE**:  I am not employed, nor am I aware, of an agency called the York County Police Department.  I am also not employed by the OAG.  To the best of my knowledge, however, Act 120 training is required to be appointed as a member of the York County District Attorney's office.

6.　　Were you ever a defendant in any suit which charged you, individually or in your official capacity as a police officer in the appropriate agency, with which you is or were employed, with abuse of your lawful authority? If yes, state for each suit:

> a.　　the name and address of each plaintiff;
>
> b.　　the name and address of each defendant;
>
> c.　　the nature of the cause of actions;
>
> d.　　the date on which the suit was instituted;
>
> e.　　the court in which the suit was instituted;
>
> f.　　the name and address of the attorney for each party;
>
> g.　　the result of each suit that has been concluded by judgment or

settlement.

**RESPONSE**:  no, I was never a defendant.

7.　　If you were ever enjoined from engaging in any conduct by a state or federal court decree, identify the court, title and docket number of the case, date of the decree, and nature of the conduct enjoined.

**RESPONSE**: Defendant OBJECTS on the basis that it vague and ambiguous. More specifically, "any conduct" may encompass material that is irrelevant or covered by work product information.

8.    Were there in existence at the time of these incidents, internal administrative procedures designed to prevent and correct instances of abuse of the authority of police officers of the York County Police Department? If yes, state:

a.    the nature of such procedure;

b.    the person who is responsible for implementing such procedures;

c.    any charges ever made against you in internal administrative procedure(s), including the names and addresses of all complainants, the nature of the charges, the identity of the person administering the disciplinary proceedings, and the outcome.

**RESPONSE:**

a. I am not employed, nor am I aware of the agency, called the "York County Police Department"

b. I am not employed, nor am I aware of the agency, called the "York County Police Department"

c. I am not employed, nor am I aware of the agency, called the "York County Police Department"

9.      Were either you or your employer insured during the period of time during which this incident occurred against judgments or personal liability bases on any abuse of you lawful authority, or were either you or your employer a party to any bonding agreement by which you were held free of liability or by which an insurance company will stand as a guarantor or surety in connection with any state judgment based on any abuse of your lawful authority?  If yes, State:

     a.      the name and address of the insurer;

     b.      the name and address of the person or persons who pay(s) the premiums;

     c.      the identification number of the policy;

     d.      the effective dates of each policy;

     e.      the policy limits, or amount of any bond;

     f.      the substance of declaimers of liability contained in the policy;

**RESPONSE**:  Defendants were all covered by the Commonwealth of Pennsylvania's self-insurance program, and are entitled to representation by the Office of Attorney General.  The address and name of is: Pennsylvania Department of General Services, Bureau of Risk Management,  P.O. Box 1365, Harrisburg, PA 17105.  This is a state self-insurance program, so there is not "identification" number for an individual policy.  The policy is currently in effect, and was in effect in 2001 when the incident complained of occurred.  The policy limits are $250,000

per person/$1 million per incident. Defendants are unaware of what Plaintiff means when he requests the "declaimers of liability" contained in the policy.

10.    What is your monthly net wage after deduction or withholdings made for income tax, social security, medical insurance, pensions and other like deductions or withholdings?

**RESPONSE**: Defendant OBJECTS because this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way of further information, the income of Defendants is not relevant to this action.

11.    Describe any investments you presently have which yield income, including the nature and amount of each investment.

**RESPONSE**: Defendant OBJECTS because this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way of further information, the income of Defendants is not relevant to this action.

12.    Describe any real property or proprietary or possessory interests which you hold, including the identity, location and nature of each interest and the amount of income realized.

**RESPONSE**: Defendant OBJECTS because this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way of further information, the income of Defendants is not relevant to this action.

13.     State specifically and in detail the date and exact sequence of events that took place during any interaction between you and Tyrone James, including but not limited to the events in January 10, 2001.

**RESPONSE**: Pursuant to Magistrate Judge Mannion's Order dated May 4, 2004, Defendants are not required to respond to this interrogatory.

14.     For each incident identified in response to interrogatory number 13, state:

a.     the name, badge or identification number, and present address of any other person involved in or known by you to have witnessed the interactions;

b.     the date, substance, and person involved in any conversation or oral report about any such incident;

c.     the identity of any forms or documents created in preparation for or response to any such interaction.

d.     the garments you were wearing at the time of each interactions;

e.     the exact amount, types, and times that you ingested alcoholic beverages on the day of any such interaction;

f.     any ordinance, rule or policy authorizing or tending to authorize or ratify any actions you took with regard to plaintiff Tyrone James; state the substance of each such ordinance, rule or policy and its citation, if any.

