# James v. York County Police Dept., et al.
## No. 01-1015

## EXHIBIT C

**Westlaw.**

1995 WL 347003                                                                    Page 1
1995 WL 347003 (E.D.Pa.)
**(Cite as: 1995 WL 347003 (E.D.Pa.))**

**H**

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.

Lynn CARUSO, Administratrix of the Estate of
Gustave Caruso, Deceased and Lynn
Caruso, Individually
v.
The COLEMAN COMPANY, et al.

**Civ. A. No. 93-CV-6733.**

June 7, 1995.

Richard M. Ochroch, Leslie J. Castaldi, Ochroch and
Blum, P.C., Philadelphia, PA, for Lynn Caruso.

Edward B. Joseph, Goldfein & Joseph, Philadelphia,
PA, for Coleman Co. Inc.

Donald M. Davis, Michael J. Burns, Margolis,
Edelstein and Scherlis, Philadelphia, PA, Joel K.
Goldman, Herbert C. Donovan, Husch and
Eppenberger, Kansas City, MO, for Turner, a Div. of
Cooper Industries.

Donald M. Davis, Margolis, Edelstein, Scherlis,
Sarowitz & Kraemer, Philadelphia, PA, Joel K.
Goldman, Herbert C. Donovan, Hush and
Eppenberger, Kansas City, MO, for Turner, Inc.

Wayne A. Mack, Jr., Duane, Morris & Heckscher,
Philadelphia, PA, H. Roderic Heard, Brian W. Lewis,
Elizabeth M. Keiley, Wildman, Harrold, Allen and
Dixon, Chicago, IL, for E.M. Sector Holdings, Inc.,
Alliedsignal, Inc.

*MEMORANDUM AND ORDER*

NAYTHONS, United States Magistrate Judge.

*1 Presently before this Court is Plaintiff's Motion to
Determine Sufficiency of Answers and Objections of
Defendant, the Coleman Company, Inc., to Plaintiff's
Request for Admissions, and defendant's response.
In her Requests for Admissions ("RFAs"), plaintiff
submitted 117 RFAs to defendant in "Part (A)", and

37 RFAs in "Part (B)".    She now argues that
defendant has provided insufficient answers, evasive
denials, and frivolous objections to the vast majority
of these RFAs.    Therefore, plaintiff asks this Court
to require defendant to amend 82 of its answers to
plaintiff's RFAs or deem those Requests admitted.

Federal Rule of Civil Procedure 36 governs requests
for admissions.    Rule 36(a) states in pertinent part:
A party may serve upon any other party a written
request for the admission ... of the truth of any
matters within the scope of Rule 26(b)(1) set forth
in the request that relate to statements or opinions
of fact or of the application of law to fact,
including the genuineness of any documents,
described in the request.    Copies of documents
shall be served with the request unless they have
been or are otherwise furnished or made available
for inspection and copying.

\* \* \*

The party who has requested the admissions may
move to determine the sufficiency of the answers
or objections.    Unless the court determines that an
objection is justified, it shall order that an answer
be served.    If the court determines that an answer
does not comply with the requirements of this rule,
it may order either that the matter is admitted or
that an amended answer be served.

*PART A--REQUEST FOR ADMISSIONS*
*I. OBJECTIONS*

Pursuant to Rule 36(a), defendant has objected to
several requests for admissions.    Rule 36(a) provides
that a matter is admitted unless the responding party
denies the matter or objects to it.    If an objection is
made, the rule requires that the responding party shall
set forth the reasons for the objection.    Fed.R.Civ.P.
36(a).    However, the purpose of Rule 36(a) Requests
for Admissions is to narrow the issues for trial to
those which are genuinely contested.    *United Coal
Companies v. Powell Const. Co.,* 839 F.2d 958, 967
(3d Cir.1988).    Therefore, the responding party may
not object to a request solely on the ground that the
request presents a genuine issue for trial.
Fed.R.Civ.P. 36(a).    Instead, the party may deny the
matter or set forth reasons why the party cannot
admit or deny it.    *Id.; see also* 1970 Amendment to
Fed.R.Civ.P. 36, Notes of Advisory Committee.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

1995 WL 347003                                                                 Page 2
1995 WL 347003 (E.D.Pa.)
**(Cite as: 1995 WL 347003 (E.D.Pa.))**

