**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYRONE P. JAMES,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:01-1015** |
| **v.** | : | **(KANE, D.J.)** |
| | | **(MANNION, M.J.)** |
| **YORK COUNTY POLICE** | : | |
| **DEPARTMENT, JAMES H.** | | |
| **MORGAN, RICHARD** | : | |
| **PEDDICORD, RAYMOND E.** | | |
| **CRAUL, GENE FELLS, DET.** | : | |
| **KESSLER, CO BAYLARK,** | | |
| **RANDY SIPES, BRIAN** | : | |
| **WESTMORELAND, and** | | |
| **DETECTIVE GLOWCZESKI,** | : | |
| **Defendants** | : | |

# N O T I C E

TO:  **Tyrone P. James, Reg. No. EX-9451**
     **SCI-ROCKVIEW**
     **P. O. Box A**
     **Bellefonte, PA    16823**

     **Donald L. Reihart, Esquire**
     **Law Offices of Donald L. Reihart**
     **3015 Eastern Blvd.**
     **York, PA   17402**

     **Amanda L. Smith, Esquire**
     **Office of Attorney General**
     **15th Floor - Strawberry Square**
     **Harrisburg, PA 17120**

     **Kristin G. Hogue, Esquire**
     **Office of the California Attorney General**
     **110 W. A. Street**
     **Suite 1100**
     **San Diego, CA   92101**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the following:

**Report and Recommendation of Magistrate Judge Mannion dated 08/17/04.**

Any party may obtain a review of the magistrate judge's above proposed determination pursuant to Rule **72.3**, M.D.PA, which provides:

**72.3 REVIEW OF REPORTS AND RECOMMENDATIONS OF MAGISTRATE JUDGES ADDRESSING CASE DISPOSITIVE MOTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.   The briefing requirements set forth in Local  Rule 72.2 shall apply.  A judge shall made a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.   The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


s/ Malachy E. Mannion

**MALACHY E. MANNION**
**United States Magistrate Judge**


Dated:  August 17, 2004

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYRONE P. JAMES,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:01-1015** |
| **v.** | : | **(KANE, D.J.)** |
| | | **(MANNION, M.J.)** |
| **YORK COUNTY POLICE** | : | |
| **DEPARTMENT, JAMES H.** | | |
| **MORGAN, RICHARD** | : | |
| **PEDDICORD, RAYMOND E.** | | |
| **CRAUL, GENE FELLS, DET.** | : | |
| **KESSLER, CO BAYLARK,** | | |
| **RANDY SIPES, BRIAN** | : | |
| **WESTMORELAND, and** | | |
| **DETECTIVE GLOWCZESKI,** | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

Presently pending before the court are a motion to dismiss the plaintiff's complaint filed by defendant Sipes, and a motion for summary judgment filed by defendants Morgan, Westmoreland, Peddicord, Craul, Glowczewski, Kessler and Fells ("police defendants"). (Doc. Nos. 135, 146).

## I.    Background

On June 8, 2001, the plaintiff, an inmate formerly confined at the York

1

County Prison,[1] filed this civil rights action pursuant to 42 U.S.C. § 1983. He alleges various violations of his constitutional rights in relation to his arrest on January 10, 2001, on drug charges. (Doc. No. 1).

The plaintiff filed a supplement to his complaint, which the court directed be served on the three new defendants, Sipes, Westmoreland and Glowczeski on April 25, 2003. (Doc. No. 70).

At the time the plaintiff filed his complaint on June 8, 2001, the criminal proceedings which underlie the plaintiff's claims had not yet been finalized. Subsequent to a jury trial held in the York County Court of Common Pleas on November 13-15, 2001, the plaintiff was convicted on one count of criminal attempt to possess with intent to deliver cocaine, and on one count of possession with intent to deliver cocaine. On January 7, 2002, the plaintiff was sentenced to 7 to 14 years imprisonment, and a $25,000.00 fine. He was given credit for 361 days time served. An appeal to the Superior Court was filed on February 15, 2002. Judgment was affirmed by the Superior Court on December 17, 2002. A Post Conviction Relief Act petition was filed on June 26, 2003. (Doc. No. 149, Ex. 1).[2] The complaint is discussed in more detail below.

─────────────────────

[1]The plaintiff is presently incarcerated at the Pennsylvania State Correctional Institution at Rockview, Bellefonte, PA.

[2]The court has no further knowledge as to whether a PCRA hearing was eventually held, or whether the plaintiff took any further appeals in State court.

