ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES
    Plaintiff,

v.

YORK COUNTY POLICE DEPARTMENT,
JAMES H. MORGAN, RICHARD PEDDICORD,
RAYMOND E. CRUAL, GENE FELLS,
DET. KESSLER, CO. BAYLARK,
RANDY SIPES, BRIAN WESTMORELAND,
and DETECTIVE GLOWCZESKI
    Defendants,

CIVIL ACTION NO. 1:01-CV-1015
(Judge Kane)
(Magistrate Judge Mannion)

JURY TRIAL DEMANDED

FILED
HARRISBURG, PA
AUG 1 8 2004
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## PLAINTIFF'S RESPONSE TO DEFENDANTS OPPOSITION MOTION TO COMPEL DISCOVERY

### STATEMENT OF THE CASE

This is a civil right action brought under 42 U.S.C § 1983, by Plaintiff's, Tyrone P. James, whose constitutional right where violated by Defendants, James Morgan, Brian Westmoreland, Richard Peddicord, Raymond Craul, Gene Falls, Robert Kessler, Randy Sipes and Anthony Glowczeski; upon his arrest. The constitutional violations, was a result of his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment.

### PROCEDURAL FACTS

The procedural facts, leading up to this Opposition Motion, have been clearly stated in Plaintiff's, Motion To Compel Discovery, Affidavit, and Supporting Brief, filed with the Court, along with Defendants Opposition Motion.

The Defendant filed Opposition Motion on or around July 28, 2004. This Brief is in response to Defendants Opposition Motion to Plaintiff's Motion to Compel Discovery.

### QUESTION PRESENTED

THE COURT SHOULD GRANT PLAINTIFF'S MOTION TO COMPEL DISCOVERY BECAUSE THE DEFENDANTS HAVE PROVIDED MISLEADING, FALSE, EVASIVE AND IMPROPER OBJECTIONS, TO PLAINTIFF'S DISCOVERY REQUESTS FOR ADMISSION AND SECOND REQUEST FOR INTERROGATORIES.

1

## ARGUMENT

Discovery is generally allowed of matter that would be used to impeach other parties witnesses. Hickman v. Taylor, 329 U.S. 495, 571, 67 S.Ct. 385, 394, 91 L.Ed. 451 (1947).

Discovery is allowed with respect to jurisdiction issues, Oppenheimer Fund, Inc., v. Sander, 437 U.S. 340, 351 n.13, 98 S.Ct. 2380, 2389 90N. 13, 57 L.Ed.2d 253 (1978). Thus parties may conduct discovery pertaining to other, the other parties citizenship. The amount in controversy; a party's contact's with the forum states and other jurisdictional issues.

Rule 26(b) explicitly authorizes discovery about the location and existence of documents and other evidences and about the identity and locations of persons having knowledge of discoverable matters. A party must provide information and documents it possess, regardless of who else possess that information. Thus, it generally is not proper to object on the basis that the party already has the information it is requesting or that information is in the public record.

For "good cause" the Court may expand discovery to include matters relevant to the subject matter involved in the action. This determination might be made in the context of a Motion To Compel; a more broad response to particular discovery requests or possibly could be raised in the Rule (26)(f). Discovery report and addresses during the initial status conference with the Court, [The Advisory Committee Note to the 2000 Amendment to Rule 26(b)(1).]

The "good cause" standard is meant to be flexible, giving broad discretion to the Court. However, information such as other incidents of the same types or involving the same product or information about a party's organizational structure may be relevant to the claim in the action; such as prior Complaint, grievances, Bad Act.

Evidence need not be admissible to be relevant and thus discoverable. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). Rule 26(b)(1), states that relevant inadmissible evidence is

2

discoverable if it is. "reasonably calculated to lead to the discovery of admissible evidences." Gover v. South Carolina Law Enforcement Division, 170 F.3d 411 (4th Cir. 1999). Conversely, admissible evidences is almost always discoverable. Terwilliger v. York Int'L. Corp., 176 F.R.D. 214, 218 (W.D. Va. 1997). A party may discover any matter that is relevant to any claim issue, or defense that is plead in the case, regardless of which parties raises the claim, issue or defense. Discovery is not permitted as to potential additional claim or defenses, absent a Court order expending the scope of discovery. Rule 26(b)(1). Thus, discovery is permitted with respect to claims that have been challenged by a Motion To Dismiss or Motion For Summary Judgment. However, if a claim has been dismissed, further discovery that is relevant to that claim only will not be allowed. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389-90, 57 L.Ed.2d 253 (1978). For "good cause" the court may expand discovery to include matter relevant to the subject matter involve in the Action.

