ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES
   Plaintiff,

v.

YORK COUNTY POLICE DEPARTMENT,
JAMES H. MORGAN, RICHARD PEDDICORD,
RAYMOND E. CRUAL, GENE FELLS,
DET. KESSLER, CO. BAYLARK,
RANDY SIPES, BRIAN WESTMORELAND,
and DETECTIVE GLOWCZESKI
   Defendants,

CIVIL ACTION NO. 1:01-CV-1015
(Judge Kane)
(Magistrate Judge Mannion)

JURY TRIAL DEMANDED

FILED
HARRISBURG, PA
OCT 0 5 2004
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## DECLARATION IN SUPPORT, OF PLAINTIFF'S OPPOSITION MOTION TO DEFENDANT

## MOTION FOR SUMMARY JUDGMENT

Plaintiff's, Tyrone P. James, hereby declare under penalty and perjury, and upon belief that:

1. Defendant Sipes, testified, on September 12, 2001, and alleged, that in 2000, he supplied various Mail Box Etc., in Riverside California, with Memorandum, requesting employee's to look out for any suspicious package, being deliver by customers for shipping or mailing.

2. On January 8, 2001, Defendant Sipes, due to his prior Memorandum, received call from a Mike Baker, owner of Mail Box Etc., Riverside, California, [testimony of Defendant Sipes], alleging that a Mail Box Etc., Clerk, Norisa, was suspicious off a customer, who came into the establishment, acting nervous, to ship a package United Parcel Service, and upon the customer departure, she open up the suspicious package, found what to alleged be marijuana, and reported it to her boss, who in turn call, Agent Sipes.

3. On January 8, 2001, after receiving the phone call from Mike Baker, Defendant Sipes, alleged that he responded to the Mail Box Etc., in Riverside California, spoke with the Clerk Norisa, who give him information about the alleged package, she had previously opened up. Defendant Sipes was later directed to the package, he alleged that Clerk Norisa had opened up.

4. On January 8, 2001, around 2:30 p.m., Defendant Sipes, alleged that he made a call, while at the Mail Box Etc., on his cell phone, to a Agent Ron Perry, from the Pennsylvania State Attorney General Office; who in turned contacted Defendant Morgan, who then contacted Defendant Sipes.

5. Defendant Sipes, alleged relay information, as to the destination address, to Defendant Morgan, about the seized package, at that moment. No further information was relayed.

6. Defendant Morgan, on his own initiative, along with defendants Craul, Peddicord, and Kessler, conducted a search of Plaintiff's private, mail box, at Mail Box Etc., 2536 Eastern Blvd., on Defendant Sipes, disclosed information to Defendant Morgan.

7. On January 8, 2001, Upon belief, and testimony, Defendant, Craul, enter Plaintiff's, private mail box, and check, records.

8. On January 9, 2001, Defendants, Morgan, Craul, Peddicord and Kessler, created a "Make shift box", and placed it at Mail Box Etc., 2536 Eastern Blvd., Box 164, plaintiff's private mail box, without a warrant, or probable cause, for him to retrieved.

9. On January 10, 2001, at 10:35, a.m., while Plaintiff's was retrieving mail from his mail box, and exiting the building, he was confronted by Defendant Westmoreland and Morgan, who can running towards him, and failed to identified themselves as police officers or Agents. Subsequently, plaintiff's was hit by a van, driven by defendant Glowczeski. he was thrown to the ground, by the impact, he was then tackle, trample and stepped upon, by defendants: Westmoreland, Morgan, Craul, Peddicord and Kessler.

10. Plaintiff's sustained severe injuries, from the impact of the van, driven by Defendant Glowczeski.

11. Plaintiff's was taken to the York City Police Department, where he was denied Miranda warning, denied his Sixth Amendment right, to counsel, after he repeatedly made, clear request to call and contact his Attorney; plaintiff's was interrogated, by Defendant Morgan and lock up in a cell. Plaintiff's was not afforded any immediate medical care by the Defendants.

12. Defendant Morgan, confiscated plaintiff's "Lawyer Network Card," for which plaintiff's maintained an account, with the legal service plan. Defendant Morgan, didn't issued plaintiff's any "Inventory Receipts, from this confiscation, pursuant to Pennsylvania Rule Of Criminal Procedure; defendant Morgan, later destroyed the "Lawyer Network Card.

13. Plaintiff's was escorted, to the District Justice, Leppo, around 7:05 p.m., by defendant Morgan, where he was arraigned, and bail was set. Defendant Morgan, and Crual, made sworn false testimony, which influenced the setting of the Bond, which was excessive.

14. Plaintiff's was transported to the York County Prison, by Defendant Morgan; at admission, Plaintiff's requested a phone call to call his Attorney; Morgan, instructed, Correctional Officers, Brien Baylark, and Aubury, "Not to give James, any phone call pending investigation."

15. Plaintiff's was process, then taken to the Segregation Unit, where he was without immediate medical care or access to phone, or to contact his Attorney.

