ORIGINAL

FILED
HARRISBURG, PA
OCT 26 2004
MARY E. D'ANDREA, CLERK
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,
    Plaintiff

    v.

YORK COUNTY POLICE
DEPARTMENT; JAMES MORGAN;
RICHARD PEDDICORD; RAYMOND
CRAUL; GENE FELLS; DETECTIVE
KESSLER; C/O BAYLARK; RANDY
SIPES, BRIAN WESTMORELAND;
DETECTIVE GLOWCZESKI,
    Defendants

No. 1:01-1015

(Judge Kane)
(Magistrate Judge Mannion)

Electronically Filed

## BRIEF OF THE COMMONWEALTH DEFENDANTS IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

Respectfully submitted,

GERALD J. PAPPERT
Attorney General

By:   **s/Timothy P. Keating**
TIMOTHY P. KEATING
Deputy Attorney General
ID #44874

Office of Attorney General
Civil Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 783-1471
Date: October 25, 2004

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Civil Litigation Section
Counsel for Commonwealth Defendants

**Introduction**

Tyrone P. James ("Plaintiff"), an inmate acting *pro se*, brought this civil action against Defendants James Morgan, Brian Westmoreland, Richard Peddicord, Raymond Craul, Gene Fells, Robert Kessler and Anthony Glowczeski ("Commonwealth Defendants"), alleging constitutional violations concerning his arrest on January 10, 2001, for possession with intent to distribute cocaine.[1]

On August 17, 2004, Magistrate Judge Mannion issued a Report and Recommendation that summary judgment be entered in favor of the Commonwealth Defendants. Plaintiff filed objections to that Report and Recommendation. Defendants now respond to the Plaintiff's objections and request this Court to adopt the Report and Recommendation of the Magistrate Judge.

**Procedural History**

The initial complaint was filed on June 8, 2001. On February 25, 2002, the Court permitted Plaintiff to file an amended complaint, which added new defendants.

On December 28, 2001, the Commonwealth Defendants filed a motion to dismiss. A March 2003 report by the Magistrate Judge recommended that the

---

[1] Undersigned counsel does not represent the York County Police Department, C/O Baylark or Agent Randy Sipes because these parties are not considered State employees for representation by undersigned counsel.

2

following claims go forward: 1. an Eighth Amendment claim of excessive bail, 2. a Fifth Amendment claim on the failure to give <u>Miranda</u> rights, 3. a Fourth Amendment claim of unlawful search and seizure and, 4. a Fourth Amendment claim of excessive force. On October 8, 2003, the Magistrate's Report and Recommendation was adopted in full.

On April 9, 2004, the Commonwealth Defendants filed a Motion for Summary Judgment. On May 4, 2004, the Magistrate Judge permitted Defendants to supplement their Summary Judgment motion. A supplemental motion was filed on June 30, 2004, which included portions of Plaintiff's deposition of May 25, 2004. A Report and Recommendation was filed on August 17, 2004, and the Plaintiff filed his objections thereto on October 5, 2004.

**Statement of Relevant Facts**

The facts, in a light most favorable to Plaintiff, are as follows:

On January 10, 2001, Plaintiff went to Mail Boxes Etc. in York, Pennsylvania, and picked up a package from his rented mail box. While walking to his car in the parking lot two plain clothes police started coming towards him from his right side. Pltff.'s depo. of May 25, 2004, attached as Exhibit 1 to Defendant's Supp. Brief for Summary Judgment, filed June 30, 2004, at pg. 55, ln. 22 - pg. 56, ln 3. He started running back to the building when he was struck by a van coming from his left side, and knocked over. *Id.* at pg. 65, lns. 5-7; 56, lns. 2-

3

5. He did not see the van until right before impact. *Id.* at pg. 56, lns. 21-25. The van was not traveling at a high rate of speed, and the driver was not trying to run him over to injure him, but to stop him.[2] Surprised by the impact, he immediately got up to keep going when he was tackled by the police. *Id.* at pg. 57, lns. 17-20. While on the ground the police stepped on him, handcuffed him, and then put him in the van. *Id.* at pg. 60, lns. 17-21.

Following his arrest the Plaintiff asked for a lawyer, but not for an ambulance, or medical treatment for any injuries from the arrest (back pains, low blood pressure, and weight loss). Plaintiff subsequently reported his injuries to prison medical staff. *Id.* at pg. 61, ln. 6 - pg. 62, ln. 18.

