IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES<br>Plaintiff,<br><br>v.<br><br>YORK COUNTY POLICE DEPARTMENT,<br>JAMES H. MORGAN, RICHARD PEDDICORD,<br>RAYMOND E. CRUAL, GENE FELLS,<br>DET. KESSLER, CO. BAYLARK,<br>RANDY SIPES, BRIAN WESTMORELAND,<br>and DETECTIVE GLOWCZESKI<br>Defendants, | : | CIVIL ACTION NO. 1:01-CV-1015<br>(Judge Kane)<br>(Magistrate Judge Mannion)<br><br>JURY TRIAL DEMANDED |

FILED
HARRISBURG, PA
DEC 27 2004
MARY E. D'ANDREA, CLERK
Per

PLAINTIFF RESPONSE TO DEFENDANTS RESPONDING OPPOSITION BRIEF, TO THE MAGISTRATE REPORT AND RECOMMENDATION, DATED AUGUST 4, 2004.

STATEMENT OF THE CASE

Tyrone P. James, pro se, brought this civil action against Defendant James Morgan, Brian Westmoreland, Richard Peddicord, Raymond Craul, Gene Fells, Robert Kessler Anthony Glowczeski, Brien Baylark, and Randell Sipes, in violation of his constitutional rights, resulting from an illegal arrest. There was no control substance involved in that arrest, but defendants, subterfuged an make shift box, illegally placed it at plaintiff's private mail box, without a warrant or probable cause, creating a pretext arrest, where plaintiff's was charged with, criminal attempt to possess marijuana, was no control substances was in that box, or in the State of Pennsylvania, when plaintiff's was arrest an charged with an criminal offense. There was no description given to defendants as to the size, sharp, and content of any drug form sharp or size. Defendants have no descriptions of any drug packages, and furthermore, on January 10, 2001, plaintiff's was not arrest for cocaine.

PROCEDURAL HISTORY

Procedural history of this case is set forth in Plaintiff's opposition

motions, to the defendant motion for summary judgment, and opposition and objection to the Magistrate report and recommendation, dated August 14, 2004. This Plaintiff's was out on "ATA" Court, in the Common Plea Court, York County, from October 13 through December 8, 2004, when the defendants filed their opposing brief. The Defendants brief, was received by this Plaintiff's, on December 10, 2001, through the Institutional mail systems, at SCI-Rockview. Plaintiff's hereby response.

## STATEMENT OF THE FACTS

The statements of the facts are set forth in Plaintiff's opposition motions for defendants, summary judgment motion, supplemental brief, and objections, to the Magistrate, Report and Recommendation. The Magistrate Judge's has fused to grant plaintiff leave to obtained medical records from the York County Prison, from January 10, 2001 through March 14, 2002, and present. See Magistrate Judge, Malachy E. Mannion, order, dated November 23, 2004; denying plaintiff's Motion to obtained medical records, and response, motion to subpoena documents. [See Exhibit A; and Original Complaints filed on June 8, 2001; subsequent motion filed by this plaintiff, leading up to this proceeding].

The Defendants alleged, Plaintiff's was arrested by way of controlled substance violation, but there was no controlled substance violation in the state of Pennsylvania, when Plaintiff's was arrested unlawfully, when he was entrapped, by the defendants in picking up a spurious box (package, rock salt), placed at his private mail box, by the Defendants, creating a risk of danger, and the use of excessive force, was enforce. This Court should not empowered one's constitutional right to fight the war on drug. See United State v. Garcia.

## QUESTION PRESENTED

**(1) Whether the Magistrate Judge erred in recommending the dismissal of Plaintiff's excessive bail claim?**

Affirmed: Yes

**(2) Whether the Magistrate Judge erred in recommending the dismissal**

of Plaintiff's claim that he was not given his Miranda rights prior to interrogation?

Affirmed: Yes.

(3) Whether the Magistrate Judge erred in recommending the dismissal of Plaintiff's claim of unlawful search and seizure, based on Heck v. Humpphrey?

Affirmed: Yes.

(4) Whether the Magistrate Judge erred in recommending the dismissal of Plaintiff's claim of excessive force based on a lack of evidence that Plaintiff suffered any injuries?

