UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,　　　　　　　　　　　　　:

　　　　Plaintiff　　　　　　　　　　　　　:　　CIVIL ACTION NO. 1:01-1015

　　v.　　　　　　　　　　　　　　　　　　 :　　(KANE, D.J.)
　　　　　　　　　　　　　　　　　　　　　　:　　(MANNION, M.J.)
YORK CITY POLICE
DEPARTMENT, AGENT
JAMES H. MORGAN, DET.　　　　　　　　　　:
RICHARD PEDDICORD, DET.
RAYMOND E. CRAUL, SGT.　　　　　　　　　 :
GENE FELLS, DET. KESSLER, DET.
GLOWCZESKI, AGENT BRIAN　　　　　　　　　:
WESTMORELAND, AGENT RANDY SIPES,
C/O BAYLARK,　　　　　　　　　　　　　　　:

　　　　Defendants　　　　　　　　　　　　:

FILED
HARRISBURG, PA

MAR 30 2005

MARY E. D'ANDREA, CLERK
Per _____

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO AMENDED COMPLAINT

#### Statement Of The Case

Plaintiff's, Tyrone P. James, pro se, filed 42 U.S.C. § 1983, on June 8, 2001 alleging violation of his constitutional rights by named Defendant in the above captioned matter.

#### Procedural History

The Procedural History is set forth in the Magistrate Report and Recommendation and Plaintiff's Brief in Opposition, dated August 17, 2004.

On November 12, 2003, this Honorable Judge's Yvette Kane, decline to adopt the Magistrate finding that a police department is not a "Person" for § 1983 and allow the action to proceed against the Police Department Defendants.

The Magistrate Judge Malachy E. Mannion, issued a Report and Recommendation recommending that, "the claims against Police Department Defendant goes to trial." Defendants alleged that such agency does not exist.

#### Statements Of The Facts

Plaintiff's set forth the facts in his original Complaints, filed on June 8, 2001 and supporting Briefs, and Exhibits. Plaintiff's was retrieving mail from his private mail box, rented at Mail Box Etc., at 2536 Eastern Blvd., York, PA 17402. See ¶ 1. The make shift box, was planted there by the

1

Defendants.

Upon retrieving a make shift box, planted at his private mail box, by Defendant Morgan, Crual and other, without a warrant or probable cause, he was approached by several individual who looked like thugs; who failed to identify, themselves as police officers. See ¶2.

I proceeded to moved back to the Mail Box Etc., when I was hit by a Van driven, by Defendant Glowczeski; subsequently I was thrown to the ground, stepped upon and trampled upon numerous time, by named Defendants. I was handcuffed and taken hold of my person, along with all my personal belonging, ie. Wallets, Keys, etc.; the use of excessive force was enforce at all time by said Defendants. Plaintiff's was placed in same van and transported to the York City Police Department.

Upon entering the van, I was approached by Defendant James H. Morgan, was asked, Plaintiff's, "if he knew what was in the package?" Without first explaining, the purpose for the illegal arrest or stop. Plaintiff's was never read his Miranda Right, by either Defendant Morgan, or the other Defendants. ¶5. Plaintiff's was driven to the York City Police Department, where he was interrogated, again by Agent James H. Morgan. Plaintiff's, James, asked him on several occasions for a telephone call, during interrogation, to contact his Attorney, and to inform his family member about his arrest, but was repeated denied phone access. Furthermore interrogation commenced with Defendant Morgan asked plaintiff's questions. Plaintiff's personal paper was seized and search by defendants Morgan Craul and Peddicord. No Inventory Receipts was given to plaintiff. Plaintiff was transported, nine and one-half, hour, before a District Magistrate, to be arraigned, in violation of **Pa.Rule Of Crim. Pro., Rule 519, and 540.** District Attorney William Graff, acting outside of his judicial capacity, instructed, agent Morgan to "Keep" plaintiff's, instead of that matter bring decided by a neutral Magistrate.

Defendant Morgan, further instructed York County Prison Guards, "Not to give James, any phone call pending investigation." Plaintiff's was subjected

2

to continuous interrogation, by Morgan, even when Plaintiff's requested to speak to his Attorney. Plaintiff's was denied his Due process and Equal Protection right, under the 5th, 6th and 14th amendments of the United States Constitution, his right to counsel upon arrest; especially when arrestee requested counsel, in his defense, during interrogation and his right to be free from excessive force, which amount to deliberate indifference

### Question Presented

Whether The Court Should Grant Plaintiff's Motion To Amend Complaint To Correct A Name Defendant and To Add A Party.

(a) Defendant York County Police Department, A Municipality was name as a Defendant in the above captioned matter.

The Rule 15(c), Fed.R.Civ.P. is to permit correction when a defendant is improperly named in a Complaint and perhaps served a summons with this "wrong name, "misname," situation many court have found that 15(c) sufficient to permit correction. See Washington v. T.G. & Y Store Co., 324 F.Supp. 849, 856 (W.D. Ca. 1971). Defendants knew or should of known that they were the intended Police Department. The rule also provides that the claims relate back if the relevant statute of limitations would permits it to relate back. Since Section 1983, actions use state statute of limitation, state "Relation Back" law can be applied. Maritt County Of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989)(relation back does not require timely notice to the new Defendants under California). See also, Wilson v. City Of Atlantic City, 142 F.R.D. 603, 606 (D.N.J. 1992).

