UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE P. JAMES,                          :

            Plaintiff                     :        CIVIL ACTION NO. 1:01-1015

    V.                                    :        (KANE, D.J.)
                                                   (MANNION, M.J.)
YORK CITY POLICE                          :
DEPARTMENT, AGENT
JAMES H. MORGAN, DET.                     :        FILED
RICHARD PEDDICORD, DET.                            HARRISBURG, PA
RAYMOND E. CRAUL, SGT.                    :
GENE FELLS, DET. KESSLER, DET.                     APR 11 2005
GLOWCZESKI, AGENT BRIAN                   :
WESTMORELAND, AGENT RANDY SIPES,                   MARY E. D'ANDREA, CLERK
C/O BAYLARK,                              :        Per _____
                                                        Deputy Clerk
            Defendants                    :

## MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S MOTION

### FOR THE APPOINTMENT OF COUNSEL.

#### Statement Of The Case

This is a civil right case filed under 42 U.S.C § 1983, by a state prisoner and asserting claims for the unconstitutional misused inmates/and or arrestee's rights protected from harm, denial of due process and the denial of being able to file criminal charges against the Defendant's. The Plaintiff seeks damages and a trial by jury.

#### Statement Of The Case

Tyrone P. James, pro se, brought this civil action against Defendants; James Morgan, Brain Westmoreland, Richard Peddicord, Raymond Craul, Gene Fells, Robert Kessler, Anthony Glowczeski, Brain Baylark, and Randell Sipes, in violation of his constitutional rights, resulting from an illegal arrest.

There was no controlled substance involved in that arrest, but defendants, subterfuged a "make shift box," illegally placed it in Plaintiff's private mail box, without a warrant or probable cause, creating a pretext arrest, where Plaintiff's was charged with, criminal attempt to possess marijuana, even though, there was no control substances was in that box, or in the State of

Pennsylvania

When the Plaintiff's was arrested and charged with the criminal offense, there was no description given to the defendant as to the size, shape and context of any drug, form shape or size. Defendant had no description of any drug package, and furthermore, on January 10, 2001, Plaintiff's was not arrested for cocaine. The use of excessive force was eminent during that illegal arrest, when Plaintiff's was hit by a government vehicle, and cause severed injuries.

Plaintiff's filed a civil action, dated December 8, 2004, regarding the illegal seizure of his bank account, violation of right to privacy, due process right, Bank Secrecy Act, and Freedom of Information Act. Plaintiff's is not familiar with the Bank Secrecy Act, or Right To Privacy Act. See civil action 1:04-2630.

## Statement Of Facts

(1) On January 10, 2001, I was retrieving his mail from a private mail box, which was rented from Mail Box Etc., 2536 Eastern Boulevard, York, Pennsylvania 17402.

(2) Upon Plaintiff's exiting the building, Plaintiff was approached by several individuals who looked like thugs. They did not identify themselves a police officers.

(3) Plaintiff. had retrieved a make shift box from the clerk inside the office, upon exiting the building and those individual approaching him, came running toward Plaintiff; Plaintiff's dropped the make shift box and moved away from them.

(4) Suddenly, Plaintiff was hit by a van, driven by one of the Defendants and subsequently thrown to the ground and was stepped and trampled on by the Defendant numerous times. Plaintiff's was handcuffed and taken hold of, along with his personal belonging, including, wallets, kegs (house & car). The use of excessive force was apparent, at which time he was put into the same van.

(5) Upon entering the van, Plaintiff was approached by Defendant, James H. Morgan, who asked Plaintiff's. "If he know what was in the package?" "Did

he know that it was marijuana in the package," without explaining what was the purpose of the stop and arrest. Plaintiff's was never read his Miranda Warning, right, by any of the Defendants.

(6)  Upon Plaintiff's arrest, he was taken to the York City Police Department, where he was interrogated by James H. Morgan. Plaintiff asked him on many occasion for a telephone call to call an attorney and inform my family of his situation, which Plaintiff was denied.

(7) Plaintiff was again questioned by Defendant James Morgan, at that time, Defendant Richard Peddicord had taken his personal papers, business cards, credit cards, Lawyer Network Card, Airline Frequent Flyer Cards from plaintiff person and wallets.