**RESPONSE**    Pursuant to Magistrate Judge Mannion's Order dated May 4, 2004, Defendants are not required to respond to this interrogatory.

15.    Do you now or have you ever suffered from any mental disease, defect or disorder?  If yes, state the nature, treatment and medical personnel with knowledge of the disease, defect, or disorder.

**RESPONSE**: No

16.    Have you ever been arrested and/or convicted of any crime whatsoever?  If yes, state the offense, date of occurrence, location and disposition of the case.

**RESPONSE**: no

17.    Have you received any discipline from the York County Police Department, State Attorney General Office, and any appropriate agency as a result of the incident involving the plaintiff?  If yes, state:

    a.    the nature of the discipline;

    b.    the facts on which such discipline was based;

    c.    who ordered and who administered the disciplinary actions;

**RESPONSE**:

    a. no

    b. no

    c.  no

18.    For each expert witness you intend to call at trail, please state the

expert's name and present address, the subject matter on which the expert is

expected to testify, the substance of the facts and opinions to which the expert is

expected to testify, and a summary of grounds for each such opinion.

**RESPONSE**:  Defendant OBJECTS because this information because

undersigned counsel, and not the defendants, will ultimately determine which

witnesses are called.

<br>

**Respectfully submitted,**

**GERALD J. PAPPERT**
**Attorney General**

<br>

By:    **s/Jason C. Giurintano**
       **JASON C. GIURINTANO**
       **Deputy Attorney General**
       **I.D. No. 89177**

**Office of Attorney General**          **SUSAN J. FORNEY**
**Civil Litigation Section**            **Chief Deputy Attorney General**
**15th Floor, Strawberry Square**       **Chief, Litigation Section**
**Harrisburg, PA  17120**

                                        **Counsel for Defendants**
**Date:  June 9, 2004**

-4/04  MON 09:26 FAX 717 85  4949       Y.C.D.T.F.                                    ☑012
FILE No.915 05/19 '04 09:25   ID:PA.ATTY.GEN-TOBACCO_ENF.  FAX:7177050916         PAGE  13/ 13

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES,                    : | |
|           **Plaintiff**   : | No. 1:CV-01-1015 |
|                : | |
|     v.                                  : | (Judge Kane) |
|                : | (Magistrate Judge Mannion) |
| YORK COUNTY POLICE              : | |
| DEPARTMENT; AGENT JAMES H.      : | |
| MORGAN; DET. RICHARD            : | |
| PEDDICORD; DET. RAYMOND E.      : | |
| CRAUL; SGT. GENE FELLS; DET.    : | |
| ROBERT KESSLER; DET. ANTHONY  : | |
| GLOWCZEWSKI; AGENT RANDY        : | |
| SIPES; and AGENT BRIAN          : | |
| WESTMORELAND,                   : | |
|           **Defendants :** | |

## VERIFICATION

I, Anthony Glowczewski, hereby declare under the penalty of perjury, that the responses to these interrogatories are true and correct to the best of my knowledge, information and belief.


<u>21 MAY 2004</u>
DATE

*Anthony Glowczewski* (signature)
ANTHONY GLOWCZEWSKI

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES, | : | |
| Plaintiff | : | |
| | : | No. 1:CV-01-1015 |
| v. | : | |
| | : | (Judge Kane) |
| YORK COUNTY POLICE | : | (Magistrate Judge Mannion) |
| DEPARTMENT; AGENT JAMES H. | : | |
| MORGAN; DET. RICHARD | : | Electronically Filed |
| PEDDICORD; DET. RAYMOND E. | : | |
| CRAUL; SGT. GENE FELLS; DET. | : | |
| ANTHONY GLOWCZEWSKI; AGENT | : | |
| RANDY SIPES; and AGENT BRIAN | : | |
| WESTMORELAND, | : | |
| Defendants | : | |

## KESSLER'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANTS

Plaintiff, pro se, hereby requests that the defendants answer the following interrogatories under oath, separately and fully, within thirty (30) days of the time of service in accordance with Rule 25 and 33 of the federal Rules of Civil Procedure. In answering these interrogatories, please furnish all information that is available to you including, but not limited to, information in the possession of your employers, principals, agents, attorney(s) and accountants; not merely information known to the personal knowledge of the person preparing the answers.

These request are deemed t be continuing, and you have the duty to supplement your responses if you obtain further information between the time answers are served and the time of trail.

Definitions

1. The term "incident" shall refer to the entire series of interactions between Tyrone P. James and members of the York County Police Department and State Attorney General office, or any other employers of the York County Police, et. al, as described in the Complaint.