In the present case, defendant does not properly object to RFAs Nos. 74, 78, 79, 80, 88, [FN1] 89, 90, 91. Defendant alleges first that these RFAs present disputed evidentiary issues. As discussed above, that is not a proper objection. In addition, defendant objects to several of these requests as seeking the mental impressions of an individual who is not a party to this action. [FN2] However, Rule 36(a)'s requirement of "reasonable inquiry" does not extend to third parties, if there exists sworn deposition testimony of such third party. See Diederich v. Dept. of Army, 132 F.R.D. 614, 620 (S.D.N.Y.1990) (Rule 36(a)'s requirement of "reasonable inquiry" does not extend to third parties, absent sworn deposition testimony of such third party); Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 374 (S.D.N.Y.1989), citing, Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1244-45 (9th Cir.1981). Here, the third party is Mr. Schmidt, a current and long-term employee of the Coleman Company, who was deposed in this case and testified to the same issues in a prior case. Therefore, defendant would be required to make reasonable inquiry as to Mr. Schmidt's testimony. Finally, grounds for objections are not that the quoted or referenced statements are misquoted or taken out of context. Instead, a party is to deny that admission, and when good faith requires that a party qualify an answer or deny only part, the party shall specify so much of it as is true and qualify or deny the remainder. See Fed.R.Civ.P. 36(a); see also Diederich, 132 F.R.D. at 619 (qualification permitted when statement contains some truth, but standing alone out of context, conveys unwarranted and unfair inferences). Therefore, defendant should have either admitted or denied the RFAs, or set forth reasons why it could not admit or deny them.

*2 However, when the requests for admissions are "unreasonably cumulative" and "duplicative" of other discovery taken in the case, the requests do not serve the purpose of Rule 36(a). See Flanders v. Claydon, 115 F.R.D. 70, 72 (D.Mass.1987). In the present case, there is no expectation that these requests would narrow or eliminate the issues for trial, since the defendant's positions on each of the requests is explicitly stated in clear and unambiguous terms at the many depositions taken in this case. A request for admission as to whether or not a particular witness testified to certain information at a deposition is duplicative of the deposition itself. The plaintiff can use the statements made at the deposition at trial. See Fed.R.Civ.P. 32(a)(2); Flanders, 115 F.R.D. at 72. Since I see absolutely no proper purpose to the requests, I will deny plaintiff's motion to seek defendant to serve further responses. Flanders,

supra.

RFA No. 73 is the only request in which the defendant makes a proper objection. RFA No. 73 seeks a conclusion of law, and a request as to a pure matter of law is not permitted. Diederich, 132 F.R.D. at 617; Government Employees Ins. Co. v. Benton, 859 F.2d 1147, 1148-49 n. 3 (3d Cir.1988). Therefore, the objection to RFA No. 73 is proper and plaintiff's motion is denied as to RFA No. 73.

## II. DENIALS

Plaintiff argues that defendant did not sufficiently respond to her RFAs Nos. 27, 32, 34, 37, 39, 40, 43, 57, 83, 84, 87, 94, 95, 96, 97, and 116. For the most part, defendant denied these Requests, or admitted in part; denied in part. Rule 36(a) provides that if a responding party denies the requested matter, the form of the response to such requests shall:

> specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

Fed.R.Civ.P. 36(a).

Where issues in dispute are requested to be admitted, a denial is a perfectly reasonable response. United Coal, 839 F.2d at 967. Furthermore, the use of only the word "denied" is often sufficient under the rule. Id., citing Continental Casualty Co. v. Brummel, 112 F.R.D. 77 81-82 n. 2 (D.Colo.1986); Kleckner v. Glover Trucking Corp., 103 F.R.D. 553, 557 (M.D.Pa.1984). However, qualifications are permitted when good faith requires that a party qualify an answer or deny only part. See Fed.R.Civ.P. 36(a); see also Diederich, 132 F.R.D. at 619.