2

## II.    Standard of Review

Defendant Sipe's motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6).    This rule provides for the dismissal of a complaint, in whole or in part, if the parties fail to state a claim upon which relief can granted.    Dismissal should occur only where it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.    Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Accordingly, dismissal is appropriate "only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint."    Trump Hotel and Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998)(citing ALA, Inc. v. CCair, Inc., 29 F.3d 855, 859 (3d Cir. 1994)).    A dismissal under Rule12(b)(6) should only be granted if "it is certain that no relief can be granted under any set of circumstances which could be proved." Steamfitters Local Union No. 420 Welfare Fund v. Phillip Morris, Inc., 171 F.3d 912, 919 (3d Cir. 1999)(citing City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 262 n. 12 (3d Cir. 1998)).

In deciding a motion to dismiss, a court should generally consider only the allegations contained in the complaint, the exhibits attached to the complaint, matters of public record, and "undisputably authentic" documents which plaintiff has identified as the basis of his claim. Pension Benefit

Guarantee Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).    It must also be remembered that when considering a motion to dismiss under Rule 12(b)(6), the important inquiry is not whether the plaintiff will ultimately prevail on the merits of his claims, but only whether he is entitled to offer evidence in support of them.  Scheuer v. Rhodes, 416 U.S. 233, 236 (1974).

The police defendants' motion for summary judgment is brought pursuant to the provisions of Fed.R.Civ.P.56. Summary judgment is appropriate when supporting materials, such as affidavits and other documentation, show there are no material issues of fact to be resolved, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). The Supreme Court has ruled that Fed. R. Civ. P. 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp v. Catrett, 477 U.S. 317 (1986). The Court further stated that "Rule 56 (e)...requires the non-moving party to go beyond the pleadings and by [his] own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324; Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990);

4

Pastore v. Bell Tel. Co. of Pennsylvania, 24 F.3d 508, 511 (3d Cir. 1994) (quoting Harter v. GAF Corp., 967 F.2d 846, 852 (3d Cir. 1992)). The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. Celotex, 477 U.S. at 323; Young v. Quinlan, 960 F.2d 351, 357 (3d Cir. 1992). To determine whether the non-moving party has met his or her burden, the Court must focus on both the materiality and the genuineness of the factual issues raised by the non-movant. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original). A disputed fact is material when it could affect the outcome of the suit under the governing substantive law. Anderson, 477 U.S. at 248. A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 250. If the Court determines that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'." Matsushita Elec. Industrial Co. v. Zenith Radio, 475 U.S. 574, 587 (1986) (quoting First Nat. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289 (1968)). All inferences, however, "'should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as

5

true'." <u>Pastore</u>, 24 F.3d at 512 (quoting <u>Big Apple BMW, Inc. v. BMW of N.</u> <u>America, Inc</u>., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993)).

With the above principles in mind, the court will address the allegations in the complaint, the materials and documentation submitted by the defendants to pierce those allegations, and the response submitted by the plaintiff in an attempt to controvert the defendants' materials to demonstrate that there exists a triable issue of material fact; or to show that his complaint has stated a Fourth Amendment cause of action against defendant Sipes.

## III. Discussion

In his complaint, the plaintiff alleged that on January 10, 2001, while he was retrieving mail from a rented mail box at Mail Boxes Etc. located at 2536 Eastern Boulevard in York, Pennsylvania, he was approached by several individuals, who turned out to be plain-clothed law enforcement officers, who he said looked like "thugs" and did not identify themselves to him as police officers. (Doc. No. 1, ¶ ¶ 1-2; Doc. No. 22, ¶ 5). The plaintiff alleged that he had retrieved a "make shift box" from the clerk inside the Mail Boxes Etc. office and that when the unknown individuals approached him he dropped the box and started to move away from them. (Doc. No. 1, ¶ 3; Doc. No. 22, ¶ 5). According to the plaintiff, as he was moving away, he was deliberately hit by a van driven by defendant Glowczeski and thrown to the ground. (Doc.

6

No. 1, ¶ 4; Doc. No. 22, ¶¶ 5-6).  The plaintiff stated that while on the ground defendant Westmoreland and the other defendants trampled him, handcuffed him, took his personal belongings and placed him in the van. (Doc. No. 1, ¶ 4; Doc. No. 22, ¶ 5). He claimed that at no time did he resist arrest, or attempt to elude the officers. (Doc. No. 177, pp 2, 27, 29 and Doc. No. 178 ¶ 4).