Plaintiff's has set forth in his Discovery requests, specifics; explaining the discovery material and information, Plaintiff's seek, from the Defendants, in various follow up correspondences, to defendants Attorney's, requesting specifics, example, lethal training and technique; training in arresting arrestee; use of excessive force; the expeditious process in conducting interdiction and placing of controlled delivery of "Rock Salt" at Plaintiff's private mail box, without a warrant, to conduct a pretext and subterfuse an arrest, without Probable Cause; Prior Grievance, prior complaints; use of force on other arrestee, and constitutional violation, by other arrestee; any Internal Administration Department Report, Misconduct by Defendants, which deal with Plaintiff's claim of action and have requested by Plaintiff's in good faith; base on Defendants objection from Discovery requests. Defendants Objections as to Plaintiff's requests, "Second Set Of Interrogatories," to numbers 2, 6,7,8,16, and 17. In the Defendants response, specifically to requests NO. 7 and 8, defendants response, were evasive, misleading an improper. [see Letter with specifics, was served upon the each defendants counsel and upon this

court]. Interrogatories 7 and 8, Plaintiff's request clearly are relevant to the material factual issues. Defendants did understand and comply with Plaintiff's request, only to object, by simple stating, that, "They are not aware of "York County Police Defendant;" the Court should note that the responses are improper; furthermore follow up letters were send to Defendant's Counsel, with specifics. The party served with interrogateries musts answer or object to the question, under oath, within 30 days of service of interrogatories unless the Court directs or the parties agree to a different schedule. If a party objects and refuses to answer an interrogatory, the reasons for objecting must be stated. Fed.R.Civ.P. 33(b)(1).

Defendants answer to plaintiff's request's, as to "York County Police Department," was only to ridicule plaintiff's request, because defendants, are well aware, of the "York City Police Department," and know specifically plaintiff's requested information, for documents, relating to work history. Basically it show that if defendants were not aware of "York County Police Department," apparently, they didn't identified themselves as police offices, because if they did, plaintiff's would had been aware, of the various agencies that arrested him. It show that defendants took advantage of a bad situation. Their motive was basically to take down this black individual, by any mean necessary, if that included the use of force, and using a government van to deliberately strike plaintiff's to the ground; this was not a mistake or accident, but factual knowledge. See Rule 404 (b) F.R.E., evidence of such would refute the claim that, defendant were "calm men" who would not assault anyone; but were aggressive, who applied forces, of conduct an unlawful arrest. See United State v Disa, 763 F.2d 536, 592 (3d Cir. 1985); Sharpe v. City Of Lewisburg, Tenn, 677 F.Supp 1362, 1365 (M.D. Tenn 1988; Hayden v. Maldonado, 110 F.R.D. 157, 159 (N.D.N.Y. 1986). It couald show action in conformity with Rule and Procedure and the opportunity to commits such act and that its was not a accident, but intentional and deliberate. F.R.E. Rule 608, evidence

4

of character and conduct of witness; as to defendants credibility can be attacked has to the truthfulness and untruthful of theirs answers and response to their, specific instances of conducts relating to the used of excessive force and false arrest, which is repetitious evidence of these defendants conduct, towards these arrestee, specifically this Plaintiff. See F.R.E. 608(b).

Plaintiff's has requested the sufficiency of Defendants answers and responses to his "Request For Admission," Fed.R.Civ.P. Rule 36(a), in which the Defendants, gave misleading, evasive, improper objection and denial as to Plaintiff's requests. Plaintiff's further provided Defendants counsel Jason Guirintano, with corresponding letters, specifying with specifics, the facts as to the Request for Admission, as it related to defendant response and to clarify. The Defendants by way of counsel failed to answered to plaintiff's timely correspondence, by letters, to defendants counsel, to make proper responses to plaintiff's request for admission, which was insufficient. No response was ever received by Plaintiff's from the Defendants or their counsel, as to those letters. [See letters of Correspondence to Defendants counsel, filed with this Court, in prior Brief in Support Of Motion To Compel].