16. Plaintiff's was again interrogated, by Defendant Morgan, on January 11, 2001, at the York County Prison, when he was taken to the interview room. Morgan, requested financial information from Plaintiff, where plaintiff, invoked his right again to counsel, Morgan pursue to used illegal tactic, to ellicit, information from this plaintiff.

17. Plaitiff's was escorted, from the York County Prison, Segregation Unit, to admission, where, he was taken by a constable, to the District Justice, Huskell, Office, on King Street, York, PA, I was meet there by Defendant Morgan, and Peddicord, and charged with two more additional offenses. Upon Defendants, sworn false statements, to the D.J., about, plaintiff's, which influence the Judge, decision, bail was set at $2.5 million dollars; "Cash only," Bond.

13. On or around, January 10 or 11, 2001, Defendant Sipe, Ship, package from California, to the Pennsylvania, Attorney General Office, at Morgan, request.

19. On January 11, 2001, base on information ellicit, from plaintiff, by defendant Morgan; defendant Sipes, placed freeze on Plaintiff's bank accounts, in California.

20. On January 19, 2001, defendant Sipes made out his report of the incident, that occurred eleven (11) days, after the incident, with the seizure of the package, he seized from the Mail Box Etc., in Riverside, California, and after he was informed by defendant Morgan, about the arrest and detention of this plaintiff's.

21. On September 11, 2001, defendant Sipes, travel to York, Pennsylvania, to testified, at Plaintiff's suppression hearing, which was delay, because of September 11, attacks on the World Trade Center. The hearing commenced on September 12, 2001, where, this defendant, presented testimony, and reports, about the incident, in California, which he alleged, that, the Mail Box Etc., Clerk Norisa, became suspicious of a customer, because she was acting nervous, after the customer exited the Mail Box, establishment, she opened, her package, the suspicious customer, gave the Clerk, to be shipped, by a common courier, namely United Parcel Service. The Clerk, Norisa, never testified, as to her opening of the package, or has to whether, it was actually marijuana, she encounter, when she open that package. She never testified, has to her intent, whether it was to assist law enforcement, or further her own end; or whether she was compensated, for her actions, since that was not the first time she conducted, search on customer package, after it was hand deliver for shipping by common courier.

23. Plaintiff's, was never taken to the York Hospital, after he was hit by the van, and was detained at the York City Police Department, or giving any medical treatment, seen by any doctor, for over seventy-two hour, after his arrest, and being held at the York County Prison, in the Segregation Unit.

25. Plaintiff's suffered severe back injuries, shoulder, knee, and constant headaches, weightloss, emotional stress, mental trauma, anguish, and psychological damages, for which he still suffered. Plaintiff's had been reporting these injuries, and pain suffered to Institutional medical staffs,

who have failed, to provide plaintiff's with the medical help he need, for these severe pain, and psychological distress.

I declare under penalty of perjury that the foregoing is true and correct; pursuant to 28 U.S.C. § 1746.

Executed on September 28, 2004

*Tyrone James*
Tyrone P. James,
EX 9451
P.O. Box A
Bellefonter, PA 18623-0820.

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES
    Plaintiff,

v.

YORK COUNTY POLICE DEPARTMENT,
JAMES H. MORGAN, RICHARD PEDDICORD,
RAYMOND E. CRUAL, GENE FELLS,
DET. KESSLER, CO. BAYLARK,
RANDY SIPES, BRIAN WESTMORELAND,
and DETECTIVE GLOWCZESKI
    Defendants,

CIVIL ACTION NO. 1:01-CV-1015
(Judge Kane)
(Magistrate Judge Mannion)

JURY TRIAL DEMANDED

## CERTIFICATE OF SERVICE

I, Tyrone P. James, Plaintiff's, pro se, hereby certified that, I am this day serving a true and correct copy to assigned counsel's "Plaintiff's Objections To The Magistrate Judge Report And Recommendation Addressing Case Dispositive Motions, As To Summary Judgment; Declaration In Support, Of Plaintiff's Opposition Motion To Defendant Motion For Summary Judgment; And Apprendix In Support And Exhibits 1-7," in the manner set forth below to the following, by placing said Legal mail into a legal envelop, by deposited into the institutional mail box, and turning over said documents to prison officials for mailings, on September 28, 2004.

I certify under penalty of perjury that the foregoing is true and correct; pursuant to 28 U.S.C. § 1746.

BY FIRST CLASS U.S. MAIL:

Amanda L. Smith, Esquire
Office of Attorney General
15th Floor- Strawberry Square
Harrisburg, PA 17120

Donald L. Reihart, Esquire
Law Office of Donald L. Reihart
3915 Eastern Blvd., Suite 204
York, PA 17402

Kristin G. Hogue, Esquire
Office of the California Attorney General
110 W.A. Street, Suite 1100
San Diego, CA 92101

*Tyrone James*

Tyrone P. Jmaes, EX 9451
P.O. Box A
Bellefonte, PA 16823-0820.