Prior to trial Plaintiff's counsel filed a bail reduction motion and suppression motion on his behalf. Appendix in support of Defendants motion for summary judgment filed April 13, 2004, Ex. 1, pg. 2. Both were unsuccessful. Following a jury trial in November 2001, Plaintiff was convicted of possession of, and attempted possession of, cocaine with intent to deliver. Plaintiff received a sentence of 7 to 14 years imprisonment. *Id.*

---

[2] "I don't know, but I know it was just going just, you know, a normal speed, or a nominal speed, it was going at a speed that, the way he hit me, he was like an intention to stop me from being --- going any further, you know. It probably wasn't his intention to hit me like you running over somebody on the freeway, but it was going to a situation where, if I hit him with the van, I would stop him so that they can do whatever." *Id.* at pg. 58 ln. 25 - pg. 59 ln. 9.

4

## Questions Presented

1. Whether the Magistrate Judge erred in recommending the dismissal of Plaintiff's excessive bail claim?

2. Whether the Magistrate Judge erred in recommending the dismissal of Plaintiff's claim that he was not given his <u>Miranda</u> rights prior to interrogation?

3. Whether the Magistrate Judge erred in recommending the dismissal of Plaintiff's claim of unlawful search and seizure based on <u>Heck v. Humphrey</u>?

4. Whether the Magistrate Judge erred in recommending the dismissal of Plaintiff's claim of excessive force based on a lack of evidence that Plaintiff suffered any injuries?

## **ARGUMENT**

**I.    The Magistrate Judge did not err in recommending the dismissal of Plaintiff's excessive bail claim because the Defendants did not control setting bail and the Plaintiff had filed a bail reduction motion with the Common Pleas Court.**

The report recommends that Defendant's claim of excessive bail be dismissed because the police do not control bail, and because Plaintiff had filed a bail modification motion with the Common Pleas Court. The report recognizes that deferring to a court which had the opportunity to consider all of the evidence in a particular matter promotes the principles of federalism, comity, and judicial economy.

Plaintiff argues that an excessive bail claim is allowed if an officer "helped shape, or otherwise exercised significant influence over the bail decision." Plntff.'s objections, p. 16, *citing Wagenmann v. Adams*, 829 F.2d 196, 211-212 (1st Cir.

1987).³ He goes on to argue that because the Defendants gave false testimony when bail was being set by the District Justice, they therefore helped shape, or otherwise exercised significant influence, over the bail decision. Plntff.'s objections, p. 22.

The *Wagenmann* case is clearly distinguishable. In *Wagenmann*, the arresting office initiated the bail activity by calling the court clerk and providing the clerk with all of the information about the arrestee. *Id.* The arresting officer was the sole source of the clerk's information and the clerk's reliance on the facts and recommendation furnished to him by the officer was routine - to be expected by all concerned. *Id.* Here, not only was the initial bail set by a District Justice, but a separate bail reduction motion was subsequently entertained by a Common Pleas Court. The Magistrate Judge correctly recommended dismissing Plaintiff's excessive bail claim, and this Court should adopt such recommendation.

> **II.    The Magistrate Judge did not err in recommending the dismissal of Plaintiff's claim of failure to give Miranda rights, because the Plaintiff did not make any incriminating statements.**

The report recommends that the claim based on a failure to give Miranda warnings be dismissed because Plaintiff acknowledges that he never gave any

---

³ Plaintiff's objections also cites Harvin v. Post, 1997 WL 116985 (E.D.Pa. 1997), to support his excessive bail argument. While Harvin does mention that the Eighth Amendment does not permit excessive bail, the facts of Harvin have nothing to do with excessive bail.

incriminating statements. Plaintiff's objections argue however, that during his trial Officer Morgan falsely testified about statements Plaintiff made while in custody. Plntff.'s objections, pp. 25-26.

Even if true, Plaintiff admits that if the court were to recognize his <u>Miranda</u> claim, it would not invalidate his conviction under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Plntff.'s objections, p. 28. If the statements attributed to Plaintiff by Officer Morgan during trial were not instrumental to his conviction, then it cannot be said they were inherently incriminating. The Magistrate Judge correctly recommended dismissing Plaintiff's <u>Miranda</u> claim, and this Court should adopt such recommendation.

### III. The Magistrate Judge did not err in recommending the dismissal of Plaintiff's claim of unlawful search and seizure based on <u>Heck v. Humphrey</u>.

The report recommends that the illegal search and seizure claim be dismissed based on <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). In *Heck* the court held that when a prisoner seeks damages in a § 1983 suit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. *Id.* at 487. Here, Plaintiff's conviction has not been invalidated, and if judgment were granted in his

favor on this claim it would, by implication, invalidate the conviction.

Furthermore, Plaintiff has not shown that any search and seizure by the police caused him an actual, compensable injury. *See* James v. York County Police Dept. 167 F.Supp.2d 719, 722 ftnt. 3 (M.D. Pa. 2001). The Magistrate Judge correctly applied the holding in *Heck* in recommending that the search and seizure claim be dismissed, and this Court should adopt that recommendation.