Affirmed: Yes.

ARGUMENT

II THE MAGISTRATE JUDGE DID ERR IN RECOMMENDING THE DISMISSAL OF PLAINTIFF'S EXCESSIVE BAIL CLAIM BAIL CLAIM BECAUSE DEFENDANT DID NOT CONTROL SETTING BAIL AND THE PLAINTIFF HAD FILED A BAIL REDUCTION MOTION WITH THE COMMON PLEA COURT.

As stated in Plaintiff's Opposition Motion to Defendants Motion for Summary Judgment, and Supplemental Brief, and his Opposing objection to the Magistrate Report and Recommendation. The Defendants have great influence, shaped significantly and incited the District Justice into setting and excessive bond and making bail decision. Wagenmann v. Adams, 829 F.2d 196, 211-212 (1st Cir. 1987). Defendant making an unlawful arrest, warranted no evidence of control substance or probable cause, to detained Plaintiff's. Defendant presented false statements to influence the independent Judicial officers who set bail for this plaintiff.

Basista v. Weir, 225 F.Supp 619 623 (W.D. Pa 1964) affid in part revid in part on other ground 340 F.2d 74 (3d Cir. 1965). The record strongly implies that the Plaintiff's not only arrest Plaintiff, but did more, and this did not estop him from challenging excessiveness of bail; furthermore, the bond was excessive, based on the charges, which violated plaintiff Equal Protection of the laws and Due process right. See Wagenmann v. Adams, Supra. These defendants were the sole source of providing information

to these District Justice, in the setting of bond from January 10, through 12, 2001; they also initiated bail activities and furnished false information.

The Defendants argue that the bail was set by the District Justice and that a separate bail reduction motion was subsequently entertained by a Common Plea Court. [See bail exhibit submitted to this Court, dated September 12, 2001, submitted, with Plaintiff's Objection, to Magistrate Report and Recommendation].

At this bail motion, the defendants mentioned, this Court should note that, they the Defendants enter inadmissible hearsay testimony, which Agent James Morgan, and Agent Abel Rios, allegedly elicited from Plaintiff's wife, after he illegally enter her home, and threaten, her that, they would "lock her up and take her children." This evidence was used at the at the initial bail setting at the District Justice Office, on January 10, 2001 and January 12, 2001, when defendants requested the D.J. to set high bond. Therefore, the Defendants, played a key role and a pivotal part in the influential setting of this plaintiff's bond. For this reason, this Magistrate Report and Recommendation, should be denied and should not be adopted.

## II THE MAGISTRATE JUDGE ERRED IN RECOMMENDING THE DISMISSAL OF PLAINTIFF'S CLAIM OF FAILURE TO GIVE MIRANDA RIGHTS, BECAUSE THE PLAINTIFF DID NOT MAKE ANY INCRIMINATING STATEMENTS

Has pointed out in Plaintiff's oppositions motions, and brief. Plaintiff's acknowledge and presented a prima facie case, that Defendant Morgan, not only violated his Miranda rights, under Miranda v Arizona, 384 U.S. 436 (1966); Missouri v Seibert, 538 U.S. ___ (2004). Defendant Morgan also refused to give Plaintiff's a phone call, upon his clear and unequivocal request for counsel. See Davis v United States, 512 U.S. 452 (1994)( A suspect request for counsel must be clear, before it will require officers to cease questioning). Plaintiff's has a constitutional right to counsel; that right attachment, upon the time of arrest and initial

proceeding commenced. See O'Kelley v. State Ga NO. S04A. 1227 (10/25/04); Brewer v. Williams, 430 U.S. 387 (1972); Michigan v. Jackson, 475 U.S. 625 (1986), Ross v State, 326 S.E. 2d 194 (Ga. 1985).