On November 12, 2003, the Honorable Judge Yvette Kane, decline to adopt the Magistrate finding that a Police Department is not a "Person" for § 1983 and allowed the action to proceed against the York City Police Department. Magistrate Malachy E. Mannion, issued a Report and Recommendation recommending that the claims against Police Department should go to trial. The Defendant alleged that such agency does not existed and refused to response, to the Complaint and summons; even to motion to default. The Defendants knew that

3

York City Police Department, was the intended party. See. Plaintiff's and Defendants filing and responses.

This Court should Amend Complaint, to correct Defendant name, because defendant knew and should have known. The Police Department, referred in the Magistrate, November 17, 2003, Report and Recommendation, was intended to the York, City Police Department. See Plaintiff's reply Brief.

Therefore this Court should granted leave to amend complaint.

(b) Defendants City of York, and York City Police Department, failed to implement a policy, practice and procedure, as it relation to the entry, into private mail boxes, with in to county of York.

Here, Defendants James H. Morgan, Raymond Craul, Richards Peddicord, Detective Kessler and other, illegal entered Plaintiff's rented mail box, located at Mail Box Etc., 2536 Eastern Boulevard, and planted a make shift package at plaintiff's private mail box without a warrant or probable, for this plaintiff's to retrieved. The entry into plaintiff's mail box was illegal, by law enforcement. Even if they initiated, the Clerk to placed a notice into plaintiff, private mail box.

Plaintiff's has a constitutional right in his private mail box; he also has a legitimate expectation of privacy in his mailbox. **People v. Lilly, 1 Dept., 621 NYS.2d 56, 211 AD.2d 428. Rakas v. Illinois 439 U.S. 128, 134 (1978).** Defendants Fourth Amendment right was violated. Defendant has reasonable subjective expectation of privacy in his private mail box. There is no reasonable expectation in the public areas of a commercial establishment or in area of a commercial establishment where the public is invited to enter and to transact business; and a warrant is needed only for area not open to the public. **U.S. v. Swart, C.A. Wis, 679 F.2d 698; Marshall v. Barlows Inc., 98 S.Ct. 1816 (1978).**

Here there was no search warrant to enter plaintiff's private mail box, at Mail Box Etc., to planted package. Defendants, failed to provide policy, practice and, customs, to prevent such illegal entry; furthermore, they fail to trained there Officers, as it related to privacy right issues, of a private

4

citizen, which result in entrapment.

Therefore, this Court should grant leave to Amend Complaint, to add the following Claims.

(c) The Court Should Add City Of York, as a Defendant in this case.

The City Of York, a municipality responsible in the Policymaker and customs; the power to correct constitutional violation and the duty to act. **Monell v. Department of Soc. Servs.**, 436 U.S. 658, 690-91 (1978); when it failed to trained its public servants, example, it police officers, and the York City Police Department, Chief of Police, with Policies, that would prevent the constitutional violation of its citizens, when they come in contact with law enforcement; specifically, the use of excessive force, denial of his due process right to counsel upon arrestee, and during interrogation; and the unlawful search and seizure, of Plaintiff's private mail box, without warrant or probable cause. There failure to trained as result in the denial of plaintiff's due process and equal protection of the 14th amendment right under the United States Constitution.

Has, stated in Plaintiff's original Complaint, Briefs and Exhibits, presented to this Court; a constitutional violation has occurred in which, the City of York, should be held liable. See **Pembaur v. City of Cincinnati**, 475 U.S. 469, 485 (1986)(county may be held liable under § for prosecutor's actions when prosecutor acted as final decision maker for county); **City of Canton v. Harris**, 489 U.S. 378, 387, 390 (1989)( municipality may be held liable under § 1983 for failure to train police officers only when failure to train amount to deliberate indifference to rights of persons with whom police interact and when policy actually causes injury).

The City of York, Police Department, has been repeatedly used excessive force to arrest, arrestee's, either by beating, trampling, stepping and using government vehicle to run over these arrestee's; amounting to a violation of due process, under the Fourteenth Amendment, and the Eight Amendment; amounting to deliberate indifference. See **Farmer v. Brennan**, 511 U.S. 852

5

(1994)(prisoners retain 8th Amendment rights to be free from cruel and unusual punishment). Plaintiff's private mail box was invaded, by Defendants, after they placed a make shift box, at the Mail Box Etc., without warrant or probable cause, resulting in a subterfuged and pretext arrest. Plaintiff's was run over by a van driven by one of the defendant; he was trample upon, stepped upon, and this personal belongings, was confiscated, seized; he was later denied access to his counsel, and repeated denied a phone call to call his Attorney; his bail was set at a enormous sum, in the amount of $2.5 million.