(8)  Plaintiff, was latter charged and processed by Defendant Raymond Craul. He was in custody from approximately 10:35 a.m. until 10:30 p.m., at which time, he was taken to appear before a Magistrate Judge, who issued an excessive bond; Plaintiff's was eventually taken to the York County Prison.

(9) At Admission, at the York County Prison, Plaintiff's requested a phone call to call his attorney and family; but was again denied, that call, by Defendant James H. Morgan, who instructed the correctional officer, Baylark and Asburg, "Not to give James, any phone calls pending investigation." Additionally, later that night, Plaintiff was denied another attempt to reach out to his attorney and immediate family member. he was never given any opportunity to make a phone call until January 12, 2001; after he was arraigned around 1600 hours.

(10)  Plaintiff's was continously subjected to questioning, by Defendants, James H. Morgan, on January 11, 2001, in which he invoked his right to counsel and requested counsel.

(11) Plaintiff's was placed into segregation, until January 12, 2001; when he was released into general population, on the 12th of January, he was told that the Defendants harassed his wife. Plaintiff's on January 12th, 2001,

was escorted by a constable to the West King Street Magistrate, where he was greeted by James Morgan and Richard Peddicord, who gave plaintiff's several sarcastic remarks, and charged plaintiff with two additional count. He was held on $2.5 million dollars bond. Plaintiff have been incarcerated since that time.

(12) On February 22, 2001, while plaintiff's was in the District Justice Vera Heilman Office, for a preliminary hearing, plaintiff wife and sister-in-law, were again harassed by Defendants Robert Kessler, Richard Peddicord and James H. Morgan. James Morgan, asked plaintiff's wife and her sister for their names, home and work address and telephone numbers. If they refused to give it to him, he would lock them up, for contempt and that was a Order.

(13) An or around April, 2001, Defendant James M. Morgan, obtained a illegal search warrant, to enter plaintiff private mail box, and later his Bank Account, to obtained banking information, of Plaintiff. Plaintiff's became aware of his action and conduct, when he was served with Forfeiture and Condemnation, on November 7, 2003, at the State Correctional Institution-Rockview. Plaintiff's filed civil action 1:04-2630.

(14) Summary Judgment, his now pending in the above pending matter, if this Honorable Court, should not adopt the Magistrate Report and Recommendation, he will need a competent attorney to represent him in these matter; against multiple Defendants.

<u>Question Presented</u>

Whether This Court Should Grant Plaintiff Counsel To Represent Him In These Civil Matters.

An inmate/and arrestee have no constitutional or statutory right to the appointment of Counsel in a civil case, <u>Parham v Johnson</u>, 126 F.3d 454, 456-457 (3rd Cir. 1997), the Court has the discretion to request " An Attorney to represent any person unable to afford counsel," <u>28 U.S.C. § 1915(e)(1)</u>; See also, <u>Montgomery v Pinchak</u>, 294 F.3d 497, 499 (3rd Cir. 2002); <u>Tabron v Grace</u>, 6 F.3d 147, 153 (3rd Cir. 1993)

The United State Court Of Appeal for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstance indicate, "The likelihood of substantial prejudiced to him resulting, for example; from his probable inability without such assistance to present the facts and legal issues to the Court in a complex but arguable meritorious case," Smith-Bay v. Petsock, 741 F.2d 22, 26 (3rd. Cir. 1984)

The initial determination to be made in evaluating the expediture of the precious commodity of volunteer cause is whether the Plaintiff's case has some arguable merit in fact and law. Montgomery, 294 F.3d at 499. If Plaintiff overcome this threshold hurdle, other factor to be examined are: (1) The Plaintiff ability to present his or her own case; (2) The difficulty of the particular legal issues; (3) The degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation; (4) The Plaintiff's capacity to retain counsel on his or her own behalf; (5) The extent to which the case is likely to turn on credibility determination; and (6) Whether the case will require testimony from an expert witness. Montgomery, 294 F.3d at 499 ( citing Tabron, 6 F.3d at 155-157.