2. The term "document" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure and shall refer to any means by which information is recorded or retained including, without limitation, originals, non-identical copies, drafts, or electronic or computer data storage. "Writings" shall include, without limitation, all materials of any kind including, but not limited to, orders, instructions, directives, regulations, reports, interviews, statements, summaries, complaints, transcripts, memoranda, notes, correspondence, and logs. "Documents" also refers to microfilm, microfiche videotape, motion pictures, audio tape and any other electronic or mechanical recording.

3. The term "identify" or "identity" when used with respect to persons is a request for you to supply the full name, address, height, weight, and date of birth of the person to be identified.

4.    The term "identify" or "identity" when used with respect to documents is a request of you to supply the date of the document, the author, the addressee, if any, the length in pages the title and a brief description of the contents of the document.

## INTERROGATORIES

1.    What is your full name, badge or identification number, present height, weight and date of birth?

**RESPONSE:**  Robert Kessler, retired (no badge number), 6', 195 lbs. 3-21-42,

**2.**    With regard to your occupation or employment from the date you first began working at full-time employment to the present, state:

a.    the name and address of any and all of your employer(s):

b.    for each job, the date and reason you left the employment;

c.    for cach job, the date and reason you left the employment;

d.    if you were appointed to any positions, the date and term of the name and address of the person or body to whom you were or are responsible; were you ever terminated.

**RESPONSE**:  I [Defendant Kessler] am currently retired, however Defendant OBJECTS on the basis that this request is overly broad and seeks irrelevant material.  While Defendants concede that their present occupation may

be relevant, information about any and all past employers, and the reasons they

chose their occupations, and subjective reasons they chose to leave their

employment are overly broad and not relevant to this proceeding.

    3.    What, if any, educational requirements are prerequisite to appointment

as a police officer, or law enforcement officer with the York County Police

Department, or the State Attorney General Office?

**RESPONSE**:  I am not aware of the agency called the "York County Police

Department," however, to the best of my knowledge, a H.S. Diploma is necessary

to be a police officer, and I am not aware of the OAG's requirements.

    4.    For any high school or institution or higher learning which you have

attended, state the name and address of each institution, the dates you attended and

the degree or certification that you received.

**RESPONSE**:  York Central H.S. graduate, 1960

York college, B.S. 1970

    5.    State the nature and duration of any training or experience as a police

officer which is a prerequisite to appointment as a police officer for the York

County Police Department, State Attorney General Office and The York County

District Attorney's office.

**RESPONSE**: I am not aware of the agency called the "York County Police Department," however, to the best of my knowledge, a H.S. Diploma is necessary to be a police officer, and I am not aware of the OAG's requirements.

6.    Were you ever a defendant in any suit which charged you, individually or in your official capacity as a police officer in the appropriate agency, with which you is or were employed, with abuse of your lawful authority? If yes, state for each suit:

      a.    the name and address of each plaintiff;

      b.    the name and address of each defendant;

      c.    the nature of the cause of actions;

      d.    the date on which the suit was instituted;

      e.    the court in which the suit was instituted;

      f.    the name and address of the attorney for each party;

      g.    the result of each suit that has been concluded by judgment or settlement.

**RESPONSE**:  No, I was never a defendant.

7.    If you were ever enjoined from engaging in any conduct by a state or federal court decree, identify the court, title and docket number of the case, date of the decree, and nature of the conduct enjoined.

**RESPONSE**: Defendant OBJECTS on the basis that it vague and ambiguous. More specifically, "any conduct" may encompass material that is irrelevant or covered by work product information.

8.    Were there in existence at the time of these incidents, internal administrative procedures designed to prevent and correct instances of abuse of the authority of police officers of the York County Police Department? If yes, state:

a.    the nature of such procedure;

b.    the person who is responsible for implementing such procedures;

c.    any charges ever made against you in internal administrative procedure(s), including the names and addresses of all complainants, the nature of the charges, the identity of the person administering the disciplinary proceedings, and the outcome.

**RESPONSE:**

a. I am not aware of an agency called the "York County Police Department"

b. I am not aware of an agency called the "York County Police Department"

c. I am not aware of an agency called the "York County Police Department"

9.    Were either you or your employer insured during the period of time during which this incident occurred against judgments or personal liability bases on any abuse of you lawful authority, or were either you or your employer a party to any bonding agreement by which you were held free of liability or by which an insurance company will stand as a guarantor or surety in connection with any state judgment based on any abuse of your lawful authority?  If yes, State:

     a.    the name and address of the insurer;

     b.    the name and address of the person or persons who pay(s) the premiums;

     c.    the identification number of the policy;

     d.    the effective dates of each policy;

     e.    the policy limits, or amount of any bond;

     f.    the substance of declaimers of liability contained in the policy;

**RESPONSE**:  Defendants were all covered by the Commonwealth of Pennsylvania's self-insurance program, and are entitled to representation by the Office of Attorney General.  The address and name of is: Pennsylvania Department of General Services, Bureau of Risk Management,  P.O. Box 1365, Harrisburg, PA 17105.  This is a state self-insurance program, so there is not "identification" number for an individual policy.  The policy is currently in effect, and was in effect in 2001 when the incident complained of occurred.  The policy limits are $250,000

per person/$1 million per incident. Defendants are unaware of what Plaintiff means when he requests the "declaimers of liability" contained in the policy.