Specifically, plaintiff argues that RFAs Nos. 27, 37, 39 and 116, are not sufficient pursuant to Rule 36(a). RFA No. 27 requests defendant to admit that the lantern involved in this case emits carbon monoxide when in use. Defendant denied the request in part, denying that the lantern emitted carbon monoxide in use because a Coleman Lantern which is properly used and maintained does not produce dangerous levels of carbon monoxide. This denial is evasive, since Coleman does not specifically deny the matter.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Case 1:01-cv-01015-YK     Document 187-4     Filed 07/28/2004     Page 4 of 9

*See Asea,* 669 F.2d at 1245. Instead, defendant states that when properly used the lantern does not produce *dangerous* levels of carbon monoxide. Since the response does not comply with the literal requirements of Rule 36(a), this court may, in its discretion, deem the matter admitted or order that an amended answer be served. *See* Fed.R.Civ.P. 36(a); *Asea,* 669 F.2d at 1245. Therefore, this Court orders that RFA No. 27 is deemed admitted since defendant's answer implies that carbon monoxide is emitted when it denied that "dangerous levels" are emitted. [FN3]

*3 Both RFAs No. 37 and No. 39 contained typographical errors and were specifically denied by defendant because of those errors. RFA No. 37 asked defendant to admit that on the carton in which the Coleman lantern was sold was printed "The Coleman Commitment". Plaintiff quoted this "Commitment" but it referred to the year 1990 instead of the year 1900 as the year William Coleman founded the company. Defendant denied this request stating that the Coleman company was not founded in 1990. No other explanation or answer was given. In RFA No. 39, plaintiff quoted the warning on the lantern base and included the term "[sic]" in the warning referring to a typographical error in the actual warning label. Defendant simply denied this request and in the interrogatory answered that the warning did not contain the term "[sic]".

Such responses by defendant are clearly deficient under Rule 36. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. *Philadelphia Gear Corp. v. Techniweld, Inc.,* No. 90-5671, 1992 WL 99622, *2-3, 1992 U.S.Dist. LEXIS 6555, *6-7 (E.D.Pa. May 1, 1992). Answers that appear to be nonspecific, evasive, ambiguous and appear to go to the accuracy of the requested admissions rather than the "essential truth" contained therein are impermissible and must be amended. *Philadelphia Gear,* 1992 WL 99622, *6, *quoting, United States v. Nicolet, Inc.,* 1989 W.L. 51734 (E.D.Pa.1989). Therefore, defendant will be ordered to amend its answers as to RFAs Nos. 37 and 39, specifying which part of the requested admissions it denies, and answering the remaining part of the requests. [FN4]

Also, RFA No. 40 asks defendant to admit that the lantern and heater allegedly found in the camping

trailer in which the decedents died were tested and that those test results were attached as Exhibit "2". Defendant admitted in part; but denied that the test results were attached as Exhibit "2". Instead, defendant stated that the test results speak for the themselves and denied that the information in Exhibit "2" is relevant or admissible at trial. This denial of the exhibit is not a proper response. The RFA did not request defendant to verify the truth of the contents of Exhibit "2", it simply asked defendant to authenticate the document as being the test results. [FN5] Attorneys and experts for Coleman and Turner were present for the test results. In addition, Randy May testified at deposition that the test results were accurate. *See* Plaintiff's Exhibit "F" at pp. 158-59, attached to Plaintiff's Motion. Since the exhibit accurately portrays the test results, then defendant must admit it, and if necessary, defendant may present evidence at trial contradicting the results. *Doe v. Mercy Health Corp.,* No. 92- 6712, 1993 WL 377064, *11, 1993 U.S.Dist. LEXIS 13347, *36 (E.D.Pa. Sept. 16, 1993) (if the statements are accurately quoted or referenced, responding party must admit the RFA, but is free to present evidence at trial contradicting the quoted or referenced statement). Therefore, Exhibit "2" attached to RFA No. 40 is deemed admitted.

*4 Finally, plaintiff argues that defendant's response to RFA No. 116 is not sufficient. RFA No. 116 requests defendant to admit that Coleman Company is a citizen of the State of Kansas and the State of Delaware. Defendant admitted that its place of incorporation and/or principal place of business is not New Jersey or Pennsylvania, but denied that Coleman is a citizen of the State of Kansas and the State of Delaware, "because a corporation is never known as a 'citizen' of any state." This denial is evasive and incorrect, since a corporation is considered to be a citizen of a state in which it is incorporated and in which it has its principal place of business, for purposes of jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *U.S.F. & G. Co. v. DiMassa,* 561 F.Supp. 348, 350 (E.D.Pa.), *aff'd,* 734 F.2d 3, 9 (3d Cir.1983). In addition, the application of law to fact is a permissibly request under Fed.R.Civ.P. 36(a). *See* 1970 Amendment to Fed.R.Civ.P. 36, Notes of Advisory Committee; *McSparran v. Hanigan,* 225 F.Supp. 628, 636 (E.D.Pa.1963) (plaintiff admitted that premises on which accident occurred, were occupied or under the control of defendant). Since the response is evasive and does not comply with the literal requirements of Rule 36(a), this court may, in its discretion, deem the matter admitted or order that an amended answer be served. *See* Fed.R.Civ.P.