The plaintiff maintains that while in the van,  defendant Morgan asked him if he knew what was in the package, without explaining what was the purpose of the stop. The plaintiff alleged that he was never read his <u>Miranda</u>[3] rights by any of the defendants.  (Doc. No. 1, ¶¶ 5-6).

According to the complaint, the plaintiff was taken to the York County Police Department, where he was interrogated by defendant Morgan and denied the use of a telephone to call his family or an attorney.  (Doc. No. 1, ¶¶ 6, 10).  Furthermore, the plaintiff alleged that defendant Peddicord took his personal papers, business card, credit cards, lawyer network cards, and airline frequent flyer cards from his wallet.  (Doc. No. 1, ¶ 7).  He stated that

---

[3]In <u>Miranda v. Arizona</u>. 384 U.S. 436 (1966), the Supreme Court held that the protections of the Fifth Amendment against self-incrimination could be safe-guarded by providing an individual, prior to custodial interrogation, with a warning, of his right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be provided to him. If after receiving these warnings the individual knowingly and intelligently waives these rights, and provides a statement, that statement can be used against him in a criminal proceeding.  <u>Miranda</u>, 384 U.S. at 479.

7

he was later charged and processed by defendant Craul. (Doc. No. 1, ¶ 8). The plaintiff alleged that he was subjected to steady and persistent questioning by the police defendants from January 10, 2001, to January 12, 2001, despite his requests for counsel. (Doc. No. 1, ¶ 11).

In his supplemented complaint, the plaintiff further alleged that on January 8, 2001, defendant Sipes searched and seized a package which was addressed to the plaintiff at a Mail Box Etc. in California, without a search warrant, in violation of his Fourth Amendment rights. (Doc. No. 22, ¶ 4). He also specifically alleged that defendant Glowczeski, "was the driver of the van who purposely, knowingly and intentionally [drove] the vehicle and hit Plaintiff and [threw] him to the ground." (Doc. No. 22, ¶ 6).

In a June 25, 2001, Report and Recommendation it was recommended that the complaint be dismissed. (Doc. No. 7). Following the filing of objections, the court adopted the recommendations in part, and rejected them in part. Specifically, the district court judge ordered that those portions of the complaint which sought injunctive or other relief to end the plaintiff's state prosecution and confinement be dismissed, and that any claims asserted on the part of third parties be dismissed.[4]

Construing the plaintiff's complaint liberally, the district court found that the plaintiff had alleged the following claims: (1) excessive force used by the

_____

[4]It is noted that the plaintiff alleged claims of unlawful detention and police harassment of the plaintiff's wife and sister.

8

police during his arrest; (2) unlawful search and seizure of his person and property during the arrest and investigation; (3) failure to advise plaintiff of his rights under <u>Miranda</u> and coercion and entrapment of him during questioning; (4) denial of plaintiff's request to speak to an attorney before and during questioning, and (5) excessive bond set for plaintiff's release.  (<u>See</u> Doc. No. 16).

On December 28, 2001, the police defendants[5] filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. (Doc. No. 45). By Report and Recommendation dated March 13, 2003, the undersigned Magistrate Judge recommended that the motion be

_____

[5]There are three other defendants named by the plaintiff: York County Police Department, York County Prison and  C.O. Baylark of the York County Prison.  Defendants York County Police Department, York County Prison and Baylark filed a motion for summary judgement on February 27, 2002. (Doc. No. 57). It was recommended that the motion be granted in its entirety pursuant to a Report and Recommendation dated March 11, 2002. (Doc. No. 78). Subsequent to objections filed by the plaintiff, the district court judge adopted the Report and Recommendation in part, and overruled it in part. The court agreed that defendants York County Prison and Baylark should be dismissed as defendants, but stated that the motion should not be granted as to defendant York County Police Department. The court concluded that the plaintiff had sufficiently stated a genuine issue of material fact as to whether the York County Police Department had a policy, either as to disregarding the mandate of providing <u>Miranda</u> warnings, or as to refusing to accede to an individual's request for an attorney, so as to contravene the plaintiff's Fourteenth Amendment rights. (Doc. No. 99).  Therefore, the York County Police Department remains as a defendant in this matter.

granted in part and denied in part. It was recommended that the motion be granted as it pertained to the plaintiff's Eighth Amendment excessive force claim concerning his arrest; as it pertained to the plaintiff's Fourteenth Amendment excessive force claim concerning his arrest, and as it pertained to the plaintiff's Sixth Amendment claim related to the alleged denial of counsel prior to the initiation of formal judicial proceedings. It was recommended further, however, that the motion be denied as it pertained to the plaintiff's Fourth Amendment claim of excessive force during his arrest; as it pertained to his Fifth Amendment claim related to denial of his <u>Miranda</u> rights and his continual interrogation; as it pertained to his Fourth Amendment claim for unlawful search and seizure, and as it pertained to his Eighth Amendment claim of excessive bond. (Doc. No. 79).  Following the filing of objections to the Report and Recommendation, the court adopted the Report and Recommendation in its entirety. (Doc. Nos. 80, 81, 82, 93).