Defendants, stated, in their opposing brief, that Plaintiff's didn't, specify which specifics response he deems is not truth. It most by a oversight, by new counsel, because corresponding letters, were send to defendants counsel. It most be noted that this is the third counsel, that are appointed to represent defendants. All of Plaintiff's requests for counsel by the Court, have been denied; even, when this plaintiff's requested counsel to conduct deposition of the Defendants, and to review, records, pertaining to any prior claim of excessive force or misconduct, that the defendants alleged to be privilege.

The Defendants is their opposing brief, claimed that, They had an arrest warrant to arrest plaintiff's and search warrant to search or place "make shift box," at plaintiff's private mail box. In Request to Admission NO.5,

5

Defendant Westmoreland admitted, to participating in the interdiction operation of the "make shift package" from california, on January 10, 2001, that lead to the use of force, but in other proceedings, specific at plaintiff's trial, he testified, that he never was aware of the contents, of the "make shift package." Furthermore Defendant Kessler admitted, to having probable cause to arrest plaintiff's, see Kessler response, to NO. 15, request for admission, yet there was no search or arrest warrants. In Morgan response to NO.18, request for Admission, he admitted to having a valid search and arrest warrant to search plaintiff's private mail box and to arrest plaintiff's, but Defendants have failed to present to plaintiff's and this Court any valid search or arrest warrants, in other to take plaintiff's in custody, on January 10, 2001, at 10:35 a.m., at the Kingston Square Center; the defendants when on the claim that he provided plaintiff's and this Court, of copy of these warrants, but from the records, no valid search or arrest warrant s existed, neither was there probable cause, to arrest, and used force of this plaintiff's.

Plaintiff's, because of his incarceration and disability, are unable to conduct Depositions of the Defendants and review certain interdepartmental records of the York City Police Department Policy on lethal weapon training by their police officers, on the use of excessive force; there method, on conducting interdiction, on drug parcel, and conducting search and seizure, without warrants on one's private mail box. These issues, also included the Springettsburg Police Department, the York County Drug Task Force, and the State Attorney General Office, Drug Enforcement Unit. Plaintiff's, not able to conduct such discovery, as prejudice this Plaintiff's in this Civil Action, where it's blatant that these defendants were not complying with their Department, rule and procedure, or their various Departments, failure to trained them in carry in such procedures. Therefore, Plaintiff's method of Discovery, was the served, "Request For Interrogatories and Admission," upon Defendants, in which they, have evaded the requests, by giving misleading response, insufficient answers, improper objections. Defendant Peddicord, even refused to gave a timely response to Plaintiff's request, in a timely manner; even

though, several letters was send to the Defendant, counsel, about his tardiness, he failed, to respond. New counsel, stated in her brief, that, "How does Defendant Peddicord, failure to response, to Admission, harmed this Plaintiff?" Fed.R.Civ. 36 (a), states, that when defendants failed to response to a request for admission in a timely manner; its is deems to all matter being admitted; Fed.R.Civ.P. Rule 36(a). See [Defendants Opposition Brief, p. 6]. Furthermore, Plaintiff's has based his response to Motion For Summary Judgment and Trial preparation on such, response; also the expense in preparing these Motion To Compel Discovery, copying documents and mailings, said documents to the Court and Defendants counsels.

Documents and information compiled in the ordinary course of running the Police Department, such as discovery reports, grievances, rules, misconduct, shouldn't be deems privilege by the Defendants; especially when it have to do with the cause of action, as it relates to their work-history. This Court ruled, on May 4, 2004, that all Defendants should comply with Plaintiff's second request for interrogatories, in compliance with Fed.R.Civ.P. 33(a) and 33(b)(1); L.R. 33.

Has set forth in Plaintiff's Brief in Support of Motion To Compel Discovery. The Defendants have failed to comply with the Discovery process and have cause this Plaintiff's added expenses, in bringing forth this Motion. plaintiff's is without a competent Attorney, to represent him in this action, and all costs and expenses, for mailing copying, is on the Plaintiff's, who only received a nominal wage's of approximately $42.00, per month, subtract 20% for Act 84, for fees and fines.