### IV. The Magistrate Judge did not err in recommending the dismissal of Plaintiff's claim of excessive force due to a lack of evidence that Plaintiff suffered any injuries.

The report recommends that Plaintiff's excessive force claim be dismissed because there is no record that Plaintiff suffered any injuries, and therefore any force used was not "excessive."[4]

In determining whether there is a legitimate claim under the Fourth Amendment for an excessive force claim, the courts recognize that an indicia of whether the force used was "excessive" is the extent to which a claimant does, or does not, suffer any significant injury. In Saucier v. Katz, 533 U.S. 194 (2001), the arrestee, while being placed in a van by an officer, was given a "gratuitously

---

[4] The Magistrate Judge dismissed out of hand the claim that Plaintiff was subjected to "excessive force" when he was stepped on by the police after being tackled, because some degree of physical force is inherent in making arrests. Saucier v. Katz, 533 U.S. 194 (2001). The main focus of the report on the excessive force issue was the allegation that Plaintiff was struck by a van driven Defendant Glowczeski. It is that claim which will be addressed here.

violent shove." *Id.* at 208. The court stated "Though it is doubtful that the force used was excessive, we need not rest our conclusion on that determination." *Id.* Finding that there was no Fourth Amendment violation on other grounds, the court did note that, "Our conclusion is confirmed by the uncontested fact that the force was not so excessive that respondent suffered hurt or injury." *Id.* at 209.

Likewise, in <u>Ankele v. Hambrick</u>, 2003 WL 21223821 (E.D.Pa.2003), the officer slammed the plaintiff on the hood of the police car while arresting him for driving under the influence, which resulted in soft tissue injuries. *Id.* at *2. The court held that while pushing the plaintiff over the hood of the patrol car may have been unnecessary, the injuries were limited to unsubstantiated soft tissue injuries and therefore the force did not rise to a constitutional violation. *Id.* at *10. *Citing* <u>Nolin v. Isbell</u>, 207 F.3d 1253 (11th Cir.2000) (finding no excessive force where officer grabbed plaintiff from behind, threw him against a van three or four feet away, kneed him in the back, pushed his head into the side of the van, and searched his groin in an uncomfortable manner); <u>Foster v. Metro. Airports Comm'n</u>, 914 F.2d 1076 (8th Cir.1990) (no excessive force where plaintiff was "pushed against a wall twice on the way to the holding area, [but] testified he sustained no injury as a result of being pushed").

Plaintiff maintains that Exhibit 6, attached to his objections to the report, contains records which substantiate his injuries. Besides the fact that the records

are being submitted months after the discovery deadline, they do not support his claim. The records attached to his objections reflect that: 1. in March 2001 he complained of back pain, but did <u>not</u> have any severe headaches, movement difficulty, head injuries, fractures, painful joints or weight loss, and, 2. he was seen for back pain in July, 2004, which had been a problem since 2001 when he "was bumped by van." Pgs. 3, 6 of Plntff.'s Ex. 6. These records, read in a light most favorable to Plaintiff, demonstrate that he <u>may</u> have suffered soft tissue injuries as a result of his collision with the van. Such injuries are insufficient to support a claim of excessive force. To hold otherwise would invite the filing of spurious law suits which allege either unsubstantiated, or *de minimus* physical or psychological injuries as a result of being arrested. The Magistrate Judge was correct in recommending that Plaintiff's claim in this respect should be dismissed and this Court should adopt that recommendation.

## CONCLUSION

For the foregoing reasons, the Court should adopt the August 14, 2004, Report and Recommendation of the Magistrate Judge and grant summary judgment in favor of the Commonwealth Defendants and against Plaintiff Tyrone P. James.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE P. JAMES,<br>           Plaintiff<br><br>v.<br><br>YORK COUNTY POLICE<br>DEPARTMENT, *et al.*,<br>           Defendants | No. 1:CV-01-1015<br><br>(Judge Kane)<br>(Magistrate Judge Mannion)<br><br>Electronically Filed |

## CERTIFICATE OF SERVICE

**BRIEF OF THE COMMONWEALTH DEFENDANTS IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**

I, Timothy P. Keating, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on October 25, 2004, I caused to be served a true and correct copy of the foregoing document Brief of the Commonwealth Defendants in Opposition to Plaintiff's Objections to Report and Recommendation by depositing same in the United States Mail, first-class postage prepaid to the following:

Tyrone P. James, EX-9451
SCI Rockview
P.O. Box A
Bellefonte, PA  16823

Kristin G. Hogue
Office of the California Attorney General
110 West A Street, Suite 1100
San Diego CA 92101

Donald L. Reihart
3015 Eastern Boulevard
York, PA  17402-3026

                                          s/Timothy P. Keating
                                          **TIMOTHY P. KEATING**
                                          **Deputy Attorney General**