In defendant Morgan reports and information, he alleged that Plaintiff's made incriminating statements to him during his interrogation; yet presented no signed statements, made by this plaintiff's. Defendant Morgan, stated that he read plaintiff's his Miranda warning, between two to three time, but present no signed Miranda card, signed by this Plaintiff. Morgan throughout Plaintff's pre-trial proceeding and trial, presented reports, that this plaintiff's made incriminating statement to him. These statement, becomes very detrimental to the plaintiff's in this civil matter, because it violate this plaintiff constitutional rights. These alleged statements, was used by defendant Morgan. The Defendant and their attorney, are trying to put this constitutional Fifth Amendment, issue, into a "Catch 22," if Plaintiff's didn't made incriminating statement, which was instrumental to his conviction, then it cannot be said they were inherently incriminating. Plaintiff's exhibits, opposition motions and briefs, transcript, by defendants Morgan, testimony and Defendant Westmoreland, are contrary to the defendants arguments on this matter; therefore the Magistrate erred and his report and recommenation should not be adopted.

**III THE MAGISTRATE JUDGE DID ERRED IN RECOMMENDING THE DISMISSAL OF PLAINTIFF'S CLAIM OF UNLAWFUL SEARCH AND SEIZURE BASED ON HECK V. HUMPHREY**

Plaintiff's has set forth in is opposition brief, the relavant issue, regarding this issues, unlawful search and seizure; especially his private mail box, at Mail Box Etc., located at 2536 Eastern Bl., York, PA 17402; and his person.

Defendant argued that Plaintiff's has not showed that any search and seizure by the police caused him an actual compensable injury. The injuries, sustained by this Plaintiff's has caused him great compensory injury, and has tainted his character in all his business affairs. Plaintiff's have lost both his business, business accounts and contract. His banking

relationship, in both his business and personal account have been dissipated and ruined, his credit with various banks, commercial stores, and departments stores, have been ruined. Plaintiff's student loans have been in defaults, in which he is unable to pay. Plaintiff's as lost his family, friend and business associated. Plaintiff, addressed these issues in his oppositions motions and briefs, in opposing defendants motion for summary judgments and the Magistrate report and recommendation. These compensatory damages, could not be repaired for years to come. **James v. York County Police Dept.,** 167 F. Supp.2d 719 (M.D. Pa 2001). The defendant went on to states, that, if, the Court should rule on this, as the defendant and magistrate, agreed, and judgment were granted in favor of the Plaintiff on this claim, it would, by implication, invalidate the conviction. The Magistrate, incorrectly applied the holding in **Heck**, in recommending that the search and seizure claim be dismissed. Plaintiff's was not resisting arrest; his private mail box was unlawfully search and a **"Make Shift Box,"** was placed there illegally by Defendant Morgan, without a warrant or probable cause. The Magistrate Report and Recommendation should not be adopted, further defendants motion for summary judgment should be denied.

**IV THE MAGISTRATE JUDGE ERRED IN RECOMMENDING DISMISSAL OF PLAINTIFF'S CLAIM OF EXCESSIVE FORCE DUE TO A LACK OF EVIDENCE THAT PLAINTIFF SUFFERED ANY INJURIES.**

Plaintiff's has stated all the relevant facts and citations to this claim, in the opposition motion and briefs, in opposition to defendants motion for summary judgment and the Magistrate Report and Recommendation. The Defendants alleged that Plaintiff's claimed under excessive force be dismissed, because there is no records that Plaintiff's suffered any injuries and therefore, any force used was not **"excessive."**

The Defendant addresses the claimed of excessive force, by mainly focusing on the allegation, that, Plaintiff, was struck by a van, driven by defendant Glowczeski. the defendants didn't refuted the facts that, plaintiff's was struck by the van; neither the Magistrate, who when on

to state, that it was extreme, and the issue is a constitutional one, but the mere fact that plaintiff's didn't sustained or suffered any injuries, from the blow, or the moving vehicle, defendants was entitled to qualified immunity. Defendants, created danger went they deliberately placed a "make shift box, of rock salt," at plaintiff's private mail box, for him to retrieved, and then used a vehicle, to hit plaintiff's and subdue him to the ground. Furthermore, grabbed, tackle, trample and stepped upon plaintiff's while he was on the ground. these blows have cause plaintiff, tremendous harm and gray bodily injuries.