In August 27, 2004, Rashaad Randle, 17, was run over and killed by member Pennsylvania State troopers and York City Police Department, in York. In Arnold v City of York, 340 F.Supp.2d 550 (M.D.Pa. 2004)(held that allegations stated claims for violation of substantive due process, violation of the Rehabilitation Act, and violation of ADA)(citing Sherwood v. City of Williamsport, NO. 02-736 (M.D.Pa. July 7, 2004). Plaintiff's would consider himself lucky to be alive, even though he have suffered substantial injury from the impact with the van, when Defendant Glowczeski, hit him with it; plaintiff's also suffered severe pain, back, shoulder, headaches and knee pain, and emotional stress. Several similar incidents, or actions have occurred within the City of York, on numerous occasions, in which, the Defendants failed to trained or correct the constitutional violation, as to the use of excessive force, and the denial of arrestee due process right, under the Fourteenth Amendment, as to Miranda warning, and an arrestee constitutional right to counsel upon his/her request for counsel at time of arrest and upon interrogation. See U.S. Constitution, Fifth Amendment.

The Court has held, however, that a municipality may be liable for damages under § 1983 for violation of Federal law that occur pursuant to an official government policy or custom. Monell v. Department of Soc. Servs, 436 U.S. 658 690-91 (1978).

The blatant use of excessive force, and deliberate denial of this plaintiff's right to counsel during interrogation, in order to ellicit

incriminating statements, that is later used at trial, is a policy and customs, conduct by member of the York City Police Department, amounting to deliberate indifference. Plaintiff's constitutional rights were violated as a result of these policy and custom.

The test for relation back in this circumstance as to Rule 15(c)(b), is whether the claim or defense proposed arise out of the conduct, transaction or occurrence, in the original complaint. Marinari v. Dunleavy, 86 F.R.D. 127, 130-131 (E.D.Pa 1980). Rule Federal Civil Procedure, 15(a), states "leave (to amend) shall be freely given when justice so requires. Foman v. Davis 371 U.S. 178, 182 (1962).

The Court should not deny a chance to amend, especially if the Plaintiff is alleging a civil right violation. Riciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2d Cir 1991). Defendant seem to evade this civil action, by alleging that York County Police Department, does not exist. Plaintiff make the following amendment.

(a) Consitutional violation of Plaintiff's Due process and Equal Protection rights, under the Constitution and Federal laws of the United States; 1st, 4th, 5th, 6th, 8th and 14th Amendment.

(b) Compensatory and Punitive damages, for failure to trained Police Officers, that resulted in the violation of Plaintiff's due process, Fourteenth Amendment, has to (1) use of excessive force, (2) unlawful search and seizure of private mail box, and (3) denial of right to counsel upon arrest, and arrestee's request for counsel.

(c) A jury trial on all issues trial by jury

(d) Plaintiff's cost in this suit

(e) Any additional relief this court deems just proper, and equitable.

(f) A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

## Conclusion

Wherefore, for the foregoing reasons, Plaintiff's request this Honorable

Court, to grant him leave to Amend Complaint.

Respectfully submitted,

*Tyrone James*

Tyrone P. James

EX 9451
P.O. Box A
Bellefonte, PA 16823-0820

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES, :

    Plaintiff : CIVIL ACTION NO. 1:01-1015

v. : (KANE, D.J.)
   (MANNION, M.J.)

YORK CITY POLICE :
DEPARTMENT, AGENT
JAMES H. MORGAN, DET. :
RICHARD PEDDICORD, DET.
RAYMOND E. CRAUL, SGT. :
GENE FELLS, DET. KESSLER, DET.
GLOWCZESKI, AGENT BRIAN :
WESTMORELAND, AGENT RANDY SIPES,
C/O BAYLARK, :

    Defendants :

## CERTIFICATE OF SERVICE

I, Tyrone P. James, Plaintiff's, pro se, hereby certified that, I am this day serving a true and correct copy to assigned counsel's " Brief In Support Of Plaintiff's Motion For Leave To Amend Complaint," in manner set forth below to the following, by placing said Legal mail into a legal envelop, by deposited into the institutional mail box, and turning over said documents to prison officials for mailings, on March 18, 2005.

I certify under penalty of perjury that the foregoing is true and correct; pursuant to 28 U.S.C.§ 1746.

BY FIRST CLASS U.S. MAIL:

Timothy P. Keating, Esquire
Office Of Attorney General
15th Floor, Strawberry Square

Carole J. McGraw, Esquire
110 W. A. Street, Suite 1100
San Diego, CA 92101

Donald L. Reihart, Esq.
3015 Eastern Boulevard, Suite 204
York, PA 17402-3026

Frank J. Lavery, Jr., Esquire
Devon M. Jacob, Esquire
LAVERY FAHERTY, YOUNG
& PATTERSON, P. C.
P.O. Box 1245, 100 Pine Street
Harrisburg, PA 17108-1245

/s/ Tyrone James
Tyrone P. James
EX 9451, P.O. Box A
Bellefonte, PA 16823-0820

INMATE MAIL
PA DEPT OF
CORRECTIONS

Tyrone James
EX9451
P.O. Box A
Bellefonte, PA 16823-0820

Office of The Clerk
United States District Court
Middle District of Pennsylvania
228th Walnut Street
P.O. Box 983
Harrisburg, PA 17108

Legal Mail