## Argument

## The Court Should Appoint Counsel For The Plaintiff

In deciding whether to appoint counsel for an litigant, the Court should consider "the factual complexity of the case, the ability of the indigent Plaintiff to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issue." Aldullah v Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991)(citation omitted) cert. denied, 122 S.Ct 1995 (1992). In addition, Court Have suggested that the most important factor "whether the case appear to have merit. Cooper v. Sargenti Co Inc., 877 F.2d 170, 173 (2nd Cir. 1989). Each of these factors weight in favor of appointment of counsel in this case

### (1) Factual Complexity

The Plaintiff alleges that several police officers violated his

constitutional right, Fourth, Fifth, Sixth, Eight and Fourteenth Amendment rights. Also, alleged against these defendants are: Police misconduct, negligent, conspiracy and corruption, entrapment, perjury, making false statement, Police harassment, discrimination, bias and prejudice; violation of plaintiff Equal protection clause, under the laws.

Additionally, one of Plaintiff's claim is injury to himself, which was denied by the Defendants. It probably will be necessary to present expert medical witnesses or to cross examine medical witnesses, called by the Defendants or both. The presence of medical or other issues require expert testimony supports appointment of counsel. Moore v Mabus, 976 F.2d 268, 272 (5th Cir. 1992); Jackson v County Of Mclean, 953 F.2d 1070, 1073 (7th Cir. 1992); Tucker v Randall, 948 F.2d 388, 392 (7th Cir. 1991).

### (2) The Plaintiff Ability To Investigate

The Plaintiff is confined at the State Coorectional Institution at Rockview, Box A, Ballefonte, PA 16823 and has no ability to investigate the facts, unable to locate, identify, and interview Defendants or other witness that might be available to shed light on this issue. He is in the same position as other previously. Tucker v. Randall, 948 F.2d 388, 391-392 (7th Cir. 1991); Gatson v. Coughlin, 679 F.Supp 270, 273 (W.D.N.M. 1998); and Armstrong v. Snyder, 103 F.2d 96, 105 (E.D. Wis 1084).

In addition, this case will require considerable discovery, concerning the identity of witness, the officer report and statement made of the incident, the history of the officer prior work records and Plaintiff history. See Tucker v. Dickey, 613 F.Supp 1124, 1133-34 (W.D. Wisc 1985) (Need for discovery to supported appointment of counsel). This Court has made ruling has discovery material, in which Defendants have failed to properly respond to discovery materials, pending District Judge Yvette Kane ruling on the Magistrate Report and Recommendation.

### (3) Conflicting Testimony

The Plaintiff's account of his assault and constitutional violation is

squarely in conflict with the testimony of the Defendants. This aspect of the case will be a credibility contest between the Defendants and Plaintiff (and each of the witness if they can be located). The existence of these credibility issues supports the appointment of Counsel. Gatson v. Coughlin, 679 F.Supp 270, 273 (W.D.N.Y. 1988).

(4) **The Ability Of The Indigent To Present His Claim**

The Plaintiff is an indigent prisoner with no legal training, a factor that supports appointment of Counsel. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). In addition, he is confined with limited access to legal material. Rayes v Johnson, 969 F.2d 700, 703-04 (8th Cir. 1992) (citing lack of ready access to a law library is a supporting factor of appointment of counsel)

(5) **Legal Complexity**

The large number of Defendants, some of whom are supervisory officials, present complex legal issues of determining which Defendants was sufficiently personally involved in the constitutional violation to be held liable for. In addition, the Plaintiff has asked for a jury trial, which requires greater legal skills than the Plaintiff has or can develop. See Abdullah v Gunter, 949 F.2d 1032, 1036 (8th Cir. 1991) (citing jury demand as a factor supporting appointment of counsel).

(6) **Merit Of The Case**

The Plaintiff allegations, if proved clearly would establish a constitutional issue violation. The unprovoked injuries assault alleged in this Complaint clearly states a Eight Amendment violation. See Hudson v Mc. Millian, _____ U.S. _____, 112 S.Ct. 995, 1000(1995). The unjustified denial of witnesses, a conviction with no supporting evidence and failure to give a meaningful statement of reason for their decision are all plain violation of the Due Process Clause. Ponte v Real, 471 U.S. 491, 497, 105 S.Ct. 2768 (1985); Superintendent v. Hill, 472 U.S. 445, 457, 105 S.Ct. 2768 (1985); Dyson v. Kouk, 689 F.2d 466, 467-468 (3rd Cir. 1982). On its face, then, this is

a meritorious case.

## Conclusion

For all foregoing reasons, the Court should grant the Plaintiff motion and appoint counsel in this case.

Date: April 1, 2005

Respectfully submitted,

Tyrone P. James

RX 9451
**P.O. Box A**
Bellefonte, PA 16823-0820