10. What is your monthly net wage after deduction or withholdings made for income tax, social security, medical insurance, pensions and other like deductions or withholdings?

**RESPONSE**: Defendant OBJECTS because this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way of further information, the income of Defendants is not relevant to this action.

11. Describe any investments you presently have which yield income, including the nature and amount of each investment.

**RESPONSE**: Defendant OBJECTS because this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way of further information, the income of Defendants is not relevant to this action.

12. Describe any real property or proprietary or possessory interests which you hold, including the identity, location and nature of each interest and the amount of income realized.

**RESPONSE**: Defendant OBJECTS because this information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way of further information, the income of Defendants is not relevant to this action.

13.    State specifically and in detail the date and exact sequence of events that took place during any interaction between you and Tyrone James, including but not limited to the events in January 10, 2001.

**RESPONSE**:  Pursuant to Magistrate Judge Mannion's Order dated May 4, 2004, Defendants are not required to respond to this interrogatory.

14.    For each incident identified in response to interrogatory number 13, state:

a.    the name, badge or identification number, and present address of any other person involved in or known by you to have witnessed the interactions;

b.    the date, substance, and person involved in any conversation or oral report about any such incident;

c.    the identity of any forms or documents created in preparation for or response to any such interaction.

d.    the garments you were wearing at the time of each interactions;

e.    the exact amount, types, and times that you ingested alcoholic beverages on the day of any such interaction;

f.    any ordinance, rule or policy authorizing or tending to authorize or ratify any actions you took with regard to plaintiff Tyrone James; state the substance of each such ordinance, rule or policy and its citation, if any.

**RESPONSE**   Pursuant to Magistrate Judge Mannion's Order dated May 4, 2004, Defendants are not required to respond to this interrogatory.

15.    Do you now or have you ever suffered from any mental disease, defect or disorder?  If yes, state the nature, treatment and medical personnel with knowledge of the disease, defect, or disorder.

**RESPONSE**:  no

16.    Have you ever been arrested and/or convicted of any crime whatsoever?  If yes, state the offense, date of occurrence, location and disposition of the case.

**RESPONSE**:  no

17.    Have you received any discipline from the York County Police Department, State Attorney General Office, and any appropriate agency as a result of the incident involving the plaintiff?  If yes, state:

      a.    the nature of the discipline;

      b.    the facts on which such discipline was based;

      c.    who ordered and who administered the disciplinary actions;

**RESPONSE**:

      a. no

      b. no

      c.  no

18.    For each expert witness you intend to call at trail, please state the expert's name and present address, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of grounds for each such opinion.

__RESPONSE__:  Defendant OBJECTS because this information because undersigned counsel, and not the defendants, will ultimately determine which witnesses are called.


Respectfully submitted,

**GERALD J. PAPPERT**
**Attorney General**


By:    s/Jason C. Giurintano
       **JASON C. GIURINTANO**
       **Deputy Attorney General**
       **I.D. No. 89177**


**Office of Attorney General**          **SUSAN J. FORNEY**
**Civil Litigation Section**            **Chief Deputy Attorney General**
**15th Floor, Strawberry Square**       **Chief, Litigation Section**
**Harrisburg, PA  17120**
                                        **Counsel for Defendants**
**Date:  June 9, 2004**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                    :
                   **Plaintiff**  :
                           :     No. 1:CV-01-1015

    v.                                :
                           :     (Judge Kane)
YORK COUNTY POLICE                  :     (Magistrate Judge Mannion)
DEPARTMENT; AGENT JAMES H.          :
MORGAN; DET. RICHARD                :
PEDDICORD; DET. RAYMOND E.          :
CRAUL; SGT. GENE FELLS; DET.        :
ROBERT KESSLER; DET. ANTHONY        :
GLOWCZEWSKI; AGENT RANDY            :
SIPES; and AGENT BRIAN              :
WESTMORELAND,                       :
               **Defendants** :

## VERIFICATION

I, **ROBERT KESSLER**, hereby declare under the penalty of perjury, that the responses to these interrogatories are true and correct to the best of my knowledge, information and belief.

5-26-04
_____
DATE

_Robert W Kessler_
_____
ROBERT KESSLER