1995 WL 347003                                                    Page 4
1995 WL 347003 (E.D.Pa.)
(Cite as: 1995 WL 347003 (E.D.Pa.))

36(a); *Asea,* 669 F.2d at 1245. Therefore, this Court orders that RFA No. 116 is deemed admitted.

RFAs Nos. 32 and 34 involve disputed issues of whether the decedent died while the Coleman Lantern was inside the trailer. In addition, RFAs Nos. 43 and 57 involve disputed issues regarding the levels of carbon monoxide at the testing of the lantern, Coleman's knowledge of the dangers of carbon monoxide poisoning, and its motivation in designing exhibit P-14 (instruction tag on Focus 5 Heater). Because these requests involve issues legitimately disputed, the denials are sufficient answers. *United Coal,* 839 F.2d at 967. If the request presents a genuine issue for trial then the responding party may deny the matter. Fed.R.Civ.P. 36(a); *see also* 1970 Amendment to Fed.R.Civ.P. 36, Notes of Advisory Committee. Plaintiff's only recourse is to use Rule 37(c) after trial to seek reimbursement for having to "prove" the purported "facts" contained within the above requests, but only if defendant's denials are later found to be not "substantially justified." *See Foretich v. Chung,* 151 F.R.D. 3, 5 (D.D.C.1993).

Defendant also denied several RFAs due to plaintiff's allegedly "compound, complex and ambiguous manner" in which she phased them and which required defendant to qualify the requests themselves. *See* Defendant's Memorandum at 37. In RFAs Nos. 94, 95, 96, and 97, plaintiff requests defendant to admit that Coleman is "the leading" manufacturer of camping products in various markets. Defendant admitted that it is "a leading manufacturer" but denied that it is *"the* leading manufacturer". There is nothing evasive or improper about defendant's qualification of its responses. The answers need not be amended.

*5 In RFAs Nos. 83 and 84, defendant denied the requests because the terms "surveys", "studies", "tests", and "adequacy" were ambiguous. Although the phrases appear to have a clear and common meaning in the context in which they are used, especially in light of the deposition testimony that clearly discusses that no "surveys, etc. were performed", this Court will not require defendant to amend or qualify these requests. In the circumstances of this case, these requests for admissions are "unreasonably cumulative and duplicative" of other discovery which the plaintiff has taken in this case. Fed.R.Civ.P. 26(b)(1). The deponents of the defendant explicitly stated at deposition in clear and unambiguous terms its position on each of these requests. The plaintiff can

use the statements made at the depositions at trial. Fed.R.Civ.P. 32(a)(2). Therefore, although I find that the sufficiency of the responses to those requests were inadequate, I will deny plaintiff's Motion to the extent that it seeks an order requiring defendant Coleman to serve further responses. *See Flanders,* 115 F.R.D. at 72.

## III. LACK OF INFORMATION

Finally, plaintiff complains of defendant's refusal to admit or deny the remaining requests for admissions. Defendant claimed that it had insufficient information to admit or deny either entirely or in part the following requests: 2-15, 17, 18, 20-25, 31, 33, 34, 43, 44, 46, 49, 50, 114.

Fed.R.Civ.P. 36(a) sets forth specific tests which must be met before a party may claim an inability to admit or deny. Rule 36(a) states, "[an] answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny."

The fault with many of these requests is not the responses but the language of the requests themselves. Many of the requests seek several conclusions within each request regarding certain facts. For example, RFA No. 25 requests defendant to admit that "[t]he Coleman propane cylinder, Model 5102-712, which was attached to the Turner Model 2440 Radiant Heater found in the camping trailer on November 30, 1992, had not been altered." Defendant admitted that the cylinder was not altered but stated that it had no personal knowledge that the cylinder was found in the trailer or attached to the heater. In addition, RFA No. 33 requests defendant to admit that "[t]he Turner Model 2440 Radiant Heater and the Coleman Model 5152B700 Two Mantle Lantern were the only sources of carbon monoxide in the camping trailer at the time of the decedents' death." Defendant stated that "[a]fter reasonable inquiry, the information known or readily obtainable by answering defendant is insufficient to enable it to admit or to deny this request."