On March 12, 2004, defendant Sipes filed the within motion to dismiss. Defendant Sipes argues that the Fourth Amendment search and seizure claim against him should be dismissed for two reasons.  First, because this court lacks personal jurisdiction over him, and second, even if the court did have personal jurisdiction over him, the plaintiff has failed to state any claim against him upon which relief can be granted. (Doc. Nos. 135, 138).

The plaintiff filed a  brief in response on March 15, 2004. (Doc. No. 137). Defendant Sipes filed a reply brief on April 15, 2004.  (Doc. No. 152).

In his response to the motion to dismiss, the plaintiff alleges the following with respect to defendant Sipes:

> Agent [R]andy Sipes search (sic) a package which was addressed to Plaintiff, at the Mail Box Etc. in California, without a warrant on January 8, 2001 and without the proper due process to the First, Fourth and Fourteenth Amendment of the United States Constitution; Agent Sipes was in violation of 18 USCS section 1702 prying into business and secrets of one's private mail or package without the proper due process.  Protection of such letter being within constitutional power of Congress.  (Citations omitted).  This led to the pretext and subterfuge arrest on January 10, 2001 by the other Defendants. Agent Sipes as (sic) violated by rights under Constitutional, Federal and States (sic) law.

(Doc. No. 22).

In support of his motion, defendant Sipes has attached a sworn declaration [6] which indicates that at all times relevant to the instant action he

_____

[6]When a court considers materials outside of the pleadings in conjunction with a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the motion is more properly construed as one for summary judgment, and the parties are entitled to reasonable opportunity to respond to the motion as such.  See Fed.R.Civ.P. 12; Laughlin v. Metropolitan Washington Airports, 149 F.3d 253, 260-61 (4th Cir. 1998)(when matters outside pleadings are presented to and not excluded by the court, motion to dismiss must be treated as one for summary judgment).

Moreover, while a judgment for the plaintiff is ordinarily a judgment on the merits since a judgment granting the requested relief necessarily establishes the claim, 18 J. Moore, S. Bandes & L. Solum, Moore's Federal Practice, § 131.30[3][b], at 131-103 (3d ed. 1999), the defendant may sometimes prevail because the court determines that it has no subject matter jurisdiction, that personal jurisdiction over defendants or indispensable

11

was a Special Agent for the Bureau of Narcotics in the State of California, and working in Los Angeles and Riverside Counties, California.  During this time, defendant Sipes resided in San Bernardino County, California.  The only allegation in the plaintiff's complaint as supplemented  is that defendant Sipes telephonically contacted the Pennsylvania Office of the Attorney General and shipped a package to that office.  Defendant Sipes declaration provides that he did not travel to Pennsylvania, except to testify in September 2001.  (Doc. No. 135, Attached Declaration).

In order to resolve a case on the merits, a court must have authority over both the subject matter of the claims asserted and the parties.  <u>Ruhrgas</u>

_____

parties is lacking, that venue is improper, or that plaintiff has failed to comply with some prerequisite to filing suit, such as exhaustion of administrative remedies.  <u>Id.</u>  In such cases, the resulting judgment of dismissal is not a determination of the merits of the claim, but rather a refusal to hear it.  <u>See</u> Fed.R.Civ.P. 41(b); <u>Costello v. United States</u>, 365 U.S. 265, 285 (1961)(dismissal for failure to satisfy prerequisite to determination of matter on merits was to be considered as dismissal for lack of jurisdiction under Fed.R.Civ.P. 41(b)).  As a result, in those cases, the court need not confine its evaluation to the face of the pleadings, but may review or accept evidence, such as affidavits, without converting the motion to one for summary judgment.  <u>See e.g.</u>, <u>Deuser v. Vecera</u>, 139 F.3d 1190, 1191 n.3 (8th Cir. 1998)(district court may consider matters outside pleadings on motion brought pursuant to Fed.R.Civ.P. 12 challenging subject matter jurisdiction).