26(6)(2) provides the Court with authority to limit discovery that's unreasonably cumulative or duplicative. United v. Nixon, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). Plaintiff's Requests are not unduly burdensome or expensive, given the nature and circumstance of this case. Kosk v. Koch Industries, Inc., 203 F.3d 1202, 1238 (10th Cir. 2000)(Parties are not entitled to conduct a "Fishing Expedition). If the defendants or their employers want

to keep their decision making processes secret, they must disclose purely factual matter relating to their decisions. Plaintiff's request for Discovery are factual material information, which outweight the policies favoring secrecy, and lead to discovery evidence as to "delibertive and advisory materials; Kinoy v. Mitchell, 67 F.R.D. 1, 10-11 (S.D. N.Y. 1975); Kelly v City Of San Jose, 114 F.R.D. 653, 658-59 (N.D.Cal. 1987). If Defendants, deems Inter-Department documents has to IAD, Work-History, during the years of their employment, with their prospect employer; then this Court should appoint, counsel to review, certain, internal records of these defendants, past misconduct, and complaint filed against them. These defendants have objected to such request, without giving any specific, which raised questions. The Plaintiff's has served the Clerk of Court Subpoenas, to be forward to the U.S. Marshals Office, to be served upon Defendants prospective employers, for the production of documents. The Plaintiff's has submitted to this Court a Motion, requesting the U.S. Marshals to served such subpoenas. Plaintiff's has served upon the Defendants copy of the "Second request for interrogatories," upon Defendants counsel, so new counsel, statement that plaintiff, didn't served defendants copy to the second request for interrogatories, are incorrect. Defendants and counsel are trying to misguide this Honorable Court, and it duties to uphold Federal Laws and the United States Constitution of American, which is embedded, in the "Bill of Right," and governed by the 14th Amendment, Due process.

Plaintiff's seek information and Discovery material, that are factual issues, which are vital and relevant, to the discovery process, which could help to prepare him in his preparation for his motion for summary judgment and trial, which could eliminate irrelevant issues and reduces factual material in disputes. Thus 26(b)(1), discovery is permitted with respect to claims that has been challenged by motion for summary judgment, such as other incident of the same type or involving the same product or information about a party's organizational structure, that may be relevant to the claims in the action; furthermore, if show that defendants should have knowledge of plaintiff's

8.

constitutional rights and try in every way to protect them, and the same time effectuate an arrest. It would reasonably calculate to lead to evidences has to what kind of training defendants obtain, during their service as a public servant and dealing with the public; or were they properly trained?

WHEREFORE, for the foregoing reasons, plaintiff's motion to compel discovery should be granted.

                                             Respectfully Submitted,

                                             *Tyrone James*

                                             Tyrone P. James.
                                             EX 9451
                                             P.O. Box A
                                             Bellefonte, PA 16823-0820

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES  
    Plaintiff,

v.

YORK COUNTY POLICE DEPARTMENT,  
JAMES H. MORGAN, RICHARD PEDDICORD,  
RAYMOND E. CRUAL, GENE FELLS,  
DET. KESSLER, CO. BAYLARK,  
RANDY SIPES, BRIAN WESTMORELAND,  
and DETECTIVE GLOWCZESKI  
    Defendants,

CIVIL ACTION NO. 1:01-CV-1015  
(Judge Kane)  
(Magistrate Judge Mannion)

JURY TRIAL DEMANDED

### CERTIFICATE OF SERVICE

I, Tyrone P. James, Plaintiff's, pro se, hereby certified that, I am this day serving a true and correct copy to assigned counsel's "Plaintiff's Response To Defendants Opposition Motion To Compel Discovery; Declarations In Support of The Deposit of Legal Mail In The Mail Systems, Here at SCI-Rockview," in the manner set forth below to the following, by placing said Legal mail into a legal envelop, by deposited into the institutional mail box, and turning over said documents to prison officials for mailings, on August 11, 2004.

I certify under penalty of perjury that the foregoing is true and correct; pursuant to 28 U.S.C. § 1746.

BY FIRST CLASS U.S. MAIL:

Amanda Smith  
Pennsylvania Office Of Attorney  
General Office  
15th Strawberry Square  
Harrisburg, Pa 17120

Krintin G. Hogue  
State Of California, Department Of Justice  
Office Of The Attorney General  
110 West A Street, Suite 1100  
P.O. Box 85266  
San Diego, CA 92186-5266

Donald L. Reihart, Esq.  
Law Office Of Donald L. Reihart  
3015 Eastern Blvd., Suite 204  
York, PA 17402

*Tyrone James*  
Tyrone P. James  
P EX 9451  
P.O. Box A  
Bellefonte, PA 16823-0820.