The Defendants in their brief have cited several cases laws, notwithstanding, Saucier v Katz, 533 U.S. 194 (2001)(The Courts recognizing that an indicia of whether the force used was "excessive" is the extent to which a claimant does or does not, suffer any significant injury). Plaintiff's has submitted to this Court, Medical Records, provided to him by the Medical Department, here at SCI-Rockview. Plaintiff's has also made several attempts, the obtained medical records, from January 10, 2001 through March 14, 2002, during his incarceration at the York County Prison, the pivotal moments of his arrest and incarceration, but has been very unsuccessful. The York County Prison has failed the turn over those medical records. [See Exhibits A, Letter to the Warden, YCP, and Response; Authorization for release of information, DOC]; Motions and subpoenas, was submitted to this courts, request an order, for documents, but was denied, by the Magistrate, in this matter.

In **Saucier v Katz, Supra**, the arrestee, while being placed in a van by an officer, was given a "gratuitously violent shove." Id at 208. Here Plaintiff was struck by this moving vehicle, to the ground, for which he is still suffering excruciating back pain, migraine headaches, shoulder pain and knee pain. Very distinguishable from the case at hand. If the shoe was on the other foot, Plaintiff's would have been charged with assault on a police officer, with a deadly weapon, and would have been facing some lengthy jail time, furthermore, those officers, would have been, receiving

some compensation for the damage that occurred. Where is the equal protection of the laws, not because one's is cloth, with the power of state laws, he most go out a abuses his or her authorities.

There if these Defendants would lead to believe that the unreasonable force use was not so excessive, that Plaintiff's suffered no hurt or injury. This Court should then re-evaluate the records and order the York County Prison, to turn over medical and psychological reports, so the this plaintiff's can adequately adequately and effectively present medical records, to present his case.

The Defendants cited Ankele v. Hembrick, **2003 WL 2122382 (E.D. Pa. 2003);** A Westlaw case, but failed to provide plaintiff, with a copy, since there are no Westlaw computer, with this citation here in the law library, at SCI-Rockview. Therefore, plaintiff. can't address the issues of the case. Furthermore, this case is not relevant, because it address the fact, that officers, slammed the plaintiff's on the hood of the police care, while arresting him for driving under the influence, which resulted in soft tissue injuries. Id. at 2. Contrary, this Plaintiff's was struck by a moving vehicle, driven by the defendants, which is very significant from the case at hand, and different. Again, Plaintiff's suffer not only infraction, but a permanent back injury.

The Defendants in citing of Ankele v Hambrick, **2003 WL 21223821 (E.D. 2003), cited Nolin v. Isbell, 207 F.3d 1253 (11th Cir. 2000)(finding no excessive force** where officer grabbed plaintiff's from behind, threw him against a van three or four feet away, kneed him in the back, pushed his head into the side of the van and searched his groin, in an uncomfortable manner). This case is also irrelevant, because defendants used deadly force, when they used a vehicle to hit this Plaintiff to the ground, then trample and stepped upon him, while he was restrained.

The Defendants also cited **Foster v Metro Airports Comm'n, 914 F.2d 1076 (8th Cir. 1990).** (No excessive force where Plaintiff was "pushed against a wall twice on the way to the holding area, [but] testified he

sustained no injury as a result of being pushed); again this case is distinguishable, from plaintiff situation and hold no significant to this case.

The Supreme Court has said, that [a]n officer's evil intention will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional)." See Id. at 397, 109 S.Ct. at 1872-73. In Leslie v. Ingram, 786 F.2d 1533, 1536 (11th Cir.). State that an officer retains qualified immunity when the facts show a minimal amount of force combined with a minor no-existent injury. Plaintiff's back injury is very severe, in which had repeatedly denied medical treatment, or Ibuproben 600 MG, by medical staffs, at SCI-Rockview, to help eliminate the constant pain and suffering, he his also charged $ 2.00, plus an extra $2:00 by institutional staffs, each time he visits the Medical Department, for this on going ailment. Also, York County Prison , has failed to turned over medical records of this Plaintiff. In Thornton v. City of Macon, 132 F.3d 1395 (11th Cir. 1998). Thronton concerned false arrest and excessive force claims against a number of officers. The Plaintiff's repeatedly had asked the police to leave his property. Instead the police lied to the Plaintiff, to get him to open the screen door to his apartment. Then without warrant or probable cause, the officers grabbed the plaintiff on his arms and around his neck, threw the Plaintiff's to the floor, handcuffed him, picked him up by his arms and dragged him outside to throw him into a police car. See Thornton, 132 F.3d at 1398. The Court concluded that [u]nder the circumstances, the officers were not justified in using any force, and a reasonable officer thus would recognized that the force used was excessive. Id. at 1400.