These RFAs are typical examples of the wording of plaintiff's requests. Many of the RFAs imply that defendant's lantern was conclusively shown to be inside the trailer at the time of death [FN6] and specifically RFA No. 25 implies that defendant's lantern and the Turner heater caused the decedents

death. At issue in this case is whether Coleman's lantern was actually within the trailer and whether it was a contributing factor to the deaths. These issues are for the jury to decide. To compel a responding party to answer questions that unfairly infer a particular or varied conclusion from the fact admitted, or to compel answers to vague and indefinite questions capable of more than one interpretation and requiring an explanation, thwarts the purposes of Rule 36(a). *See Johnstone v. Cronlund,* 25 F.R.D. 42, 45 (E.D.Pa.1960). The purpose of Requests for Admissions is to narrow or eliminate issues in a case, therefore, "[e]ach request for admissions must be direct, simple and limited to singular relevant facts, so that 'it can be admitted or denied without explanation." *Dubin,* 125 F.R.D. at 375 (citations omitted); *Johnstone,* 25 F.R.D. at 45 (Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation). They should not state "half a fact" or "half truths" which require the answering party to qualify responses. *Dubin,* 125 F.R.D. at 375- 76.

*6 I find that these requests present compound issues and complex questions within a singular request. However, this Court should not have to sort out the questions and break them down into categories and compel the adversary to answer one part and not answer the other. *Johnstone,* 25 F.R.D. at 46. To hold otherwise would lead to long and interminable hearings on requests for admissions which would serve no real purpose. *Id.* Defendant has answered the RFAs to the extent that it can. Any other issues will be determined at trial. Therefore, plaintiff's Motion is denied as to RFAs Nos. 2-15, 17, 18, 20, 21, 22, 23, 24, 25, 31, 33, 34, 43, 44, 46. [FN7]

RFAs Nos. 49, 50, and 114 requests defendant to admit or deny statements regarding the decedent's age and health, and plaintiff's domicile. Defendant claims that these requests seek admissions as to what is exclusively within plaintiff's control. *See* Defendant's Memorandum at 25. However, defendant has access to this information from numerous sources in which it would be capable of conclusively admitting or denying these facts. As stated numerous times, the purpose of Requests for Admissions is for the parties to determine if they agree on particular facts, consequently narrowing or eliminating issues. *Dubin,* 125 F.R.D. at 375; *see also Diederich,* 132 F.R.D. at 618 (very purpose of requests for admissions is to seek admissions from responding party as to what the other party believes is true). In these requests, plaintiff has presented a

simple and direct statement in which defendant has the ability to admit or deny. Therefore, defendant is ordered to amend its responses to RFAs Nos. 49, 50, and 114.

*PART B--AUTHENTICITY OF DOCUMENTS*

In Part B of her Request for Admissions, plaintiff asked defendant to admit the genuineness and authenticity of 29 documents. Defendant generally objected to and specifically denied these requests stating that RFAs were not meant to be used to establish the authenticity of a document and denied the genuineness of each document individually, since they were copies and not originals. In its Memorandum, defendant stated that its objection was a result of the "confusion caused by plaintiff's request" to admit or deny the "authenticity *and* genuineness of the attached pieces of paper." *Id.* The defendant further stated that if this Court interprets plaintiff's requests as asking for the same thing, then it requests this Court to review its denials and not consider its stated objections.

Rule 36(a) permits a party to obtain an admission from an adversary as to the genuineness of any document. Fed.R.Civ.P. 36(a). In the English Language, authenticity and genuineness mean the same. *See The Random House College Dictionary,* Revised Ed. pp. 91, 551 (1982). Therefore, per defendant's request, its objections will not be considered.

Defendant denied the genuineness of the documents referred to in RFAs Part B, Nos. 1-11, and 13-28, since they were photocopies and not originals. Essentially, defendant argues that by providing copies with its requests, plaintiff imputed importance on the attached copies rather than the documents described within plaintiff's requests. *See* Defendant's Memorandum at 37 n. 5. However, defendant interprets Rule 36 too broadly. Rule 36 requires that any documents involved in the request for admissions be described in the request and that copies "be served with the request unless they have been or are otherwise furnished or made available for inspection and copying." *See* Rule 36(a); 4A Moore's Federal Practice, 2nd Ed., § 36.03[4] (1994). The emphasis in the rule is to ensure that the requests for admissions are detailed enough to allow the responding party to identify the document. 4A Moore's Federal Practice, § 36.03[4].