Thus, in this case, since defendant Sipe's motion to dismiss is based, in part, on lack of personal jurisdiction the court may consider the declaration of defendant Sipes in support of this claim without converting the motion to one for summary judgment.

AG v. Marathon Oil Co, 526 U.S. 574 (1999).  A court may assert personal jurisdiction over a non-resident to the extent permitted by the law of the state in which the court is located.  Fed.R.Civ.P. 4(e)(1).  Pennsylvania's long-arm statute permits a court to exercise jurisdiction over non-resident defendants "to the fullest extent allowed under the Constitution of the United States and [jurisdiction] may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States."   42 Pa.C.S.A. § 5322(b).  In determining whether a court may assert personal jurisdiction over a non-resident defendant, the court must consider: (1) whether the defendant has purposefully established minimum contacts with the forum state, such that he could reasonably anticipate being haled into court there, See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); and (2) whether those contacts, if sufficient, "may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice,'" See Burger King, 471 U.S. at 467-77 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)).

Pursuant to the "effects test" set forth by the United States Supreme Court in Calder v. Jones, 465 U.S. 783 (1984), personal jurisdiction may be exercised over a non-resident defendant where the actions of the defendant in one state purposefully causes injury to the plaintiff in the forum state.

13

However, <u>Calder</u> has been limited to those cases where a plaintiff "can point to contacts which demonstrate that the defendant expressly aimed its tortious conduct at the forum, and thereby made the forum the focal point of the tortious activity." <u>IMO Indus. v. Kiekert AG</u>, 155 F.3d 254, 265 (3d Cir. 1998). "There mere allegation that the plaintiff feels the effect of the defendant's tortious conduct in the forum because the plaintiff is located there is insufficient to satisfy <u>Calder</u>." <u>Id.</u>

In this case, the plaintiff does not dispute that defendant Sipes' only contact with Pennsylvania was his telephone call to the Pennsylvania Office of the Attorney General and shipment of a package to that office. The plaintiff alleges, however, that it was the actions of defendant Sipes in California, which led to his arrest and, as a result, alleged violations of his Constitutional rights in Pennsylvania. Despite the plaintiff's allegations, however, there is no indication that defendant Sipes specifically directed his conduct toward the State of Pennsylvania, regardless of whether the effects of his conduct were felt by the plaintiff here or not. Therefore, the plaintiff has failed to establish sufficient minimum contacts of the part of defendant Sipes to permit this court to exercise personal jurisdiction over this defendant.

Furthermore, even if the plaintiff had stated enough facts to establish that this court does, in fact, have personal jurisdiction over this defendant, the claim against defendant Sipes should be dismissed for failure to state a

14

claim upon which relief can be granted, as is discussed below in connection with the police defendants' motion for summary judgment. (See pages 18-19, and Footnote #7).

On April 13, 2004, the police defendants filed the within motion for summary judgment, along with a supporting brief, statement of facts, and appendix. (Doc. Nos. 146, 147, 148, 149). On June 30, 2004, the police defendants filed a supplement to the brief in support of the motion for summary judgment. (Doc. No. 168). On July 15, 2004, the plaintiff filed a brief in opposition to the motion for summary judgment, statement of material facts, appendix and exhibits. (Doc. Nos. 177, 178, 179, 180). The plaintiff also filed a second brief in opposition to the motion for summary, with a supporting declaration on July 21, 2004. (Doc. Nos. 183, 184).

This court is required to liberally construe a pro se plaintiff's pleadings. Haines v. Kerner, 404 U.S. 519, 520 (1972). In doing so, the court is to "apply the applicable law irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 687 (3d Cir. 2002). The court is cognizant that, "however inartfully pleaded," the "allegations of [a] pro se complainant [are held] to less stringent standards than formal pleadings drafted by lawyers." Kerner 404 U.S. at 520. Nevertheless, a court need not credit a plaintiff's "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902 (3d Cir. 1997). The court's charge is to construe pro se complaints nonrestrictively. Mitchell v. Horn, 318 F.3d

15

523 (3d Cir. 2003)(citing Kerner, 404 U.S. at 520).

In the motion for summary judgment the police defendants argue that the claims against them should be dismissed for four (4) reasons: (1) The Eighth Amendment claim of excessive bail must fail because the defendants had no authority to grant bail, or control the amount of bail; (2) There is no viable Fifth Amendment claim against the defendants because the violations of the Miranda warnings, if any, did not amount to a violation of the Constitution; (3) There is no viable Fourth Amendment claim, if in fact there was an unconstitutional search and seizure, because alternate remedies existed for the plaintiff, and (4) The Fourth Amendment excessive force claim must fail because the defendants had qualified immunity.