In Sheth, 145 F.3d at 1238, the Court affirmed the denial of qualified immunity and stated that "because of the absence of any justification for [The Officers] use of force application of the Fourth Amendment reasonableness standard would inevitable lead every reasonable officer

... to concluded that the force was unlawful." ( citing **Post 7 F.3d at 1559**). In **Shath** the officers also arrested the plaintiff without probable cause. He then "pushed her and dragged her to the police car. **145 F.3d at 1238.** Unlike in this case a van was used, notwithstanding, Plaintiff's, was struck by this van, grabbed, tackle trample and stepped upon and retrained by handcuffs.

Even thought, the Defendants cited **Foster v. Metropolitan Airports Com'n, 914 F.2d 1076 (8th Cir. 1990),** in their brief. Objectionable, this plaintiff's was hit with a moving vehicle, and sustained back injuries, which constitute to continuous, excruciating back pain, migraine headaches, should and knee pain, and weight loss.

The Defendants alleged that, the Plaintiff's **Exhibit 6**, submitted months after the discovery deadline. Counsel seems to have misread the records; since he his the fourth counsel of records, appointed in this civil matter. These documents do support Plaintiff's claims, plus upon, the York County Prison, comply and release, his medical records, Plaintiff's will not be able to adequately present additional medical records; which would confirmed plaintiff's claims, stated, in his Complaint, where he sustained severed injuries, which are still a ongoing problems, with his back and frequent and constant headaches. [See Exhibit A]. Furthermore, not only plaintiff physical injuries, but also extreme psychologically trauma, while officers, used excessive force, to subdued him. As the Defendants stated, in their brief, that plaintiff's suffered only minor soft tissues injuries, which are de mimis or insufficient, to support a claim of excessive force. Has stated in this reply brief and prior oppositions motion and brief, Plaintiff's as present evidence, to this court, to show that a constitutional right were violated by these state employee, acting under to power of state law.

The Defendants when on to states, that, " this Court, should not adopt or invite spurious law suit. Plaintiff's has presented a genuine issues, of a violation of his constitutional rights, under the Bills of Rights.

The Magistrate, has been very bias, prejudicial in his various ruling in the Discovery process, in this civil matter; at time he abused his discretion. This Court should note that the Government should not benefit from their own wrong doing; also to retaliated against a citizen, who tried to exercised his rights. These Defendants should be Estoppel, from reaping the benefit from their own wrong doing. They should turn over all Medical records, and other evidences that are relevant to this case.

If the evidence, viewed in a light most favorable to plaintiff's, is such that a reasonable Jury could return a verdict in his favor, summary judgment would not be proper. **Anderson v. Liberty Lobby, Inc.,** **447 U.S. 242, 248, 106 S.Ct. 2510, 91 L.Ed.2d 202 (1986).**

The Supreme Court has made it clear that "All claim that law enforcement officers have used excessive force ... in the course of an arrest ... of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness standard, rather that under a "Substantive due process approach." **Graham v. Connor,** **490 U.S. 386, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989) (emphasis in original).** The questions for the jury is whether, judging from the perspective of a reasonable officers at the perspective of a reasonable officer at the science of the arrest, the totality of the circumstances justifies the use of the force, used **Id. 109 S.Ct. at 1872** Defendants alleged that plaintiff's suffered from soft tissues injuries, resulting from Plaintiff's collision with the van which are insufficient to support a claim of excessive force, also plaintiff claims are fake and not genuine.