*7 Here, in order to facilitate that concern, plaintiff attached copies of each document she sought a

1995 WL 347003                                                                                    Page 6
1995 WL 347003 (E.D.Pa.)
(Cite as: 1995 WL 347003 (E.D.Pa.))

request for admission. If defendant can show that the copies of the documents attached to plaintiff's requests have been altered or changed in some *substantive* manner from the originals, then that would be a proper denial. *See Doe,* 1993 U.S.Dist. LEXIS 13347, *36 (if responding party believes the documents do not say what the other party asks it to admit they do, or are otherwise "taken out of context", responding party may deny the RFA). However, in responding to RFAs of Part B, Nos. 1-11, 14, and 28, defendant simply denies that each exhibit is a genuine document (i.e., the records of the Pennsylvania State Police [Exhibit "3"] ) because it is a copy and not an original, and that the copies have exhibit tags made by counsel. Defendant also states that the copies have "other markings" inconsistent with their being considered genuine documents, but defendant does not state what those "other markings" are. These denials are not sufficient under Rule 36(a). Therefore, defendant will be ordered to amend its answers as to RFAs of Part B, Nos. 1-11, 14, and 28.

Defendant denies RFAs of Part B, Nos. 15-26, using the same language as the above denials, and additionally denies these requests because the documents are stamped with "SUBJECT TO PROTECTIVE ORDER 30380" which was done to protect the proprietary nature of the document. Defendant wants to remove the stamp from the documents should they be considered by the Court to be admissible at trial. However, these denials do not comply with the literal requirements of Rule 36(a). A denial should not be made because there is a question regarding the admissibility of the evidence. An admission as to the genuineness of a document is made subject to all pertinent objections to admissibility which could be interposed at the trial. *See* 4A Moore's Federal Practice, § 36.03[7.-1]. Therefore, defendant will be ordered to amend its answers as to RFAs of Part B, Nos. 15-26.

Defendant's responses to RFAs of Part B, Nos. 13 and 27 are sufficient since defendant stated that the records or other documents are taken out of a full and otherwise complete document and do not accurately reflect the context of the full and otherwise complete and genuine document. Plaintiff may move for sanctions after trial pursuant to Rule 37(c)(2), if she proves the genuineness of these documents. The court may require the party denying the genuineness of any such document to pay the party requesting the admission the reasonable expenses incurred in making such proof, including reasonable attorney's fees. *See* 4A Moore's Federal Practice, § 36.03[7.-

2]. [FN8]

Perhaps mistakenly, defendant objected to RFA No. 29 for the same reasons it denied RFA Nos. 13 and 27. However, this objection is not a proper response to the request. Therefore, defendant is ordered to simply amend its response to No. 29 if it believes that the "report" is taken out of context. *See Doe,* 1993 U.S.Dist. LEXIS 13347, *36.

*8 Finally, defendant objects to being asked to admit to the genuineness of the document attached to RFA of Part B, No. 12. Defendant objects to this RFA because plaintiff has failed to indicate that she has taken steps to protect this proprietary data should she seek its admission at trial. Defendant further objects because the document is stamped with "SUBJECT TO PROTECTIVE ORDER 30380" and defendant wants to remove the stamp from the document should it be considered by the Court to be admissible at trial. Issues regarding the admissibility of the document at trial do not form a valid objection to a request for admission. *See Akil Al-Undi v. Rockefeller,* 91 F.R.D. 590, 595 (W.D.N.Y.1981); *Goldman v. Mooney,* 24 F.R.D. 279, 280 (W.D.Pa.1959). As long as the request is for relevant matter, it should be answered and its admissibility determined by the trial judge. *Goldman,* 24 F.R.D. at 280. Here, RFA No. 12 seeks defendant to admit that the propane sales figures prepared by defendant, and attached as Exhibit "14" is a genuine document. This information has already been determined to be relevant by this Court in its order of September 9, 1994. Therefore, defendant is ordered to respond to RFA No. 12. In addition, defendant is ordered to respond to RFA of Part A, No. 88 since defendant objects to this request for the same reasons.

An appropriate Order follows.