The plaintiff has filed numerous responses to this motion for summary judgment. Throughout he restates and maintains the allegations of his complaint, as supplemented. The one claim of substance the plaintiff does assert, however, is that the police defendants should not be granted qualified immunity for excessive force because he allegedly suffered severe and lasting injuries when he was, he claims, deliberately hit by the van operated by defendant Glowczewski during the course of his arrest.

Regarding the issue of excessive bail, the Eighth Amendment provides that defendants in a criminal case are entitled to reasonable bail. A claim of excessive bail is cognizable under section 1983. Harvin v. Post, 1997 WL 116985, at * 4 (E.D. Pa. 1997). Courts are unsettled as to whether

enforcement officers can be held liable in a civil rights action for damages for violating a criminal defendant's right to reasonable bail. <u>Harrison v. Abraham</u>, 1997 WL 256970 (E.D. Pa.); <u>Lutz v.Lavelle</u>, 809 F. Supp 323, 327 (M.D. Pa. 1991)(dismissing a § 1983 claim for failure to provide reasonable bail, stating that a state prosecutor may not be held liable for excessive bail because setting bail is within the sole province of the judicial authority); <u>But</u> <u>see</u> <u>Wagenmann v. Adams</u>, 829 F.2d 196, 211-212 (1ˢᵗ Cir. 1987)(a law enforcement officer may be liable in a § 1983 excessive bail claim if he "help[s] to shape" or "exercis[es] significant influence over" the bail decision.) The plaintiff alleges that the police defendants exercised significant influence over the bail process.(Doc. No. 177, p. 12).

As the police defendants have noted, however, in Pennsylvania, the relevant rules of criminal procedure provide a remedy in cases where a criminal defendant claims that he has been a victim of excessive bail. Pennsylvania Rule of Criminal Procedure 529(b)(1) provides: " [T]he existing bail order may be modified by a judge of the court of common pleas: (1) at any time prior to verdict upon motion of counsel for either party with notice to opposing counsel and after a hearing on the motion..."  In fact, the docket of the plaintiff's criminal proceedings indicates that he did file a motion to reduce his bail, which was denied. (Doc. No. 149, Ex. 1). The court concludes that principles of federalism, comity and judicial economy require that the plaintiff's Eighth Amendment claim of excessive bail against the police defendants

17

should be dismissed. See e.g., James v. York County Police Dept., et al., 167 F. Supp.2d 719,  720-721 (M.D. Pa. 2001).

The plaintiff also claims that his Fifth Amendment rights were violated by the police defendants because they engaged in custodial interrogation of him without providing Miranda warnings.  This claim must also fail.  The United States Supreme Court has held that the failure to administer Miranda warnings cannot be a basis of a § 1983 action where the statements obtained from the criminal defendant were not used against the defendant in the criminal trial. Chavez v. Martinez, 538 U.S. 760 (2003); Renda v. King, 347 F. 3d 550 (3d Cir. 2003).

In Renda the Third Circuit Court of Appeals stated, "[I]n light of the Supreme Court's recent decision in Chavez....questioning a plaintiff in custody without providing Miranda warnings is not a basis for a § 1983 claim as long as the plaintiff's statements are not used against [the plaintiff] at trial." Renda, 347 F.3d at 557-558.  In this case the plaintiff conceded several times that he gave no information to police officers or investigators during the period from January 10, 2001 and January 12, 2001.("...[N]o statements were made by plaintiff's (sic) at the time of his arrest...")( Doc. No. 177, p. 14);("...[A]t no time did this Plaintiff's (sic) voluntary (sic) any information to these Defendants...") (Doc. No. 177, p. 18). There is no evidence that any alleged Un-Mirandized statements were ever used against the plaintiff. In light of the foregoing, without any such evidence offered by the plaintiff, the Fifth Amendment claim

18

against the police defendants for failure to administer <u>Miranda</u> warnings should be dismissed.