In **Patzner v. Burkett,** **779 F.2d 1363, 1371 (8th Cir. 1985)**(extent of jury relevant to reasonableness of force used,) cf. **Raley v. Frazer, 747 F.2d 287, 289 (5th Cir. 1984)**(minor bruises and scrape were not severe injuries grossly disaproprlate to the need for action")

Second to the extent that **Foster** suggests the officers rough conduct toward; was in retaliation for his tearing up the parking ticket, the Court **Note,** that after the Supreme Courts decisions in **Graham v Connor,** **109 S.Ct.**

at 1372-73, the evil intention assuming Foster could established them at trial are not relevant to a Fourth Amendment claim of excessive force. In Hannula v. City of Lakewood, 907 F.2d 129, 132 n.3 (10th Cir. 1990) (Plaintiff did not offer any medical records to support allegations of nerve damage as a result of being hand-cuffed to tightly). cf. Van Houten v. Baughman, 663 F.Supp. 887, 891 (C.D Ill. 1987)( numbness in wrist arising from handcuffs does not rise to the level of severity as to shock to conscience of the Courts). Here Plaintiff, again was struck by a van driven by the defendant, which caused him severe back injury, and great bodily harm, which is still on going.

In Gassner v. City of Garland, 864 F.2d 394, 400 (5th Cir. 1989)( resistance justified use of force). Agree v. Hickman, 490 F.2d 210, 212 (8th Cir.)( force can be used to overcome physical resistance) cert, denied, 417 U.S. 972, 94 S.Ct. 3178, 41 L.Ed.2d 1143 (1974). Here, Plaintiff's was not resisting arrest or fleeing. Defendants created a risk of danger, when they placed a "make shift box," at Plaintiff's private mail box, without warrant or probable cause, for him to retrieved, to substerfuged an illegal an pretext arrest, then used a van to struck plaintiff's, causing great bodily injuries, and harm to this person. Furthermore, they failed to identified themselves, as police officers, they were all in plain clothes. The force was unreasonable, extreme, especially when they continued to trample, and stepped upon, this plaintiff. while he was restrain, handcuffed, and laying on the ground.

## CONCLUSION

For the foregoing reason the Court should not adopt the Magistrate August 14, 2004, Report and Recommendation; defendants motion for summary judgment, in favor of the defendants, and qualified immunity, should not be granted. Defendants are in violation of Plaintiff's constitutional rights, under civil laws and criminal common laws. This Courts should not overlook, the rights embedded, in the United States, Constitution, implemented to all citizens.

Respectfully submitted,

Dated: December 21, 2004.

Tyrone James

Tyrone P. James

EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE P. JAMES<br>Plaintiff,<br><br>v.<br><br>YORK COUNTY POLICE DEPARTMENT,<br>JAMES H. MORGAN, RICHARD PEDDICORD,<br>RAYMOND E. CRUAL, GENE FELLS,<br>DET. KESSLER, CO. BAYLARK,<br>RANDY SIPES, BRIAN WESTMORELAND,<br>and DETECTIVE GLOWCZESKI<br>Defendants, | : | CIVIL ACTION NO. 1:01-CV-1015<br>(Judge Kane)<br>(Magistrate Judge Mannion)<br><br>JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I, Tyrone P. James, Plaintiff's, pro se, hereby certified that, I am this day serving a true and correct copy to assigned counsel's "Plaintiff Response To Defendants Responding Opposition Brief, To The Magistrate Report And Recommendation, Dated August 2, 2004," in manner set forth below to the following, by placing said Legal mail into a legal envelop, by deposited into the institutional mail box, and turning over said documents to prison officials for mailings, on December 21, 2004.

I certify under penalty of perjury that the foregoing is true and correct; pursuant to 28 U.S.C.§ 1746.

BY FIRST CLASS U.S. MAIL:

Timothy P. Keating, Esquire,
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120

Donald L. Reihart, Esquire
3015 Eastern Boulevard, Suite 204
York, PA 17402-3026

Kristin G Hogue
Office of the California Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101

Tyrone James

Tyrone P. James
EX 9451
P.B Box A
Bellefonte, PA 16823-0820


Tyrone James
EX 9451
P.O. Box A
Bellefonte, PA 16823-0820
INMATE MAIL
PA DEPT OF
CORRECTIONS
Office of The Clerk.
United State District Court
Middle District of Pennsylvan
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108
Legal Mail
Legal Mail