### ORDER

AND NOW, this 7th day of JUNE, 1995, IT IS HEREBY ORDERED THAT Plaintiff's Motion to Determine Sufficiency of Answers and Objections of Defendant to Plaintiff's Request for Admissions is GRANTED IN PART and DENIED IN PART.

1. Defendant is Ordered to amend its answers to Part (A) Request for Admissions Nos. 37, 39, 49, 50, 88, and 114, and Part (B) Request for Admissions Nos. 1-12, 14-26, 28, and 29 within ten (10) days.

2. Request for Admissions Nos. 27, 40, and 116 are deemed admitted.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

1995 WL 347003                                                                    Page 7
1995 WL 347003 (E.D.Pa.)
**(Cite as: 1995 WL 347003 (E.D.Pa.))**

3. Plaintiff's Motion is Denied as to Part (A) Request for Admissions Nos. 2-15, 17, 18, 20-25, 31-34, 43, 44, 46, 57, 73, 74, 78-80, 83, 84, 89-91, and 94-97, and Part (B) Request for Admissions Nos. 13 and 27, consistent with this Court's opinion.

FN1. Defendant has been ordered to answer RFA No. 88 in this Court's discussion regarding "Part B--Authenticity of Documents".

FN2. For example, Requests Nos. 78, 79, and 80 seek admissions as to whether Franklin Schmidt, defendant's engineer, believed the warnings on the propane camping equipment were adequate.

FN3. In addition, defendant objected to the ambiguity of the words when in "use". However, it is quite obvious that plaintiff intended the word "use" to mean when the switch on the lantern was turned to the "on" position.

FN4. I note defendant's argument which states that ambiguity in requests for admissions should be construed against the party propounding the request. *Ortho Diagnostic Sys., Inc. v. Miles, Inc.,* 865 F.Supp. 1073, 1079 (S.D.N.Y.1994). However, these errors were obvious typographical errors and were not the result of ambiguity. Although plaintiff has included a corrected request in its Second Request for Admissions to Defendant, and defendant has responded to same as lacking sufficient information to answer, that answer is not before this Court. Therefore, defendant is still ordered to amend its answer to RFA No. 37.

FN5. The request should be simple and direct and should seek admission of the genuineness of the document, not request an interpretation of its contents. 4A Moore's Federal Practice, § 36.03[4], *citing, Jackson Buff Corp. v. Marcelle,* 20 F.R.D. 139 (E.D.N.Y.1957).

FN6. Much of the information in the requests would require defendant to admit or deny based solely upon statements made by two men, Albert Storer and William Bramble, who allegedly discovered the decedents' bodies. However, Bramble and Storer have failed to cooperate in any way in the investigation of this incident and have failed to appear for depositions. Since Bramble and Storer are non-parties and have failed to testify in this matter, defendant is under no obligation to inquire of non-parties such as these two men in formulating its responses. *See Diederich v. Dept. of Army,* 132 F.R.D. 614, 620 (S.D.N.Y.1990); *see also Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.,* No. 89-9752, 1992 U.S.Dist. LEXIS 20249, *8 (E.D.Pa. Dec. 29, 1992). In addition, RFA Nos. 20 and 21 involved the identification of the propane cylinders by Police Chief Zaremba, marked as Z-7 and Z-8A. Apparently, the cylinders were not marked by the police officers at the scene, therefore Chief Zaremba could not conclusively identify them as the originals, stating only that they were a similar type and to the best of his knowledge they appeared to be the same cylinders. *See* Transcript of Chief Zaremba's Deposition Testimony at 19-22, 26, 29-30. Therefore, defendant did not admit to those RFAs.

FN7. RFA 46 states that "Carbon monoxide is the leading cause of poisoning deaths in the United States." Defendant stated that it was unable to answer this request. Unless plaintiff supplied a document that stated this proposition and asked defendant to authenticate its contents, this Court cannot compel defendant to answer such a request.

FN8. Defendant may be required to pay such expenses, *unless* the court finds (A) that the request was held objectionable, (B) that the admission was of no substantial importance, (C) that the party had reasonable ground to believe he might prevail, or (D) there was other good reason for the failure to admit. *See* 4A Moore's Federal Practice, § § 36.03[7.-2] and 36.07.

1995 WL 347003 (E.D.Pa.)

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

1995 WL 347003                                                                     Page 8
1995 WL 347003 (E.D.Pa.)
**(Cite as: 1995 WL 347003 (E.D.Pa.))**


END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works