As to the plaintiff's Fourth Amendment search and seizure claim, the police defendants maintain that this claim should be dismissed because the plaintiff has failed to allege or establish that the plaintiff's conviction has been overturned administratively or judicially, citing <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

In <u>Heck</u>, the prisoner plaintiff alleged that the investigation and prosecution which resulted in his criminal conviction was unlawful and had deprived him of certain Constitutional rights. The Supreme Court held that a state prisoner's claim for damages under § 1983 is not cognizable if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the plaintiff could demonstrate that the conviction or sentence had been previously invalidated. <u>Heck</u>, 512 U.S. at 487. This was so, the Court stated, because:

> ...to permit a convicted criminal defendant to proceed with a [Section 1983] claim would permit a collateral attack on the conviction through the vehicle of a civil suit...[T]his Court has long expressed similar concerns for finality and consistency and has generally declined to expand opportunities for collateral attack.

<u>Heck</u>, 512 U.S. at 484-485 (internal citations omitted). There is no indication in the record that the plaintiff's criminal convictions have been overturned. If this court were to determine that the search and seizure of the plaintiff and his property was unconstitutional, it would necessarily imply the invalidity of the

19

plaintiff's conviction.

Of even more importance, however, is the fact that the plaintiff had an immediate remedy during his State criminal proceedings if he believed that the defendants had unconstitutionally seized either his property or his person. That remedy was to file a motion to suppress that evidence. Colburn v. City of Philadelphia, 2001 WL 872960 (E. D. Pa. 2001); Giuffre v. Bissell, 31 F.3d 1241, 1256 (3d Cir. 1994). It appears from the York County Court of Common Pleas criminal docket in this matter, that the plaintiff's attorney did, in fact, seek to have certain evidence seized during the arrest excluded, and that these pre-trail motions were denied. (Doc. No. 149, Ex. 1). As a result, the plaintiff's Fourth Amendment search and seizure claim against the police defendants must also fail.[7]

The police defendants' last argument is that the plaintiff's Fourth Amendment excessive force claim should be dismissed because these defendants are entitled to qualified immunity . Citing Anderson v. Creighton, 483 U.S. 635 (1987), and Saucier v. Katz, 533 U.S. 194 (2001), these defendants maintain that they are immune from Section 1983 damage claims if reasonable officials in their positions could have believed that their actions or decisions were lawful in light of existing law and the information they possessed at the times they acted.

_____

[7]For these same reasons, the Fourth Amendment search and seizure claim against defendant Sipes must also fail.

The police defendants claim first that the plaintiff has failed to allege any constitutional violation, at all, in relationship to the force used to effectuate his arrest. They claim second, that even if he did so, no reasonable jury could ever find for the plaintiff based on the facts presently in the record.

Saucier is instructive as to the issue of what type of analysis this court must undertake when considering the issue of qualified immunity in the context of a Fourth Amendment excessive force claim. In Saucier the plaintiff ("Katz") brought a Section 1983 claim for excessive force against a law enforcement officer. Katz had attempted to unfurl an animal rights protest banner at a speech by Vice President Al Gore at the Presidio Army Base in San Francisco, California. Katz claimed that the officer needlessly shoved and pushed him; put him into a van, and then detained him for a brief time.

Saucier, the military police officer defendant, filed a motion for summary judgment in the district court seeking to have the claims against him dismissed on the basis of qualified immunity. The district court ruled that the law governing excessive force claims was clearly established at the time that Saucier acted, and that, in the Fourth Amendment context, the qualified immunity inquiry is the same as the inquiry made on the merits. As a result, the district court determined that Saucier was not entitled to summary judgment. Saucier, 533 U.S. at 199. The Ninth Circuit Court of Appeals affirmed. Saucier v. Katz, 194 F.3d 962 (1999).

On appeal, the United Sates Supreme Court reversed and remanded,

21

concluding that Saucier was entitled to qualified immunity. The Court stated:

In this litigation, for instance, there is no doubt that <u>Graham v. Connor</u>[8]...clearly establishes the general proposition that use of force is contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness. Yet that is not enough. Rather, we emphasized in <u>Anderson</u> 'that the right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'...The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted...

...In <u>Graham</u> we held that...[b]ecause 'police officers are often forced to make split-second judgments---in circumstances that are tense, uncertain, and rapidly evolving---about the amount of force that is necessary in a particular situation...[t]he reasonableness of the officer's belief as to the appropriate level of force should be judged from that on-scene perspective...[W]e set out a test that cautioned against the '20/20 vision of hindsight' in favor of deference to the judgment of reasonable officers on the scene...[G]raham sets forth a list of factors relevant to the merits of the constitutional excessive force claim, "requir[ing] careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight...

...The qualified immunity inquiry, on the other hand, has a further dimension. The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct. It is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts. An officer might correctly perceive all of the relevant facts but have a mistaken understanding as to whether a particular

---

[8]<u>Graham v. Connor</u>, 490 U.S. 386 (1989).

amount of force is legal in those circumstances. If the officer's mistake as to what the law requires is reasonable, however, the officer is entitled to the immunity defense.

Saucier, 533 U.S. at 199, 201-202, 204-205.(internal citations omitted).

In this case, the court applies the Saucier enunciated two part analysis of the plaintiff's Fourth Amendment claim of excessive force against the police defendants.    The initial inquiry, as the Court noted, is to determine whether a constitutional violation could have occurred under the facts alleged, based simply upon the general rule prohibiting excessive force. Saucier, 533 U.S. at 207. Guided by Saucier, and in the interests of judicial economy, and in an abundance of caution, the court will accept that the plaintiff's allegations, at least regarding police defendant Glowczeski's operation of the police van, constituted a Fourth Amendment excessive violence claim under Graham v. Connor.[9]

Moving to the second prong of the Saucier test, this court must determine whether the general prohibition against excessive force in the course of arrest was clearly established law which was contravened in the

---

[9]The plaintiff also alleged that in the course of his arrest that he was thrown to the ground and trampled upon by the police defendants. The court does not consider these actions to constitute excessive force in light of the complete lack of any evidence of physical injury presented by any party to this case.   As has been stated,  "[O]ur Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect (sic) it." Saucier, 533 U.S. at 2160, citing Graham, 490 U. S. at 396.

23

circumstances the officer faced. <u>Saucier</u>, 533 U.S. at 207-208. The court must also determine whether the plaintiff has sufficiently reputed the police defendants' documentation so as to survive a motion for summary judgment. <u>Celotex</u>, 477 U.S. at 328. On the surface, the plaintiff's simple allegation that police defendant Glowczewski officer deliberately struck him with a moving van necessarily requires a hard look at the record. This court has done so.

The court notes that the record in this matter, at the time of this adjudication, consists of at least 187 documents filed, most of which were filed by the plaintiff. The court has reviewed these pleadings. Going back, however, to the most contemporaneous pleadings, including the complaint, as supplemented, the court finds no allegations that being hit by the police van, if it happened, caused the plaintiff any injury at all. In fact, in his deposition, the plaintiff stated that the van was proceeding slowly in the parking lot of Mail Boxes, Etc., and he admitted that he never asked for medical assistance at any time while he was confined at York County prison for the period January 10, 2001, through January 12, 2001. (Doc. No. 168, pp. 54, 59) ("...it probably wasn't his intention to hit me...") There is nothing in the plaintiff's response to the police defendants' motion for summary judgment, other than his own statements, which could suggest that he sustained any type of serious injuries as a result of his impact with the police van on January 10, 2001.

24

The court notes that the plaintiff made several statements in pleadings filed after his complaint, as supplemented, which could suggest that he did, in fact, sustain injuries as a result of the van incident.  He stated, among other things, "[I] sustained serious back injury; bruises; headaches; weight loss; stress and anguish; great mental trauma; psychological problems; and because of this lead to high blood pressures (sic)." (Doc. No. 178, ¶ 6).

The plaintiff has offered no affidavit, or any other type of documentary evidence to support these claims, and therefore controvert the police defendants' statements that the plaintiff never indicated at any time during his arrest, or at any contemporaneous time thereafter, that he sustained any type of injury as a result of the alleged van incident.  We acknowledge that allegedly being deliberately hit by a moving van does sound extreme. However, in the  context of the totality of the circumstances, as the Supreme Court observed in Graham: "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Saucier, 533 U.S. at 209, citing Graham, 490 U.S. at 396. In the absence of any  declarations, affidavits or statements submitted by the plaintiff, nor any medical documentation supporting his assertions made contemporaneously to the arrest, the court must conclude that the plaintiff did not sustain any serious injuries as a result of the van incident, so as to constitute a violation of his Fourth Amendment rights.

## IV.   Recommendation

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

(1)   The motion for summary judgment filed by police defendants Morgan, Westmoreland, Peddicord, Craul, Glowczewski, Kessler and Fells.(Doc. Nos. 135, 146), be **GRANTED** in its entirety;

(2)   The motion to dismiss filed by defendant Sipe (Doc. No. 135), should be **GRANTED,** in its entirety; and,

(3)   The time for filing disposition motions having passed, a trial date should be set as to the one remaining Fourteenth Amendment claim against defendant York County Police Department.

**s/ Malachy E. Mannion**
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Dated:   August 17, 2004**

O:\shared\REPORTS\01-1015.3.wpd

26